SCANNED

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING,<br>a Resident of Arizona,<br><br>Plaintiff,<br><br>v.<br><br>HASBRO, INC.,<br>a Rhode Island Corporation,<br><br>Defendant. | : | C.A. No. 05-229S |

**PLAINTIFF'S ANSWER TO COUNTERCLAIM**

Plaintiff Michael Bowling ("Bowling"), for his Answer to Defendant Hasbro, Inc.'s ("Hasbro") Counterclaim states as follows:

1. Bowling admits that Hasbro's Counterclaim is for a declaration of invalidity, unenforceability, and noninfringement with respect to United States Patent No. 5,938,197; for copyright and/or registration infringement arising under the laws of the United States; and unfair competition and injury to business arising under the laws of the state of Rhode Island, but denies that these claims have merit.

**THE PARTIES**

2. Bowling lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 2 of Hasbro's Counterclaim and therefore denies same.

3. Admitted.

**COUNT I**

4. Bowling hereby incorporates his responses to Paragraph 1 through 3 of this Answer to Hasbro's Counterclaim as if fully set forth herein.

5. Admitted.

6. Admitted.

7. Paragraph 7 states conclusions of law to which no response is required. To the extent a response is required, Bowling denies the allegations contained in paragraph 7 of Hasbro's Counterclaim.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

**COUNT II**

15. Bowling hereby incorporates his responses to Paragraph 1 through 14 of this Answer to Hasbro's Counterclaim as if fully set forth herein.

16. Admitted.

17. Bowling lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 17 of Hasbro's Counterclaim and therefore denies same.

18. Bowling lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 18 of Hasbro's Counterclaim and therefore denies same.

19. Bowling lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 19 of Hasbro's Counterclaim and therefore denies same.

20. Bowling lacks knowledge or information sufficient to form a belief as to the

allegations in paragraph 20 of Hasbro's Counterclaim and therefore denies same.

21. Bowling lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 21 of Hasbro's Counterclaim and therefore denies same.

22. Bowling admits only that Exhibit A purports to be pages from a book entitled, "Monster Manual, Volume 3.5," along with photographic depictions of figures named Beholder, Cockatrice, and Mind Flayer. Bowling lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 22 of Hasbro's Counterclaim and therefore denies same.

23. Bowling admits only that Hasbro alleges that the "Monster Manual, Volume 3.5" purports to have Copyright Registration No. TX5-817-950 but lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 23 and therefore denies same.

24. Bowling lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 24 of Hasbro's Counterclaim and therefore denies same.

25. Admitted.

26. Admitted.

27. Admitted.

28. Bowling lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 28 of Hasbro's Counterclaim and therefore denies same.

29. Bowling admits that portions of Exhibit A purport to be a photograph of the Wizards of the Coast "Beholder" and that Exhibit C purports to be a photograph of a character from the Elfsera Collection but lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 29 and therefore denies same.

30. Bowling lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 30 of Hasbro's Counterclaim and therefore denies same.

31. Bowling admits that portions of Exhibit A purports to be a photograph of the Wizards of the Coast "Cockatrice" and that Exhibit C purports to be a photograph of a character from the Elfsera Collection but lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 31 and therefore denies same.

32. Bowling admits that paragraph 32 of Hasbro's Counterclaim alleges that the "Monster Manual, Volume 3.5" has a Copyright Registration No. TX5-817-950, but denies the remaining allegations contained in paragraph 32.

33. Bowling admits that portions of Exhibit A purport to be a photograph of the Wizards of the Coast "Mind Flayer" and that Exhibit C purports to be a photograph of a character from the Elfsera Collection but lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 33 and therefore denies same.

34. Bowling lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 34 of Hasbro's Counterclaim and therefore denies same.

35. Bowling lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 35 of Hasbro's Counterclaim and therefore denies same.

36. Admitted.

37. Bowling admits that the aforementioned Elfsera miniatures were manufactured, marketed, and distributed in 2005, but lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 37 and therefore denies same.

38. Denied.

39. Bowling lacks knowledge or information sufficient to form a belief as to the

allegations in paragraph 39 of Hasbro's Counterclaim and therefore denies same.

40. Bowling admits that he was aware of the Monsters "Beholder," "Cockatrice," and "Mind Flayer" but denies the remaining allegations of paragraph 40.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Bowling lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 46 of Hasbro's Counterclaim and therefore denies same.

47. Bowling lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 47 of Hasbro's Counterclaim and therefore denies same.

48. Denied.

49. Denied.

50. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Hasbro's Counterclaim fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Bowling at all times acted without malice and with a good-faith belief in the propriety of his conduct and was not notified of this alleged infringement prior to Hasbro alleging this Counterclaim.

**Third Affirmative Defense**

Hasbro's Counterclaim is barred under the Copyright Act.

**Fourth Affirmative Defense**

Hasbro's Counterclaim is barred, in whole or in part, by the doctrine of laches.

**Fifth Affirmative Defense**

Hasbro's Counterclaim is barred, in whole or in part, by the doctrine of estoppel.

**Sixth Affirmative Defense**

Hasbro's Counterclaim is barred, in whole or in part, by the doctrine of unclean hands.

**Seventh Affirmative Defense**

Hasbro's Counterclaim is barred, in whole or in part, by the doctrine of abandonment.

**Eighth Affirmative Defense**

Hasbro's Counterclaim is barred, in whole or in part, by the doctrine of forfeiture.

**Ninth Affirmative Defense**

Hasbro's Counterclaim is barred because any alleged infringement by Bowling of Hasbro' claimed copyrights was Fair Use under the Copyright Act.

**Tenth Affirmative Defense**

Hasbro's Counterclaim that the '197 patent is unenforceable was not pled with sufficient specificity.

**Eleventh Affirmative Defense**

One or more of the alleged infringing characters are based on characters from the public domain to which Hasbro has no exclusive right.

**WHEREFORE**, Bowling prays for judgment as follows:

a. That the Court enter judgment in favor of Bowling on Hasbro's Counterclaim;

b. That Hasbro's Counterclaim be dismissed with prejudice;

c. That Bowling be awarded its costs and attorneys' fees in defending against Hasbro's Counterclaim; and

d. For such other and further relief as the Court deems just and proper.

Michael Bowling,
By his attorneys,

Craig M. Scott, Esq. (R.I. Bar #4237)
Christine K. Bush, Esq. (R.I. Bar #5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

**Of Counsel:**

Douglas J. Williams, MN # 117353
Thomas J. Leach, MN # 311844
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Phone: (612) 332-5300
Fax: (612) 332-9081

**CERTIFICATION**

TO:

Todd D. White, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

I hereby certify that I caused a true copy of the within *Answer to Counterclaim* to be to be transmitted by First Class Mail to the above named counsel of record on the 29 day of August, 2005.

Theresa Benson

*H:\Clients\Bowling\Pleadings\Answer to Counterclaim.DOC*