UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**MOTION TO EXTEND DISCOVERY TIME PERIOD**

Defendant, Hasbro, Inc. ("Hasbro") hereby respectfully moves this Court to extend the deadlines scheduled in the Pretrial Order. Currently, the discovery cutoff date for fact discovery is January 20, 2006. Hasbro requests that the deadline for fact discovery be extended by 60 days, that is until March 21, 2006. The reasons for this motion are set forth in the accompanying Memorandum of Law and Declaration of Jeffrey K. Techentin.

In light of the extended fact discovery period, Hasbro would also seek a commensurate extension of the remaining deadlines as follows:

1. Deadline for Plaintiff's expert disclosures (currently February 20, 2006) extended to April 21, 2006;
2. Deadline for Defendant's expert disclosures (currently March 20, 2006) extended to May 21, 2006;
3. Close of expert discovery (currently April 20, 2006) extended to June 21, 2006;
4. Motion cutoff date (currently April 28, 2006) extended to June 28, 2006; and
5. Pretrial Memoranda (currently due May 1, 2006) extended to July 1, 2006.

Respectfully submitted,

HASBRO, INC.
By its Attorneys,

Todd D. White (#5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: December 27, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of December, 2005, I caused a true copy of the within to be served on the following individuals in the manner indicated:

***By Hand Delivery:***
Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

***By Federal Express:***
Douglas J. Williams, Esq.
Matthew A. Doscotch, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

*366066_1.doc*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXTEND DISCOVERY TIME PERIOD**

Defendant, Hasbro, Inc. ("Hasbro") respectfully asks this Court to extend the deadlines scheduled in the Pretrial Order in order to permit full discovery of the Plaintiff's case. Currently, the discovery cutoff date for fact discovery is January 20, 2006. Hasbro requests that the deadline for fact discovery be extended by 60 days, that is until March 21, 2006.

Although the parties have engaged in substantial written discovery, including the exchange of several thousands of pages of documents, Hasbro has been unable to schedule the deposition of the Plaintiff. Decl. of Jeffrey K. Techentin at ¶ 4. Hasbro requests the extension to permit a deposition of the Plaintiff in a timely manner such that Hasbro would have the opportunity to conduct necessary follow-up discovery after the conclusion of the deposition. Currently, the Plaintiff has expressed his willingness to appear for deposition on either January 12 or 13, 2006. *Id.* at ¶ 7. Because that date is just one week before the close of fact discovery, Hasbro would be unable to conduct any further discovery, including any depositions of individuals identified by the Plaintiff in his deposition. *Id.*

Hasbro has consistently sought to depose the Plaintiff in a timely manner. In November

2005, Hasbro noticed the Plaintiff's deposition for December 7, 2005, in Providence, Rhode Island. One of Plaintiff's attorneys, Thomas Leach, advised Hasbro that because of his vacation schedule, he would be out of the office and unavailable for the Plaintiff's deposition from December 7th through the 14th. *Id.* at ¶ 8. Mr. Leach advised that he would provide alternative dates of availability with respect to the deposition. *Id.*

Because Hasbro's counsel never received any proposed dates from Plaintiff's attorneys, Hasbro re-noticed the Plaintiff's deposition for December 15, 2006. Mr. Leach responded that because that date would be his first back in the office, it would not work for Mr. Bowling's deposition. *Id.* at ¶ 9. Without explanation, Mr. Leach also stated that December 16 would not work. Also, Plaintiff's counsel asserted an objection to the Plaintiff being deposed in Providence, and suggested that the deposition take place in Minneapolis, where Plaintiff's attorneys are located. The Plaintiff's attorneys again did not provide any proposed dates for the deposition. *Id.*

Counsel for Hasbro, having received no alternative dates, wrote again to Mr. Bowling's attorneys, acceding to the demand that the deposition not go forward on December 15 or 16, but noticing it for December 19 (the following Monday). *Id.* at ¶ 10. On December 15, 2005, Plaintiff's counsel advised Hasbro that the deposition would not go forward on December 19. Plaintiff's counsel ultimately proposed that the Plaintiff's deposition and a previously-noticed Rule 30(b)(6) deposition of Hasbro take place on January 12 and 13, 2006 in Providence. *Id.* Hasbro responded that while that proposal was not unacceptable in principle, Hasbro needed sufficient time after the Plaintiff's deposition to conduct follow-up discovery, and therefore invited the Plaintiff to join in a request to extend the discovery deadline by 60 days in exchange for an agreement that the deposition would be scheduled as the Plaintiff had proposed. *Id.*

Despite numerous attempts by Hasbro to elicit a response from Plaintiff's counsel as to whether or not the Plaintiff would assent to such a motion, Hasbro never received any substantive response. *Id.* Accordingly, Hasbro brings this motion without receiving word from the Plaintiff whether he has any objection to it.

Hasbro seeks only a short extension of the discovery period sufficient to propound any necessary written discovery after the Plaintiff's deposition and to take necessary depositions of additional witnesses identified by the Plaintiff. Hasbro anticipates that any such depositions would be conducted outside this district and would involve non-parties, and therefore there would be limits on Hasbro's ability to conduct them on an expedited basis. *Id.* at ¶ 11.

In light of the extended fact discovery period, Hasbro would also seek a commensurate extension of the remaining deadlines as follows:

1. Deadline for Plaintiff's expert disclosures (currently February 20, 2006) extended to April 21, 2006;
2. Deadline for Defendant's expert disclosures (currently March 20, 2006) extended to May 21, 2006;
3. Close of expert discovery (currently April 20, 2006) extended to June 21, 2006;
4. Motion cutoff date (currently April 28, 2006) extended to June 28, 2006; and
5. Pretrial Memoranda (currently due May 1, 2006) extended to July 1, 2006.

Respectfully submitted,

HASBRO, INC.
By its Attorneys,

Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: Dec 27, 2005

CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of December, 2005, I caused a true copy of the within to be served on the following individuals in the manner indicated:

***By Hand Delivery:***
Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

***By Federal Express:***
Douglas J. Williams, Esq.
Matthew A. Doscotch, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

*366072_1.doc*