UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**DECLARATION OF JEFFREY K. TECHENTIN IN SUPPORT OF MOTION TO EXTEND DISCOVERY TIME PERIOD**

SNEHA DESAI, under penalty of perjury, declares as follows:

1. I am associated with the firm of Adler Pollock & Sheehan, P.C., attorneys for defendant Hasbro, Inc. ("Hasbro"). I submit this declaration based on personal knowledge in support of Hasbro's motion to extend the discovery cutoff in the above-captioned matter.

2. At this time, the parties have engaged in substantial written discovery, including interrogatories and requests for admission, as well as the exchange of several thousands of pages of documents. However, no depositions have yet been taken.

3. The Plaintiff, Michael Bowling ("Plaintiff") has sought the deposition of Hasbro by means of a Rule 30(b)(6) deposition noticed for January 9, 2006. The Plaintiff has not indicated any intent of taking any other fact depositions.

4. Likewise, Hasbro has sought only one deposition, of the Plaintiff. However, Hasbro has been unable to schedule that deposition despite having noticed the deposition on three separate occasions.

5. Hasbro anticipates that the facts disclosed in the course of the Plaintiff's deposition may necessitate additional fact discovery, either or both in the form of written discovery or additional third-party depositions. Accordingly, Hasbro has attempted to schedule the Plaintiff's deposition at such a time as Hasbro would have sufficient time after the deposition, but before the cutoff of fact discovery, to conduct such discovery.

6. Hasbro therefore requests an extension to permit a deposition of the Plaintiff in a timely manner such that Hasbro would have the opportunity to conduct necessary follow-up discovery after the conclusion of the deposition.

7. Currently, the Plaintiff has expressed his willingness to appear for deposition on either January 12 or 13, 2006. Because that date is just one week before the close of fact discovery, Hasbro would be unable to conduct any further discovery, including any depositions of individuals identified by the Plaintiff in his deposition.

8. Hasbro has consistently sought to depose the Plaintiff in a timely manner. In November 2005, Hasbro noticed the Plaintiff's deposition for December 7, 2005, in Providence, Rhode Island. One of Plaintiff's attorneys, Thomas Leach, advised Hasbro that because of his vacation schedule, he would be out of the office and unavailable for the Plaintiff's deposition from December 7th through the 14th. Mr. Leach advised that he would provide alternative dates of availability with respect to the deposition.

9. Because Hasbro's counsel never received any proposed dates from Plaintiff's attorneys, Hasbro re-noticed the Plaintiff's deposition for December 15, 2006. Mr. Leach responded that because that date would be his first back in the office, it would not work for Mr. Bowling's deposition. Without explanation, Mr. Leach also stated that December 16 would not work. Also, Plaintiff's counsel asserted an objection to the Plaintiff being deposed in

Providence, and suggested that the deposition take place in Minneapolis, where Plaintiff's attorneys are located. The Plaintiff's attorneys again did not provide any proposed dates for the deposition.

10. Counsel for Hasbro, having received no alternative dates, wrote again to Mr. Bowling's attorneys, acceding to the demand that the deposition not go forward on December 15 or 16, but noticing it for December 19 (the following Monday). On December 15, 2005, Plaintiff's counsel advised Hasbro that the deposition would not go forward on December 19. Plaintiff's counsel ultimately proposed that the Plaintiff's deposition and a previously-noticed Rule 30(b)(6) deposition of Hasbro take place on January 12 and 13, 2006 in Providence. Hasbro responded that while that proposal was not unacceptable in principle, Hasbro needed sufficient time after the Plaintiff's deposition to conduct follow-up discovery, and therefore invited the Plaintiff to join in a request to extend the discovery deadline by 60 days in exchange for an agreement that the deposition would be scheduled as the Plaintiff had proposed. Despite numerous attempts by Hasbro to elicit a response from Plaintiff's counsel as to whether or not the Plaintiff would assent to such a motion, Hasbro never received any substantive response. Accordingly, Hasbro brings this motion without receiving word from the Plaintiff whether he has any objection to it.

11. Hasbro seeks only a short extension of the discovery period sufficient to propound any necessary written discovery after the Plaintiff's deposition and to take necessary depositions of additional witnesses identified by the Plaintiff. Hasbro anticipates that any such depositions would be conducted outside this district and would involve non-parties, and therefore there would be limits on Hasbro's ability to conduct them on an expedited basis.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 27, 2005, in Providence, Rhode Island.

JEFFREY K. TECHENTIN

CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of December, 2005, I caused a true copy of the within to be served on the following individuals in the manner indicated:

***By Hand Delivery:***
Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

***By Federal Express:***
Douglas J. Williams, Esq.
Matthew A. Doscotch, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215