RECEIVED
JAN 01 2006
Property of U.S. District Court
District of Rhode Island

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, Plaintiff, v. HASBRO, INC., a Rhode Island Corporation, Defendant. | : | C.A. No. 05-229S |

**PROTECTIVE ORDER**

Plaintiff, Michael Bowling ("Bowling"), and Defendant, Hasbro, Inc. ("Hasbro"), through their respective counsel, stipulate and agree, pending further order of the Court, that the following procedures designed to assure the protection of confidential information not already in public domain shall govern any discovery, including discovery from non-parties, in this action.

1. The term "Confidential" information shall mean and include documents, information or other materials (collectively "materials") which are of a sensitive business nature and are designated in good faith as "Confidential" at the time of their production or disclosure in this action. A designation of any materials as "Confidential" shall be limited to materials which a party believes in good faith constitutes, contains, embodies or reflects financial information, product pricing, revenues, costs, profits, margins, customer lists, currently implemented or not yet implemented marketing plans, technical information, research and development plans, trade secrets and/or proprietary information.

Any party hereto or any third party may designate as "Confidential" any document produced in this action (whether pursuant to a formal discovery request or otherwise), any document marked as an exhibit at any deposition taken in this action, the transcript of any deposition (or portions thereof) taken in this action, or any information given by interrogatory answer. Such documents, information and transcripts so designated are hereinafter referred to as "Confidential Information."

2. With respect to any document to be produced or interrogatory answer given, any designation of confidentiality shall be made prior to the date on which the document is produced or answer given by placing upon it a legend stating "Confidential." With respect to any deposition exhibit or transcript (or portions thereof) a confidential designation shall be made on the record at the deposition or within ten (10) days of receipt of the formal deposition transcript or ten (10) days from the date of this Order, whichever is later, and the transcript (or portions thereof) of such deposition shall be so marked.

3. Subject to Paragraphs 4 and 5 below, information designated "Confidential" may be shown, or its contents disclosed, to the following persons and the following persons only:

(a) the parties to this case;

(b) counsel of record, general counsel and office personnel employed by them and assisting them in this case;

(c) witnesses testifying in this action either in discovery or at trial;

(d) any expert, investigator or consultant retained by counsel in connection with this case;

(e) the Court before which this case is pending; and

(f) any court reporter present in his or her official capacity at any hearing, deposition, or other proceeding in this case.

4. Any pleading, brief, or other document, which refers to or incorporates any Confidential Information, shall be filed with the Court in this case under seal pursuant to Amended General Order 2002-01.

5. Confidential Information, or any information derived therefrom, shall be used or disclosed solely for the purpose of assisting counsel of record in connection with this litigation and not for other litigation, competition, business or any other purpose whatsoever.

6. Counsel agree to make all reasonable efforts to ensure compliance with this Protective Order. Any person referred to in paragraph 3(a), 3(c) or 3(d) to whom any Confidential Information, or the contents thereof, is disclosed shall first execute a Declaration in the form attached hereto as Exhibit "A." Any Declaration executed pursuant to this Paragraph 6 shall be retained by counsel and need not be disclosed to opposing counsel except pursuant to further order of the Court.

7. This Order is intended to protect information as to which there is no obligation owed other than confidentiality. Any signatory hereto shall have the right to object to any disclosure of information or production of any document it deems to be Confidential Information subject to this Order on any other ground it may deem appropriate pursuant to the Rules of Civil Procedure.

8. Any signatory hereto may seek relief from, or modification of, this Order or challenge the designation of documents, information or transcripts as "Confidential."

9. If any Confidential Information is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall upon

discovery of the disclosure immediately inform the party or person who designated the disclosed information of all facts pertinent thereto which, after due diligence and prompt investigation, are known to the party responsible for the disclosure, including the name, address and employer of the person to whom the disclosure was made, and shall make reasonable efforts to prevent disclosure by each unauthorized person who receives such information.

10. If a producing party inadvertently discloses to a receiving party any documents or thing containing information that it deems to be Confidential Information without designating it as Confidential Information, the furnishing party shall promptly, upon discovery of such inadvertent disclosure, inform the receiving party in writing. The receiving party shall treat the information as Confidential Information. To the extent such document, thing or information may have been disclosed to persons other than authorized persons, the receiving party shall make every reasonable effort to retrieve the information promptly from such persons and to avoid any further disclosure to non-authorized persons.

11. The inadvertent production of materials subject to the attorney-client privilege or work-product doctrine will not waive the attorney-client privilege or the work-product doctrine. In addition, the fact that a document or other material was inadvertently produced shall not be used in any manner as evidence in support of any such alleged waiver. Upon a request from a party that has inadvertently produced any document or other material which it believes may be subject to the attorney-client privilege or work-product doctrine, or upon discovery by the receiving party that such documents may have been produced, the party receiving said document or material shall

return it and all copies within three (3) business days to the producing party. After the return of the document(s) or material(s), the receiving party may challenge the producing party's claim of attorney-client privilege and/or work product-doctrine by making a motion to the Court. The party designating the information as confidential bears the burden to establish that the designation is appropriate.

12. Upon the final determination of this action, unless otherwise agreed to in writing by opposing counsel, each party shall either: (1) assemble and return all Confidential Information within their control or the control of those to whom they distributed any such information, including all copies thereof, to the designating party, or (2) certify in writing that all Confidential Information within their control or the control of those to whom they distributed any such information has been destroyed. Notwithstanding the foregoing, the parties may retain all pleadings, briefs and other documents containing their work product which refer to or incorporate Confidential Information and will continue to be bound by the terms of this Order with respect to any such information.

**STIPULATED AND AGREED TO:**

**Plaintiff,**
**MICHAEL BOWLING,**

**By His Attorneys,**

Craig M. Scott, Esq. (# 4237)
Christine K. Bush, Esq. (# 5587)
Duffy Sweeney & Scott, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

Dated: 1/6, 2006

**Defendant,**
**HASBRO, INC.**

**By Its Attorneys,**

Todd D. White, Esq.
Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
(401) 751-0604 (Facsimile)

Dated: January 5, 2006

ENTERED AS AN ORDER of this Court this 12th day of January 2006.

ORDER:

ENTERED:

**EXHIBIT A**

**AGREEMENT CONCERNING PROTECTED MATERIAL COVERED BY PROTECTIVE ORDER**

The undersigned hereby acknowledges that (s)he has read the "Protective Order" entered on _________________, 2006, by the United States District Court for the District of Rhode Island in the matter of *Bowling v. Hasbro, Inc.*, C.A. No. 05-229S, understands the terms thereof and agrees:

1. that (s)he shall fully abide by the terms thereof;

2. that (s)he shall not disclose Confidential Information to, or discuss Confidential Information with, any person who is not authorized pursuant to the terms of the Protective Order to receipt and disclosure of the same, and who has not signed an agreement as therein provided;

3. that (s)he shall not use said Confidential Information for any purpose other than the prosecution or defense of this litigation; and

4. that (s)he will be subject to the jurisdiction of the United States District Court for the District of Rhode Island for the purposes of compliance with, and sanction for noncompliance with, the terms of said Protective Order.

Signature: ______________________

Name: _________________________

Employer: ______________________

Title: __________________________