UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**MOTION FOR LEAVE TO AMEND AFFIRMATIVE**
**DEFENSES AND COUNTERCLAIM**

Pursuant to Fed. R. Civ. P. Rule 15(a) and Local Rule (Civil) 15, Defendant/Plaintiff-in-Counterclaim Hasbro, Inc. hereby moves to amend its Answer and Counterclaim to assert affirmative defenses and an amended claim for invalidity and/or unenforceability of patent no. 5,938,197. The grounds for this motion are set forth in the accompanying Memorandum of Law.

Respectfully submitted,

HASBRO, INC.
By its Attorneys,

Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: March 27, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of March 2006, I caused a true copy of the within to be served on the following individuals by regular mail, postage prepaid:

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Of Counsel:

Thomas J. Leach, Esq.
Douglas J. Williams, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

David K. S. Cornwell, Esq.
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

[signature]

*376421_1.doc*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO AMEND AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

Pursuant to Fed. R. Civ. P. Rule 15(a) and Local Rule (Civil) 15, Defendant/Plaintiff-in-Counterclaim Hasbro, Inc. ("Hasbro"), respectfully submits this Memorandum of Law in support of its motion to amend its Answer and Counterclaim to assert (1) affirmative defenses, and (2) an amended claim for invalidity and/or unenforceability of patent no. 5,938,197 (the "'197 Patent"), both of which amendments are based upon facts recently discovered, namely evidence that the Plaintiff, Michael Bowling ("Bowling"), is not the true, sole inventor of the subject matter of the '197 Patent.

**FACTS**

Bowling brought this suit against Hasbro for alleged infringement of the '197 Patent. *See generally* Complaint. The '197 Patent, a copy of which is attached hereto as **Exhibit A**, protects a particular construction of playing dice used to generate random numbers, as might be used in games such as craps or board games. Bowling contends that certain dice that Hasbro included in a version of its Monopoly® game infringe the '197 Patent and seeks damages and other relief based upon that alleged infringement.

When Hasbro answered the Complaint, it asserted non-infringement and invalidity and/or unenforceability of the patent based on, among other things, publicly-available information that suggested to Hasbro that Bowling had engaged in public use of the invention claimed in the '197 Patent more than one year prior to applying for that patent. *See* Answer and Counterclaim at Count I. Specifically, Hasbro believed that Bowling had invented the die construction at issue when in college and had shared the invention with his friends while playing Dungeons & Dragons®, a role playing adventure game, and had only sought patent protection years later. If true, Hasbro believed this would have constituted prior use of the invention more than twelve months prior to the application, rendering the invention unpatentable under 35 U.S.C. § 102(b)

Bowling denied this sequence of events at his deposition, insisting that he had only had the idea that later became the subject of the '197 Patent in 1997, less than twelve months prior to his application for the '197 Patent. Deposition of Michael Bowling (**Exhibit B**) at 80:20-81:9. Bowling further testified that he had made drawings reflecting this idea and had given the drawings to Albert Lizarraga ("Lizarraga"), who "did [Bowling's] mechanical drawings for [him]." *Id.* at 82:19-83:7 (Explaining that his drawings weren't "a die type. It was just -- it was more the image of the opposing triangles.").

Hasbro has since deposed Lizarraga, who testified that when Bowling first discussed the die design with him, Bowling had presented him with a concept for a die in the shape of a "natural" crystal shard, in the sense that the sides were asymmetrical and uneven. *See,e.g.*, Deposition of Albert Lizarraga at 12:19-13:1 (**Exhibit C**) (Bowling's depiction of die was "a sketch of a, like a crystal shard, more of a natural crystal shard."); *id.* at 20:6-14 (Bowling provided no guidance that die was to be symmetrical). After attempting to engineer a die in the natural crystal shape that Bowling had presented to him, Lizarraga abandoned the idea as

impractical and designed a die that was symmetrical, with "perfect" sides. *Id.* at 23:14-24:8. After Lizarraga conceived of the symmetrical geometric shape for the dice, he proceeded to model and then draw the dice using a computer program called Pro-Engineer. *Id.* at 25:22-26:18. Lizarraga presented paper printouts of the drawings to Bowling. *Id.* Despite the substantial differences between the "natural" crystal shape initially presented by Bowling to Lizarraga, Bowling accepted the drawings without making or requesting any changes. Lizarraga Dep. (**Exhibit C**) at 49:20-24 ("I believe that was my idea because I could not define a die the way the conceptual sketch looked; it looked like it had different sizes of facets. Therefore, I created each one identical. That is something I did."); *id.* at 27:13-17; Bowling Dep. (**Exhibit C**) at 189:16-18 ("I think what he did was he just generated some drawings based on my sketches, and they looked good to me, so I went with them."). Bowling included Lizarraga's drawings in his patent application for the '197 Patent, and Lizarraga's drawings are now a part of the '197 Patent, albeit with certain numerical notations added for reference to language in the patent itself. *See* Excerpt of Patent Application (**Exhibit D**); *see also* Lizarraga Dep. at 41:22-42:7 (with reference to drawings in '197 Patent, "They're my drawings, except for the numbers on the outside"). Bowling did not disclose Lizarraga's involvement to the U.S. Patent & Trademark Office or identify Lizarraga as a co-inventor of the subject matter of the '197 Patent. *See, e.g.*, **Exhibit A** at 1 (noting Michael Bowling as inventor).

Having learned of Lizarraga's involvement with the development of the die, Hasbro entered into an Assignment Agreement with Lizarraga, under which Lizarraga assigned to Hasbro all of his rights in the invention of the dice and the '197 Patent and to release Hasbro for any claims of infringement of the '197 Patent. Lizarraga Dep. at 67:2-68:4.

## ARGUMENT

### A. The Liberal Standard Favoring Amendment

Rule 15(a) of the Federal Rules of Civil Procedure permits amendment of a party's pleading "by leave of court," and specifically provides that "leave shall be freely given when justice so requires." This Court, the First Circuit and the United States Supreme Court have all repeatedly emphasized the liberal standard favoring motions to amend. *See Schock v. United States*, 21 F. supp.2d 115, 124 (D.R.I. 1998); *Carmona v. Toledo*, 215 F.3d 124, 136 (1st Cir. 2000) (leave to amend "shall be freely given when justice so requires," and "we will not affirm (a denial of leave to amend) unless there appears to be an adequate reason for the denial, such as undue delay, bad faith, dilatory motive on the part of the movant, or futility of the amendment"); *Forman v. Davis*, 371 U.S. 178, 182 (1962) ("[i]n the absence of any apparent or declared reason . . . the leave [to amend] sought should, as the rules require, be 'freely given'").

"Generally, amendments are favored, as they tend 'to facilitate a proper decision on the merits.'" *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 396 (E.D. N.Y. 1998). Amendment generally will be permitted where the amendment "in no way alters the known facts and issues on which the action is based." *Staren v. American National Bank & Trust Co. of Chicago*, 529 F.2d 1257, 1263 (7th Cir. 1976). The party opposing amendment "ha[s] the burden of establishing that leave to amend would be prejudicial or futile." *Sokolski*, 178 R.R.D. at 396. A party may seek leave to amend at any time during the litigation. See 6 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* §1484, at 652 (2d ed. 1990) ("[q]uite appropriately the courts have not imposed any arbitrary timing restrictions on a party's request for leave to amend and permission has been granted under Rule 15(a) at various stages of the litigation. . . [including] when the case is on the trial calendar and has been set for a hearing by the district

court").

## B. The Proposed Amendment Is Reasonable and Necessary

Hasbro's proposed amendment would permit the pleadings to conform to the evidence adduced through discovery in this case, and would allow the Court to determine the actual and genuine issues presented by the Plaintiff's election to prosecute this patent suit in federal court. Mr. Lizarraga's involvement in the conception and invention of the die designed claimed in the '197 Patent amounts to inventorship within the meaning of the relevant provisions of the Patent Act, specifically 35 U.S.C. §§ 102 and 256. *See, e.g., Stern v. Trustees of Columbia Univ.*, 434 F.3d 1375, 1378 (Fed. Cir. 2006) (contribution to the conception of a single claim of a patent sufficient for co-inventorship; conception defined as "the 'formation in the mind of the inventor, of a definite and permanent idea of the complete and operative invention, as it is hereafter to be applied in practice.'") (citing *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1460 (Fed. Cir. 1998) and quoting *Hybritech Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367, 1376 (Fed. Cir. 1986)).

In this case, Lizarraga conceived of – or at least contributed materially to – all of the claims of the patent. Essentially, the '197 Patent claims a die construction in which the die consists of an "extension member" consisting of several triangular facets arranged to form, roughly, a cylindrical object, with pyramidal "end caps" on each end of the extension member. *See generally* **Exhibit A**. For reference, the first drawing sheet from the '197 Patent, which depicts a die that generates a random number from one to six, is reproduced in full below:

U.S. Patent Aug. 17, 1999 Sheet 1 of 3 5,938,197




Each claim of the '197 Patent includes as an element of the claim that both the extension member of the die and the end caps consist of facets having identical shapes and equal surface areas.[1] Claims 1 and 17 of the '197 Patent contain this express language (*see* **Exhibit A** at 8-10), and each of the other claims are dependent either on Claim 1 or Claim 17 and therefore incorporate the elements involving identical shapes and surface areas. *See id.* The symmetrical regular geometric shape was conceived by Lizarraga and not by Bowling. *See, e.g.*, Lizarraga Dep. (**Exhibit C**) at 12:19-13:1 and 20:6-14.

When he applied for the '197 Patent, Bowling owed a high duty of candor and good faith to the U.S. Patent and Trademark Office ("PTO"). 37 CFR § 1.56; *see also Molins PLC v.*

[1] That is, each of the facets of each end cap has the same shape and the same surface area, and each of the facets of the extension member has the same properties, although the shape and surface area of each end cap facet is different from the shape and surface area of each extension member facet.

*Textron, Inc.*, 48 F.3d 1172, 1178 (Fed. Cir. 1995). This included accurately representing to the PTO the true inventorship relating to the patent application in his required, sworn declaration. *See* 35 U.S.C. §§ 111, 115; *see also, e.g., Unitherm Food Systems v. Swift-Eckrich*, 375 F.3d 1341, 1361-62 (Fed. Cir. 2004) (finding fraud on PTO based on misrepresentation of true inventorship). Concealing the involvement of co-inventors, with the intent and consequence of obtaining a patent that would not otherwise issue, constitutes inequitable conduct that renders the patent unenforceable. *Frank's Casing Crew v. PMR Technologies*, 292 F.3d 1363, 1377 (Fed. Cir. 2002). Such conduct may also rise to the level of fraud on the PTO, rendering the patent invalid. *Unitherm*, 375 F.3d at 1361-62. Amendment of Hasbro's affirmative defenses and counterclaims is necessary to permit these issues to be considered fully by this Court.

Even if it ultimately proves to be the case that Bowling's failure to disclose Lizarraga's involvement to the PTO was entirely innocent and unintentional, amendment is appropriate in order to permit the Court to correct the inventorship of the '197 Patent to reflect Lizarraga as a co-inventor, and to permit Hasbro to assert its own rights, assigned to it by Lizarraga, in defense to charges of infringement. *See* 35 U.S.C. § 256; *see also Pannu v. Iolab Corp.*, 155 F.3d 1344, 1350 (Fed. Cir. 1998) ("Upon such a finding of incorrect inventorship, a patentee may invoke section 256 to save the patent from invalidity.").

Hasbro's proposed Amended Answer and Counterclaim is attached hereto at **Exhibit E**. For the Court's convenience, Hasbro attaches a red-lined comparison of Hasbro's Answer and Counterclaim and the proposed Amended Answer and Counterclaim at **Exhibit F**. As reflected in **Exhibit F**, the changes Hasbro seeks to make are necessary and pertinent to the assertion of defenses and counterclaims relating to inventorship of the '197 Patent.[2] Thus Hasbro has added

[2] The proposed Amended Answer and Counterclaim also corrects typographical errors appearing in the original document.

relevant statutory provisions to its first affirmative defense and modified its third affirmative defense. Count I of Hasbro's counterclaim has been substantially re-written, but Count II has not been changed.

Permitting the proposed amendment would work no undue prejudice to the Plaintiff. Bowling possessed exclusive knowledge of the involvement of Lizarraga in connection with the invention of the subject matter of the '197 Patent (at least *vis à vis* Hasbro). He cannot claim any unfair prejudice resulting from a delay that resulted entirely from his own failure to disclose information that he was legally obliged to disclose years prior to the commencement of this litigation.

## CONCLUSION

Because leave to amend should be "freely given," and because the proposed amendment is reasonable and necessary to permit this Court to do justice on the issues presented in this litigation, and further because the proposed amendment would work no unfair prejudice to the Plaintiff, Hasbro's motion to amend should be granted.

HASBRO, INC.
By its Attorneys,

Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: March 27, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of March 2006, I caused a true copy of the within to be served on the following individuals by regular mail, postage prepaid:

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Of Counsel:

Thomas J. Leach, Esq.
Douglas J. Williams, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

David K. S. Cornwell, Esq.
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

[signature]

*376072_1.doc*