**Tom Leach**

**From:** Techentin, Jeffrey [Jtechentin@apslaw.com]
**Sent:** Thursday, March 02, 2006 5:21 PM
**To:** Tom Leach
**Subject:** Bowling v. Hasbro
**Attachments:** 1362_001.pdf

Per our conversation.

"Steven L. Bosse"
<SLBOSSE@gabroylaw.com
>
03/02/2006 03:02 PM

To "Albert P Lizarraga" <aplizarraga@raytheon.com>
cc
bcc
Subject pasted

## ASSIGNMENT AND SALE OF RIGHTS

This Agreement made and entered into as of _______________, 2006, by and between Albert Lizarraga, an individual, of 6251 South Mesquite Trail, Tucson, Arizona (hereinafter referred to as "ASSIGNOR"); and Hasbro, Inc., a corporation organized and existing under the laws of the State of Rhode Island and having its principal offices at 1027 Newport Avenue, Pawtucket, Rhode Island, (hereinafter referred to as "ASSIGNEE").

Whereas ASSIGNOR represents that by virtue of his material participation in and contribution to the invention and design of the die construction embodied and disclosed in U.S. Patent No. 5,938,197 (the "'197 PATENT"), as detailed herein, he is or may be the inventor or co-inventor of said die construction (hereinafter referred to as the "INVENTION");

Whereas ASSIGNOR represents that:

(a) the individual identified as the inventor in the '197 PATENT, Michael A. Bowling ("BOWLING"), approached ASSIGNOR in 1997 with a concept for a die construction in the shape of a natural crystal; and

(b) BOWLING presented ASSIGNOR with a hand-drawn sketch of a crystal-shaped die and asked ASSIGNOR to create drawings reflecting BOWLING's concept of a crystal-shaped die; and

(c) ASSIGNOR determined that the die shape contained in BOWLING's hand-drawn sketch could not function as a random number generator because of, *inter alia* , its asymmetrical form and the irregularity of the surface areas of the sides of the die; and

(d) ASSIGNOR independently and without further contribution from BOWLING conceived of and defined the shapes and figures reflected on the drawing sheets contained in the '197 PATENT, which are materially different from the concept presented by BOWLING to ASSIGNOR; and

(e) ASSIGNOR independently and without further contribution from BOWLING conceived of and defined the die construction disclosed in the various claims of the '197 PATENT, including but not limited to:

(i) the facets of the extension member of the die being of equal surface areas; and

(ii) the facets of the end caps of the die being of equal surface areas; and

Whereas BOWLING has brought suit against ASSIGNEE in the United States District Court for the District of Rhode Island alleging that ASSIGNEE infringed BOWLING's patent rights under the '197 PATENT (the "LITIGATION"); and

Whereas ASSIGNEE desires to obtain a full retroactive assignment of ASSIGNOR's rights, whatever their extent, in the INVENTION; and

Whereas ASSIGNOR represents that he has not previously alienated, assigned, sold, or otherwise transferred any interest he has or had in the INVENTION, and is not legally obliged to do so to any third-party; and

Whereas ASSIGNOR agrees to release the ASSIGNEE for any past infringement of his rights in the INVENTION;

03/02/2006 16:34 FAX 520 320 0717 GABROY ROLLMAN BOSSE ⊠003/005

03/02/06 THU 15:07 [TX/RX NO 5699]

6251 South Mesquite Trail
Tucson, Arizona

(b) All notice, requests, demands and other communications given or made in accordance with the provisions of this Agreement shall be in writing and, unless otherwise expressly provided herein to the contrary, shall be deemed to have been given when deposited postage prepaid, addressed as specified in the preceding paragraph.

6. Indemnification.

ASSIGNEE hereby assumes all responsibility for and agrees to indemnify ASSIGNOR against any and all damages, losses, claims, or suits arising out of either (a) ASSIGNEE's manufacture, use, lease, sale, offer for sale, or importation of DICE or (b) ASSIGNOR's good faith performance of his obligations under this Agreement. This indemnification shall include any and all damages, losses, claims, or suits arising out of ASSIGNOR's good faith cooperation with ASSIGNEE's defense of the LITIGATION, but shall not include any damages, costs, losses, claims, or suits brought by Michael Bowling against ASSIGNOR.

7. Construction and assignment.

This Agreement shall be binding upon and inure to the benefit of ASSIGNEE and ASSIGNOR, and their legal representatives, successors, heirs, and assigns. Either ASSIGNEE or ASSIGNOR may assign his or its rights hereunder without the approval of the other.

8. Enforcement.

The formation, effect, performance and construction of this Agreement shall be governed by the laws of the State of Rhode Island, notwithstanding any choice of law provision that might provide for the application of other law. ASSIGNOR and ASSIGNEE agree that any action to enforce this Agreement must be filed in a court of competent jurisdiction in Rhode Island, and each hereby consents to jurisdiction in any such court.

9. Entire Agreement.

This Agreement and any attachments hereto constitute the entire agreement and understanding of the parties with respect to the subject matter hereof and supersede all prior agreements and understandings, whether oral or written. No modification or claimed waiver of any of the provisions hereof shall be valid unless in writing and signed by the duly authorized representative against whom such modification or waiver is sought to be enforced.

10. Other Rights.

Nothing contained in this Agreement shall be construed as conferring by implication, estoppel, or otherwise upon either party any license or other right except the rights expressly granted hereunder to that party.

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

11. Acceptance.

Each party hereby accepts the rights granted to it by a party under this Agreement subject to all of the terms and conditions of this Agreement.

In witness whereof the respective duly authorized representatives of the parties have caused this Agreement to be executed as of the date first above written.

Hasbro, Inc. ______________________

Albert P. Lizarraga ______________________

Received 02-Mar-2006 17:23 From-520 320 0717 To-ADLER,POLLOCK & SHEE Page 003

Now, therefore, in consideration of the mutual covenants and promises herein contained, the parties agree as follows:

1. Definitions. As used herein, the term:

(a) "'197 PATENT" shall mean U.S. Patent Number 5,938,197, issued August 17, 1999.

(b) "INVENTION" shall mean the die construction disclosed and/or claimed in the '197 PATENT.

(c) "DICE" shall mean dice in the form of the INVENTION.

(d) "LITIGATION" means *Bowling v. Hasbro, Inc.* , C.A. No. 05-229S, now pending in the U.S. District Court for the District of Rhode Island.

2. Grant.

Upon the terms and conditions set forth herein, ASSIGNOR hereby sells, assigns, grants, transfers, sets over, and delivers to ASSIGNEE, its successors and assigns, its entire right, title and interest in the '197 PATENT and in the INVENTION including all improvements, enhancements, and additions to and modifications and derivations of the INVENTION through the date of this Agreement, including all proprietary rights therein or based thereon, including the right to sue for past infringement and to collect for all past, present and future damages, all such rights, title and interest to be held and enjoyed by the ASSIGNEE, its successors, legal representatives, and assigns to the same extent as all such rights, title and interest would have been held and enjoyed by the ASSIGNOR had this assignment and sale not been made.

3. Payment.

Upon execution of this Agreement, ASSIGNEE shall pay ASSIGNOR the sum of $10,000.00 (Ten Thousand Dollars and 00/100 Cents) and concurrently therewith and in consideration therefor, ASSIGNOR shall and hereby does release, remise, and forever discharge ASSIGNEE and ASSIGNEE's customers from any claim of infringement of the '197 patent.

4. Cooperation.

ASSIGNOR agrees to cooperate with ASSIGNEE in its defense of the LITIGATION. ASSIGNOR agrees to execute all papers necessary in connection with any interference or patent enforcement action (judicial or otherwise) related to the '197 Patent or any reissue or reexamination thereof and to cooperate with ASSIGNEE at ASSIGNEE'S expense in every reasonable way possible in obtaining evidence and going forward with such interference or patent enforcement act. ASSIGNOR hereby represents and warrants that ASSIGNOR has full right and authority to convey the entire interest herein assigned, and that ASSIGNOR has not executed, and will not execute, any agreement in conflict herewith.

5. Notices.

(a) All notices, requests, demands and other communications under this Agreement or in connection therewith shall be given to or be made upon the respective parties hereto as follows:

To ASSIGNEE: Hasbro, Inc.
1027 Newport Avenue
Pawtucket, Rhode Island 02862

To ASSIGNOR: Albert Lizarraga

By: ______________________ Dated: 03/02/2006

Its: ______________________

Dated: ______________________