UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING | : | |
| | : | |
| v. | : | C.A. No. 05-229S |
| | : | |
| HASBRO, INC. | : | |

**MEMORANDUM AND ORDER**

Before the Court for determination is Defendant's Motion for Leave to Amend Affirmative Defenses and Counterclaim. (Document No. 28). Plaintiff objects to Defendant's Motion. (Document No. 29). This Motion has been referred to me for determination. 28 U.S.C. 636(b)(1)(A); LR Cv 72(a). A hearing was held on May 17, 2006, and the Court has reviewed the Memoranda submitted by the parties and performed independent research. For the reasons discussed below, Defendant's Motion for Leave to Amend is GRANTED.

**Standard of Review**

Fed. R. Civ. P. 15(a) states that after a responsive pleading has been served, a complaint may not be amended without leave of the court. However, Rule 15 also provides that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962).

In Foman, the Supreme Court identified some of the reasons for denying a motion to amend. Those reasons include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." 371 U.S. at 182.

A motion to amend a complaint may be denied as futile if the "complaint, as amended, would fail to state a claim upon which relief could be granted." Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996). In determining whether a proposed amendment would be futile, the court "applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion." Id. The court must accept all the well-pleaded factual allegations as true and must draw all reasonable inferences favorable to the plaintiff, in this case – the counterclaimant, but need not credit bald assertions or legal conclusions. Id. at 628. Thus, the motion should be granted only when it is clear that the plaintiff would not be able to prove any set of facts that would entitle the plaintiff to relief. Bond Opportunity Fund II, LLC v. Heffernan, 340 F. Supp. 2d 146, 156-57 (D.R.I. 2004) (citing Howard v. State of Rhode Island, No. 96-064T, 1996 WL 33418794 at *2 (D.R.I. December 31, 1996)).

**Discussion**

Defendant's proposed amendment serves two primary purposes. First, it would remove Defendant's prior public use invalidity defense (35 U.S.C. § 102(b)) from this case. Second, it would add an incorrect inventorship defense to this case. In particular, Defendant contends that Plaintiff was not the actual inventor of the die which is the subject matter of the '197 Patent, or, alternatively, Plaintiff was a co-inventor of the die along with Defendant's assignee, Albert Lizarraga. Mr. Lizarraga was apparently retained by Plaintiff to prepare mechanical drawings of the claimed die invention which were included in Plaintiff's patent application for the '197 Patent.

Plaintiff objects to Defendant's Motion contending that it should be denied because the proposed amendments are futile and prejudicial. Plaintiff, as the party opposing the amendment,

bears the "burden of establishing that leave to amend would be prejudicial or futile." Sokolski v. Trans Union Corp., 178 F.R.D. 393, 396 (E.D.N.Y. 1998) (citation omitted). Plaintiff has not met his burden in either regard.

### A. Futility

First, as to futility, Plaintiff's counsel conceded at the hearing that the incorrect inventorship defense is "a valid legal theory" but argued that Defendant has no evidence in this particular case to support the theory.[1] Thus, applying the Rule 12(b)(6) standard, the proposed counterclaim presents a legally sufficient theory of recovery arguably ending the futility analysis.

Plaintiff, however, cites Glassman for the proposition that this Court must closely review Defendant's factual allegations to see if they support the legal conclusions pled. In essence, Plaintiff attempts to convert this Motion to Amend under Fed. R. Civ. P. 15 into a Motion for Summary Judgment under Fed. R. Civ. P. 56. Plaintiff's attempt is simply not supported by Glassman. While the First Circuit in Glassman did undertake a closer review of the factual allegations underlying the proposed amendment, it definitively held that the Rule 12(b)(6) standard must be applied in reviewing a proposed amendment for futility. Further, Glassman arose under distinguishable circumstances. Unlike this case, the Motion to Amend in Glassman was filed after three years of litigation and full discovery. Moreover, as a securities fraud class action, Glassman presented the Court with pleading challenges not present in this case – challenges which Congress later addressed by adopting special pleading standards for securities fraud cases in the Private Securities Litigation

---

[1] Plaintiff correctly points out that the '197 Patent is entitled to a presumption of validity (35 U.S.C. § 282) which can be rebutted only by clear and convincing evidence. See Acromed Corp. v. Sofamor Danek Group, Inc., 253 F.3d 1371, 1379 (Fed. Cir. 2001). While it appears that Defendant faces an uphill battle in establishing incorrect inventorship, this Court cannot, at this stage, conclude that Defendant's attempt will be "futile" as a matter of law.

Reform Act ("PSLRA") of 1995, 15 U.S.C. § 78u-5(b), which was enacted after the commencement of the Glassman litigation.

Finally, on May 11, 2005, Judge Smith issued a scheduling order in this case which directed Defendant to file a Motion to Correct Inventorship by May 31, 2006. This Motion to Correct arises out of Defendant's proposed incorrect inventorship defense. Judge Smith ordered Plaintiff to thereafter simultaneously file his Opposition to the Motion to Correct as well as his own Motion for Summary Judgment. Since Judge Smith has already established a mechanism to resolve the incorrect inventorship defense on the merits after full briefing, it makes no sense for this Court to adjudicate the merits of Defendant's proposed defense under Fed. R. Civ. P. 15 without the benefit of a complete record.

**B. Prejudice**

Second, as to prejudice, Plaintiff conceded that no further fact discovery is needed on Defendant's proposed incorrect inventorship defense. The only prejudice asserted by Plaintiff was the delay and expense associated with litigating such defense. Plaintiff, however, offered no specifics as to the magnitude of this claimed delay and expense. In addition, there should not be any undue delay since Judge Smith has established a briefing schedule to resolve the inventorship issue along with Plaintiff's summary judgment motion. Further, there would not appear to be any significant additional expense involved since fact discovery is complete with regard to the inventorship issue and much of the legal research and argument on this issue is already contained in Plaintiff's thorough Memorandum of Law opposing Defendant's Motion to Amend.

**Summary**

For the foregoing reasons, Defendant's Motion for Leave to Amend Affirmative Defenses and Counterclaim (Document No. 28) is GRANTED. Defendant shall file and serve its Amended Answer and Counterclaim within ten (10) days of the date of the ORDER.

ENTER:

LINCOLN D. ALMOND
United States Magistrate Judge
May 18, 2006

BY ORDER:

Deputy Clerk