UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**AMENDED ANSWER AND COUNTERCLAIM**

**The Parties**

1. After reasonable investigation, Defendant Hasbro, Inc. ("Hasbro") lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 1 of the Complaint and therefore denies the same.

2. Admitted.

3. Hasbro admits that it has manufactured games, including "Monopoly, Millennium Edition" and further that the game was packaged with dice having certain characteristics. After reasonable investigation, Hasbro lacks knowledge or information sufficient to form a belief as to the applicability of the descriptive language of the first sentence of Paragraph 3 of the Complaint to the aforementioned dice, and therefore denies the same. Hasbro admits the allegations in the second sentence in Paragraph 3 of the Complaint.

**Background**

4. Hasbro admits that Michael Bowling has been issued United States Patent No. 5,938,197 (the "'197 Patent"). Hasbro lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 4 of the Complaint, and therefore denies the same.

5. After reasonable investigation, Hasbro lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 5 of the Complaint, and therefore denies the same.

6. Hasbro lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 6 of the Complaint, and therefore denies the same.

7. Hasbro admits it sold "Monopoly, Millenium" which initially included dice with similar characteristics as the '197 patent. As to the allegation that the included dice were "infringing," this allegation is a statement of law that does not require a response. To the extent any response is deemed necessary, after reasonable investigation, Hasbro lacks knowledge or information sufficient to form a belief as to the allegation and therefore denies the same. Hasbro further admits that its agents, representatives or employees made contact with Bowling concerning dice and that the parties, through representatives, have exchanged correspondence on several occasions without being able to resolve this dispute. Hasbro denies the remainder of this allegation.

8. Hasbro denies that it has unlawfully sold Bowling's die. Hasbro admits that Wizards of the Coast, its subsidiary, purchased dice from Bowling's company, Crystal Caste, and resold the dice, and that the full retail price charged by Wizards of the Coast for those dice was greater than $1.00. Hasbro denies the remainder of this allegation.

**Jurisdiction and Venue**

9. Paragraph 9 of the Complaint contains statements of law as to which no response is required. To the extent any required is deemed necessary, after reasonable investigation, Hasbro lacks knowledge or information sufficient to form a belief as to the allegation and therefore denies the same.

10. Paragraph 10 of the Complaint contains statements of law as to which no response is required. To the extent any required is deemed necessary, after reasonable investigation, Hasbro lacks knowledge or information sufficient to form a belief as to the allegation and therefore denies the same.

11. Paragraph 11 of the Complaint contains statements of law as to which no response is required. To the extent any required is deemed necessary, after reasonable investigation, Hasbro lacks knowledge or information sufficient to form a belief as to the allegation and therefore denies the same.

**COUNT I**
**Patent Infringement of the U.S. Patent No. 5,938,197**

12. Hasbro admits that the '197 Patent was issued to Plaintiff. With respect to the remainder of this allegation, after reasonable investigation, Hasbro lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 12 of the Complaint, and therefore denies the same.

13. Denied.

14. Defendant admits that it had actual knowledge of the'197 Patent and Plaintiff's assertion of infringement as a result of a November 3, 1999 correspondence from Plaintiff's counsel. The remaining allegations of Paragraph 14 of the Complaint are denied.

15. Denied.

WHEREFORE, Defendant Hasbro, Inc. prays that judgment be found on its behalf on all counts alleged by the Plaintiff and that Hasbro be afforded attorneys' fees and any and all costs that this Court finds applicable in this matter.

**HASBRO DEMANDS A JURY ON ALL COUNTS**

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Upon information and belief, the '197 Patent is invalid for failure to comply with conditions and requirements for patentability specified in 35 U.S.C. §§ 102, 103, 111, 112, 115, and 116.

### Second Affirmative Defense

Plaintiff is barred by the doctrines of waiver, laches and/or estoppel.

### Third Affirmative Defense

Hasbro has not infringed the '197 Patent by virtue of its own independent rights in the invention that is the subject matter of the '197 Patent and/or the '197 Patent itself.

### Fourth Affirmative Defense

Plaintiff, through his actions, has waived any cause of action he may have against the Defendant.

### Fifth Affirmative Defense

Pursuant to 35 U.S.C. § 287, Plaintiff's claims are barred or limited based on Plaintiff's failure to properly mark the product and/or packaging with the requisite patent designation.

### Sixth Affirmative Defense

Plaintiff's claims are barred or limited by the date of actual notice to defendant of purported patent infringement.

**Seventh Affirmative Defense**

The '197 Patent is unenforceable due to the inequitable conduct and/or fraud of the Plaintiff, as detailed in Count I of Hasbro's Counterclaim.

**Eighth Affirmative Defense**

Hasbro has not infringed the '197 Patent and is not liable for infringement thereof.

**HASBRO, INC'S COUNTERCLAIM AGAINST MICHAEL BOWLING**

NATURE OF THE ACTION

1. This is a cause of action for, inter alia, a declaration of invalidity, unenforceability, and noninfringement with respect to United States Patent No. 5,938,197, and for copyright and/or registration infringement arising under the laws of the United States, and unfair competition and injury to business arising under the laws of the State of Rhode Island.

THE PARTIES

2. Defendant/Plaintiff-in-counterclaim Hasbro, Inc. ("Hasbro") is a Rhode Island corporation with its principal place of business in Pawtucket, Rhode Island.

3. Upon information and belief, Plaintiff/Defendant-in-counterclaim Michael Bowling ("Bowling") is a United States citizen residing at 7931 S. Avenida de Pina, Tucson, Arizona.

**COUNT I – DECLARATION OF INVALIDITY, UNENFORCEABILITY AND NON-INFRINGEMENT**

4. Defendant/Plaintiff-in-counterclaim repeats and realleges each and every allegation set forth above in all previous Paragraphs of this Complaint.

5. Plaintiff/Defendant-in-counterclaim Bowling claims to be the owner of United Patent No. 5,938,197 (the "'197 Patent").

6. Bowling has brought suit against Hasbro for alleged infringement of the '197 Patent.

7. An actual case or controversy exists between Hasbro and Bowling based upon Bowling having filed a complaint for patent infringement against Hasbro.

8. Hasbro has not infringed any valid claims of the '197 Patent.

9. Upon information and belief, the '197 Patent is invalid, null, void and/or unenforceable for failure to comply with the conditions and requirements for patentability specified in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 102, 111, 115, and 116.

10. Specifically, upon information and belief, the dice that are the subject matter of the '197 Patent were not conceived of and invented by Bowling, but were instead conceived of and invented by Albert Lizarraga ("Lizarraga"), a designer whom Bowling hired to create drawings of a crystal shaped die.

11. Alternatively, upon information and belief, Lizarraga and Bowling jointly conceived of and invented the dice that are the subject matter of the '197 Patent.

12. Despite his full knowledge of Lizarraga's involvement in the conception of the dice that are the subject matter of the '197 Patent, Bowling violated his duty of candor, good faith, and honesty owed to the United States Patent and Trademark Office ("PTO") by claiming to be the sole inventor of the dice.

13. With an intent to deceive and mislead, Bowling failed to disclose material information to the PTO relating to the true inventorship of the dice. By doing so Bowling violated his duty of candor and good faith in dealing with the PTO as required by 37 CFR § 1.56.

14. Upon information and belief, by claiming sole inventorship in himself and concealing the role of Lizarraga in the conception and invention of the material claimed in the '197 Patent, Bowling was able to obtain allowance of the claims of the '197 Patent and the issuance of the '197 Patent.

15. For the foregoing reasons, the '197 Patent is unenforceable due to inequitable conduct and/or fraud, and/or invalid under 35 U.S.C. § 102.

16. Hasbro has been injured and damaged by Bowling's filing of a Complaint based on an invalid and enforceable patent which has not been infringed by Hasbro.

17. By virtue of the assignment of rights by Albert Lizarraga to Hasbro, Hasbro is the owner or, in the alternative, a co-owner with Bowling of the '197 Patent within the meaning of 35 U.S.C. § 262.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant/Plaintiff-in-counterclaim Hasbro, Inc. demands Judgment and seeks an Order:

(1) dismissing Bowling's Complaint with prejudice;

(2) adjudging, decreeing, and declaring United States Patent No. 5,938,197 (the "'197 Patent") invalid and/or unenforceable;

(3) adjudging, decreeing, and declaring that Albert Lizarraga is the sole inventor of the subject matter of the '197 Patent or, alternatively, that Albert Lizarraga is a co-inventor of the subject matter of the '197 Patent within the meaning of 35 U.S.C. § 256;

(4) adjudging, decreeing, and declaring that Hasbro, Inc. is the owner or, in the alternative, a co-owner with Bowling of the '197 Patent within the meaning of 35 U.S.C. § 262;

(5) adjudging, decreeing, and declaring that Hasbro, Inc. has not infringed any valid claims of the '197 Patent; and

(6) adjudging, decreeing, and declaring this case to be exceptional pursuant to 35 U.S.C. § 285 and awarding Hasbro, Inc. its costs and attorneys' fees incurred in defending this action.

## COUNT II - COPYRIGHT INFRINGEMENT

18. Defendant/Plaintiff-in-counterclaim repeats and realleges each and every allegation set forth above in all previous Paragraphs of this Complaint.

19. Upon information and belief, Plaintiff/Defendant-in-counterclaim Bowling has been and continues to be a participant in role playing games such as Dungeons and Dragons.

20. In 1999, Hasbro acquired Wizards of the Coast as a wholly owned subsidiary.

21. Wizards of the Coast owns, manufactures, markets, and sells the role playing game "Dungeons and Dragons."

22. Dungeons and Dragons was originally developed and owned by TSR Inc., all of whose assets, including its intellectual property associated with Dungeons and Dragons, was acquired by Wizards of the Coast in 1997.

23. Since at least the mid-1970's, the owners of Dungeons and Dragons have created, developed, and/or published illustrations of specific monsters in conjunction with the role playing game. These monsters each have specific qualities, attributes and physical features which are integral to the Dungeons and Dragons game.

24. The monsters in Dungeons and Dragons, each with expresses attributes, are detailed in the Wizards of the Coast Dungeon and Dragons Monster Manual Volume 3.5, as well as other published compilations.

25. Among the monsters created for, and used in express conjunction with Dungeons and Dragons are: "Beholder"; "Cockatrice"; and "Mind Flayer." (See the attached Exhibit A for a photographic depiction of these characters.)

26. The Dungeons and Dragons Monster Manual Volume 3.5, in which each of the aforementioned characters is depicted and described in detail, has Copyright Registration No. TX-5-817-950. (See attached Exhibit A.)

27. Hasbro acquired all rights to these characters through the acquisition of Wizards of the Coast in 1999.

28. Upon information and belief, Plaintiff/Defendant-in-counterclaim, Michael Bowling is the sole proprietor, president and/or principal of a company known as Crystal Caste.

29. The business location of Crystal Caste is 7931 S. Avenide de Pina, Tucson, Arizona, the same residential address listed for Michael Bowling.

30. In 2005, Crystal Caste served as the United States distributor of sets of pewter character figurines known as Elfsera miniatures.

31. The Elfsera miniatures distributed by Crystal Caste were manufactured in the United Kingdom by a company known as "eM-4."

32. One of the five characters included in the Elfsera Set Six of miniatures is a monster with many of the same discreet physical characteristics as "Beholder" including, but not limited to: a large spherical head with a single centrally placed eye; no limbs; tentacles in place of hair, each tentacle containing an eyeball affixed to the end; and a snarling expression which features a wide open mouth baring multiple teeth on both the top and bottom rows. (Attached as Exhibit A is a photograph of the Wizards of the Coast "Beholder" and attached as Exhibit C is a photograph of the character with these same features within the Elfsera collection.)

33. The Beholder image and/or description has been published in at least eighteen Dungeons & Dragons books between 1975 and 2005, with Copyright Registration numbers including but not limited to: TX-1-134-908; TX-2-191-165; TX-2-653-882; TX-2-818-515; TX-3-223-879; TX-4-143-286; TX-4-375-067; TX-4-334-621; TX-4-334-620; TX-5-817-950; and VA-1-126-351;

34. A second character included in the aforementioned Elfsera set is a monster with many of the same discreet physical characteristics as "Cockatrice" including: the head of a cock, with wide open beak and tongue prominently displayed; the body of a cock; and the contracted non-feathered wings of a bat; a long lizard tail with a spike. (Attached as Exhibit A is a photograph of the Wizards of the Coast "Cockatrice" and attached as Exhibit C is a photograph of the character with these same features within the Elfsera collection.)

35. The Cockatrice image has been published in several Dungeon and Dragons books including but not limited to Monster Manual Volume 3.5, which has a Copyright Registration No. TX-5-817-950. (See attached Exhibit A.)

36. A third character included in the aforementioned Elfsera set is a monster with many of the same discreet physical characteristics as "Mind Flayer" including: an upright standing, four-limbed human figure adorned with a long robe; and a head with four tentacles protruding downward from below a pair of large eyes. (Attached as Exhibit A is a photograph of the Wizards of the Coast "Mind Flayer" and attached as Exhibit C is a photograph of the character with these same features within the Elfsera collection.)

37. The Mind Flayer image has been published in at least fifteen Dungeon & Dragoons books between 1975 and 2005, with Copyright Registration numbers including but not

limited to: TX-1-314-910; TX-3-643-953; TX-4-182-004; TX-5-364-554; TX-6-001-623; VA-934-193; VA-941-205; VA-954-938; and VA-1-130-842.

38. The Mind Flayer miniature is protected under Certificate of Registration No. VA-1-290-942. (See Exhibit B.)

39. Upon information and belief, Crystal Caste has sold, offered for sale, advertised and promoted its Elfsera Set 6 miniatures in the United States. (See the photographs of the front and back package of the set attached hereto as Exhibit C.)

40. Upon information and belief, the aforementioned Elfsera miniatures were manufactured, marketed and distributed in 2005, many years after Dungeons and Dragons had developed, created, registered, certified and/or marketed the aforementioned characters through the various publications and/or as individual miniatures. (See Exhibit D for a photograph of two of these miniatures developed, manufactured and sold by Wizards of the Coast.)

41. The three aforementioned miniatures offered by or through Crystal Caste are so strikingly similar to Wizards of the Coast characters as to likely cause confusion, mistake and deception among consumers as to its source.

42. Hasbro, through Wizards of the Coast, has not consented to Bowling, Crystal Caste or eM-4's use or appropriation of the distinctive appearance and characterization of these characters.

43. Upon information and belief, Michael Bowling was aware of the three aforementioned Wizards of the Coast monsters when he and/or his company began distributing each of three miniatures in the Elfsera Set 6, and distributed these three characters with the full knowledge that they were infringing upon the rights of Wizards of the Coast.

44. Michael Bowling knowingly and willfully relied on the good will and character development undertaken by Wizards of the Coast, and knowingly and willfully infringed upon Wizards' copyrights, for commercial gains at Wizards' express expense.

45. Michael Bowling's acts have been and are being committed with the purpose and intent of appropriating and trading upon Wizards', and therefore Hasbro's, goodwill and reputation symbolized by Hasbro's products.

46. As a direct result of the foregoing acts, Michael Bowling has unlawfully derived and will continue to derive income, profits and ever-increasing goodwill from its activities, causing Hasbro irreparable injury.

47. By reason of the acts of Michael Bowling herein alleged, Hasbro has suffered serious damage, and unless Michael Bowling is restrained from continuing his wrongful acts, the damage to Hasbro, which is irreparable, will be increased.

48. By the acts complained of herein, Michael Bowling will make substantial profits to which it is not in equity entitled.

49. Defendant/Plaintiff-in-counterclaim is the sole proprietor of all right, title and interest in and to the aforementioned characters, and is the legal or beneficial owner of the copyrights therein, each of which characters are, in part, the subject matter of one or more valid Certificates of Copyright Registration issued by the Register of Copyrights, as described in the aforementioned copyright registration numbers.

50. Defendant/Plaintiff-in-counterclaim has the right to sue and recover for past, present and future infringement of each of these characters and to obtain the relief sought herein, including, without limitation, damages and injunctive relief.

51. Upon information and belief, Michael Bowling will continue such infringement unless enjoined by this Court.

52. On information and belief, Michael Bowling's infringement of the aforementioned characters and registered material is willful, intentional, and in disregard of and with indifference to the rights of Defendant/Plaintiff-in-counterclaim.

53. Michael Bowling's infringing conduct has also caused and is causing substantial and irreparable injury and damage to Defendant/Plaintiff-in-counterclaim in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Defendant/Plaintiff-in-counterclaim with no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Plaintiff-in-counterclaim Hasbro, Inc. demands Judgment and seeks an Order:

(1) declaring that Michael Bowling has infringed upon characters Beholder, Mind Flayer and Cockatrice, as previously referenced, and as registered;

(2) declaring that Michael Bowling has infringed Hasbro's common law copyright;

(3) preliminarily and permanently enjoining and restraining Michael Bowling, and his agents, attorneys, servants, successors, assigns, employees and all those in privity or in active concert and participation with them, or any of them, from:

(a) directly or indirectly infringing Defendant/Plaintiff-in-counterclaim's rights with respect to the "Beholder," "Cockatrice," and "Mind Flayer" characters, including without limitation the production or distribution of miniature character figurines;

(b) directly or indirectly infringing Copyright Registration numbers: TX-1-314-910; TX-1-134-908; TX-2-191-165; TX-2-653-882; TX-2-818-515; TX-3-643-953; TX-3-223-879; TX-4-182-004; TX-4-143-286; TX-4-375-067; TX-4-334-621; TX-4-334-620; TX-5-364-554; TX-5-817-950; TX-6-001-623; VA-934-193; VA-941-205; VA-954-938; VA-1-126-351; VA-1-130-842; and / VA-1-290-942;

(c) performing any act(s) or using any copyright protected material which is likely to cause mistake, to deceive, or to otherwise mislead the public into believing that Hasbro and Michael Bowling or Crystal Caste's products are in some way connected; or that Hasbro is a sponsor of, or affiliated or associated with, Michael Bowling or Crystal Caste, or that Crystal Caste's miniatures are offered or sold, with the approval, consent or authorization of Hasbro or are sold under the supervision or control of Hasbro;

(d) passing off, inducing or enabling others to pass off as products sold by Hasbro, any products not Hasbro's, or not sold under the control and supervision of Hasbro;

(4) requiring Michael Bowling on behalf of Crystal Caste to supply Hasbro with a complete list of entities to whom it has sold or offered for sale Crystal Caste's miniatures;

(5) requiring Michael Bowling on behalf of Crystal Caste, within thirty days after service of judgment upon it, with notice of entry thereof, to file with the Court and serve upon Hasbro, a written report under oath setting forth in detail the manner in which Mr. Bowling on behalf of Crystal Caste has complied with paragraphs (1) through (4), supra;

(6) requiring Michael Bowling on behalf of Crystal Caste to account for and pay over to Hasbro all profits realized by Crystal Caste by reason of acts of the aforementioned acts of infringement complained of herein;

(7) awarding Hasbro statutory damages;

(8) awarding Hasbro actual damages sustained by Hasbro by reason of Michael Bowling's unlawful acts herein;

(9) awarding Hasbro both pre-judgment and post-judgment interest on each and every damage award;

(10) assessing costs, other expenses and such other and further relief, be it legal, equitable or general, to which the Court finds Hasbro may be entitled.

**JURY TRIAL DEMAND**

Hasbro respectfully demands a trial by jury on all claims and issues so triable.

HASBRO, INC.
By its Attorneys,

Todd D. White (#5943)
Jeff Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: 5/26/06

Of counsel:

David K. S. Cornwell
Tracy-Gene G. Durkin
Sterne Kessler Goldstein Fox
1100 New York Avenue NW
(202) 371-2600
Fax: (202) 371-2540

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of May 2006, I caused a true copy of the within to be served on the following individuals by regular mail, postage prepaid:

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Of Counsel:

Thomas J. Leach, Esq.
Douglas J. Williams, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

*375974_1.doc*