IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING,<br>a Resident of Arizona,<br><br>Plaintiff,<br><br>v.<br><br>HASBRO, INC.,<br>a Rhode Island Corporation,<br><br>Defendant. | : | C.A. No. 05-229S |

**PLAINTIFF'S ANSWER TO AMENDED COUNTERCLAIM**

Plaintiff Michael Bowling ("Bowling"), for his Answer to Defendant Hasbro, Inc.'s ("Hasbro") Amended Counterclaim states as follows:

1. Bowling admits that Hasbro's Amended Counterclaim is for a declaration of invalidity, unenforceability, and non-infringement with respect to United States Patent No. 5,938,197; for copyright and/or registration infringement arising under the laws of the United States; and unfair competition and injury to business arising under the laws of the state of Rhode Island, but denies that these claims have merit.

**THE PARTIES**

2. Bowling lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 2 of Hasbro's Amended Counterclaim and therefore denies same.

3. Admitted.

**COUNT I - DECLARATION OF INVALIDITY, UNENFORCEABILITY AND NON-INFRINGEMENT**

4. Bowling hereby incorporates his responses to Paragraph 1 through 3 of this

Answer to Hasbro's Amended Counterclaim as if fully set forth herein.

5. Admitted.

6. Admitted.

7. Paragraph 7 states conclusions of law to which no response is required. To the extent a response is required, Bowling admits the allegations contained in paragraph 7 of Hasbro's Amended Counterclaim.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

Bowling denies that Hasbro is entitled to the relief sought in the Wherefore clause following paragraph 17 of its Amended Counterclaim.

**COUNT II - COPYRIGHT INFRINGEMENT**

18. Bowling hereby incorporates his responses to Paragraph 1 through 17 of this Answer to Hasbro's Amended Counterclaim as if fully set forth herein.

19. Admitted.

20. Bowling lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 20 of Hasbro's Amended Counterclaim and therefore denies same.

21. Bowling lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 21 of Hasbro's Amended Counterclaim and therefore denies same.

22. Bowling lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 22 of Hasbro's Amended Counterclaim and therefore denies same.

23. Bowling lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 23 of Hasbro's Amended Counterclaim and therefore denies same.

24. Bowling lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 24 of Hasbro's Amended Counterclaim and therefore denies same.

25. Bowling admits only that Exhibit A purports to be pages from a book entitled, "Monster Manual, Volume 3.5," along with photographic depictions of figures named Beholder, Cockatrice, and Mind Flayer. Bowling lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 25 of Hasbro's Amended Counterclaim and therefore denies same.

26. Bowling admits only that Hasbro alleges that the "Monster Manual, Volume 3.5" purports to have Copyright Registration No. TX5-817-950, but lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 26 of Hasbro's Amended Counterclaim and therefore denies same.

27. Bowling lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 27 of Hasbro's Amended Counterclaim and therefore denies same.

28. Admitted.

29. Admitted.

30. Admitted.

31. Bowling lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 31 of Hasbro's Amended Counterclaim and therefore denies same.

32. Bowling admits that portions of Exhibit A purport to be a photograph of the Wizards of the Coast "Beholder" and that Exhibit C purports to be a photograph of a character from the Elfsera Collection, but lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 32 of Hasbro's Amended Counterclaim and therefore denies same.

33. Bowling lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 33 of Hasbro's Amended Counterclaim and therefore denies same.

34. Bowling admits that portions of Exhibit A purports to be a photograph of the Wizards of the Coast "Cockatrice" and that Exhibit C purports to be a photograph of a character from the Elfsera Collection, but lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 34 of Hasbro's Amended Counterclaim and therefore denies same.

35. Bowling admits that paragraph 35 of Hasbro's Counterclaim alleges that the "Monster Manual, Volume 3.5" has a Copyright Registration No. TX5-817-950, but denies the remaining allegations contained in paragraph 35 of Hasbro's Amended Counterclaim.

36. Bowling admits that portions of Exhibit A purport to be a photograph of the Wizards of the Coast "Mind Flayer" and that Exhibit C purports to be a photograph of a character from the Elfsera Collection, but lacks knowledge or information sufficient to form a belief as to

the remaining allegations in paragraph 36 of Hasbro's Amended Counterclaim and therefore denies same.

37. Bowling lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 37 of Hasbro's Amended Counterclaim and therefore denies same.

38. Bowling lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 38 of Hasbro's Amended Counterclaim and therefore denies same.

39. Admitted.

40. Bowling admits that the aforementioned Elfsera miniatures were manufactured, marketed, and distributed in 2005, but lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 40 of Hasbro's Amended Counterclaim and therefore denies same.

41. Denied.

42. Bowling lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 42 of Hasbro's Amended Counterclaim and therefore denies same.

43. Bowling admits that he was aware of the Monsters "Beholder," "Cockatrice," and "Mind Flayer," but denies the remaining allegations of paragraph 43 of Hasbro's Amended Counterclaim.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Bowling lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 49 of Hasbro's Amended Counterclaim and therefore denies same.

50. Bowling lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 50 of Hasbro's Amended Counterclaim and therefore denies same.

51. Denied.

52. Denied.

53. Denied.

Bowling denies that Hasbro is entitled to the relief sought in the Wherefore clause following paragraph 53 of its Amended Counterclaim.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Bowling at all times acted without malice and with a good-faith belief in the propriety of his conduct and was not notified of this alleged infringement prior to Hasbro alleging this Amended Counterclaim.

### Second Affirmative Defense

There is no likelihood of confusion, mistake, or deception created by the sale of said eM-4 miniatures.

### Third Affirmative Defense

No customer or potential customer of Hasbro has been confused, mistaken, or deceived, nor would such confusion be likely nor has Hasbro suffered any damage to date.

### Fourth Affirmative Defense

Hasbro's Amended Counterclaim is barred under the Copyright Act.

**Fifth Affirmative Defense**

Hasbro's Amended Counterclaim is barred, in whole or in part, by the doctrine of laches.

**Sixth Affirmative Defense**

Hasbro's Amended Counterclaim is barred, in whole or in part, by the doctrine of estoppel.

**Seventh Affirmative Defense**

Hasbro's Amended Counterclaim is barred, in whole or in part, by the doctrine of unclean hands.

**Eighth Affirmative Defense**

Hasbro's Amended Counterclaim is barred because any alleged infringement by Bowling of Hasbro's claimed copyrights was Fair Use under the Copyright Act.

**Ninth Affirmative Defense**

Hasbro's Amended Counterclaim that the '197 patent is unenforceable was not pled with sufficient specificity.

**Tenth Affirmative Defense**

One or more of the alleged infringing characters are based on characters from the public domain to which Hasbro has no exclusive right.

**WHEREFORE,** Bowling prays for judgment as follows:

a. That the Court enter judgment in favor of Bowling on Hasbro's Amended Counterclaim;

b. That Hasbro's Amended Counterclaim be dismissed with prejudice;

c. That Bowling be awarded its costs and attorneys' fees in defending against

Hasbro's Amended Counterclaim; and

d. For such other and further relief as the Court deems just and proper.

Michael Bowling,

By His Attorneys,

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

Douglas J. Williams, MN *(pro hac vice)*
Thomas J. Leach, MN *(pro hac vice)*
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 332-5300
(612) 332-9081 (Facsimile)

Date: June 12, 2006

**CERTIFICATION**

TO:

Todd D. White, Esq.
Jeffrey Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

David K. S. Cornwell, Esq.
Tracey-Gene G. Durkin, Esq.
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue N.W.
Washington, DC 20005

I hereby certify that I caused a true copy of the within *Plaintiff's Answer to Amended Counterclaim* to be to be transmitted by First Class Mail to the above named counsel of record on the 12 day of June, 2006.

Theresa Benson