IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING,<br>a Resident of Arizona, | : | |
| Plaintiff, | : | C.A. No. 05-229S |
| v. | : | |
| HASBRO, INC.,<br>a Rhode Island Corporation, | : | |
| Defendant. | : | |

**MOTION TO PRECLUDE EXPERT TESTIMONY OR ALTERNATIVELY, TO COMPEL REPORTS AND DOCUMENTS CONSIDERED**

Pursuant to Fed. R. Civ. P. 26(a)(2) and 37(a)(2)(A), plaintiff Michael Bowling ("Bowling") hereby moves for an Order of this Court precluding expert testimony from Mr. Gray and Mr. Hirtle for Hasbro, Inc.'s ("Hasbro") failure to provide expert reports, or alternatively compelling Hasbro to produce expert reports for Mr. Gray and Mr. Hirtle and the documents each considered in preparing his report.

As grounds for this motion, Bowling relies on the Memorandum of Law filed herewith.

Respectfully submitted,
Plaintiff,
Michael Bowling,
By his attorneys,

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

Douglas J. Williams, pro hac vice
Thomas J. Leach, pro hac vice
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 332-5300
(612) 332-9081 (Facsimile)

**CERTIFICATION**

TO:

Todd D. White, Esq.
Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

David K. S. Cornwell, Esq.
Tracey-Gene G. Durkin, Esq.
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue N.W.
Washington, DC 20005

I hereby certify that I caused a true copy of the within *Motion* to be forwarded via First Class Mail to the above named counsel of record on the 23 day of June, 2006.

Theresa Benson

H:\Clients\Bowling\Pleadings\Motion to Exclude Experts Hirtle Gray.doc

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MICHAEL BOWLING,
a Resident of Arizona,

Plaintiff,

v.

HASBRO, INC.,
a Rhode Island Corporation,

Defendant.

C.A. No. 05-229S

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO PRECLUDE EXPERT TESTIMONY OR ALTERNATIVELY, TO COMPEL REPORTS AND DOCUMENTS REVIEWED AND CONSIDERED**

## I. INTRODUCTION

On April 24, 2006, defendant Hasbro, Inc. ("Hasbro") identified two of its employees, Michael Gray and Michael Hirtle, as experts whom Hasbro intends to call at trial to present expert opinions under Federal Rules of Evidence 702, 703 or 705. Federal Rule of Civil Procedure 26(a)(2)(B) articulates the requirements for disclosure of expert testimony and requires a report containing the opinions of the intended expert and the bases for those opinions, such as documentary evidence. Notwithstanding that, Hasbro has not provided any information for either Mr. Gray or Mr. Hirtle other than their identity. In fact, instead of complying with its discovery obligations, Hasbro has attempted to hide behind the status of the experts as fact witnesses to relieve Hasbro's obligation to provide written reports and bases for the expert opinions.

is also a fact witness, the witness can provide expert testimony on any subject upon which they have "scientific, technical, or other specialized knowledge." (*Id.*)

### B. HASBRO ATTEMPTS TO BLOCK BOWLING'S EFFECTIVE CROSS EXAMINATION OF THESE EXPERTS BY REFUSING TO PRODUCE DOCUMENTS REVIEWED OR CONSIDERED BY THE EXPERTS

Not only has Hasbro refused to provide any information on the substance of its experts' testimony, Hasbro has also refused to provide documents reviewed or considered by Messrs. Gray and Hirtle in forming their expert opinions. Mr. Hirtle and Mr. Gray are listed as recipients of various documents listed on Hasbro's privilege log.[1] These documents were specifically requested by Bowling:

**REQUEST NO. 85:**

Each document reviewed and/or considered by any of Hasbro's expert witnesses.

(Ex. E)

Mr. Hirtle received Hasbro's withheld bates numbered documents HA000364-HA000372 concerning "Monopoly Millennium Dice Changeover." (Ex. F.) Mr. Hirtle also received Hasbro's withheld bates numbered documents HA000626-27 concerning "Legal analysis of patent claim." (*Id.*) Mr. Gray received Hasbro's withheld bates numbered document HA000377, which concerns "Investigation of patented dice." Bowling is entitled to review these documents as they were considered by Hasbro's experts. Fed. R. Civ. P. 26(a)(2)(B).

Moreover, Hasbro has waived any objections to the production of these documents by failing to timely respond to Bowling's First Set of Document Requests. Each of these withheld documents (and many others listed on Hasbro's privilege log) were specifically requested by Bowling's First Set of Document Requests. For example, Bowling's Document Request No. 29

[1] Bowling has requested that Hasbro amend its privilege log to provide descriptions adequate to determine whether the claim of privilege is appropriate. (Ex. G and H.) Hasbro refused to provide adequate descriptions in its privilege log. (Ex. H at pg. 3.)

asks for all documents concerning Bowling. (Ex. I at 5.) Hasbro's withheld document HA000322 concerning "Summary of dice production; Bowling demand" is covered by Request No. 29. Bowling's Document Request No. 20 asks for all documents "to, from, or concerning Hasbro's Michael Hirtle relating to Bowling or the Patented Dice." (*Id.* at p. 4.) Mr. Hirtle received documents bates numbered HA000364 to HA000372 concerning the "Monopoly Millennium dice changeover," which are specifically requested in document Request No. 29. (Ex. F at 2-3.)[2] Document Request No. 18 asks for all documents concerning Hasbro's decision to stop using the Accused Dice in Hasbro's Monopoly edition game. (Ex. I at 4.) Hasbro's withheld documents bates numbered HA000377 concerning "Investigation of patented dice" and HA000626-27 concerning "Legal analysis of patent claim" are specifically requested by Request No. 18. (Ex. F.)[3]

Bowling served these document requests on Hasbro on September 16, 2005. Under Rule 34 of the Federal Rules of Civil Procedure, Hasbro was required to serve its written responses and objections to these document requests within 30 days. *See* Fed. R. Civ. P. 34. Hasbro's written responses were due on October 20, 2005. Because Bowling did not receive Hasbro's responses on October 25, 2005, Bowling's counsel wrote Hasbro's counsel inquiring whether Hasbro served its written responses to Bowling's first set of discovery. (Ex. J.) On October 31, 2005, Bowling's counsel requested a meet and confer to discuss Hasbro's failure to respond to Bowling's discovery requests. (Ex. K.) On November 8, 2005, the parties met and conferred regarding Hasbro's refusal to respond to Bowling's discovery requests. (Ex. L.) Hasbro cavalierly stated that it probably would not respond to Bowling's discovery requests for another

---

[2] Bowling's Document Request No. 47 requests "all documents concerning any alternative die Hasbro considered using in its Monopoly Millennium" game. (Ex. I at 9) Request No. 47 also covers Hasbro's documents HA000364-HA000372.

[3] Bowling's Document Request Nos. 28-30 also request Hasbro's withheld documents HA000377 and HA000626-27.

two weeks. (Ex. L, M.) Bowling explained to Hasbro that it had waived any objections—including those of privilege—by failing to timely respond to Bowling's discovery requests. (Ex. L.) On November 28, 2005—more than five weeks after Hasbro's responses were due—Hasbro answered Bowling's first set of discovery. (Ex. N.) Hasbro objected to nearly all of Bowling's document requests, despite having waived any such objections by failing to timely respond. (Ex. O and N)

## III. ARGUMENT

### A. HASBRO'S EXPERTS' TESTIMONY SHOULD BE EXCLUDED BECAUSE HASBRO FAILED TO PROVIDE EXPERT REPORTS

When a party identifies an expert for trial, the party is required to provide certain basic information about the testifying expert — a written report, the basis for opinions in the report, and documentation relied upon in forming the opinion. Fed. R. Civ. P. 26(a)(2)(B). In this case, Habsro identified two employees, Mr. Gray and Mr. Hirtle as "expert witnesses whom it intends to call at the trial of this matter to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." Mr. Gray is only identified as an expert witness — his deposition testimony demonstrates that he has no first hand knowledge of relevant factual events in the case and is not a factual witness. Mr. Hirtle, on the other hand, may have some factual information, but is also apparently an expert witness. Hasbro is required, in both circumstances, to provide written expert reports. Even if the Court determines Mr. Hirtle, by virtue of his status as a fact witness, need not submit a written report, Bowling is entitled to disclosure of the topics of Mr. Hirtle's expert testimony and the documents which form the basis of that testimony.

Rule 26(a) (2) (B) requires that "expert reports must be filed for corporate employees whose testimony is proffered solely or principally for their expert opinions." *KW Plastics v. U.S. Can Co.*, 199 F.R.D. 687, 689 (M.D. Ala. 2000); *see Day v. Consol. Rail Corp.*, No. 95 Civ. 968,

1996 U.S. Dist. LEXIS 6596, *7 (May 15, 1996 S.D.N.Y). Mr. Gray's testimony will be proffered principally for his expert opinions — whatever they may be. Although Hasbro contends that Mr. Gray is also a fact witness, it was evident during Mr. Gray's deposition, that he has no firsthand factual information relevant to the lawsuit, but rather considers himself the game expert. (Ex. P at 16:8-16; 115:6-15.) Mr. Gray unequivocally testified that he did not have specific knowledge regarding the underlying facts of this dispute. (Ex. P at 96:16-23 (Gray stating that Monopoly Millennium was not his project and that his knowledge is based upon what people told him); *see also* Ex. P at 33:16-34 ("My recollection is that [Monopoly Millennium] was handled between Eileen and the other senior director"); 34:2-17 ("I don't have a lot of memory of being involved in that whole thing"); 38:23-39:3("I only know what people have told me. I really wasn't involved in designing it or approving it or dealing with the problem"). Because Mr. Gray has no firsthand factual knowledge, Hasbro is calling Mr. Gray *solely or principally* to provide his expert opinion. As such, Hasbro should have provided an expert report for Mr. Gray. Hasbro provided nothing. Thus, Hasbro is precluded from submitting any expert testimony from Mr. Gray at trial.

Hasbro also identified Mr. Hirtle as an expert under Rules 702, 703, or 705 (Ex. A). As with Mr. Gray, Hasbro contends no expert report or other disclosure is required because Mr. Hirtle is also an employee fact witness. Mr. Hirtle may have some personal factual information; however, this does not relieve Hasbro's obligation to provide Bowling with the substance of the expert opinion and Mr. Hirtle's bases therefore. Mr. Hirtle's deposition demonstrates that he does not have bases to provide expert testimony on topics that are traditionally fodder for an expert — such as infringement and invalidity. An analysis of infringement and validity

necessarily requires a careful review of the patent at issue. Mr. Hirtle testified that he did not conduct such a review.

> A: I was given a copy of the patent in question and studied it in relation to the product we were making.
>
> Q: When you say studied the patent, did you read the patent?
>
> A. I have to admit that I did not read every word in the patent, no.

(Ex. Q 8:10-16). Mr. Hirtle further testified that he did not reach any conclusion as to whether Hasbro's produced infringed the '197 patent.

> Q: Did you come to a conclusion as to whether the accused dice infringed the patent or not?
>
> A. No.

(*Id.* at 9:13-15).

In fact, during Mr. Hirtle's deposition, counsel for Hasbro repeatedly objected to any questions outside Mr. Hirtle's designated topic — knowledge of Bowling. (*Id.* at 17:22 - 18:19.) At no time did Hasbro, through discovery obligations, or otherwise, provide the substance of Mr. Hirtle's expert testimony or its bases. As such, any expert testimony from Mr. Hirtle should be precluded.

Because Hasbro refuses to comply with its expert disclosure obligations, Mr. Gray and Mr. Hirtle should be excluded from providing expert testimony. A motion to preclude expert testimony is an appropriate sanction for a failure to provide an expert report. *See* Fed. R. Civ. P. 37(c)(1) (stating a failure to disclose information required under Rule 26(a) mandates that the undisclosed evidence cannot be used at trial); *Pena-Crespo v. Commonwealth of Porto Rico*, 408 F.3d 10, 13 (1st Cir. 2005) (holding that a party who failed to disclose an expert report was not allowed to have that expert testify at trial). Since Hasbro violated Fed. R. Civ. P. 26 (a)(2) by

not providing expert reports for its employee experts, Bowling requests that Hasbro's employee experts' testimony be precluded under Fed. R. Civ. P. 37(c)(1). Without such exclusion, Bowling will be significantly prejudiced in its ability to prepare for trial.

## B. IF HASBRO'S EMPLOYEE EXPERTS ARE ALLOWED TO TESTIFY, BOWLING IS ENTITLED TO ALL DOCUMENTS REVIEWED OR CONSIDERED BY THEM

### 1. Hasbro Must Produce All Documents Reviewed Or Considered By Testifying Experts

Bowling specifically requested all documents reviewed or considered by Hasbro's experts. (Ex. E.) Moreover, in order to comply with Fed. R. Civ. P. Rule 26(a)(2), Hasbro is required to provide documents relating to expert opinion for all of its experts. *In Re Pioneer Hi-Bred Int'l, Inc.*, 238 F.3d 1370, 1375 (Fed. Cir. 2001) (stating that fundamental fairness requires disclosure of all information supplied to a testifying expert in connection with his testimony); *Kooima v. Zacklift Int'l, Inc.*, 209 F.R.D. 444, 447 (D. SD. 2002) (stating that all documents and information disclosed to a testifying expert is discoverable); *Suskind v. Home Depot, Corp.*, No. 99-10575-NG, 2001 U.S. Dist. Lexis 1349, *10-11 (D. Mass Jan. 2, 2001) (holding that all materials received and read by the expert must be disclosed to opposing counsel even if attorney-client privilege is invoked). Further, the Advisory Committee Notes to the 1993 Amendments to Rule 26 state that "given the obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions – whether or not ultimately relied on by the expert – are privileged . . . ." Fed. R. Civ. P. 26 Advisory Committee's Note. Thus, not only does Hasbro attempt to surprise Bowling at trial by concealing Mr. Hirtle's and Mr. Gray's expert testimony, it attempts to preclude effective cross-examination by refusing to provide the documents and information considered in forming those

expert opinions. Thus, if Mr. Hirtle and Mr. Gray are allowed to provide expert testimony, Bowling should be allowed to discover the documents and information which they reviewed.

### 2. Hasbro Should Produce The Requested Documents Because Hasbro Waived Privilege By Failing To Timely Respond To Bowling's Document Requests

Mr. Gray and Mr. Hirtle reviewed documents identified on Hasbro's privilege log, which were responsive to Bowling's First Set of Document Requests. (Ex. F.) Hasbro served its responses to Bowling's First Set of Documents Requests more than five weeks late. (Exs. L, M, N.) Hasbro waived any objections—including privilege objections—by failing to timely respond to Bowling's document requests. The law is well settled that a failure to assert objections to a discovery request in a timely manner operates as a waiver. *Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 12 (1st Cir. 1991); *Bhatla v. Resort Dev. Corp.*, No. 86-7099, 1987 U.S. Dist. LEXIS 7727, *7 (E.D. Pa. Aug. 19, 1987); *Eldaghar v. City of New York Dep't of Citywide Admin. Serv.*, No. 02 Civ. 9151, 2003 U.S. Dist. LEXIS 19247, * 2 (S.D.N.Y. Oct. 20, 2003); *Slauenwhite v. Bekum Maschinenfabriken, GMBH*, 35 F.R.Serv. 2d 975, 975 (D. Mass. Feb. 3, 1983). Hasbro should be compelled to produce documents listed on Hasbro's privilege log that were requested by Bowling's First Set of Document Requests, including those listing Mr. Gray and Mr. Hirtle as authors or recipients.

## IV. CONCLUSION

Bowling respectfully requests that this Court preclude Messrs. Gray and Hirtle from providing expert testimony. In the alternative, Bowling respectfully requests that the Court order Hasbro to provide immediately expert reports detailing the opinions to be given by Messrs. Gray and Hirtle at trial and the basis therefore. In addition, Bowling requests that this Court compel Hasbro to produce all responsive documents to Bowling's First Set of Document Requests,

including those considered by Hasbro's designated experts and those listed on Hasbro's privilege log.

Plaintiff,
Michael Bowling,
By his attorneys,

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

Douglas J. Williams, pro hac vice
Thomas J. Leach, pro hac vice
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 332-5300
(612) 332-9081 (Facsimile

**CERTIFICATION**

TO:

Todd D. White, Esq.
Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

David K. S. Cornwell, Esq.
Tracey-Gene G. Durkin, Esq.
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue N.W.
Washington, DC 20005

I hereby certify that I caused a true copy of the within *Memorandum of Law* to be served via First Class Mail to the above named counsel of record on the 23 day of June, 2006.

Theresa Benson