UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**OBJECTION TO MOTION TO PRECLUDE EXPERT TESTIMONY OR ALTERNATIVELY, TO COMPEL REPORTS AND DOCUMENTS CONSIDERED**

Defendant/Plaintiff-in-Counterclaim Hasbro, Inc. ("Hasbro") hereby objects to the Plaintiff's Motion To Preclude Expert Testimony or Alternatively, to Compel Reports and Documents Considered. This grounds in support of this objection are stated in the accompanying Memorandum of Law.

HASBRO, INC.
By its Attorneys,

Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: July 11, 2006

Of Counsel:

David K. S. Cornwell, Esq.
Tracy-Gene G. Durkin, Esq.
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of July 2006, I caused a true copy of the within to be served on the following individuals by regular mail, postage prepaid:

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Of Counsel:

Thomas J. Leach, Esq.
Douglas J. Williams, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

David K. S. Cornwell, Esq.
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

*387026_1*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO PRECLUDE EXPERT TESTIMONY OR ALTERNATIVELY, TO COMPEL REPORTS AND DOCUMENTS CONSIDERED**

Defendant/Plaintiff-in-Counterclaim Hasbro, Inc. ("Hasbro"), respectfully submits this Memorandum of Law in opposition to the Plaintiff's Motion To Preclude Expert Testimony or Alternatively, to Compel Reports and Documents Considered. This motion asks the Court, essentially, to disregard the plain language of Rule 26 and to set aside well-established principles of privilege and work-product protection. Because there exists no legal basis for the Plaintiff's motion, it should be denied in its entirety.

## I. Factual Background

As the Plaintiff concedes, Hasbro made timely expert disclosures in this case, on April 24, 2006. In that disclosure (attached as **Exhibit A** to this Memorandum), Hasbro disclosed three experts: Michael Gray and Michael Hirtle, both Hasbro employees and also fact witnesses, and Barry Sussman, a retained, outside damages expert. For Mr. Sussman, Hasbro provided all information required by Fed. R. Civ. P. Rule 26(a)(2)(B). As to Messrs. Gray and Hirtle, Hasbro

provided the information required by Rule 26(a)(2)(A). This disclosure was entirely appropriate, as neither of those witnesses is "retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony," which is the express trigger for the heightened disclosure requirements in Rule 26(a)(2)(B) (*i.e.*, written reports containing opinions and bases therefore, exhibits to be used in support of those opinions, etc.).

Again, Hasbro made that disclosure on April 24, 2006, which was the deadline for Hasbro to make its Rule 26-required disclosures. The Plaintiff knew as of April 24, six weeks before the motion deadline, that Hasbro did not intend to serve reports or other expert disclosures (whatever those might be) for either Mr. Gray or Mr. Hirtle. Per the Scheduling Order, the Plaintiff had thirty days in which to conduct depositions of Hasbro's designated experts. He elected to forego any further discovery, not deposing any of Hasbro's disclosed experts.

The Plaintiff also never raised any question about the reports or request any documents reviewed by the experts until Saturday, June 3, 2006. On that date, counsel for the Plaintiff asserted that Hasbro was required to turn over to the Plaintiff "all documents that Mr. Grey and Mr. Hirtle have reviewed or received in connection with the above lawsuit [including,] but is not limited to, documents listed on Hasbro's privilege log in which Mr. Grey and Mr. Hirtle received." *See* E-mail from T. Leach to J. Techentin dated June 3, 2006 (**Exhibit B**). Plaintiff's request did not argue or assert that Hasbro had been delinquent in not providing expert reports, nor did it suggest that Hasbro was obligated to do so. *Id.*

Hasbro responded promptly the next business day, Monday, June 5, 2006. Counsel for Hasbro asked for clarification of the authority that the designation of Messrs. Gray and Hirtle amounted to a blanket abrogation of work-product protection and attorney-client privilege:

> Your request (below) presupposes that Hasbro has waived privilege as to all materials "reviewed or received" by either of these witnesses solely by virtue of their having been designated as individuals expected to offer opinion testimony in this case. I am unaware of any authority that would support such a proposition. If you have some basis for this request (which is not grounded in the rules and procedures applicable to "specially retained" experts), please let me know that and I will consider your request in light of such information.

*See* E-mail from J. Techentin to T. Leach dated June 5, 2006 (**Exhibit C**). Three days later, counsel for the Plaintiff initiated a "meet and confer" on this subject, and the parties were not able to resolve the dispute. Plaintiff's counsel did, however, forward copies of three cases that the Plaintiff contended to support its argument that Hasbro must comply with Rule 26(a)(2)(B) (full expert reports) even for experts who are not retained or specially employed to provide expert testimony. **Exhibit D**. Counsel for Hasbro responded that none of the cases supported the Plaintiff's position, either with respect to the disclosure of expert reports or waiver of attorney-client and work-product protections. **Exhibit E**.

## II. <u>Argument</u>

### A. No Expert Reports Were Required for Either Mr. Gray or Mr. Hirtle

Rule 26(a)(2) is clear in its delineation of mandatory disclosures with respect to expert testimony (emphasis added):

> (2) Disclosure of Expert Testimony.
>
> (A) In addition to the disclosures required by paragraph (1), ***a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence***.
>
> (B) Except as otherwise stipulated or directed by the court, ***this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report*** prepared and signed by the witness. The report shall contain a complete

> statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.
>
> (C) These disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party. The parties shall supplement these disclosures when required under subdivision (e)(1).

Rule 26 thus requires ***only*** the disclosure of the identity of intended expert witnesses unless the witness is "retained or specially employed" to provide expert testimony, or if the witness regularly gives expert testimony as part of his employment by the party. Neither of these facts is true of either Mr. Gray or Mr. Hirtle. As the Plaintiff knows (having deposed both of them during fact discovery), Mr. Gray is a Senior Director, New Product Acquisition for Hasbro Games, which is an operating division of Hasbro. He has knowledge relevant to Hasbro's counterclaim for copyright infringement and to the Plaintiff's claim that Hasbro copied the Plaintiff's dice.[1] He is not a professional expert witness. Likewise, Mr. Hirtle is Vice President of Research and Development, Inventor Relations and Product Acquisition for Hasbro Games.

---

[1] Plaintiff contends that Mr. Gray "has no first hand knowledge of relevant factual events," but this is not true. *See* Plaintiff's Br. at 5. The Plaintiff has contended throughout this litigation that Hasbro copied the Plaintiff's die after seeing it at the 1998 GenCon game show. Mr. Gray was the Hasbro employee tasked with visiting that show for product acquisition purposes, and the Plaintiff can hardly contend that his knowledge in that regard is irrelevant. Gray Dep. at 21:23-22:7 (**Exhibit F**). The Plaintiff failed to ask Mr. Gray any questions relevant to Hasbro's copyright claim at his deposition, but that does not demonstrate a lack of knowledge on Mr. Gray's part. Hasbro expects to call Mr. Gray to testify on those subjects, as reflected in Hasbro's Rule 26(a)(1) disclosures (**Exhibit G**).

*See* **Exhibit A**. Mr. Hirtle contacted the Plaintiff and attempted to negotiate a license with the Plaintiff during the fall of 1999 and also has knowledge relevant to the sales of the Monopoly Millennium Edition games at issue. *See* **Exhibit G.**[2] Neither of these witnesses was retained or specially employed to provide expert testimony in this case and, contrary to the Plaintiff's assertion, both are fact witnesses.

Nevertheless, the Plaintiff baldly asserts that Hasbro should be precluded from offering these witnesses' expert testimony on the grounds that "Hasbro failed to provide expert reports." Plaintiff's Br. at 5. This argument is contrary to the applicable rule and finds no support, anywhere, in federal practice. None of the cases advanced by the Plaintiff supports his argument and, in fact, they support the proposition that witnesses like Messrs. Gray and Hirtle should ***not*** have to submit an expert report.. Thus the *KW Plastics v. U.S. Can Co.* case (199 F.R.D. 687 (M.D. Ala. 2000)) only would require expert reports for "corporate employees whose testimony is proffered solely or principally for their expert opinions." *Id.* at 689. Likewise, the Magistrate Judge's decision in *Day v. Cons. Rail Corp.* decision (1996 WL 257654, at *2-3 (S.D.N.Y. May 15, 1996)) expressly limited its application to situations where the witness was being called "solely or principally" to offer expert testimony. Again, neither of these witnesses is being called "solely or principally" for their expert opinions; both have factual information directly relevant to the Plaintiff's claims and Hasbro's claims and defenses. This is not a situation where Hasbro has brought in some unconnected "expert" from some far-flung Hasbro office just to give an opinion in this case; they are both key fact witnesses.

---

2 The Plaintiff's complaint that Hasbro "repeatedly objected to any questions outside Mr. Hirtle's designated topic" is irrelevant. *See* Plaintiff's Br. at 7. The Plaintiff voluntarily chose not to depose Mr. Hirtle individually. Hasbro had designated him to testify on a limited topic area in response to the Plaintiff's Rule 30(b)(6) deposition notice, and Hasbro's objections were based on the fact that the Plaintiff attempted, time and again, to get Hasbro's designated witnesses to testify on subjects outside their designated topics. Hasbro was not required to disclose Mr. Hirtle's expert opinions in response to that 30(b)(6) deposition notice, as the Plaintiff now apparently contends (*see id.*), nor was it required to do so by any other order or rule, except Rule 26(a), with which it has complied.

Moreover, even to the modest extent they conflict with the plain language of Rule 26, the *KW Plastics* and *Day* cases represent a distinctly minority view. The Second Circuit, for example, has explained the sharp difference between "specially retained" experts and employee-experts:

> Notably, although defendants were entitled to *notice*, pursuant to Rule 26(a)(2)(A), that Huang would testify as an expert, they were not entitled to an *expert report* under Rule 26(a)(2)(B). This Rule only requires "a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony" to prepare a signed written report. Where the witness is not specially retained or employed to give expert testimony, or does not regularly give expert testimony in his or her capacity as an employee, no expert report is required. *See Lewis v. Triborough Bridge and Tunnel Auth.*, No. 97 Civ. 0607, 2001 WL 21256, at * 1 (S.D.N.Y. Jan.9, 2001) ("It is well established that Fed.R.Civ.P. 26(a)(2) only requires a written report for a witness retained or specially employed to provide expert testimony in the case, or whose duties as a party's employee regularly involve giving expert testimony."); *Peck v. Hudson City Sch. Dist.*, 100 F.Supp.2d 118, 121 (N.D.N.Y.2000) ("The plain language of Fed.R.Civ.P. 26(a)(2) only requires a written report for a witness retained or specially employed to provide expert testimony in the case, or whose duties as a party's employee regularly involve the giving of expert testimony."); *Kent v. Katz*, No. 2:99 Civ. 189, 2000 WL 33711516, at *1 (D.Vt. Aug.9, 2000) ("The structure of Rule 26(a)(2) provides a clear distinction between the retained class of experts and the unretained class of experts···· This distinction protects experts from preparing reports when they are not retained to do so and when it is outside the scope of their regular duties." (citations and quotations omitted)); *Salas v. United States*, 165 F.R.D. 31, 33 (W.D.N.Y.1995) (same). Because Huang was not specially retained to provide expert testimony, and his duties as an employee of Bank of China do not regularly include giving expert testimony, Rule 26(a)(2)(B) does not apply.

*Bank of China, New York Branch v. NBM LLC*, 359 F.3d 171, 182 n. 13 (2d Cir. 2004) (emphasis in original). The First Circuit agrees, having acknowledged the critical distinction between the disclosures required for "retained or specially employed" experts and those not retained or

specially employed to provide expert testimony in the case. *Gomez v. Rivera Rodriguez*, 344 F.3d 103, 112 -113 (1st Cir. 2003) ("For instance, the rule obligates a party who wishes to offer such testimony to disclose, during pretrial proceedings, 'the identity of any person who may be used at trial to present evidence under Rules 702, 703 and 705 of the Federal Rules of Evidence.' Even more stringent requirements pertain to 'a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony.' Such a witness must submit a written report containing, *inter alia*, detailed information as to the qualifications and intended testimony of the witness.") (citations omitted).

Moreover, Hasbro's disclosures hardly left the Plaintiff "in the dark" with respect to the intended testimony either Mr. Gray or Mr. Hirtle. After Hasbro made its required disclosures, the Plaintiff had fully 30 days, expressly granted to it by Order of this Court, to take their expert depositions. *See* Pretrial Order (**Docket Entry No. 10**). Had the Plaintiff done so, it could have freely inquired into the witnesses' opinions, the grounds for those opinions, the anticipated scope of their testimony, the materials reviewed in preparation for their expert testimony, or any other subject reasonably connected to their role as expert witnesses. The Plaintiff voluntarily and knowingly chose not to do so. Instead, the Plaintiff waited until weeks after the expert discovery cutoff to demand that Hasbro produce documents that the two witnesses had seen, and waited still longer to take the position that Hasbro should have produced expert reports for these witnesses. The Plaintiff's situation is one of his own making: having voluntarily foregone expert discovery, he should not now be heard to complain that he needs more than the Rules

provide.[3]

Because Hasbro has fully met its disclosure obligations, no sanction whatsoever is warranted.

**B. Hasbro's Designation of In-House Expert Witnesses Does Not Abrogate Either Attorney-Client Privilege or Work-Product Protection**

Hasbro does not dispute that materials supplied to its outside, testifying experts in connection with the preparation of their expert testimony is routinely discoverable and is not shielded from disclosure by either privilege or work-product protection. *See* Plaintiff's Br. at 8 and cases cited therein. However, the Plaintiff asks the Court to greatly expand upon the doctrine reflected in the cases relied upon by the Plaintiff and to hold that privileged documents that, at some point in the past, had been reviewed by an employee in the course of his duties become discoverable simply because the employee is later identified as a witness, without regard to whether the documents have ***anything whatsoever to do with the expert testimony***.[4] *See, e.g.*, *In re Pioneer Hi-Bred Int'l, Inc.*, 238 F.3d 1370, 1375 (Fed. Cir. 2001) ("documents and information disclosed to a testifying expert ***in connection with his testimony*** are discoverable by the opposing party") (emphasis added); *Kooima v. Zacklift Int'l, Inc.*, 209 F.R.D. 444, 447 (D.S.D. 2002) ("Because Plaintiff has designated himself as an expert, therefore, all documents and information disclosed to him (including correspondence from his attorneys) ***in connection with his anticipated expert testimony*** are discoverable.") (emphasis added); *Suskind v. Home Depot Corp.*, 2001 WL 92183, at *1 (D.Mass. Jan. 2, 2001) (noting that sole question presented

[3] Had the Plaintiff submitted an "expert interrogatory" to Hasbro, he likely would have obtained similar information, at least insofar as the scope and basis for the expert witnesses' opinions are concerned. The Plaintiff also chose not to issue such an interrogatory.

[4] The Plaintiff thus demands production of every document appearing on Hasbro's privilege log that bears the name of either Mr. Gray or Mr. Hirtle, without regard to whether either of them have even seen the document since this case began, let alone whether the document is actually germane to their expert testimony. *See* Plaintiff's Br. at 3-4.

was "whether the duty of disclosure of expert testimony mandated by Rule 26(a)(2)(B), Fed.R.Civ.P., includes the duty to disclose materials provided to the expert by the party's attorney which were ***'considered' by the witness in forming his or her opinions*** but which would also contain 'mental impressions, conclusions, opinions or legal theories of an attorney'") (emphasis added).

Hasbro submits, and the Plaintiff would know if it had elected to depose the experts, that it has produced ***every document*** reviewed or relied upon by Messrs. Hirtle and Gray in connection with their expert testimony. Further, Hasbro recognizes its continuing obligation to supplement its document production should the witnesses review anything else in connection with the preparation of that testimony.

Finally, there is no merit to the Plaintiff's contention that Hasbro should be compelled to produce any documents as a result of the timing of its objections to the Plaintiff's document requests. *See* Plaintiff's Br. at 9. Notwithstanding the Plaintiff's sweeping statement that "failure to assert objections to a discovery request in a timely manner operates as a waiver," this is not the case with respect to documents. *Compare* Fed. R. Civ. P. Rule 33(b)(4) ("Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown") *with* Fed. R. Civ. P. Rule 34 (containing no analogous provision). Moreover, the Plaintiff can hardly claim prejudice by the timeliness of Hasbro's responses to his more than 100 document requests, the first set of which was answered more than seven months ago, when the Plaintiff himself sat on this alleged breach by Hasbro for the subsequent seven months. If there is any waiver, it is the Plaintiff's waiver of this argument, which he here attempts to bootstrap his otherwise meritless argument regarding Hasbro's timely and complete expert disclosures.

## III. Conclusion

For the foregoing reasons, Hasbro respectfully requests that the Court deny Plaintiff's Motion to Preclude Expert Testimony or Alternatively, to Compel Reports and Documents Reviewed and Considered in its entirety.

HASBRO, INC.
By its Attorneys,

Todd D. White (#5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: July 11, 2006

Of Counsel:

David K. S. Cornwell, Esq.
Tracy-Gene G. Durkin, Esq.
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of July 2006, I caused a true copy of the within to be served on the following individuals by regular mail, postage prepaid:

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Of Counsel:

Thomas J. Leach, Esq.
Douglas J. Williams, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

David K. S. Cornwell, Esq.
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

*384580_1*