**Techentin, Jeffrey**

**From:** Techentin, Jeffrey
**Sent:** Thursday, June 08, 2006 5:49 PM
**To:** 'Tom Leach'
**Cc:** White, Todd
**Subject:** RE: Bowling v. Hasbro: Expert Reports of Mr. Gray and Mr. Hirtle

Tom:

I've looked the cases over briefly. None of them suggests the blanket rule that you posit: namely, that litigants must produce expert reports for all in-house experts. Rather, even the 3M case recognizes that the rationale for imposing a report requirement on employee/experts only makes sense where the witness is called solely or principally to offer expert testimony. Both Messrs. Gray and Hirtle are, principally, fact witnesses in this case (as you know, having deposed Mr. Gray and having Mr. Hirtle advanced as one of Hasbro's 30(b)(6) designees). Had you either (1) deposed them, or (2) issued an interrogatory on the subject, the situation would almost certainly be clearer at your end. However, your election to forego such discovery does not mean that Hasbro has some heightened disclosure obligation. In short, I remain unconvinced that there is any basis upon which to conclude that Hasbro was obliged to disclose any information beyond that contained in its Disclosure.

I would also note that the cases you forwarded touched on issues germane to your demand for documentation identified on Hasbro's privilege log, but none of them stood for the proposition that review by an employee/expert waives privilege or work product.

Jeff.

-----Original Message-----
**From:** Tom Leach [mailto:TLeach@merchantgould.com]
**Sent:** Thursday, June 08, 2006 3:58 PM
**To:** jtechentin@apslaw.com
**Cc:** Tom Leach; Sarah G. Lewis; Tony Zeuli; Douglas Williams
**Subject:** Bowling v. Hasbro: Expert Reports of Mr. Gray and Mr. Hirtle

Dear Jeff,

Per our meet and confer today regarding Hasbro's failure to provide expert reports for Mr. Gray and Mr. Hirtle, you asked that I provide you with legal authority on this point. As a professional courtesy, attached is legal authority that states that Hasbro must have provided reports disclosing the expert opinions to which Hasbro's employee-designated experts will testify.

If Hasbro still intends upon calling Mr. Gray and Mr. Hirtle as employee-experts despite its failure to provide expert reports, please let me know as soon as possible as I will have to take this matter up with the Court.

Thank you.

<<Pioneer_238_F_3d_1370.doc>> <<3M_177_F_R_D_459.doc>> <<Weil_206_F_R_D_38.doc>>

**Thomas J. Leach,**

**Merchant & Gould P.C.**

3200 I.D.S. Center

80 South 8th Street

Minneapolis, MN 55402

Tel: (612) 336-4665

Fax: (612) 332-9081

tleach@merchantgould.com

www.merchantgould.com

*** This is a transmission from the law firm of Merchant & Gould and may contain information that is privileged, confidential, and protected- by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at our telephone number 612.332.5300. Thank you.***

<<Tom Leach.vcf>>