UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHAEL BOWLING, a Resident of Arizona,

Plaintiff,

v.

HASBRO, INC., a Rhode Island Corporation,

Defendant.

C.A. No. 05-229 S

4/18/06

**AMENDED RULE 26(a)(1) DISCLOSURE OF THE DEFENDANT HASBRO, INC.**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendant Hasbro, Inc. hereby makes the following initial disclosures.

A. Individuals Having Discoverable Information

The following individuals, in addition to those identified by the Plaintiff in his Fed. R. Civ. P. Rule 26(a)(1) disclosures, are likely to have discoverable information that Defendant may use to support its claims or defenses, unless solely for impeachment:

1. Phil Skrzyniarz, Hasbro, Inc., has knowledge pertaining to the cost of manufacture and the development and manufacture of Hasbro's Monopoly Millennium game, the components thereof, and the procurement of dice for use therein.

2. Dottie Echlin, Hasbro, Inc., has knowledge pertaining to the cost of manufacture and the development and manufacture of Hasbro's Monopoly Millennium game, the components thereof, the procurement of dice for use therein, and actions taken

by Hasbro to change from the use of the Accused Dice to other dice in such games.

3. Michael Hirtle, Hasbro, Inc., has knowledge of Hasbro's sales of the Monopoly Millennium game and negotiations with the Plaintiff with respect to the potential licensure of the Plaintiff's dice design.

4. Kurt Benson, Hasbro, Inc., has knowledge of Hasbro's awareness of the '197 patent and actions taken by Hasbro to change from the use of the Accused Dice to other dice in such games.

5. Doreen Mars, Hasbro, Inc., has knowledge of consumer reaction to the change of dice in the Monopoly Millennium game in the approximate period from November 1999 to January 2000.

6. Michael Gray, Hasbro, Inc., has knowledge of Hasbro's ownership of copyright interests in the Beholder, Mind Flayer, and Cockatrice works, the development of Hasbro's specialized die for use in the Monopoly Millennium game, and the Plaintiff's dice.

7. Eileen Sefchick, Wham-O, Inc., 1180 Litchfield Avenue, Fremont, California 94536, has knowledge of Hasbro's development of the Accused Dice and the decision to include the Accused Dice in the Monopoly Millennium game.

8. Albert Lizarraga, 6251 South Mesquite Trail, Tucson, Arizona, has knowledge of his participation in the development of the die design claimed in the '197 patent.

9. Susan Lizarraga, 6251 South Mesquite Trail, Tucson, Arizona, has knowledge of Albert Lizarraga's work on the development of the die design claimed in the '197 patent.

B. Documents, Data and Tangible Things

Defendant has produced or made available for inspection copies of all documents, data compilations, and tangible things in its possession, custody, or control that Defendant intends to use to support its claims or defenses, unless solely for impeachment.

C. Computation of Damages

Pursuant to 17 U.S.C. § 504(c), Defendant seeks statutory damages for the violation of its copyrights by the Plaintiff. Defendant seeks an award, vested in the sound discretion of the Court, based upon the Plaintiff's three separate works having infringed upon three works of the Defendant, each protected by numerous registered and unregistered copyrights. *See generally Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 191-94 (1st Cir. 2004). As to the works depicting the "Beholder" and "Mind Flayer" characters, Defendant contends that Plaintiff's copyright violations were committed willfully and therefore seeks enhanced statutory damages pursuant to 17 U.S.C. § 504(c)(2). Defendant expects that the Court's discretion will be informed by (1) the established and prominent nature of the works, (2) the Plaintiff's awareness of the works prior to the copying, (3) the nature of the Plaintiff's infringing works as pure copies of the Defendant's works, (4) the Plaintiff's state of mind in trading in infringing works, and (5) the number of infringing works. *See id.* at 195-96.

D. Insurance

Defendant is unaware of any insurance policy which would cover either the Plaintiff's direct claim or the Defendant's Counterclaim against the Plaintiff.

HASBRO, INC.
By its Attorneys,

Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: 4/18/06

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of April 2006, I caused a true copy of the within to be served on the following individuals in the manner indicated:

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
*By hand delivery*

Of Counsel:

Thomas J. Leach, Esq.
Douglas J. Williams, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215
*By Federal Express*

David K. S. Cornwell, Esq.
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005
*By First Class Mail, postage prepaid*

[signature]

*378745_1*