IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING,<br>a Resident of Arizona,<br><br>Plaintiff,<br><br>v.<br><br>HASBRO, INC.,<br>a Rhode Island Corporation,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 05-229S |

**PLAINTIFF'S REPLY TO DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

The only issue presented by Bowling's summary judgment motion is whether Hasbro has any qualifying corroborating evidence, as is absolutely required in patent cases to establish Hasbro's claim that Lizarraga is a co-inventor. No other issue is involved in this motion. Importantly, Hasbro's opposition brief totally fails to point to any qualifying corroborating evidence to support Lizarraga's oral testimony regarding inventorship. This is dispositive of the issue and summary judgment in Bowling's favor is appropriate.

In an effort to avoid summary judgment, Hasbro disingenuously argues that Bowling must prove that he is the inventor and that the Court must make credibility determinations to resolve this issue. That is simply false. The issuance of a patent creates the presumption that the named inventor, such as Bowling, is the true and only inventor. Whether Bowling or Lizarraga is more credible is also irrelevant to whether Hasbro has any qualifying corroborating evidence, which is required by long-settled patent law precedent. Hasbro—not Bowling—must produce evidence that independently corroborates Lizarraga's claimed conception of the invention.

Further the corroborating evidence Hasbro needs must establish that Bowling had not previously understood and conceived of the invention. The corroborating evidence must establish that Lizarraga did not merely later recognize what Bowling already conceived before he enlisted Lizarraga's drafting services to prepare formal drawings of his invention.

## ARGUMENT

### A. Hasbro's Failure To Produce Evidence That Corroborates Lizarraga's Testimony Is Dispositive Of The Inventorship Issue

To establish Lizarraga as a co-inventor, the law demands that Hasbro produce evidence that independently corroborates Lizarraga's testimony concerning his alleged significant contribution to the conception of the invention. *Acromed Corp. v. Sofamor Danek Group, Inc.*, 253 F.3d 1371, 1379 (Fed. Cir. 2001); *Price v. Symsek*, 988 F.2d 1187, 1194 (Fed. Cir. 1993). Hasbro's failure to produce any such corroborating evidence is dispositive of this issue. *Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1329 (Fed. Cir. 2004); *Stern v. The Trustees of Columbia Univ. in The City Of New York*, 434 F.3d 1375, 1378 (Fed. Cir. 2006) (affirming summary judgment because the alleged co-inventor's testimony was *insufficiently* corroborated). Hasbro completely fails to produce any evidence that corroborates Lizarraga's testimony concerning his alleged conception of the invention. Further, Hasbro fails to produce any independent corroborating evidence that proves Lizarraga conceived of the invention before Bowling disclosed his invention to him or that Lizarraga did not merely recognize that which Bowling already conceived and knew. Without corroboration of Lizarraga's testimony, Hasbro cannot, as a matter of law, meet the clear and convincing standard to establish Lizarraga as a co-inventor.

The need for such corroboration is particularly important here, where Lizarraga's vague recollection of his alleged contribution, which occurred nine years ago, was recently spurred by Hasbro's litigation counsel and for which Hasbro paid Lizarraga $10,000 to assign whatever "rights," if any, he might have and to cooperate in Hasbro's defense. Indeed, because Lizarraga knew he was preparing patent drawings for Bowling, if he felt he might possibly have an ownership interest in the patent, he would have spoken up nine years ago when he secured payment for drafting the patent drawings. It is for this very kind of late and curious assertion that the patent laws have, for over 100 years, had an absolute requirement for non-oral corroborating evidence. *See Hess v. Advanced Cardiovascular Sys., Inc.*, 106 F.3d 976, 980 (Fed. Cir. 1997); *see also The Barbed Wire Patent*, 143 U.S. 275, 284-85 (1892).

Finally, contrary to Hasbro's suggestion, credibility plays no role in this inquiry. That Hasbro has no corroborating evidence is dispositive. The law is clear that without independent corroborating evidence, Lizarraga's testimony, even if more persuasive than Bowling's, is insufficient as a matter of law to prove co-inventorship.[1] *Gemstar-TV Guid Int'l*, 383 F.3d at 1382-83 (reversing a trial court's finding of co-invention due to lack of corroboration *despite* accepting that the alleged co-inventor's testimony was more credible than the named inventor's).

**B. Hasbro—Not Bowling—Must Establish By Clear And Convincing Evidence That Lizarraga Is A Joint Inventor**

In a disingenuous attempt to defeat summary judgment, Hasbro incorrectly suggests that Bowling must prove that he invented the subject matter claimed in the '197 patent. (Hasbro's Opp. Brief at 10.) Hasbro goes so far as to suggest that Bowling must corroborate his testimony. (*Id.* at 13.) That is entirely false. As the named inventor on the '197 patent, Bowling is presumed to be the true and only inventor. *Acromed Corp.*, 253 F.3d at 1379, (*citing Hess*, 106

[1] Bowling disputes Hasbro's characterization of Bowling's credibility. However, because it is irrelevant to this motion, Bowling will not address Hasbro's mischaracterizations here.

F.3d at 980). Hasbro—not Bowling—bears the heavy burden to prove that Lizarraga is a co-inventor of the '197 patent. *Gemstar-TV Guid Int'l*, 383 F.3d at 1382; *Acromed Corp.*, 253 F.3d 1379; *Hess*, 106 F.3d at 980 (stating the "burden of showing misjoinder or nonjoinder of inventors is a heavy one and must be proved by clear and convincing evidence"). Hasbro's contention that Bowling must present evidence that proves that he is a co-inventor is merely an attempt to distract the Court from the fact that Hasbro has no qualifying, non-oral evidence that independently corroborates Lizarraga's testimony.

**C. No Evidence Independently Corroborates Hasbro's Claim That Lizarraga Determined The Ratio In Claim 16, That Lizarraga Did Not Receive That Information From Bowling, Or That Bowling Did Not Already Know The Appropriate Ratio**

Hasbro attempts to mislead the Court into believing that to resolve this "inventorship issue" it must simply "determine if Lizarraga made any material contribution to any of the claims of the '197 patent." (Hasbro's Opp. Brief at 11.) Hasbro again asks the Court to ignore the heavy burden Hasbro faces to rebut the presumption that Bowling is the true and only inventor. To meet that heavy burden, Hasbro must produce evidence that corroborates Lizarraga's vague testimony that he determined the ratio in claim 16.[2] Hasbro points to no independent evidence that corroborates Lizarraga's vague testimony that he determined the ratio of the facets' size, that he did not get that ratio from Bowling, or, more importantly, that Bowling did not already know the appropriate size to make the facets.[3]

---

[2] Aside from not having any corroborating evidence on this issue, Lizarraga's testimony on this issue is anything but clear and convincing. (SUF at 19, Ex. D at 12:19-13:1, 62:2-8. (Court Docket No. 47)) Moreover, before Hasbro made "inventorship" an issue, Bowling clearly testified that he provided Lizarraga with the relative sizes of the end caps and facets. (SUF at 16-19, 23-24.) Hasbro has no independent corroborating evidence that establishes that Bowling did not provide this information to Lizarraga.

[3] Moreover, Lizarraga's uncorroborated testimony shows that he added nothing more than the ordinary skill of a drafts person, rather than significantly contribute to the conception of the invention. (SUF at 19, Ex. D at 62:2-8.)

**D. Hasbro Fails, As Required By Rule 56, To Specifically Identify *Material* Facts That Could Defeat Summary Judgment**

Inventorship is a question of law for this Court to decide. *Acromed Corp. v. Sofamor Danek Group, Inc.*, 253 F.3d 1371, 1378 (Fed. Cir. 2001). As such, it is properly decided on summary judgment. *Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1327 (Fed. Cir. 2004); *Stern v. The Trustees of Columbia Univ. in The City Of New York*, 434 F.3d 1375, 1377 (Fed. Cir. 2006). In deciding summary judgment, the record evidence is reviewed through the same evidentiary standard that would prevail at trial. *Linear Tech. Corp.*, 379 F.3d at 1318. The standard here is clear and convincing, which unquestionably requires independent evidence that corroborates Lizarraga's testimony. To defeat summary judgment, Hasbro must point to facts that are genuine and material to its claim.[4] *Pagano v. Frank*, 983 F.2d 343, 347 (1st Cir. 1993). This requires more than presenting "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Specifically, the non-movant may not defeat a motion for summary judgment by relying upon evidence that is "merely colorable" or "not significantly probative." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *see also Mack v. Great Atl. & Pac. Tea Co.*, 871 F.2d 179, 181 (1st Cir. 1989) ("The evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve"). To the contrary, it must present definite and competent evidence to rebut the motion. *Mesnick v. Gen. Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991). Absent that, summary judgment is appropriate. *Medina-Munoz v. R.J. Reynolds Tobacco Co.*,

---

[4] The First Circuit defines "genuine" to mean that the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party and "material" to mean that the fact is one that might affect the outcome of the suit under the governing law. *United States v. One Parcel of Real Property, Etc. (Great Harbor Neck, New Shoreham, R.I.)*, 960 F.2d 200, 204 (1st Cir. 1992).

896 F.2d 5, 8 (1st Cir. 1990) (where the non-moving party rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation," summary judgment is appropriate).

Hasbro fails to cite any *material* facts that could defeat Bowling's summary judgment motion. The only facts that could preclude summary judgment, which do not exist, are facts that independently and sufficiently corroborate Lizarraga's testimony. Hasbro attempts to rely on conclusory allegations and unsupported speculation in opposing this motion rather than material facts, such as corroborating evidence, that could meet its heavy burden of clear and convincing evidence.

Instead of pointing to material corroborating facts in its papers, as required by Rule 56, Hasbro seeks to force Bowling to incur the costs associated with an evidentiary hearing. Hasbro's request for an "evidentiary hearing" is merely a litigation tactic to avoid the sole issue—whether there is corroboration—and to mislead the Court into believing that it must make factual determinations. As explained above, the Court need not make factual determinations and an evidentiary hearing is simply not needed. Thus, aside from this litigation tactic, why was the evidence which "requires" an evidentiary hearing not included in Hasbro's papers, as required by Rule 56? Bowling again respectfully requests that the Court decide this motion on the briefs, the record, and oral argument, and not allow Hasbro to force Bowling, a sole inventor with limited resources, to prepare for and conduct a costly separate inventorship trial where none is warranted under the law.

## CONCLUSION

Summary judgment is appropriate because Hasbro has failed to produce any evidence that independently corroborates Lizarraga's vague testimony about his alleged conception of the

claimed invention. Without independent corroboration, Hasbro cannot establish that Lizarraga is a co-inventor and Bowling's motion should be granted.

Michael Bowling,
By His Attorneys,

Date: July 27, 2006

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

Douglas J. Williams, MN (*pro hac vice*)
Thomas J. Leach, MN (*pro hac vice*)
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 332-5300
(612) 332-9081 (Facsimile)

**CERTIFICATION**

TO:

Todd D. White, Esq.
Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

David K. S. Cornwell, Esq.
Tracey-Gene G. Durkin, Esq.
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue N.W.
Washington, DC 20005

I hereby certify that I caused a true copy of the within *Plaintiff's Reply to Defendant's Objection to Plaintiff's Motion for Summary Judgment* to be delivered via First Class Mail to the above named counsel of record on the 27th day of July 2006.