IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, Plaintiff, | : | C.A. No. 05-229S |
| v. | : | |
| HASBRO, INC., a Rhode Island Corporation, Defendant. | : | |

**BOWLING'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION TO EXCLUDE EXPERT TESTIMONY OR ALTERNATIVELY, TO COMPEL REPORTS AND DOCUMENTS REVIEWED AND CONSIDERED**

Pursuant to Fed. R. Civ. P. 26(a)(2) and 37(a)(2)(A), Plaintiff Michael Bowling ("Bowling") submits this Reply Memorandum of Law in Support of its Motion to Exclude Expert Testimony or Alternatively, to Compel Reports and Documents Reviewed and Considered.

## I. INTRODUCTION

Hasbro contends it can evade the Rule 26(a)(2)(B) expert report requirements that were promulgated to eliminate unfair surprise, streamline discovery, and reduce unnecessary costs incurred by litigants on the mere basis that Hasbro will be relying upon expert testimony offered by its employees rather than independent experts. Hasbro further tries to hide behind the employee status of its experts in an attempt to prevent disclosure of information they reviewed prior to formulating their opinions. Not only must Hasbro disclosure all information its experts have reviewed before formulating their opinions, this information must be produced because

Hasbro waived any work product or attorney-client privileges when it flouted the deadline for its responses to Bowling's document requests. Hasbro cannot be allowed to shirk the reporting and disclosure requirements mandated by the Federal Rules of Civil Procedure simply because Hasbro has elected to rely upon its own employees to provide expert opinion testimony rather than an independent expert.

Hasbro's continued refusal to comply with its expert discovery obligations has caused unnecessary delay and forced Bowling to resort to motion practice. While Hasbro would like the court to blame Bowling for its supposed delay in bringing the current motion, Hasbro has no one to blame but itself for its failure to provide expert reports and discovery responses as prescribed by the rules. The Court should exclude expert testimony from Messrs. Hirtle and Gray and order Hasbro to produce all relevant information reviewed by Messrs. Hirtle and Gray prior to the formulation of their expert opinions. Under no circumstances should Hasbro be permitted to offer the expert testimony of a witness for whom no expert report has been disclosed to Bowling or an expert that has reviewed relevant documents that Bowling has not had an opportunity to review.

## II. <u>ARGUMENT</u>

### A. THE COURT SHOULD EXCLUDE THE TESTIMONY OF MESSRS. HIRTLE AND GRAY

Hasbro's refusal to provide expert reports for Messrs. Hirtle and Gray has left Bowling oblivious as to their opinions and the bases therefor, and as a result their expert testimony must be excluded.

Rule 26(a)(2) requires litigants to prepare expert reports containing a "complete statement of all opinions to be expressed and the basis and reasons therefore, the data or other information considered by the witness in forming the opinions," and various other information

concerning the expert's qualifications. Fed. R. Civ. P. 26(a)(2)(B); *Pena-Crespo v. Puerto Rico*, 408 F.3d 10, 13 (1st Cir. 2005). As recognized by the First Circuit, the purpose of a "detailed and complete" Rule 26(a)(2)(B) expert report is "to minimize the expense of deposing experts, and to shorten direct examination and prevent an ambush at trial." *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo y Benefiencia de P.R.*, 248 F.3d 29, 35 (1st Cir. 2001) (excluding expert testimony of witness for which no expert report was provided). Expert reports "increase the quality of trials by better preparing attorneys for cross-examination." *Pena-Crespo*, 408 F.3d at 10.

In view of the great importance of expert reports, a party cannot offer an expert witness at trial when it fails to provide an expert report for that witness, unless the failure was substantially justified. Fed. R. Civ. P. 37(c)(1). Indeed, "district courts have broad discretion in meting out sanctions for Rule 26 violations and the exclusion of evidence is a standard sanction for a violation of the duty to disclose under Rule 26(a)." *Pena-Crespo*, 408 F.3d at 14 (affirming district court's exclusion of expert testimony where party identified expert but failed to provide a Rule 26(a)(2)(B) report) (internal ellipses omitted).

Hasbro inappropriately attempts to prevent Bowling from effectively cross-examining Messrs. Hirtle and Gray at trial by refusing to produce expert reports or documents considered by these alleged experts.

**1. Rule 26(a)(2)(B) Requires Expert Reports From Employee Experts**

The vast majority of courts that have addressed this issue have ruled that Rule 26(a)(2)(B) requires expert reports from employees that are going to offer expert testimony under Federal Rule of Evidence 702. *Storage Tech. Corp. v. Custom Hardware Eng'g & Consul., Ltd.*, No. 02-12102, 2006 U.S. Dist. LEXIS 43690, at *116 (D. Mass. June 28,

2006)(requiring an expert report for an employee witness that was going to provide both fact and expert testimony) (Exhibit R)[1]; *McCulloch v. Hartford Life and Accid. Ins. Co.*, No. 3:01-1115, 2003 U.S. Dist. LEXIS 25722, at *6 (D. Conn. Dec. 30, 2003) (ordering defendant to provide expert reports for its employees even though the defendant indicated the witnesses were "primarily fact witnesses who will offer some expert testimony") (Exhibit S.); *KW Plastics v. U.S. Can Co.,* 199 F.R.D. 687, 689 (M.D. Ala 2000) ("[T]he court finds that the Federal Rules of Civil Procedure requires disclosures from every witness who testifies under Rule 702 of the Federal Rules of Evidence, regardless of whether the expert is an employee of the defendant corporation."); *Minn. Mining & Mfg. Co. v. Signtech USA, Ltd.*, 177 F.R.D. 459, 460-61 (D. Minn. 1997); *Schwab v. Phillip Morris USA, Inc.*, No. 04-1945, 2005 U.S. Dist. LEXIS 23027, at *5 (E.D.N.Y. Sep. 22, 2005) (Exhibit T.); *In re: Air Crash*, 982 F. Supp. 1086, 1090 (D.S.C. 1997) *Day v. Consol. Rail Corp.*, No. 95-968, 1996 U.S. Dist. LEXIS 6596, at *7 (S.D.N.Y. May 15, 1996). "The key distinction in managing expert testimony is not between expert and lay *witnesses*, 'but rather between expert and lay *testimony*.'" *Storage Tech.*, 2006 U.S. Dist. LEXIS 43690, at *116 (emphasis added). In any event, for purposes of Rule 26(a)(2)(B), an employee has been "specially employed" to give expert testimony when its employer directs the employee to act outside the scope of his or her normal duties by preparing to testify as an expert witness. *KW Plastics* 199 F.R.D. at 690 (applying the dictionary definitions of the terms "specially" and "employed" in ordering party to provide an expert report for an employee from whom expert testimony on damages was going to be offered at trial); *McCulloch*, 2003 U.S. Dist. LEXIS 25722, at *6.

If the Court were to adopt Hasbro's position and create an arbitrary exemption for employee experts, it would encourage corporate defendants to evade the expert report and

[1] Exhibits filed in support of this reply brief start where the previous Exhibits left off.

disclosure requirements set forth in Rule 26(a)(2)(B) by simply "designating its own employees first as fact witnesses and then asking them to offer some related expert opinion." *Id.* Moreover, requiring reports from employee experts serves the spirit of the rules, which have provided for increasingly greater expert disclosure requirements in order to minimize surprise, streamline discovery, and allow for more effective cross-examination of witnesses offering expert testimony that jurors will otherwise be unable to question. *See Storage Tech.*, at 115; *Day*, at *4; *Minn. Mining & Mfg.*, 177 F.R.D. at 461.

Hasbro has maintained its refusal to provide an expert report concerning the expert opinions of Messrs. Hirtle and Grey despite the clear law that reports are required from employees that will be offering expert testimony under Federal Rule of Evidence 702. There is no reason to permit Hasbro to shirk its discovery obligations simply because it is using its own employees to provide expert opinion testimony. The abundant case law cited above demonstrates the near uniformity in the courts' position on this issue, and Hasbro has not cited one case to the contrary.

To this day, Hasbro has refused to inform Bowling of the subject matter of the expert opinion testimony it intends to offer from Messrs. Hirtle and Gray. Rather, Hasbro has merely informed Bowling that the witnesses will be offering testimony under Federal Rule of Evidence 702. In any event, despite admitting these witnesses will be offering expert opinion testimony under Rule 702, Hasbro attempts to escape the expert report requirement under the argument that Messrs' Hirtle and Gray are mere fact witnesses. Hasbro's own letter demonstrates this is simply untrue. (*See* Exhibit A to Court Docket No. 53.) Mr. Gray lacks knowledge concerning the facts underlying the real dispute between the parties: Hasbro's infringement of Bowling's patent and Bowling's resulting damages. As more fully discussed in Bowling's initial memorandum for this

motion, Mr. Gray repeatedly testified that he was completely uninvolved in the development and design of the products Bowling has accused of infringement. (*See* Court Docket No. 53 (Bowling's Initial Mem.) at 5-6.) Hasbro's contention that Mr. Gray has first-hand knowledge about Hasbro's copying of Bowling's invention is incredible in view of the cited deposition testimony. To claim Mr. Gray is a "key fact witness" is disingenuous at best. (*See* Court Docket No. 59 (Def.'s. Mem. Oppos.) at 5.)

Hasbro further claims Mr. Gray possesses knowledge concerning its counterclaim for copyright infringement. To be sure, Hasbro has asserted a counterclaim against Bowling for copyright infringement. Hasbro fails to mention, however, that the alleged infringement involved the sale of a mere twelve toy figurines, sales which yielded under $250 in profits to Bowling. Of course, this factual knowledge would be entirely unrelated to Bowling's claim for patent infringement. In any event, Mr. Gray does not normally formulate expert opinions during the course of his employment, and, thus, has been specially employed for purposes of Rule 26(a)(2)(B). Accordingly, because Hasbro failed to provide his expert report, he should not be permitted to provide any expert testimony at trial.

Unlike Mr. Gray, Bowling does not deny that Mr. Hirtle possesses some first-hand factual knowledge relevant to Bowling's claims for patent infringement. Nonetheless, Hasbro has represented that Mr. Hirtle will be offering expert opinion testimony under Federal Rule of Evidence 702. Mr. Hirtle does not normally formulate such expert opinions during the course of his employment, rather, he has been "specially employed" to do so for this case. *McCulloch*, 2003 U.S. Dist. LEXIS 25722, at *6. Since Mr. Hirtle will be providing testimony under Rule 702, he should have provided an expert report. *KW Plastics,* 199 F.R.D. at 689 ("[T]he court finds that the Federal Rules of Civil Procedure requires disclosures from every witness who

testifies under Rule 702 of the Federal Rules of Evidence, regardless of whether the expert is an employee of the defendant corporation.").

Hasbro should not be permitted to offer surprise expert testimony at trial simply because it chose to rely upon expert testimony from its employees rather than an outside consultant. For these reasons, the Court should exclude all expert testimony from Messrs. Hirtle and Gray.

### 2. The Authority Cited By Hasbro Fails To Address the Issue at Hand

Hasbro cites two cases in opposition to Bowling's argument that Hasbro's employee experts must provide expert reports. Hasbro argues that Messrs. Hirtle and Gray were neither "retained" nor "specially employed" to provide expert testimony in this case and are being offered merely as fact witnesses. (Court Docket No. 59 at 4-5.) Based upon these contentions, Hasbro argues Rule 26(a)(2)(B) does not require expert reports for Messrs. Hirtle and Gray.

Hasbro primarily relies upon *Bank of China, New York Branch v. BNM LLC*, 359 F.3d 171, 182 n.13 (2d Cir. 2004) in support of this argument. In that case, the court was determining whether it was error for the district court to admit a witness's testimony under Rule 701. *Id.* at 182-83. The issue of whether or not an employee expert must provide a Rule 26(a)(2)(B) report was completely irrelevant to the issue confronted by the court, and the statements relied upon by Hasbro are pure dicta.

In addition to the fact that the court's statement in *Bank of China* was dicta, the four cases relied upon therein did not involve the situation at issue here: whether Rule 26(a)(2)(B) requires expert reports from employee experts. Rather, all four of those cases relied upon by the *Bank of China* court involved the narrow issue of whether a treating physician must provide an expert report. This is a specific exception addressed in the 1993 Advisory Committee Notes to Rule

26(a)(2),[2] in which the Notes state that a treating physician can be called at trial without preparing an expert report.[3] Accordingly, all of these cases involve a specific exception identified in the rules and do not address the situation of an employee expert.

Hasbro also cites a First Circuit opinion to support its argument that it need not provide expert reports for its employee experts. That case, *Gomez v. Rodriguez*, did not address whether an expert report is required for an employee expert; rather, the court analyzed whether the witness's testimony was expert testimony subject to Rule 702 such that the defendants had to disclose him under Rule 26(a)(2)(A). 344 F.3d 103, 113 (1st Cir. 2003). The court's analysis is instructive:

> Let us be perfectly clear. Pinot obviously has specialized knowledge . . . But the triggering mechanism for application of Rule 26's expert witness requirements is not the status of the witness, but, rather, the essence of the proffered testimony. Accordingly, a party need not identify a witness as an expert so long as the witness played a personal role in the unfolding of the events at issue and ***the anticipated questioning seeks only to elicit the witness's knowledge of those events***. Pinot fits into this niche. Thus, Rule 26 afforded no justification for the wholesale exclusion of his testimony.

*Id.* at 113-14 (1st Cir. 2003) (emphasis added, internal citations omitted). Thus, if anything, Gomez stands for the proposition that an employee expert must provide an expert report to the extent a party intends to offer expert opinion testimony under Federal Rule of Evidence 702.

---

[2] Even with this exception, at least one of the courts stated that a report would be necessary to the extent the physician's testimony would go beyond the facts disclosed during his care and treatment of the patient. *Lewis v. Triborough Bridge and Tunnel Auth.*, No. 97-0607, 2001 U.S. Dist. LEXIS 64, at *3 (S.D.N.Y. Jan 9, 2001) (Exhibit U).

[3] Of course, a treating physician will typically have prepared a report concerning the examination or treatment of a patient, and the scope of his or her testimony could be easily anticipated by an adversary. In addition, the subject matter of opinion testimony offered under this exception to Rule 26(a)(2)(B) is frequently causation, an issue a treating physician frequently considers when diagnosing and prognosticating recovery from an injury. *See, e.g., Salas v. United States*, 165 F.R.D. 31, 33 (W.D.N.Y. 1995) ("As a general rule, a treating physician considers not just the plaintiff's diagnosis and prognosis, but also the cause of the plaintiff's injuries. In this case, there is no indication that these treating physicians reviewed any medical records other than those involved in their care and treatment of the patient. Plaintiff is not asking these doctors to comment upon or review the opinions of other doctors. Each of these physicians in fact treated the plaintiff in the area of their specialty. Accordingly, questioning these physicians as to whether the injuries for which they treated the plaintiff can be causally related to the accident would appear to be within the scope of the patient's care and treatment.") (one of the cases relied upon by the court in *Bank of China*).

Unlike the witness in *Gomez*, Hasbro has expressly stated that it intends to offer the testimony of Messrs. Hirtle and Gray under Rule 702. As previously discussed, the proper inquiry is not whether the witness is an expert or fact witness, but whether the witness will be offering expert testimony. *Storage Tech.*, 2006 U.S. Dist. LEXIS 43690, at *116. Every case cited by the parties that specifically addresses the issue has required employee experts to provide Rule 26(a)(2)(B) reports. Hasbro has failed to provide a single case to the contrary. Moreover, Hasbro's contention that Messrs. Hirtle and Gray have not been "specially employed" to provide expert testimony is directly at odds with the *Day* decision and its lengthy progeny. Hasbro failed to provide an expert report as required by Rule 26(a)(2)(B) and the Court should exclude the expert testimony of Messrs. Hirtle and Gray.

**3. Hasbro's Attempts to Blame Bowling for Hasbro's Refusal to Satisfy Its Discovery Obligations is Misplaced.**

As an aside, Hasbro attempts to place the blame on Bowling for Bowling's ignorance of the subject matter of Mr. Hirtle's and Mr. Gray's expert testimony. (*See* Court Docket No. 59 at 7-8.) Hasbro contends Bowling should have taken the depositions of its experts, or served expert interrogatories as a substitute for expert reports. Hasbro ignores the main purpose of an expert report: to enable an adversary to prepare for cross-examination at such a deposition. *See Minn. Mining & Mfg.*, 177 F.R.D. at 459 (rejecting 3M's argument that the defendant should be required to take depositions of 3M's employee experts in lieu of expert reports). Moreover, the Rules expressly state that a deposition of an expert for which a report is required "***shall not be conducted*** until after under the report is provided." Fed. R. Civ. P. 26(b)(4)(A) (emphasis added). Likewise, Hasbro's contention that Bowling could have asked expert interrogatories also contravenes the very reason why expert reports were required in the first instance. *See* Rule 26, Advisory Committee's Notes, 1993 Amendments ("The information disclosed under the former

rule in answering interrogatories about the 'substance' of expert testimony was frequently so sketchy and vague that it rarely dispensed of the need to depose the expert and often was even of little help in preparing for the deposition of the witness). Rule 26 was enacted to prevent a litigant from facing the very blind inquiry Hasbro contends Bowling should have been forced to endure here.

### B. HASBRO MUST PRODUCE ALL INFORMATION READ OR REVIEWED BY ITS EXPERTS PRIOR TO THE FORMULATION OF THEIR OPINIONS

Hasbro must produce all documents reviewed by its experts prior to the formulation of their expert opinions related to this case.

Whenever an "expert has read or reviewed [] privileged materials before or in connection with [the] formulating his or her opinion, the expert will be deemed to have 'considered' those materials for purposes of Rule 26(a)(2)(B)." *Johnson v. Gmeinder*, 191 F.R.D. 638, 649 (D. Kan. 2000) (mandating production of privileged documents because they had been disclosed to a testifying expert even though the expert expressly testified that he did not "consider" them in formulating his expert opinion); *see also Monstanto Co. v. Aventis Cropscience*, 214 F.R.D. 545 (E.D. Mo. 2002). It is vital for an adversary to have access to all information considered by an expert because it enables the adversary to determine the extent to which his opinion may have been influenced by counsel. *Johnson,* 191 F.R.D. at 646. For this reason, an expert is deemed to have "considered" materials for Rule 26(a)(2)(B) purposes "even if he testifies under oath that he didn't actually consider the disputed materials in forming his opinion." *Monsanto*, 214 F.R.D. at 547.

In *Monsanto*, the defendant was offering the expert testimony of a former member of its board of directors. The defendant stated that the report contained results that were

communicated to the witness only in his capacity as a director, and that the report was never again disclosed, mentioned, or considered by the witness when he prepared his expert report, which report he prepared after his service on the board of directors had ended. *Id.* at 548. Because the witness had reviewed the document "before" formulating his opinion, the report related to the subject matter of his proposed expert testimony, and there was at least an ambiguity as to whether the report informed his opinion, the court required the defendants to produce the otherwise privileged document. *Id.*

As if the refusal to identify the subject matter and bases of its expert's opinions was not enough, Hasbro has also refused to provide documents its experts reviewed prior to formulating their apparent expert opinions. Indeed, Hasbro's experts reviewed numerous documents contained on Hasbro's privilege log before formulating their opinions. These documents concern issues such as infringement of Bowling's patent and Hasbro's decision to stop using the dice accused of infringement in its game. Although Bowling has been left ignorant of the exact subject matter of Messrs. Hirtle's and Gray's testimony, documents such as these would relate to virtually any expert opinions these witnesses could offer concerning Bowling's claim for patent infringement.

Since Messrs. Hirtle and Gray reviewed these document prior to formulating their expert opinions, and the documents seemingly relate to their expected expert testimony, Messrs. Hirtle and Gray have "considered" these documents and others for purposes of Rule 26(a)(2)(B). Hasbro has failed to cite any authority to the contrary. Bowling should not be forced to helplessly wait for the surprise attack of Hasbro's experts; rather, the Court must order Hasbro to produce all documents relating to the anticipated expert testimony of Messrs. Hirtle and Gray that either of the witnesses reviewed prior to formulating their expert opinions.

**C. HASBRO WAIVED ITS OBJECTIONS WHEN IT UNILATERALLY REFUSED TO PROVIDE RESPONSES TO BOWLING'S DOCUMENT REQUESTS BY THE PRESCRIBED DEADLINE**

Hasbro not only failed, but refused, to raise any objections to Bowling's documents requests in a timely manner. Lacking any explanation for its failure to provide timely objections, Hasbro has waived its objections and must produce all responsive documents.

Hasbro contends that the failure to object to document requests within 30 days, as required by Rule 34, does not result in waiver of all objections. Unsurprisingly, Hasbro does not cite one case to support this proposition. That is because the case law holds quite the contrary. *See, e.g., Eldaghar v. City of New York Dep't of Citywide Admin. Serv.*, No. 02-9151, 2003 U.S. Dist. LEXIS 19247, * 2 (S.D.N.Y. Oct. 20, 2003) (ruling that the defendants waived their objections to the plaintiff's document requests by, without justification, failing to raise objections in a timely manner) (Exhibit V.); *Bove v. The Allied Group*, No. 03-588, 2004 U.S. Dist. LEXIS 21940, at * 2-3 (W.D.N.Y. Oct. 28, 2004) (stating that the rules concerning waiver for failing to timely raise objections applies equally to document requests under Rule 34 as they do to interrogatories under Rule 33) (Exhibit W.). "Any other result would ignore the time limits set forth in the Federal Rules of Civil Procedure, contribute further to the delay in resolving cases and effectively transform Article V of the Federal Rules of Civil Procedure from a structure of well-defined rights and obligations to a system of suggested, but non-binding, guidelines." *Eldaghar*, 2003 U.S. Dist. LEXIS 19247, at * 2.

Bowling served its first set of document requests on September 16, 2005. (Court Docket No. 59 at 4-5.) Pursuant to Rule 34(b), Hasbro's responses were due October 20, 2005, but Hasbro failed to respond or request an extension by the deadline. Bowling reminded Hasbro of its need to satisfy its outstanding discovery obligations a few days later. (*See* Ex. J to Court

Docket No. 53.) During a meet and confer (initiated by Bowling) to address Hasbro's complete failure to respond by this deadline, Hasbro demonstrated a callous disregard for the Rules and unilaterally informed Bowling that Bowling would not receive responses for another couple weeks. (*See* Exs. L, M to Court Docket No. 53.) When Hasbro did finally respond, more than 5 weeks after its responses were due, Hasbro raised boilerplate, unsupported objections even though all objections had already been waived. (*Id.* at 5.)

Continuing along this path of disregard, Hasbro did not provide Bowling with a privilege log until February 8, 2006. (*See* Ex. F to Court Docket No. 53.) The descriptions set forth in the privilege log contained numerous deficiencies. In fact, Bowling was not even able to determine some of the authors and recipients of the documents Hasbro claimed as privileged. Therefore, on March 3, 2006, Bowling wrote Hasbro requesting an amended privilege log to provide adequate descriptions. (*See* Exhibits G and H to Court Docket No. 53.) Hasbro refused to provide such adequate descriptions in its privilege log. It was not until one month following Bowling's initial complaint that Hasbro produced an Amended Privilege Log. (Exhibit X.) Unfortunately, Hasbro's Amended Privilege Log did not address many of Bowling's issues with the privilege assertions made by Hasbro. (Exhibit Y at pg. 2 and Exhibit Z at pg. 2.)

Rather than provide the Court with an explanation for its callous disregard for its discovery obligations, Hasbro once again tries to place the blame on Bowling. As a result, Hasbro has not provided any reason to excuse its failure to raise its objections in a timely manner. Nor has Hasbro provided any authority to suggest that its obfuscatory discovery conduct should go unaddressed by the Court. To the contrary, the case law is clear that the failure to timely raise objections in response to Rule 34 document requests results in a waiver of

all such objections, including privilege. Accordingly, the Court should overrule Hasbro's untimely objections and order Hasbro to produce all of the withheld documents.

## III. CONCLUSION

Bowling respectfully requests that this Court preclude Messrs. Gray and Hirtle from providing expert testimony. In the alternative, Bowling respectfully requests that the Court require Hasbro to provide expert reports detailing the opinions to be given by Messrs. Gray and Hirtle at trial and the basis therefore. In addition, Bowling requests that this Court compel Hasbro to produce all responsive documents to Bowling's First Set of Document Requests, including those considered by Hasbro's designated experts and those listed on Hasbro's privilege log.

Date: July 28, 2006

Michael Bowling,

By His Attorneys,

Craig M. Scott

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

Douglas J. Williams, MN (*pro hac vice*)
Thomas J. Leach, MN (*pro hac vice*)
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Phone: 612.332.5300
Fax: 612.332.9081

**CERTIFICATION**

TO:

Todd D. White, Esq.
Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

David K. S. Cornwell, Esq.
Tracey-Gene G. Durkin, Esq.
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue N.W.
Washington, DC 20005

I hereby certify that I caused a true copy of the within *Bowling's Reply Memorandum in Support of His Motion to Exclude Expert Testimony or Alternatively, to Compel Reports and Documents Reviewed and Considered* to be forwarded via First Class Mail hand delivered to the above named counsel of record on the 28th day of July 2006.