# EXHIBIT K

LEXSEE 2006 US DIST. LEXIS 22310

**THADDEUS TAYLOR, pro se, v. CORRECTIONAL OFFICER WOODS, et al.**

**C.A. No. 05–501 S**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

***2006 U.S. Dist. LEXIS 22310***

**April 11, 2006, Decided**

**SUBSEQUENT HISTORY:** Reconsideration granted by *Taylor v. Woods, 2006 U.S. Dist. LEXIS 30908 (D.R.I., May 2, 2006)*

**PRIOR HISTORY:** *Taylor v. Woods, 2006 U.S. Dist. LEXIS 40304 (D.R.I., Mar. 6, 2006)*

**COUNSEL:** [*1] For Thaddeus Taylor, Plaintiff, Pro se, Bridgeport, CT.

For Correctional Officer Woods, Correctional Officer Oliver, Lt. William Galligan, Lt. Doyle, Captain Arnold Anderson, Deputy Warden Donna Collins, Warden James Weeden, Aaron Aldrich, Director Ashbel T. Wall, Patricia A. Coyne–Fague, Kathleen Kelly, Assistant Director Jake Gadsden, C.O. Pierce, RI Dept. Corrections, C.O. Blain, C.O. Calise, Defendants: Thomas A. Palombo, Attorney General's Office, Providence, RI.

**JUDGES:** Jacob Hagopian, Senior United States Magistrate Judge.

**OPINIONBY:** Jacob Hagopian

**OPINION:**

**MEMORANDUM AND ORDER**

Jacob Hagopian, Senior United States Magistrate Judge

This matter is before the court on motion of the defendants for a more definite statement pursuant to *Rule 12(e) of the Federal Rules of Civil Procedure.* Plaintiff has opposed the motion. For the reasons set forth below, defendants' motion is **DENIED.**

**Background**

Plaintiff Thaddeus Taylor is a Connecticut inmate, recently incarcerated at the Rhode Island Department of Corrections ("RIDOC"). Plaintiff filed the instant *pro se* complaint pursuant to *42 U.S.C. § 1983* and *42 U.S.C. § 2000bb–1*. [*2] n1 The complaint names as defendants the RIDOC and seventeen of its officials or employees. In addition, plaintiff also names are four employees of the Connecticut Department of Corrections. Plaintiff alleges violations of the *First*, *Fourth*, *Fifth*, *Sixth*, *Eighth* and *Fourteenth Amendments*. Plaintiff seeks injunctive relief, declaratory relief, and compensatory and punitive damages.

n1 Plaintiff has made similar claims pursuant to *42 U.S.C. Section 1983*. See *Taylor v. Connecticut Department of Corrections, 2005 U.S. Dist. LEXIS 23760, C.A. No. 05–118 T (D.R.I. September 21, 2005)*. Plaintiff has also filed numerous petitions for a writ of habeas corpus. See *Taylor v. Collins, 2005 U.S. Dist. LEXIS 23138, C.A. 05–265S (D.R.I. August 25, 2005)*; *Taylor v. Collins, 2005 U.S. Dist. LEXIS 19810, C.A. No. 05–278S (D.R.L August 15, 2005)*; Taylor v. Wall, C.A. No. 05–406 S (D.R.I. March 29, 2006); Taylor v. Doyle, C.A. No. 05–407 S (D.R.I. March 31, 2006).

In the instant motion, defendants contend that plaintiff failed to allege specific acts by individual defendants, [*3] denying them adequate notice of the claims against them. Defendants further assert that they cannot determine the substance of two of the latter pages of the complaint because it is not legible. Plaintiff has opposed the motion.

**Discussion**

*Rule 12(e) of the Federal Rules of Civil Procedure* provides:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and

> the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just

*Fed.R.Civ.P. 12(e)*.

*Rule (8)(a) of the Federal Rules of Civil Procedur*e requires only that a plaintiff make a "short and plain statement of the claim showing that the pleader is entitled to relief." *Fed.R.Civ.P. 8(a)*. Because a complaint is a precursor to discovery, it need not state all [*4] the possible facts at issue. *Arruda v. Sears, Roebuck & Co., 273 B.R. 332 (D.R.I. 2002)*. A plaintiff, however, cannot rely solely on "subjective characterizations or conclusory descriptions." *Id. at 340*. Only if a pleading is so vague and fails to meet the notice pleading standards of *Rule 8(a)* would the proper recourse be a motion for more definite statement. Id.

A defendant is entitled to a more definite statement when the complaint as framed denies the defendant the ability to properly respond. If the complaint fairly gives notice of the claim or claims asserted therein, a motion for definite statement must be denied. *Oresman v. G.D. Searle & Co., 321 F.Supp 449, 458 (D.R.I. 1971)*, citing *Schaedler v. Reading Eagle Publications, Inc., 370 F.2d 795 (3rd Cir. 1967)*. Where the pleading is drafted in a manner that allows defendant to "understand the nature and extent of the charges against him and to enable him to prepare generally for trial, if he wishes to secure more detailed information as to how the pleading party intends to prove his allegations he should not be permitted to utilize the motion for a more definite [*5] statement ... but should be compelled to look to the procedures for discovery under the (federal) rules, which provide for obtaining such details." *Buck v. Keenan, 1 F.R.D. 558, 559 (D.R.I. 1941)*, citing Hughes Federal Practice, Vol. 17, § 20400, p. 464.

Here, defendants asserts that they can not determine the claims against specific named defendants or decipher the final two pages of plaintiff's complaint. However, in the "Fact(s)" section of the complaint, plaintiff identifies each claim against each defendant. The eleven numbered paragraphs in the "Fact(s)" section provide enough detail to place each defendant on notice as to the claims against him or her. And although the hand-written complaint submitted by the *pro se* plaintiff is challenging to read, it is not indecipherable. The notice-pleading requirements of *Rule 8(a)* have been met by the plaintiff.

**Conclusion**

Accordingly, defendants' motion for a more definite statement is **DENIED.**

Jacob Hagopian
Senior United States Magistrate Judge
April 11, 2006