# EXHIBIT L

LEXSEE 2006 US DIST. LEXIS 30981

**AVID IDENTIFICATION SYS., INC. Vs. PHILIPS ELECTRONICS N. AMERICA CORP., ET AL.**

**CIVIL ACTION NO. 2:04–CV–183**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, MARSHALL DIVISION**

***2006 U.S. Dist. LEXIS 30981***

**May 17, 2006, Decided**
**May 18, 2006, Filed**

**PRIOR HISTORY:** *Avid Identification Sys. v. Philips Elecs. N. Am. Corp., 2006 U.S. Dist. LEXIS 35477 (E.D. Tex., Feb. 3, 2006)*

**COUNSEL:** [*1] For Avid Identifications Systems, Plaintiff: Thomas Bernard Walsh, IV, Fish & Richardson PC, Dallas, TX; Andrew D Skale, Brian Wacter, Edward Alexander Eaton–Salners, Gregory M Krakau, John W Thornburgh, Juanita R Brooks, Michael A Amon, Raymond R Castello, Roger A Denning, Shekhar Vyas, Fish & Richardson — San Diego, San Diego, CA; Jack Wesley Hill, Otis W Carroll, Jr, Ireland Carroll & Kelley, Tyler, TX; John V Picone, Fish & Richardson — Redwood City, Redwood City, CA; Martin C. Robson, III, McKool Smith, P.C., Dallas, TX.

For Phillips Electronics North America Corp, Defendant: Carl R Roth, Michael Charles Smith, The Roth Law Firm, P.C., Marshall, Tx; Brian J McNamara, George Christopher Beck, W Keith Robinson, Foley & Lardner — Washington, Washington, DC.

For Koninklijke Phillips Electronics NV, Defendant: George Christopher Beck, Carl R Roth, Foley & Lardner — Washington, Washington, DC.

For The Crystal Import Corp, Medical Management International Inc, Datamars Inc, Defendants: Alfred Fabricant, Ostrolenk Faber Gerb & Soffen, New York, NY; Brian D Siff, Bryan N DeMatteo, Cindy Yang, Dawn Rudenko, Dickstein Shapiro Mom & Oshinsky — New York, New York, NY; Gary [*2] Scott Kitchen, McKool Smith — Dallas, Dallas, TX; Lawrence C Drucker, Martin Pfeffer, Ostrolenk Faber Gerb & Soffen, New York, NY; Martin C. Robson, III, McKool Smith, P.C., Dallas, TX; Samuel Franklin Baxter, Attorney at Law, Marshall, TX.

For Datamars SA, Defendant: Alfred Fabricant, Ostrolenk Faber Gerb & Soffen, New York, NY; Brian D Siff, Dawn Rudenko, Dickstein Shapiro Mom & Oshinsky — New York, New York, NY; Kristi Jean Thomas, McKool Smith, Dallas, TX; Lawrence C Drucker, Martin Pfeffer, Ostrolenk Faber Gerb & Soffen, New York, NY; Samuel Franklin Baxter, Attorney at Law, Marshall, TX.

For Philips Semiconductors Inc., Defendant: Brett C Martin, Shaun Snader, Foley & Lardner — Washington, Washington, DC; Carl R Roth, Michael Charles Smith, The Roth Law Firm, P.C., Marshall, Tx; Lisa Sara Mankofsky, Foley & Lardner, Washington, DC; Ronald Coslick, Stephen M Lobbin, Foley & Lardner — Los Angeles, Los Angeles, CA.

For Philips Semiconductor Manufacturing Inc., Defendant: Brett C Martin, Shaun Snader, R Brian McCaslin, Foley & Lardner — Washington, Washington, DC; Carl R Roth, Michael Charles Smith, The Roth Law Firm, P.C., Marshall, Tx; Lisa Sara Mankofsky, Foley [*3] & Lardner, Washington, DC; Ronald Coslick, Shaun Snader, Stephen M Lobbin, Foley & Lardner — Los Angeles, Los Angeles, CA.

For Avid Identifications Systems, Counter Defendant: Jack Wesley Hill, Ireland Carroll & Kelley, Tyler, TX.

For Datamars SA, Counter Claimant: Lawrence C Drucker, Martin Pfeffer, Ostrolenk Faber Gerb & Soffen, New York, NY.

For Philips Semiconductors Inc., Philips Semiconductor Manufacturing Inc., Counter Claimants: Carl R Roth, The Roth Law Firm, P.C., Marshall, Tx; Lisa Sara Mankofsky, Foley & Lardner, Washington, DC.

**JUDGES:** T. JOHN WARD, UNITED STATES

DISTRICT JUDGE.

**OPINIONBY:** T. JOHN WARD

**OPINION:**

**MEMORANDUM OPINION AND ORDER**

**I. Introduction**

Before the Court is Defendants Philips Semiconductors, Inc. and Philips Semiconductor Manufacturing, Inc.'s (collectively "Philips") Motion for Summary Judgment Excluding Past Damages (# 190). Philips argues that the Plaintiff AVID Identification Systems, Inc. (hereinafter "AVID") has failed to prove substantial compliance with the marking requirement of *35 U.S.C. § 287(a)*. n1 As result of AVID's alleged lack of substantial compliance, Philips argues that AVID may not [*4] recover any damages for the time period before AVID filed the present lawsuit. After reviewing the parties' briefs and applicable case law, the Court DENIES Philips' Motion.

n1 *35 U.S.C. § 287(a)* states:

> Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent, or when, from the character of the article, this can not be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice. In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice.

[*5]

**II. Discussion**

In a patent infringement lawsuit, the patentee has the burden of pleading and proving at trial that it complied with the statutory requirements of *§ 287(a)*. *Maxwell v. J. Baker, Inc., 86 F.3d 1098, 1111 (Fed. Cir. 1996)*. "Summary judgment is proper where 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)*(quoting *Fed. R. Civ. P. 56(c)*). The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* "When the moving party has carried its burden under *Rule 56(c)*, its opponent must do more than simply show that there is some metaphysical [*6] doubt as to the material facts." *Matsushita Elec. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)*. Instead, "the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Id. at 587* (quoting *Fed. R. Civ. P. 56(e)*)(emphasis in original). "Where the record taken as a whole could not lead a rational trier of fact to find for the non–moving party, there is no 'genuine issue for trial.'" *Id.*

Philips offers several alleged examples of AVID's failure to comply with *§ 287(a)*. First, Philips argues that AVID failed to plead compliance with *§ 287(a)* in the four Complaints filed by AVID in the present case. However, AVID in every one of its Complaints made multiple allegations that Philips and the other Defendants "willfully and deliberately infringed" AVID's patents. See Complaint, PP 30, 36, 42; First Amended Complaint PP 30, 36, 42; Second Amended Complaint PP 33, 39, 45; Third Amended Complaint PP 33, 39, 45. The Federal Circuit has held a plaintiffs pleading that the "'infringements have been willful and with full knowledge of the . . . patents' was sufficient" [*7] to fulfill a plaintiff's duty to plead compliance with *287(a)*. *Sentry Prot. Prods., Inc. v. Eagle Mfg. Co., 400 F.3d 910, 918 (Fed. Cir. 2005)*(quoting *Dunlap v. Schofield, 152 U.S. 244, 249, 14 S. Ct. 576, 38 L. Ed. 426, 1894 Dec. Comm'r Pat. 224 (1894))*. Therefore, AVID has met its pleading obligation.

Philips next alleges that there is no evidence that AVID substantially complied with the marking requirement of *§ 287(a)*. However, AVID directs this Court's attention to several documents it claims are evidence of compli-

ance with *§ 287(a)*: (1) AVID's interrogatory response detailing the specific marking language used, along with representation that marking began shortly after issuance of the patents; n2 (2) the instruction manuals and packaging materials for both readers and transponders that evidence marking; n3 (3) the picture of AVID's 1994 reader marked with the language "AVID Holds *U.S. Patent Numbers 4,333,072 - 5,214,409 - 5,235,326 - 5,257,011 - 321,069 - 5,206,926* & 318,658. Other Patents Pending, U.S. and International;" n4 and (4) Peter Troesch's deposition testimony that AVID marks its products. n5

n2 Plaintiff's Supplemental Response to Defendants' First Set of Common Interrogatories, Response No. 22; Opposition to Defendants' Motion to Compel Responses to Interrogatories and Requests for Admission, p. 10.

[*8]

n3 Bates Nos. AVT105492, AVT105524, and AVT107065-AVT107072 in AVID's Appendix in Support of Plaintiff's Opposition to Defendants' Motions for Summary Judgment, Exhibit 1.

n4 Deposition of David Sauls, pp. 76:8-80:23 and Exh. 6; Declaration of Peter Troesch P 11.

n5 Deposition of Peter Troesch, Vol. 1, pp. 235:8-14.

Philips argues that AVID has failed to produce evidence of the exact number or percentage of products marked, as well as an exact date on which it began marking its patented products. In response, AVID directs the Court's attention to *Med. Sys., Inc. v. Med. Eng'g Corp., 6 F.3d 1523 (Fed. Cir. 1993). In Med. Sys.*, the Federal Circuit allowed the plaintiff to recover damages for patent infringement even though there did not appear to be evidence in the record of the exact day marking began or the percentage of marked goods versus unmarked goods shipped after the marking date. In fact, the only evidence of marking mentioned in the opinion was that marking did not begin until "about two months after issuance of the . . . patent." n6 *Id. at 1534.* [*9] Based upon *Med. Sys.*, this Court holds that the various documents submitted by AVID, along with declarations that AVID marked its products, are sufficient to create a genuine issue of material fact on the issue of compliance with *§ 287(a)*.

n6 The Federal Circuit based its factual findings on the district court opinion and the parties did not dispute the factual findings.

**III. Conclusion**

Based upon the evidence presented by AVID of the marking of its patented products and applicable case law, this Court DENIES Philips' Motion for Summary Judgment Excluding Past Damages (# 190).

SIGNED this 17th day of May, 2006.

T. JOHN WARD

UNITED STATES DISTRICT JUDGE