UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**MOTION TO STRIKE DECLARATION OF CLIVE JEZARD**

Pursuant to Fed. R. Evid. Rule 1002, Fed. R. Civ. P. Rules 37(a) and 56(e), and the applicable Scheduling Orders entered by this Court, Defendant/Plaintiff-in-Counterclaim Hasbro, Inc. ("Hasbro") respectfully moves that the Declaration of Clive Jezard be stricken. The grounds for this motion are set forth in the accompanying Memorandum of Law.

Respectfully submitted,

HASBRO, INC.
By its Attorneys,

/s/ Jeffrey K. Techentin_________
Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: August 7, 2006

Of Counsel:

David K. S. Cornwell, Esq.
Tracy-Gene G. Durkin, Esq.
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO STRIKE DECLARATION OF CLIVE JEZARD**

Pursuant to Fed. R. Evid. Rule 1002, Fed. R. Civ. P. Rules 37(a) and 56(e), and the applicable Scheduling Orders entered by this Court, Defendant/Plaintiff-in-Counterclaim Hasbro, Inc. ("Hasbro") respectfully submits this Memorandum of Law in support of its motion to strike the Declaration of Clive Jezard, which the Plaintiff/Defendant-in-Counterclaim Michael Bowling ("Bowling") filed in opposition to Hasbro's Motion for Partial Summary Judgment. As explained below, the document (1) constitutes an untimely and unfair identification of a new witness after the close of discovery, who seeks to offer both fact and expert testimony; and (2) is incompetent on its face, as it does not contain an original signature of the purported declarant. Both of these facts justify striking the declaration and refusing to consider its contents in the context of Hasbro's partial summary judgment motion.

## I. Factual Background

Fact discovery closed in this matter on April 20, 2006. Prior to that date, Bowling served his required Rule 26(a)(1) disclosures on Hasbro, including two amended versions thereof, which purported to identify "the name and, if known, the address and telephone number of each

individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information." *See* **Exhibit A** (Plaintiff Bowling's Second Amended Initial Disclosures Pursuant to Rule 26(a)). Bowling's Rule 26 disclosures never identified Clive Jezard as a witness. Bowling never provided Hasbro any other information that Mr. Jezard might be used as a witness in this matter, nor did he provide any information regarding his contact information or whereabouts. Hasbro never took discovery of Mr. Jezard.

Over three months after the close of discovery, Bowling filed a document entitled "Declaration of Clive Jezard" in connection with his opposition to Hasbro's Motion for Partial Summary Judgment. *See* **Exhibit B** ("Jezard Declaration"). Hasbro's motion seeks to limit Bowling's damages in this action based upon his utter failure to meet the requirements of the patent marking statute, 35 U.S.C. § 287(a). Bowling submitted the Jezard declaration, apparently, to attempt to excuse his failure to place patent markings on his patented products. *See*, *e.g.*, Memorandum of Law in Support of Plaintiff's Objection to Hasbro's Motion for Partial Summary Judgment on Marking (Docket No. 72) at 12 ("it would have been very difficult, if not impossible, to mark the dice because of their small size and the manufacturing process used.") (citing Jezard Declaration). The Jezard Declaration contains what is clearly a facsimile copy of the signature page:


I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed this 1st day of August 2006.

Clive Jezard

## II. Argument

### A. The Jezard Declaration Should Be Stricken Because The Identification of Jezard As A Witness Was Untimely.

Fed. R. Civ. P. Rule 26(a)(1)(A) requires parties to identify the identity of witnesses whom a party may call upon to support its claims or defenses, even without a discovery request. These disclosures must be made within 14 days of the parties' Rule 26(f) conference in order to allow the information to be considered during the discovery process. Rule 26(a)(1). Subsection (e)(1) of that same rule provides explicitly that such disclosures must be seasonably updated "if the party learns that in some material respect the information disclosed is incomplete or incorrect." Here, the Plaintiff purported to make such disclosures and to supplement them twice, and yet Clive Jezard was never identified as a witness.

This is not a case of Mr. Jezard merely providing "rebuttal" testimony such that he might not need to be disclosed as a witness. The Jezard Declaration was offered to explain away the Plaintiff's failure to mark his patented product, as opposed to its packaging. As the patent marking statute specifies,

> Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent, or **when, from the character of the article, this cannot be done**, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice.

35 U.S.C. § 287(a) (emphasis added). The marking statute is clear: in order to recover damages based upon constructive notice of the patent, patentees must mark the article itself, and may only

resort to alternative marking where some circumstance justifies not doing so.[1] The Plaintiff relies upon Mr. Jezard to show that the character of his dice precludes marking them with the patent number reference called for by the marking statute. This is an issue upon which the Plaintiff bears the burden of proof. *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996) ("As the patentee, Maxwell had the burden of pleading and proving at trial that she complied with the statutory requirements.").

Indeed, the character of Mr. Jezard's declaration makes the Plaintiff's nondisclosure even worse. Mr. Jezard's declaration contains what can only be described as expert opinions, which should be the subject of the heightened expert disclosure requirements embodied in Fed. R. Civ. P. Rule 26(a)(2). *See* **Exhibit B** at ¶¶ 5 ("It would be very difficult, if not impossible, to legibly place the patent number marking, "Pat # 5,938,197" on the Crystal Caste dice given the manufacturing process used to make the dice."), 8 ("using spark erosion to place small lettering [* * *] the mold tool would produce dice with patent-number lettering that is very shallow in depth. This shallow lettering would not withstand the post molding process."), 12 ("To place the patent number on the dice, the number would have to be laser etched or printed (silk screened) on the die after the barreling process."), 13 ("This additional manufacturing step would likely double the price of the die."), and 14 ("I have been manufacturing dice for 30 years and have never been asked to put a patent number on a die."). Pursuant to this Court's scheduling order, the Plaintiff was required to disclose any experts whom he intended to call and, for outside experts like Mr. Jezard, provide a report as required by Rule 26(a)(2)(B). The Plaintiff has not

[1] In their respective briefs on Hasbro's Motion for Partial Summary Judgment, Hasbro and the Plaintiff have offered a variety of caselaw interpreting the phrase "this cannot be done," but the particular outlines of what might or might not justify alternative marking is irrelevant here. The Plaintiff must show ***some*** justification for alternative marking and, as explained below, that is an issue on which he bears the burden of proof. Mr. Jezard's declaration is offered in primary support of the Plaintiff's apparent claim of damages based upon constructive notice. It is not rebuttal evidence.

done so with respect to Mr. Jezard.

The Plaintiff's failure to identify Mr. Jezard as a witness justifies preclusion. Of course, at this late date, Hasbro is utterly unable to take any meaningful discovery of Mr. Jezard or his purported factual testimony and expert opinions. Discovery is closed, and Mr. Jezard is apparently in the United Kingdom. Hasbro never had, and will never have, an opportunity to cross-examine Mr. Jezard on his testimony. The consideration of such evidence contravenes the Federal Rules of Evidence and is fundamentally unfair. *See* Fed. R. Evid. Rule 804(b)(1) (declaring that former testimony is not excluded by the hearsay rule where the "party against whom the testimony is now offered [* * *] had an opportunity and similar motive to develop the testimony, by direct, cross, or redirect examination"); *see also* Fed. R. Civ. P. Rule 32(a)(3) (excluding deposition testimony taken without adequate notice to opposing party and where party was unable, through reasonable diligence, to attend deposition). Here, Hasbro had no idea that the Plaintiff would be relying on Jezard to support his marking claim, nor could it have through the review of the Plaintiff's Rule 26(a) disclosures or its responses to interrogatories.[2]

The exclusion of matters required to be disclosed by Rule 26(a), but that are not disclosed, is "near automatic." *Wilson v. Bradlees of New England*, 250 F.3d 10, 20 (1st Cir. 2001). Rule 37(c)(1) states, in full:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of

---

[2] Mr. Jezard's name does appear on documents produced by the Plaintiff, but that fact alone (and it is the ***only*** form of "disclosure" that took place here) is inadequate to meet the requirements of Rule 26(a). The documents produced by the Plaintiff include the identity of dozens of potential witnesses. Hasbro is entitled to rely on the Plaintiff's own disclosures to know whom he intends to call to support his own claims.

> reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Here, there is no justification for the Plaintiff's failure to disclose Jezard as a witness. The Plaintiff claims to have known from the outset of this litigation that he sought damages based upon constructive notice of his patent (*see generally* Memorandum of Law in Support of Plaintiff's Objection to Hasbro's Motion for Partial Summary Judgment on Marking at 16-19). He knew that he hadn't actually marked his dice. *See id.* at 3-4. He knew, therefore, that he would have to prove that his dice were such that some alternative marking would be justified. And he also knew, presumably, that Jezard (apparently his supplier of dice, according to the Jezard Declaration) would be a witness with information relevant to that inquiry. The Plaintiff chose, however, not to disclose Jezard as a witness in time for Hasbro to assess his testimony critically or cross-examine his purported statements. The Plaintiff's non-disclosure has been of substantial prejudice to Hasbro and, accordingly, the Declaration should be stricken.

**B. The Jezard Declaration Should Be Stricken Because It Does Not Contain An Original Signature of The Purported Declarant.**

This Court expressly requires that affidavits offered in support of motions or objections be filed with "original signatures." *See* Administrative Order No. 2006-01 at 5 (noting documents that must be filed in a "Scanned PDF format using ECF" to include affidavits "with original signatures."). The facsimile signature, purportedly of the declarant Mr. Jezard, is not an "original signature." The document is therefore *per se* inadequate for use as evidence in support of the Plaintiff's objection to Hasbro's motion for partial summary judgment and should be stricken. Requiring that affidavits – or, as here, an unsworn declaration – bear original signatures in order to be considered as evidence is routine and appropriate. *See, e.g.*, *Ermer v. Taylor County*, 2006 WL 118765, at *2 (W.D. Wis. Jan. 13, 2006); *Microstrategy v. Business*

*Objects, S.A.*, 369 F. Supp. 2d 725, 731 (E.D. Va. 2005); *Griffin v. EFW, Inc.*, 2004 WL 906393, at *2 (N.D. Tex. Mar. 4, 2004). The facsimile signature appearing on the Jezard Declaration stands as an independent basis for striking that paper.

## III. Conclusion

For the foregoing reasons, Hasbro, Inc. respectfully requests that the Declaration of Clive Jezard be stricken.

## Rule 37 Certification

Counsel for Hasbro hereby certifies that it has made a good faith attempt to resolve the within discovery dispute without the need for court intervention.

HASBRO, INC.
By its Attorneys,

/s/ Jeffrey K. Techentin__________
Todd D. White (# 5943)
twhite@apslaw.com
Jeffrey K. Techentin (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: August 7, 2006

Of Counsel:

David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

**CERTIFICATE OF SERVICE**

TO:

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

David K. S. Cornwell, Esq.
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

I hereby certify that I filed the within Motion to Strike Declaration of Clive Jezard and Memorandum of Law in Support of Motion to Strike Declaration of Clive Jezard through the ECF system on the 7th day of August, 2006, and that notice will be sent electronically to the above-named counsel who are registered participants identified on the Mailing Information for Case No. 05-229S. I further certify that I caused to be served the within Motion to Strike Declaration of Clive Jezard and Memorandum of Law in Support of Motion to Strike Declaration of Clive Jezard on the following counsel on the 7th day of August, 2006, by first class mail, postage prepaid:

Thomas J. Leach, Esq.
Douglas J. Williams, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

/s/ Jeffrey K. Techentin__________

*389602_1*