UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MICHAEL BOWLING          :
                         :
v.                       :     C.A. No. 05-229S
                         :
HASBRO, INC.             :

**MEMORANDUM AND ORDER**

Before this Court for determination (28 U.S.C. § 636(b)(1)(A) and LR Cv 72(a)) is Plaintiff's Motion to Preclude Expert Testimony or, alternatively to Compel Reports and Documents Considered. (Document No. 53). Defendant ("Hasbro") has objected. (Document No. 59). Neither party has requested oral argument and/or an evidentiary hearing (LR Cv 7(e)), and this Court concludes that none is necessary. For the reasons discussed below, Plaintiff's Motion (Document No. 53) is DENIED.

**Discussion**

Plaintiff seeks to preclude expert testimony from two Hasbro employees because Hasbro did not produce written expert reports in accordance with Fed. R. Civ. P. 26(a)(2)(B). The two employees, Michael Gray and Michael Hirtle, have been disclosed by Hasbro as both fact and expert witnesses. They both work for Hasbro Games Division – Mr. Gray as Senior Director, New Product Acquisition and Mr. Hirtle as Vice President of R&D, Inventor Relations and Product Acquisition. Both have been deposed in this case – Mr. Gray as a fact witness and Mr. Hirtle as a Fed. R. Civ. P. 30(b)(6) designee.

This issue is governed by Fed. R. Civ. P. 26(a)(2)(B) which requires the disclosure of written expert reports from any expert witness "retained or specifically employed to provide expert

testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony...." There is a split of authority on the interpretation of this procedural rule.

One line of cases relied upon by Plaintiff ignores the plain language of Rule 26(a)(2)(B) and refuses, for policy reasons, to recognize an exemption to the report requirement for certain employee-experts. See McCulloch v. Hartford Life and Accidental Ins. Co., 223 F.R.D. 26, 28 (D. Conn. 2004)[1] (court held that "the interests in this case weigh[ed] in favor of requiring expert reports" from employees); KW Plastics v. U.S. Can Co., 199 F.R.D. 687, 688 (M.D. Ala. 2000) ("[T]he court finds that the Federal Rules of Civil Procedure require disclosures from every [expert] witness...regardless of whether the expert is an employee of the defendant corporation); and Minnesota Mining & Mfg. Co. v. Signtech USA, Ltd., 177 F.R.D. 459 (D. Minn. 1998). The other line of cases relied upon by Hasbro strictly construes the text of Fed. R. Civ. P. 26(a)(2)(B) and finds a written report exemption for employee-expert witnesses who are not "specially employed" to provide expert testimony and do not "regularly" testify as experts. See Adams v. Gateway, Inc., No. 2101 CV 106TS; 2006 WL 644848 (D. Utah March 10, 2006) ("The plain language of the rule facilitates a party's use of an employee for expert witness testimony without the burden of a formal report."); Duluth Lighthouse for the Blind v. C.G. Bretting Mfg. Co., 199 F.R.D. 320 (D. Minn. 2000) (same); and Navajo Nation v. Norris, 189 F.R.D. 610, 613 (E.D. Wash. 1999) ("Those who drafted FRCP 26(a)(2)(B) could simply have required reports for all employee-experts if that is what they had intended.").

---

[1] It is questionable whether McCulloch remains good law in the Second Circuit. Magistrate Judge Fitzsimmons issued her opinion in McCulloch on January 23, 2004 – less than one month later on February 17, 2004, the Second Circuit strictly interpreted Rule 26(a)(2)(B) and held that no expert report is required "[w]here the witness is not specially retained or employed to give expert testimony, or does not regularly give expert testimony in his or her capacity as an employee...." Bank of China v. NBM LLC, 359 F.3d 171, 182 n.13 (2nd Cir. 2004).

This Court has thoroughly reviewed both lines of cases and finds the cases relied upon by Hasbro to be more persuasive. "All of the[ ] cases [relied upon by Plaintiff] have unnecessarily stretched to find a reason that the Rule requires a report for an employee expert witness who is not specially employed and does not regularly testify, when the Rule clearly says otherwise." Adams, 2006 WL 644848 at *3. "If the drafters had intended [Rule 26(a)(2)(B)] to impose a report obligation on all employee-experts, they could have and would have done so." Navajo Nation, 189 F.R.D. at 613. While a Rule requiring full disclosure by report for all experts may be desirable from a policy standpoint, the plain language of the Rule provides otherwise. See Adams, 2006 WL 644848 at *3 ("policy should only be used to construe a rule, not to contravene its language"); and Duluth Lighthouse, 199 F.R.D. at 325 ("we are not empowered to modify the plain language of the Federal Rules so as to secure a result that we think is correct"). Parties should have the certainty that the Court will construe the Federal Rules as written and not have to guess as to which line of conflicting authority the Court might follow in construing an unambiguous procedural rule. Here, Hasbro has identified Mr. Gray and Mr. Hirtle as both fact and expert witnesses, and there is no indication that either was "retained or specially employed" to provide expert testimony, or that they "regularly" do so as part of their job duties. Thus, Hasbro was not required to provide formal expert reports under Rule 26(a)(2)(B) for Mr. Gray or Mr. Hirtle, and Plaintiff's Motion to Preclude Expert Testimony, or alternatively, to Compel the Production of Expert Reports is DENIED.

Plaintiff also tangentially requests an Order compelling Hasbro to produce all responsive documents to his First Set of Document Requests, including those considered by Hasbro's designated experts and those listed on Hasbro's privilege log. This Court concludes that such broad and extraordinary relief is not warranted under the circumstances and the request is DENIED. First,

Hasbro represents in its opposition that "it has produced <u>every document</u> reviewed or relied upon by Messrs. Hirtle and Gray in connection with their expert testimony" and "recognizes its continuing obligation to supplement its document production should the witnesses review anything else in connection with the preparation of that testimony." Hasbro's Mem. in Opp. at p. 9 (emphasis in original). Second, the Document Requests were served and responded to by Hasbro nearly seven months prior to the instant Motion being filed. If Plaintiff had a substantive issue with Hasbro's discovery responses last Fall, he should have moved to compel (after conferring as required by Fed. R. Civ. P. 37(a)(2)(B)) in a timely fashion. In fact, Judge Smith's Pretrial Order provides that no motions shall be filed more than ten days after the close of discovery without leave of Court in order to discourage eleventh-hour motion practice. There is no indication that Plaintiff obtained leave of court to file this Motion and, in any event, this Court concludes that Plaintiff has waived this argument by not pursuing it in a timely fashion. Finally, Plaintiff has shown no prejudice to him by the timing of Hasbro's document production in 2005.

## Conclusion

For the foregoing reasons, Plaintiff's Motion to Preclude/Compel (Document No. 53) is DENIED in its entirety.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
August 10, 2006