IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING,<br>a Resident of Arizona,<br><br>Plaintiff,<br><br>v.<br><br>HASBRO, INC.,<br>a Rhode Island Corporation,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 05-229S |

**PLAINTIFF'S OBJECTION TO HASBRO'S MOTION TO**
**STRIKE DECLARATION OF CLIVE JEZARD**

Plaintiff Michael Bowling ("Bowling") hereby objects to Hasbro, Inc.'s Motion to Strike Declaration of Clive Jezard. As grounds for this Objection, Bowling relies on the Memorandum of Law and exhibits filed herewith.

Date: August 24, 2006

Michael Bowling,
By His Attorneys,

/s/ Thomas J. Leach

Douglas J. Williams, MN (*pro hac vice*)
Thomas J. Leach, MN (*pro hac vice*)
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 332-5300
(612) 332-9081 (Facsimile)
tleach@merchantgould.com

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING,<br>a Resident of Arizona,<br><br>Plaintiff,<br><br>v.<br><br>HASBRO, INC.,<br>a Rhode Island Corporation,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 05-229S |

**BOWLING'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO HASBRO'S MOTION TO STRIKE DECLARATION OF CLIVE JEZARD**

## I. INTRODUCTION

Plaintiff Michael Bowling ("Bowling") files this memorandum in opposition to Defendant Hasbro, Inc.'s ("Hasbro") Motion to Strike Declaration of Clive Jezard. Hasbro bases its entire motion on one fatal premise, that the testimony of Mr. Jezard was necessary for Bowling to demonstrate it satisfied the marking provisions of 35 U.S.C. § 287. This is simply not true. Only after Hasbro challenged Bowling's marking efforts *after the close of fact discovery* did Bowling submit Mr. Jezard's declaration stating that the dice could not be marked. Indeed, before Hasbro filed their motion for summary judgment on the issue of marking and challenged Bowling's alternative marking method, Bowling did not, nor had any reason to, inquire with Mr. Jezard about the feasibility of marking Bowling's dice. Accordingly, Bowling satisfied its discovery obligations and, as further discussed below, the Court should deny Hasbro's motion and consider the declaration of Clive Jezard in determining whether there are any genuine issues of fact that a jury must decide on the issue of marking.

## II. ARGUMENT

### A. Bowling Was Not Required to Disclose Mr. Jezard Under Rule 26(a)(1) Since His Testimony is Being Offered Only to Rebut Hasbro's Challenge of Bowling's Marking Efforts.

While Bowling faces an initial burden of demonstrating its compliance with the provisions set forth in 35 U.S.C. § 287, Bowling satisfied this burden of production through testimony provided by the inventor, Michael Bowling. Fed. R. Civ. P. 26(a)(1)(A) requires litigants to disclose of individuals "likely to have discoverable information *that the disclosing party may use to support its claims or defenses*, unless solely for impeachment . . ." (emphasis added). In other words, under a plain reading of the Rule it is clear that a litigant need not disclose witnesses it ends up using solely to rebut its adversaries claims or defenses. *Employers Mut. Cas. Co. v. Collins & Aikman Floor Co.*, No. 4:02-30467, 2004 U.S. Dist. LEXIS 7196, at *9-10 (S.D. Iowa Feb. 19, 2004) (accepting testimony from undisclosed witness on issue that did not become relevant until summary judgment stage). The reason is simple, a litigant cannot foresee every argument its opponent will make at trial and it would be impossible for a litigant to identify every witness that might possess information relevant to such arguments. *See Matthews v. Commonwealth Edison Co.*, No. 93-4140, 1995 U.S. Dist. LEXIS 3860, at *7 (N.D. Ill. Mar. 24, 1995) (noting that "[r]ebuttal witnesses are oftentimes not known until after the trial is commenced because the need to call such a witness may not arise until the opposing party introduces an argument in issue or a fact during the course of the trial which must now, unexpectedly, be rebutted").

Even if a party fails to satisfy its obligations under Rule 26, exclusion of the undisclosed witness is not mandatory. *Vigilant Ins. v. East Greenwich Oil Co., Inc.*, 234 F.R.D. 20, 24

(D.R.I. 2006) ("Thus, even if the failure to disclose was not harmless or not substantially justified, exclusion of undisclosed witnesses is not mandatory").

**1. Bowling's testimony alone was more than adequate to demonstrate that Bowling satisfied the marking provisions of 35 U.S.C. § 287.**

Mr. Bowling has always maintained he satisfied the marking provisions of 35 U.S.C. § 287. During his deposition Mr. Bowling informed Hasbro that it was impossible to mark the dice with the patent number, so he marked the packaging to inform customers that the dice were protected by a patent.

> Q. With respect to these dice that you were selling between August of '98 and August of '99, did you mark them as being patent pending?
>
> A. Yeah. The manner in which we sold them was in a tub. The tub had a placard behind it, and the placard was our first advertisement, and we would sell them -- you know, we would give them the tub, placard, and then a baggy of dice inside of it.
>
> Q. Were all of your dice sold in this tub?
>
> A. Yeah, we sold them in the tub.
>
> Q. Do you recall the exact words on the label on the tub?
>
> A. I think it said -- I think it was a two-color label. It was meant to be a two-color label, because the first thing said choking hazard, not for a certain -- for young children. And then we had the patent number across the bottom of it. The dice were too -- it wasn't practical to etch the dice with a patent number. They're too small. It's impossible.
>
> * * *
>
> Q. You instructed your customers to use the bucket?
>
> A. Yeah.
>
> Q. Why?

> A. Because it had to have the -- we couldn't mark the individual dice, so we had to have something showing the patent number.

(Deposition Transcript of Michael Bowling ("Bowling Depo.") at pp. 163-164 and 173, attached hereto as Exhibit A.)

Mr. Bowling did not stop there, however, Mr. Bowling also marked the packaging by including a patent-number sticker in all bags of dice that were sold. (*Id.* at 208.) Mr. Bowling even went so far as personally contacting all of his retail and distributor customers by phone and instructed them to mark their bins with the patent-number sticker. (*Id.* at 209-210.) Mr. Bowling confirmed these instructions through written correspondence to ensure that his retail and distributing customers used the patent number stickers on whatever container they used to display or sell the dice. (*Id.* at 205-208; *See* also Exhibits C and D to Docket No. 72.)

As indicated by the abundance of case law Bowling cited in its memorandum in opposition to Hasbro's motion for partial summary judgment on this issue, these efforts were more than adequate to satisfy the provisions of 35 U.S.C. § 287, provisions that are enforced by a "rule of reason." (*See* Docket No. 72 at 9-16.) These cases make it clear that there are numerous situations where a patentee may rely upon means of informing the public that a product is patented other than by marking the patent number on the product itself, such as by labeling the packaging of the product with the patent number. *See, e.g., Sessions v. Romadka*, 145 U.S. 29, 50 (1892) ("It is not altogether clear that the stamp could not have been made upon the smaller sizes [of trunk catches], but, in a doubtful case, something must be left to the judgment of the patentee, who . . . affix[ed] a label to the packages in which the fasteners were shipped and sold."); *Metrologic Instruments., Inc. v. PSC, Inc.*, No. 99-4876, 2004 U.S. Dist. LEXIS 24949,

at *57 (D.N.J. Dec. 13, 2004) (marking the packaging is sufficient even though it is physically possible to place the patent number on the article).

**2. Mr. Jezard's testimony was provided only to rebut Hasbro's contention that it was unacceptable for Bowling to mark the product with alternative means.**

Nonetheless, in its summary judgment motion Hasbro attacked Mr. Bowling's marking efforts on the basis that it was improper for Mr. Bowling to rely upon alternative means of marking the packaging. (*See* Docket No. 62 at 8-9.) As previously discussed, the law is clear that marking the packaging satisfies the marking statute. Thus, not until Hasbro filed its summary judgment raising the issue for the first time did Bowling have any reason to address the infeasibility of etching the patent number into the dice. Bowling is entitled to rebut Hasbro's belatedly raised allegations that the dice could have and should have been marked. Simply put, Bowling had no reason to believe Mr. Jezard would have any relevant testimony until it investigated the facts upon receiving Hasbro's motion for summary judgment in order to rebut the arguments set forth therein. *See Matthews*, 1995 U.S. Dist. LEXIS 3860 at *7 (noting that "[r]ebuttal witnesses are oftentimes not known until after the trial is commenced because the need to call such a witness may not arise until the opposing party introduces an argument in issue or a fact during the course of the trial which must now, unexpectedly, be rebutted").

**3. Bowling did disclose Mr. Jezard, Hasbro has not suffered any prejudice, and the fact that Mr. Jezard was not listed in Bowling's initial disclosures was substantially justified.**

As Hasbro admits, Bowling did disclose Mr. Jezard in its document production. (*See* Docket No. 75-1 at 5.) Moreover, in responding to Hasbro's Interrogatory No. 18, Bowling, relying upon Fed. R. Civ. P. 33(d), indicated he would be producing responsive information in his document production. (Exhibit B.) Thus, Mr. Jezard was disclosed and identified to Hasbro during fact discovery, and Hasbro chose not to take discovery from Mr. Jezard. Hasbro cannot

avoid taking discovery, raise a new issue (the feasibility of marking the dice), and preclude Bowling from responding.

Moreover, Hasbro has been well aware throughout this lawsuit that Mr. Bowling believed he satisfied his marking obligations through this litigation, yet Hasbro never informed Bowling that his reliance on alternative marking means was improper. As previously discussed, Mr. Bowling was deposed last January and testified that it would have been impossible to mark the dice with the patent number so he used placards and stickers with the patent number to notify the purchasing public that the dice were covered by a patent. (*See* Exhibit A at 163-164, 173, 208-210 ("we couldn't mark the individual dice.")) But even before that, Mr. Bowling indicated he believed he had complied with the marking provision in his answer to Hasbro's Interrogatory Number 18. (Exhibit B.) This information was once again confirmed in Bowling's response to Interrogatory No. 21 on February 23, 2006. (Exhibit C.) Despite having received this information, Hasbro failed to provide Bowling with any indication it believed Bowling's marking efforts were improper because Bowling did not mark the patent number directly on the dice. In fact, Hasbro even filed its summary judgment motion on the issue of marking after the Court's established deadline for dispositive motions. Hasbro cannot claim unfair surprise on this point, especially when Hasbro has become aware of this information so long before trial.

In addition, even if the rules did require disclosure of Mr. Jezard, Hasbro has failed to demonstrate any prejudice it has suffered as a result of the fact he was not identified in Bowling's initial disclosures. The testimony of Mr. Jezard cited in Bowling's opposition to Hasbro's summary judgment motion merely corroborates a fact about which Mr. Bowling testified during fact discovery, that marking the dice with the patent number would not be possible. This testimony only pertains to one minor issue: whether or not it was proper for

Bowling to rely upon alternative means of marking the dice rather than marking the dice themselves. When considered in the context of the entire case, and the fact that this issue has arisen by virtue of Hasbro's attempt to limit its damages exposure, any inadvertent failure to disclose Mr. Jezard would have been substantially justified. *See Employers Mut. Cas. Co.*, 2004 U.S. Dist. LEXIS 7196, at * 10 (considering the limited point for which the undisclosed witness would be providing testimony in refusing to strike the witnesses' testimony).

More importantly, however, Hasbro conveniently ignores the fact that Bowling said it would cooperate with Hasbro in securing the deposition of Mr. Jezard. (Exhibit D.) Bowling offered to help secure the deposition of Mr. Jezard before Hasbro's summary judgment reply brief was due, yet Hasbro never even bothered to respond to Bowling's offer. Bowling also offered to let Hasbro take a short deposition of Mr. Jezard before trial if Mr. Jezard agrees to testify at trial. Hasbro's failure to pursue this offer demonstrates Hasbro has not been prejudiced in any way. Hasbro asks the Court to preclude Bowling from rebutting issues raised by Hasbro only after the close of fact discovery. The Court should prevent Hasbro from gaining such a windfall. Indeed, courts have recognized that exclusion under Rule 37 is improper when the failure to disclose a witness has not resulted in any prejudice to the defendant.

Although irrelevant to the pending motion, Hasbro suggests that Mr. Jezard's declaration contains expert testimony. This is not true. Mr. Jezard makes factual statements about his personal knowledge by virtue of the extensive experience he has gained while working in a manufacturing plant and manufacturing Mr. Bowling's dice. At most, this is lay opinion testimony. *See, e.g., U.S. v. Maher*, 454 F.3d 13, at *29 (1st Cir. 2006) ("Rule 701, on the other hand, is meant to admit testimony based upon the lay expertise a witness personally acquires through experience, often on the job").

Thus, Hasbro did not violate Rule 26(a)(1)(A), and even if it had that violation would have been both substantially justified and harmless. For all of these reasons, the Court should deny Hasbro's motion to strike the affidavit of Mr. Jezard.

**B. The Jezard Declaration Was Properly Filed With The Court.**

In a last ditch effort to entice the Court to strike Mr. Jezard's declaration, Hasbro contends that Bowling improperly filed the declaration with the Court. This argument is based upon an improper reading of the Administrative Procedures for Electronic Case Filing for the United States District Court for the District of Rhode Island (the "Administrative Order"). Section 4 of the Administrative Order sets forth "Special Filing Requirements and Exceptions" and lists various types of documents that cannot be filed electronically but must be filed conventionally. The rule also indicates that affidavits "must be filed in Scanned PDF format using ECF and may not be filed in an Electronically Converted PDF format." (*Id.*) The rule further provides that the scanned affidavits must include an original signature. (*Id.*)

There are two ways to create a PDF document. The first, traditional way of creating a PDF file is by using a scanner to scan a hard-copy document to create a digital image of the hard-copy document. In the second method, however, no hard copies of the document are required. Rather, using software, files are electronically converted from a word processing file, such as a Microsoft Word ".doc" file, to an Adobe Acrobat ".pdf" file. The software converts the file directly; you do not have to print off a hard-copy and scan it using a scanner device. When this electronic conversion method is used, the signatory uses an electronic signature, i.e. "s/Clive Jezard," because there is never a hard copy document to sign in handwriting. The electronic conversion method is the preferred method for most court filings because the

electronically converted PDF files take up less memory than scanned PDF files, and attorneys are assigned pin numbers that guarantee they are responsible for the filing of the document.

According to the rule cited by Hasbro, this electronic conversion method cannot be used with affidavits. Rather, the PDF must be created by physically scanning a hard-copy document. Moreover, it appears that the reference in the rule to an "original signature" is simply meant to clarify that the document should be signed with a handwritten signature and not with an electronic signature (s/__________________).

This is exactly what Bowling did with the Jezard Declaration, and Bowling did not violate this rule. Mr. Jezard signed the declaration, scanned it, and emailed it to counsel for Bowling. Bowling used this very same PDF file for electronic filing with the court. All the rule requires is that the document contain a handwritten signature not an electronic signature and Bowling satisfied this requirement. For this reason as well, the Court should deny Hasbro's motion to strike the Jezard Declaration.

## III. CONCLUSION

The testimony of Mr. Jezard was not necessary for Bowling to satisfy its burden of production on the issue of patent marking under 35 U.S.C. § 287. Only after fact discovery had long since ended and Hasbro challenged Bowling's marking efforts in its motion for partial summary judgment arguing that the dice themselves had to be marked with the patent number, did Bowling use the testimony of Mr. Jezard to rebut Hasbro's contention. Regardless, Bowling disclosed the identity of Mr. Jezard when it produced documents and relied upon Fed. R. Civ. P. 33(d) in responding to Interrogatory No. 18 from Hasbro. Bowling has provided substantial justification for the fact that its initial disclosures did not include Mr. Jezard and Hasbro has failed to demonstrate any prejudice it has suffered as a result of the absence of his name from the

initial disclosures. For all of these reasons, the Court should deny Hasbro's motion and consider the declaration of Clive Jezard in determining whether there are any genuine issues of fact that a jury must decide on the issue of marking.

Date: August 24, 2006

Michael Bowling,
By His Attorneys,

/s/ Thomas J. Leach________________

Douglas J. Williams, MN (*pro hac vice*)
Thomas J. Leach, MN (*pro hac vice*)
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 332-5300
(612) 332-9081 (Facsimile)
tleach@merchantgould.com

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

# **CERTIFICATE OF SERVICE**

TO:

Todd D. White, Esq.
Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

David K. S. Cornwell, Esq.
Tracey-Gene G. Durkin, Esq.
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue N.W.
Washington, DC 20005

I hereby certify that the within *Plaintiff's Objection to Hasbro's Motion to Strike Declaration of Clive Jezard and Memorandum of Law with exhibits* were filed through the ECF system on the 24th day of August, 2006, and will be sent electronically to the above-named counsel who are registered participants identified on the Notice of Electronic Filing for Case No. 05-229S.

/s/ Thomas J. Leach__________