# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING,<br>a Resident of Arizona,<br><br>Plaintiff,<br><br>v.<br><br>HASBRO, INC.,<br>a Rhode Island Corporation,<br><br>Defendant. | : | C.A. No. 05-229S |

**PLAINTIFF'S ANSWERS TO**
**<u>HASBRO, INC.'S SECOND SET OF INTERROGATORIES</u>**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff, Michael Bowling ("Plaintiff" or "Bowling"), responds to Hasbro, Inc.'s ("Defendant" or "Hasbro") Second Set of Interrogatories. Discovery in this case is still ongoing, and Plaintiff reserves the right to supplement or amend his responses.

## <u>GENERAL OBJECTIONS</u>

1. Plaintiff objects to each interrogatory to the extent that they purport, through definitions or otherwise, to impose unduly burdensome requirements on the Plaintiff, and which exceed the scope of reasonable and permissible discovery under the Federal Rules of Civil Procedure.

2. Plaintiff objects to each request to the extent that they ask for information that is protected by the attorney-client privilege, the work-product doctrine or any other privilege recognized by law. Such information will not be provided in response to these interrogatories, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege regarding

such information.

3. Plaintiff objects to Defendant's interrogatories to the extent that they are unduly burdensome, ask for information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, or to the extent that they seek information equally available from sources accessible by Defendant.

4. Plaintiff objects to each request to the extent that they seek identification or production of "all," "each," or "any" persons, documents or things to the interrogatory or request on the grounds that such interrogatory or request is overly broad and unduly burdensome, and requests information that is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

5. Plaintiff objects to all interrogatories requesting information which "concern," "refer to," "relate to," "indicate" or "suggest" a fact or general subject matter, in that such an interrogatory is vague, overbroad, unduly burdensome, seeks information protected by the attorney-client privilege or the work-product doctrine, requests information not relevant to a claim or defense, or is not reasonably calculated to lead to the discovery of admissible evidence.

6. Plaintiff objects to each interrogatory to the extent that they seek information that is publicly available.

7. Regarding interrogatories to which Plaintiff has objected to as being vague or overbroad, Plaintiff, without waiving its objections, will produce such information that it believes is responsive to each such request as reasonably construed to be relevant to the present litigation.

8. Plaintiff objects to Defendant's interrogatories to the extent that they seek information in the possession, custody or control of Defendant.

9. These General Objections are referred to herein as "General Objections" and are incorporated by reference into each of Plaintiff's specific objections and responses as set forth below. The following answers are made subject to and in reliance on the General Objections.

10. Plaintiff's investigation and discovery is ongoing, thus, Plaintiff reserves the right to supplement, amend or correct these responses at the appropriate time to the extent additional facts become known.

## ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 20:

State in detail all damages claimed by you in this action, and as to any category of such damages, state the computation by which you have calculated your claimed damages, identifying all documents on which such computation is based.

### ANSWER

Plaintiff objects to this interrogatory to the extent it seeks information protected by the attorney client privilege or the attorney work product doctrine. Plaintiff objects to this interrogatory as premature because the information requested is the subject of expert testimony and expert reports, which are due on February 23, 2006, under the Court's scheduling order or amendments thereto. Subject to these and the General Objections, Plaintiff will provide its claimed damages on February 23, 2006.

### INTERROGATORY NO. 21:

State whether you have sold any article manufactured under the '197 patent since August 17, 1999, that did not bear a marking in accordance with the provisions of 35 U.S.C. § 287, and if so, for each sale, state the date of the sale; the name and address of the purchaser; the number of units sold; and the reason that the units were not marked.

**ANSWER**

Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or the attorney-work-product doctrine. Plaintiff objects to this request as overly broad and unduly burdensome because it is not limited to the appropriate period. Specifically, Mr. Bowling put Hasbro on notice of its literal infringement through its November 3, 1999 letter to Hasbro. Bowling further objects to this request as overly broad and unduly burdensome in that it asks for information regarding sales not at issue in this lawsuit. Subject to these and the General Objections, Plaintiff states that from August 17, 1999, through November 3, 1999, all dice were properly marked under 35 U.S.C. § 287. Specifically, the patented dice were sold loose in bags of 50 pieces. Each bag included a sticker bearing the '197 patent number and instructions to place it on any display in which the patented dice were sold. The bags were also provided plastic tubs, which were used to sell the patented dice, which were marked with the patent number.

**INTERROGATORY NO. 22:**

State the current or last known contact information, including work address, work telephone number, home address, and home telephone number for Al Lizarraga, Larry Kull, Tulley Straub, Tim Weaver, Robert Brubaker, Chris Everbach, Dave Blont, Marianne Nelson, and Blaine Ribkey.

**ANSWER**

Subject to the General Objections, Plaintiff answers as follows:

Al Lizarraga – No information known

Larry Kull – Phone 520-221-0778, address not known.

Tulley Straub – Phone 520-733-1941, address not known.

Tim Weaver – Phone 520-256-2942, 208 W. Laguna, Tucson Arizona 85705, Commercial Printers (work) address unknown.

Rob Brubaker – 520-586-2213 x638, address not known.

Chris Everbach – No information known

Dave Blont – No information known

Marianne Nelson – 520-440-2108, 6750 N. Gambel Quail Tr., Marana Arizona 85653.

Blaine Ribkey – 520-616-7150, address not known.

As to Objections
Michael Bowling,
By his attorneys,

Craig M. Scott/kwtt

Craig M. Scott, Esq. (R.I. Bar #4237)
Christine K. Bush, Esq. (R.I. Bar #5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

**Of Counsel:**
Douglas J. Williams, MN # 117353
Thomas J. Leach, MN # 311844
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 332-5300
(612) 332-9081-Fax
Dated: February 23, 2006

**Verification**

Michael Bowling, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury that the foregoing answers are accurate to the best of his present knowledge and information.

Dated: 2-21-06

By: [signature]
MICHAEL BOWLING

ATTN: KRISTIN DRIEMAN
612-336-4703
332 9081

**CERTIFICATION**

TO:

Todd D. White, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

I hereby certify that I caused a true copy of the within *Response to Second Set of Interrogatories* to be to be transmitted by First Class Mail to the above named counsel of record on the 23 day of February, 2006.