UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING,<br>a Resident of Arizona,<br><br>Plaintiff,<br><br>v.<br><br>HASBRO, INC.,<br>a Rhode Island Corporation,<br><br>Defendant. | : | C.A. No. 05-229S |

**PLAINTIFF'S ANSWERS TO**
**HASBRO, INC.'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff, Michael Bowling ("Plaintiff" or "Bowling"), responds to Hasbro, Inc.'s ("Defendant" or "Hasbro") First Set of Interrogatories. Discovery in this case is still ongoing, and Plaintiff reserves the right to supplement or amend his responses.

**GENERAL OBJECTIONS**

1. Plaintiff objects to Defendant's interrogatories to the extent that the responses require the production of Plaintiff's confidential and proprietary business information. Plaintiff will produce the materials it has agreed to produce only after entry of a suitable Protective Order, and such materials will be produced subject to that Protective Order.

2. Plaintiff objects to each interrogatory to the extent that they purport, through definitions or otherwise, to impose unduly burdensome requirements on the Plaintiff, and which exceed the scope of reasonable and permissible discovery under the Federal Rules of Civil Procedure.

3. Plaintiff objects to each request to the extent that they ask for information that is protected by the attorney-client privilege, the work-product doctrine or any other privilege recognized by law. Such information will not be provided in response to these interrogatories, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege regarding such information.

4. Plaintiff objects to Defendant's interrogatories to the extent that they are unduly burdensome, ask for information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, or to the extent that they seek information equally available from sources accessible by Defendant.

5. Plaintiff objects to each request to the extent that they seek identification or production of "all," "each," or "any" persons, documents or things to the interrogatory or request on the grounds that such interrogatory or request is overly broad and unduly burdensome, and requests information that is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

6. Plaintiff objects to all interrogatories requesting information which "concern," "refer to," "relate to," "indicate" or "suggest" a fact or general subject matter, in that such an interrogatory is vague, overbroad, unduly burdensome, seeks information protected by the attorney-client privilege or the work-product doctrine, requests information not relevant to a claim or defense, or is not reasonably calculated to lead to the discovery of admissible evidence.

7. Plaintiff objects to each interrogatory to the extent that they seek information that is publicly available.

8. Regarding interrogatories to which Plaintiff has objected to as being vague or overbroad, Plaintiff, without waiving its objections, will produce such information that it

believes is responsive to each such request as reasonably construed to be relevant to the present litigation.

9. Plaintiff objects to Defendant's interrogatories to the extent that they seek information in the possession, custody or control of Defendant.

10. These General Objections are referred to herein as "General Objections" and are incorporated by reference into each of Plaintiff's specific objections and responses as set forth below. The following answers are made subject to and in reliance on the General Objections.

11. Plaintiff's investigation and discovery is ongoing, thus, Plaintiff reserves the right to supplement, amend or correct these responses at the appropriate time to the extent additional facts become known.

## ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 1

Identify (a) the person or persons involved in the creation and development of the die (under the '197 patent); (b) specifically where, when, and how the die was first created and developed; (c) all persons who witnessed and/or can corroborate the creation and development of the die; and (d) identify all documents relating to the creation and development of the die.

### ANSWER

Plaintiff objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine. Plaintiff objects to this request as overly broad and unduly burdensome because it asks for "all" persons "involved" in the creation and development of the subject die. Plaintiff further objects to this request as vague as to the term "involved." Subject to these and the General Objections, and to the extent "involved" is

**ANSWER**

Subject to the General Objections, Plaintiff or Crystal Caste has no direct business relationship with eM-4. Crystal Caste is a customer of Dice & Games, Ltd., which sold eM-4 products to Crystal Caste.

**INTERROGATORY NO. 15**

If at any time, Bowling or anyone on his behalf informed anyone at eM-4 that the miniatures in the Elfsera Set 6 Miniatures had similar features or characteristics of any of the Dungeons and Dragons monsters, characters or miniatures, please explain what was discussed, when it was discussed and with whom it was discussed.

**ANSWER**

Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or the work product doctrine. Subject to this and the General Objections, neither Plaintiff nor anyone on his behalf have had discussions with eM-4 Miniatures regarding any similarity between Elfsera Set 6 Miniatures or any of the Dungeons and Dragons monsters, characters or miniatures.

**INTERROGATORY NO. 16**

Identify all persons who are likely to have personal knowledge of any fact alleged in the complaint, or your Answer to Hasbro's counterclaim, indicating by each such person whether they have been contacted, interviewed, or interrogated on your behalf and the facts and circumstances to which each such person has relevant knowledge.

**ANSWER**

Plaintiff objects to this interrogatory as overbroad and unduly burdensome to the extent that it asks Plaintiff to identify "all persons" likely to have personal knowledge of "any facts" alleged in the Complaint or Answer to Hasbro's Counterclaims. Plaintiff further objects to this interrogatory to the extent it call for information protected by the attorney-client privilege or the work-product doctrine. Subject to these and the General Objections, Plaintiff, Michael Bowling, is likely to have personal knowledge of all relevant facts alleged in the Complaint and Answer to Hasbro's Counterclaims. K.G. Bowling, an employee of Crystal Caste, is likely to have information regarding the events at the 1998 and 1999 Gen Con trade shows. Mr. Al Lizarraga is likely to have information regarding the original drawings of the subject die. Mr. Lizarraga's contact information is unknown. As discovery is ongoing, Plaintiff will supplement this response according to the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 17**

Please identify the date, time and circumstances when Bowling first became aware of Dungeons & Dragons monsters or characters known as "Beholder" "Cockatrice" and "Mind Flager."

**ANSWER**

Subject to the General Objections, Plaintiff encountered a monster having a floating head with eyeballs on the ends of tentacles in place of hair while watching Big Trouble in Little China. Plaintiff later became aware of a monster named Beholder in the early 1990s while playing a Dungeons and Dragons game. The Beholder was one of many monsters, including, vampires, mummies, werewolves, etc. that were all encountered while playing the Dungeons and Dragons

**INTERROGATORY NO. 19**

State in detail Bowling's experience with Dungeons and Dragons, including without limitation whether he has played the game and, if so, during what time period(s) he played the game, and with whom he played the game.

**ANSWER**

Subject to the General Objections, Plaintiff was first introduced to Dungeons & Dragons in about 1988. Plaintiff played on and off in a group for the next 5 years. During that time there were players who came and went from the group. A few of the regular players were Mark Alexander, Robert Brubaker, Larry Kull, Marianne Nelson and Tulley Straub.

As to Objections
Michael Bowling,
By his attorneys,

Craig M. Scott, Esq. (R.I. Bar #4237)
Christine K. Bush, Esq. (R.I. Bar #5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

Douglas J. Williams, *pro hac vice*
Thomas J. Leach, *pro hac vice*
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 332-5300

Dated: October 20, 2005

**Verification**

Michael Bowling, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury that the foregoing answers are accurate to the best of his present knowledge and information.

Date: 10/19/05
Place: Tuscon, Arizona

By: [signature]
Michael Bowling

**CERTIFICATION**

TO:

Todd D. White, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

I hereby certify that I caused a true copy of the within *Response to First Set of Interrogatories* to be to be transmitted by First Class Mail to the above named counsel of record on the 20 day of October, 2005.

Theresa Benson

K:\CLIENTS/Bowling/Hasbro/Pleadings\Response to Hasbro's 1st Interrogatories.DOC

RECEIVED
ADLER POLLOCK & SHEEHAN, P.C.
[illegible] Plaza, 8th Floor
[illegible], RI 02903-1345

OCT 21 2005