UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MICHAEL BOWLING :
:
v. : C.A. No. 05-229S
:
HASBRO, INC. :

**MEMORANDUM AND ORDER**

Before this Court for determination (28 U.S.C. § 636(b)(1)(A) and LR Cv 72(a)) is Defendant's Motion to Strike Declaration of Clive Jezard. (Document No. 75). Plaintiff has objected. (Document No. 78). Mr. Jezard's company, Dice and Games, Ltd., manufactured the crystal die for Plaintiff which are the subject of this patent infringement claim. On August 2, 2006, Plaintiff submitted Mr. Jezard's Declaration (executed on August 1, 2006) in support of his Objection to Defendant's pending Motion for Partial Summary Judgment. See Document No. 71. Defendant contends that the Declaration should be stricken because it "constitutes an untimely and unfair identification of a new witness after the close of discovery, who seeks to offer both fact and expert testimony...." Def.'s Mem. in Supp. at p. 1. Neither party has requested oral argument and/or an evidentiary hearing (LR Cv 7(e)), and this Court concludes that none is necessary. For the reasons discussed below, Defendant's Motion (Document No. 75) is GRANTED.

**Discussion**

This dispute relates to the issue of patent marking under 35 U.S.C. § 287. Plaintiff alleges in his Complaint that Defendant infringed U.S. Patent No. 5,938,197 (the "197 Patent") which was issued on August 17, 1999. The subject of the 197 Patent is a certain "random number generator for game playing," i.e., the crystal die. Plaintiff alleges that Defendant had "actual knowledge" of

the 197 Patent "at least since Hasbro received notice from the plaintiff...." Compl., ¶ 14. Plaintiff's Complaint does not contain any specific allegations regarding the issue of marking. In its Answer, Defendant admits actual knowledge of the 197 Patent as of November 3, 1999 and denies any infringement. Ans., ¶¶ 13-15. Defendant also affirmatively plead that, "[p]ursuant to 35 USC § 287, Plaintiff's claims are barred or limited based on Plaintiff's failure to properly mark the product and/or packaging with the requisite patent designation." Ans., Fifth Affirmative Defense.

The marking statute, 35 U.S.C. § 287(a), provides that a patentee "may give [constructive] notice to the public" of a patent by either fixing the word "patent"or "pat.", together with the patent number, on the patented article, or "when, from the character of the article, this cannot be done, by fixing to it, or to [its packaging], a label containing a like notice." Failure to mark prohibits recovery of damages for infringement "except on proof that the infringer was notified of the infringement and continued to infringe thereafter," i.e., actual notice. 35 U.S.C. § 287(a). In such event, "damages are recoverable only for infringement occurring after the giving of [actual] notice." Erie Eng'r Prod., Inc. v. Wayne Integrated Tech., Corp., 402 F. Supp. 2d 424, 426 (E.D.N.Y. 2005). "[T]he party seeking to recover damages, [in this case, Plaintiff], bears the burden of proving compliance with the marking statute." Id. (citing Loral Fairchild Corp. v. Victor Co. of Japan, Ltd., 906 F. Supp. 813, 816 (E.D.N.Y. 1995)). "[O]nce marking has begun, it must be substantially consistent and continuous in order for the party to avail itself of the constructive notice provisions of the statute." Am. Med. Sys., Inc. v. Med. Eng'r Corp., 6 F.3d 1523, 1537 (Fed. Cir. 1993). Finally, the patentee has the burden of "pleading and proving" compliance with the marking statute. Maxwell v. J. Baker, Inc., 86 F.3d 1098, 1111 (Fed. Cir. 1996).

Thus, the issue of marking is present in every patent case where the patentee claims constructive notice as a result of either product or packaging marking. If packaging marking is alleged, the patentee must establish that, "from the character of the article, [product marking] cannot be done." 35 U.S.C. § 287(a). In his Objection to Defendant's Motion for Partial Summary Judgment, Plaintiff asserts that his "Complaint properly pled marking under the liberal notice pleading standard." See Document No. 72 at p. 8. Plaintiff does not contend that he marked the actual crystal die. See Plaintiff's Answer to Defendant's Interrogatories Nos. 18 and 21. Rather, relying on the Jezard Declaration in dispute, Plaintiff argues that "it would have been very difficult, if not impossible, to mark the dice because of their small size and the manufacturing process used." Id. at p. 12. On January 16, 2006, Plaintiff testified in his deposition that "we couldn't mark the individual dice, so we had to have something showing the patent number." Pl.'s Depo. at p. 173.

Mr. Jezard's identity is not new to Plaintiff. According to Mr. Jezard, his company, Dice and Games Ltd., has been manufacturing dice for Plaintiff's Company "from at least 1998 until the present." Jezard Decl., ¶ 3. The parties dispute whether Plaintiff is presenting Mr. Jezard as a lay or expert witness. Regardless of how his testimony is characterized, it is undisputed that Plaintiff never previously disclosed Mr. Jezard to Defendant as either a lay or expert witness. Plaintiff counters that Mr. Jezard was disclosed because his name appears on documents produced in response to Defendant's Request for Production of Documents. Plaintiff does not specifically identify these documents. However, such "needle in the haystack" disclosure is not sufficient to provide adequate notice or to comply with Fed. R. Civ. P. 26(a).

Furthermore, Plaintiff's contention that Mr. Jezard should be construed as a rebuttal witness is also unconvincing. As noted above, if Plaintiff is asserting constructive notice by marking, he

bears the burden of proof. The marking statute, by its terms, only allows for package marking, if "from the character of the article, [product marking] cannot be done...." 35 U.S.C. § 287(a). Thus, it should have been apparent to Plaintiff at the outset of this case that, if relying on constructive notice from marking, he would be required to prove that "from the character" of the die, direct product marking "cannot be done." Id. In fact, Plaintiff himself testified in January 2006 that "we couldn't mark the individual dice." Pl.'s Depo., p. 173. Mr. Jezard's Declaration is more akin to additional supporting evidence than evidence rebutting a new legal issue raised for the first time in an opponent's Rule 56 motion. Plaintiff's sole identification of Mr. Jezard (a citizen of the U.K.) as a witness came nearly fifteen months after this suit was initiated and well after the close of discovery. If Mr. Jezard's Declaration were to be allowed, fairness would dictate that discovery be reopened to allow for Mr. Jezard's deposition and related discovery, as well as the opportunity for Defendant to produce rebuttal evidence. Such additional discovery would further delay the resolution of this case and likely delay the hearing on dispositive motions scheduled for October 26, 2006 before Judge Smith.

Plaintiff argues that he had no reason to inquire with Mr. Jezard about the feasibility of marking the crystal die until Defendant filed its Rule 56 motion. Plaintiff's argument is not convincing. First, Defendant's Answer asserting "failure to properly mark the product and/or packaging" as an affirmative defense was filed on August 5, 2005. Second, Plaintiff testified early on in this case that the individual die could not be marked. Defendant could reasonably have concluded that Plaintiff was going to rely solely on his own testimony and the nature of the die as support for his position. Third, the marking statute, by its plain terms, only permits package marking when product marking, "from the character of the article," "cannot be done." 35 U.S.C.

§ 287(a). Thus, the feasibility of marking the crystal die was clearly an issue in this case from the outset.

Finally, Plaintiff's counsel, by letter dated August 8, 2006, argued to Defendant's counsel that "whether the dice are capable of being marked is not dispositive of the [marking] issue." See Ex. D to Pl.'s Mem. in Opp. (Document No. 78). If Plaintiff's counsel is correct, then Mr. Jezard's Declaration is not relevant. If he is incorrect, then the information contained therein was relevant from the outset of this case.

**Conclusion**

For the foregoing reasons, Defendant's Motion to Strike Declaration of Clive Jezard (Document No. 75) is GRANTED.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 21, 2006