UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**EMERGENCY MOTION FOR LEAVE TO FILE SUPPLEMENTAL MATERIALS IN REPLY TO PLAINTIFF'S OPPOSITION TO HASBRO'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Local Rule (Civil) 56, Defendant/Plaintiff-in-Counterclaim Hasbro, Inc. ("Hasbro") respectfully submits this Emergency Motion for Leave to File Supplemental Materials in reply to the Plaintiff's Opposition to Hasbro's Motion for Partial Summary Judgment. Hasbro seeks leave to file rebuttal evidence demonstrating Plaintiff Michael Bowling ("Bowling") failed to mark all or substantially all of his patented articles as required by the patent marking statute, 35 U.S.C. § 287 (a). Specifically, Hasbro seeks leave to file the sworn declaration of David Wheeler, who purchased and resold the Plaintiff's patented dice since September 1999. Contrary to the Plaintiff's contentions, Wheeler has never been asked by the Plaintiff to assist in marking the dice with patent information, has never agreed to take any actions to mark the dice and has never, in fact, done so. Wheeler's declaration has only been received by Hasbro since the submissions of Hasbro's original reply papers. The grounds for this motion are set forth in full in the accompanying Memorandum of Law.

Respectfully submitted,

HASBRO, INC.
By its Attorneys,

/s/ Jeffrey K. Techentin___________
Todd D. White (# 5943)
twhite@apslaw.com
Jeffrey K. Techentin (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: October 16, 2006

Of Counsel:

David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION FOR LEAVE TO FILE SUPPLEMENTAL MATERIALS IN REPLY TO PLAINTIFF'S OPPOSITION TO HASBRO'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Local Rule (Civil) 56, Defendant/Plaintiff-in-Counterclaim Hasbro, Inc. ("Hasbro") respectfully submits this Memorandum of Law in support of its Emergency Motion for Leave to File Supplemental Materials in Reply to Plaintiff's Opposition to Hasbro's Motion for Partial Summary Judgment. Hasbro seeks leave to file rebuttal evidence demonstrating that Plaintiff Michael Bowling ("Bowling") failed to mark all or substantially all of his patented articles as required by the patent marking statute, 35 U.S.C. § 287 (a). Whether Bowling marked all or substantially all of his patented articles is relevant because it establishes whether Hasbro had constructive notice of Bowling's patent prior to November 3, 1999, and, accordingly, whether Hasbro is liable to Bowling for patent infringement.

## I. Factual Background

On July 19, 2006, Hasbro filed a Motion for Partial Summary Judgment with respect to whether Bowling complied with the patent marking requirements of 35 U.S.C. § 287 (a). *See generally* Docket Entries Nos. 62-64. In its Motion for Partial Summary Judgment, Hasbro

established that Bowling failed to comply with the requirements of the patent marking statute and that Hasbro consequently did not have actual or constructive notice prior to November 3, 1999, that Bowling had patented his "crystal dice." *See id.* In its Motion, Hasbro demonstrated, in relevant part, that Bowling failed to mark all or substantially all of his patented crystal dice because Bowling did not put appropriate patent markings on this patented article or, alternatively, did not put a patent label on this article or in its package. *Id.* By demonstrating that Bowling failed to mark all or substantially all of his crystal dice with his patent number, Hasbro confirmed that Bowling did not satisfy the statutory marking requirements of the Patent Act, and that Hasbro is not liable to Bowling for patent infringement.

On August 2, 2006, Bowling filed various papers in opposition to Hasbro's Motion.[1] Bowling claimed that he satisfied the requirements of the patent marking statute because, among other arguments, he sent stickers with the patent number on them to his customers and distributors and instructed them to place the stickers on display bins in which the dice are displayed. *See, e.g.*, Docket Entry No. 72 at 3-4. Bowling claimed that he "instructed all of his distributor and retail customers to properly mark his dice with the patent number." *Id.* at 4. Bowling pointed to "formal letters" that he "sent […] to his distributor and retail customers including stickers bearing 'U.S. Patent #5,938,197' instructing them to affix the patent-number stickers to all containers, bags or tubs." *Id.* at 4-5.

On August 21, 2006, Hasbro filed a Reply Brief that demonstrated the fallacy of Bowling's contention that he provided stickers to all of his customers and distributors. *See generally* Docket Entry No. 77. One manner in which Hasbro demonstrated that the Plaintiff's marking scheme was obviously deficient was by pointing out that Bowling had never sent

[1] Because one of Bowling's August 2 submissions (Docket No. 73) was not filed correctly through the ECF system, Bowling re-filed it on August 3. The docket entries for the relevant opposition papers, reflecting the corrections to the docket, are Nos. 69-72 and 74.

stickers, "formal letters," or anything else having to do with the patent to any of his new customers after the patent issued. *See id.* at 9. Hasbro's evidence for that fact consisted of the absence of any record among the Plaintiff's documentation to show that he actually sent such materials to those new customers.

In preparation for filing Hasbro's Reply brief, Hasbro attempted to locate and speak with those customers to determine if, in fact, they had been provided a "formal letter" or had otherwise been asked to assist Bowling with the display of his patent number (as Bowling's testimony and briefs would suggest). Having spoken with those customers that Hasbro was able to locate, Hasbro sought sworn declarations to include with its reply materials in support of its Motion for Partial Summary Judgment.

During its search, Hasbro learned from the owner of Dragon's Lair Comics and Fantasy ("Dragon's Lair"), which operates three comic book and hobby stores in Texas, that Dragon's Lair has purchased numerous crystal dice from Bowling since 1999, but has never received direction from Bowling to mark the crystal dice with patent labels. *See* **Exhibit A** at ¶¶4-5. The owner of Dragon's Lair, David Wheeler ("Wheeler"), does not remember ever being informed that the crystal dice were patented articles, or being contacted by Bowling regarding labeling the crystal dice or its packaging or display bin with a patent sticker. *See* **Exhibit A** at ¶5. Additionally, because Wheeler never knew the crystal dice were patented articles, Wheeler never instructed the employees of Dragon's Lair to label the crystal dice with patent stickers. *See* **Exhibit A** at ¶5. Thus, Dragon's Lair sold numerous crystal dice since 1999 without giving any notice to its customers that these dice were patented.

Although Hasbro received this information from Dragon's Lair prior to filing its Reply Memorandum in support of its Motion for Partial Summary Judgment, the signed declaration

from Mr. Wheeler verifying these statements was not returned to Hasbro prior to the filing deadline for the Reply Memorandum and, in fact, was only executed by Mr. Wheeler on October 6, 2006. Therefore, Hasbro seeks leave to supplement the record with this recently-received declaration.

## II. Argument

Without restating Hasbro's arguments with respect to the legal standards applicable to its Motion for Partial Summary Judgment, it is apparent that the information contained in the sworn declaration of Mr. Wheeler is directly relevant to the issues pending before the Court. In order to satisfy the actual or constructive notice element of the Patent Act, Bowling bears the burden to prove that he marked all or substantially all of his crystal dice. Bowling relies on the fact that his customers and distributors assisted him in his efforts to ensure that the public was placed on notice of the patented nature of the dice he was selling. Wheeler's declaration directly rebuts the Plaintiff's claim that he gained cooperation from all of his customers and distributors. If Dragon's Lair was not aware that the crystal dice were patented articles and did nothing to display the patent information for the dice, no member of the public who purchased crystal dice from Dragon's Lair was placed on notice that Bowling had patented these dice.

Because this information is relevant and probative of the issues before the Court, leave should be granted. Moreover, the attendant delay between the deadline for filing Hasbro's reply papers and this motion are not the result of any dilatory action on the part of Hasbro; rather, Hasbro had to rely on the willingness of a remote witness to forward this declaration to counsel for submission. The witness has now done so, and the Court should consider his sworn statements in rebuttal to the Plaintiff's contentions.

## III. Conclusion

For the foregoing reasons, Hasbro respectfully requests leave to file the attached supplemental materials for its Reply Memorandum in support of Hasbro's Motion for Partial Summary Judgment.

Respectfully submitted,

HASBRO, INC.
By its Attorneys,

/s/ Jeffrey K. Techentin___________

Todd D. White (# 5943)
twhite@apslaw.com
Jeffrey K. Techentin (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: October 16, 2006

Of Counsel:

David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

**CERTIFICATE OF SERVICE**

TO:

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas J. Leach, Esq.
Douglas J. Williams, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

David K. S. Cornwell, Esq.
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

I hereby certify that I filed the within Emergency Motion for Leave to File Supplemental Materials in Reply to Plaintiff's Opposition to Hasbro's Motion for Partial Summary Judgment and the Memorandum of Law in support thereof through the ECF system on the 16th day of October, 2006, and that notice will be sent electronically to the above-named counsel who are registered participants identified on the Mailing Information for Case No. 05-229S.

/s/ Jeffrey K. Techentin__________

*396654_1*