UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**NOTICE BY HASBRO, INC. OF REQUEST FOR JUDICIAL NOTICE**

Defendant/Plaintiff-in-Counterclaim Hasbro, Inc. ("Hasbro") respectfully gives notice of its request for judicial notice, pursuant to Federal Rule of Evidence 201 and the inherent authority of the Court, of the following:

I. Five (5) United States patents issued by the United States Patent and Trademark Office to Michael A. Bowling ("Bowling"), specifically:

A. United States Patent No. 5,938,197(the "'197 Patent"), issued to Michael Bowling on August 17, 1999. **Exhibit A**.

B. United States Patent No. 6,123,332, issued to Michael Bowling on September 26, 2000. **Exhibit B**.

C. United States Patent No. D436,635 S, issued to Michael Bowling on January 23, 2001. **Exhibit C**.

D. United States Patent No. 6,318,720 B1 (the "'720 B1 Patent"), issued to Michael Bowling on November 20, 2001. **Exhibit D**.

E. United States Patent No. D455,462 S, issued to Michael Bowling on April 9, 2002. **Exhibit E**.

II. The prosecution history of the '197 Patent. **Exhibit F**.

III. Three (3) administrative regulations from different States governing the physical characteristics and specifications for dice to be used in certain gaming activities, specifically:

A. 68 IND. AD. CODE 14-3-3 ("Dice Specifications"). **Exhibit G.**

B. MO. CODE REGS. ANN. tit. 11 § 45-5.260 ("Dice Specifications"). **Exhibit H.**

C. N.J. ADM. CODE § 19:46-1.15 ("Dice; Physical Characteristics"). **Exhibit I.**

IV. Three (3) dictionary definitions from the Merriam-Webster Dictionary (1997 Merriam-Webster, Inc.), specifically:

A. "Equal" being defined as "of the same measure, quantity, value, quality, number, degree, or status as another." **Exhibit J.**

B. "Facet" being defined as "a small plane surface of a cut gem." **Exhibit K.**

C. "Identical" being defined as "being the same" or "essentially alike." **Exhibit L.**

V. Two (2) dictionary definitions from the Dictionary of Mathematics Terms, Second Ed. (Barron's Educational Series, Inc. 1995), specifically:

A. "Area" being defined as follows:

> The area of a two-dimensional figure measures how much of a plane it fills up. The area of a square of side $a$ is defined as $a^2$. The area of every other plane figure is defined so as to be consistent with this definition. The area postulate in geometry says that if two figures are congruent, they have the same area. Area is measured in square units, such as square meters or square miles.

**Exhibit M.**

B. "Surface Area" being defined as follows:

> The surface area of a solid is a measure of how much area the solid would have if you could somehow break it apart and flatten it out. For example, a cube with edge $a$ units long has six faces, each with area $a^2$. The surface area of the cube is the sum of the areas of these faces, or 6 $a^2$. The surface area of any polyhedron can be found by adding together the areas of all the faces. The surface

> areas of curved solids are harder to find, but they can often be found with calculus. Surface areas are important if you need to paint something. The amount of paint you need to completely paint an object depends on its surface area.

**Exhibit N.**

Because these facts are capable of being determined by an accurate and ready source, are relevant to the issues in this case and are not subject to reasonable dispute, Hasbro respectfully moves the Court to take judicial notice of these facts. The grounds for this Motion are set forth in full in the accompanying Memorandum of Law.

Respectfully submitted,

HASBRO, INC.
By its Attorneys,

/s/ Jeffrey K. Techentin
Todd D. White (# 5943)
twhite@apslaw.com
Jeffrey K. Techentin (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: October 19, 2006

Of Counsel:

David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**NOTICE BY HASBRO, INC. OF REQUEST FOR JUDICIAL NOTICE**

Defendant/Plaintiff-in-Counterclaim Hasbro, Inc. ("Hasbro") respectfully submits this Memorandum of Law in support of its Notice of Request for Judicial Notice. The following facts are appropriate for judicial notice because they are readily ascertainable from an available source and influence the central issues in this case. None is disputed.

## I. The Subject Facts of Hasbro's Request for Judicial Notice

Hasbro respectfully requests judicial notice of the following undisputed facts and accompanying exhibits:

A. Five (5) United States patents issued by the United States Patent and Trademark Office to Michael A. Bowling ("Bowling"), specifically:

1. United States Patent No. 5,938,197(the "′197 Patent"), issued to Michael Bowling ("Bowling") on August 17, 1999. **Exhibit A**.

2. United States Patent No. 6,123,332, issued to Michael Bowling on September 26, 2000. **Exhibit B**.

3. United States Patent No. D436,635 S, issued to Michael Bowling on

January 23, 2001. **Exhibit C**.

4. United States Patent No. 6,318,720 B1 (the "'720 B1 Patent"), issued to Michael Bowling on November 20, 2001. **Exhibit D**.

5. United States Patent No. D455,462 S, issued to Michael Bowling on April 9, 2002. **Exhibit E**.

B. The prosecution history of the '197 Patent. **Exhibit F**.

C. Three (3) administrative regulations from different States governing the physical characteristics and specifications for dice to be used in certain gaming activities, specifically:

1. 68 IND. AD. CODE 14-3-3 ("Dice Specifications"). **Exhibit G.**

2. MO. CODE REGS. ANN. tit. 11 § 45-5.260 ("Dice Specifications"). **Exhibit H.**

3. N.J. ADM. CODE § 19:46-1.15 ("Dice; Physical Characteristics"). **Exhibit I.**

D. Three (3) dictionary definitions from the Merriam-Webster Dictionary (1997 Merriam-Webster, Inc.), specifically:

1. "Equal" being defined as "of the same measure, quantity, value, quality, number, degree, or status as another." **Exhibit J.**

2. "Facet" being defined as "a small plane surface of a cut gem." **Exhibit K.**

3. "Identical" being defined as "being the same" or "essentially alike." **Exhibit L.**

E. Two (2) dictionary definitions from the Dictionary of Mathematics Terms, Second Ed. (Barron's Educational Series, Inc. 1995), specifically:

1. "Area" being defined as follows:

The area of a two-dimensional figure measures how much of a plane it fills up. The area of a square of side $a$ is defined as $a^2$. The area of every other plane figure is defined so as to be consistent with this definition. The area postulate in geometry says that if two figures are congruent, they have the same area. Area is measured in square units, such as square meters or square miles.

**Exhibit M.**

2. "Surface Area" being defined as follows:

The surface area of a solid is a measure of how much area the solid would have if you could somehow break it apart and flatten it out. For example, a cube with edge $a$ units long has six faces, each with area $a^2$. The surface area of the cube is the sum of the areas of these faces, or 6 $a^2$. The surface area of any polyhedron can be found by adding together the areas of all the faces. The surface areas of curved solids are harder to find, but they can often be found with calculus. Surface areas are important if you need to paint something. The amount of paint you need to completely paint an object depends on its surface area.

**Exhibit N.**

## II. Argument

The facts set forth in Section I are undisputed "adjudicative facts," which are appropriate for judicial notice pursuant to Rule 201 of the Federal Rules of Evidence. Fed. R. Ev. 201(a), *advisory committee's note*. Rule 201 permits a court may take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Each of those qualifications are easily met by the proffered facts: the patents themselves and the file history of the '197 Patent are public records from the United States Patent and Trademark Office. The Indiana, Missouri, and New Jersey regulations are likewise public documents not subject to any reasonable challenge to their contents. The Court may freely obtain and determine this information.

Adjudicative facts are generally considered to be facts about the parties or the events involved in the case that can be established without being entered into evidence through the traditional means. *See id.*; *Getty Petroleum Mktg., Inc. v. Capital Terminal Co.*, 391 F.3d 312, 321 (1st Cir. 2004). A court may notice an adjudicative fact when that fact is wholly undisputed by the parties and is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Ev. 201 (b)(2). Judicial notice may be taken under Rule 201 when an adjudicative fact is relevant to what occurred in a particular case or helpful in interpreting the circumstances or the applicable law. *See United States v. Bello*, 194 F.3d 18, 22-23 (1st Cir. 1999).

The primary issue in the present case involves patent infringement. There is no dispute among the parties that Bowling was issued to U.S. Patents presented here. (*See* **Exhibits A-E**). Moreover, the parties do not dispute that Exhibits A through E are the documents evincing and embodying these of Bowling's patents. Consequently, these facts are outside the area of reasonable controversy and, in the interests of judicial economy, do not need to be proven through the traditional evidentiary process and procedures. Accordingly, Hasbro respectfully moves this Court to notice the adjudicative facts stated in paragraphs A through E above, and the content of the corresponding Exhibits A through E.

Although only the facts of a case are considered "adjudicative facts" under the Federal Rules of Evidence, this does not preclude the Court from taking judicial notice of non-adjudicative facts. *See* Fed. R. Ev. 201, *advisory committee's note*. Rule 44 of the Federal Rules of Civil Procedure provides processes by which official records may be authenticated. *See* Fed. R. Civ. P., Rule 44. Although official records may be authenticated pursuant to Rule 44, this established procedure "does not prevent the proof of official records or of entry or lack of entry

therein by any other method authorized by law." Judicial notice is not a mechanism for providing "proof" of a particular fact, but it is a lawful method of accepting a particular fact as conclusive. *See Bello*, 194 F.3d at 25 (citing Fed. R. Ev. 201(g)).

One way to authenticate an official record of the United States Patent and Trademark Office under Rule 201 of the Federal Rules of Civil Procedure is to have a public officer of the Patent and Trademark Office certify that a prosecution history file is maintained for each U.S. patent issued by the Patent and Trademark Office, and that **Exhibit F** contains an accurate and complete prosecution history for the '197 Patent. In this case, however, these facts are not in dispute Additionally, the authenticity of the file contained in **Exhibit F** is readily ascertainable from the document itself. Thus, in the interest of judicial economy, Hasbro respectfully moves this Court to take judicial notice that Exhibit F is the Patent and Trademark Office's complete and accurate prosecution history for the '197 Patent.

Finally, in the federal system, "[t]he law of any state of the Union, whether depending upon statutes or upon judicial opinions, is a matter of which the courts of the United States are bound to take judicial notice without plea or proof." *Getty Petroleum Mktg., Inc.*, 391 F.3d at 320 (quoting *Lamar v. Micou*, 114 U.S. 218, 223 (1885)). Traditionally, this general rule for judicial notice did not extend to articles like town ordinances or municipal regulations because a court or the parties had difficulty obtaining accurate and authentic copies of these articles. *See id.* at 324 (Lipez, J., concurring). In modern times, however, judicial notice may be taken of regulations or ordinances because they are easily and readily verifiable from accurate and dependable sources. *See id.*; *see also Northern Heel Corp. v. Compo Indus.,* 851 F.2d 456, 468 (1st Cir. 1988) (court may take judicial notice of OSHA regulations when parties disagree

whether business complied with OSHA regulations); *Ray v. Aztec Well Serv.*, 748 F.2d 888, 889 (10th Cir. 1984) (court may take judicial notice of agency rules and regulations).

In this case, Hasbro moves the Court to take judicial notice of the following regulations: 68 IND. AD. CODE 14-3-3 ("Dice Specifications"); MO. CODE REGS. ANN. tit. 11 § 45-5.260 ("Dice Specifications"); andN.J. ADM. CODE § 19:46-1.15 ("Dice; Physical Characteristics"). (**Exhibits G-I)**. Each is relevant to this case in that (1) these regulations exist and (2) their requirements are germane to a central issue in this case: how the language contained in Bowling's patent claims should be construed. Therefore, Hasbro respectfully requests judicial notice of the regulations contained in **Exhibits G** through **I**.

Finally, dictionary definitions are frequently useful in the claims construction process undertaken by courts in patent proceedings. Courts are free to take judicial notice of such definitions in order to establish the basis upon which the court will construe disputed claim language. *See*, *e.g.*, *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1343 (Fed. Cir. 2001) (observing dictionary definitions and taking judicial notice of the meaning of "distal, middle, and proximal phalanges"); *Furminator, Inc. v. Ontel Prods. Corp.*, 429 F. Supp. 2d 1123, 1177 (E.D.Mo. 2006) (in trademark context, construing term "deshedding" through judicial notice of dictionary definitions of "de-" and "shed").

Here, the Court is called upon to construe claims that include the words "facet," "surface area," "equal," and "identical." The attached definitions are common and accepted. Each has either been advanced by the Plaintiff in support of his claim construction arguments or acknowledged as reasonable by the Plaintiff's infringement expert, Kevin B. Cook. Hasbro therefore submits that there is no controversy regarding the authority or accuracy of the attached definitions.

## III. Conclusion

For the foregoing reasons, Hasbro respectfully requests that the Court take judicial notice of the aforementioned facts and records.

Respectfully submitted,

HASBRO, INC.
By its Attorneys,

/s/ Jeffrey K. Techentin
Todd D. White (# 5943)
twhite@apslaw.com
Jeffrey K. Techentin (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: October 19, 2006

Of Counsel:

David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

**CERTIFICATE OF SERVICE**

TO:

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas J. Leach, Esq.
Douglas J. Williams, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

David K. S. Cornwell, Esq.
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

I hereby certify that I filed the within Notice by Hasbro, Inc. of Request for Judicial Notice and the Memorandum of Law in support thereof through the ECF system on the 19th day of October, 2006, and that notice will be sent electronically to the above-named counsel who are registered participants identified on the Mailing Information for Case No. 05-229S.

/s/ Jeffrey K. Techentin__________

*396929_1*