JC557 U.S. PTO
09/003246
01/06/98

| ISSUE CLASSIFICATION | |
|---|---|
| Class | Subclass |
| 273 | 143A |

[redacted]

PATENT NUMBER
5938197
5938197

## U.S. UTILITY PATENT APPLICATION

| | |
|---|---|
| A.C. O.I.P.E. SCANNED Q.A. | PATENT DATE AUG 17 1999 |

| SECTOR | CLASS | SUBCLASS | ART UNIT | EXAMINER |
|---|---|---|---|---|
| | 273 | ~~146~~ 143A | 3711 | Layno |

FILED WITH: ☐ DISK (CRF) ☐ FICHE
(Attached in pocket on right inside flap)

CERTIFICATE
AUG 21 2001
OF CORRECTION

1-6-98

5-26-99 Formal Drawings (3 shts) set 1

**PREPARED AND APPROVED FOR ISSUE**

### ISSUING CLASSIFICATION

| ORIGINAL | | CROSS REFERENCE(S) | | | | | | |
|---|---|---|---|---|---|---|---|---|
| CLASS | SUBCLASS | CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) | | | | | |
| 273 | 143A | 273 | 146 | | | | | |
| INTERNATIONAL CLASSIFICATION | | | | | | | | |
| A63F | 9/04 | | | | | | | |
| | / | | | | | | | |
| | / | | | | | | | |
| | / | | | | | | | |
| | / | | | | | | | |

☐ Continued on Issue Slip Inside File Jacket

| ☐ TERMINAL DISCLAIMER | DRAWINGS | | | CLAIMS ALLOWED | |
|---|---|---|---|---|---|
| | Sheets Drwg. | Figs. Drwg. | Print Fig. | Total Claims | Print Claim for O.G. |
| | 3 | 13 | 4,6,10 | 20 | 17 |
| ☐ a) The term of this patent subsequent to ______ (date) has been disclaimed. | (Assistant Examiner) (Date) | | | NOTICE OF ALLOWANCE MAILED | |
| ☐ b) The term of this patent shall not extend beyond the expiration date of U.S Patent. No. ______ | Benjamin H. Layno Primary Examiner Group 3711 (Primary Examiner) 11/23/98 (Date) | | | 11-25-98 ISSUE FEE | |
| | | | | Amount Due 605.00 | Date Paid 2/11/99 |
| ☐ c) The terminal ____ months of this patent have been disclaimed. | (Legal Instruments Examiner) (Date) | | | ISSUE BATCH NUMBER M10 | |

**WARNING:**
The information disclosed herein may be restricted. Unauthorized disclosure may be prohibited by the United States Code Title 35, Sections 122, 181 and 368. Possession outside the U.S. Patent & Trademark Office is restricted to authorized employees and contractors only.

Form PTO-436A
(Rev. 10/97)

ISSUE FEE IN FILE

(LABEL AREA)

(FACE)

B 00084

EXHIBIT
3
HW 4/11/06

# PATENT APPLICATION

09003246

MAR 2 9 85
INITIALS

Jc587 U.S. PTO
09/003246
01/06/98

## CONTENTS

| No. | Item | Date received (Incl. C. of M.) or Date Mailed |
|---|---|---|
| 1. | Application 3 papers. | |
| 2. | Prior Art | |
| 3. | CPA | 5-14-98 |
| 4. | Interview Summ | 11-25-98 |
| 11/25 5. | Ex Amdt / A | 11-25-98 |
| 6. | Ltr re Notice allowability | 12-1-98 |
| 7. | (Interview Summary) | 5-3-99 |
| 8. | Change of Address | 8/23/00 |
| 9. | Req for Cof C. | 8/23/00 |
| 10. | | |
| 11. | | |
| 12. | | |
| 13. | | |
| 14. | | |
| 15. | | |
| 16. | | |
| 17. | | |
| 18. | | |
| 19. | | |
| 20. | | |
| 21. | | |
| 22. | | |
| 23. | | |
| 24. | | |
| 25. | | |
| 26. | | |
| 27. | | |
| 28. | | |
| 29. | | |
| 30. | | |
| 31. | | |
| 32. | | |
| 33. | | |
| 34. | | |
| 35. | | |
| 36. | | |
| 37. | | |
| 38. | | |
| 39. | | |
| 40. | | |
| 41. | | |

| No. | Item | Date received (Incl. C. of M.) or Date Mailed |
|---|---|---|
| 42. | | |
| 43. | | |
| 44. | | |
| 45. | | |
| 46. | | |
| 47. | | |
| 48. | | |
| 49. | | |
| 50. | | |
| 51. | | |
| 52. | | |
| 53. | | |
| 54. | | |
| 55. | | |
| 56. | | |
| 57. | | |
| 58. | | |
| 59. | | |
| 60. | | |
| 61. | | |
| 62. | | |
| 63. | | |
| 64. | | |
| 65. | | |
| 66. | | |
| 67. | | |
| 68. | | |
| 69. | | |
| 70. | | |
| 71. | | |
| 72. | | |
| 73. | | |
| 74. | | |
| 75. | | |
| 76. | | |
| 77. | | |
| 78. | | |
| 79. | | |
| 80. | | |
| 81. | | |
| 82. | | |

(FRONT)

PATENT APPLICATION SERIAL NO. ____________________

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
FEE RECORD SHEET

02/12/1998 WBARR1 00000005 09003246
01 FC:201 395.00 OP

PTO-1556
(5/87)

| SERIAL NUMBER | FILING DATE | CLASS | GROUP ART UNIT | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 09/003,246 | 01/06/98 | 273 | 3711 | 122061US01 |

APPLICANT: MICHAEL A. BOWLING, TUCSON, AZ.

**CONTINUING DOMESTIC DATA********************** none
VERIFIED
BHL

**371 (NAT'L STAGE) DATA********************** none
VERIFIED
BHL

**FOREIGN APPLICATIONS************ none
VERIFIED
BHL

FOREIGN FILING LICENSE GRANTED 04/03/98 ***** SMALL ENTITY *****

| Foreign Priority claimed ☐yes ☒no<br>35 USC 119 (a-d) conditions met ☐yes ☐no ☐Met after Allowance<br>Verified and Acknowledged BAL (Examiner's Initials) ____ (Initials) | STATE OR COUNTRY | SHEETS DRAWING | TOTAL CLAIMS | INDEPENDENT CLAIMS |
|---|---|---|---|---|
| | AZ | 3 | 20 | 2 |

ADDRESS:
MERCHANT GOULD SMITH EDELL
WELTER & SCHMIDT
3100 NORTHWEST CENTER
90 SOUTH SEVENTH STREET
MINNEAPOLIS MN 55402-4131

TITLE: RANDOM NUMBER GENERATOR FOR GAME PLAYING~~, AND METHODS,~~

| FILING FEE RECEIVED | FEES: Authority has been given in Paper No. ____ to charge/credit DEPOSIT ACCOUNT NO. ____ for the following: | |
|---|---|---|
| $395 | | ☐ All Fees<br>☐ 1.16 Fees (Filing)<br>☐ 1.17 Fees (Processing Ext. of time)<br>☐ 1.18 Fees (Issue)<br>☐ Other ____<br>☐ Credit |

A

01/06/98 1c558 U.S. PTO

IN' UNITED STATES PATENT AND TRAD K OFFICE

Applicant: Michael A. Bowling
Docket: 12206.1US01
Title: RANDOM NUMBER GENERATOR FOR GAME PLAYING; AND METHODS

CERTIFICATE UNDER 37 CFR 1.10
'Express Mail' mailing label number: EM422710970US
Date of Deposit: January 6, 1998
I hereby certify that this paper or fee is being deposited with the United States Postal Service 'Express Mail Post Office To Addressee' service under 37 CFR 1.10 and is addressed to the Assistant Commissioner for Patents, Washington, D.C. 20231.

By: [signature]
Name: William Smith

BOX PATENT APPLICATION
Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

We are transmitting herewith the attached:

09003246.010698

- ☒ Transmittal sheet, in duplicate, containing Certificate under 37 CFR 1.10.
- ☒ Utility Patent Application: Spec. 11 pgs; 20 claims; Abstract 1 pgs. The fee has been calculated as shown below in the 'Claims as Filed' table.
- ☒ 3 sheets of formal drawings
- ☒ Verified statement to establish small entity status
- ☒ A signed Combined Declaration and Power of Attorney
- ☒ A check in the amount of $395.00 to cover the Filing Fee
- ☒ Other: Information Disclosure Statement (37 C.F.R. 1.97(b) with Form 1449 and copies of cited references
- ☒ Return postcard

**CLAIMS AS FILED**

| Number of Claims Filed | | In Excess of: | | Number Extra | | Rate | | Fee |
|---|---|---|---|---|---|---|---|---|
| [redacted] | | [redacted] | | [redacted] | x | [redacted] | = | [redacted] |
| [redacted] | | [redacted] | | [redacted] | x | [redacted] | = | [redacted] |
| MULTIPLE DEPENDENT CLAIM FEE | | | | | | | | [redacted] |
| TOTAL FILING FEE | | | | | | | | [redacted] |

Please charge any additional fees or credit overpayment to Deposit Account No. 13-2725. A duplicate of this sheet is enclosed.

MERCHANT, GOULD, SMITH, EDELL,
WELTER & SCHMIDT
3100 Norwest Center, Minneapolis, MN 55402
(612) 332-5300

By: [signature]
Name: Julie R. Daulton
Reg. No.: 36,414
Initials: JRD/cch

(PTO TRANSMITTAL - NEW FILING)

SN 09/003246

**Abstract of the Disclosure**

A die construction includes a body having first and second, opposite end caps and an extension member therebetween. The extension member has a first number of discrete facets and no more than the first number. Each of the discrete facets is identically shaped and have equal surface areas. The first end cap has a second number of discrete facets and no more than the second number. The second number is one-half of the first number. Each of the first end cap discrete facets is identically shaped and has an equal surface area to one another. The second end cap has the second number of discrete facets, that is, the same number as the first end cap, and has no more than the second number. Each of the second end cap discrete facets is identically shaped as the first end cap discrete facets. Each of the second end cap discrete facets has a surface area equal to a surface area of each of the first end cap discrete facets.

09003246 . 010698

CERTIFICATE UNDER 37 CFR 1.10:
"Express Mail" mailing label number: EM422710970US
Date of Deposit: JANUARY 6, 1998

I hereby certify that this correspondence is being deposited with the United States Postal Service "Express Mail Post Office to Addressee" service under 37 CFR 1.10 on the date indicated above and is addressed to Assistant Commissioner for Patents, Washington, D.C. 20231.

By: [signature]
Name:

M&G: 12206.1-US-01

# RANDOM NUMBER GENERATOR FOR GAME PLAYING; AND METHODS

## Field of the Invention

The present invention relates to devices for game playing. More particularly, the present invention relates to a random number generator for game playing. Specifically, the present invention relates to a die construction.

## Background of the Invention

There are numerous devices of different types that are useful for selecting at random a number, letter, or other character. Many of these are in the form of a die.

The traditional playing die is a cube-shaped, six-sided member. Through the years, dice of more than six sides have been developed, as the demand in various games of chance have necessitated. In U.S. Patent 1,271,551 to Ebner, et al., a game die is disclosed in the form of an octagonal, rolling cylinder. U.S. Patent No. 5,150,900 to Onzo discloses a heptahedron-shaped rolling cylinder for generating a random number.

Improvements are desirable.

## Summary of the Invention

The present invention is directed to a die construction that substantially obviates one or more of the problems due to the limitations and disadvantages of the prior art.

To achieve the advantages of the invention, and in accordance with the purposes of the invention, as embodied and broadly described herein, the invention comprises a die construction. The die construction includes a body having first and second, opposite end caps and an extension member therebetween. The extension member has a first number of discrete facets and no more than the first number. Each of the discrete facets is identically shaped and have equal surface areas. The first end cap has a second number of discrete facets and no more than the second number. The second number is one-half of the first number. Each of the first end cap discrete facets is identically

08690T0 · 9423E0060

shaped and has an equal surface area to one another. The second end cap has the second number of discrete facets, that is, the same number as the first end cap, and has no more than the second number. Each of the second end cap discrete facets is identically shaped as the first end cap discrete facets. Each of the second end cap discrete facets has a surface area equal to a surface area of each of the first end cap discrete facets.

Preferably, each of the extension member discrete facets includes printed indicia thereon. For example, this may take the form of a numbers or other markings, such as polka dots. The printed indicia indicate what number has been randomly generated.

In preferred arrangements, each of the extension member discrete facets is tapered. More preferably, each of the extension member discrete facets is triangular-shaped.

In certain preferred embodiments, each of the first and second end cap discrete facets is tapered. More preferably, each of the first and second end cap discrete facets is triangular-shaped.

In one preferred embodiment, the number of facets of the extension member is six. In such arrangements, the second number, that is, the number of discrete facets on the first end cap, is three. Three is also the number of discrete facets on the second end cap.

In other preferred arrangements, the number of facets of the extension member is 10, while the number of facets of each of the end caps is five.

In still other arrangements, the number of discrete facets of the extension member is 20, while the number of discrete facets for each of the end caps is 10.

Preferably, a ratio of a surface area of each of the extension member facets to a surface area of each of the first end cap discrete facets is about 2-3:1.

In preferred arrangements, the number of facets of the first end cap is equal to one-fourth of the total number of facets on the entire die construction. That is, the number of facets of the first end cap may be determined by totaling the number of facets of the first end cap, plus the number of facets of the second end cap, plus the number of facets of the extension member and then dividing that total by four. In such arrangements, the first and second end caps have an equal number of facets.

09010246.032060

It is to be understood that both the foregoing general description and the following detailed description are exemplary and explanatory only and are not restrictive of the invention, as claimed. The accompanying drawings, which are incorporated in and constitute a part of this specification, illustrate example embodiments of the invention and together with the description, serve to explain the principles of the invention.

## Brief Description of the Drawings

FIG. 1 is a top plan view of a first embodiment of a die, embodying the present invention;

FIG. 2 is an end view of the die of FIG. 1, embodying the present invention;

FIG. 3 is an end view opposite of the FIG. 2 end view, embodying the present invention;

FIG. 4 is a perspective view of the FIG. 1 embodiment, embodying the present invention;

FIG. 5 is a side elevational view of the die of FIG. 1, embodying the present invention;

FIG. 6 is a perspective view of a second embodiment of a die construction, embodying the present invention;

FIG. 7 is an end view of the die of FIG. 6, embodying the present invention;

FIG. 8 is a side elevational view of the die of FIG. 6, embodying the present invention;

FIG. 9 is a side elevational view of the die construction of FIG. 6, embodying the present invention;

FIG. 10 is a perspective view of a third embodiment of a die construction, embodying the present invention;

FIG. 11 is an end view of the die construction depicted in FIG. 10, embodying the present invention;

FIG. 12 is a side elevational view of the die construction depicted in FIG. 10, embodying the present invention; and

09/046.010598

FIG. 13 is a side elevational view, similar to that depicted in FIG. 12, but rotated, embodying the present invention.

## Detailed Description of the Preferred Embodiments

Reference will now be made in detail to the present preferred embodiments of the invention, examples of which are illustrated in the accompanying drawings.

In accordance with the invention, the invention is directed to a die construction. As embodied herein, a first embodiment of a die construction is shown generally in FIGS. 1-5 at 20. Die 20 includes a body construction 22 with a pair of opposite end members or end caps 24, 26. In extension between first and second end caps 24, 26 is a display member or extension member 28.

Extension member 28 functions to display indicia such as polka dots, or numbers or digits 30. The indicia 30 displayed is indicative of the number generated after rolling die construction 20.

The extension member 28 includes a plurality of discrete facets 32. Preferably, each of the discrete facets 32 are identically shaped and have equal surface areas to each other. That is, each of facets 32 has a surface area which is equal to and no greater and no less than the surface area of any other of the facets 32. Each of facets 32 is angled relative to an adjacent facet 32 to define corner or edge surfaces 34. Each of facets 32 is angled relative to its adjacent facet 32 at an equal angle as every other angle between facets 32. In this particular embodiment, there are six facets 32 and no more than six facets. That is, in the embodiment illustrated in FIGS. 1-5, extension member 28 consists essentially of six facets 32. The angle between adjacent facets 32 is, therefore, 60°. That is, the angle between each adjacent facet 32 is equal to 360° divided by the total number of facets in the extension member 28. Because there are a total number of six facets 32 in extension member 28, the angle between each adjacent facet 32 is 360° divided by six, which is 60°.

Preferably, each of the extension member facets 32 is configured and arranged to display clear, readable indicia. In particular, the shape of each of facets 32 is advantageous over existing die constructions in that facets 32 allow for the display of a





09003246.010698

larger, more legible number or indicia 30. While a variety of working embodiments are contemplated, in the illustrated embodiment, facets 32 have a tapered shape and configuration. That is, facets 32 are not rectangular. Preferably, facets 32 are triangular-shaped. That is, facets 32 have no more than three sides, each side being a straight edge. In other words, facets 32 are defined by, and bordered by, an outer periphery, which consists essentially of three straight sides. This provides for a trianglular-shaped facet 32.

In reference now to FIG. 2, the first end cap 24 is illustrated. The first end cap 24 includes a plurality of discrete facets 36. In particular, first end cap 24 includes one-half of the number of facets of the extension member 28. In the illustrated embodiment, the extension member 28 has six facets 32. Therefore, the first end cap has three discrete facets, and no more than three facets 36. In other words, first end cap 24 consists essentially of three facets 36. Stated another way, the ratio of the number of facets of the extension member to the number of facets of the first end cap is 2:1.

Each of the first end cap facets 36 is identically shaped to every other facet 36 of the first end cap. Further, each of the first end cap facets 36 has a surface area equal to the surface area of every other facet 36 of the first end cap 24.

Each of the first end cap facets 36 is angled relative to an adjacent end cap facet 36 to define corner or edge surfaces 38 therebetween. In the particular embodiment illustrated, each of facets 36 is angled relative to its adjacent facet 36 by an angle of 120°. That is, the angle between adjacent facets 36 is equal to 360° divided by the number of facets, in this case, three. Further, the angle between adjacent facets 36 of the first end cap 24 is equal to two times or twice the angle between adjacent facets 32 of the extension member 28. Stated another way, the ratio of the angle between adjacent facets 32 in the extension member to the angle between adjacent facets 36 in the first end cap 24 is 1:2.

Each of the first end cap facets 36 is non-rectangular and non-circular. Specifically, each of the first end cap facets 36 is tapered. In the particular embodiment illustrated, each of the first end cap facets 36 is triangular-shaped. That is, each of the first end cap facets is defined by, or bordered by, a periphery of three connected straight

10





09033246.010698

edges. In this way, the first end cap facets 36 are defined by a triangular border, consisting essentially of three straight edges.

In reference now to FIG. 3, the second end cap 26 is illustrated. Second end cap 26 is shaped identically to the first end cap 24. That is, second end cap 26 includes three discrete facets 40, identically shaped to each other, and identically shaped as first end cap facets 36. As with the first end cap 24, the second end cap 26 has the three facets 40, and has no more than the three facets 40. Also as with the first end cap 24, the second end cap 26 includes half of the number of facets as the number of facets 32 of the extension member 28, i.e., the ratio of facets of the extension member 28 to facets of the second end cap 26 is 2:1.

Second end cap facets 40 are angled relative to adjacent facets 40 to define corners or edges 42 therebetween. As with the first end cap 24, the second end cap 26 is arranged such that the angle between adjacent facets 40 is equal to 360° divided by the number of facets (three, in the illustrated example). Therefore, second end cap facets 40 define an angle of 120° with the adjacent second end cap facet 40.

As mentioned above, second end cap facets 40 are identical in shape and appearance to first end cap facets 36, in the illustrated embodiment. As such, second end cap facets 40 are tapered. In particular, second end cap facets 40 are triangular-shaped, preferably having three non-curved, straight sides.

Referring again to FIG. 1, it can be seen that first end cap facets 36 are out of phase with second end cap facets 40. That is, the first end cap facets 36 are oriented relative to the second end cap facets 40 in an unsynchronized manner; they are not in correlation with each other. As can be seen in FIG. 1, one total facet 40 of the second end cap 26 is visible, while, in the same view, two skewed views of facets 36 of the first end cap 24 are visible.

The inventor has discovered that the configuration of the die 20 is advantageous. In particular, the shape of the end caps 24, 26 provides for more bounce when dropping die 20 onto a surface. That is, to generate a random number, the user holds die 20 above a surface at a sufficient distance, such that when die 20 is dropped onto the surface, die 20 rolls before eventually resting upon one of the facets 32 of the extension member 28.

The number or indicia 30 displayed on the facet 32 which is in the uppermost position is the number which has been randomly generated. The shapes of the end caps 24, 26 provide for more bounce and randomness when die 20 is dropped onto a surface. The tapered, triangular shapes of end caps 24, 26 provide for surfaces which can abut and engage the surface on which die 20 is being dropped, to create a more interesting and amusing outcome.

Die 20 is constructed such that the center of mass of die 20 is in the precise center of symmetry of die 20. By "center of symmetry", it is meant a point that is related to a geographical figure in such a way that for any point on the figure, there is another point on the figure such that a straight line joining the two points is bisected by the original point. Each of the surface areas of discrete facets 32 of extension member 28 are equal. The combination of the center of symmetry being the center and the equal surface areas of facets 32 provides for a fair playing die. That is, no one facet 32 is more likely to be rolled than any other of the facets 32.

Preferably, each of the facets 32 has a surface area of about 0.0089 to 0.89 sq. in., typically about 0.089 sq. in.. Preferably, each of the first end cap facets 36 has a surface area of about 0.0033 to 0.33 sq. in., typically about 0.033 sq. in.. As such, the ratio of the surface area of the extension member facets 32 to the surface area of each of the first end cap facets 36 is about 2.7:1. The second end cap facets 40 are identical to the first end cap facets 36. Therefore, the second end cap facets 40 each have a surface area of about 0.0033 to 0.33 sq. in., typically about 0.033 sq. in. The ratio of the surface area of the facets 32 of the extension member 28 to the surface area of each of the second end cap facets 40 is about 2.7:1.

Die 20 is useful for generating a random number. In the illustrated embodiment, there are six discrete facets 32 on the extension member 28. Each of the facets 32 has indicia 30 thereon, and in the illustrated embodiment, this indicia 30 is a numerical integer from one to six, inclusive. Upon shaking or rolling the die 20, die 20 will bounce and roll around, before landing on one of its facets 32. The facet 32 in the up position indicates the number which has been generated.

09003246.010698

It should also be noted that the number of discrete facets 36 of the first end cap 24 is equal to one-fourth of the total number of discrete facets on the die 20. The total number of facets on die 20 is equal to the number of facets 32 of the extension member 28, plus the number of facets 36 of the first end cap 24, plus the number of facets 40 of the second end cap 26. In the embodiment of FIGS. 1-5, there are total of 12 facets (six plus three plus three = 12). The number of facets on the first end cap 24 is equal to twelve divided by four, which is three. Analogously, the number of facets 40 of the second end cap 26 is equal to one-fourth of the total number of facets of the die 20. The total number of facets of the first embodiment of FIGS. 1-5 is 12. Therefore, the number of facets of the second end cap 40 is three (12/4=3).

Preferably, the die 20 is constructed from any rigid material which holds its shape. Examples of suitable materials include glass, crystalline structure, and plastic.

Attention is now directed to FIGS. 6-9. In FIGS. 6-9, a second embodiment of a die is shown generally at 50. Die 50 is constructed analogously to die 20. That is, die 50 includes a first end cap 52, a second end cap 54, and an extension member 56 in extension therebetween. In this embodiment, however, extension member 56 defines 10, and no more than 10, discrete facets 58.

Each of facets 58 includes indicia 60 thereon, indicating a number. As with the first embodiment, facets 58 of die 50 are tapered in order to more clearly display indicia 60. In particular, facets 58 are triangular-shaped.

First end cap 52 is constructed analogously to first end cap 24. First end cap 52 includes a number of facets 62, which is equal to one-half of the number of facets 58 of the extension member 56. Specifically, first end cap 52 has five discrete facets 62, and no more than five facets 62. First end cap facets 62 are triangular-shaped. Each of first end cap facets 62 is angled relative to an adjacent end cap facet 62 to define an angle of 72° between each.

Second end cap 54 is identical to first end cap 52. Second end cap 54 has five discrete facets 64. Each of facets 64 is triangular in shape, and is angled 72° with respect to an adjacent facet 64.

09/0103,246



B 00097

As similarly described with respect to the first embodiment, in this embodiment the facets 62 on the first end cap 52 are out of phase with the facets 64 on the second end cap 54.

Preferably, the surface area of each of facets 58 of extension member 56 is about 0.0106 to 1.06 sq. in., typically about 0.106 sq. in.. The surface area of each of first end cap facets 62 is about 0.0046 to 0.46 sq. in., typically about 0.046 sq. in.. Second end cap facets 64 are identical to first end cap facets 62. As such, each of second end cap facets 64 has a surface area of about 0.0046 to 0.46 sq. in., typically about 0.046 sq. in. The ratio of the surface area of one facet 58 to one facet 62 is about 2.3:1. This is the same ratio as the ratio of facet 58 to facet 64.

As with the first embodiment of the die, die 50 is constructed so that the center of mass is in the precise geometric center of die 50. Further, each of facets 58 has an identical and equal surface area. This provides for a fair playing die.

Die 50 has a total of 20 facets. That is, extension member 56 has ten facets, first end cap has five facets, and second end cap has five facets. Therefore, the total number of facets is: $10 + 5 + 5 = 20$. The number of facets of each of the first and second end caps 52, 54 is equal to one-fourth of the total number of facets of die 50. Thus, since there are a total of 20 facets, the number of facets of first end cap 52 can be derived by dividing by four, which is five. Analogously, the number of facets of the second end cap 54 may be derived by dividing the total number of facets (20) by four, which is five.

Die 50 is used analogously as die 20. That is, die 50 is dropped at a height above a surface sufficient to cause die 50 to roll around. Ultimately, die 50 will rest upon one of its extension member facets 58. This will leave one of its extension member facets 58 in the uppermost position. The number displayed on the facet in the uppermost position is the number generated. In the example illustrated, this would be an integer from 1 through 10, inclusive.

Attention is now directed to FIGS. 10-13. In FIGS. 10-13, a third embodiment of a die is shown generally at 70. Die 70 is constructed analogously to die 20 and die 50. That is, die 70 includes a first end cap 72, a second end cap 74, and an extension

09603246.010698

member 76 in extension therebetween. In this embodiment, however, extension member 76 defines 20, and no more than 20, discrete facets 78.

Each of facets 78 includes indicia 80 thereon, indicating a number. As with the first and second embodiments, facets 78 of die 70 are tapered in order to more clearly display indicia 80. In particular, facets 78 are triangular-shaped.

First end cap 72 is constructed analogously to first end cap 24 (FIG. 1) and first end cap 52 (FIG. 6). First end cap 72 includes a number of facets 82, which is equal to one-half of the number of facets 78 of the extension member 76. Specifically, first end cap 72 has ten discrete facets 82, and no more than ten facets 82. First end cap facets 82 are triangular-shaped. Each of first end cap facets 82 is angled relative to an adjacent end cap facet 82 to define an angle of 36° between each.

Second end cap 74 is identical to first end cap 72. Second end cap 74 has ten discrete facets 84. Each of facets 84 is triangular in shape, and is angled 36° with respect to an adjacent facet 84.

As described with respect to the first and second embodiments, in this embodiment, the facets 82 on the first end cap 72 are out of phase with the facets 84 on the second end cap 74.

Preferably, the surface area of each of facets 78 of extension member 76 is about 0.0116 to 1.16 sq. in., typically about 0.116 sq. in. The surface area of each of first end cap facets 82 is about 0.0056 to 0.56 sq. in., typically about 0.056 sq. in. Second end cap facets 84 are identical to first end cap facets 82. As such, each of second end cap facets 84 has a surface area of about 0.0056 to 0.56 sq. in., typically about 0.056 sq. in. The ratio of the surface area of one facet 78 to one facet 82 is about 2.06:1. This is the same ratio as the ratio of facet 78 to facet 84.

As with the first and second embodiments of the die, die 70 is constructed so that the center of mass is in the precise geometric center of die 70. Further, each of facets 78 has an identical and equal surface area. This provides for a fair playing die.

Die 70 has a total of 40 facets. That is, extension member 76 has twenty facets, first end cap has ten facets, and second end cap has ten facets. Therefore, the total number of facets is: 20 + 10 + 10 = 40. The number of facets of each of the first and





09/546,010

second end caps 72, 74 is equal to one-fourth of the total number of facets of die 70. Thus, since there are a total of 40 facets, the number of facets of first end cap 72 can be derived by dividing by four, which is ten. Analogously, the number of facets of the second end cap 74 may be derived by dividing the total number of facets (20) by four, which is ten.

Die 70 is used analogously as die 20 and die 50. That is, die 70 is dropped at a height above a surface sufficient to cause die 70 to roll around. Ultimately, die 70 will rest upon one of its extension member facets 78. This will leave one of its extension member facets 78 in the uppermost position. The number displayed on the facet in the uppermost position is the number generated. In the example illustrated, this would be an integer from 1 through 20, inclusive.

Other embodiments of the invention will be apparent to those skilled in the art from consideration of the specification and practice of the invention disclosed herein. In particular, one skilled in the art will understand that die constructions having extension member facets totaling 8, 12, 30 and other even multiples can be constructed according to the principles taught herein.

It is intended that the specification and examples be considered as exemplary only, with a true scope and spirit of the invention being indicated by the following claims.

09003246.010698

I claim:

1. A die construction comprising:
   (a) a body having first and second, opposite end caps and an extension member therebetween;
   (b) said extension member having a first number of discrete facets and no more than said first number;
      (i) each of said discrete facets being identically shaped and having equal surface areas;
   (c) said first end cap having a second number of discrete facets and no more than said second number; said second number being one-half of said first number;
      (i) each of said first end cap discrete facets being identically shaped and having equal surface areas; and
   (d) said second end cap having said second number of discrete facets and no more than said second number;
      (i) each of said second end cap discrete facets being shaped identically as said first end cap discrete facets; and each of said second end cap discrete facets having a surface area equal a surface area of each of said first end cap discrete facets.; and

2. A die construction according to claim 1, wherein:
   (a) each of said extension member discrete facets include printed indicia thereon.

3. A die construction according to claim 2, wherein:
   (a) each of said extension member discrete facets is tapered.

4. A die construction according to claim 3, wherein:
   (a) each of said extension member discrete facets is triangular-shaped.



09032946.010698

5. A die construction according to claim 4, wherein:

(a) each of said first end cap discrete facets and said second end cap discrete facets is tapered.

6. A die construction according to claim 5, wherein:

(a) each of said first end cap discrete facets and said second end cap discrete facets is triangular-shaped.

7. A die construction according to claim 6, wherein:

(a) ~~said~~ first number is six; and said second number is three.

8. A die construction according to claim 7, wherein:

(a) each of said extension member discrete facets has a surface area of about 0.0089-0.89 sq. in.

9. A die construction according to claim 8, wherein:

(a) each of said first end cap discrete facets has a surface area of about 0.0033-0.33 sq. in.; and

(b) each of said second end cap discrete facets has a surface area of about 0.0033-0.33 sq. in.

10. A die construction according to claim 6, wherein:

(a) said first number is ten; and said second number is five.

11. A die construction according to claim 10, wherein:

(a) each of said extension member discrete facets has a surface area of about 0.0106-1.06 sq. in.

12. A die construction according to claim 11, wherein:

(a) each of said first end cap discrete facets has a surface area of about 0.0046-0.46 sq. in.; and

(b) each of said second end cap discrete facets has a surface area of about 0.0046-0.46 sq. in.

13. A die construction according to claim 6, wherein:

(a) said first number is twenty; and said second number is ten.

14. A die construction according to claim 13, wherein:

(a) each of said extension member discrete facets has a surface area of about 0.0116-1.16 sq. in.

15. A die construction according to claim 14, wherein:

(a) each of said first end cap discrete facets has a surface area of about 0.0056-0.56 sq. in.; and

(b) each of said second end cap discrete facets has a surface area of about 0.0056-0.56 sq. in.

16. A die construction according to claim 1, wherein:

(a) a ratio of a surface area of each of said extension member facets to a surface area of each of said first end cap discrete facets is about 2-3:1.

17. A die comprising:

(a) a body including a first end cap, a second end cap, and an extension member in extension therebetween;

(b) said first end cap including a first number of facets and no more than said first number; said second end cap including a second number of facets and no more than said second number; and said extension member defining a third number of facets and no more than said third number;

09603246.010698

(i) said first number being equal to one-fourth of a total of said first number and said second number and said third number;

(ii) said second number being equal to one-fourth of the total of said first number and said second number and said third number;

(iii) each of said extension member facets being equal in surface area;

(iv) each of said extension member facets being triangular-shaped;

~~and~~

(v) ~~(iv)~~ each of said extension member facets having indicia thereon indicating a number~~.~~; and

18. A die according to claim 17, wherein:

(a) each of said first end cap facets is triangular-shaped; and

(b) each of said second end cap facets is triangular-shaped.

19. A die according to claim 17, wherein:

(a) said third number is six.

20. A die according to claim 17, wherein:

(a) said first number, said second number, and said third number total 40.

## INDEPENDENT INVENTOR(S)

**VERIFIED STATEMENT (DECLARATION) CLAIMING SMALL ENTITY STATUS (37 C.F.R. 1.9(f) AND 1.27(b)) - INDEPENDENT INVENTOR**

As a below named inventor, I hereby declare that I qualify as an independent inventor as defined in 37 C.F.R. 1.9(c) for purposes of paying reduced fees under Section 41(a) and (b) of Title 35, United States Code, to the Patent and Trademark Office with regard to the invention entitled RANDOM NUMBER GENERATOR FOR GAME PLAYING; AND METHODS described in

a) ☒ the specification filed herewith.
b) ☐ provisional application serial no. _____, filed _____.
c) ☐ non-provisional application serial no. _____, filed _____.
d) ☐ patent no. _____, issued _____.

I have not assigned, granted, conveyed or licensed and am under no obligation under contract or law to assign, grant, convey or license, any rights in the invention to any person who could not be classified as an independent inventor under 37 C.F.R. 1.9(c) if that person has made the invention, or to any concern which would not qualify as a small business concern under 37 C.F.R. 1.9(d) or a nonprofit organization under 37 C.F.R. 1.9(e).

Each person, concern or organization to which I have assigned, granted, conveyed, or licensed or am under obligation under contract or law to assign, grant, convey, or license any rights in the invention is listed below:

a) ☒ no such person, concern, or organization
b) ☐ persons, concerns or organizations listed below*

*NOTE: Separate verified statements are required from each named person, concern or organization having rights to the invention averring to their status as small entities. (37 C.F.R. 1.27)

NAME _______________
ADDRESS _______________
a) ☐ INDIVIDUAL b) ☐ SMALL BUSINESS CONCERN c) ☐ NONPROFIT ORGANIZATION

NAME _______________
ADDRESS _______________
a) ☐ INDIVIDUAL b) ☐ SMALL BUSINESS CONCERN c) ☐ NONPROFIT ORGANIZATION

I acknowledge the duty to file, in this application or patent, notification of any change in status resulting in loss of entitlement to small entity status prior to paying, or at the time of paying, the earliest of the issue fee or any maintenance fee due after the date on which status as a small entity is no longer appropriate. (37 C.F.R. 1.28(b))

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both under Section 1001 of Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the application, any patent issuing thereof, or any patent to which this verified statement is directed.

| | | |
|---|---|---|
| Michael A. Bowling<br>NAME OF INVENTOR | NAME OF INVENTOR | NAME OF INVENTOR |
| [signature]<br>Signature of Inventor | Signature of Inventor | Signature of Inventor |
| 12-31-97<br>Date | Date | Date |

MERCHANT, GOULD, SMITH, EDELL, WELTER & SCHMIDT
Professional Association

08/001,546 [vertical margin stamp: 08/001,546 — as printed "86901 0.946E000"]

Attorney Docket No. 12206.1-US-01

MERCHANT, GOULD, SMITH, EDELL, WELTER & SCHMIDT

**United States Patent Application**

**COMBINED DECLARATION AND POWER OF ATTORNEY**

As a below named inventor I hereby declare that: my residence, post office address and citizenship are as stated below next to my name; that

I verily believe I am the original, first and sole inventor (if only one name is listed below) or a joint inventor (if plural inventors are named below) of the subject matter which is claimed and for which a patent is sought on the invention entitled: RANDOM NUMBER GENERATOR FOR GAME PLAYING AND METHODS

The specification of which
a. ☒ is attached hereto
b. ☐ was filed on as application serial no. and was amended on (if applicable) (in the case of a PCT-filed application) described and claimed in international no. filed and as amended on (if any), which I have reviewed and for which I solicit a United States patent.

I hereby state that I have reviewed and understand the contents of the above-identified specification, including the claims, as amended by any amendment referred to above.

I acknowledge the duty to disclose information which is material to the patentability of this application in accordance with Title 37, Code of Federal Regulations, § 1.56 (attached hereto).

I hereby claim foreign priority benefits under Title 35, United States Code, § 119/365 of any foreign application(s) for patent or inventor's certificate listed below and have also identified below any foreign application for patent or inventor's certificate having a filing date before that of the application on the basis of which priority is claimed:

a. ☒ no such applications have been filed.
b. ☐ such applications have been filed as follows:

| FOREIGN APPLICATION(S), IF ANY, CLAIMING PRIORITY UNDER 35 USC § 119 | | | |
|---|---|---|---|
| COUNTRY | APPLICATION NUMBER | DATE OF FILING (day, month, year) | DATE OF ISSUE (day, month, year) |
| | | | |
| **ALL FOREIGN APPLICATION(S), IF ANY, FILED BEFORE THE PRIORITY APPLICATION(S)** | | | |
| COUNTRY | APPLICATION NUMBER | DATE OF FILING (day, month, year) | DATE OF ISSUE (day, month, year) |
| | | | |

I hereby claim the benefit under Title 35, United States Code, § 120/365 of any United States and PCT international application(s) listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States application in the manner provided by the first paragraph of Title 35, United States Code, § 112, I acknowledge the duty to disclose material information as defined in Title 37, Code of Federal Regulations, § 1.56(a) which occurred between the filing date of the prior application and the national or PCT international filing date of this application.

| U.S. APPLICATION NUMBER | DATE OF FILING (day, month, year) | STATUS (patented, pending, abandoned) |
|---|---|---|
| | | |

I hereby claim the benefit under Title 35, United States Code § 119(e) of any United States provisional application(s) listed below:

| U.S. PROVISIONAL APPLICATION NUMBER | DATE OF FILING (Day, Month, Year) |
|---|---|
| | |

I hereby appoint the following attorne, ...nd/or patent agent(s) to prosecute this appli... and to transact all business in the Patent and Trademark Office connected herewith:

| | | | |
|---|---|---|---|
| Albrecht, John W. | Reg. No. 40,481 | Lacy, Paul E. | Reg. No. 38,946 |
| Batzli, Brian H. | Reg. No. 32,960 | Larson, James A. | Reg. No. 40,443 |
| Beard, John L. | Reg. No. 27,612 | Lasky, Michael B. | Reg. No. 29,555 |
| Beck, Robert C. | Reg. No. 28,184 | Lindquist, Timothy A. | Reg. No. 40,701 |
| Berman, Charles | Reg. No. 29,249 | Lynch, David W. | Reg. No. 36,204 |
| Bogucki, Raymond A. | Reg. No. 17,426 | Mau, Michael L. | Reg. No. 30,087 |
| Bruess, Steven C. | Reg. No. 34,130 | Maunu, Leroy D. | Reg. No. 35,274 |
| Byrne, Linda M. | Reg. No. 32,404 | McDaniel, Karen D. | Reg. No. 37,674 |
| Canady, Karen S. | Reg. No. 39,927 | McDonald, Daniel W. | Reg. No. 32,044 |
| Carlson, Alan G. | Reg. No. 25,959 | McIntyre, Iain A. | Reg. No. 40,377 |
| Carter, Charles G. | Reg. No. 35,093 | Mueller, Douglas P. | Reg. No. 30,300 |
| Caspers, Philip P. | Reg. No. 33,227 | Nasiedlak, Tyler L. | Reg. No. 40,099 |
| Chiapetta, James R. | Reg. No. 39,634 | Nelson, Albin J. | Reg. No. 28,650 |
| Clifford, John A. | Reg. No. 30,247 | Orler, Anthony J. | Reg. No. 41,232 |
| Cooper, Victor G. | Reg. No. 39,641 | Pauly, Daniel M. | Reg. No. 40,123 |
| Crawford, Robert | Reg. No. 32,122 | Plunkett, Theodore | Reg. No. 37,209 |
| Daignault, Ronald A. | Reg. No. 25,968 | Pollinger, Steven J. | Reg. No. 35,326 |
| Daley, Dennis R. | Reg. No. 34,994 | Pytel, Melissa J. | Reg. No. P-41,512 |
| Dalglish, Leslie E. | Reg. No. 40,579 | Reich, John C. | Reg. No. 37,703 |
| Daulton, Julie R. | Reg. No. 36,414 | Reiland, Earl D. | Reg. No. 25,767 |
| DiPietro, Mark J. | Reg. No. 28,707 | Rittmaster, Ted R. | Reg. No. 32,933 |
| Edell, Robert T. | Reg. No. 20,187 | Schmaltz, David G. | Reg. No. 39,828 |
| Epp Ryan, Sandra | Reg. No. 39,667 | Schmidt, Cecil C. | Reg. No. 20,566 |
| Farber, Michael B. | Reg. No. 32,612 | Schuman, Mark D. | Reg. No. 31,197 |
| Funk, Steven R. | Reg. No. 37,830 | Schumann, Michael D. | Reg. No. 30,422 |
| Gates, George H. | Reg. No. 33,500 | Sebald, Gregory A. | Reg. No. 33,280 |
| Glance, Robert J. | Reg. No. 40,620 | Sharp, Janice A. | Reg. No. 34,051 |
| Golla, Charles E. | Reg. No. 26,896 | Skoog, Mark T. | Reg. No. 40,178 |
| Gorman, Alan G. | Reg. No. 38,472 | Smith, Jerome R. | Reg. No. 35,684 |
| Gould, John D. | Reg. No. 18,223 | Sumner, John P. | Reg. No. 29,114 |
| Gresens, John J. | Reg. No. 33,112 | Sumners, John S. | Reg. No. 24,216 |
| Hamre, Curtis B. | Reg. No. 29,165 | Tellekson, David K. | Reg. No. 32,314 |
| Hillson, Randall A. | Reg. No. 31,838 | Underhill, Albert L. | Reg. No. 27,403 |
| Hollingsworth, Mark A. | Reg. No. 38,491 | Vandenburgh, J. Derek | Reg. No. 32,179 |
| Johnston, Scott W. | Reg. No. 39,721 | Victor, David W. | Reg. No. 39,867 |
| Kastelic, Joseph M. | Reg. No. 37,160 | Welter, Paul A. | Reg. No. 20,890 |
| Kettelberger, Denise | Reg. No. 33,924 | Williams, Douglas J. | Reg. No. 27,054 |
| Komanduri, Janaki | Reg. No. 40,684 | Wood, Gregory B. | Reg. No. 28,133 |
| Kowalchyk, Alan W. | Reg. No. 31,535 | Xu, Min S. | Reg. No. 39,536 |
| Kowalchyk, Katherine M. | Reg. No. 36,848 | | |

869010.54230060

I hereby authorize them to act and rely on instructions from and communicate directly with the person/assignee/attorney/firm/ organization who/which first sends/sent this case to them and by whom/which I hereby declare that I have consented after full disclosure to be represented unless/until I instruct Merchant, Gould, Smith, Edell, Welter & Schmidt to the contrary.

Please direct all correspondence in this case to Merchant, Gould, Smith, Edell, Welter & Schmidt at the address indicated below:

Merchant, Gould, Smith, Edell,
Welter & Schmidt
3100 Norwest Center
90 South Seventh Street
Minneapolis, MN 55402-4131

I hereby declare that all statements ma... ...rein of my own knowledge are true and that ...tatements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

| | | | | |
|---|---|---|---|---|
| 2 | **Full Name Of Inventor** | **Family Name**<br>BOWLING | **First Given Name**<br>Michael | **Second Given Name**<br>A. |
| 0 | **Residence & Citizenship** | **City**<br>Tucson | **State or Foreign Country**<br>Arizona | **Country of Citizenship**<br>U.S.A. |
| 1 | **Post Office Address** | **Post Office Address**<br>7931 South Avenida de Pina | **City**<br>Tucson | **State & Zip Code/Country**<br>AZ/85747/USA |
| **Signature of Inventor 201:** Michael A. Bowling | | | **Date:** 12-31-97 | |

09003246.010698



B 00108

**§ 1.56 Duty to disclose information material to patentability.**

(a) A patent by its very nature is affected with a public interest. The public interest is best served, and the most effective patent examination occurs when, at the time an application is being examined, the Office is aware of and evaluates the teachings of all information material to patentability. Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section. The duty to disclose information exists with respect to each pending claim until the claim is canceled or withdrawn from consideration, or the application becomes abandoned. Information material to the patentability of a claim that is canceled or withdrawn from consideration need not be submitted if the information is not material to the patentability of any claim remaining under consideration in the application. There is no duty to submit information which is not material to the patentability of any existing claim. The duty to disclose all information known to be material to patentability is deemed to be satisfied if all information known to be material to patentability of any claim issued in a patent was cited by the Office or submitted to the Office in the manner prescribed by §§ 1.97(b)-(d) and 1.98. However, no patent will be granted on an application in connection with which fraud on the Office was practiced or attempted or the duty of disclosure was violated through bad faith or intentional misconduct. The Office encourages applicants to carefully examine:

(1) prior art cited in search reports of a foreign patent office in a counterpart application, and

(2) the closest information over which individuals associated with the filing or prosecution of a patent application believe any pending claim patentably defines, to make sure that any material information contained therein is disclosed to the Office.

(b) Under this section, information is material to patentability when it is not cumulative to information already of record or being made of record in the application, and

(1) It establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim; or

(2) It refutes, or is inconsistent with, a position the applicant takes in:

(i) Opposing an argument of unpatentability relied on by the Office, or

(ii) Asserting an argument of patentability.

A prima facie case of unpatentability is established when the information compels a conclusion that a claim is unpatentable under the preponderance of evidence, burden-of-proof standard, giving each term in the claim its broadest reasonable construction consistent with the specification, and before any consideration is given to evidence which may be submitted in an attempt to establish a contrary conclusion of patentability.

(c) Individuals associated with the filing or prosecution of a patent application within the meaning of this section are:

(1) Each inventor named in the application:

(2) Each attorney or agent who prepares or prosecutes the application; and

(3) Every other person who is substantively involved in the preparation or prosecution of the application and who is associated with the inventor, with the assignee or with anyone to whom there is an obligation to assign the application.

(d) Individuals other than the attorney, agent or inventor may comply with this section by disclosing information to the attorney, agent, or inventor.

| APPROVED | O.G. FIG. |
|---|---|
| BY | CLASS 273 / SUBCLASS 143A |
| DRAFTSMAN | |

FIG. 3




FIG. 5




FIG. 2




FIG. 1




FIG. 4




09003246.010698

13

PRINT OF DRAWINGS AS ORIGINALLY FILED

APPROVED BY DRAFTSMAN | O.G. FIG. 4,6 | CLASS 273 | SUBCLASS 143A




FIG. 6

FIG. 7

FIG. 8

FIG. 9

09003246.010698

PRINT OF DRAWINGS AS ORIGINALLY FILED

B 00111

B 00112

| APPROVED | O.G. FIG. | |
|---|---|---|
| BY | CLASS | SUBCLASS |
| DRAFTSMAN | | |

FIG. 10




FIG. 11




FIG. 12




FIG. 13




09003246.010698

PRINT OF DRAWINGS
AS ORIGINALLY FILED

JC557 U.S. PTO
09/003246
01/06/98

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant: Michael A. Bowling
Docket: 12206.1US01
Title: RANDOM NUMBER GENERATOR FOR GAME PLAYING; AND METHODS

CERTIFICATE UNDER 37 CFR 1.10
'Express Mail' mailing label number: EM422710970US
Date of Deposit: January 6, 1998
I hereby certify that this paper or fee is being deposited with the United States Postal Service 'Express Mail Post Office To Addressee' service under 37 CFR 1.10 and is addressed to the Assistant Commissioner for Patents, Washington, D.C. 20231.

By:
Name: William Smith

BOX PATENT APPLICATION
Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

We are transmitting herewith the attached:

- ☒ Transmittal sheet, in duplicate, containing Certificate under 37 CFR 1.10.
- ☒ Utility Patent Application: Spec. 11 pgs; 20 claims; Abstract 1 pgs.
  The fee has been calculated as shown below in the 'Claims as Filed' table.
- ☒ 3 sheets of formal drawings
- ☒ Verified statement to establish small entity status
- ☒ A signed Combined Declaration and Power of Attorney
- ☒ A check in the amount of $395.00 to cover the Filing Fee
- ☒ Other: Information Disclosure Statement (37 C.F.R. 1.97(b) with Form 1449 and copies of cited references
- ☒ Return postcard

**CLAIMS AS FILED**

| Number of Claims Filed | | In Excess of: | | Number Extra | | Rate | | Fee |
|---|---|---|---|---|---|---|---|---|
| [redacted] | | [redacted] | | [redacted] | x | [redacted] | = | [redacted] |
| [redacted] | | [redacted] | | [redacted] | x | [redacted] | = | [redacted] |
| MULTIPLE DEPENDENT CLAIM FEE | | | | | | | | [redacted] |
| TOTAL FILING FEE | | | | | | | | [redacted] |

Please charge any additional fees or credit overpayment to Deposit Account No. 13-2725. A duplicate of this sheet is enclosed.

MERCHANT, GOULD, SMITH, EDELL, WELTER & SCHMIDT
3100 Norwest Center, Minneapolis, MN 55402
(612) 332-5300

By:
Name: Julie R. Daulton
Reg. No.: 36,414
Initials: JRD/cch

(PTO TRANSMITTAL - NEW FILING)

1c557 U.S. PTO 09/003246 01/06/98

S/N Not Assigned

PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicant: | Bowling | Examiner: | Not Assigned |
| Serial No.: | Not Assigned | Group Art Unit: | Not Assigned |
| Filed: | | Docket No.: | 12206.1US01 |
| Title: | RANDOM NUMBER GENERATOR FOR GAME PLAYING; AND METHODS | | |

CERTIFICATE UNDER 37 CFR 1.10:
"Express Mail" mailing label number: EM422710970US
Date of Deposit: January 6, 1998

I hereby certify that this correspondence is being deposited with the United States Postal Service "Express Mail Post Office to Addressee" service under 37 CFR 1.10 on the date indicated above and is addressed to Assistant Commissioner for Patents, Washington, D.C. 20231.

By: [signature]
Name: William Smith

## INFORMATION DISCLOSURE STATEMENT (37 C.F.R. §1.97(b))

Assistant Commissioner for Patents
Washington, D.C. 20231

Dear Sir:

With regard to the above-identified application, the items of information listed on the enclosed Form 1449 are brought to the attention of the Examiner.

This statement should be considered because it is submitted within three months of the filing date of the above-identified application. Accordingly, no fee is due for consideration of the items listed on the enclosed Form 1449.

In accordance with 37 C.F.R. §1.98(a)(2), a copy of each document or other information listed on the enclosed Form 1449 is provided.

No representation is made that a reference is "prior art" within the meaning of 35 U.S.C. §§ 102 and 103 and Applicants reserve the right, pursuant to 37 C.F.R. § 1.131 or

otherwise, to establish that the reference(s) are not "prior art." Moreover, Applicants do not represent that a reference has been thoroughly reviewed or that any relevance of any portion of a reference is intended.

Consideration of the items listed is respectfully requested. Pursuant to the provisions of M.P.E.P. 609, it is requested that the Examiner return a copy of the attached Form 1449, marked as being considered and initialled by the Examiner, to the undersigned with the next official communication.

Please charge any additional fees or credit any overpayment to Deposit Account No. 13-2725.

MERCHANT, GOULD, SMITH, EDELL, WELTER & SCHMIDT
3100 Norwest Center, Minneapolis, MN 55402
(612) 332-5300

By: [signature]
Name: Julie R. Daulton
Reg. No.: 36,414
JRD/cch

Date Mailed: January 6, 1998

Sheet 1 of 1

U.S. PTO 09/003246 01/06/98

| FORM 1449* INFORMATION DISCLOSURE STATEMENT IN AN APPLICATION (Use several sheets if necessary) | Docket Number: 12206.1US01 | Application Number: ~~Not Assigned~~ 09/003248 |
|---|---|---|
| | Applicant: Bowling | |
| | Filing Date: 1/6/98 | Group Art Unit: ~~Not Assigned~~ 3711 |

U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|
| BHL | 1,271,551 | 07/09/18 | Ebner et al. | 273 | 146 | |
| BHL | 1,795,562 | 03/10/31 | King et al. | 273 | 146 | |
| BHL | 5,150,900 | 09/29/92 | Onzo. | 273 | 146 | |
| BHL | 4,239,226 | 12/16/80 | Palmer | 273 | 146 | |
| BHL | Des. 267,569 | 01/11/83 | Polite | D21 | 41 | |
| BHL | 5,203,562 | 04/20/93 | Smith | 273 | 146 | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

FOREIGN PATENT DOCUMENTS

| | DOCUMENT NO. | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | TRANSLATION NO |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, Etc.)

| | | |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

| EXAMINER Benjamin H. Layno | DATE CONSIDERED 11/23/98 |
|---|---|

EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; draw line through citation if not in conformance and not considered. Include copy of this form for next communication to the Applicant.

*Substitute Disclosure Statement Form (PTO-1449)

Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

#3 Receipt

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicant: | BOWLING | Examiner: | UNKNOWN |
| Serial No.: | 09/003,246 | Group Art Unit: | 3711 |
| Filed: | JANUARY 6, 1998 | Docket: | 12206.1US01 |
| Due Date: | NONE | | |
| Title: | RANDOM NUMBER GENERATOR FOR GAME PLAYING; AND METHODS | | |

RECEIVED MAY 2 6 1998

OIPE JC6 MAY - 4 1998 PATENT & TRADEMARK OFFICE

CERTIFICATE UNDER 37 CFR 1.8: The undersigned hereby certifies that this Transmittal Letter and the paper, as described hereinabove, are being deposited in the United States Postal Service, as first class mail, in an envelope addressed to: Assistant Commissioner for Patents, Washington, D.C. 20231, on 29 APRIL, 1998.

By: Candis Bowling

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

We are transmitting herewith the attached:

☒ Transmittal Sheet in duplicate containing Certificate of Mailing
☒ Other: Request for Corrected Filing Receipt, with copy of filing receipt indicating correction
☒ Return postcard

Please consider this a PETITION FOR EXTENSION OF TIME for a sufficient number of months to enter these papers, if appropriate. Please charge any additional fees or credit overpayment to Deposit Account No. 13-2725. A duplicate of this sheet is enclosed.

MERCHANT, GOULD, SMITH, EDELL,
WELTER & SCHMIDT
3100 Norwest Center, Minneapolis, MN 55402
(612) 332-5300

By:
Name: Julie R. Daulton
Reg. No.: 36,414
JRD:PSTcbb

(PTO TRANSMITTAL - GENERAL)

S/N 09/003,246

PATENT

RECE
MAY 2 6 1998
GROUP 3200

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicant: | BOWLING | Examiner: | UNKNOWN |
| Serial No.: | 09/003,246 | Group Art Unit: | 3711 |
| Filed: | JANUARY 6, 1998 | Docket No.: | 12206.1US01 |
| Title: | RANDOM NUMBER GENERATOR FOR GAME PLAYING; AND METHODS | | |

OIPE
MAY - 4 1998
PATENT & TRADEMARK OFFICE

CERTIFICATE UNDER 37 CFR 1.8:
I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Assistant Commissioner for Patents, Washington, D.C. 20231 on 29 APRIL 1998 1998.

CANDIS BRENDLING

## REQUEST FOR CORRECTED FILING RECEIPT

Assistant Commissioner for Patents
Washington, D.C. 20231

Dear Sir:

Enclosed is a photocopy of the filing receipt from the United States Patent and Trademark Office in the above-identified application showing requested corrections. The filing receipt is erroneous in the following respects as reflected in the papers originally filed: The title contains a misspelling.

The title should read: **RANDOM NUMBER GENERATOR FOR GAME PLAYING; AND METHODS.**

Correction of the records of the United States Patent and Trademark Office and issuance of a corrected filing receipt are respectfully solicited.

Respectfully submitted,

MERCHANT, GOULD, SMITH, EDELL,
WELTER & SCHMIDT, P.A.
3100 Norwest Center
90 South Seventh Street
Minneapolis, MN 55402
612/332-5300

Date: 29 APRIL, 1998

Julie R. Daulton
Reg. No. 36,414
JRD:PSTcbb

PTO-103X
(Rev. 8-95)

FILING RECEIPT

OIPE MAY - 4 1998 JC68 PATENT & TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
ASSISTANT SECRETARY AND COMMISSIONER
OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING DATE | GRP ART UNIT | FIL FEE REC'D | ATTORNEY DOCKET NO. | DRWGS | TOT CL | IND CL |
|---|---|---|---|---|---|---|---|
| 09/003,246 | 01/06/98 | 3711 | $395.00 | 122061US01 | 3 | 20 | 2 |

RECEIVED MAY 2 6 1998 GROUP 3200

JRD
MERCHANT GOULD SMITH EDELL
WELTER & SCHMIDT
3100 NORTHWEST CENTER
90 SOUTH SEVENTH STREET
MINNEAPOLIS MN 55402-4131

Receipt is acknowledged of this nonprovisional Patent Application. It will be considered in its order and you will be notified as to the results of the examination. Be sure to provide the U.S. APPLICATION NUMBER, FILING DATE, NAME OF APPLICANT, and TITLE OF INVENTION when inquiring about this application. Fees transmitted by check or draft are subject to collection. Please verify the accuracy of the data presented on this receipt. If an error is noted on this Filing Receipt, please write to the Application Processing Division's Customer Correction Branch within 10 days of receipt. Please provide a copy of the Filing Receipt with the changes noted thereon.

Applicant(s)

✓MICHAEL A. BOWLING, TUCSON, AZ.

FOREIGN FILING LICENSE GRANTED 04/03/98 * SMALL ENTITY *

TITLE

RANDOM ~~RADOM~~ NUMBER GENERATOR FOR GAME PLAYING; AND METHODS

PRELIMINARY CLASS: 273

RECEIVED
APR 0 9 1998 DV
MERCHANT & GOULD
MINNEAPOLIS, MN 55402

(see reverse)

# *Interview Summary*

| Application No. | Applicant(s) |
| --- | --- |
| 09/003,246 | Michael A. Bowling |
| **Examiner** | **Group Art Unit** |
| Benjamin H. Layno | 3711 |

All participants (applicant, applicant's representative, PTO personnel):

(1) *Benjamin H. Layno* (3) ____

(2) *Julie R. Daulton* (4) ____

Date of Interview *Nov 23, 1998*

Type: ☒ Telephonic ☐ Personal (copy is given to ☐ applicant ☐ applicant's representative).

Exhibit shown or demonstration conducted: ☐ Yes ☒ No. If yes, brief description:

Agreement ☒ was reached. ☐ was not reached.

Claim(s) discussed: *1 and 17*

Identification of prior art discussed:
*U.S. Patent No. 5,224,708 Gathman et al.*

Description of the general nature of what was agreed to if an agreement was reached, or any other comments:
*The Examiner indicated that independent claims 1 and 17 did not overcome the prior art to Gathman et al., however, the Examiner indicated allowable subject matter. The Examiner and the Applicant's representative agreed to an amendment to adding claim language to claims 1 and 17 that would make the present application allowable.*

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached. Also, where no copy of the amendents which would render the claims allowable is available, a summary thereof must be attached.)

1. ☒ It is not necessary for applicant to provide a separate record of the substance of the interview.

Unless the paragraph above has been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW. (See MPEP Section 713.04). If a response to the last Office action has already been filed, APPLICANT IS GIVEN ONE MONTH FROM THIS INTERVIEW DATE TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.

2. ☐ Since the Examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action. Applicant is not relieved from providing a separate record of the interview unless box 1 above is also checked.

Examiner Note: You must sign and stamp this form unless it is an attachment to a signed Office action.

FROM MERCHANT&GOULD-MPLS (MON) 11. 23' 98 11:-- /NO. 3560721975 P 1

# MERCHANT & GOULD

3100 Norwest Center
90 South Seventh Street
Minneapolis, MN 55402-4131

DRAFT

**FAX TRANSMISSION**

INFORMAL

Time:

TO: Assistant Commissioner for Patents
Attn: Examiner Benjamin Layno
Patent Examining Corps
Facsimile Center
Washington, D.C. 20231

FROM: Julie Daulton

OUR REF: 12206.1US01
TELEPHONE: 612-336-4724

Total pages, including cover letter: 3

PTO FAX NUMBER 1-703-308-7768

If you do NOT receive all of the pages, please telephone us at 612/336-4724, or fax us at 612/332-9081.

| | |
|---|---|
| Title of Document Transmitted: | Proposed claim amendment |
| Applicant: | Michael Bowling |
| Serial No.: | 09/003,246 |
| Filed: | January 6, 1998 |
| Group Art Unit: | 3711 |
| Our Ref. No.: | 12206.1US01 |

Please charge any additional fees or credit overpayment to Deposit Account No. 13-2725.

By: [signature]
Name: Julie R. Daulton
Reg. No.: 36,414

I hereby certify that this paper is being transmitted by facsimile to the U.S. Patent and Trademark Office on the date shown below.

Julie R. Daulton

[signature]
Signature

23 November 1998
Date

DELIVER TO EXAMINER LAYNO ASAP!

GEN033.DOT

FROM MERCHANT&GOULD-MPLS (MON) 11. 23'98 11 /NO. 3560721975 P 2

DRAFT

Please amend claims 1 and 17 as follows:

1. (Amended) A die construction comprising:

(a) a body having first and second, opposite end caps and an extension member therebetween;

(b) said extension member having a first number of discrete facets and no more than said first number;

(i) each of said discrete facets being identically shaped and having equal surface areas;

(c) said first end cap having a second number of discrete facets and no more than said second number; said second number being one-half of said first number;

(i) each of said first end cap discrete facets being identically shaped and having equal surface areas; [and]

(d) said second end cap having said second number of discrete facets and no more than said second number;

(i) each of said second end cap discrete facets being shaped identically as said first end cap discrete facets; and each of said second end cap discrete facets having a surface area equal to a surface area of each of said first end cap discrete facets; and

(e) each of said discrete facets of said extension member having a surface area that is different from a surface area of each of said discrete facets of said first and second end caps.

17. (Amended) A die comprising:

(a) a body including a first end cap, a second end cap, and an extension member in extension therebetween;

(b) said first end cap including a first number of facets and no more than said first number; said second end cap including a second number of facets and no more than said second number; and said extension member defining a third number of facets and no more than said third number;

(i) said first number being equal to one-fourth of a total of said first number and said second number and said third number;

(ii) said second number being equal to one-fourth of the total of said first number and said second number and said third number;

(iii) each of said extension member facets being equal in surface area;

(iv) each of said extension member facets being triangular-shaped; [and]

[(iv)] (v) each of said extension member facets having indicia thereon indicating a number; and

(vi) each of said extension member facets having a surface area that is different from a surface area of each of said first and second end cap facets.

| Notice of Allowability | Application No. 09/003,246 | Applicant(s) Michael A. Bowling |
|---|---|---|
| | Examiner Benjamin H. Layno | Group Art Unit 3711 |

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance and Issue Fee Due or other appropriate communication will be mailed in due course.

☒ This communication is responsive to *the interview on 11/23/98*.

☒ The allowed claim(s) is/are *1-17*.

☒ The drawings filed on *Jan 6, 1998* are acceptable.

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been

☐ received.

☐ received in Application No. (Series Code/Serial Number) ________.

☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

*Certified copies not received: ________.

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE THREE MONTHS FROM THE "DATE MAILED" of this Office action. Failure to timely comply will result in ABANDONMENT of this application. Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION, PTO-152, which discloses that the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.

☐ Applicant MUST submit NEW FORMAL DRAWINGS

☐ because the originally filed drawings were declared by applicant to be informal.

☐ including changes required by the Notice of Draftsperson's Patent Drawing Review, PTO-948, attached hereto or to Paper No. ____.

☐ including changes required by the proposed drawing correction filed on ________, which has been approved by the examiner.

☐ including changes required by the attached Examiner's Amendment/Comment.

**Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the reverse side of the drawings. The drawings should be filed as a separate paper with a transmittal lettter addressed to the Official Draftsperson.**

☐ Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

Any response to this letter should include, in the upper right hand corner, the APPLICATION NUMBER (SERIES CODE/SERIAL NUMBER). If applicant has received a Notice of Allowance and Issue Fee Due, the ISSUE BATCH NUMBER and DATE of the NOTICE OF ALLOWANCE should also be included.

**Attachment(s)**

☒ Notice of References Cited, PTO-892
☒ Information Disclosure Statement(s), PTO-1449, Paper No(s). *1*
☒ Notice of Draftsperson's Patent Drawing Review, PTO-948
☐ Notice of Informal Patent Application, PTO-152
☒ Interview Summary, PTO-413
☒ Examiner's Amendment/Comment
☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material
☒ Examiner's Statement of Reasons for Allowance

U. S. Patent and Trademark Office
PTO-37 (Rev. 9-95) Notice of Allowability Part of Paper No. 5

B 00124

Application/Control Number: 09/003246 Page 2

Art Unit: 3711

## EXAMINER'S AMENDMENT

1. An examiner's amendment to the record appears below. Should the changes and/or additions be unacceptable to applicant, an amendment may be filed as provided by 37 CFR 1.312. To ensure consideration of such an amendment, it MUST be submitted no later than the payment of the issue fee.

Authorization for this examiner's amendment was given in a telephone interview with Julian R. Daulton on 11/23/98.

2. The application has been amended as follows:

In claim 1, line 18 "." has been changed to --; and--.

In claim 1, below line 18 the following paragraph:

--(e) each of said discrete facets of said extension member having a surface area that is different from a surface area of each of said discrete facets of said first and second end caps.-- has been inserted.

In claim 17, line 14 "and" has been deleted.

In claim 17, line 15 "(iv)" has been changed to --(v)--.

In claim 17, line 16 "." has been changed to --; and--

In claim 17, below line 16 the following paragraph:

--(vi) each of said extension member facets having a surface area that is different from a surface area of each of said first and second end cap facets.-- has been inserted.

B 00125

In the title "; And Methods" has been deleted.

3. The following is an examiner's statement of reasons for allowance:

The patent to Gathman et al. discloses a 20-sided die having a first end cap, a second end cap and an extension member. The first and second end caps each have an equal number of triangular shaped facets, five each. The extension member has a number of triangular shaped facets, twice as many as each of the end cap facets, ten. All the facets of the 20-sided die have the same surface area. None of the cited references alone or in combination teach the claimed "each of said extension member facets having a surface area that is different from a surface area of each of said first and second end cap facets".

Any comments considered necessary by applicant must be submitted no later than the payment of the issue fee and, to avoid processing delays, should preferably accompany the issue fee. Such submissions should be clearly labeled "Comments on Statement of Reasons for Allowance."

4. Any inquiry concerning this communication or earlier communications from the examiner should be directed to Benjamin H. Layno whose telephone number is (703) 308-1815.

For **official** fax communications to be officially entered in the application the fax number is (703) 305-3579.

For **informal** fax communications the fax number is (703) 308-7768.

Any inquiry of a general nature or relating to the **status of this application** or proceeding should be directed to the receptionist whose telephone number is (703) 308-1148.

Any inquiry concerning the **drawings** should be directed to the Drafting Division whose telephone number is (703) 305-8335.

bhl

November 23, 1998

Benjamin H. Layno

Primary Examiner

Art Unit 3711

FORM PTO 948 (REV. 01-97) U.S. DEPARTMENT OF COMMERCE-Patent and Trademark Office

Application No. 0032416

# NOTICE OF DRAFTPERSON'S PATENT DRAWING REVIEW

~~The drawing~~ filed (insert date) 1/16/98 are:

A.______ not objected to by the Draftperson under 37 CFR 1.84 or 1.152.

B.______ objected to by the Draftperson under 37 CFR 1.84 or 1.152 as indicated below. The Examiner will require submission of new, corrected drawings when necessary. Corrected drawings must be submitted according to the instructions on the back of this notice.

1. DRAWINGS. 37 CFR 1.84(a): Acceptable categories of drawings: Black ink. Color.
   - ____ Color drawing are not acceptable until petition is granted. Fig.(s)____
   - ____ Pencil and non black ink is not permitted. Fig(s)____
2. PHOTOGRAPHS. 37 CFR 1.84(b)
   - ____ Photographs are not acceptable until petition is granted.
   - ____ 3 full-tone sets are required. Fig(s)____
   - ____ Photographs not properly mounted (must brystol board or photographic double-weight paper). Fig(s)____
   - ____ Poor quality (half-tone). Fig(s)____
3. TYPE OF PAPER. 37 CFR 1.84(e)
   - ____ Paper not flexible, strong, white and durable. Fig.(s)____
   - ____ Erasures, alterations, overwritings, interlineations, folds, copy machine marks not acceptable. (too thin)
   - ____ Mylar, vellum paper is not acceptable (too thin). Fig(s)____
4. SIZE OF PAPER. 37 CFR 1.84(f): Acceptable sizes:
   - ____ 21.0 cm by 29.7 cm (DIN size A4)
   - ____ 21.6 cm by 27.9 cm (8 1/2 x 11 inches)
   - ____ All drawings sheets not the same size. Sheet(s)____
5. MARGINS. 37 CFR 18.4(g): Acceptable margins:
   - Top 2.5 cm Left 2.5 cm Right 1.5 cm Bottom 1.0 cm SIZE: A4 Size
   - Top 2.5 cm Left 2.5 cm Right 1.5 cm Bottom 1.0 cm SIZE: 8 1/2 x 11
   - ____ Margins not acceptable. Fig(s)____
   - ____ Top (T) ____ Left (L)
   - ____ Right (R) ____ Bottom (B)
6. VIEWS. CFR 1.84(h)
   REMINDER: Specification may require revision to correspond to drawing changes.
   - ____ Views connected by projection lines or lead lines. Fig.(s)____

   Partial views. 37 CFR 1.84(h)(2)
   - ____ Brackets needed to show figure as one entity. Fig.(s)____
   - ____ Views not labeled separately or properly. Fig.(s)____
   - ____ Enlarged view not labeled separately or properly. Fig.(s)____
7. SECTIONAL VIEWS. 37 CFR 1.84(h)(3)
   - ____ Hatching not indicated for sectional portions of an object. Fig.(s)____
   - ____ Sectional designation should be noted with Arabic or Roman numbers. Fig.(s)____
8. ARRANGEMENT OF VIEWS. 37 CFR 1.84(i)
   - ____ Words do not appear on a horizontal, left-to-right fashion when page is either upright or turned, so that the top becomes the right side, except for graphs. Fig.(s)____
   - ____ Views not on the same plane on drawing sheet. Fig.(s)____
9. SCALE. 37 CFR 1.84(k)
   - ____ Scale not large enough to show mechanism with crowding when drawing is reduced in size to two-thirds in reproduction. Fig.(s)____
10. CHARACTER OF LINES, NUMBERS, & LETTERS. 37 CFR 1.84(l)
    - ____ Lines, numbers & letters not uniformly thick and well defined, clean, durable and black (poor line quality). Fig.(s)____
11. SHADING. 37 CFR 1.84(m)
    - ____ Solid black areas pale. Fig.(s)____
    - ____ Solid black shading not permitted. Fig.(s)____
    - ____ Shade lines, pale, rough and blurred. Fig.(s)____
12. NUMBERS, LETTERS, & REFERENCE CHARACTERS. 37 CFR 1.48(p)
    - ____ Numbers and reference characters not plain and legible. Fig.(s)____
    - ____ Figure legends are poor. Fig.(s)____
    - ____ Numbers and reference characters not oriented in the same direction as the view. 37 CFR 1.84(p)(1) Fig.(s)____
    - ____ English alphabet not used. 37 CFR 1.84(p)(2) Fig.(s)____
    - ____ Numbers, letters and reference characters must be at least .32 cm (1/8 inch) in height. 37 CFR 1.84(p)(3) Fig.(s)____
13. LEAD LINES. 37 CFR 1.84(q)
    - ____ Lead lines cross each other. Fig.(s)____
    - ____ Lead lines missing. Fig.(s)____
14. NUMBERING OF SHEETS OF DRAWINGS. 37 CFR 1.48(t)
    - ____ Sheets not numbered consecutively, and in Ababic numerals beginning with number 1. Fig.(s)____
15. NUMBERING OF VIEWS. 37 CFR 1.84(u)
    - ____ Views not numbered consecutively, and in Abrabic numerals, beginning with number 1. Fig.(s)____
16. CORRECTIONS. 37 CFR 1.84(w)
    - ____ Corrections not made from PTO-948 dated____
17. DESIGN DRAWINGS. 37 CFR 1.152
    - ____ Surface shading shown not appropriate. Fig.(s)____
    - ____ Solid black shading not used for color contrast. Fig.(s)____

COMMENTS

REVIEWER A.D DATE 4/7/98 TELEPHONE NO. 7033058401

ATTACHMENT TO PAPER NO.____

PTO COPY

B 00128

| **Notice of References Cited** | Application No. 09/003,246 | Applicant(s) Michael A. Bowling | |
|---|---|---|---|
| | Examiner Benjamin H. Layno | Group Art Unit 3711 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| | | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|
| X | A | 5,224,708 | 7-1993 | Gathman et al. | 273 | 146 |
| | B | | | | | |
| | C | | | | | |
| | D | | | | | |
| | E | | | | | |
| | F | | | | | |
| | G | | | | | |
| | H | | | | | |
| | I | | | | | |
| | J | | | | | |
| | K | | | | | |
| | L | | | | | |
| | M | | | | | |

**FOREIGN PATENT DOCUMENTS**

| | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|---|
| | N | | | | | | |
| | O | | | | | | |
| | P | | | | | | |
| | Q | | | | | | |
| | R | | | | | | |
| | S | | | | | | |
| | T | | | | | | |

**NON-PATENT DOCUMENTS**

| | | DOCUMENT (Including Author, Title, Source, and Pertinent Pages) | DATE |
|---|---|---|---|
| | U | | |
| | V | | |
| | W | | |
| | X | | |

U. S. Patent and Trademark Office
PTO-892 (Rev. 9-95)

Notice of References Cited

Part of Paper No. 5

UNITED STA...S DEPARTMENT OF COMMERCE
Patent and Trademark Office

# NOTICE OF ALLOWANCE AND ISSUE FEE DUE

QM11/1125

MERCHANT GOULD SMITH EDELL
WELTER & SCHMIDT
3100 NORTHWEST CENTER
90 SOUTH SEVENTH STREET
MINNEAPOLIS MN 55402-4131

| APPLICATION NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 09/003,246 | 01/06/98 | 020 | LAYNO, B | 3711 | 11/25/.. |

First Named Applicant: BOWL, INC. 35 USC 154(b) term ext. - 0 Days.

TITLE OF INVENTION: RANDOM NUMBER GENERATOR FOR GAME PLAYING (AS AMENDED)

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 3 12206.10C01 | 273-149.00A | M10 | UTILITY | YES | $605.00 | 02/25/.. |

***THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED.***

***THE ISSUE FEE MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED.***

## *HOW TO RESPOND TO THIS NOTICE:*

I. Review the SMALL ENTITY status shown above.
If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

A. If the status is changed, pay twice the amount of the FEE DUE shown above and notify the Patent and Trademark Office of the change in status, or

B. If the status is the same, pay the FEE DUE shown above.

If the SMALL ENTITY is shown as NO:

A. Pay FEE DUE shown above, or

B. File verified statement of Small Entity Status before, or with, payment of 1/2 the FEE DUE shown above.

II. Part B-Issue Fee Transmittal should be completed and returned to the Patent and Trademark Office (PTO) with your ISSUE FEE. Even if the ISSUE FEE has already been paid by charge to deposit account, Part B Issue Fee Transmittal should be completed and returned. If you are charging the ISSUE FEE to your deposit account, section "4b" of Part B-Issue Fee Transmittal should be completed and an extra copy of the form should be submitted.

III. All communications regarding this application must give application number and batch number.
Please direct all communications prior to issuance to Box ISSUE FEE unless advised to the contrary.

***IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.***

PATENT AND TRADEMARK OFFICE COPY

PTOL-85 (REV. 10-96) Approved for use through 06/30/99. (0651-0033)

E. Chan 4-29-99

S/N 09/003,246

PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

6 Ltr re notice allowability

| | | | |
|---|---|---|---|
| Applicant: | BOWLING | Examiner: | B. LAYNO |
| Serial No.: | 09/003,246 | Group Art Unit: | 3711 |
| Filed: | JANUARY 6, 1998 | Docket No.: | 12206.1US01 |
| Allowed: | November 25, 1998 | Batch No.: | M10 |
| Title: | RANDOM NUMBER GENERATOR FOR GAME PLAYING (As Amended) | | |

CERTIFICATE UNDER 37 CFR 1.6(d): The undersigned hereby certifies that this correspondence is being transmitted by facsimile to: Attn.: Examiner B. Layno, Group 3711, Assistant Commissioner for Patents, Washington, D.C. 20231, on December 1, 1998.

By: [signature]
Name: Julie Dauffey

FAX RECEIVED DEC - 1 1998 Group 3700

COMMUNICATION TO THE EXAMINER

Assistant Commissioner for Patents
Washington, D.C. 20231

Dear Sir:

Applicant has received the Notice of Allowance and Notice of Allowability mailed November 25, 1998.

In conducting a final review of this application, it was noted that on the Notice of Allowability, the Examiner indicated that the allowed claims are "1–17." On the Notice of Allowance, it is indicated that 20 total claims have been allowed.

It appears that the Examiner's indication that only claims "1–17" are allowed is a typographical error. Applicant has not cancelled claims 18–20. Further, the Notice of Allowance indicates that 20 total claims has been allowed. Therefore, Applicant believes that the Examiner intended to write that the allowed claims are "1–20."

The Examiner is requested to clarify the record.

If the Examiner has any questions regarding this communication, he is invited to telephone the undersigned at the below-listed telephone number.

Respectfully submitted,

MERCHANT, GOULD, SMITH, EDELL,
WELTER & SCHMIDT, P.A.
3100 Norwest Center
90 South Seventh Street
Minneapolis, MN 55402
612/332-5300

Date: December 1, 1998

Julie R. Daulton
Reg. No. 36,414
JRD:PSTcbb

FROM MERCHANT&GOULD-MPLS (TUE) 12. 01'98 1' '3 /NO. 3560721166 P 1

7500

# MERCHANT & GOULD

3100 Norwest Center
90 South Seventh Street
Minneapolis, MN 55402–4131

RECEIVED
FEB 22 1999
TECHNOLOGY CENTER 37

## FAX TRANSMISSION

TO: Assistant Commissioner for Patents
Attn: Examiner Benjamin Layno (GAU 3711)
Patent Examining Corps
Facsimile Center
Washington, D.C. 20231

FROM: Julie R. Daulton

OUR REF: 12206.1US01
TELEPHONE: 612/336–4724

Total pages, including cover letter: 3

RECEIVED
APR 15 1999
Publishing Division
Corres/Allowed Files

**PTO FAX NUMBER** 1–703–305–3579

If you do NOT receive all of the pages, please telephone us at 612/336–4724, or fax us at 612/332–9081.

| | |
|---|---|
| Title of Document: | Communication to the Examiner |
| Applicant: | Bowling |
| Serial No.: | 09/003,246 |
| Filed: | January 6, 1998 |
| Group Art Unit: | 3711 |
| Our Ref. No.: | 12206.1US01 |
| Allowed: | November 25, 1998 |
| Batch No.: | M10 |

FAX RECEIVED
DEC - 1 1998
Group 3700

Please charge any additional fees or credit overpayment to Deposit Account No. 13–2725.

By: [signature]
Name: Julie R. Daulton
Reg. No.: 36,414

I hereby certify that this paper is being transmitted by facsimile to the U.S. Patent and Trademark Office on the date shown below.

[signature]
Signature

12-1-98
Date

08N033 DOT

B 00133

**PART B—ISSUE FEE TRANSMITTAL**

Complete and mail this form, together with applicable fees, to: **Box ISSUE FEE**
**Assistant Commissioner for Patents**
**Washington, D.C. 20231**

OIPE
FEB 04 1999
PATENT & TRADEMARK OFFICE
JC25

3-1-99

RECEIVED
Publishing Division

***MAILING INSTRUCTIONS:*** This form should be used for transmitting the ISSUE FEE. Blocks 1 through 4 should be completed where appropriate. All further correspondence including the Issue Fee Receipt, the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Legibly mark-up with any corrections or use Block 1)

MERCHANT GOULD SMITH EDELL
WELTER & SCHMIDT
3100 NORWEST CENTER
90 SOUTH SEVENTH STREET
MINNEAPOLIS MN 55402-4131

Note: The certificate of mailing below can only be used for domestic mailings of the Issue Fee Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing.

**Certificate of Mailing**

I hereby certify that this Issue Fee Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Box Issue Fee address above on the date indicated below.

Kristine A. Wacek (Depositor's name)
Kristine A. Wacek (Signature)
February 1, 1999 (Date)

| APPLICATION NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | DATE MAILED |
|---|---|---|---|---|
| 09/003,246 | 01/06/98 | 020 | LAYNO, B 3711 | 11/25 |

First Named Applicant [illegible] 35 USC 154(b) term ext. = 0 Days.

TITLE OF INVENTION RANDOM NUMBER GENERATOR FOR GAME PLAYING (AS AMENDED)

RECEIVED
Publishing Division
1999

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| [illegible] | 273-143.00A | M10 | UTILITY | NO | $605.00 | 02/25/[illegible] |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363). Use of PTO form(s) and Customer Number are recommended, but not required.

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47) attached.

2. For printing on the patent front page, list (1) the names of up to 3 registered patent attorneys or agents OR, alternatively, (2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 Merchant, Gould,
2 Smith, Edell, Welter
3 & Schmidt, P.A.

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)
PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the PTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment.
(A) NAME OF ASSIGNEE

(B) RESIDENCE: (CITY & STATE OR COUNTRY)

Please check the appropriate assignee category indicated below (will not be printed on the patent)
☐ individual ☐ corporation or other private group entity ☐ government

4a. The following fees are enclosed (make check payable to Commissioner of Patents and Trademarks):
☒ Issue Fee
☒ Advance Order - # of Copies 11

4b: The following fees or deficiency in these fees should be charged to:
DEPOSIT ACCOUNT NUMBER 13-2725
(ENCLOSE AN EXTRA COPY OF THIS FORM)
☐ Issue Fee
☐ Advance Order - # of Copies

The COMMISSIONER OF PATENTS AND TRADEMARKS IS requested to apply the Issue Fee to the application identified above.

(Authorized Signature) [signature] (Date) 1 February 1999

NOTE: The Issue Fee will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the Patent and Trademark Office.

02/08/1999 RTSEGAYI 00000037 09003246

01 FC:242 605.00 OP
02 FC:561 33.00 OP

***Burden Hour Statement:*** This form is estimated to take 0.2 hours to complete. Time will vary depending on the needs of the individual case. Any comments on the amount of time required to complete this form should be sent to the Chief Information Officer, Patent and Trademark Office, Washington, D.C. 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND FEES AND THIS FORM TO: Box Issue Fee, Assistant Commissioner for Patents, Washington D.C. 20231

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

**TRANSMIT THIS FORM WITH FEE**

OIPE JC25
FEB 04 1999
PATENT & TRADEMARK OFFICE

B $

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

RECEIVED
Publishing Division
FEB 19 1999

16

| | | | |
|---|---|---|---|
| Applicant: | BOWLING | Examiner: | B. LAYNO |
| Serial No.: | 09/003,246 | Group Art Unit: | 3711 |
| Filed: | JANUARY 6, 1998 | Docket: | 12206.1US01 |
| Notice of Allow. Date: | NOVEMBER 25, 1998 | Batch No.: | M10 |
| Due Date: | FEBRUARY 25, 1999 | | |
| Title: | RANDOM NUMBER GENERATOR FOR GAME PLAYING (AS AMENDED) | | |

CERTIFICATE UNDER 37 CFR 1.8: The undersigned hereby certifies that this Transmittal Letter and the paper, as described herein, are being deposited in the United States Postal Service, as first class mail, with sufficient postage, in an envelope addressed to: Box Issue Fee Assistant Commissioner for Patents, Washington, D.C. 20231, on February 1, 1999.

By: Kristine A. Wacek
Kristine A. Wacek

Box Issue Fee
Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

We are transmitting herewith the attached:

- ☒ Transmittal Sheet in duplicate containing Certificate of Mailing
- ☒ Check(s) in the amount of $605.00, for patent issue fee
- ☒ Check(s) in the amount of $33.00, for patent copies
- ☒ Other: Part B – Issue Fee Transmittal (Form PTOL-85B)
- ☒ Return postcard

Please consider this a PETITION FOR EXTENSION OF TIME for a sufficient number of months to enter these papers, if appropriate. Please charge any additional fees or credit overpayment to Deposit Account No. 13-2725. A duplicate of this sheet is enclosed.

MERCHANT, GOULD, SMITH, EDELL,
WELTER & SCHMIDT
3100 Norwest Center, Minneapolis, MN 55402
(612) 332-5300

By: [signature]
Name: Julie R. Daulton
Reg. No.: 36,414
JRD:PSTkaw

(PTO TRANSMITTAL – GENERAL)

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 09/003,246 | 01/06/98 | BOWLING | M 122061US01 |

QM21/0504

MERCHANT GOULD SMITH EDELL
WELTER & SCHMIDT
3100 NORTHWEST CENTER
90 SOUTH SEVENTH STREET
MINNEAPOLIS MN 55402-4131

| EXAMINER | |
|---|---|
| LAYNO, B | |
| ART UNIT | PAPER NUMBER |
| 3711 | 7 |

DATE MAILED: 05/04/99

# INTERVIEW SUMMARY

All participants (applicant, applicant's representative, PTO personnel):

(1) Benjamin Layno (3) ____

(2) Julie Doulton (4) ____

Date of Interview 5/3/99

Type: ☒ Telephonic ☐ Personal (copy is given to ☐ applicant ☐ applicant's representative).

Exhibit shown or demonstration conducted: ☐ Yes ☒ No If yes, brief description: ____

Agreement ☒ was reached. ☐ was not reached.

Claim(s) discussed: ____

Identification of prior art discussed: ____

Description of the general nature of what was agreed to if an agreement was reached, or any other comments: In response to a letter sent by FAX from the Applicant's Representative on 12/1/98, the Examiner notified the Applicant's Representative that the Notice of Allowability is in error. The Notice of Allowability should read: Claims 1-20 are allowed.

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached. Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

1. ☒ It is not necessary for applicant to provide a separate record of the substance of the interview.

Unless the paragraph above has been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW. (See MPEP Section 713.04). If a response to the last Office action has already been filed, APPLICANT IS GIVEN ONE MONTH FROM THIS INTERVIEW DATE TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.

2. ☐ Since the Examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action. Applicant is not relieved from providing a separate record of the interview unless box 1 above is also checked.

Examiner Note: You must sign this form unless it is an attachment to another form.

Benjamin H. Layno
Benjamin H. Layno
Primary Examiner

FORM PTOL-413 (REV.1-96)

* U.S. GPO: 1996-410-232/40051

B 00136

OIPE AUG 2 3 2000 PATENT & TRADEMARK OFFICE

#8/Change of Address B. Queen 6/22/01

PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicant: | BOWLING | Docket No.: | 12206.1US01 |
| Patent No.: | 5,938,197 | | |
| Issued: | AUGUST 17, 1999 | | |
| Title: | RANDOM NUMBER GENERATOR FOR GAME PLAYING | | |

CERTIFICATE UNDER 37 CFR 1.8: The undersigned hereby certifies that this correspondence is being deposited in the United States Postal Service, as first class mail, with sufficient postage, in an envelope addressed to: Assistant Commissioner for Patents, Washington, D.C. 20231 on August 14, 2000.

By: Michele A. Read
Name: Michele A. Read

RECEIVED AUG 31 2000 CERTIFICATES OF CORRECTION

**CHANGE OF ADDRESS**

Commissioner for Patents
Washington, D.C. 20231

Dear Sir:

Please change the correspondence address for the above-referenced patent to:

Merchant & Gould P.C.
P.O. Box 2903
Minneapolis, Minnesota 55402-0903

If there are any questions regarding this matter, please call the undersigned at 612.332.5300.

Respectfully submitted,

MERCHANT & GOULD P.C.
P.O. Box 2903
Minneapolis, Minnesota 55402-0903
(612) 332-5300

Date: 14 August 2000

Julie R. Daulton
Reg. No. 36,414
JRD:PSTkaw

23552
PATENT TRADEMARK OFFICE

B 00137

OIPE JC102 AUG 23 2000 PATENT & TRADEMARK OFFICE

#9/Req for C of C
B. Queer 6/22/01

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant: BOWLING Docket: 12206.1US01
Patent No.: 5,938,197
Issued: AUGUST 17, 1999
Title: RANDOM NUMBER GENERATOR FOR GAME PLAYING

CERTIFICATE UNDER 37 CFR 1.8:
I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail, with sufficient postage, in an envelope addressed to: Commissioner of Patents and Trademarks, Washington, D.C. 20231 on August 14, 2000.

REVIEW

Michele A. Read
Michele A. Read

Commissioner of Patents and Trademarks
Washington, D.C. 20231

PUBLISH
SPE 2821 6/19/01

Sir:

We are transmitting herewith the attached:

- ☒ Transmittal Sheet in duplicate containing Certificate of Mailing
- ☒ Request for Certificate of Correction
- ☒ Certificate of Correction, in duplicate
- ☒ Other: Change of Address
- ☒ Return postcard

RECEIVED AUG 31 2000 CERTIFICATES OF CORRECTION

Please consider this a PETITION FOR EXTENSION OF TIME for a sufficient number of months to enter these papers, if appropriate. Please charge any additional fees or credit overpayment to Deposit Account No. 13-2725. A duplicate of this sheet is enclosed.

MERCHANT & GOULD P.C.
P.O. Box 2903, Minneapolis, MN 55402-0903
(612) 332-5300

23552
PATENT TRADEMARK OFFICE

By: [signature]
Name: Julie R. Daulton
Reg. No.: 36,414
JRD:PSTkaw

APPROVED
JUN 22 2001
Bernadette D. Queer
FOR THE COMMISSIONER OF PAT & TM.

(PTO TRANSMITTAL - POST ISSUANCE)

OIPE JC102 AUG 2 3 2000 PATENT & TRADEMARK OFFICE

PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Patent No.: | 5,938,197 | Docket: | 12206.1US01 |
| Issue Date: | AUGUST 17, 1999 | Patentee: | BOWLING |
| Title: | RANDOM NUMBER GENERATOR FOR GAME PLAYING | | |

CERTIFICATE UNDER 37 CFR 1.8:
I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail, with sufficient postage, in an envelope addressed to: Commissioner of Patents and Trademarks, Washington, D.C. 20231 on August 14, 2000.

Michele A. Read
Michele A. Read

**REQUEST FOR CERTIFICATE OF CORRECTION**

Commissioner of Patents
and Trademarks
Washington, D. C. 20231

RECEIVED AUG 31 2000 CERTIFICATES OF CORRECTION

Sir:

It is requested that a Certificate of Correction be issued correcting printing errors appearing in the above-identified United States patent. Two copies of the text of the Certificate in the suggested form are enclosed.

☐ As some of the errors listed are due to Applicant's mistake, our check in the amount of $ is enclosed to cover the Certificate fee.

☒ As none of the errors listed is due to Applicant's mistake, no fee is necessary in connection with this Certificate.

Issuance of the Certificate of Correction would neither expand nor contract the scope of the claims, and re-examination is not required.

Respectfully submitted,

MERCHANT & GOULD P.C.
P.O. Box 2903
Minneapolis, Minnesota 55402-0903
(612) 332-5300

Date: 14 August 2000

Julie R. Daulton
Reg. No. 36,414
JRD:PSTkaw

23552
PATENT TRADEMARK OFFICE

DETACH HERE BEFORE MAILING TWO COPIES OF THE CERTIFICATE TO THE PATENT OFFICE

Staple Here Only!

PRINTER'S TRIM LINE

8/21/01

UNITED STATES PATENT AND TRADEMARK OFFICE

# CERTIFICATE OF CORRECTION

PATENT NO. : 5,938,197 PAGE 1 of 1

DATED : AUGUST 17, 1999

INVENTOR(S) : BOWLING

It is certified that error appears in the above-identified patent and that said Letters Patent is hereby corrected as shown below:

Col. 4, line 11: "First" should read --first--.

Col. 7, claim 1, line 55: delete "and" after word "areas;".

Col. 7, claim 1, line 62: insert --to-- after the word "equal".

MAILING ADDRESS OF SENDER:
Merchant & Gould P.C.
Attn: Julie R. Daulton
P.O. Box 2903
Minneapolis, MN 55402-0903

23552
PATENT TRADEMARK OFFICE

PATENT NO. 5,938,197

Docket No. 12208.1US01

No. of add'l copies @ 50¢ per page ⇨ 0

FORM 1050 (REV. 12-94)

DETACH HERE BEFORE MAILING TWO COPIES OF THE CERTIFICATE TO THE PATENT OFFICE

Staple Here Only!

PRINTER'S TRIM LINE

UNITED STATES PATENT AND TRADEMARK OFFICE

# CERTIFICATE OF CORRECTION

PATENT NO. : 5,938,197 PAGE 1 of 1

DATED : AUGUST 17, 1999

INVENTOR(S) : BOWLING

It is certified that error appears in the above-identified patent and that said Letters Patent is hereby corrected as shown below:

Col. 4, line 11: "First" should read --first--.

Col. 7, claim 1, line 55: delete "and" after word "areas;".

Col. 7, claim 1, line 62: insert --to-- after the word "equal".

MAILING ADDRESS OF SENDER:
Merchant & Gould P.C.
Attn: Julie R. Daulton
P.O. Box 2903
Minneapolis, MN 55402-0903

23552
PATENT TRADEMARK OFFICE

FORM 1050 (REV. 12-91)

PATENT NO. 5,938,197

Docket No. 12206.1US01

No. of add'l copies @ 50¢ per page ⇒ 0

UNITED STATES PATENT AND TRADEMARK OFFICE

# CERTIFICATE OF CORRECTION

PATENT NO. : 5,938,197
DATED : August 17, 1999
INVENTOR(S) : Bowling

Page 1 of 1

It is certified that error appears in the above-identified patent and that said Letters Patent is hereby corrected as shown below:

Column 4,
Line 11: "First" should read -- first --.

Column 7, claim 1:
Line 55: delete "and" after word "areas;".
Line 62: insert -- to -- after the word "equal".

Signed and Sealed this

Twenty-first Day of August, 2001

*Attest:*

Nicholas P. Godici

NICHOLAS P. GODICI
*Acting Director of the United States Patent and Trademark Office*

*Attesting Officer*

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
ASSISTANT SECRETARY AND COMMISSIONER
OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

## CHANGE OF ADDRESS/POWER OF ATTORNEY

FILE LOCATION 9200 SERIAL NUMBER 09003246 PATENT NUMBER 5938197

THE FEE ADDRESS HAS BEEN CHANGED TO CUSTOMER # 23552

ON 08/17/01 THE ADDRESS OF RECORD FOR CUSTOMER NUMBER 23552 IS:

MERCHANT & GOULD PC
P.O. BOX 2903
MINNEAPOLIS MN 55402-0903

PTO INSTRUCTIONS: PLEASE TAKE THE FOLLOWING ACTION WHEN THE CORRESPONDENCE ADDRESS HAS BEEN CHANGED TO CUSTOMER NUMBER: RECORD, ON THE NEXT AVAILABLE CONTENTS LINE OF THE FILE JACKET, 'ADDRESS CHANGE TO CUSTOMER NUMBER'. LINE THROUGH THE OLD ADDRESS ON THE FILE JACKET LABEL AND ENTER ONLY THE 'CUSTOMER NUMBER' AS THE NEW ADDRESS. FILE THIS LETTER IN THE FILE JACKET. WHEN ABOVE CHANGES ARE ONLY TO FEE ADDRESS AND/OR PRACTITIONERS OF RECORD, FILE LETTER IN THE FILE JACKET.
THIS FILE IS ASSIGNED TO GAU 3711.

PTO-FMD
TALBOT-1/97




B 00145

O.G. FIG. 7,6
CLASS 273 SUBCLASS 143A

FIG. 6




FIG. 7




FIG. 8




FIG. 9




09003246.010698

B 00146

FIG. 10




FIG. 11




FIG. 12




FIG. 13




09003246.010698

B 00147

## PATENT APPLICATION FEE DETERMINATION RECORD
Effective October 1, 1997

Application or Docket Number: 09/003246

### CLAIMS AS FILED - PART I

| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) | SMALL ENTITY TYPE ☐ RATE | FEE | OR | OTHER THAN SMALL ENTITY RATE | FEE |
|---|---|---|---|---|---|---|---|
| BASIC FEE | | | | 395.00 | OR | | 790.00 |
| TOTAL CLAIMS | 20 minus 20 = | * 0 | x$11= | 0 | OR | x$22= | |
| INDEPENDENT CLAIMS | 2 minus 3 = | * 0 | x41= | 0 | OR | x82= | |
| MULTIPLE DEPENDENT CLAIM PRESENT | | N | +135= | 0 | OR | +270= | |
| | | | TOTAL | 395 | OR | TOTAL | |

* If the difference in column 1 is less than zero, enter "0" in column 2

### CLAIMS AS AMENDED - PART II

**AMENDMENT A**

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE | ADDITIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total | * | Minus | ** | = | x$11= | | OR | x$22= | |
| Independent | * | Minus | *** | = | x41= | | OR | x82= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +135= | | OR | +270= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

**AMENDMENT B**

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE | ADDITIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total | * | Minus | ** | = | x$11= | | OR | x$22= | |
| Independent | * | Minus | *** | = | x41= | | OR | x82= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +135= | | OR | +270= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

**AMENDMENT C**

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE | ADDITIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total | * | Minus | ** | = | x$11= | | OR | x$22= | |
| Independent | * | Minus | *** | = | x41= | | OR | x82= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +135= | | OR | +270= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20."
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3."
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

FORM PTO-875 (Rev. 8/97) *U.S. Government Printing Office: 1997 - 430-571/69194 Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE

STAPLE AREA

U.S. GOVERNMENT PRINTING OFFICE

| PATENT NUMBER | ORIGINAL CLASSIFICATION | |
|---|---|---|
| | CLASS 273 | SUBCLASS 143A |

APPLICATION SERIAL NUMBER: 09/003246

APPLICANT'S NAME (PLEASE PRINT): Michael A. Bowling

IF REISSUE, ORIGINAL PATENT NUMBER:

**CROSS REFERENCE(S)**

| CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) | | | |
|---|---|---|---|---|
| 273 | 146 | | | |

**INTERNATIONAL CLASSIFICATION**

| | | | | | |
|---|---|---|---|---|---|
| A | 6 | 3 | F | | 9/04 |

GROUP ART UNIT: 3711

ASSISTANT EXAMINER (PLEASE STAMP OR PRINT FULL NAME):

PRIMARY EXAMINER (PLEASE STAMP OR PRINT FULL NAME): Benjamin H. Layno

PTO 270 (REV. 5-91)

**ISSUE CLASSIFICATION SLIP**

U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE

Claims

| Final | Original | Original | Original |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | 4 | 54 | 114 |
| 5 | 5 | 55 | 115 |
| 6 | 6 | 56 | 116 |
| 7 | 7 | 57 | 117 |
| 8 | 8 | 58 | 118 |
| 9 | 9 | 59 | 119 |
| 10 | 10 | 60 | 110 |
| 11 | 11 | 61 | 111 |
| 12 | 12 | 62 | 112 |
| 13 | 13 | 63 | 113 |
| 14 | 14 | 64 | 114 |
| 15 | 15 | 65 | 115 |
| 16 | 16 | 66 | 116 |
| 17 | 17 | 67 | 117 |
| 18 | 18 | 68 | 118 |
| 19 | 19 | 69 | 119 |
| 20 | 20 | 70 | 120 |
| | 21 | 71 | 121 |
| | 22 | 72 | 122 |
| | 23 | 73 | 123 |
| | 24 | 74 | 124 |
| | 25 | 75 | 125 |
| | 26 | 76 | 126 |
| | 27 | 77 | 127 |
| | 28 | 78 | 128 |
| | 29 | 79 | 129 |
| | 30 | 70 | 130 |
| | 31 | 81 | 131 |
| | 32 | 82 | 132 |
| | 33 | 83 | 133 |
| | 34 | 84 | 134 |
| | 35 | 85 | 135 |
| | 36 | 86 | 136 |
| | 37 | 87 | 137 |
| | 38 | 88 | 138 |
| | 39 | 89 | 139 |
| | 40 | 90 | 140 |
| | 41 | 91 | 141 |
| | 42 | 92 | 142 |
| | 43 | 93 | 143 |
| | 44 | 94 | 144 |
| | 45 | 95 | 145 |
| | 46 | 96 | 146 |
| | 47 | 97 | 147 |
| | 48 | 98 | 148 |
| | 49 | 99 | 149 |
| | 50 | 100 | 150 |

If more than 150 claims or 10 actions staple additional sheet here

(LEFT INSIDE)

ISSUE SLIP STAPLE AREA (for additional cross references)

| POSITION | INITIALS | ID NO. | DATE |
|---|---|---|---|
| FEE DETERMINATION | | 70631 | 4/3/98 |
| O.I.P.E. CLASSIFIER | [illegible] | 13 | 3/3/98 |
| FORMALITY REVIEW | | | |

## INDEX OF CLAIMS

| | | | |
|---|---|---|---|
| ✓ ..................... Rejected | | N ..................... Non-elected | |
| = ..................... Allowed | | I ..................... Interference | |
| — (Through numeral) Canceled | | A ..................... Appeal | |
| ÷ ..................... Restricted | | O ..................... Objected | |

| Claim Final | Claim Original | Date 11/23/98 | Date | Date | Date | Date | Date | Date | Date | Date | Date |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | (1) | = | | | | | | | | | |
| 2 | 2 | | | | | | | | | | |
| 3 | 3 | | | | | | | | | | |
| 4 | 4 | | | | | | | | | | |
| 5 | 5 | | | | | | | | | | |
| 6 | 6 | | | | | | | | | | |
| 7 | 7 | | | | | | | | | | |
| 8 | 8 | | | | | | | | | | |
| 9 | 9 | | | | | | | | | | |
| 10 | 10 | | | | | | | | | | |
| 11 | 11 | | | | | | | | | | |
| 12 | 12 | | | | | | | | | | |
| 13 | 13 | | | | | | | | | | |
| 14 | 14 | | | | | | | | | | |
| 15 | 15 | | | | | | | | | | |
| 16 | 16 | | | | | | | | | | |
| 17 | (17) | | | | | | | | | | |
| 18 | 18 | | | | | | | | | | |
| 19 | 19 | | | | | | | | | | |
| 20 | 20 | = | | | | | | | | | |
| | 21 | | | | | | | | | | |
| | 22 | | | | | | | | | | |
| | 23 | | | | | | | | | | |
| | 24 | | | | | | | | | | |
| | 25 | | | | | | | | | | |
| | 26 | | | | | | | | | | |
| | 27 | | | | | | | | | | |
| | 28 | | | | | | | | | | |
| | 29 | | | | | | | | | | |
| | 30 | | | | | | | | | | |
| | 31 | | | | | | | | | | |
| | 32 | | | | | | | | | | |
| | 33 | | | | | | | | | | |
| | 34 | | | | | | | | | | |
| | 35 | | | | | | | | | | |
| | 36 | | | | | | | | | | |
| | 37 | | | | | | | | | | |
| | 38 | | | | | | | | | | |
| | 39 | | | | | | | | | | |
| | 40 | | | | | | | | | | |
| | 41 | | | | | | | | | | |
| | 42 | | | | | | | | | | |
| | 43 | | | | | | | | | | |
| | 44 | | | | | | | | | | |
| | 45 | | | | | | | | | | |
| | 46 | | | | | | | | | | |
| | 47 | | | | | | | | | | |
| | 48 | | | | | | | | | | |
| | 49 | | | | | | | | | | |
| | 50 | | | | | | | | | | |

| Claim Final | Claim Original | Date | Date | Date | Date | Date | Date | Date | Date | Date | Date |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | 51 | | | | | | | | | | |
| | 52 | | | | | | | | | | |
| | 53 | | | | | | | | | | |
| | 54 | | | | | | | | | | |
| | 55 | | | | | | | | | | |
| | 56 | | | | | | | | | | |
| | 57 | | | | | | | | | | |
| | 58 | | | | | | | | | | |
| | 59 | | | | | | | | | | |
| | 60 | | | | | | | | | | |
| | 61 | | | | | | | | | | |
| | 62 | | | | | | | | | | |
| | 63 | | | | | | | | | | |
| | 64 | | | | | | | | | | |
| | 65 | | | | | | | | | | |
| | 66 | | | | | | | | | | |
| | 67 | | | | | | | | | | |
| | 68 | | | | | | | | | | |
| | 69 | | | | | | | | | | |
| | 70 | | | | | | | | | | |
| | 71 | | | | | | | | | | |
| | 72 | | | | | | | | | | |
| | 73 | | | | | | | | | | |
| | 74 | | | | | | | | | | |
| | 75 | | | | | | | | | | |
| | 76 | | | | | | | | | | |
| | 77 | | | | | | | | | | |
| | 78 | | | | | | | | | | |
| | 79 | | | | | | | | | | |
| | 70 | | | | | | | | | | |
| | 81 | | | | | | | | | | |
| | 82 | | | | | | | | | | |
| | 83 | | | | | | | | | | |
| | 84 | | | | | | | | | | |
| | 85 | | | | | | | | | | |
| | 86 | | | | | | | | | | |
| | 87 | | | | | | | | | | |
| | 88 | | | | | | | | | | |
| | 89 | | | | | | | | | | |
| | 90 | | | | | | | | | | |
| | 91 | | | | | | | | | | |
| | 92 | | | | | | | | | | |
| | 93 | | | | | | | | | | |
| | 94 | | | | | | | | | | |
| | 95 | | | | | | | | | | |
| | 96 | | | | | | | | | | |
| | 97 | | | | | | | | | | |
| | 98 | | | | | | | | | | |
| | 99 | | | | | | | | | | |
| | 100 | | | | | | | | | | |

| Claim Final | Claim Original | Date | Date | Date | Date | Date | Date | Date | Date | Date | Date |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | 110 | | | | | | | | | | |
| | 112 | | | | | | | | | | |
| | 113 | | | | | | | | | | |
| | 114 | | | | | | | | | | |
| | 115 | | | | | | | | | | |
| | 116 | | | | | | | | | | |
| | 117 | | | | | | | | | | |
| | 118 | | | | | | | | | | |
| | 119 | | | | | | | | | | |
| | 110 | | | | | | | | | | |
| | 111 | | | | | | | | | | |
| | 112 | | | | | | | | | | |
| | 113 | | | | | | | | | | |
| | 114 | | | | | | | | | | |
| | 115 | | | | | | | | | | |
| | 116 | | | | | | | | | | |
| | 117 | | | | | | | | | | |
| | 118 | | | | | | | | | | |
| | 119 | | | | | | | | | | |
| | 120 | | | | | | | | | | |
| | 121 | | | | | | | | | | |
| | 122 | | | | | | | | | | |
| | 123 | | | | | | | | | | |
| | 124 | | | | | | | | | | |
| | 125 | | | | | | | | | | |
| | 126 | | | | | | | | | | |
| | 127 | | | | | | | | | | |
| | 128 | | | | | | | | | | |
| | 129 | | | | | | | | | | |
| | 130 | | | | | | | | | | |
| | 131 | | | | | | | | | | |
| | 132 | | | | | | | | | | |
| | 133 | | | | | | | | | | |
| | 134 | | | | | | | | | | |
| | 135 | | | | | | | | | | |
| | 136 | | | | | | | | | | |
| | 137 | | | | | | | | | | |
| | 138 | | | | | | | | | | |
| | 139 | | | | | | | | | | |
| | 140 | | | | | | | | | | |
| | 141 | | | | | | | | | | |
| | 142 | | | | | | | | | | |
| | 143 | | | | | | | | | | |
| | 144 | | | | | | | | | | |
| | 145 | | | | | | | | | | |
| | 146 | | | | | | | | | | |
| | 147 | | | | | | | | | | |
| | 148 | | | | | | | | | | |
| | 149 | | | | | | | | | | |
| | 150 | | | | | | | | | | |

If more than 150 claims or 10 actions
staple additional sheet here

B 00150

(LEFT INSIDE)

[redacted]

## SEARCHED

| Class | Sub. | Date | Exmr. |
|---|---|---|---|
| 273 | 143A<br>146 | 11/23/98 | BHL |

## SEARCH NOTES
(INCLUDING SEARCH STRATEGY)

| | Date | Exmr. |
|---|---|---|
| | | |

## INTERFERENCE SEARCHED

| Class | Sub. | Date | Exmr. |
|---|---|---|---|
| 273 | 100-149 | 11/23/98 | BHL |

(RIGHT OUTSIDE)

US005938197A

# United States Patent [19]

Bowling

[11] **Patent Number:** **5,938,197**

[45] **Date of Patent:** **Aug. 17, 1999**

[54] **RANDOM NUMBER GENERATOR FOR GAME PLAYING**

[76] Inventor: **Michael A. Bowling**, 7931 S. Avenida de Pina, Tucson, Ariz. 85747

[21] Appl. No.: **09/003,246**

[22] Filed: **Jan. 6, 1998**

[51] **Int. Cl.**[6] .......... **A63F 9/04**

[52] **U.S. Cl.** .......... **273/143 A; 273/146**

[58] **Field of Search** .......... **273/143 A, 146**

[56] **References Cited**

**U.S. PATENT DOCUMENTS**

| | | | |
|---|---|---|---|
| D. 267,569 | 1/1983 | Polite | D21/41 |
| 1,271,551 | 7/1918 | Ebner et al. | 273/146 |
| 1,795,562 | 3/1931 | King et al. | 273/146 |
| 4,239,226 | 12/1980 | Palmer | 273/146 |
| 5,150,900 | 9/1992 | Onzo | 273/146 |
| 5,203,562 | 4/1993 | Smith | 273/146 |
| 5,224,708 | 7/1993 | Gathman et al. | 273/146 |

*Primary Examiner*—Benjamin H. Layno
*Attorney, Agent, or Firm*—Merchant, Gould, Smith, Edell, Welter & Schmidt, P.A.

[57] **ABSTRACT**

A die construction includes a body having first and second, opposite end caps and an extension member therebetween. The extension member has a first number of discrete facets and no more than the first number. Each of the discrete facets is identically shaped and have equal surface areas. The first end cap has a second number of discrete facets and no more than the second number. The second number is one-half of the first number. Each of the first end cap discrete facets is identically shaped and has an equal surface area to one another. The second end cap has the second number of discrete facets, that is, the same number as the first end cap, and has no more than the second number. Each of the second end cap discrete facets is identically shaped as the first end cap discrete facets. Each of the second end cap discrete facets has a surface area equal to a surface area of each of the first end cap discrete facets.

**20 Claims, 3 Drawing Sheets**



U.S. Patent Aug. 17, 1999 Sheet 1 of 3 5,938,197



FIG. 3

FIG. 5

FIG. 2

FIG. 1

FIG. 4

FIG. 9




FIG. 7




FIG. 8




FIG. 6





FIG. 13



FIG. 11



FIG. 12



FIG. 10

# RANDOM NUMBER GENERATOR FOR GAME PLAYING

## FIELD OF THE INVENTION

The present invention relates to devices for game playing. More particularly, the present invention relates to a random number generator for game playing. Specifically, the present invention relates to a die construction.

## BACKGROUND OF THE INVENTION

There are numerous devices of different types that are useful for selecting at random a number, letter, or other character. Many of these are in the form of a die.

The traditional playing die is a cube-shaped, six-sided member. Through the years, dice of more than six sides have been developed, as the demand in various games of chance have necessitated. In U.S. Pat. No. 1,271,551 to Ebner, et al., a game die is disclosed in the form of an octagonal, rolling cylinder. U.S. Pat. No. 5,150,900 to Onzo discloses a heptahedron-shaped rolling cylinder for generating a random number.

Improvements are desirable.

## SUMMARY OF THE INVENTION

The present invention is directed to a die construction that substantially obviates one or more of the problems due to the limitations and disadvantages of the prior art.

To achieve the advantages of the invention, and in accordance with the purposes of the invention, as embodied and broadly described herein, the invention comprises a die construction. The die construction includes a body having first and second, opposite end caps and an extension member therebetween. The extension member has a first number of discrete facets and no more than the first number. Each of the discrete facets is identically shaped and have equal surface areas. The first end cap has a second number of discrete facets and no more than the second number. The second number is one-half of the first number. Each of the first end cap discrete facets is identically shaped and has an equal surface area to one another. The second end cap has the second number of discrete facets, that is, the same number as the first end cap, and has no more than the second number. Each of the second end cap discrete facets is identically shaped as the first end cap discrete facets. Each of the second end cap discrete facets has a surface area equal to a surface area of each of the first end cap discrete facets.

Preferably, each of the extension member discrete facets includes printed indicia thereon. For example, this may take the form of a numbers or other markings, such as polka dots. The printed indicia indicate what number has been randomly generated.

In preferred arrangements, each of the extension member discrete facets is tapered. More preferably, each of the extension member discrete facets is triangular-shaped.

In certain preferred embodiments, each of the first and second end cap discrete facets is tapered. More preferably, each of the first and second end cap discrete facets is triangular-shaped.

In one preferred embodiment, the number of facets of the extension member is six. In such arrangements, the second number, that is, the number of discrete facets on the first end cap, is three. Three is also the number of discrete facets on the second end cap.

In other preferred arrangements, the number of facets of the extension member is 10, while the number of facets of each of the end caps is five.



In still other arrangements, the number of discrete facets of the extension member is 20, while the number of discrete facets for each of the end caps is 10.

Preferably, a ratio of a surface area of each of the extension member facets to a surface area of each of the first end cap discrete facets is about 2–3:1.

In preferred arrangements, the number of facets of the first end cap is equal to one-fourth of the total number of facets on the entire die construction. That is, the number of facets of the first end cap may be determined by totaling the number of facets of the first end cap, plus the number of facets of the second end cap, plus the number of facets of the extension member and then dividing that total by four. In such arrangements, the first and second end caps have an equal number of facets.

It is to be understood that both the foregoing general description and the following detailed description are exemplary and explanatory only and are not restrictive of the invention, as claimed. The accompanying drawings, which are incorporated in and constitute a part of this specification, illustrate example embodiments of the invention and together with the description, serve to explain the principles of the invention.

## BRIEF DESCRIPTION OF THE DRAWINGS

FIG. 1 is a top plan view of a first embodiment of a die, embodying the present invention;

FIG. 2 is an end view of the die of FIG. 1, embodying the present invention;

FIG. 3 is an end view opposite of the FIG. 2 end view, embodying the present invention;

FIG. 4 is a perspective view of the FIG. 1 embodiment, embodying the present invention;

FIG. 5 is a side elevational view of the die of FIG. 1, embodying the present invention;

FIG. 6 is a perspective view of a second embodiment of a die construction, embodying the present invention;

FIG. 7 is an end view of the die of FIG. 6, embodying the present invention;

FIG. 8 is a side elevational view of the die of FIG. 6, embodying the present invention;

FIG. 9 is a side elevational view of the die construction of FIG. 6, embodying the present invention;

FIG. 10 is a perspective view of a third embodiment of a die construction, embodying the present invention;

FIG. 11 is an end view of the die construction depicted in FIG. 10, embodying the present invention;

FIG. 12 is a side elevational view of the die construction depicted in FIG. 10, embodying the present invention; and

FIG. 13 is a side elevational view, similar to that depicted in FIG. 12, but rotated, embodying the present invention.

## DETAILED DESCRIPTION OF THE PREFERRED EMBODIMENTS

Reference will now be made in detail to the present preferred embodiments of the invention, examples of which are illustrated in the accompanying drawings.

In accordance with the invention, the invention is directed to a die construction. As embodied herein, a first embodiment of a die construction is shown generally in FIGS. 1–5 at 20. Die 20 includes a body construction 22 with a pair of opposite end members or end caps 24, 26. In extension between first and second end caps 24, 26 is a display member or extension member 28.

Extension member 28 functions to display indicia such as polka dots, or numbers or digits 30. The indicia 30 displayed is indicative of the number generated after rolling die construction 20.

The extension member 28 includes a plurality of discrete facets 32. Preferably, each of the discrete facets 32 are identically shaped and have equal surface areas to each other. That is, each of facets 32 has a surface area which is equal to and no greater and no less than the surface area of any other of the facets 32. Each of facets 32 is angled relative to an adjacent facet 32 to define corner or edge surfaces 34. Each of facets 32 is angled relative to its adjacent facet 32 at an equal angle as every other angle between facets 32. In this particular embodiment, there are six facets 32 and no more than six facets. That is, in the embodiment illustrated in FIGS. 1–5, extension member 28 consists essentially of six facets 32. The angle between adjacent facets 32 is, therefore, 60°. That is, the angle between each adjacent facet 32 is equal to 360° divided by the total number of facets in the extension member 28. Because there are a total number of six facets 32 in extension member 28, the angle between each adjacent facet 32 is 360° divided by six, which is 60°.

Preferably, each of the extension member facets 32 is configured and arranged to display clear, readable indicia. In particular, the shape of each of facets 32 is advantageous over existing die constructions in that facets 32 allow for the display of a larger, more legible number or indicia 30. While a variety of working embodiments are contemplated, in the illustrated embodiment, facets 32 have a tapered shape and configuration. That is, facets 32 are not rectangular. Preferably, facets 32 are triangular-shaped. That is, facets 32 have no more than three sides, each side being a straight edge. In other words, facets 32 are defined by, and bordered by, an outer periphery, which consists essentially of three straight sides. This provides for a triangular-shaped facet 32.

In reference now to FIG. 2, the first end cap 24 is illustrated. The first end cap 24 includes a plurality of discrete facets 36. In particular, first end cap 24 includes one-half of the number of facets of the extension member 28. In the illustrated embodiment, the extension member 28 has six facets 32. Therefore, the first end cap has three discrete facets, and no more than three facets 36. In other words, first end cap 24 consists essentially of three facets 36. Stated another way, the ratio of the number of facets of the extension member to the number of facets of the first end cap is 2:1.

Each of the first end cap facets 36 is identically shaped to every other facet 36 of the first end cap. Further, each of the first end cap facets 36 has a surface area equal to the surface area of every other facet 36 of the first end cap 24.

Each of the first end cap facets 36 is angled relative to an adjacent end cap facet 36 to define corner or edge surfaces 38 therebetween. In the particular embodiment illustrated, each of facets 36 is angled relative to its adjacent facet 36 by an angle of 120°. That is, the angle between adjacent facets 36 is equal to 360° divided by the number of facets, in this case, three. Further, the angle between adjacent facets 36 of the first end cap 24 is equal to two times or twice the angle between adjacent facets 32 of the extension member 28. Stated another way, the ratio of the angle between adjacent facets 32 in the extension member to the angle between adjacent facets 36 in the first end cap 24 is 1:2.

Each of the first end cap facets 36 is non-rectangular and non-circular. Specifically, each of the first end cap facets 36 is tapered. In the particular embodiment illustrated, each of the first end cap facets 36 is triangular-shaped. That is, each of the first end cap facets is defined by, or bordered by, a periphery of three connected straight edges. In this way, the first end cap facets 36 are defined by a triangular border, consisting essentially of three straight edges.



In reference now to FIG. 3, the second end cap 26 is illustrated. Second end cap 26 is shaped identically to the first end cap 24. That is, second end cap 26 includes three discrete facets 40, identically shaped to each other, and identically shaped as first end cap facets 36. As with the First end cap 24, the second end cap 26 has the three facets 40, and has no more than the three facets 40. Also as with the first end cap 24, the second end cap 26 includes half of the number of facets as the number of facets 32 of the extension member 28, i.e., the ratio of facets of the extension member 28 to facets of the second end cap 26 is 2:1.

Second end cap facets 40 are angled relative to adjacent facets 40 to define corners or edges 42 therebetween. As with the first end cap 24, the second end cap 26 is arranged such that the angle between adjacent facets 40 is equal to 360° divided by the number of facets (three, in the illustrated example). Therefore, second end cap facets 40 define an angle of 120° with the adjacent second end cap facet 40.

As mentioned above, second end cap facets 40 are identical in shape and appearance to first end cap facets 36, in the illustrated embodiment. As such, second end cap facets 40 are tapered. In particular, second end cap facets 40 are triangular-shaped, preferably having three non-curved, straight sides.

Referring again to FIG. 1, it can be seen that first end cap facets 36 are out of phase with second end cap facets 40. That is, the first end cap facets 36 are oriented relative to the second end cap facets 40 in an unsynchronized manner; they are not in correlation with each other. As can be seen in FIG. 1, one total facet 40 of the second end cap 26 is visible, while, in the same view, two skewed views of facets 36 of the first end cap 24 are visible.

The inventor has discovered that the configuration of the die 20 is advantageous. In particular, the shape of the end caps 24, 26 provides for more bounce when dropping die 20 onto a surface. That is, to generate a random number, the user holds die 20 above a surface at a sufficient distance, such that when die 20 is dropped onto the surface, die 20 rolls before eventually resting upon one of the facets 32 of the extension member 28. The number or indicia 30 displayed on the facet 32 which is in the uppermost position is the number which has been randomly generated. The shapes of the end caps 24, 26 provide for more bounce and randomness when die 20 is dropped onto a surface. The tapered, triangular shapes of end caps 24, 26 provide for surfaces which can abut and engage the surface on which die 20 is being dropped, to create a more interesting and amusing outcome.

Die 20 is constructed such that the center of mass of die 20 is in the precise center of symmetry of die 20. By "center of symmetry", it is meant a point that is related to a geographical figure in such a way that for any point on the figure, there is another point on the figure such that a straight line joining the two points is bisected by the original point. Each of the surface areas of discrete facets 32 of extension member 28 are equal. The combination of the center of symmetry being the center and the equal surface areas of facets 32 provides for a fair playing die. That is, no one facet 32 is more likely to be rolled than any other of the facets 32.

Preferably, each of the facets 32 has a surface area of about 0.0089 to 0.89 sq. in., typically about 0.089 sq. in.

Preferably, each of the first end cap facets 36 has a surface area of about 0.0033 to 0.33 sq. in., typically about 0.033 sq. in. As such, the ratio of the surface area of the extension member facets 32 to the surface area of each of the first end cap facets 36 is about 2.7:1. The second end cap facets 40 are identical to the first end cap facets 36. Therefore, the second end cap facets 40 each have a surface area of about 0.0033 to 0.33 sq. in., typically about 0.033 sq. in. The ratio of the surface area of the facets 32 of the extension member 28 to the surface area of each of the second end cap facets 40 is about 2.7:1.

Die 20 is useful for generating a random number. In the illustrated embodiment, there are six discrete facets 32 on the extension member 28. Each of the facets 32 has indicia 30 thereon, and in the illustrated embodiment, this indicia 30 is a numerical integer from one to six, inclusive. Upon shaking or rolling the die 20, die 20 will bounce and roll around, before landing on one of its facets 32. The facet 32 in the up position indicates the number which has been generated.

It should also be noted that the number of discrete facets 36 of the first end cap 24 is equal to one-fourth of the total number of discrete facets on the die 20. The total number of facets on die 20 is equal to the number of facets 32 of the extension member 28, plus the number of facets 36 of the first end cap 24, plus the number of facets 40 of the second end cap 26. In the embodiment of FIGS. 1–5, there are total of 12 facets (six plus three plus three=12). The number of facets on the first end cap 24 is equal to twelve divided by four, which is three. Analogously, the number of facets 40 of the second end cap 26 is equal to one-fourth of the total number of facets of the die 20. The total number of facets of the first embodiment of FIGS. 1–5 is 12. Therefore, the number of facets of the second end cap 40 is three (12/4=3).

Preferably, the die 20 is constructed from any rigid material which holds its shape. Examples of suitable materials include glass, crystalline structure, and plastic.

Attention is now directed to FIGS. 6–9. In FIGS. 6–9, a second embodiment of a die is shown generally at 50. Die 50 is constructed analogously to die 20. That is, die 50 includes a first end cap 52, a second end cap 54, and an extension member 56 in extension therebetween. In this embodiment, however, extension member 56 defines 10, and no more than 10, discrete facets 58.

Each of facets 58 includes indicia 60 thereon, indicating a number. As with the first embodiment, facets 58 of die 50 are tapered in order to more clearly display indicia 60. In particular, facets 58 are triangular-shaped.

First end cap 52 is constructed analogously to first end cap 24. First end cap 52 includes a number of facets 62, which is equal to one-half of the number of facets 58 of the extension member 56. Specifically, first end cap 52 has five discrete facets 62, and no more than five facets 62. First end cap facets 62 are triangular-shaped. Each of first end cap facets 62 is angled relative to an adjacent end cap facet 62 to define an angle of 72° between each.

Second end cap 54 is identical to first end cap 52. Second end cap 54 has five discrete facets 64. Each of facets 64 is triangular in shape, and is angled 72° with respect to an adjacent facet 64.

As similarly described with respect to the first embodiment, in this embodiment the facets 62 on the first end cap 52 are out of phase with the facets 64 on the second end cap 54.

Preferably, the surface area of each of facets 58 of extension member 56 is about 0.0106 to 1.06 sq. in., typically about 0.106 sq. in. The surface area of each of first end cap facets 62 is about 0.0046 to 0.46 sq. in., typically about 0.046 sq. in. Second end cap facets 64 are identical to first end cap facets 62. As such, each of second end cap facets 64 has a surface area of about 0.0046 to 0.46 sq. in., typically about 0.046 sq. in. The ratio of the surface area of one facet 58 to one facet 62 is about 2.3:1. This is the same ratio as the ratio of facet 58 to facet 64.

As with the first embodiment of the die, die 50 is constructed so that the center of mass is in the precise geometric center of die 50. Further, each of facets 58 has an identical and equal surface area. This provides for a fair playing die.

Die 50 has a total of 20 facets. That is, extension member 56 has ten facets, first end cap has five facets, and second end cap has five facets. Therefore, the total number of facets is: 10+5+5=20. The number of facets of each of the first and second end caps 52, 54 is equal to one-fourth of the total number of facets of die 50. Thus, since there are a total of 20 facets, the number of facets of first end cap 52 can be derived by dividing by four, which is five. Analogously, the number of facets of the second end cap 54 may be derived by dividing the total number of facets (20) by four, which is five.

Die 50 is used analogously as die 20. That is, die 50 is dropped at a height above a surface sufficient to cause die 50 to roll around. Ultimately, die 50 will rest upon one of its extension member facets 58. This will leave one of its extension member facets 58 in the uppermost position. The number displayed on the facet in the uppermost position is the number generated. In the example illustrated, this would be an integer from 1 through 10, inclusive.

Attention is now directed to FIGS. 10–13. In FIGS. 10–13, a third embodiment of a die is shown generally at 70. Die 70 is constructed analogously to die 20 and die 50.

That is, die 70 includes a first end cap 72, a second end cap 74, and an extension member 76 in extension therebetween. In this embodiment, however, extension member 76 defines 20, and no more than 20, discrete facets 78.

Each of facets 78 includes indicia 80 thereon, indicating a number. As with the first and second embodiments, facets 78 of die 70 are tapered in order to more clearly display indicia 80. In particular, facets 78 are triangular-shaped.

First end cap 72 is constructed analogously to first end cap 24 (FIG. 1) and first end cap 52 (FIG. 6). First end cap 72 includes a number of facets 82, which is equal to one-half of the number of facets 78 of the extension member 76. Specifically, first end cap 72 has ten discrete facets 82, and no more than ten facets 82. First end cap facets 82 are triangular-shaped. Each of first end cap facets 82 is angled relative to an adjacent end cap facet 82 to define an angle of 36° between each.

Second end cap 74 is identical to first end cap 72. Second end cap 74 has ten discrete facets 84. Each of facets 84 is triangular in shape, and is angled 36° with respect to an adjacent facet 84.

As described with respect to the first and second embodiments, in this embodiment, the facets 82 on the first end cap 72 are out of phase with the facets 84 on the second end cap 74.

Preferably, the surface area of each of facets 78 of extension member 76 is about 0.0116 to 1.16 sq. in., typically about 0.116 sq. in. The surface area of each of first end cap facets 82 is about 0.0056 to 0.56 sq. in. typically about 0.056 sq. in. Second end cap facets 84 are identical to

first end cap facets 82. As such, each of second end cap facets 84 has a surface area of about 0.0056 to 0.56 sq. in., typically about 0.056 sq. in. The ratio of the surface area of one facet 78 to one facet 82 is about 2.06:1. This is the same ratio as the ratio of facet 78 to facet 84.

As with the first and second embodiments of the die, die 70 is constructed so that the center of mass is in the precise geometric center of die 70. Further, each of facets 78 has an identical and equal surface area. This provides for a fair playing die.

Die 70 has a total of 40 facets. That is, extension member 76 has twenty facets, first end cap has ten facets, and second end cap has ten facets. Therefore, the total number of facets is: 20+10+10=40. The number of facets of each of the first and second end caps 72, 74 is equal to one-fourth of the total number of facets of die 70. Thus, since there are a total of 40 facets, the number of facets of first end cap 72 can be derived by dividing by four, which is ten. Analogously, the number of facets of the second end cap 74 may be derived by dividing the total number of facets (20) by four, which is ten.

Die 70 is used analogously as die 20 and die 50. That is, die 70 is dropped at a height above a surface sufficient to cause die 70 to roll around. Ultimately, die 70 will rest upon one of its extension member facets 78. This will leave one of its extension member facets 78 in the uppermost position. The number displayed on the facet in the uppermost position is the number generated. In the example illustrated, this would be an integer from 1 through 20, inclusive.

Other embodiments of the invention will be apparent to those skilled in the art from consideration of the specification and practice of the invention disclosed herein. In particular, one skilled in the art will understand that die constructions having extension member facets totaling 8, 12, 30 and other even multiples can be constructed according to the principles taught herein.

It is intended that the specification and examples be considered as exemplary only, with a true scope and spirit of the invention being indicated by the following claims.

I claim:

1. A die construction comprising:

(a) a body having first and second, opposite end caps and an extension member therebetween;

(b) said extension member having a first number of discrete facets and no more than said first number;

(i) each of said discrete facets being identically shaped and having equal surface areas;

(c) said first end cap having a second number of discrete facets and no more than said second number; said second number being one-half of said first number;

(i) each of said first end cap discrete facets being identically shaped and having equal surface areas; and

(d) said second end cap having said second number of discrete facets and no more than said second number;

(i) each of said second end cap discrete facets being shaped identically as said first end cap discrete facets; and each of said second end cap discrete facets having a surface area equal a surface area of each of said first end cap discrete facets; and

(e) each of said discrete facets of said extension member having a surface area that is different from a surface area of each of said discrete facets of said first and second end caps.



2. A die construction according to claim 1, wherein:

(a) each of said extension member discrete facets include printed indicia thereon.

3. A die construction according to claim 2, wherein:

(a) each of said extension member discrete facets is tapered.

4. A die construction according to claim 3, wherein:

(a) each of said extension member discrete facets is triangular-shaped.

5. A die construction according to claim 4, wherein:

(a) each of said first end cap discrete facets and said second end cap discrete facets is tapered.

6. A die construction according to claim 5, wherein:

(a) each of said first end cap discrete facets and said second end cap discrete facets is triangular-shaped.

7. A die construction according to claim 6, wherein:

(a) said first number is six; and said second number is three.

8. A die construction according to claim 7, wherein:

(a) each of said extension member discrete facets has a surface area of about 0.0089–0.89 sq. in.

9. A die construction according to claim 8, wherein:

(a) each of said first end cap discrete facets has a surface area of about 0.0033–0.33 sq. in.; and

(b) each of said second end cap discrete facets has a surface area of about 0.0033–0.33 sq. in.

10. A die construction according to claim 6, wherein:

(a) said first number is ten; and said second number is five.

11. A die construction according to claim 10, wherein:

(a) each of said extension member discrete facets has a surface area of about 0.0106–1.06 sq. in.

12. A die construction according to claim 11, wherein:

(a) each of said first end cap discrete facets has a surface area of about 0.0046–0.46 sq. in.; and

(b) each of said second end cap discrete facets has a surface area of about 0.0046–0.46 sq. in.

13. A die construction according to claim 6, wherein:

(a) said first number is twenty; and said second number is ten.

14. A die construction according to claim 13, wherein:

(a) each of said extension member discrete facets has a surface area of about 0.0116–1.16 sq. in.

15. A die construction according to claim 14, wherein:

(a) each of said first end cap discrete facets has a surface area of about 0.0056–0.56 sq. in.; and

(b) each of said second end cap discrete facets has a surface area of about 0.0056–0.56 sq. in.

16. A die construction according to claim 1, wherein:

(a) a ratio of a surface area of each of said extension member facets to a surface area of each of said first end cap discrete facets is about 2–3:1.

17. A die comprising:

(a) a body including a first end cap, a second end cap, and an extension member in extension therebetween;

(b) said first end cap including a first number of facets and no more than said first number; said second end cap including a second number of facets and no more than said second number; and said extension member defining a third number of facets and no more than said third number;

(i) said first number being equal to one-fourth of a total of said first number and said second number and said third number;

(ii) said second number being equal to one-fourth of the total of said first number and said second number and said third number;

(iii) each of said extension member facets being equal in surface area;

(iv) each of said extension member facets being triangular-shaped;

(v) each of said extension member facets having indicia thereon indicating a number; and

(vi) each of said extension member facets having a surface area that is different from a surface area of each of said first and second end cap facets.



18. A die according to claim 17, wherein:

(a) each of said first end cap facets is triangular-shaped; and

(b) each of said second end cap facets is triangular-shaped.

19. A die according to claim 17, wherein:

(a) said third number is six.

20. A die according to claim 17, wherein:

(a) said first number, said second number, and said third number total 40.

* * * * *

UNITED STATES PATENT AND TRADEMARK OFFICE

# CERTIFICATE OF CORRECTION

PATENT NO. : 5,938,197
DATED : August 17, 1999
INVENTOR(S) : Bowling

Page 1 of 1

It is certified that error appears in the above-identified patent and that said Letters Patent is hereby corrected as shown below:

Column 4,
Line 11: "First" should read -- first --.

Column 7, claim 1:
Line 55: delete "and" after word "areas;".
Line 62: insert -- to -- after the word "equal".

Signed and Sealed this

Twenty-first Day of August, 2001

*Attest:*

Nicholas P. Godici

NICHOLAS P. GODICI

*Attesting Officer* *Acting Director of the United States Patent and Trademark Office*