IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING,<br>A Resident of Arizona,<br><br>Plaintiff,<br><br>v.<br><br>HASBRO, INC.,<br>A Rhode Island Corporation,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 05-229S |

**PLAINTIFF'S RESPONSE TO HASBRO'S EMERGENCY MOTION FOR LEAVE TO FILE SUPPLEMENTAL MATERIAL AND CROSS-MOTION FOR LEAVE TO FILE COMPLETE DECLARATION OF DAVID WHEELER**

Plaintiff Michael Bowling ("Bowling") files this Response to Hasbro's Emergency Motion for Leave to File Supplemental Material (David Wheeler's Declaration) and Bowling's Cross-Motion For Leave To File The Complete Declaration of David Wheeler in opposition to Hasbro's Partial Summary Judgment Motion concerning marking. Hasbro asks this Court to consider the Declaration of Mr. David Wheeler dated October 6, 2006, in support of its motion for partial summary judgment. That Declaration, however, omits facts relevant to Bowling's marking activities. In addition to omitting relevant facts, Hasbro misstates the facts contained in Wheeler's October 6, 2006 declaration. In fact, Wheeler provided a declaration to Bowling's attorney stating that a bin he used to sell Bowling's patented crystal dice has affixed to it two of Bowling's patent-number stickers. Bowling requests that the complete statement of Mr. Wheeler be considered. Hasbro has "opened the door" with this witness and, in fairness, his complete statement should be considered in Hasbro's Partial Summary Judgment Motion. As grounds for this Response and Cross-Motion, Bowling relies on the Memorandum of Law and exhibits filed herewith.

Date: October 19, 2006

Plaintiff,
Michael Bowling,
By his attorneys,

/s/ Thomas J. Leach______________
Douglas J. Williams, *pro hac vice*
Thomas J. Leach, *pro hac vice*
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 332-5300
(612) 332-9081 (Facsimile)

and

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, A Resident of Arizona, | : | |
| Plaintiff, | : | C.A. No. 05-229S |
| v. | : | |
| HASBRO, INC., A Rhode Island Corporation, | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE AND CROSS-MOTION FOR LEAVE TO FILE COMPLETE DECLARATION OF DAVID WHEELER**

## I. INTRODUCTION

Hasbro asks this Court to consider the declaration of Mr. David Wheeler ("Wheeler"), a game store owner who purchased Bowling's patented crystal-shaped dice ("crystal dice") in September 1999, as evidence that Bowling did not properly mark the point-of-purchase bins containing his crystal dice with a patent-number sticker. After receiving Hasbro's untimely "emergency" motion, and with only days to respond, Bowling's counsel contacted Wheeler and discovered facts quite different from those portrayed in Hasbro's motion.

Mr. Wheeler told Bowling's counsel that he could not remember whether or not Bowling's crystal dice were marked with a patent number, and that it was possible that the point-of-purchase bin used to sell Bowling's crystal dice contained a patent-number sticker. Contrary to Hasbro's allegations, Wheeler simply did not recall one way or another. When asked to check his store and talk to employees regarding whether Bowling's crystal dice were marked as patented, Mr. Wheeler discovered a bin that had been used to sell Bowling's crystal dice. Upon

inspection of the bin, Mr. Wheeler discovered that the bin had two stickers on it that read "Choking Hazard!" "Not for children under 14 yrs." and "**U.S. Patent # 5938197**." The exact patent-number sticker Bowling used to mark his crystal dice and provided customers to use on point-of-purchase displays. As Hasbro admits such evidence is germane to its partial summary judgment motion and because Hasbro opened the door to this evidence, all such evidence regarding Wheeler should be considered.

## II. FACTS

On July 19, 2006, Hasbro filed a Motion for Partial Summary Judgment seeking judgment that Bowling did not comply with the patent marking requirements of 35 U.S.C. § 287. (*See generally* Court Docket No. 62.) On August 2, 2006, Bowling filed an Objection. (*See generally* Court Docket No. 72.) Hasbro's partial summary judgment motion turns on whether there are no genuine issues of material fact concerning whether Bowling properly marked his patented crystal dice before Hasbro had actual notice.

In Bowling's objection to Hasbro's motion, he stated in an attached declaration that he had, among other things, "provided to all [his] customers patent-number stickers and tubs bearing the patent-number sticker." (Court Docket No. 70 ¶ 3.)

In response, Hasbro located one of Bowling's customers, Mr. Wheeler, the owner of Dragon's Lair Comics and Fantasy ("Dragons Lair"), which resulted in Hasbro filing its "emergency" motion to have Wheeler's declaration considered.[1] (Court Docket No. 81.) In Hasbro's "emergency" motion, Hasbro alleges that after Bowling's patent issued, "Bowling had never sent stickers, 'formal letters,' or anything else having to do with the patent to any of his new customers." (*Id*. at 3.) To support this allegation, Hasbro submitted the declaration of

[1] Hasbro admits to knowing about Wheeler before filing its reply to Bowling's objection yet Hasbro never disclosed Wheeler to Bowling. In addition, Hasbro did not file its "emergency" motion until 10 days after Wheeler signed the declaration and about 10 days from oral argument on the issue.

Wheeler, which states that he could "*not recall* Dragon's Lair taking any action with respect to displaying any patent information about Crystal Caste[2] dice." (Declaration of David Wheeler ¶ 5, October 6, 2006, attached hereto as Exhibit D (emphasis added).)

After Hasbro filed its "emergency" motion, and with only days to respond, Bowing's attorney, Thomas Leach, contacted Wheeler to clarify his declaration. Wheeler stated that he could not recall whether or not Bowling instructed Wheeler or Dragon's Lair to place patent-stickers on the bin containing Bowling's crystal dice. (Declaration of David Wheeler ¶ 5, October 18, 2006, attached hereto as Exhibit A.) Moreover, Wheeler does not recall whether Mr. Techentin asked him to investigate whether he had received such instruction from Bowling or Crystal Caste regarding marking the crystal dice with the patent number. (*Id*. at ¶ 6.) When Bowling's attorney asked Wheeler to talk to other Dragon's Lair employees and look for an old Crystal Caste bin, Wheeler located such a bin. (*Id.* at ¶ 7.) Affixed to that bin were two of Bowling's patent number stickers which read "Choking Hazard!" and "Not for children under 14 yrs." and "U.S. Patent # 5938197." (*Id*.)

Wheeler's description of the stickers on the bin matches the patent-number stickers Bowling included in the crystal dice packaging and sent to customers to place on the bins. (Attached hereto as Exhibit B.) Moreover, a Crystal Caste invoice from September 1999, shows that Crystal Caste sent Dragon's Lair a bin. (Attached hereto as Exhibit C.) Wheeler's October 18, 2006 declaration responds to whether Wheeler could *recall* that the patent stickers were placed on the point-of-purchase bin by demonstrating that they were *actually* placed on the bin containing Bowling's crystal dice.

---

[2] Crystal Case is the company through which Bowling sells his dice.

## III. ARGUMENT

Bowling does not object to Hasbro's Emergency Motion, but requests out of fairness that the Court consider *all* of Wheeler's declarations. Hasbro opened the door to whether Bowling's patent-number stickers were placed on bins containing the crystal dice in Wheeler's store. Bowling should be allowed to respond and clarify that patent-number stickers were actually placed on the bins containing the crystal dice in Wheeler's store. *See United States v. Moore*, 115 F.3d 1348, 1358 (7th Cir. 1997) "[W]hen a defendant opens the door to a subject he cannot complain about testimony which would not have been presented if the subject had not been raised by him on direct examination;" *See United States v. Hegwood*, 977 F.2d 492, 496 (9th Cir. 1992) "[W]hen the defendant 'opens the door' to testimony about an issue by raising it for the first time himself, he cannot complain about subsequent [opposing party] inquiry into that issue." To do otherwise would prejudice Bowling by allowing Hasbro to skew the facts by presenting only half the story.

## IV. CONCLUSION

Fairness requires that *all* of Wheelers statements be considered in Hasbro's motion for partial summary judgment. Thus, Plaintiff Michael Bowling does not object to Hasbro's emergency motion, but also requests leave to file Wheeler's complete declaration concerning Dragon's Lair marking its bin that contained Bowling's crystal dice with the patent-number sticker. Hasbro should not be allowed to submit only those facts that help it and ask the Court to ignore the whole story. For the foregoing reasons, Bowling respectfully requests that this Court consider Wheeler's declarations.

Plaintiff,
Michael Bowling,
By his attorneys,

Date: October 19, 2006

/s/ Thomas J. Leach
Douglas J. Williams, *pro hac vice*
Thomas J. Leach, *pro hac vice*
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 332-5300
(612) 332-9081 (Facsimile)

and

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

**CERTIFICATE OF SERVICE**

TO:

Todd D. White, Esq.
Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

David K. S. Cornwell, Esq.
Tracey-Gene G. Durkin, Esq.
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue N.W.
Washington, DC 20005

I hereby certify that the within Plaintiff's Response to Hasbro's Emergency Motion For leave to File Supplemental Material and Cross-Motion for Leave to File Complete Declaration of David Wheeler were filed through the ECF system on the 19th day of October, 2006, and will be sent electronically to the above-named counsel who are registered participants identified on the Notice of Electronic Filing for Case No. 05-229S.

/s/ Thomas J. Leach__________