UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**REPLY TO PLAINTIFF'S RESPONSE TO HASBRO'S EMERGENCY MOTION FOR LEAVE TO FILE SUPPLEMENTAL MATERIALS IN REPLY TO PLAINTIFF'S OPPOSITION TO HASBRO'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Local Rule (Civil) 56, Defendant/Plaintiff-in-Counterclaim Hasbro, Inc. ("Hasbro") respectfully submits this Reply Memorandum of Law in support of its Emergency Motion for Leave to File Supplemental Materials in Reply to Plaintiff's Opposition to Hasbro's Motion for Partial Summary Judgment.

The Plaintiff's response to Hasbro's emergency motion does not contradict Mr. Wheeler's statement in any way, that he had no recollection of "receiving any correspondence from Michael Bowling or Crystal Caste relative to the crystal dice being patented, or receiving any written or oral instructions from Crystal Caste with respect to the use or display of any stickers containing patent information." Rather, the Plaintiff suggests that it is significant that now, seven years later, Mr. Wheeler found that he had an "old" bin that, at some undetermined point in the past, contained the crystal-shaped dice. To the extent the declaration procured by Plaintiff's counsel differs from Mr. Wheeler's October 6 declaration, it is irrelevant to the patent marking issues now before the Court. Mr. Wheeler's revised declaration does not:

- State that Bowling had required him to comply with any marking scheme;
- State that Bowling had ever informed him of the existence of a patent; or
- State whether the bin was used exclusively for the patented dice.

In short, the new declaration (to which Hasbro has no objection) does not change the equation whatsoever. Prior to submitting the revised Wheeler declaration, the Plaintiff had produced no evidence that he had ever sought to obtain the assistance of his customers (whether retail or distributor) in marking his dice after the patent issued; that fact remains true today.

While Hasbro has no objection to the new Wheeler declaration, in fairness the Court should also consider the full scope of the available evidence pertaining to the patent "markings" at the Dragon's Lair store to which Mr. Wheeler's new declaration makes reference. Although the Plaintiff's response makes a good deal out of the fact that there were patent stickers on the display case that Mr. Wheeler found, the mere fact that the Plaintiff's dice might have been kept in a bin that had patent stickers on it is of no legal significance. Rather, the question is whether the stickers could reasonably have put the public on notice of the patented nature of the Plaintiff's dice. It is incontestable that they could not.

This fact is made clear by one of Mr. Wheeler's employees, Eric Burke. Since 1998, Mr. Burke has been the manager of the Dragon's Lair store in Austin, Texas where the Plaintiff's dice had been sold in 1999. *See* Declaration of Eric Burke (**Exhibit A**). As Mr. Burke explains, the actual display case at Dragon's Lair that Mr. Wheeler is talking about looks like the image below, except that it doesn't have a "Crystal Caste" logo on it:




*Id.* at ¶ 6. From the image it is apparent that the case contains 27 compartments, each of which can hold dozens or hundreds of dice. Mr. Burke confirms that the display case has two patent stickers on it of the type described by Mr. Wheeler, explaining that

> The stickers are on the outside of the case, on each end face of the display case.
>
> In the past, I and other employees at Dragon's Lair had noticed those stickers and joked about the idea of dice being a choking hazard for teenagers. I did not know, however, what the patent number referred to. Until very recently, I assumed it might have referred to the display case itself.

*Id.* at ¶¶ 10-11. Having stickers on the outside ends of a case like the one depicted above is of no more utility than putting a sign in the doorway saying "patented dice are sold here." The "bin" held Crystal Caste patented dice, Crystal Caste non-patented dice, and even non-Crystal Caste, non-patented dice. *Id.* at ¶ 8 ("We have always stocked non-Crystal Caste dice in the case as well."). Just as the Plaintiff contends that the Court should consider the full scope of Mr. Wheeler's testimony, now that the Plaintiff has offered evidence that Dragon's Lair had displayed crystal-shaped dice in a "bin" with patent stickers on it, he should not now be heard to limit the evidence to avoid the Court knowing that the "bin" was actually a 21-compartment case, and that many dice other than the Plaintiff's were also displayed in that case. The Burke declaration should likewise be considered by the Court in assessing the Plaintiff's marking

activities.[1]

Burke's declaration places the Plaintiff's marking scheme in sharp relief: How would a member of the purchasing public possibly know that the crystal dice, and not the other dice (or, as Mr. Burke suspected, the case itself), were patented? They could not. The existence of patent stickers is a red herring. Out of context, they are meaningless. In the context provided by the Burke declaration, though, they are even worse for the Plaintiff: they reveal that the Plaintiff was not marking his goods in any meaningful sense. *See* 35 U.S.C. § 287(a); *see also, e.g.*, *American Med. Systems v. Medical Eng'g*, 6 F.3d 1523, 1538 (Fed. Cir. 1993) ("The purpose behind the marking statute is to encourage the patentee to give notice to the public of the patent."). Thus the Patent Act requires that the goods themselves be marked, or where that cannot be done, that their packaging be marked. *Id.*; *see also, e.g.*, *Monsanto v. Scruggs*, 342 F. Supp. 2d 584, 597 (N.D.Miss. 2004) (finding statute satisfied where patentee could not mark actual goods (soybean and cotton seeds) but displayed patent number on all seed bags). Here, the Plaintiff did the equivalent of putting a patent sticker on a jewelry display case at Macy's, forcing the public to determine if the case was patented, or some particular piece of jewelry in the case was. A display case that contains non-patented goods is not packaging, and Mr. Burke's natural confusion, surely shared by the customers at Dragon's Lair, shows why the Patent Act does not permit this to constitute notice of a product's patented status.[2]

---

[1] Although the Burke declaration was apparently signed on August 30, 2006, Hasbro did not receive the Burke declaration until October 19, 2006, at approximately 9:18 pm (by facsimile) and October 20, 2006, at approximately 9:23 am (scanned and sent by e-mail).

[2] Mr. Burke's declaration is also directly contradictory to other of the Plaintiff's claims about his marking scheme. Mr. Burke confirms that if he had received patent stickers with the Plaintiff's dice, which he does not recall, the Dragon's Lair employees like threw them away. *Id.* at ¶ 12.

The issue pending before the Court for which the Wheeler declarations are offered by the parties is whether the Plaintiff satisfied the requirements of the marking statute, 35 U.S.C. § 287(a). That statute requires systematic, consistent, marking of substantially all of the patented goods before the public may be deemed to have notice of the patent. *See, e.g., Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed.Cir. 1998). Both the Wheeler and Burke declarations are helpful to the Court's consideration of these issues, and should be considered in connection with the pending motion for partial summary judgment.

Respectfully submitted,

HASBRO, INC.
By its Attorneys,

/s/ Jeffrey K. Techentin___________
Todd D. White (# 5943)
twhite@apslaw.com
Jeffrey K. Techentin (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: October 20, 2006

Of Counsel:

David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

## CERTIFICATE OF SERVICE

TO:

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas J. Leach, Esq.
Douglas J. Williams, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

David K. S. Cornwell, Esq.
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

I hereby certify that I filed the within Reply to Plaintiff's Response to Emergency Motion for Leave to File Supplemental Materials in Reply to Plaintiff's Opposition to Hasbro's Motion for Partial Summary Judgment and the Memorandum of Law in support thereof through the ECF system on the 20th day of October, 2006, and that notice will be sent electronically to the above-named counsel who are registered participants identified on the Mailing Information for Case No. 05-229S.

/s/ Jeffrey K. Techentin_________

*397071_1*