# Plaintiff's Exhibit 12

ADLER POLLOCK & SHEEHAN P.C.

One Citizens Plaza, 8th floor
Providence, RI 02903-1345
Telephone 401·274·7200
Fax 401·751·0604 / 351·4607

175 Federal Street
Boston, MA 02110-2890
Telephone 617·482·0600
Fax 617·482·0604

www.apslaw.com

February 13, 2006

***Via Federal Express***

Mr. Albert Lizarraga
6251 South Mesquite Trail
Tucson, AZ 85747

Re: ***Michael Bowling v. Hasbro, Inc.***
C.A. No. 05-229S

Dear Mr. Lizarraga:

Further to our recent conversations, enclosed please find a draft License Agreement for your consideration. Please contact me after you have had an opportunity to review the same.

Also, in response to your inquiry, please allow this letter to confirm that we are aware of no agreement between yourself and Mr. Bowling with respect to any restriction on your disclosure of information obtained from Mr. Bowling, such as a confidentiality agreement. Hasbro has issued document requests to Mr. Bowling that, if Mr. Bowling had such an agreement, would require that he have produced them to Hasbro. He has not produced such an agreement. Also, Mr. Bowling did not testify that such an agreement existed at his deposition, although he was not specifically asked about that issue.

Thank you in advance for your consideration in this matter.

Very truly yours,

JEFFREY K. TECHENTIN
jtechentin@apslaw.com

Enclosure

cc: Todd D. White, Esq.

*371476_1.doc*

PLAINTIFF'S EXHIBIT 12

EXHIBIT 9

# LICENSE AGREEMENT

This Agreement made and entered into as of _______________, 2006, by and between Albert Lizarraga, an individual, of 6251 South Mesquite Trail, Tuscon, Arizona (hereinafter referred to as "LICENSOR"); and Hasbro, Inc., a corporation organized and existing under the laws of the State of Rhode Island and having its principal offices at 1027 Newport Avenue, Pawtucket, Rhode Island, (hereinafter referred to as "LICENSEE").

Whereas LICENSOR represents that by virtue of his material participation in and contribution to the invention and design of the die construction embodied and disclosed in U.S. Patent No. 5,938,197 (the "'197 PATENT"), as detailed herein, he is or may be the inventor or co-inventor of said die construction (hereinafter referred to as the "INVENTION");

Whereas LICENSOR represents that:

(a) the individual identified as the inventor in the '197 PATENT, Michael A. Bowling ("BOWLING"), approached LICENSOR in 1997 with a concept for a die construction in the shape of a natural crystal; and

(b) BOWLING presented LICENSOR with a hand-drawn sketch of a crystal-shaped die and asked LICENSOR to create drawings reflecting BOWLING's concept of a crystal-shaped die; and

(c) LICENSOR determined that the die shape contained in BOWLING's hand-drawn sketch could not function as a random number generator because of *inter alia*, its asymmetrical form and the irregularity of the surface areas of the sides of the die; and

(d) LICENSOR independently and without further contribution from BOWLING conceived of and created the shapes and figures reflected on the drawing sheets contained in the '197 PATENT, which are materially different from the concept presented by BOWLING to LICENSOR; and

(e) LICENSOR independently and without further contribution from BOWLING conceived of and invented the die construction disclosed in the various claims of the '197 PATENT, including but not limited to:

(i) the facets of the extension member of the die being of equal surface areas;

(ii) the facets of the end caps of the die being of equal surface areas;

(iii) the ratio of the surface area of the extension member facets to the surface area of the end cap facets being approximately 2-3:1; and

DRAFT

(iv) the surface areas of each of the extension member facets being different from the surface areas of each of the end cap facets of the die.

Whereas BOWLING has brought suit against LICENSEE in the United States District Court for the District of Rhode Island alleging that LICENSEE infringed BOWLING's patent rights under the '197 PATENT (the "LITIGATION"); and

Whereas LICENSEE desires to obtain a retroactive, nonexclusive license for the use of the INVENTION; and

Whereas LICENSOR represents that he has not previously alienated, assigned, sold, or otherwise transferred any interest he has or had in the INVENTION, and is not legally obliged to do so to any third party; and

Whereas LICENSOR agrees to release the LICENSEE for any past infringement of his rights in the INVENTION.

Now, therefore, in consideration of the mutual covenants and promises herein contained, the parties agree as follows:

1. Definitions. As used herein, the term:

(a) "'197 PATENT" shall mean U.S. Patent Number 5,938,197, issued August 17, 1999.

(b) "INVENTION" shall mean the die construction disclosed and claimed in the '197 PATENT.

(c) "DICE" shall mean dice in the form of the INVENTION.

(d) "TERM" shall mean from January 1, 1998 to December 31, 2005, inclusive.

(e) "LITIGATION" means *Bowling v. Hasbro, Inc.*, C.A. No. 05-229S, now pending in the U.S. District Court for the District of Rhode Island.

2. Grant.

Upon the terms and conditions set forth herein, LICENSOR hereby grants to LICENSEE a worldwide, nonexclusive, irrevocable right and license in the INVENTION to make, have made, use, and sell and/or lease dice and to practice any process or method in the manufacture or use thereof, the scope of such license being coextensive with LICENSOR's rights in the INVENTION.

DRAFT

3. Royalty.

Upon execution of this Agreement, LICENSEE shall pay LICENSOR the sum of $_______ (________________ Dollars and 00/100 Cents) and concurrently therewith and in consideration therefor, LICENSOR shall and hereby does release, remise, and forever discharge LICENSEE and LICENSEE's customers from any claim of infringement of INVENTION by the manufacture, use, lease, sale, offer for sale, or importation by LICENSEE of any DICE during the TERM.

4. Cooperation.

LICENSOR agrees to cooperate with LICENSEE in its defense of the LITIGATION.

5. Notices.

(a) All notices, requests, demands and other communications under this Agreement or in connection therewith shall be given to or be made upon the respective parties hereto as follows:

To LICENSEE: Hasbro, Inc.
1027 Newport Avenue
Pawtucket, Rhode Island 02862

To LICENSOR: Albert Lizarraga
6251 South Mesquite Trail
Tuscon, Arizona

All notice, requests, demands and other communications given or made in accordance with the provisions of this Agreement shall be in writing and, unless otherwise expressly provided herein to the contrary, shall be deemed to have been given when deposited postage prepaid, addressed as specified in the preceding paragraph.

6. Indemnification.

LICENSEE hereby assumes all responsibility for and agrees to indemnify LICENSOR against any and all damages, losses, claims, or suits arising out of either (a) LICENSEE's manufacture, use, lease, sale, offer for sale, or importation of DICE or (b) LICENSOR's good faith performance of his obligations under this Agreement.

7. Construction and assignment.

(a) This Agreement shall be binding upon and inure to the benefit of LICENSEE, its legal representatives, successors, heirs and assigns.

DRAFT

(b) This Agreement and the rights hereunder shall be binding upon and inure to the benefit of LICENSOR, but shall not be transferable or assignable without the prior written consent of LICENSEE.

8. Enforcement.

The formation, effect, performance and construction of this Agreement shall be governed by the laws of the State of Rhode Island, notwithstanding any choice of law provision that might provide for the application of other law. LICENSOR and LICENSEE agree that any action to enforce this Agreement must be filed in a court of competent jurisdiction in Rhode Island, and each hereby consents to jurisdiction in any such court.

9. Entire Agreement.

This Agreement and any attachments hereto constitute the entire agreement and understanding of the parties with respect to the subject matter hereof and supersede all prior agreements and understandings, whether oral or written. No modification or claimed waiver of any of the provisions hereof shall be valid unless in writing and signed by the duly authorized representative against whom such modification or waiver is sought to be enforced.

10. Other Rights.

Nothing contained in this Agreement shall be construed as conferring by implication, estoppel, or otherwise upon either party any license or other right except the licenses and rights expressly granted hereunder to that party.

11. Acceptance.

Each party hereby accepts the licenses and rights granted to it by a party under this Agreement subject to all of the terms and conditions of this Agreement.

In witness whereof the respective duly authorized representatives of the parties have caused this Agreement to be executed as of the date first above written.

DRAFT

| | |
|---|---|
| Hasbro, Inc. | Albert P. Lizarraga |
| By: ______________________ | Dated: ______________________ |
| Its: ______________________ | |
| Dated: ______________________ | |



HA008172