UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO CORRECT INVENTORSHIP**

Pursuant to leave of Court granted on [date], Defendant/Plaintiff-in-Counterclaim Hasbro, Inc. ("Hasbro") respectfully submits this Reply Memorandum of Law in support of its Motion to Correct Inventorship.

**Argument**

Hasbro respectfully submits the following points and authorities in response to the Plaintiff's Reply to Defendant's Supplemental Memorandum of Law in Support of Motion to Correct Inventorship [**Docket No. 92**] ("Plaintiff's Memorandum"). As explained in Hasbro's motion for leave to file this memorandum, this brief is submitted for the limited purpose of showing that two statements of law contained in Plaintiff's Memorandum inaccurately characterize the law.

**A. The Statutory Presumption of Validity Only Presumes Conception as of The Filing Date of the Patent.**

Numerous decisions of the Federal Circuit Court of Appeals establish definitively that in order to show pre-filing conception, an inventor bears at least a burden of production and must come forward with *evidence*; he may not rest on the presumption created by 35 U.S.C. § 282.

These cases include the cases originally cited by Hasbro, including *Tone Bros., Inc. v. Sysco Corp.*, 28 F.3d 1192, 1197 n. 4 (Fed. Cir. 1994) and *Innovative Scuba Concepts v. Feder Indus.*, 26 F.3d 1112, 1115 (Fed. Cir. 1994), but include others as well. For example, in the *Mahurkar v. C.R. Bard, Inc.* decision (79 F.3d 1572, 1578 (Fed. Cir. 1996)), the Federal Circuit considered the standards governing a named inventor's attempt to show priority as against a challenger who had made a showing of invention prior to the filing date of the patent. There, the Court explicitly required the named inventor to come forward with evidence and corroboration in order to prevail; in other words, the statutory presumption was insufficient to rebut evidence of independent invention prior to the filing date for the patent. *Id.* at 1577-78 (noting that patentee "met his burden of production" and "provided corroboration for his testimony").[1] Another decision of the Federal Circuit, construing the *Mahurkar* case, is even more explicit. In *Loral Fairchild Corp. v. Matsushita Elec.*, 266 F.3d 1358 (Fed. Cir. 2001), the Federal Circuit explained:

> Because of the statutory presumption of patent validity, 35 U.S.C. § 282, at trial Toshiba and NEC [challenging the validity of the patent] would bear the burden of proving by clear and convincing evidence that the Erb reference was published prior to Loral's reduction to practice. *Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1578, 38 USPQ2d 1288, 1291 (Fed. Cir. 1996) ("Bard must persuade the trier of fact by clear and convincing evidence that the Cook catalog was published prior to Dr. Mahurkar's invention date."). Of course, **Loral would bear a burden of production to present evidence of its asserted actual reduction to practice prior to the filing date of its patent application.** *Id.* at 1576-77, 79 F.3d 1572, 38 USPQ2d at 1290 ("Had Dr. Mahurkar not come forward with evidence of an earlier date of invention, the Cook catalog would have been anticipatory prior art under section 102(a) because Dr. Mahurkar's invention date would have been the filing date of his patent.").

[1] A patentee is entitled to a presumption of conception as of the date he files a patent application because "[t]he filing of a patent application serves as conception and constructive reduction to practice of the subject matter described in the application." *Hyatt v. Boone*, 146 F.3d 1348, 1352 (Fed. Cir. 1998).

266 F.3d at 1361 (emphasis added).[2]

As noted in Hasbro's post-hearing memorandum, the Federal Circuit cases most closely analogous to the situation presented here arose in a slightly different context, namely invalidity under 35 U.S.C. § 102(g). As a result, there is some ambiguity in the law regarding whether a named inventor like Bowling bears a burden of production to rebut a showing of earlier conception in this case or actually bears the burden of proof. Federal decisions both prior to and after the relevant Federal Circuit decisions have placed a burden of proof on named inventors attempting to show invention prior to the filing date of the patent. *See, e.g., Princeton Biochem., Inc. v. Beckman Coulter, Inc.*, 2004 WL 1398227, at *72-73 (D.N.J. June 17, 2004) ("Courts have found in various invalidity contexts that a patentee seeking to establish a date of invention prior to the application date must do so by clear and convincing evidence.") (examining cases addressing invalidity through, *inter alia*, anticipation and obviousness). Given the requirement that the Plaintiff's evidence requires corroboration, however, it is immaterial whether he bears a burden of production or a burden of proof, since his testimony and that of his wife is legally inadequate to show invention earlier than the patent application.

### B. Controlling Law Requires Inventors Who Wish to Show Pre-Filing Conception to Corroborate Oral Testimony Under the "Rule of Reason."

The same policy rationales that underlie the corroboration requirement for the testimony of unnamed inventors like Mr. Lizarraga apply completely in the context of named inventors attempting to show a date of conception prior to the date of the patent application. The law may safely presume that the named inventor(s) had conceived of the invention as of the date of filing of a patent application because had it ***not*** been conceived of, the applicant(s) could not draft the

[2] As a policy matter, extending the presumption to the extent argued by the Plaintiff would create the perverse incentive of rewarding an inventor for not creating any evidence (or even destroying all evidence) of actual invention date because in the absence of any evidence, or even in the face of contrary evidence, he would be presumed to have invented at some unascertainable "earlier" date.

application. As the Federal Circuit has explained, "there is no need for proof or corroboration of the subject matter that is included in the application ***unless a date earlier than the filing date is sought to be established***." *Hyatt v. Boone*, 146 F.3d 1348, 1352 (Fed. Cir. 1998) (emphasis added). The filing of the application says nothing else about when anyone conceived of anything; it could have been days, weeks, or even years before the filing date. But the law cannot presume anything because there is no basis upon which to presume any particular date. Of course, the stakes are equally high for a named inventor to show priority over a challenger as they are for the challenger. The decision can determine ownership or even validity of the issued patent. The Federal Circuit recognized this "danger in post-hoc rationales by an inventor claiming priority" and therefore "requires ***objective evidence*** to corroborate an inventor's testimony concerning his understanding of the invention." *Invitrogen Corp. v. Clontech Labs., Inc.*, 429 F.3d 1052, 1065 (Fed. Cir. 2005) (emphasis added).

That the law requires such corroboration in order for an individual like the Plaintiff to show pre-filing conception of the invention is beyond any dispute.[3] The Federal Circuit's decision in *Burroughs Wellcome v. Barr Laboratories, Inc.*, 40 F.3d 1223, is on point and dispositive. Addressing the standard for a named group of inventors defeating a claim of co-inventorship by another group who had collaborated with the named inventors prior to the filing of the patent application, the court there explained:

> Conception is complete only when the idea is so clearly defined in the inventor's mind that only ordinary skill would be necessary to reduce the invention to practice, without extensive research or experimentation. Because it is a mental act, courts require corroborating evidence of a contemporaneous disclosure that would enable one skilled in the art to make the invention.

---

[3] The Plaintiff cannot deny that he is attempting to have the Court conclude that he conceived of the invention prior to the filing date of his patent, as Plaintiff's Memorandum states unequivocally the Plaintiff "has presented evidence that he in fact conceived of the invention before meeting with Lizarraga." Plaintiff's Memorandum at 8.

> Thus, the test for conception is whether the inventor had an idea that was definite and permanent enough that one skilled in the art could understand the invention; the inventor must prove his conception by corroborating evidence, preferably by showing a contemporaneous disclosure. An idea is definite and permanent when the inventor has a specific, settled idea, a particular solution to the problem at hand, not just a general goal or research plan he hopes to pursue. The conception analysis necessarily turns on the inventor's ability to describe his invention with particularity. Until he can do so, he cannot prove possession of the complete mental picture of the invention. These rules ensure that patent rights attach only when an idea is so far developed that the inventor can point to a definite, particular invention.

40 F.3d at 1227-28 (emphasis added). The *Burroughs Wellcome* case dealt with issues precisely analogous to those presented here: the named inventors on a patent were attempting to prove the date of conception in order to rebut a claim that other, unnamed individuals had contributed to the conception of the invention. Under the clear, unambiguous, and controlling law, the Plaintiff's testimony must be corroborated under the same "rule of reason" standard that governs the corroboration of Mr. Lizarraga's testimony.

Respectfully submitted,

HASBRO, INC.
By its Attorneys,

Todd D. White (# 5943)
twhite@apslaw.com
Jeffrey K. Techentin (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated:

Of Counsel:

David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005