IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING,<br>a Resident of Arizona,<br><br>Plaintiff,<br><br>v.<br><br>HASBRO, INC.,<br>a Rhode Island Corporation,<br><br>Defendant. | : | C.A. No. 05-229S |

**PLAINTIFF'S SURREPLY TO DEFENDANT'S REPLY MEMORANDUM OF LAW IN <u>SUPPORT OF MOTION TO CORRECT INVENTORSHIP</u>**

Pursuant to the Court's request, Plaintiff Michael Bowling hereby submits this Surreply to defendant's Reply Memorandum of Law in Support of its Motion to Correct Inventorship.

**INTRODUCTION**

Hasbro's memorandum attempts to confuse and distract the Court from evaluating the threshold determination on the inventorship issue: whether Hasbro has proved by clear and convincing evidence that Lizarraga is an inventor. To meet this burden, Hasbro must come forward with clear and convincing evidence that independently corroborates Lizarraga's testimony. Because Hasbro has failed to do so, as a matter of law, Lizarraga cannot be found an inventor.

If and only if, Hasbro *first* proves by clear and convincing evidence that Lizarraga is an inventor does the burden of production shift to Bowling. Hasbro has not produced *any* corroborating evidence and has failed to prove Lizarraga's alleged inventorship by clear and convincing evidence. Despite its lack of clear and convincing evidence, Hasbro leapfrogs this threshold requirement, assumes it was met, and incorrectly argues that Bowling must prove he is

the inventor. Because Hasbro has failed to satisfy this heavy threshold burden, Hasbro's legal authority and arguments on Bowling's conception and the sufficiency of Bowling's corroboration are irrelevant. The motion to correct inventorship should be denied and Bowling's motion for summary judgment should be granted.

## ARGUMENT

### 1. Hasbro Has Not Met Its Clear And Convincing Burden And Thus The Burden Of Production Never Shifts To Bowling.

Hasbro's inventorship claim fails because Hasbro cannot meet its burden to show by clear and convincing evidence (which requires corroboration) that Lizarraga is an inventor. Hasbro's arguments and legal authority regarding Bowling's burden of production are irrelevant because Hasbro cannot meet its threshold clear and convincing standard. Hasbro's failure to corroborate Lizarraga's testimony is dispositive on this issue, and Hasbro's motion to correct inventorship must be denied. *Stern v. The Trustees of Columbia Univ. in The City Of New York*, 434 F.3d 1375, 1377 (Fed. Cir. 2006); see also, *Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1329 (Fed. Cir. 2004) (affirming summary judgment because the alleged co-inventor's testimony was insufficiently corroborated).

Hasbro accuses Bowling of making two misstatements of law. However, Hasbro misstates the law and takes Bowling's arguments out of context. First, Hasbro incorrectly argues that the presumption of validity extends only to the filing date of the patent. The cases Hasbro cites for this proposition are all cases in which the challenger met its clear and convincing burden *first* and then the patentee was required to come forward with evidence to either predate an invalidating prior art reference or show prior conception.

The Federal Circuit requires a challenger to make a prima facie case of invalidity <u>before</u> patentee's burden of production on the issue. The cases Hasbro cites affirm this procedure.

*Loral Fairchild Corp. v. Matsushita Elec.*, 266 F.3d 1358, 1361 (Fed. Cir. 2001) (requiring the challenger to first prove by clear and convincing evidence that a reference was published prior to the filing date and examining actual reduction to practice); *Mahurkar v. C.R. Bard, Inc.* 79 F.3d 1572, 1576-77, 1578 (Fed. Cir. 1996) (examining the patentee's invention date only after the challenger made a prima facie case of invalidity under 102(a)); *Innovative Scuba Concepts v. Feder Indus.*, 26 F.3d 1112, 1115 (Fed. Cir. 1994) (requiring the challenger to first present a prima facie case of invalidity before shifting the burden of production to the patent holder); *Tone Bros., Inc. v. Sysco Corp.*, 28 F.3d 1192, 1197 n. 4 (Fed. Cir. 1994) (examining the patentee's date of invention after the challenger had made a prima facie case of invalidity due to public use under 102(b)). Hasbro's arguments about Bowling's date of invention are irrelevant because Hasbro has failed to establish a prima facie case that Lizarraga is an inventor.

The law does not allow a challenger, such as Hasbro, to merely claim, without overcoming the presumption with clear and convincing evidence, that the patent is invalid or invented by another, and shift the burden to the patent holder. If that were the case a mere allegation of prefiling invention would be enough to shift the burden and force a patent holder to prove he invented first. The presumption of validity protects patentees from such claim by forcing challengers to first come forward with clear and convincing evidence before requiring the patentee to rebut that prima facie case of invalidity or prior conception. Because Hasbro has not shown by clear and convincing evidence that Lizarraga is an inventor, Bowing does not need to come forward with evidence proving he conceived of the invention before Lizarraga.[1]

[1] However, Bowling did not just rely on Hasbro's failure to meet its burden, but supported his prior conception by corroborating evidence, including the prototype die which was indisputably created before Lizarraga's involvement and contained extension member facets being identically shaped and of equal surface area; the testimony of Elizabeth Bowling; and the deposition testimony of Julie Daulton.

Hasbro's claim fails because it cannot meet its clear and convincing burden to establish that Lizarraga is an inventor.[2] That ends the inquiry.

Hasbro's second basis for requiring a reply brief also misses the point. Bowling's argument is, and always has been, that Bowling would only need to show prior conception under the "rule of reason" standard if, and only if, Hasbro *first* proves by clear and convincing evidence that Lizarraga is an inventor. Hasbro has not met this threshold burden and the inquiry ends there.

Both of Bowling's statements are consistent with the law. An issued patent is presumed valid and the burden of proof remains at all times with Hasbro. *Innovative Scuba Concepts*, 26 F.3d at 1115. The presumption is not limited to the filing date. To overcome this presumption, Hasbro must prove Lizarraga's inventorship by clear and convincing evidence. Hasbro cannot rely on Lizarraga's oral testimony alone; Hasbro must present sufficient corroborating evidence. *Gemstar-TV Guide Int'l v. ITC*, 383 F.3d 1352, 1383; *Acromed Corp. v. Sofamor Danek Group*, 253 F.3d 1371, 1379 (Fed. Cir. 2001); *Hess v. Advanced Cardiovascular Sys. Inc.*, 106 F.3d 976, 980 (Fed. Cir. 1997). Hasbro has produced no evidence that independently corroborates Lizarraga's testimony or rises even close to clear and convincing evidence that Lizarraga is an inventor.

[2] Hasbro's argument that Bowling must prove his prior conception by clear and convincing evidence is wrong for two reasons. First, Bowling need only come forward to meet his burden of production if, and only if, Hasbro proves Lizarraga is an inventor by clear and convincing evidence. It has not done so. Second, the case Hasbro cites on page 4 of its brief, *Princeton Biochem., Inc. v. Beckman Coulter, Inc.*, is not controlling authority and Hasbro's assertion is directly contrary to established Federal Circuit law. *Innovative Scuba Concepts*, 26 F.3d at 1115 (reversing a district court for requiring the patent holder to prove by clear and convincing evidence that it conceived of and reduced to practice its invention before an invalidating prior art reference).

## CONCLUSION

The Court should also deny Hasbro's Motion to Correct Inventorship and grant Bowling's motion for summary judgment that Lizarraga is not an inventor because Hasbro cannot establish Lizarraga as an inventor by clear and convincing evidence.

Plaintiff,
Michael Bowling,
By his attorneys,

/S/ Thomas J. Leach
Douglas J. Williams, *pro hac vice*
Thomas J. Leach, *pro hac vice*
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 332-5300
(612) 332-9081 (Facsimile)

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

Date: January 18, 2007

**CERTIFICATE OF SERVICE**

TO:

Todd D. White, Esq.
Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

David K. S. Cornwell, Esq.
Tracey-Gene G. Durkin, Esq.
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue N.W.
Washington, DC 20005

I hereby certify that the within *Plaintiff's Surreply to Defendant's Reply in Support of Motion to Correct Inventorship* was filed through the ECF system on the 18th day of January, 2007, and will be sent electronically to the above-named counsel who are registered participants identified on the Notice of Electronic Filing for Case No. 05-229S.

/s/ Thomas J. Leach__________