Sterne Kessler Goldstein Fox
ATTORNEYS AT LAW

Robert Greene Sterne
Jorge A. Goldstein
David K.S. Cornwell
Robert W. Esmond
Tracy-Gene G. Durkin
Michele A. Cimbala
Michael B. Ray
Robert E. Sokohl
Eric K. Steffe
Michael Q. Lee
John M. Covert
Robert C. Millonig
Donald J. Featherstone
Timothy J. Shea, Jr
Michael V. Messinger
Judith U. Kim
Jeffrey T. Helvey
Eldora L. Ellison
Donald R. Banowit
Peter A. Jackman
Brian J. Del Buono
Mark Fox Evens
Vincent L. Capuano
Elizabeth J. Haanes
Michael D. Specht
Kevin W. McCabe
Glenn J. Perry
Edward W. Yee
Grant E. Reed
Virgil Lee Beaston
Theodore A. Wood
Joseph S. Ostroff
Jason D. Eisenberg
Tracy L. Muller
Jon E. Wright
LuAnne M. DeSantis
Ann E. Summerfield
Helene C. Carlson
Cynthia M. Bouchez
Timothy A. Doyle
Gaby L. Longsworth
Lori A. Gordon
Laura A. Vogel
Bryan S. Wade
Bashir M.S. Ali
Shannon A. Carroll
Anbar F. Khal
Michelle K. Holoubek
Marsha A. Rose
Scott A. Schaller
Lei Zhou
Young Tang
Christopher J. Walsh
W. Blake Coblentz+
James J. Pohl
John T. Haran
Mark W. Rygiel
Michael R. Malek*
Carla Ji-Eun Kim
Doyle A. Siever*
Ulrike Winkler
Bryan L. Skelton*
Paul A. Calvo
Robert A. Schwartzman
C. Matthew Rozier
Alexandra K. Pechhold
Registered Patent Agents•
Karen R. Markowicz
Matthew J. Dowd
Katrina Yujian Pei Quach
Julie A. Heider
Mita Mukherjee
Scott M. Woodhouse
Peter A. Socarras
Jeffrey K. Mills
Danielle L. Letting
Lori Brandes
Steven C. Oppenheimer
Aaron S. Lukas
Gaurav Asthana
Of Counsel
Edward J. Kessler
Kenneth C. Bass III
Marvin C. Guthrie
Christopher P. Wrist
*Admitted only in Maryland
+Admitted only in Virginia
•Practice Limited to Federal Agencies

July 11, 2007

*WRITER'S DIRECT NUMBER:*
(202) 772-8580
*INTERNET ADDRESS:*
DAVIDC@SKGF.COM

Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

***Mail Stop Ex Parte Reexam***

Re: U.S. Patent No. 5,938,197; Issued: August 17, 1999
*(from Application No. 09/003,246; Filed: January 6, 1998)*
For: **Random Number Generator for Game Playing**
Inventor: Michael A. BOWLING
Our Ref: 2322.003REX0

Sir:

Transmitted herewith for appropriate action are the following documents:

1. Fee Transmittal Form (PTO/SB/17);

2. Credit Card Payment Form (PTO-2038) in the amount of **$2,520.00** to cover the Reexamination Fee;

3. Request for *Ex Parte* Reexamination Transmittal Form (PTO/SB/57);

4. Request for *Ex Parte* Reexamination with copies of Exhibits A-S attached;

5. A listing of 8 cited documents (Exhibits B, I, K, M, O-Q and S) on Form PTO/SB/08A (one (1) page);

6. A listing of 10 cited documents (Exhibits C-H, J, L, N and R) on Form PTO/SB/08B (one (1) page); and

7. One (1) return postcard.

It is respectfully requested that the attached postcard be stamped with the date of filing of these documents, and that it be returned to our courier.

The U.S. Patent and Trademark Office is hereby authorized to charge any fee deficiency, or credit any overpayment, to our Deposit Account No. 19-0036.

Respectfully submitted,

STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

for Virgil L. Beaston Reg. No. 47,415

David K. S. Cornwell
Attorney for Third Party Requestor
Registration No. 31,944

DKSC/VLB:kim
Enclosures
696444_1.DOC

PTO/SB/17 (05-07)
Approved for use through 05/31/2007. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number

*Effective on 12/08/2004.*
*Fees pursuant to the Consolidated Appropriations Act, 2005 (H.R. 4818).*

# FEE TRANSMITTAL
## For FY 2007

☐ Applicant claims small entity status. See 37 CFR 1.27

**TOTAL AMOUNT OF PAYMENT** ($) 2,520.00

| *Complete if Known* | |
|---|---|
| Application Number | To Be Determined |
| Filing Date | July 11, 2007 |
| First Named Inventor | Michael A. BOWLING |
| Examiner Name | *To Be Assigned* |
| Art Unit | *To Be Assigned* |
| Attorney Docket No. | 2322.003REX0 |

**METHOD OF PAYMENT** (check all that apply)

☐ Check ☒ Credit Card ☐ Money Order ☐ None ☐ Other (please identify): ____________

☒ Deposit Account Deposit Account Number: 19-0036 Deposit Account Name: Sterne, Kessler, Goldstein & Fox P.L.L.C.

For the above-identified deposit account, the Director is hereby authorized to: (check all that apply)

☐ Charge fee(s) indicated below ☐ Charge fee(s) indicated below, **except for the filing fee**

☒ Charge any additional fee(s) or underpayments of fee(s) under 37 CFR 1.16 and 1.17 ☒ Credit any overpayments

**WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.**

**FEE CALCULATION**

**1. BASIC FILING, SEARCH, AND EXAMINATION FEES**

| | FILING FEES | | SEARCH FEES | | EXAMINATION FEES | | |
|---|---|---|---|---|---|---|---|
| **Application Type** | **Fee ($)** | **Small Entity Fee ($)** | **Fee ($)** | **Small Entity Fee ($)** | **Fee ($)** | **Small Entity Fee ($)** | **Fees Paid ($)** |
| Utility | 300 | 150 | 500 | 250 | 200 | 100 | |
| Design | 200 | 100 | 100 | 50 | 130 | 65 | |
| Plant | 200 | 100 | 300 | 150 | 160 | 80 | |
| Reissue | 300 | 150 | 500 | 250 | 600 | 300 | |
| Provisional | 200 | 100 | 0 | 0 | 0 | 0 | |

**2. EXCESS CLAIM FEES**

| **Fee Description** | **Fee ($)** | **Small Entity Fee ($)** |
|---|---|---|
| Each claim over 20 (including Reissues) | 50 | 25 |
| Each independent claim over 3 (including Reissues) | 200 | 100 |
| Multiple dependent claims | 360 | 180 |

**Total Claims** **Extra Claims** **Fee ($)** **Fee Paid ($)**
________ - 20 or HP = ________ x ________ = ________
HP = highest number of total claims paid for, if greater than 20.

**Multiple Dependent Claims**
**Fee ($)** **Fee Paid ($)**
________ ________

**Indep. Claims** **Extra Claims** **Fee ($)** **Fee Paid ($)**
________ - 3 or HP = ________ x ________ = ________
HP = highest number of independent claims paid for, if greater than 3.

**3. APPLICATION SIZE FEE**

If the specification and drawings exceed 100 sheets of paper (excluding electronically filed sequence or computer listings under 37 CFR 1.52(e)), the application size fee due is $250 ($125 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s).

**Total Sheets** **Extra Sheets** **Number of each additional 50 or fraction thereof** **Fee ($)** **Fee Paid ($)**
________ - 100 = ________ / 50 = ________ (round **up** to a whole number) x ________ = ________

**4. OTHER FEE(S)** **Fees Paid ($)**

Non-English Specification, $130 fee (no small entity discount) ________

Other (e.g., late filing surcharge): Ex Parte Reexamination Fee 2,520.00

**SUBMITTED BY**

| Signature | For [signature] Reg. No. 47,415 | Registration No. (Attorney/Agent) | 31,944 | Telephone | (202) 371-2600 |
|---|---|---|---|---|---|
| Name (Print/Type) | David K. S. Cornwell | | | Date | |

This collection of information is required by 37 CFR 1.136. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 30 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/SB/57 (05-07)
Approved for use through 05/31/2007. OMB 0651-0033
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

(Also referred to as FORM PTO-1465)

# REQUEST FOR *EX PARTE* REEXAMINATION TRANSMITTAL FORM

Address to:
**Mail Stop *Ex Parte* Reexam**
**Commissioner for Patents**
**P.O. Box 1450**
**Alexandria, VA 22313-1450**

**Attorney Docket No.:** 2322.003REX0

**Date:** July 11, 2007

1. [X] This is a request for *ex parte* reexamination pursuant to 37 CFR 1.510 of patent number 5,938,197 issued August 17, 1999. The request is made by:

   [ ] patent owner. [X] third party requester.

2. [X] The name and address of the person requesting reexamination is:

   Hasbro, Inc., 1027 Newport Avenue; Pawtucket, RI 02862

3. [ ] a. A check in the amount of $__________ is enclosed to cover the reexamination fee, 37 CFR 1.20(c)(1);

   [X] b. The Director is hereby authorized to charge the fee as set forth in 37 CFR 1.20(c)(1) to Deposit Account No. 19-0036 (submit duplicative copy for fee processing); or

   [X] c. Payment by credit card. Form PTO-2038 is attached.

4. [ ] Any refund should be made by [ ] check or [ ] credit to Deposit Account No. 19-0036. 37 CFR 1.26(c). If payment is made by credit card, refund must be to credit card account.

5. [X] A copy of the patent to be reexamined having a double column format on one side of a separate paper is enclosed. 37 CFR 1.510(b)(4)

6. [ ] CD-ROM or CD-R in duplicate, Computer Program (Appendix) or large table

   [ ] Landscape Table on CD

7. [ ] Nucleotide and/or Amino Acid Sequence Submission
   *If applicable, items a. – c. are required.*

   a. [ ] Computer Readable Form (CRF)
   b. Specification Sequence Listing on:

      i. [ ] CD-ROM (2 copies) or CD-R (2 copies); **or**
      ii. [ ] paper

   c. [ ] Statements verifying identity of above copies

8. [X] A copy of any disclaimer, certificate of correction or reexamination certificate issued in the patent is included. (see Exhibit A)

9. [X] Reexamination of claim(s) 1-20 is requested.

10. [X] A copy of every patent or printed publication relied upon is submitted herewith including a listing thereof on Form PTO/SB/08, PTO-1449, or equivalent. (see Exhibits B-S)

11. [ ] An English language translation of all necessary and pertinent non-English language patents and/or printed publications is included.



This collection of information is required by 37 CFR 1.510. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Mail Stop *Ex Parte* Reexam, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/SB/57 (05-07)
Approved for use through 05/31/2007. OMB 0651-0033
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

12. [X] The attached detailed request includes at least the following items:

a. A statement identifying each substantial new question of patentability based on prior patents and printed publications. 37 CFR 1.510(b)(1)
b. An identification of every claim for which reexamination is requested, and a detailed explanation of the pertinency and manner of applying the cited art to every claim for which reexamination is requested. 37 CFR 1.510(b)(2)

13. [ ] A proposed amendment is included (only where the patent owner is the requester). 37 CFR 1.510(e)

14. [X] a. It is certified that a copy of this request (if filed by other than the patent owner) has been served in its entirety on the patent owner as provided in 37 CFR 1.33(c).
The name and address of the party served and the date of service are:

Julie R. Daulton, Esq., Merchant & Gould PC, 3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN 55402-0903 (via Federal ExpressTracking No. 7982 1658 4959)

Date of Service: July 11, 2007; or

[ ] b. A duplicate copy is enclosed since service on patent owner was not possible.

15. Correspondence Address: Direct all communication about the reexamination to:

[X] The address associated with Customer Number: **26111**

***OR***

[ ] Firm or Individual Name

Address

| City | State | Zip |
|---|---|---|
| Country | | |
| Telephone | Email | |

16. [X] The patent is currently the subject of the following concurrent proceeding(s):
[ ] a. Copending reissue Application No. ____.
[ ] b. Copending reexamination Control No. ____.
[ ] c. Copending Interference No. ____.
[X] d. Copending litigation styled:

Michael Bowling v. Hasbro, Inc. (C.A. No. 05-229 S); United States District Court for the District of Rhode Island

**WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.**

[signature] For
Authorized Signature

7/11/2007
Date

David K. S. Cornwell
Typed/Printed Name

31,944
Registration No.

[ ] For Patent Owner Requester
[X] For Third Party Requester



696437.1

Equivalent of Form PTO/SB/08A (07-05)
Approved for use through 07/31/2006.
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

Substitute for form 1449/PTO

# INFORMATION DISCLOSURE STATEMENT BY APPLICANT

*(Use as many sheets as necessary)*

Sheet 1 of 1

| *Complete if Known* | |
|---|---|
| Application Number | *To Be Assigned (Reexam)* |
| Filing Date | July 11, 2007 |
| First Named Inventor | Michael A. BOWLING |
| Art Unit | *To Be Assigned* |
| Examiner Name | *To Be Assigned* |
| Attorney Docket Number | 2322.003REX0 |

## U.S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Document Number<br>Number-Kind Code[2 (If Known)] | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | US1 | 4,497,487 | 02-05-1985 | Henry CRIPPEN | |
| | US2 | 1,539,015 | 05-26-1925 | Paul MITCHELL | |
| | US3 | 4,717,154 | 01-05-1988 | David MILLER | |
| | US4 | 3,608,905 | 09-28-1971 | Robert W. EDISON | |
| | US5 | 1,517,113 | 11-25-1924 | L. W. GREENE | |
| | US6 | 3,904,208 | 09-09-1975 | Jack J. GROSSMAN | |
| | US7 | 4,346,900 | 08-31-1982 | Stewart LAMLEE | |
| | US8 | 4,489,946 | 12-25-1985 | Ortiz BURGOS | |
| | US9 | | | | |
| | US10 | | | | |
| | US11 | | | | |
| | US12 | | | | |
| | US13 | | | | |
| | US14 | | | | |
| | US15 | | | | |
| | US16 | | | | |
| | US17 | | | | |
| | US18 | | | | |
| | US19 | | | | |
| | US20 | | | | |

## FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document<br>Country Code[3] Number[4] Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | FP1 | | | | | |
| | FP2 | | | | | |
| | FP3 | | | | | |
| | FP4 | | | | | |
| | FP5 | | | | | |
| | FP6 | | | | | |
| | FP7 | | | | | |
| | FP8 | | | | | |
| | FP9 | | | | | |

696599_1.DOC

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1]Applicant's unique citation designation number (optional). [2]See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3]Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4]For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5]Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6]Applicant is to place a check mark here if English language Translation is attached.

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

PTO/SB/08b (08-03)
Approved for use through 06/30/2006. OMB 0651-0031
U.S. Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

Substitute for form 1449B/PTO

# INFORMATION DISCLOSURE STATEMENT BY APPLICANT

(Use as many sheets as necessary)

| Complete If Known | |
|---|---|
| *Application Number* | *To be Assigned* (Reexam) |
| *Filing Date* | July 11, 2007 |
| *First Named Inventor* | Michael A. BOWLING |
| *Art Unit* | *To be Assigned* |
| *Examiner Name* | *To Be Assigned* |
| *Attorney Docket Number* | 2322.003REX0 |

Sheet 1 of 1

## NON PATENT LITERATURE DOCUMENTS

| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date page(s), volume-issue number(s), publisher, city and/or country where published | T[2] |
|---|---|---|---|
| | NPL1 | FRANÇOIS SULPICE BEUDANT, *Traité Élémentaire de Minéralogie*, v. 2 at Pl. 4 (2[d] Ed. Paris, Chez Verdière, 1832). | |
| | NPL2 | JACQUES LOUIS COMTE DE BOURNON, *Traité Complet de la Chaux Carbonattée et de l'Arragonite*, v. 3 at Pl. 17 (London, William Phillips, 1808). | |
| | NPL3 | JAMES D. DANA, *Descriptive Mineralogy* at 651 (6[th] Ed., Edward S. Dana ed., New York, John Wiley & Sons 1909). | |
| | NPL4 | IAN MERCER, *Crystals* at 58 (Cambridge, Mass., Harvard Univ. Press 1990). | |
| | NPL5 | M. REEKS, *Hints for Crystal Drawing* (New York, Longman, Greens & Co. 1908) at 25. | |
| | NPL6 | F.S. BEUDANT, *Minéralogie* (Paris, Langlois & Leclerq 1851) at 22. | |
| | NPL7 | J. MÜLLER, *Grundzüge der Krystallographie* (Braunschweig, Friedrich Vieweg & Sohn 1845) at 22. | |
| | NPL8 | JAMES D. DANA, *Descriptive Mineralogy* (6[th] Ed., Edward S. Dana ed., New York, John Wiley & Sons 1909) at 85. | |
| | NPL9 | FREDRICK ACCUM, *Elements of Crystallography* (London, Longman, Hurst, Rees, Orme, and Brown, 1813) at Pl. II. | |
| | NPL10 | T. LIEBIESCH, *Geometrische Krystallographie* (Leipzig, Verlag von Wilhelm Engelman, 1881) at 235. | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with M PEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1]Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: **Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re: | U.S. Patent No. 5,938,197 | Confirmation No. | TBD |
| Issued: | August 17, 1999 | Group Art Unit: | TBD |
| For: | Random Number Generator For Game Playing | Examiner: | TBD |
| Patentee: | Michael A. Bowling | Atty. Docket No. | 2322.003REX0 |

Commissioner for Patents
PO Box 1450
Alexandria, VA 22313-1450

***Mail Stop Ex Parte Reexam***

## REQUEST FOR *EX PARTE* REEXAMINATION

### I. Request

We request *Ex parte* reexamination of United States Patent No. 5,938,197 ("the '197 patent"), which issued on August 17, 1999, under 35 U.S.C. §§302-307 and 37 C.F.R. §1.510 because each of the claims of the '197 patent are invalid and should not have issued.

As outlined below each of the claims of the '197 patent are anticipated and/or obvious over a combination of prior art, wherein each piece of prior art was not of record during the prosecution of the '197, thereby creating a substantial new question of patentability for each claim.

### II. Third Party Requester

This request is made by Hasbro, Inc.; 1027 Newport Avenue; Pawtucket, Rhode Island 02862.

## III. Fee Payment

Fee payment in the amount of $2,520.00, as prescribed by 37 C.F.R. §1.20(c)(1), is provided herewith by our accompanying Credit Card Payment Form (PTO-2038). Please charge any fee deficiency or credit any refund to our Deposit Account No. 19-0036.

## IV. Patent Copy

A copy of the patent to be reexamined, having a double column format on one side of a separate paper is submitted herewith as Exhibit A in accordance with 37 C.F.R. §1.510(b)(4).

## V. Claims For Which Reexamination Is Sought

Reexamination of claims 1-20 of the '197 patent is respectfully requested in view of at least the following documents, which are enclosed herewith as Exhibits B-S and are listed on an accompanying Form PTO/SB/08A:

| Exhibit | Prior Art Documents | Previously Cited |
|---|---|---|
| B | U.S. Patent No. 4,497,487 to Crippen. | No |
| C | François Sulpice Beudant, *Traité Élémentaire de Minéralogie*, v. 2 at Pl. 4 (2d Ed. Paris, Chez Verdière, 1832). | No |
| D | Jacques Louis Comte de Bournon, *Traité Complet de la Chaux Carbonattée et de l'Arragonite*, v. 3 at Pl. 17 (London, William Phillips, 1808). | No |
| E | James D. Dana, *Descriptive Mineralogy* at 651 (6th Ed., Edward S. Dana ed., New York, John Wiley & Sons 1909). | No |
| F | Ian Mercer, *Crystals* at 58 (Cambridge, Mass., Harvard Univ. Press 1990). | No |

| | | |
|---|---|---|
| G | M. Reeks, *Hints for Crystal Drawing* (New York, Longman, Greens & Co. 1908) at 25. | No |
| H | F.S. Beudant, *Minéralogie* (Paris, Langlois & Leclerq 1851) at 22. | No |
| I | U.S. Patent No. 1,539,015 to Mitchell. | No |
| J | J. Müller, *Grundzüge der Krystallographie* (Braunschweig, Friedrich Vieweg & Sohn 1845) at 22. | No |
| K | U.S. Patent No. 4,717,154 to Miller. | No |
| L | James D. Dana, *Descriptive Mineralogy* (6th Ed., Edward S. Dana ed., New York, John Wiley & Sons 1909) at 85. | No |
| M | U.S. Patent No. 3,608,905 to Edison. | No |
| N | Fredrick Accum, *Elements of Crystallography* (London, Longman, Hurst, Rees, Orme, and Brown, 1813) at Pl. II. | No |
| O | U.S. Patent No. 1,517,113 to Greene. | No |
| P | U.S. Patent No. 3,904,208 to Grossman. | No |
| Q | U.S. Patent No. 4,346,900 to Lamlee. | No |
| R | T. Liebiesch, *Geometrische Krystallographie* (Leipzig, Verlag von Wilhelm Engelman, 1881) at 235. | No |
| S | U.S. Patent No. 4,489,946 to Burgos. | No |

## VI. Service On Patent Owner

Requester's representative, by signing below, certifies that pursuant to 37 C.F.R. §1.33(c) a copy of this Request For Reexamination in its entirety has been served by Federal Express (Tracking No. 7982 1658 4959) deposited on July 11, 2007, on the last known attorney of record for the '197 patent:

Julie Daulton
Merchant & Gould
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

## VII. Communications To Third Party Requester

Please direct all communications for the third party requester concerning this Request For Reexamination to:

David K.S. Cornwell
Sterne, Kessler, Goldstein & Fox P.L.L.C.
1100 New York Avenue, NW
Washington, DC 20005

USPTO Customer Number 26111

## VIII. Overview Of The '197 Patent To Bowling

U.S. Patent No. 5,938,197 to Bowling ("the '197 patent") issued on August 17, 1999, from U.S. Application No. 09/003,246, which was filed on January 6, 1998.

The claims of the '197 patent are directed to a "random number generator" for game playing, for example, a die. As an aid to understanding what is claimed in the '197 patent, FIG. 1 of the '197 patent is reproduced below.

FIG. 1 of the '197 patent shows a die construction 20, having a pair of opposite end members or end caps 24, 26 and a display member or extension member 28 extending between end caps 24, 26.

FIG. 1




FIG. 1 of the '197 patent

Extension member 28 has a plurality of discrete facets 32 that are identically shaped and purportedly have equal surface areas. Each discrete facet 32 also has a display indicia 30 thereon, such as a number, digit, or polka dots. In the embodiment of FIG. 1, extension member 28 has six discrete facets.

First end cap 24 has a plurality of discrete facets 36 the number of which is equal to one-half of the number of discrete facets 32 of extension member 28. In the embodiment of FIG. 1, first end cap 24 has three discrete facets. Discrete facets 36 of first end cap 24 are identically shaped and have equal surface areas. Similarly, second end cap 26 has a plurality of discrete facets 40 the number of which is equal to one-half of the number of discrete facets 32 of extension member 28. In the embodiment of FIG. 1, second end cap 26 has three discrete facets. Discrete facets 40 of second end cap 26 are identically shaped and have equal surface areas to each other and to each of discrete facets 36 of first end cap 24. In addition, the surface area of discrete facets 32 of extension member 28 is different from the surface area of each of discrete facets 36, 40 of first end cap 24 and second end cap 26, respectively.

## IX. Overview Of Cited Prior Art

### A. U.S. Patent No. 4,497,487

U.S. Patent No. 4,497,487 to Crippen ("the Crippen patent") issued on February 5, 1985, from U.S. Application Serial No. 182,234, which was filed on August 28, 1980. The earliest possible effective priority date for any claim of the '197 patent is January 6, 1998. Thus, the

Crippen patent is prior art to the claims of the '197 patent under 35 U.S.C. §102(b) because the Crippen patent was patented in the United States more than one year prior to the earliest possible priority date of the '197 patent.

FIGS. 3 (reproduced below) and 4 of the Crippen patent disclose a die construction in the form of an icosahedron in a planar two-dimensional view of one embodiment of the die construction. *See* col. 2, line 44-45. The body of the die has first and second opposite end caps (represented by the pentagons in FIGS. 3 and 4) and an extension member (represented by the row of connected triangles in FIGS. 3 and 4) therebetween. The extension member has ten discrete facets in the shape of triangles. *See* FIGS. 3 and 4. The Crippen patent also discloses the end caps each have five discrete facets in the shape of triangles, which is one-half the number of the ten discrete facets of the extension member. *See* FIGS. 3 and 4.




FIG. 3

FIG. 3 of the Crippen patent

**B. Traité Élémentaire de Minéralogie**

*Traité Élémentaire de Minéralogie* by François Sulpice Beudant ("the Beudant publication) published in 1832. The earliest possible effective priority date for any claim of the '197 patent is January 6, 1998. Thus, the Beudant publication is prior art to the claims of the '197 patent under 35 U.S.C. §102(b) because the Beudant publication was published more than one year prior to the earliest possible priority date of the '197 patent.

The Beudant publication discloses a crystal having a body with first and second opposite end caps and an extension member therebetween. *See* FIG. 30 (reproduced below). The

extension member of each crystal has six discrete facets in the shape of triangles having identical shapes and equal surface areas. *See* FIG. 30. Each of the discrete facets of the crystal has printed indicia thereon such that the crystal may act as a die. *See* FIG. 30. The Beudant publication also discloses the end caps each have three discrete facets in the shape of triangles, which is one-half the number of the six discrete facets of the extension member. *See* FIG. 30. The triangles of both end caps have identical shapes and equal areas. *See* FIG. 30. In addition, the surface area of the triangles of the extension member and the triangles of the end caps are different. *See* FIG. 30.




FIG. 30 of the Beudant publication

### C. Traité Complet de la Chaux Carbonattée et de l'Arragonite

*Traité Complet de la Chaux Carbonattée et de l'Arragonite* by Jacque Louis Comte de Bournon ("the Comte de Bournon publication") published in 1808. The earliest possible effective priority date for any claim of the '197 patent is January 6, 1998. Thus, the Comte de Bournon publication is prior art to the claims of the '197 patent under 35 U.S.C. §102(b) because the Comte de Bournon publication was published more than one year prior to the earliest possible priority date of the '197 patent.

The Comte de Bournon publication discloses a crystal having a body with first and second opposite end caps and an extension member therebetween. *See* FIG. 265 (reproduced below). The extension member of each crystal has six discrete facets in the shape of triangles having identical shapes and equal surface areas. *See* FIG. 265. Each of the discrete facets of the

crystal has printed indicia thereon such that the crystal may act as a die. *See* FIG. 265. The Beudant publication also discloses the end caps each have three discrete facets in the shape of triangles, which is one-half the number of the six discrete facets of the extension member. *See* FIG. 265. The triangles of both end caps have identical shapes and equal areas. *See* FIG. 265. In addition, the surface area of the triangles of the extension member and the triangles of the end caps are different. *See* FIG. 265.



FIG. 265 of the Comte de Bournon publication

**D. Descriptive Mineralogy**

*Descriptive Mineralogy* by James D. Dana ("the Dana publication") published in 1909. The earliest possible effective priority date for any claim of the '197 patent is January 6, 1998. Thus, the Dana publication is prior art to the claims of the '197 patent under 35 U.S.C. §102(b) because the Dana publication was published more than one year prior to the earliest possible priority date of the '197 patent.

The Dana publication discloses a crystal having a body with first and second opposite end caps and an extension member therebetween. *See* p. 651. The extension member of the crystal has six discrete facets having identical shapes and equal surface areas. *See* p. 651. Each of the discrete facets of the crystal has printed indicia thereon such that the crystal may act as a die. *See* p. 651.



FIG. 5 from page 651 of the Dana publication

The Dana publication also discloses the end caps each have three discrete facets, which is one-half the number of the six discrete facets of the extension member. *See* p. 651. The discrete facets of both end caps have identical shapes and equal areas. *See* p. 651. In addition, the surface area of the discrete facets of the extension member and the discrete facets of the end caps are different. *See* p. 651.

**E. Crystals**

*Crystals* by Ian Mercer ("the Mercer publication") published in 1990. The earliest possible effective priority date for any claim of the '197 patent is January 6, 1998. Thus, the Mercer publication is prior art to the claims of the '197 patent under 35 U.S.C. §102(b) because the Mercer publication was published more than one year prior to the earliest possible priority date of the '197 patent.

The Mercer publication discloses a crystal model having a body with first and second opposite end caps and an extension member therebetween. *See* p. 58. The extension member of the crystal model has six discrete facets having identical shapes and equal surface areas. *See* p. 58. At least one of the discrete facets of the crystal model has printed indicia in the form of numbers thereon such that the crystal model may act as a die. *See* p. 58.



FIG. from page 58 of the Mercer publication

The Mercer publication also discloses the end caps each have three discrete facets, which is one-half the number of the six discrete facets of the extension member. *See* p. 58. The discrete facets of both end caps have identical shapes and equal areas. *See* p. 58. In addition, the surface area of the discrete facets of the extension member and the discrete facets of the end caps are different. *See* p. 58.

**X. Statement Pointing Out Each Substantial New Question Of Patentability In Accordance With 37 C.F.R. §1.510(b)(1)**

As discussed below, claims 1-20 of the '197 patent are anticipated and/or obvious. Each rejection of the claims discussed below contains prior art that was not of record during the prosecution of the '197 patent, thereby establishing a substantial new question of patentability for each claim.

**XI. Detailed Explanation Of The Pertinence And Manner Of Applying The Cited Art To Every Claim For Which Reexamination Is Requested In Accordance With 37 C.F.R. §1.510(b)(2)**

Claims in a reexamination are to be given their broadest reasonable interpretation consistent with the specification and limitations in the specification are not to be read into the claims. *See In re Am. Academy of Science Tech. Center*, 367 F.3d 1359, 1364 (Fed. Cir. 2004); *In re Yamamoto*, 740 F.2d 1569 (Fed. Cir. 1984); M.P.E.P. § 2258.I.G.

**A. Anticipation Of Claims 1-6, 10-12, And 17-18 Under 35 U.S.C.§ 102(b)**

For at least the reasons presented herein, at least claims 1-6, 10-12, and 17-18 of the '197 patent are anticipated by U.S. Patent No. 4,497,487 to Crippen ("the Crippen patent").

**1. Anticipation Of Claim 1**

Claim 1 of the '197 patent recites:

> 1. A die construction comprising:
>
> (a) a body having first and second, opposite end caps and an extension member therebetween;
>
> (b) said extension member having a first number of discrete facets and no more than said first number;

(i) each of said discrete facets being identically shaped and having equal surface areas;

(c) said first end cap having a second number of discrete facets and no more than said second number; said second number being one-half of said first number;

(i) each of said first end cap discrete facets being identically shaped and having equal surface areas; and

(d) said second end cap having said second number of discrete facets and no more than said second number;

(i) each of said second end cap discrete facets being shaped identically as said first end cap discrete facets; and each of said second end cap discrete facets having a surface area equal a surface area of each of said first end cap discrete facets; and

(e) each of said discrete facets of said extension member having a surface area that is different from a surface area of each of said discrete facets of said first and second end caps.

The Crippen patent discloses a die construction in the form of an icosahedron and FIGS. 3 and 4 illustrate a planar two-dimensional flattened view of one embodiment of the die construction. *See* col. 2, line 44-45. The body of the die has first and second opposite end caps (represented by the pentagons in FIGS. 3 and 4) and an extension member (represented by the row of connected triangles in FIGS. 3 and 4) therebetween. The extension member has ten discrete facets in the shape of triangles as shown below:



*See* FIGS. 3 and 4. As FIGS. 3 and 4 are a planar representation, it is clear through observation and measurement that ten triangles that make up the extension member are equilateral triangles having identical shapes and equal surface areas. The fact that the representation is planar is also clear from the lines drawn across the edges of the flattened die, highlighted below:



The Crippen patent discloses the end caps each have five discrete facets in the shape of triangles, which is one-half the number of the ten discrete facets of the extension member as show below:



*See* FIGS. 3 and 4. The end caps in the planar two-dimensional representation shown in FIGS. 3 and 4 are in the shape of a pentagon wherein each edge of the pentagon aligns with one of the discrete facets of the extension member when assembled in three-dimensional form. Since each of the ten discrete facets has the same shape, it follows that each edge of the pentagon is the same length as the sides of the facets of the extension member, thereby making the pentagon a regular pentagon (each side has the same length). It is clear that the regular pentagons of the end caps are divided into five discrete facets in the shape of triangles wherein all the triangles of both end caps have identical shapes and equal areas.

As established above the end caps in FIGS. 3 and 4 are regular pentagons and from this fact it can be determined that each of the discrete triangular facets of the end caps are isosceles triangles having two 54 degree angles and one 72 degree angle.[1] The surface area of a triangle is determined by multiplying the height of the triangle by one-half the length of the base. Each of the triangles making up the facets of the end caps share a base with one of the triangles that make up the facets of the extension member. However, since the triangles of the extension member are equilateral triangles, each having three angles of 60 degrees, giving the triangles of the extension member a different height than the triangles of the end caps, which are isosceles triangles. Accordingly, since the triangles of the extension member have a different height than the triangles of the end caps, the surface area, as calculated with the above formula, of the triangles of the extension member and the triangles of the end caps must necessarily be different.

[1] The angles of a regular polygon are 108 degrees and since the triangles bisect the angles of the polygon each triangle has two 54 degree angles. The sum of the angles of a triangle equals 180 degrees, making the third angle of each triangle 72 degrees.

Thus claim 1 of the '197 patent is unpatentable as being anticipated by the Crippen patent.

**2. Anticipation Of Claim 2**

Claim 2 of the '197 patent recites:

> 2. A die construction according to claim 1, wherein:
>
> (a) each of said extension member discrete facets include printed indicia thereon.

The Crippen patent discloses that each of the discrete facets of the extension member include printed indicia thereon. *See* FIGS. 3 and 4.

Thus claim 2 of the '197 patent is unpatentable as being anticipated by the Crippen patent.

**3. Anticipation Of Claim 3**

Claim 3 of the '197 patent recites:

> 3. A die construction according to claim 2, wherein:
>
> (a) each of said extension member discrete facets is tapered.

The Crippen patent discloses that each of the discrete facets of the extension member is triangular and therefore tapered. *See* FIGS. 3 and 4.

Thus claim 3 of the '197 patent is unpatentable as being anticipated by the Crippen patent.

**4. Anticipation Of Claim 4**

Claim 4 of the '197 patent recites:

> 4. A die construction according to claim 3, wherein:
>
> (a) each of said extension member discrete facets is triangular-shaped.

The Crippen patent discloses that each of the discrete facets of the extension member is triangular. *See* FIGS. 3 and 4.

Thus claim 4 of the '197 patent is unpatentable as being anticipated by the Crippen patent.

**5. Anticipation Of Claim 5**

Claim 5 of the '197 patent recites:

> 5. A die construction according to claim 4, wherein:
>
> (a) each of said first end cap discrete facets and said second end cap discrete facets is tapered.

The Crippen patent discloses that each of the discrete facets of the end caps is triangular and therefore tapered. *See* FIGS. 3 and 4.

Thus claim 5 of the '197 patent is unpatentable as being anticipated by the Crippen patent.

**6. Anticipation Of Claim 6**

Claim 6 of the '197 patent recites:

> 6. A die construction according to claim 5, wherein:
>
> (a) each of said first end cap discrete facets and said second end cap discrete facets is triangular-shaped.

The Crippen patent discloses that each of the discrete facets of the end caps is triangular. *See* FIGS. 3 and 4.

Thus claim 6 of the '197 patent is unpatentable as being anticipated by the Crippen patent.

**7. Anticipation Of Claim 10**

Claim 10 of the '197 patent recites:

> 10. A die construction according to claim 6, wherein:

(a) said first number is ten; and said second number is five.

The Crippen patent discloses that the extension member has ten discrete facets and that each of the end caps has five discrete facets.

Thus claim 10 of the '197 patent is unpatentable as being anticipated by the Crippen patent.

**8. Anticipation Of Claim 11**

Claim 11 of the '197 patent recites:

> 11. A die construction according to claim 10, wherein:
>
> (a) each of said extension member discrete facets has a surface area of about 0.0106-1.06 sq. in.

A measurement of the height and base length of the discrete facets of the extension member in FIGS. 3 and 4 to calculate the surface area leads to a surface area within the claimed range.

Thus claim 11 of the '197 patent is unpatentable as being anticipated by the Crippen patent.

**9. Anticipation Of Claim 12**

Claim 12 of the '197 patent recites:

> 12. A die construction according to claim 11, wherein:
>
> (a) each of said first end cap discrete facets has a surface area of about 0.0046-0.46 sq. in.; and
>
> (b) each of said second end cap discrete facets has a surface area of about 0.0046-0.46 sq. in.

A measurement of the height and base length of the discrete facets of the end caps in FIGS. 3 and 4 to calculate the surface area leads to a surface area within the claimed range.

Thus claim 12 of the '197 patent is unpatentable as being anticipated by the Crippen patent.

**10. Anticipation Of Claim 17**

Claim 17 of the '197 patent recites:

> 17. A die comprising:
>
> (a) a body including a first end cap, a second end cap, and an extension member in extension therebetween;
>
> (b) said first end cap including a first number of facets and no more than said first number; said second end cap including a second number of facets and no more than said second number; and said extension member defining a third number of facets and no more than said third number;
>
> (i) said first number being equal to one-fourth of a total of said first number and said second number and said third number;
>
> (ii) said second number being equal to one-fourth of the total of said first number and said second number and said third number;
>
> (iii) each of said extension member facets being equal in surface area;
>
> (iv) each of said extension member facets being triangular-shaped;
>
> (v) each of said extension member facets having indicia thereon indicating a number; and
>
> (vi) each of said extension member facets having a surface area that is different from a surface area of each of said first and second end cap facets.

The Crippen patent discloses a die construction in the form of an icosahedron and FIGS. 3 and 4 illustrate a planar two-dimensional flattened view of one embodiment of the die construction. *See* col. 2, line 44-45. The body of the die has first and second opposite end caps (represented by the pentagons in FIGS. 3 and 4) and an extension member (represented by the row of connected triangles in FIGS. 3 and 4) therebetween. The extension member has ten discrete facets in the shape of triangles as shown below:



*See* FIGS. 3 and 4. As FIGS. 3 and 4 are a planar representation, it is clear through observation and measurement that ten triangles that make up the extension member are equilateral triangles having identical shapes and equal surface areas. The fact that the representation is planar is also clear from the lines drawn across the edges of the flattened die, highlighted below:



The Crippen patent discloses the end caps each have five discrete facets in the shape of triangles, which is one-half the number of the ten discrete facets of the extension member, and one-fourth the total number of facets on the die, as show below:



*See* FIGS. 3 and 4. The end caps in the planar two-dimensional representation shown in FIGS. 3 and 4 are in the shape of a pentagon wherein each edge of the pentagon aligns with one of the discrete facets of the extension member when assembled in three-dimensional form. Since each of the ten discrete facets has the same shape, it follows that the each edge of the pentagon is the same length as the sides of the facets of the extension member, thereby making the pentagon a regular pentagon (each side has the same length). It is clear that the regular pentagons of the end caps are divided into five discrete facets in the shape of triangles wherein all the triangles of both end caps have identical shapes and equal areas.

As established above the end caps in FIGS. 3 and 4 are regular pentagons and from this fact it can be determined that each of the discrete triangular facets of the end caps are isosceles triangles having two 54 degree angles and one 72 degree angle.[2] The surface area of a triangle is determined by multiplying the height of the triangle by one-half the length of the base. Each of the triangles making up the facets of the end caps share a base with one of the triangles that make

[2] The angles of a regular polygon are 108 degrees and since the triangles bisect the angles of the polygon each triangle has two 54 degree angles. The sum of the angles of a triangle equals 180 degrees, making the third angle of each triangle 72 degrees.

up the facets of the extension member. However, since the triangles of the extension member are equilateral triangles, each have three angles of 60 degrees, giving the triangles of the extension member a different height than the triangles of the end caps, which are isosceles triangles. Accordingly, since the triangles of the extension member have a different height than the triangles of the end caps, the surface area, as calculated with the above formula, of the triangles of the extension member and the triangles of the end caps must necessarily be different.

Thus claim 17 of the '197 patent is unpatentable as being anticipated by the Crippen patent.

#### 11. Anticipation Of Claim 18

Claim 18 of the '197 patent recites:

> 18. A die according to claim 17, wherein:
>
> (a) each of said first end cap facets is triangular-shaped; and
>
> (b) each of said second end cap facets is triangular-shaped.

The Crippen patent discloses that each of the discrete facets of the extension member is triangular and that each of the discrete facets of the end caps is triangular. *See* FIGS. 3 and 4.

Thus claim 18 of the '197 patent is unpatentable as being anticipated by the Crippen patent.

### B. Anticipation Of Claims 1-7 And 17-19 Under 35 U.S.C.§ 102(b)

For at least the reasons presented herein, at least claims 1-7 and 17-19 of the '197 patent are anticipated by the Beudant publication and the Comte de Bournon publication.

#### 1. Anticipation Of Claim 1

Claim 1 of the '197 patent recites:

> 1. A die construction comprising:
>
> (a) a body having first and second, opposite end caps and an extension member therebetween;

> (b) said extension member having a first number of discrete facets and no more than said first number;
>
> (i) each of said discrete facets being identically shaped and having equal surface areas;
>
> (c) said first end cap having a second number of discrete facets and no more than said second number; said second number being one-half of said first number;
>
> (i) each of said first end cap discrete facets being identically shaped and having equal surface areas; and
>
> (d) said second end cap having said second number of discrete facets and no more than said second number;
>
> (i) each of said second end cap discrete facets being shaped identically as said first end cap discrete facets; and each of said second end cap discrete facets having a surface area equal a surface area of each of said first end cap discrete facets; and
>
> (e) each of said discrete facets of said extension member having a surface area that is different from a surface area of each of said discrete facets of said first and second end caps.

Both the Beudant publication and the Comte de Bournon publication disclose a crystal having a body with first and second opposite end caps and an extension member therebetween. *See* FIGS. 30 and 265, respectively. The extension member of each crystal has six discrete facets in the shape of triangles having identical shapes and equal surface areas. *See* FIGS. 30 and 265, respectively. Each of the discrete facets of each crystal has printed indicia thereon such that the crystals may each act as a die. *See* FIGS. 30 and 265, respectively.

The Beudant publication and the Comte de Bournon publication both disclose the end caps each have three discrete facets in the shape of triangles, which is one-half the number of the six discrete facets of the extension member. *See* FIGS. 30 and 265, respectively. The triangles of both end caps have identical shapes and equal areas. *See* FIGS. 30 and 265, respectively. In addition, the surface area of the triangles of the extension member and the triangles of the end caps are different. *See* FIGS. 30 and 265, respectively.

Thus claim 1 of the '197 patent is unpatentable as being anticipated by the Beudant publication and the Comte de Bournon publication.

**2. Anticipation Of Claim 2**

Claim 2 of the '197 patent recites:

> 2. A die construction according to claim 1, wherein:
>
> (a) each of said extension member discrete facets include printed indicia thereon.

The Beudant publication and the Comte de Bournon publication both disclose that each of the discrete facets of the extension member include printed indicia thereon. *See* FIGS. 30 and 265, respectively.

Thus claim 2 of the '197 patent is unpatentable as being anticipated by the Beudant publication and the Comte de Bournon publication.

**3. Anticipation Of Claim 3**

Claim 3 of the '197 patent recites:

> 3. A die construction according to claim 2, wherein:
>
> (a) each of said extension member discrete facets is tapered.

The Beudant publication and the Comte de Bournon publication both disclose that each of the discrete facets of the extension member is triangular and therefore tapered. *See* FIGS. 30 and 265, respectively.

Thus claim 3 of the '197 patent is unpatentable as being anticipated by the Beudant publication and the Comte de Bournon publication.

**4. Anticipation Of Claim 4**

Claim 4 of the '197 patent recites:

> 4. A die construction according to claim 3, wherein:
>
> (a) each of said extension member discrete facets is triangular-shaped.

The Beudant publication and the Comte de Bournon publication both disclose that each of the discrete facets of the extension member is triangular. *See* FIGS. 30 and 265, respectively.

Thus claim 4 of the '197 patent is unpatentable as being anticipated by the Beudant publication and the Comte de Bournon publication.

**5. Anticipation Of Claim 5**

Claim 5 of the '197 patent recites:

> 5. A die construction according to claim 4, wherein:
>
> (a) each of said first end cap discrete facets and said second end cap discrete facets is tapered.

The Beudant publication and the Comte de Bournon publication both disclose that each of the discrete facets of the end caps is triangular and therefore tapered. *See* FIGS. 30 and 265, respectively.

Thus claim 5 of the '197 patent is unpatentable as being anticipated by the Beudant publication and the Comte de Bournon publication.

**6. Anticipation Of Claim 6**

Claim 6 of the '197 patent recites:

> 6. A die construction according to claim 5, wherein:
>
> (a) each of said first end cap discrete facets and said second end cap discrete facets is triangular-shaped.

The Beudant publication and the Comte de Bournon publication both disclose that each of the discrete facets of the end caps is triangular. *See* FIGS. 30 and 265, respectively.

Thus claim 6 of the '197 patent is unpatentable as being anticipated by the Beudant publication and the Comte de Bournon publication.

**7. Anticipation Of Claim 7**

Claim 7 of the '197 patent recites:

> 7. A die construction according to claim 6, wherein:
> (a) said first number is six; and said second number is three.

The Beudant publication and the Comte de Bournon publication both disclose the extension member has six discrete facets and that each of the end caps has three discrete facets. *See* FIGS. 30 and 265, respectively.

Thus claim 7 of the '197 patent is unpatentable as being anticipated by the Beudant publication and the Comte de Bournon publication.

**8. Anticipation Of Claim 17**

Claim 17 of the '197 patent recites:

> 17. A die comprising:
>
> (a) a body including a first end cap, a second end cap, and an extension member in extension therebetween;
>
> (b) said first end cap including a first number of facets and no more than said first number; said second end cap including a second number of facets and no more than said second number; and said extension member defining a third number of facets and no more than said third number;
>
> (i) said first number being equal to one-fourth of a total of said first number and said second number and said third number;
>
> (ii) said second number being equal to one-fourth of the total of said first number and said second number and said third number;
>
> (iii) each of said extension member facets being equal in surface area;
>
> (iv) each of said extension member facets being triangular-shaped;
>
> (v) each of said extension member facets having indicia thereon indicating a number; and
>
> (vi) each of said extension member facets having a surface area that is different from a surface area of each of said first and second end cap facets.

Both the Beudant publication and the Comte de Bournon publication disclose a crystal having a body with first and second opposite end caps and an extension member therebetween. *See* FIGS. 30 and 265, respectively. The extension member of each crystal has six discrete facets in the shape of triangles having identical shapes and equal surface areas. *See* FIGS. 30

and 265, respectively. Each of the discrete facets of each crystal has printed indicia in the form of numbers thereon such that the crystals may each act as a die. *See* FIGS. 30 and 265, respectively.

The Beudant publication and the Comte de Bournon publication both disclose the end caps each have three discrete facets in the shape of triangles, which is one-half the number of the six discrete facets of the extension member, and one-fourth the number of the total facets. *See* FIGS. 30 and 265, respectively. The triangles of both end caps have identical shapes and equal areas. *See* FIGS. 30 and 265, respectively. In addition, the surface area of the triangles of the extension member and the triangles of the end caps are different. *See* FIGS. 30 and 265, respectively.

Thus claim 17 of the '197 patent is unpatentable as being anticipated by the Beudant publication and the Comte de Bournon publication.

**9. Anticipation Of Claim 18**

Claim 18 of the '197 patent recites:

> 18. A die according to claim 17, wherein:
>
> (a) each of said first end cap facets is triangular-shaped; and
>
> (b) each of said second end cap facets is triangular-shaped.

The Beudant publication and the Comte de Bournon publication both disclose that each of the discrete facets of the end caps is triangular. *See* FIGS. 30 and 265, respectively.

Thus claim 18 of the '197 patent is unpatentable as being anticipated by the Beudant publication and the Comte de Bournon publication.

**10. Anticipation Of Claim 19**

Claim 19 of the '197 patent recites:

> 19. A die according to claim 17, wherein:
> (a) said third number is six.

The Beudant publication and the Comte de Bournon publication both disclose the extension member has six discrete facets. *See* FIGS. 30 and 265, respectively.

Thus claim 19 of the '197 patent is unpatentable as being anticipated by the Beudant publication and the Comte de Bournon publication.

**C. Anticipation Of Claims 1-3 Under 35 U.S.C.§ 102(b)**

For at least the reasons presented herein, at least claims 1-3 of the '197 patent are anticipated by the Dana publication.

**1. Anticipation Of Claim 1**

Claim 1 of the '197 patent recites:

> 1. A die construction comprising:
>
> (a) a body having first and second, opposite end caps and an extension member therebetween;
>
> (b) said extension member having a first number of discrete facets and no more than said first number;
>
> (i) each of said discrete facets being identically shaped and having equal surface areas;
>
> (c) said first end cap having a second number of discrete facets and no more than said second number; said second number being one-half of said first number;
>
> (i) each of said first end cap discrete facets being identically shaped and having equal surface areas; and
>
> (d) said second end cap having said second number of discrete facets and no more than said second number;
>
> (i) each of said second end cap discrete facets being shaped identically as said first end cap discrete facets; and each of said second end cap discrete facets having a surface area equal a surface area of each of said first end cap discrete facets; and
>
> (e) each of said discrete facets of said extension member having a surface area that is different from a surface area of each of said discrete facets of said first and second end caps.

The Dana publication discloses a crystal having a body with first and second opposite end caps and an extension member therebetween. *See* p. 651. The extension member of the crystal has six discrete facets having identical shapes and equal surface areas. *See* p. 651. Each of the discrete facets of the crystal has printed indicia thereon such that the crystals may each act as a die. *See* p. 651.

The Dana publication also discloses the end caps each have three discrete facets, which is one-half the number of the six discrete facets of the extension member. *See* p. 651. The discrete facets of both end caps have identical shapes and equal areas. *See* p. 651. In addition, the surface area of the discrete facets of the extension member and the discrete facets of the end caps are different. *See* p. 651.

Thus claim 1 of the '197 patent is unpatentable as being anticipated by the Dana publication.

**2. Anticipation Of Claim 2**

Claim 2 of the '197 patent recites:

> 2. A die construction according to claim 1, wherein:
>
> (a) each of said extension member discrete facets include printed indicia thereon.

The Dana publication discloses that each of the discrete facets of the extension member include printed indicia thereon. *See* p. 651.

Thus claim 2 of the '197 patent is unpatentable as being anticipated by the Dana publication.

**3. Anticipation Of Claim 3**

Claim 3 of the '197 patent recites:

> 3. A die construction according to claim 2, wherein:
>
> (a) each of said extension member discrete facets is tapered.

The Dana publication discloses that each of the discrete facets of the extension member is tapered. *See* p. 651.

Thus claim 3 of the '197 patent is unpatentable as being anticipated by the Dana publication.

### D. Anticipation Of Claims 1-7 And 17-19 Under 35 U.S.C.§ 102(b)

For at least the reasons presented herein, at least claims 1-7 and 17-19 of the '197 patent are anticipated by the Mercer publication.

#### 1. Anticipation Of Claim 1

Claim 1 of the '197 patent recites:

> 1. A die construction comprising:
>
> (a) a body having first and second, opposite end caps and an extension member therebetween;
>
> (b) said extension member having a first number of discrete facets and no more than said first number;
>
> (i) each of said discrete facets being identically shaped and having equal surface areas;
>
> (c) said first end cap having a second number of discrete facets and no more than said second number; said second number being one-half of said first number;
>
> (i) each of said first end cap discrete facets being identically shaped and having equal surface areas; and
>
> (d) said second end cap having said second number of discrete facets and no more than said second number;
>
> (i) each of said second end cap discrete facets being shaped identically as said first end cap discrete facets; and each of said second end cap discrete facets having a surface area equal a surface area of each of said first end cap discrete facets; and
>
> (e) each of said discrete facets of said extension member having a surface area that is different from a surface area of each of said discrete facets of said first and second end caps.

The Mercer publication discloses a crystal model having a body with first and second opposite end caps and an extension member therebetween. *See* p. 58. The extension member of the crystal model has six discrete facets having identical shapes and equal surface areas. *See* p. 58. At least one of the discrete facets of the crystal model has printed indicia thereon such that the crystal may act as a die. *See* p. 58.

The Mercer publication also discloses the end caps each have three discrete facets, which is one-half the number of the six discrete facets of the extension member. *See* p.58. The discrete facets of both end caps have identical shapes and equal areas. *See* p. 58. In addition, the surface area of the discrete facets of the extension member and the discrete facets of the end caps are different. *See* p. 58.

Thus claim 1 of the '197 patent is unpatentable as being anticipated by the Mercer publication.

**2. Anticipation Of Claim 2**

Claim 2 of the '197 patent recites:

> 2. A die construction according to claim 1, wherein:
>
> (a) each of said extension member discrete facets include printed indicia thereon.

The Mercer publication discloses that at least one of the discrete facets of the crystal model has printed indicia in the form of numbers thereon such that the crystal model may act as a die. *See* p. 58.

Thus claim 2 of the '197 patent is unpatentable as being anticipated by the Mercer publication.

**3. Anticipation Of Claim 3**

Claim 3 of the '197 patent recites:

> 3. A die construction according to claim 2, wherein:
>
> (a) each of said extension member discrete facets is tapered.

The Mercer publication discloses that each of the discrete facets of the extension member is tapered. *See* p. 58.

Thus claim 3 of the '197 patent is unpatentable as being anticipated by the Mercer publication.

**4. Anticipation Of Claim 4**

Claim 4 of the '197 patent recites:

> 4. A die construction according to claim 3, wherein:
>
> (a) each of said extension member discrete facets is triangular-shaped.

The Mercer publication discloses that each of the discrete facets of the extension member are triangular-shaped. While they are not triangles they are triangular-shaped. *See* p. 58.

Thus claim 4 of the '197 patent is unpatentable as being anticipated by the Mercer publication.

**5. Anticipation Of Claim 5**

Claim 5 of the '197 patent recites:

> 5. A die construction according to claim 4, wherein:
>
> (a) each of said first end cap discrete facets and said second end cap discrete facets is tapered.

The Mercer publication discloses that each of the discrete facets of the end caps is tapered. *See* p. 58.

Thus claim 5 of the '197 patent is unpatentable as being anticipated by the Mercer publication.

**6. Anticipation Of Claim 6**

Claim 6 of the '197 patent recites:

> 6. A die construction according to claim 5, wherein:

> (a) each of said first end cap discrete facets and said second end cap discrete facets is triangular-shaped.

The Mercer publication discloses that each of the discrete facets of the end caps is triangular-shaped. *See* p. 58.

Thus claim 6 of the '197 patent is unpatentable as being anticipated by the Mercer publication.

**7. Anticipation Of Claim 7**

Claim 7 of the '197 patent recites:

> 7. A die construction according to claim 6, wherein:
> (a) said first number is six; and said second number is three.

The Mercer publication discloses the extension member has six discrete facets and that each of the end caps has three discrete facets. *See* p. 58.

Thus claim 7 of the '197 patent is unpatentable as being anticipated by the Mercer publication.

**8. Anticipation Of Claim 17**

Claim 17 of the '197 patent recites:

> 17. A die comprising:
>
> (a) a body including a first end cap, a second end cap, and an extension member in extension therebetween;
>
> (b) said first end cap including a first number of facets and no more than said first number; said second end cap including a second number of facets and no more than said second number; and said extension member defining a third number of facets and no more than said third number;
>
> (i) said first number being equal to one-fourth of a total of said first number and said second number and said third number;
>
> (ii) said second number being equal to one-fourth of the total of said first number and said second number and said third number;

(iii) each of said extension member facets being equal in surface area;

(iv) each of said extension member facets being triangular-shaped;

(v) each of said extension member facets having indicia thereon indicating a number; and

(vi) each of said extension member facets having a surface area that is different from a surface area of each of said first and second end cap facets.

The Mercer publication discloses a crystal having a body with first and second opposite end caps and an extension member therebetween. *See* p. 58. The extension member of each crystal has six discrete facets having identical shapes and equal surface areas. *See* p. 58. At least one of the discrete facets of the crystal model has printed indicia in the form of numbers thereon such that the crystal model may act as a die. *See* p. 58.

The Mercer publication discloses the end caps each have three discrete facets, which is one-half the number of the six discrete facets of the extension member, and one-fourth the number of the total facets. *See* p. 58. The discrete facets of both end caps have identical shapes and equal areas. *See* p. 58. In addition, the surface area of the discrete facets of the extension member and the surface area of the discrete facets of the end caps are different. *See* FIGS. 30 and 265, respectively.

Thus claim 17 of the '197 patent is unpatentable as being anticipated by the Mercer publication.

**9. Anticipation Of Claim 18**

Claim 18 of the '197 patent recites:

18. A die according to claim 17, wherein:

(a) each of said first end cap facets is triangular-shaped; and

(b) each of said second end cap facets is triangular-shaped.

The Mercer publication discloses that each of the discrete facets of the end caps is triangular. *See* p. 58.

Thus claim 18 of the '197 patent is unpatentable as being anticipated by the Mercer publication.

**10. Anticipation Of Claim 19**

Claim 19 of the '197 patent recites:

> 19. A die according to claim 17, wherein:
> (a) said third number is six.

The Mercer publication discloses the extension member has six discrete facets. *See* p. 58.

Thus claim 19 of the '197 patent is unpatentable as being anticipated by the Mercer publication.

**E. Obviousness Of Claims 1-20 Under 35 U.S.C.§ 103(a)**

For at least the reasons presented herein, claims 1-20 of the '197 patent are obvious over either one of the Beudant publication or the Comte de Bournon publication taken with conventional knowledge in the dice art.

**1. Obviousness Of Claim 1**

Claim 1 of the '197 patent recites:

> 1. A die construction comprising:
>
> (a) a body having first and second, opposite end caps and an extension member therebetween;
>
> (b) said extension member having a first number of discrete facets and no more than said first number;
>
> (i) each of said discrete facets being identically shaped and having equal surface areas;
>
> (c) said first end cap having a second number of discrete facets and no more than said second number; said second number being one-half of said first number;
>
> (i) each of said first end cap discrete facets being identically shaped and having equal surface areas; and

> (d) said second end cap having said second number of discrete facets and no more than said second number;
>
> (i) each of said second end cap discrete facets being shaped identically as said first end cap discrete facets; and each of said second end cap discrete facets having a surface area equal a surface area of each of said first end cap discrete facets; and
>
> (e) each of said discrete facets of said extension member having a surface area that is different from a surface area of each of said discrete facets of said first and second end caps.

Both the Beudant publication and the Comte de Bournon publication disclose a crystal having a body with first and second opposite end caps and an extension member therebetween. *See* FIGS. 30 and 265, respectively. The extension member of each crystal has six discrete facets in the shape of triangles having identical shapes and equal surface areas. *See* FIGS. 30 and 265, respectively.

The Beudant publication and the Comte de Bournon publication both disclose the end caps each have three discrete facets in the shape of triangles, which is one-half the number of the six discrete facets of the extension member. *See* FIGS. 30 and 265, respectively. The triangles of both end caps have identical shapes and equal areas. *See* FIGS. 30 and 265, respectively. In addition, the surface area of the triangles of the extension member and the triangles of the end caps are different. *See* FIGS. 30 and 265, respectively.

While the Beudant publication and the Comte de Bournon publication both disclose crystals, each of the discrete facets of each crystal has printed indicia thereon such that it would have been obvious to one of ordinary skill in the art at the time the invention was made that the crystals may each act as a die. *See* FIGS. 30 and 265, respectively. Furthermore, it is well known and conventional to those of ordinary skill in the dice art that dice for use in generating a variety of randomized outcomes may be formed of polyhedral figures known initially, and primarily, in the crystallographic and mineralogical areas.

For example, many of the traditional shapes for polyhedral dice are, in addition to being known geometric figures, well known crystallographic figures. The cube, for instance, which is the basis of the most common six-sided dice, is know in geometry as a Platonic solid, but also in

crystallography as the crystalline form of fluorite. Stylistic modifications to the basic cubic form for a six-sided die echo from other crystal forms as well:


[3]


[4]


[5]

Diamond, among other substances, naturally crystallizes into a regular octahedron, its most common crystal habit and the basis of the common eight-sided die:

Fig. 47.


[6]


[7]

Where the design of dice departs from the most common forms of polyhedral dice, and where the dice have other than four, six, eight, ten, twelve, and twenty sides, the form of dice becomes steadily more disconnected from common geometry while the connection between crystallography and dice design becomes almost seamless. The most common twelve-sided dice, for example, are formed of pentagonal dodecahedra, a form also called a "pyritohedron" based on the fact that this form is a crystal habit of the mineral pyrite.


[8]

FIG. 1


[9]

---

[3] M. Reeks, *Hints for Crystal Drawing* (New York, Longman, Greens & Co. 1908) at 25.

[4] F.S. Beudant, *Minéralogie* (Paris, Langlois & Leclerq 1851) at 22.

[5] U.S. Patent No. 1,539,015.

[6] J. Müller, *Grundzüge der Krystallographie* (Braunschweig, Friedrich Vieweg & Sohn 1845) at 22.

[7] U.S. Patent No. 4,717,154.

Another well known method of producing twelve-sided dice is to employ a rhombic, not pentagonal, dodecahedron, a shape known as the crystal form of garnets and other minerals.


10

11

12

Eight-sided dice can be (and have been) made of square, or tetragonal, bipyramids, the crystal of scheelite. Four-sided dice can be (and have been) made in the form of a tetragonal disphenoid, a crystal habit of chalcopyrite:


13


14

Essentially, die design has often comprised nothing more than the placement of indicia on certain, or all, faces of a corresponding crystal figure to create a functioning die. One example, involves the 24-sided die disclosed in U.S. Patent 4,489,946 that consists of a tetrahexahedron, the crystal habit of copper, with indicia on each of the 24 faces of the polyhedron.

---

[8] James D. Dana, *Descriptive Mineralogy* (6th Ed., Edward S. Dana ed., New York, John Wiley & Sons 1909) at 85.

[9] U.S. Patent No. 3,608,905.

[10] Fredrick Accum, *Elements of Crystallography* (London, Longman, Hurst, Rees, Orme, and Brown, 1813) at Pl. II.

[11] U.S. Patent No. 1,517,113.

[12] U.S. Patent No. 3,904,208.

[13] M. Reeks, *Hints for Crystal Drawing* (New York, Longman, Greens & Co. 1908) at 95.

[14] U.S. Patent No. 4,346,900.

 [15]



[16]

The dice are formed merely by placing indicia on the faces, something that is already reflected in the crystallographic reference shown above.

In light of the above, it is clear that it was well known and conventional at the time the invention was made to create die from crystal shapes and place indicia on the various facets to act as a random number generator. Accordingly, it would have been obvious to one of ordinary skill in the art at the time the invention was made to utilize the known crystal shapes of the Beudant publication and the Comte de Bournon publication to create a die from the crystal shapes by placing different indicia on the facets.

Thus claim 1 of the '197 patent is unpatentable as being obvious over either one of the Beudant publication or the Comte de Bournon publication taken with conventional knowledge in the dice art.

**2. Obviousness Of Claim 2**

Claim 2 of the '197 patent recites:

> 2. A die construction according to claim 1, wherein:
>
> (a) each of said extension member discrete facets include printed indicia thereon.

The Beudant publication and the Comte de Bournon publication both disclose that each of the discrete facets of the extension member include printed indicia thereon. *See* FIGS. 30 and 265, respectively.

[15] T. Liebiesch, *Geometrische Krystallographi* (Leipzig, Verlag von Wilhelm Engelman, 1881) at 235.

[16] U.S. Patent No. 4,489,946.

Thus claim 2 of the '197 patent is unpatentable as being obvious over either one of the Beudant publication or the Comte de Bournon publication taken with conventional knowledge in the dice art.

**3. Obviousness Of Claim 3**

Claim 3 of the '197 patent recites:

> 3. A die construction according to claim 2, wherein:
>
> (a) each of said extension member discrete facets is tapered.

The Beudant publication and the Comte de Bournon publication both disclose that each of the discrete facets of the extension member is triangular and therefore tapered. *See* FIGS. 30 and 265, respectively.

Thus claim 3 of the '197 patent is unpatentable as being obvious over either one of the Beudant publication or the Comte de Bournon publication taken with conventional knowledge in the dice art.

**4. Obviousness Of Claim 4**

Claim 4 of the '197 patent recites:

> 4. A die construction according to claim 3, wherein:
>
> (a) each of said extension member discrete facets is triangular-shaped.

The Beudant publication and the Comte de Bournon publication both disclose that each of the discrete facets of the extension member is triangular. *See* FIGS. 30 and 265, respectively.

Thus claim 4 of the '197 patent is unpatentable as being obvious over either one of the Beudant publication or the Comte de Bournon publication taken with conventional knowledge in the dice art.

**5. Obviousness Of Claim 5**

Claim 5 of the '197 patent recites:

> 5. A die construction according to claim 4, wherein:
>
> (a) each of said first end cap discrete facets and said second end cap discrete facets is tapered.

The Beudant publication and the Comte de Bournon publication both disclose that each of the discrete facets of the end caps is triangular and therefore tapered. *See* FIGS. 30 and 265, respectively.

Thus claim 5 of the '197 patent is unpatentable as being obvious over either one of the Beudant publication or the Comte de Bournon publication taken with conventional knowledge in the dice art.

**6. Obviousness Of Claim 6**

Claim 6 of the '197 patent recites:

> 6. A die construction according to claim 5, wherein:
>
> (a) each of said first end cap discrete facets and said second end cap discrete facets is triangular-shaped.

The Beudant publication and the Comte de Bournon publication both disclose that each of the discrete facets of the end caps is triangular. *See* FIGS. 30 and 265, respectively.

Thus claim 6 of the '197 patent is unpatentable as being obvious over either one of the Beudant publication or the Comte de Bournon publication taken with conventional knowledge in the dice art.

**7. Obviousness Of Claim 7**

Claim 7 of the '197 patent recites:

> 7. A die construction according to claim 6, wherein:
> (a) said first number is six; and said second number is three.

The Beudant publication and the Comte de Bournon publication both disclose that the extension member has six discrete facets and that each of the end caps has three discrete facets. *See* FIGS. 30 and 265, respectively.

Thus claim 7 of the '197 patent is unpatentable as being obvious over either one of the Beudant publication or the Comte de Bournon publication taken with conventional knowledge in the dice art.

**8. Obviousness Of Claim 8**

Claim 8 of the '197 patent recites:

> 8. A die construction according to claim 7, wherein: (a) each of said extension member discrete facets has a surface area of about 0.0089-0.89 sq. in.

One skilled in the art would have readily appreciated that dice of the same shape come in a variety of sizes and that it is within purview of one of ordinary skill in the art to decide the size of the die. It would have been obvious to one of ordinary skill in the art at the time the invention was made to have the facets of the extension member of the crystals of the Beudant publication and the Comte de Bournon publication to have the claimed surface area.

Thus claim 8 of the '197 patent is unpatentable as being obvious over either one of the Beudant publication or the Comte de Bournon publication taken with conventional knowledge in the dice art.

**9. Obviousness Of Claim 9**

Claim 9 of the '197 patent recites:

> 9. A die construction according to claim 8, wherein: (a) each of said first end cap discrete facets has a surface area of about 0.0033-0.33 sq. in.; and (b) each of said second end cap discrete facets has a surface area of about 0.0033-0.33 sq. in.

One skilled in the art would have readily appreciated that dice of the same shape come in a variety of sizes and that it is within purview of one of ordinary skill in the art to decide the size of the die. It would have been obvious to one of ordinary skill in the art at the time the invention was made to have the facets of the end caps of the crystals of the Beudant publication and the Comte de Bournon publication to have the claimed surface area.

Thus claim 9 of the '197 patent is unpatentable as being obvious over either one of the Beudant publication or the Comte de Bournon publication taken with conventional knowledge in the dice art.

**10. Obviousness Of Claim 10**

Claim 10 of the '197 patent recites:

> 10. A die construction according to claim 6, wherein:
>
> (a) said first number is ten; and said second number is five.

One skilled in the art would have readily appreciated that dice come with different numbers of facets and that the general shape and configuration of the crystals of the Beudant publication or the Comte de Bournon publication could be expanded to have varying numbers of facets, by expanding or reducing the number of facets on the extension member and make corresponding changes to the facets on the end caps. It is within purview of one of ordinary skill in the art to decide the number of facets of the die. It would have been obvious to one of ordinary skill in the art at the time the invention was made expanded the number of facets in the extension member and end caps of the crystals of the Beudant publication and the Comte de Bournon publication to have the claimed number of facets.

Thus claim 10 of the '197 patent is unpatentable as being obvious over either one of the Beudant publication or the Comte de Bournon publication taken with conventional knowledge in the dice art.

**11. Obviousness Of Claim 11**

Claim 11 of the '197 patent recites:

> 11. A die construction according to claim 10, wherein:
>
> (a) each of said extension member discrete facets has a surface area of about 0.0106-1.06 sq. in.

One skilled in the art would have readily appreciated that dice of the same shape come in a variety of sizes and that it is within purview of one of ordinary skill in the art to decide the size of the die. It would have been obvious to one of ordinary skill in the art at the time the invention

was made to have the facets of the extension member of the crystals of the Beudant publication and the Comte de Bournon publication to have the claimed surface area.

Thus claim 11 of the '197 patent is unpatentable as being obvious over either one of the Beudant publication or the Comte de Bournon publication taken with conventional knowledge in the dice art.

**12. Obviousness Of Claim 12**

Claim 12 of the '197 patent recites:

> 12. A die construction according to claim 11, wherein:
>
> (a) each of said first end cap discrete facets has a surface area of about 0.0046-0.46 sq. in.; and
>
> (b) each of said second end cap discrete facets has a surface area of about 0.0046-0.46 sq. in.

One skilled in the art would have readily appreciated that dice of the same shape come in a variety of sizes and that it is within purview of one of ordinary skill in the art to decide the size of the die. It would have been obvious to one of ordinary skill in the art at the time the invention was made to have the facets of the end caps of the crystals of the Beudant publication and the Comte de Bournon publication to have the claimed surface area.

Thus claim 12 of the '197 patent is unpatentable as being obvious over either one of the Beudant publication or the Comte de Bournon publication taken with conventional knowledge in the dice art.

**13. Obviousness Of Claim 13**

Claim 13 of the '197 patent recites:

> 13. A die construction according to claim 6, wherein:
> (a) said first number is twenty; and said second number is ten.

One skilled in the art would have readily appreciated that dice come with different numbers of facets and that the general shape and configuration of the crystals of the Beudant publication or the Comte de Bournon publication could be expanded to have varying numbers of

facets, by expanding or reducing the number of facets on the extension member and make corresponding changes to the facets on the end caps. It is within purview of one of ordinary skill in the art to decide the number of facets of the die. It would have been obvious to one of ordinary skill in the art at the time the invention was made expanded the number of facets in the extension member and end caps of the crystals of the Beudant publication and the Comte de Bournon publication to have the claimed number of facets.

Thus claim 13 of the '197 patent is unpatentable as being obvious over either one of the Beudant publication or the Comte de Bournon publication taken with conventional knowledge in the dice art.

**14. Obviousness Of Claim 14**

Claim 14 of the '197 patent recites:

> 14. A die construction according to claim 13, wherein:
> (a) each of said extension member discrete facets has a surface area of about 0.0116-1.16 sq. in.

One skilled in the art would have readily appreciated that dice of the same shape come in a variety of sizes and that it is within purview of one of ordinary skill in the art to decide the size of the die. It would have been obvious to one of ordinary skill in the art at the time the invention was made to have the facets of the extension member of the crystals of the Beudant publication and the Comte de Bournon publication to have the claimed surface area.

Thus claim 14 of the '197 patent is unpatentable as being obvious over either one of the Beudant publication or the Comte de Bournon publication taken with conventional knowledge in the dice art.

**15. Obviousness Of Claim 15**

Claim 15 of the '197 patent recites:

> 15. A die construction according to claim 14, wherein:
> (a) each of said first end cap discrete facets has a surface area of about 0.0056-0.56 sq. in.; and
> (b) each of said second end cap discrete facets has a surface area of about 0.0056-0.56 sq. in.

One skilled in the art would have readily appreciated that dice of the same shape come in a variety of sizes and that it is within purview of one of ordinary skill in the art to decide the size of the die. It would have been obvious to one of ordinary skill in the art at the time the invention was made to have the facets of the end caps of the crystals of the Beudant publication and the Comte de Bournon publication to have the claimed surface area.

Thus claim 15 of the '197 patent is unpatentable as being obvious over either one of the Beudant publication or the Comte de Bournon publication taken with conventional knowledge in the dice art.

**16. Obviousness Of Claim 16**

Claim 16 of the '197 patent recites:

> 16. A die construction according to claim 1, wherein: (a) a ratio of a surface area of each of said extension member facets to a surface area of each of said first end cap discrete facets is about 2-3:1.

One skilled in the art would have readily appreciated that dice of the same shape come in a variety of sizes and that it is within purview of one of ordinary skill in the art to decide the size of the die. It would have been obvious to one of ordinary skill in the art at the time the invention was made to have facets of the extension member and the facets of the end caps of the crystals of the Beudant publication and the Comte de Bournon publication to have the claimed surface area ratio.

Thus claim 16 of the '197 patent is unpatentable as being obvious over either one of the Beudant publication or the Comte de Bournon publication taken with conventional knowledge in the dice art.

**17. Obviousness Of Claim 17**

Claim 17 of the '197 patent recites:

> 17. A die comprising:
>
> (a) a body including a first end cap, a second end cap, and an extension member in extension therebetween;

(b) said first end cap including a first number of facets and no more than said first number; said second end cap including a second number of facets and no more than said second number; and said extension member defining a third number of facets and no more than said third number;

(i) said first number being equal to one-fourth of a total of said first number and said second number and said third number;

(ii) said second number being equal to one-fourth of the total of said first number and said second number and said third number;

(iii) each of said extension member facets being equal in surface area;

(iv) each of said extension member facets being triangular-shaped;

(v) each of said extension member facets having indicia thereon indicating a number; and

(vi) each of said extension member facets having a surface area that is different from a surface area of each of said first and second end cap facets.

Both the Beudant publication and the Comte de Bournon publication disclose a crystal having a body with first and second opposite end caps and an extension member therebetween. *See* FIGS. 30 and 265, respectively. The extension member of each crystal has six discrete facets in the shape of triangles having identical shapes and equal surface areas. *See* FIGS. 30 and 265, respectively.

The Beudant publication and the Comte de Bournon publication both disclose the end caps each have three discrete facets in the shape of triangles, which is one-half the number of the six discrete facets of the extension member, and one-fourth the number of the total facets. *See* FIGS. 30 and 265, respectively. The triangles of both end caps have identical shapes and equal areas. *See* FIGS. 30 and 265, respectively. In addition, the surface area of the triangles of the extension member and the triangles of the end caps are different. *See* FIGS. 30 and 265, respectively.

In light of the discussion above with reference to claim 1, it is clear that it was well known and conventional at the time the invention was made to create die from crystal shapes and place indicia on the various facets to act as a random number generator. Accordingly, it would

have been obvious to one of ordinary skill in the art at the time the invention was made to utilize the known crystal shapes of the Beudant publication and the Comte de Bournon publication to create a die from the crystal shapes by placing indicia in the form of numbers on the facets.

Thus claim 17 of the '197 patent is unpatentable as being obvious over either one of the Beudant publication or the Comte de Bournon publication taken with conventional knowledge in the dice art.

**18. Obviousness Of Claim 18**

Claim 18 of the '197 patent recites:

> 18. A die according to claim 17, wherein:
>
> (a) each of said first end cap facets is triangular-shaped; and
>
> (b) each of said second end cap facets is triangular-shaped.

The Beudant publication and the Comte de Bournon publication both disclose that each of the discrete facets of the end caps is triangular. *See* FIGS. 30 and 265, respectively.

Thus claim 18 of the '197 patent is unpatentable as being obvious over either one of the Beudant publication or the Comte de Bournon publication taken with conventional knowledge in the dice art.

**19. Obviousness Of Claim 19**

Claim 19 of the '197 patent recites:

> 19. A die according to claim 17, wherein:
> (a) said third number is six.

The Beudant publication and the Comte de Bournon publication both disclose the extension member has six discrete facets. *See* FIGS. 30 and 265, respectively.

Thus claim 19 of the '197 patent is unpatentable as being obvious over either one of the Beudant publication or the Comte de Bournon publication taken with conventional knowledge in the dice art.

**20. Obviousness Of Claim 20**

Claim 20 of the '197 patent recites:

> 20. A die according to claim 17, wherein: (a) said first number, said second number, and said third number total 40.

One skilled in the art would have readily appreciated that dice come with different numbers of facets and that the general shape and configuration of the crystals of the Beudant publication or the Comte de Bournon publication could be expanded to have varying numbers of facets, by expanding or reducing the number of facets on the extension member and make corresponding changes to the facets on the end caps. It is within purview of one of ordinary skill in the art to decide the number of facets of the die. It would have been obvious to one of ordinary skill in the art at the time the invention was made expanded the number of facets in the extension member and end caps of the crystals of the Beudant publication and the Comte de Bournon publication to have the claimed number of facets.

Thus claim 20 of the '197 patent is unpatentable as being obvious over either one of the Beudant publication or the Comte de Bournon publication taken with conventional knowledge in the dice art.

**F. Obviousness Of Claims 8, 9, and 16 Under 35 U.S.C.§ 103(a)**

For at least the reasons presented herein, claims 8, 9, and 16 of the '197 patent are obvious over the Mercer publication.

**1. Obviousness Of Claim 8**

Claim 8 of the '197 patent recites:

> 8. A die construction according to claim 7, wherein: (a) each of said extension member discrete facets has a surface area of about 0.0089-0.89 sq. in.

One skilled in the art would have readily appreciated that dice of the same shape come in a variety of sizes and that it is within purview of one of ordinary skill in the art to decide the size of the die. It would have been obvious to one of ordinary skill in the art at the time the invention

was made to have the facets of the extension member of the crystals of the Mercer publication to have the claimed surface area.

Thus claim 8 of the '197 patent is unpatentable as being obvious over the Mercer publication taken with conventional knowledge in the dice art.

### 2. Obviousness Of Claim 9

Claim 9 of the '197 patent recites:

> 9. A die construction according to claim 8, wherein:
> (a) each of said first end cap discrete facets has a surface area of about 0.0033-0.33 sq. in.; and
> (b) each of said second end cap discrete facets has a surface area of about 0.0033-0.33 sq. in.

One skilled in the art would have readily appreciated that dice of the same shape come in a variety of sizes and that it is within purview of one of ordinary skill in the art to decide the size of the die. It would have been obvious to one of ordinary skill in the art at the time the invention was made to have the facets of the end caps of the crystals of the Mercer publication to have the claimed surface area.

Thus claim 9 of the '197 patent is unpatentable as being obvious over the Mercer publication taken with conventional knowledge in the dice art.

### 3. Obviousness Of Claim 16

Claim 16 of the '197 patent recites:

> 16. A die construction according to claim 1, wherein:
> (a) a ratio of a surface area of each of said extension member facets to a surface area of each of said first end cap discrete facets is about 2-3:1.

One skilled in the art would have readily appreciated that dice of the same shape come in a variety of sizes and that it is within purview of one of ordinary skill in the art to decide the size of the die. It would have been obvious to one of ordinary skill in the art at the time the invention was made to have facets of the extension member and the facets of the end caps of the crystals of the Mercer publication to have the claimed surface area ratio.

Thus claim 16 of the '197 patent is unpatentable as being obvious over the Mercer publication taken with conventional knowledge in the dice art.

## XII. Conclusion

For at least the reasons set forth herein, substantial new questions of patentability exists with respect to the claims of the '197 patent. Prompt and favorable consideration of this Request for Reexamination is therefore respectfully requested.

Respectfully submitted,
**STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.**

for [signature] Reg. No. 47,415

David K.S. Cornwell, Esq.
Attorney for Third Party Requester
Registration No. 31,944

Date: 7/11/2007

1100 New York Avenue, N.W.
Washington, D.C. 20005-3934
(202) 371-2600

696268_1.DOC

## List of Exhibits

| | |
|---|---|
| Exhibit A | Copy of U.S. Patent No. 5,938,197 to Bowling. |
| Exhibit B | U.S. Patent No. 4,497,487 to Crippen. |
| Exhibit C | François Sulpice Beudant, *Traité Élémentaire de Minéralogie*, v. 2 at Pl. 4 (2d Ed. Paris, Chez Verdière, 1832). |
| Exhibit D | Jacques Louis Comte de Bournon, *Traité Complet de la Chaux Carbonattée et de l'Arragonite*, v. 3 at Pl. 17 (London, William Phillips, 1808). |
| Exhibit E | James D. Dana, *Descriptive Mineralogy* at 651 (6th Ed., Edward S. Dana ed., New York, John Wiley & Sons 1909). |
| Exhibit F | Ian Mercer, *Crystals* at 58 (Cambridge, Mass., Harvard Univ. Press 1990). |
| Exhibit G | M. Reeks, *Hints for Crystal Drawing* (New York, Longman, Greens & Co. 1908) at 25. |
| Exhibit H | F.S. Beudant, *Minéralogie* (Paris, Langlois & Leclerq 1851) at 22. |
| Exhibit I | U.S. Patent No. 1,539,015 to Mitchell. |
| Exhibit J | J. Müller, *Grundzüge der Krystallographie* (Braunschweig, Friedrich Vieweg & Sohn 1845) at 22. |
| Exhibit K | U.S. Patent No. 4,717,154 to Miller. |
| Exhibit L | James D. Dana, *Descriptive Mineralogy* (6th Ed., Edward S. Dana ed., New York, John Wiley & Sons 1909) at 85. |
| Exhibit M | U.S. Patent No. 3,608,905 to Edison. |
| Exhibit N | Fredrick Accum, *Elements of Crystallography* (London, Longman, Hurst, Rees, Orme, and Brown, 1813) at Pl. II. |

| | |
|---|---|
| Exhibit O | U.S. Patent No. 1,517,113 to Greene. |
| Exhibit P | U.S. Patent No. 3,904,208 to Grossman. |
| Exhibit Q | U.S. Patent No. 4,346,900 to Lamlee. |
| Exhibit R | T. Liebiesch, *Geometrische Krystallographi* (Leipzig, Verlag von Wilhelm Engelman, 1881) at 235. |
| Exhibit S | U.S. Patent No. 4,489,946 to Burgos. |