# EXHIBIT J

LEXSEE

Cited
As of: Aug 09, 2007

**COGNEX CORPORATION, Plaintiff, v. NATIONAL INSTRUMENTS CORPORATION, Defendant.**

**Civil Action No. 00-442-JJF**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

**2001 U.S. Dist. LEXIS 25555**

**June 29, 2001, Decided**

**DISPOSITION:** [*1] Cognex Corporation's Motion To Stay Or, In Alternative, For Extension Of Deadlines In Case DENIED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff claimant filed a patent infringement action against defendant corporation. The claimant requested a stay or in the alternative, a three month delay in the proceedings because it had requested a reexamination of the patent by the United States Patent and Trademark Office (PTO).

**OVERVIEW:** The claimant advised the court by letter that the PTO granted its request for reexamination of the patent at issue, and asserted that reexamination of the patent would narrow and or resolve the issues in the case. The corporation argued that a stay would cause it severe prejudice. The court ruled that a stay and or extension was not warranted in the present case. The claimant could not demonstrate a clear case of hardship or inequity, and the corporation would be prejudiced if the court were to grant a stay. Discovery was scheduled to close on May 4, 2001, less than three weeks before the claimant filed the instant motion to stay, and trial was scheduled for October 23, 2001. The parties had conducted extensive discovery in Delaware, California, Texas, Washington, D.C., and Massachusetts based on a schedule coinciding with the October 23 trial date. Given the current time tables for action in the PTO, the court believed that the trial in the present case would likely be completed prior to any action by the PTO. Also, any hardship incurred by the claimant as a result of its request for reexamination was in part a result of the claimant's own making.

**OUTCOME:** The motion to stay or in the alternative, for an extension of deadlines, was denied.

**COUNSEL:** Neal C. Belgam, Esquire and Dale R. Dube', Esquire of BLANK ROME COMISKY & McCAULEY LLP, Wilmington, Delaware.

Of counsel: George M. Sirilla, Esquire; G. Paul Edgell, Esquire; and William P. Atkins, Esquire of PILLSBURY WINTHROP LLP, Washington, D.C. Attorneys for Plaintiff.

William J. Marsden, Jr., Esquire and John T. Meli, Jr., Esquire of FISH & RICHARDSON P.C., Wilmington, Delaware.

Of counsel: Frank E. Scherkenbach, Esquire; David M. Barkan, Esquire; and John V. Picone III, Esquire of FISH & RICHARDSON P.C., Menlo Park, California. Attorneys for Defendant.

**JUDGES:** Joseph Farnan, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** Joseph Farnan

**OPINION**

***MEMORANDUM OPINION***

Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court in this patent infringement action is Cognex Corporation's Motion To Stay Or, In The Alternative, For An Extension Of The Deadlines In This Case (D.I. 84). By its Motion, Plaintiff, Cognex Corporation ("Cognex"), requests a stay or, in the alternative, a three month delay in the proceedings in this case, [*2] because it has requested a reexamination of the patent in suit by the United States Patent and Trademark Office ("PTO"). By letter dated May 29, 2001, Cognex advised the Court that the PTO granted Cognex's request for reexamination of United States Patent No. 5,481,712 (the "'712 Patent"). Cognex contends that reexamination of the '712 Patent will narrow and/or resolve the issues in this case. Specifically, Cognex contends that if the '712 Patent is declared unpatentable, it is likely that the patent litigation will be dismissed. On the other hand, if the PTO finds the '712 Patent patentable over the prior art, Cognex contends that the PTO decision might encourage the parties to settle this action.

Defendant, National Instruments Corporation ("National Instruments"), opposes any stay in this case. Specifically, National Instruments contends that a stay would cause National Instruments severe prejudice because: (1) the litigation schedule and trial date would be delayed causing National Instruments additional expense; (2) Cognex would be able to continue to hold the specter of litigation over National Instruments and its customers; and (3) Cognex has already forced National Instruments [*3] to spend over a million dollars defending itself in this action before requesting the stay, despite the fact that Cognex had the materials necessary to seek reexamination earlier.

After reviewing the parties' positions with respect to the instant motion and the applicable law, the Court concludes that a stay and/or extension is not warranted in this case. Accordingly, for the reasons discussed, the Court will deny Cognex's Motion To Stay Or, In The Alternative, For An Extension Of The Deadlines In This Case.

**DISCUSSION**

The decision to grant or deny a stay is within the court's broad range of discretionary powers. *Dentsply International, Inc. v. Kerr Manufacturing Co.*, 734 F. Supp. 656, 658 (D. Del. 1990) (citations omitted). In determining whether a stay is appropriate, the court should "weigh the competing interests of the parties and attempt to maintain an even balance." *Id.* In weighing the interests involved, courts are generally guided by such factors as (1) whether a stay would unduly prejudice or present a clear tactical advantage to the non-movant; (2) whether a stay will simplify the issues raised by the parties; and (3) whether discovery is complete [*4] and a trial date has been set. *Gioello Enterprises Ltd. v. Mattel, Inc.*, 2001 WL 125340 (D. Del. Jan. 29, 2001); *United Sweetener USA, Inc. v. Nutrasweet Co.*, 766 F. Supp. 212, 217 (D. Del. 1991). In balancing these factors, courts must be particularly mindful of the consequences of the stay on other parties. *Dentsply International*, 734 F. Supp. at 658 (recognizing that Court must consider whether "there is 'even a fair possibility' that the stay would work damage on another party") (citations omitted). Where a stay will forestall the trial date agreed upon by the parties, this Court has required the party requesting the stay to "make a showing of 'a clear case of hardship or inequity' before the Court can enter a stay order." *Id.* (citing *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1076 (3d Cir. 1983)).

In this case, discovery was scheduled to close on May 4, 2001, less than three weeks before Cognex filed the instant Motion To Stay, and trial is scheduled for October 23, 2001. [1] Accordingly, Cognex must demonstrate a clear case of hardship or inequity before the Court will enter an order staying this [*5] action.

1 Although discovery has since been extended until July 2001 by stipulation between the parties (D.I. 106), the trial date in this case has not been changed.

After reviewing the parties' arguments, the Court concludes that Cognex cannot demonstrate a clear case of hardship or inequity, and that National Instruments would be prejudiced if the Court were to grant a stay in this case. Cognex primarily contends that reexamination will simplify the issues in this case such that the litigation may be settled or dismissed and the parties' expenses significantly reduced. However, as National Instruments points out, Cognex's complaint alleges a variety of claims which are not linked to the patent infringement claim, including claims of copyright and trademark infringement and unfair competition, all of which will require a trial.

In addition, Cognex contends that the reexamination may result in changed claims, which would cause this action to be litigated twice, wasting the Court's and the parties' resources. [*6] However, the Court is unpersuaded by Cognex's contention. The trial in this case is scheduled for October 2001, and the PTO granted Cognex's request for reexamination in May 2001. Although Cognex disputes the figures provided by National Instruments concerning the pendency of applications in the PTO because National Instruments relies on original applications rather than reexamination applications, even Cognex's figures suggest that the median reexamination

time is 16 months. Thus, given the current time tables for action in the PTO, the Court believes that the trial in this case will likely be completed prior to any action by the PTO. (D.I. 87 at Exh. G; D.I. 94, Exh. D).

Further, any hardship incurred by Cognex as a result of its request for reexamination is, in part, a result of Cognex's own making. National Instruments contends and Cognex has not disputed, that Cognex has had at least some of the documents it presented to the PTO in its request for reexamination for quite some time. National Instruments identified specific prior art references in its Answer to the Complaint in June 2000, yet Cognex waited until six months before the scheduled trial date in this case to seek reexamination [*7] of the '712 Patent. [2] Accordingly, the Court cannot conclude that Cognex has demonstrated a clear case of hardship or inequity justifying a stay in this case. Dentsply, 734 F. Supp. at 659 ("The Court will not elevate [a party's] failure to address its concerns in a timely fashion to an example of hardship warranting a stay."); *see also* Remington Arms Company, Inc. v. Modern Muzzleloading, Inc., 1998 U.S. Dist. LEXIS 21526, 1998 WL 1037920 (D.N.C. Dec. 17, 1998) (denying stay where trial date set and defendant's delay in requesting reexamination with PTO was unjustified given that defendant knew of the prior art forming its request for reexamination well prior to its reexamination request).

2 Although Cognex contends that National Instruments did not produce many of these documents until much later, National Instruments also contends and Cognex has not disputed, that some of the documents Cognex presented to the PTO were in Cognex's possession as early as 1990, well before the inception of this litigation. Thus, it appears to the Court that Cognex still could have filed its request for reexamination at an earlier date.

[*8] Moreover, given the late stage of Cognex's request, the Court finds that any delay in the trial date scheduled for this case would severely prejudice National Instruments. The parties have conducted extensive discovery in Delaware, California, Texas, Washington, D.C. and Massachusetts based on a schedule coinciding with the October 23 trial date. National Instruments has scheduled its experts and made trial support accommodations in Delaware based upon the October 23 trial date. Any deviation from the October trial date at this late stage in the litigation would necessarily prejudice National Instruments. *See* *Wayne Automation Corp. v. R.A. Pearson Co.*, 782 F. Supp. 516 (E.D. Wash. 1991) (denying plaintiff's motion for stay where parties conducted extensive discovery and trial date was set). Accordingly the Court will deny Cognex's request for a stay.

As for Cognex's request for alternative relief in the form of a three month extension, the Court notes that the discovery deadlines in this case have been extended by stipulation of the parties. This scheduling extension should address Cognex's time concerns without necessitating a change in the October 2001 trial date. [*9] Accordingly, at this time, the Court will deny Cognex's request for a three month extension.

**CONCLUSION**

For the reasons discussed, Cognex Corporation's Motion To Stay Or, In The Alternative, For An Extension Of The Deadlines In This Case will be denied.

An appropriate Order will be entered.

***ORDER***

At Wilmington, this 29 day of June 2001, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that Cognex Corporation's Motion To Stay Or, In The Alternative, For An Extension Of The Deadlines In This Case (D.I. 84) is DENIED.

Joseph Farnan

UNITED STATES DISTRICT JUDGE