# EXHIBIT K

LEXSEE

Analysis
As of: Aug 09, 2007

**ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., Plaintiff, v. SONY CORPORATION, et al, Defendants.**

**Civil Action No. 01-557-JJF**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

**2003 U.S. Dist. LEXIS 27397**

**January 30, 2003, Decided**

**SUBSEQUENT HISTORY:** Partial summary judgment denied by St. Clair Intellectual Prop. Consultants, Inc. v. Sony Corp., 2003 U.S. Dist. LEXIS 3540 (D. Del., Feb. 21, 2003)

**PRIOR HISTORY:** St. Clair Intellectual Prop. Consultants v. Sony Corp., 2002 U.S. Dist. LEXIS 17871 (D. Del., Sept. 3, 2002)

**COUNSEL:** [*1] For St. Clair Intellectual Property Consultants Inc., Plaintiff: Frederick L. Cottrell, III, LEAD ATTORNEY, Richards, Layton & Finger, Wilmington, DE.

For Sony Corporation, Sony Electronics Inc, Sony Corporation of America, Defendants: Josy W. Ingersoll, LEAD ATTORNEY, Young, Conaway, Stargatt & Taylor, Wilmington, DE.

For Sony Corporation, Sony Electronics Inc, Sony Corporation of America, Counter Claimants: Josy W. Ingersoll, LEAD ATTORNEY, Young, Conaway, Stargatt & Taylor, Wilmington, DE.

For St. Clair Intellectual Property Consultants Inc., Counter Defendant: Frederick L. Cottrell, III, LEAD ATTORNEY, Richards, Layton & Finger, Wilmington, DE.

**JUDGES:** Joseph J Farnan, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** Joseph J Farnan

**OPINION**

***MEMORANDUM ORDER***

Pending before me is a Motion To Stay Pending The Outcome Of Reexamination Proceedings (D.I. 202) filed by the Defendants ("Sony"). The Plaintiff ("St. Clair") opposes the stay.

In considering Sony's motion, I have read the papers submitted by the parties, The Patent Act of 1980, Robert L. Harmon's discussion of the Reexamination Procedure in his treatise, *Patents and The Federal Circuit,* (5th ed. 2001), and the four [*2] (4) District of Delaware cases cited by the parties, *Freeman v. Minnesota Mining & Mftr. Comp.*, 661 F. Supp. 886 (D. Del. 1987); *United Sweetener USA, Inc. v. Nutrasweet Co.*, 766 F. Supp. 212 (D.Del. 1991); *Rohm & Haas Co. v. Brotech Corp.*, C.A. No. 90-109 (JJF), 1992 U.S. Dist. LEXIS 21721 (D.Del. July 16, 1992); and *Gioello Enterprises, Ltd. v. Mattel,* C.A. No. 99-375 (GMS), 2001 U.S. Dist. LEXIS 26158, 2001 WL 125340 (D.Del. Jan. 29, 2001)

In support of its motion, Sony contends that "there is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination proceedings." *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D.Cal. 1994)

Sony argues that a stay in this case is appropriate because: 1) St. Clair produces no products under the patents-in-suit, and therefore, money damages will be an adequate remedy for any delay a stay might cause; 2) a stay permitting reexamination has the potential to moot the entire action, or at least simplify it dramatically.

St. Clair responds that a stay is not warranted because: 1) Sony's request is made only to delay the case; 2) [*3] discovery is complete and the trial date weeks away and therefore, the delay that will result while the reexamination proceedings go forward will unduly prejudice St. Clair in the presentation of its case; 3) St. Clair argues a stay will not simplify the issues that the trial must resolve due to the "non-overlapping issues" between the reexamination and this litigation; and 4) St. Clair contends that cancellation of the patent claims is unlikely.

Courts typically cite three factors that should guide the exercise of a court's discretion when deciding whether a stay is appropriate: 1) whether the granting of a stay would cause the non-moving party to suffer undue prejudice from any delay or allow the moving party to gain a clear tactical advantage over the non-moving party; 2) whether a stay will simplify the issues for trial; and 3) whether discovery is complete and a trial date set.

Applying these factors in the context of the parties' arguments, I find that a delay in the commencement of the February 2003 trial will unduly prejudice St. Clair for the reasons it cites. I also find, as St. Clair contends, that it is unlikely the pending reexamination proceedings will do much to simplify [*4] the issues that need to be tried in this case. And finally, the fact that the instant motion was filed after the close of discovery and weeks before the commencement of the scheduled trial date is persuasive.

In addition to the three traditional factors, I have also considered whether a stay would substantially contribute to or result in a final disposition of this case or substantially contribute to a more efficient and less costly trial.

In this regard, I find that a stay will do neither because: 1) This case, like many, is about "the injunction." If successful at trial, St. Clair will aggressively seek an injunction against Sony. Sony will aggressively oppose St. Clair's efforts. In my view, the pending reexamination proceeding will not do much to contribute to this end game strategy. 2) The reexaminations requested by Sony, are more about the claim interpretation provided by me than any prior art contentions. 3) Lastly, I am persuaded that neither St. Clair nor Sony will be unduly prejudiced by proceeding to trial now, because I am convinced that a trial and appeal is what will finally resolve the parties' dispute.

NOW THEREFORE, FOR THE REASONS DISCUSSED, IT IS HEREBY ORDERED [*5] that Sony's Motion To Stay Pending The Outcome Of Reexamination Proceedings (D.I. 202) is ***DENIED.***

January 30, 2003

DATE

Joseph J Farnan

UNITED STATES DISTRICT JUDGE