# EXHIBIT L

LEXSEE

Positive
As of: Aug 09, 2007

**IMPLANT INNOVATIONS, INC., a Florida Corporation, Plaintiff, v. NOBEL-PHARMA AB, a Swedish corporation, Defendant.**

**No. 93-C-7489**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

**1994 U.S. Dist. LEXIS 2033; 1994-1 Trade Cas. (CCH) P70,568**

**February 24, 1994, Decided**
**February 25, 1994, Docketed**

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant patentee filed a motion to dismiss plaintiff alleged infringer's complaint or to stay the action pending resolution of another case involving the parties and re-examination of the patent by the patent office.

**OVERVIEW:** In a pending action, the patentee claimed that the alleged infringer infringed upon its patents. In that case the alleged infringer filed counterclaims alleging that the patents were invalid and unenforceable, and that enforcement of the patents violated several antitrust laws including Sherman Act § 2, 15 U.S.C.S. § 2. In the instant action, the alleged infringer sought a declaratory judgment and equitable relief and claimed that the patents were invalid and unenforceable. In addition, the alleged infringer claimed that the patents violated the Sherman Act. In its motion to dismiss, the patentee argued that there was no present controversy to support the complaint and that parts of the complaint were duplicative of the alleged infringer's antitrust counterclaim in the pending case. In denying the motion to dismiss for lack of a present controversy, the court held that there was a real controversy because the alleged infringer was faced with the possibility of a similar suit in the future. In granting the motion to dismiss the antitrust claim, the court held that the antitrust claim was virtually identical to the counterclaim in the pending action.

**OUTCOME:** The court granted the patentee's motion to dismiss in part and denied the motion in part. The court stayed the action, in its entirety, pending the timely re-examination of one of the patents by the patent office.

**JUDGES:** [*1] NORDBERG

**OPINION BY:** JOHN A. NORDBERG

**OPINION:**

**MEMORANDUM OPINION AND ORDER**

This case is the third patent-antitrust case between these parties filed here in the Northern District of Illinois. Before the Court is the Defendant's Motion to Dismiss or Stay the case.

I. BACKGROUND

On July 23, 1991, the Defendant in this case, Nobelpharma AB ("NAB"), a Swedish corporation, filed suit against the Plaintiff in this case, Implant Innovations, Inc. ("3I"), a Florida corporation, claiming that 3I infringed upon NAB's U.S. Patent No. 4,330,891, issued to Per I. Branemark and Bo Thuresson af Ekenstam, assignors to NAB (the "Branemark Patent" or the "'891 Patent") which . In that case, numbered 91-C-4632, Plaintiff herein, 3I, has filed two counterclaims claiming (1) that the Branemark Patent is invalid and unenforceable, and (2) that NAB's enforcement of the '891 Patent violates several antitrust laws, including section 2 of the Sherman Act, 15 U.S.C. § 2 (1988). The case is currently

before Judge Duff and is scheduled to go to trial this Spring.

On August 3, 1993, NAB filed another patent action against 3I; it was numbered 93-C-4666 and was assigned to this Court. In number [*2] 93-C-4666, NAB alleged three counts of patent infringement, claiming that 3I infringed upon its U.S. Patent No. 5,000,685 issued to Ixidor Brajnovic and Lars Jorneus, assignors to NAB (the "'685 Patent"), U.S. Patent No. 5,069,622, issued to Lars Jorneus, et al., assignors to NAB (the "'622 Patent"), and U.S. Patent No. 5,087,200 issued to Ixidor Brajnovic and Lars Jorneus, assignors to NAB (the "'200 Patent"). Collectively, these patents are referred to as the "Lars Patents"; the Lars Patents make claims related to products called abutments or "caps" used in connection with dental implants and prostheses. NAB took a voluntary dismissal in that case, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, when 3I's counsel informed NAB that 3I planned to raise U.S. Patent No. 3,987,499 (the "'499 Patent") as a prior art anticipating NAB's patents, particularly the '622 Patent. NAB informed 3I that it was dismissing the action "pending re-examination by the Patent Office." (Mot. to Dismiss or Stay the Compl., Ex. B.) NAB has subsequently indicated that it will seek re-examination of only the '622 Patent in the United States Patent and Trademark Office ("PTO").

On December [*3] 14, 1993, 3I sued NAB in the instant action, numbered 93-C-7489. 3I's two count complaint alleges, in Count One seeking a declaratory judgment and equitable relief, that the three Lars Patents are invalid and unenforceable and, in Count Two seeking damages, that NAB's attempts to enforce the Branemark and Lars Patents violate section 2 of the Sherman Act, 15 U.S.C. § 2 (1988).

Before the Court is NAB's Motion to Dismiss or Stay the Complaint in this action. In support of dismissal, NAB argues that there is no present controversy to support Count One of the Complaint and that parts of Count Two are duplicative of 3I's antitrust counterclaim in 91-C-4632, before Judge Duff. Alternatively, NAB seeks a stay of this action pending resolution of 91-C-4632 and pending the Patent Office's re-examination of the Lars Patents. NAB also asserts that the allegations in this Complaint relating to the Branemark Patent should be stricken, due to the fact that the Branemark Patent is the subject of 91-C-4632.

For the following reasons, the Motion is denied in part and granted in part.

II. ANALYSIS

A. Existence of a Controversy

In Count One of its Complaint, 3I seeks [*4] a declaratory judgment of the invalidity of the Lars Patents. In order to take jurisdiction to hear the merits of this claim, the Court must first determine that there exists a "case or controversy." See 28 U.S.C. § 2201 (1988). Determining whether there is an actual controversy in a patent action requires a two part inquiry of (1) whether the declaratory plaintiff has acted in a way that the patentee asserts infringes the patent, or is preparing to act in such a way; and (2) whether the patentee has created in the declaratory plaintiff, a reasonable apprehension of suit for infringement. Genentech, Inc. v. Eli Lilly & Co., 998 F.2d 931, 936 (Fed. Cir. 1993), petition for cert. filed, 62 U.S.L.W. 3454 (U.S. Dec. 22, 1993) (No. 93-1014). In making these determinations, the Court is to consider the "totality of the circumstances". See International Medical Prosthetics Research Assocs. v. Gore Enter. Holdings, Inc., 787 F.2d 572, 575 (Fed. Cir. 1986).

Where, as here, a patentee has explicitly asserted that some activity is an infringement, the first requirement [*5] in Genentech is satisfied. See Genentech, Inc. v. Eli Lilly & Co., 998 F.2d at 936-37. At issue here is whether 3I faces an objectively reasonable apprehension of suit for infringement, in satisfaction of the second requirement in Genentech. NAB argues that there can be no such apprehension because it has withdrawn its suit for infringement and has stated that it will not bring suit "unless and until patentability is confirmed following the submission of a request for re-examination" to the PTO. (Reply at 3.) The Court disagrees.

In the opinion of the Court, NAB is not at liberty to declare a controversy regarding its patents, by filing case No. 93-C-4666, call off the controversy, and still maintain a threat of suit. Here, unlike in Grain Processing Corp. v. American Maize-Prods. Co., 840 F.2d 902, 905-06 (Fed. Cir. 1988), which is relied upon by NAB, NAB clearly threatens a future infringement action. In Grain Processing, the patentee "steadfastly refused to assert infringement." Id. at 906. Additionally, the Grain Processing court noted that there was "nothing in the record [*6] to suggest that Maize [the alleged infringer] [would] be faced with a similar infringement suit in the future." Id. Such is not the case here. 3I is faced with the possibility of a similar suit in the future. The fact that this possible suit is not certain does not alter the Court's conclusion, "reasonable apprehension" does not require certainty. See United Sweetener USA, Inc. v. Nutrasweet Co., 760 F. Supp. 400, 407 (D. Del. 1991) (stating that a patentee's promise not to sue pending the outcome of a patent reexamination did not distinguish a declaratory judgment plaintiff's reasonable apprehension); Procter & Gamble Co. v. Nabisco Brands, Inc., 711 F. Supp. 759, 777-79 (D. Del. 1989) (distinguishing Grain Processing); see also Level 1 Technologies, Inc. v. C.R. Bard, Inc., 839 F. Supp. 90 (D. Mass. 1994) (stating that: "Future,

theoretical possibilities of infringement are sufficient grounds for jurisdiction.").

Similarly, with respect to 3I's antitrust claim, in Count Two, the Court is of the opinion that a case or controversy exists. There, 3I contends that NAB has wrongfully acquired [*7] and maintained monopoly power over several relevant markets. NAB has not contended that this count fails to state a claim upon which relief can be granted. In the opinion of the Court, given that NAB is alleged to currently exercise monopoly power in several relevant markets, this suit constitutes a "case or controversy".

Accordingly, with respect to NAB's "case or controversy" argument on both Counts One and Two, the Motion to Dismiss is denied.

B. The '891 Patent Antitrust Claim

In Count Two, 3I makes several allegations relating to the Branemark Patent. NAB moves to dismiss or strike these allegations, contending that they duplicate allegations made in 3I's counterclaim in No. 91-C-4632. The Court agrees.

In Colorado River Water Conservation District v. United States, 424 U.S. 800, 47 L. Ed. 2d 483, 96 S. Ct. 1236 (1976), the Supreme Court expressed the view that, although "no precise rule has evolved", there is a "general principle" to avoid duplicative litigation in the federal courts. Id. at 817. In the opinion of the Court, this "general principle" applies here. 3I contends that the Colorado River should not apply here because the antitrust claims [*8] here and in 91-C-4632 are not identical. True, but the claims are virtually identical as they relate to the '891 Patent. To the extent that claims in Count Two relating to the '891 Patent here differ from those in the 91-C-4632 counterclaim, they should have been included in that case, as part of a Rule 13 compulsory counterclaim. In that regard, the allegations relating to the '891 Patent are hereby stricken from Count Two, pursuant to Fed. R. Civ. P. 12(f). n1

n1 Of course, the remainder of that Count remains in the case.

The Court makes no ruling regarding the admissibility in this case of any evidence relating to the '891 Patent.

C. Motion to Stay

NAB requests the Court, in an alternative to dismissing this case on jurisdictional grounds, to stay both proceeding relating to both counts in this action pending the PTO's re-examination of the '622 Patent. This request is granted.

This Court has the inherent power to stay its proceedings pending the re-examination of a patent claim. See Gould v. Control Laser Corp., 705 F.2d 1340, 1342 (Fed. Cir. 1983) [*9] (citing H.R. Rep. No. 1307, 96th Cong., 2d Sess., pt. 1, at 4 (1980), reprinted in 1980 U.S.C.C.A.N. 6460, 6463), cert. denied, 464 U.S. 935 (1983). By granting a stay, the Court does not terminate this action, but instead shifts to the PTO an issue currently involved in this dispute for the purpose of eliminating the need for a trial on that issue or to facilitate the trial of that issue. Id. In this Court's opinion, stays pending re-examination should not be granted when substantial time and resources have already been invested in federal court litigation. See, e.g., Wayne Automation Corp. v. R.A. Pearson Co., 782 F. Supp. 516 (E.D. Wash. 1991) (denying plaintiff's request for a stay pending re-examination after extensive discovery had already taken place and after discovery and trial dates had been set); Enprotech Corp. v. Autotech Corp., No. 88- C-4853, 1990 WL 37217 (N.D. Ill. 1990) (denying defendant's request for a stay pending re-examination and stating that the most compelling basis for that decision was that discovery had been completed and the case set for trial). Here, however, little, if any, discovery [*10] has been taken, and the parties have not filed any substantive motions. Stays pending reexamination may be granted in these circumstances, particularly where the patentee has not abused the reexamination process. See GPAC, Inc. v. D.W.W. Enters., Inc., 144 F.R.D. 60 (D.N.J. 1992) (granting stay, in an opinion by a magistrate judge, where substantial discovery had not then occurred); see also Brown v. Shimano Am. Corp., No. CV-88-6565, 1991 WL 133586 (C.D. Cal. Jan. 29, 1991) (granting stay in complex patent case, despite the delay caused, where movant had not abused the reexamination process). The Court cannot conclude that NAB has abused the reexamination process. A stay is therefore warranted.

3I first contends that a stay puts a "larger and larger cloud" over its head because it keeps accumulating potential damages. It also argues that re-examination exacerbates this problem due to the length of time taken by the PTO. These arguments are not persuasive. 3I operates at its peril based on its own legal interpretations of the Patent laws, whether or not a stay is granted. If, as 3I contends, the '622 Patent is invalid due to prior art, 3I should [*11] not be concerned.

3I also notes that NAB seeks re-examination as to only one of the three Lars Patents. The Court notes, however, that 3I has represented that it will not proceed with its infringement allegations until Patentability is confirmed. (Decl. of Alan I. Becker P 3.) Thus, if the Patentability of the '622 Patent is not confirmed, NAB risks being estopped from proceeding with respect to

either of the other Lars Patents, given its representations to this Court.

III. CONCLUSION

Accordingly, NAB's Motion is denied in part and granted in part. This action will not be dismissed for lack of jurisdiction. However, those allegations in the Complaint relating to the '891 Patent are hereby stricken. Additionally, this action will be stayed, in its entirety, pending the PTO's timely re-examination of the '622 Patent. If that matter is not promptly pursued by NAB, the Court will consider a future motion to lift the stay.

ENTER:

JOHN A. NORDBERG

United States District Judge

DATED: February 24, 1994