# EXHIBIT M

LEXSEE

Cited
As of: Aug 09, 2007

**SAN GIACOMO N.A., LTD., (a Delaware Corporation), Plaintiff, v. PILLIOD FURNITURE, INC., (a North Carolina Corporation), Defendant.**

**2:95CV00739**

**UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF NORTH CAROLINA, GREENSBORO DIVISION**

**1996 U.S. Dist. LEXIS 14440**

**August 13, 1996, Decided**
**August 13, 1996, FILED, ENTERED ON DOCKET**

**DISPOSITION:** [*1] San Giacomo's Motion to Stay Proceedings DENIED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Before the court was a motion by plaintiff, a Delaware corporation, to stay proceedings pending a reexamination of the validity of its patent by the United States Patent and Trademark Office (PTO). The Delaware corporation sought relief from defendant, a furniture company incorporated in North Carolina, for trade dress infringement, deceptive trade practices, and unfair competition.

**OVERVIEW:** The Delaware corporation had filed a patent-in-suit in the PTO for a box headboard design developed by a designer. When the Delaware corporation discovered that the furniture company was marketing a line that included an alleged imitation of the headboard, the complaint was filed. The Delaware corporation filed documents with the PTO under 35 U.S.C.S. §§ 301-307 to have the validity of the patent reexamined in light of the prior art references submitted by the furniture company. The test for deciding whether to grant a stay was whether doing so would cause undue prejudice or present a clear tactical disadvantage to the other party. The court found that, in the present case, a stay was not warranted because discovery would close in approximately one month and because a trial date had been set two months before the Delaware corporation had filed its motion. The court had already examined the prior art submitted by the furniture company and had compared it to the Delaware corporation's design without the technical expertise of the PTO. Also, the court found that the furniture company would be unfairly prejudiced by the potential accumulation of damages during the reexamination period.

**OUTCOME:** The court denied the motion to stay proceedings.

**COUNSEL:** For SAN GIACOMO, N.A., LTD., (a Delaware Corporation), plaintiff: CHARLES ROBERT RHODES, RHODES, COATS & BENNETT, L.L.P., GREENSBORO, NC. JAMES LEE LESTER, RHODES, COATS & BENNETT, L.L.P., GREENSBORO, NC.

For PILLIOD FURNITURE, INC., (a North Carolina corporation), defendant: JOHN DAVID MAYBERRY, PETREE STOCKTON, WINSTON-SALEM, NC. JULIA CARDWELL ARCHER, PETREE STOCKTON, WINSTON-SALEM, NC.

For SID LENGER, objector: JOHN DAVID MAYBERRY, (See above). JULIA CARDWELL ARCHER, (See above).

For PILLIOD FURNITURE, INC., counter-claimant: JOHN DAVID MAYBERRY, PETREE STOCKTON, WINSTON-SALEM, NC. JULIA CARDWELL ARCHER, PETREE STOCKTON, WINSTON-SALEM, NC.

For SAN GIACOMO, N.A., LTD., counter-defendant: CHARLES ROBERT RHODES, RHODES, COATS & BENNETT, L.L.P., GREENSBORO, NC. JAMES LEE LESTER, RHODES, COATS & BENNETT, L.L.P., GREENSBORO, NC.

**JUDGES:** N. Carlton Tilley, Jr., United States District Judge

**OPINION BY:** N. Carlton Tilley, Jr.

**OPINION:**

**MEMORANDUM OPINION AND ORDER**

TILLEY, District Judge.

Plaintiff has filed a Motion to Stay Proceedings pending a reexamination of the validity of its patent by the Patent and Trademark Office. [*2] For the reasons set forth below, IT IS ORDERED THAT Plaintiff's Motion to Stay Proceedings [35-1] is DENIED.

I.

On October 11, 1994, San Giacomo N.A., Ltd. ("San Giacomo") filed a patent-in-suit in the United States Patent and Trademark Office ("PTO") for a box headboard design developed by Carlo Bargagli-Stoffi, the C.E.O. of San Giacomo. San Giacomo first introduced this design at the October, 1993 International Home Furnishings Market in High Point, North Carolina, and is currently marketing the headboards under the name "Safari." In April of 1995, San Giacomo discovered that Pilliod Furniture, Inc. was marketing a "Rockspring" furniture line, which included a box headboard San Giacomo believed to be an imitation of its Safari headboard. On October 18, 1995, San Giacomo filed a Complaint against Pilliod seeking relief for trade dress infringement, deceptive trade practices and unfair competition.

On January 23, 1996, the PTO issued Design Patent No. 366,378 ("the '378 Patent") for the San Giacomo box headboard design. Three days later, on January 26, 1996, San Giacomo filed a Motion to Amend Complaint to add a claim for patent infringement and a Motion for Preliminary Injunction [*3] to enjoin Pilliod from marketing the Rockspring headboard San Giacomo believed infringed its rights under the '378 Patent. San Giacomo's Motion for Leave to Amend Complaint was granted. However, its Motion for Preliminary Injunction was denied, in large part because Pilliod, in response to San Giacomo's Motion for Preliminary Injunction, submitted prior art not presented to the patent examiner which indicated the Safari design was obvious and consequently unpatentable.

San Giacomo has filed documents with the PTO under the procedures set forth in 35 U.S.C. §§ 301-307 to have the validity of the '378 Patent reexamined in light of the prior art references submitted by Pilliod. In its Motion to Stay Proceedings, San Giacomo seeks a stay in this case until the PTO can reexamine the validity of the '378 Patent.

II.

Any person may file a request for reexamination by the PTO of any claim of a patent based on prior art. See 35 U.S.C. § 302. The primary purpose of the reexamination procedure is to "eliminate trial of that issue (when the [patent] is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the [USPTO] (when a claim survives [*4] the reexamination proceeding)." Gould v. Control Laser Corp., 705 F.2d 1340, 1342 (Fed. Cir. 1983), cert. denied, 464 U.S. 935, 78 L. Ed. 2d 310, 104 S. Ct. 343 (1983). Early drafts of the reexamination statute expressly provided for stays of court proceedings during the reexamination procedure. Id. at 1342. However, an express provision was deemed unnecessary by the House Committee because "such power already resides with the Court to prevent costly pretrial maneuvering which attempts to circumvent the reexamination procedure." Id. (quoting H.R. Rep. No. 1307 Part I, 96th Cong., 2d Sess. 4 (1980), U.S. Code Cong. & Admin. News 1980, pp. 6460, 6463).

In determining whether to grant a stay, courts generally consider whether doing so would "cause undue prejudice or present a clear tactical disadvantage to the other party." GPAC, Inc. v. D.W.W. Enterprises, Inc., 144 F.R.D. 60, 63 (D.N.J. 1992). Courts also consider the current stage of the litigation -- whether substantial discovery has been completed or whether the case has been set for trial. Id. at 64. In addition, because the patent reexamination procedure was intended to provide federal courts with the expertise [*5] of the PTO, courts have emphasized the benefit of this expertise where issues relevant to the prior art are involved. Id. at 63. However, where these issues are not highly technical, the PTO's expertise is less beneficial to the court. Freeman v. Minnesota Min. and Mfg. Co., 661 F. Supp. 886, 888 (D. Del. 1987).

Cases in which stays have been granted have generally not developed far in the litigation process. In GPAC, the court granted the defendant's motion to stay, focusing on the fact that the parties had not engaged in substantial discovery, a final pre-trial order would not be submitted for some time, and the plaintiff had not demonstrated that it had invested substantial time and expense in preparation for trial. GPAC, 144 F.R.D. at 64-65. In ASCII Corp. v. STD Entertainment USA, Inc., 844 F.R.D. 1378 (N.D. Cal. 1994), the court granted the

plaintiff's motion to stay primarily because the case had not been set for trial and "the parties [were] in the initial stages of the lawsuit and [had] undertaken little or no discovery." Id. at 1381. On the other hand, cases in which stays have been denied have generally progressed further in the litigation process. [*6] In Enprotech Corp. v. Autotech Corp., 1990 U.S. Dist. LEXIS 2926, 15 U.S.P.Q.2d 1319 (N.D. Ill. 1990), the court denied the defendant's motion to stay primarily because discovery was almost complete and the case had been set for trial. Id. at 1320. In addition, the Enprotech Court noted that the reexamination procedure would have only addressed the validity issue and would not have resolved the plaintiff's claims of inequitable conduct. Id.

In this case, a stay is not warranted. Discovery will close in approximately one month. A trial date has been set for over three months -- two months before San Giacomo filed this Motion. This Court has already examined the prior art submitted by Pilliod and compared it to the San Giacomo design without the technical expertise of the PTO. In addition, the reexamination proceedings, whatever the result, will not resolve all of the issues involved in this case. Pilliod has presented several defenses to the validity of the '378 Patent which will not be considered by the PTO during reexamination. n1 Finally, because the reexamination process could delay trial for over a year, n2 Pilliod would be unfairly prejudiced by the potential [*7] accumulation of damages during the reexamination proceeding. For all of these reasons, a stay is not justified in this case.

n1 The reexamination proceeding is limited to a review of patents and prior publications only. See 35 U.S.C. §§ 301, 302. In addition to its defense of obviousness, Pilliod has asserted the invalidity of the '378 Patent under 35 U.S.C. § 102(b) based on public use or offers to sell more than one year prior to the patent application. Pilliod has also asserted the unenforceability of the '378 Patent for inequitable conduct in failing to disclose material prior art to the PTO.

n2 San Giacomo did not receive the '378 Patent until 15 months after it applied for the patent on October 11, 1994.

III.

A stay of these proceedings pending reexamination of the validity of the '378 Patent by the PTO would not be an efficient means to resolve the dispute between the Parties. San Giacomo's Motion to Stay Proceedings is DENIED.

This the 13th day of August, 1996.

N. Carlton Tilley, Jr. [*8]

United States District Judge