# EXHIBIT O

LEXSEE

Caution
As of: Aug 09, 2007

**REMINGTON ARMS COMPANY, INC., Plaintiff, v. MODERN MUZZLELOADING, INC., Defendant.**

**2:97CV00660**

**UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF NORTH CAROLINA, GREENSBORO DIVISION**

**1998 U.S. Dist. LEXIS 21526**

**December 17, 1998, Decided**
**December 17, 1998, Filed**

**DISPOSITION:** [*1] Defendant's Motion for Leave to File Amended Answer And Counterclaim denied. Plaintiff's Motion To Strike Portions of Defendant's Reply to Plaintiff's Response to Defendant's Motion For Leave To Amend Answer And Counterclaim Or in the Alternative Motion For Leave To File Surreply [76] denied.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant corporation moved for leave to amend the answer and amend the counterclaim to add the affirmative defense of inequitable conduct pursuant to Fed. R. Civ. P. 15(a) on plaintiff corporation's claim for patent infringement.

**OVERVIEW:** Plaintiff corporation instituted a suit against defendant corporation alleging infringement of its patent. Defendant timely answered and counterclaimed asserting the affirmative defenses of non-infringement and patent invalidity. More than one year after plaintiff filed its complaint and after discovery had closed, defendant filed a motion for leave to amend to add the affirmative defense of inequitable conduct. Defendant alleged plaintiff committed inequitable conduct by failing to disclose material prior art during the prosecution of the patent. The court denied defendant's motion to amend and concluded that the unnecessary and unjustified delay weighed heavily against defendant since the filing occurred within a short time of the scheduled trial date. The court found evidence in the record indicating that defendant was aware of the prior art much earlier when defendant deposed the inventor of the patent. The court concluded that the equities clearly tipped in favor of denying defendant's motion since plaintiff would be prejudiced by defendant's motion to amend since plaintiff had not engaged in any discovery with regard to an inequitable conduct defense.

**OUTCOME:** The court denied defendant corporation's motion to amend since the extensive discovery was now closed, dispositive motions had already been briefed and filed, a trial date had been already set, and the court held that plaintiff corporation would be unfairly prejudiced. The court held that defendant's assertion of the new affirmative defense of inequitable misconduct this late in the stage of litigation was clearly prejudicial and was denied.

**COUNSEL:** For REMINGTON ARMS COMPANY, INC., plaintiff: CHRISTOPHER G. DANIEL, MICHAEL E. RAY, WOMBLE CARLYLE SANDRIDGE & RICE, WINSTON-SALEM, NC.

For MODERN MUZZLELOADING, INC., defendant: DANIEL ALAN M. RULEY, JAMES R. FOX, WILLIAM KEARNS DAVIS, BELL, DAVIS & PITT, P.A., WINSTON-SALEM, NC.

For MODERN MUZZLELOADING, INC., defendant: THAD G. LONG, BRADLEY, ARANT, ROSE & WHITE, L.L.P., BIRMINGHAM, AL.

For MODERN MUZZLELOADING, INC., defendant: DONALD H. ZARLEY, TIMOTHY J. ZARLEY, DANIEL J. COSGROVE, ZARLEY MCKEE THOMTE VOORHEES & SEASE, P.L.C., DES MOINES, IA.

For MODERN MUZZLELOADING, INC., defendant: DENNIS L. THOMTE, ZARLEY MCKEE THOMTE VOORHEES & SEASE, P.L.C., OMAHA, NE.

For MODERN MUZZLELOADING, INC., counter-claimant: JAMES R. FOX, WILLIAM KEARNS DAVIS, BELL, DAVIS & PITT, P.A., WINSTON-SALEM, NC.

For REMINGTON ARMS COMPANY, INC., counter-defendant: MICHAEL E. RAY, [*2] WOMBLE CARLYLE SANDRIDGE & RICE, WINSTON-SALEM, NC.

**JUDGES:** William L. Osteen, United States District Judge.

**OPINION BY:** William L. Osteen

**OPINION**

*MEMORANDUM OPINION*

OSTEEN, District Judge

This matter comes before the court on Defendant's Motion for Leave to Amend Answer And Counterclaim to add the affirmative defense of inequitable conduct pursuant to Fed. R. Civ. P. 15(a).

For the reasons discussed herein, the court will deny Defendant's Motion To Amend Answer And Counterclaim.

I. FACTUAL AND PROCEDURAL BACKGROUND

On June 18, 1997, Plaintiff Remington Arms Company, Inc. (Remington), instituted a lawsuit against Modern Muzzleloading, Inc. (Modern), alleging infringement of its patent No. 5,606,817 ('817 patent). (Compl. P 7.) Defendant timely filed an answer and counterclaim asserting the affirmative defenses of non-infringement and patent invalidity. (Answer & Countercl.)

On August 7, 1998, more than one year after Plaintiff filed its complaint, and after discovery had closed, Defendant filed a Motion For Leave To Amend Answer And Counterclaim to add the affirmative defense of inequitable conduct, formerly known as fraud on the PTO. (Def.'s Mot. Leave Amend Answer & Countercl.) [*3] Defendant alleged that Plaintiff committed inequitable conduct by failing to disclose material prior art during the prosecution of the '817 patent. *Id.* Defendant's motion to amend is the matter now pending before this court. [1]

1 Plaintiff has filed a Motion To Strike Portions of Defendant's Reply to Plaintiff's Response to Defendant's Motion For Leave To Amend Answer And Counterclaim Or, in the Alternative, Motion For Leave To File Surreply. Assuming without deciding that Defendant's reply raises new evidence, thus violating LR 7.3(h), it does not affect the outcome of the matter. Therefore, Plaintiff's motion to strike will be denied.

II. DISCUSSION

The decision to grant or deny a motion for leave to amend is within the sole discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). Pursuant to Fed. R. Civ. P. 15(a), however, leave to amend a pleading "shall be freely given when justice so requires." While the Supreme Court has long held that [*4] "this mandate is to be heeded," the Court has delineated several factors that might warrant a court's denial of a motion to amend. *Foman*, 371 U.S. at 182, 83 S. Ct. at 230. Specifically, it has been held that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986).

Giving all due consideration to the federal rules' liberal policy toward amendment of pleadings, this court finds that Defendant's motion to amend must be denied for the following reasons.

A. Undue Delay in Filing the Motion to Amend.

Plaintiff alleges that Defendant's motion to amend is untimely. Defendant filed its original answer and counterclaim on October 7, 1997. (Answer & Countercl.) Now, more than one year later, Defendant seeks leave to amend to add the affirmative defense of inequitable conduct, after the close of discovery, [2] and within a short time of the scheduled trial date.

2 Discovery closed on July 30, 1998. (Response Def.'s Mot. Leave Amend Answer & Countercl. at 2.)

[*5] While Defendant contends that there was no undue delay in making the motion to amend, there is evidence in the record indicating that Defendant was aware of the potential prior art as early as May 5, 1998, if not sooner, when Defendant deposed the inventor of the '817 patent, Troi N. Sachse, [3] yet Defendant chose not

to file a motion to amend until August 1998, after the close of extensive discovery. *See* Toth v. Glazer, 163 F.R.D. 549 (E.D. Wis. 1995) (Motion to amend should be denied where despite knowledge of its defenses the defendant "waited almost two more months before moving to amend its answer.")

3 *See* Response Def.'s Mot. Leave Amend Answer & Countercl. at 4.

Furthermore, there is evidence which suggests that Defendant was aware of the potential prior art which forms the basis for the claim of inequitable conduct as early as March 1998, when Plaintiff filed a second but related patent infringement lawsuit against Modern in this district (Civil Action No. 1:98CV00225). (Response Def.'s Mot. [*6] Leave Amend Answer at 4.)

In the second case, Plaintiff's '073 patent cited prior art not disclosed during the prosecution of the '817 patent. Arguably, Defendant was put on notice that Plaintiff's failure to disclose the art during the prosecution of the '817 patent might constitute inequitable conduct. Despite Defendant's knowledge of the potential prior art when Plaintiff filed the second complaint in March 1998, Modern waited until August 1998 to file a motion to amend to add the defense of inequitable conduct. See 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1488 (2d ed. 1990) ("[A] motion to amend should be made as soon as the necessity for altering the pleading becomes apparent. A party who delays in seeking an amendment is acting contrary to the spirit of the rule."). Therefore, Defendant's unnecessary and unjustified delay weighs heavily against permitting the motion to amend.

B. An Amended Answer Would Be Prejudicial to Plaintiff.

This court recognizes that in the Fourth Circuit, "delay alone is not sufficient reason to deny leave to amend" and that "the delay must be accompanied by prejudice, bad faith, or futility." *Johnson*, 785 F.2d [*7] at 509-10. The existence of these factors, in the case at hand, in conjunction with Defendant's unwarranted delay, justifies denying leave to amend.

Although Defendant maintains that Plaintiff will not be prejudiced by an amended answer, this court cannot agree. While cognizant of the fact that leave to amend ordinarily is to be liberally granted, amendments of pleadings are particularly inappropriate, absent exceptional circumstances, once discovery has closed. *See* *Lifescan Inc. v. Polymer Tech. Int'l Corp.*, 1995 U.S. Dist. LEXIS 4916, 35 U.S.P.Q.2D (BNA) 1225, 1238 (W.D. Wash. 1995) (Denying defendant's motion to amend its answer to add the defense of inequitable conduct where "extensive discovery [had] already occurred and any further discovery . . . would jeopardize the current trial date."); *see also* *Toth*, 163 F.R.D. at 549-50 (Denying motion to amend where discovery had closed since "an amendment here would prejudice the plaintiff either by denying them [sic] discovery or by adjourning the case."); *Elf Atochem, N. Am., Inc. v. United States*, 161 F.R.D. 300, 301-02 (E.D. Pa. 1995) ("Motion [to amend] is untimely based on the fact that discovery is virtually complete, [*8] and trial is looming close.").

To permit Defendant to amend its pleading now would require the court to reopen discovery. Extensive discovery, however, has already occurred and this court has previously granted a one month extension of discovery, in which it specifically stated that no more extensions of discovery would be allowed. (Response. Def.'s Mot. Leave Amend Answer & Countercl. at 2.) In addition, dispositive motions have been filed and a Markman Hearing for claim construction of disputed patent language has just recently occurred. Moreover, a February 16, 1999, trial date has been set, and the court is not willing to further delay the resolution of this matter, especially in light of the fact that both parties have already incurred significant expense and effort in preparing the case for trial.

Furthermore, courts have consistently found that "if the amendment substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation, the court may deem it prejudicial." *Elf Atochem*, 161 F.R.D. at 301. Because this court finds that Plaintiff would be prejudiced by Defendant's [*9] motion to amend since Plaintiff has not engaged in any discovery with regard to an inequitable conduct defense, the equities clearly tip in favor of denying Defendant's motion. [4]

4 Even assuming the court was willing to reopen discovery, which it declines to do, Plaintiff would still be prejudiced by an amended answer since Plaintiff would be forced to incur additional expenses in defending against the allegations and would almost certainly be faced with a delay in trial.

Since the extensive discovery has closed, dispositive motions have been briefed and filed, a trial date is set, and Plaintiff would be unfairly prejudiced, Defendant's assertion of a new affirmative defense, at this late stage of the litigation, is clearly prejudicial and should be denied.

III. CONCLUSION

For the reasons stated above, the court will deny Defendant's Motion for Leave to File Amended Answer And Counterclaim.

An order in accordance with this memorandum opinion shall be filed contemporaneously herewith.

This the 17th day [*10] December 1998.

William L. Osteen

United States District Judge

*ORDER*

OSTEEN, District Judge

For the reasons set forth in the memorandum opinion filed contemporaneously herewith,

IT IS ORDERED that Defendant's Motion for Leave to File Amended Answer And Counterclaim [53] is denied.

IT IS FURTHER ORDERED that Plaintiff's Motion To Strike Portions of Defendant's Reply to Plaintiff's Response to Defendant's Motion For Leave To Amend Answer And Counterclaim Or, in the Alternative, Motion For Leave To File Surreply [76] is denied.

This the 17th day December 1998.

William L. Osteen

United States District Judge