# EXHIBIT Q

LEXSEE

Analysis
As of: Aug 09, 2007

**CHRYSLER MOTORS CORP., Plaintiff, v. AUTO BODY PANELS OF OHIO, et al., Defendants**

**No. C-1-89-393**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION**

**1990 U.S. Dist. LEXIS 644; 14 U.S.P.Q.2D (BNA) 1252**

**January 22, 1990, Filed**

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** In a patent infringement action, plaintiff moved to stay the proceedings pending decisions of the appellate court and the Patent and Trademark Office relating to the case. Defendants opposed the motion.

**OVERVIEW:** Plaintiff filed suit against defendants alleging that defendants infringed a design patent covering a front fender of a truck. The court denied plaintiff's motion for a preliminary injunction and plaintiff appealed. Plaintiffs instituted an ex parte reexamination proceeding before the Patent and Trademark Office (PTO) for the purpose of determining whether the fender covered by the patent was obvious in light of the prior art. Defendants then served document requests and interrogatories on plaintiff in preparation for filing a motion for summary judgment. Plaintiff moved to stay the proceedings pending decisions of the appellate court and the PTO. Defendants opposed the motion. The court denied the motion holding that a stay of discovery was not necessary to promote the just, speedy, and inexpensive resolution of the action since neither the decision of the appellate court nor the decision of the PTO would dispose the issue of validity.

**OUTCOME:** The court denied plaintiff's motion to stay the proceedings in a patent infringement action holding that a stay of discovery was not necessary to promote the just, speedy, and inexpensive resolution of the action since neither of the pending decisions would dispose of the issue of validity.

**OPINION BY:** [*1] SPIEGEL

**OPINION**

ORDER DENYING MOTION FOR STAY OF PROCEEDINGS

S. ARTHUR SPIEGEL, UNITED STATES DISTRICT JUDGE

This matter is before the Court on the plaintiff's motion for a stay of these proceedings (docs. 23 & 24), the defendant's motion in opposition (doc. 25), and the plaintiff's reply (doc. 27).

This is a patent infringement action alleging that the defendants infringed a design patent covering the front fender of the Dodge Dakota pick-up truck (the '019 patent). The plaintiff filed this suit along with a motion for a preliminary injunction on May 31, 1989. A hearing on the motion for a preliminary injunction was conducted on June 22, 1989. On June 29, we entered an order denying plaintiff's motion on three grounds (doc. 16). First, we concluded that the plaintiff's patent appeared to be invalid in light of certain prior art cited by the defendants. Second, we concluded that the patent appeared to be invalid since the fender was designed according to functional rather than ornamental considerations. Third, we found that the plaintiff failed to show that it would suffer any irreparable harm from a denial of the injunc-

tion or that the public interest favored issuance of an injunction.

On [*2] July 25, 1989, a notice of appeal was filed by the plaintiff and shortly thereafter Chrysler instituted an *ex parte* reexamination proceeding before the patent and Trademark Office (PTO) for the purpose of determining whether the fender covered by the '019 patent was obvious in light of the prior art cited by this Court. On August 10, 1989, the defendants served document requests and interrogatories on the plaintiff in preparation for the filing of motions for summary judgment and for trial.

The plaintiff contends in its motion that it is in the best interest of all the parties for this Court to stay the proceedings in this case pending the decisions of the United States Court of Appeals for the Federal Circuit and the Patent and Trademark Office. Since the filing of the motion, the parties have informed the Court that the Patent Office has denied the request for reexamination, thereby holding that the plaintiff's patent is patentable over the prior art submitted to this Court by the defendants. However, the plaintiff continues to assert that it would be in the best interest of all of the parties to stay these proceedings pending the resolution of the plaintiff's appeal to the [*3] Court of Appeals so that this Court may have "the insight of the Federal Circuit before continuing this litigation" (doc. 27 at p. 1).

Having reviewed the filings of the parties, we conclude that a stay of discovery pending the decision of the Federal Circuit will not necessarily promote the just, speedy, and inexpensive resolution of this action. Since the validity of the '019 patent was not before this court for final resolution on the motion for a preliminary injunction, the decision of the Federal Circuit will not predetermine the judgment of this Court on the issue of invalidity. Even if the Federal Circuit reverses our decision denying the preliminary injunction, the defendants are still entitled to full and fair discovery in order to prove that the design patent is invalid. *See* *Roper Corp. v. Litton Systems, Inc.*, 757 F.2d 1266, 1271 (Fed. Cir. 1985).

Similarly, the fact that the Patent Office has denied reexamination does not dispose of the issue of validity. In *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1428 (Fed. Cir. 1988), the Federal Circuit noted:

The awkwardness presumed to result if the PTO and court reached different conclusions is more apparent than real. The [*4] two forums take different approaches in determining invalidity and on the same evidence could quite correctly come to different conclusions. Furthermore, we see nothing untoward about the PTO upholding the validity of a reexamined patent which the district court later finds invalid. This is essentially what occurs when a court finds a patent invalid after the PTO has granted it.

We conclude that it would be an abuse of discretion to grant a stay of proceedings in this case. We believe it is to the advantage of both parties that discovery proceed and this case be ready for trial on the merits whether or not the preliminary injunction [decision] issued by this Court is upheld by the Federal Circuit.

Accordingly, the plaintiff's motion for a stay is hereby denied.

SO ORDERED.