# EXHIBIT S

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MICHAEL BOWLING, :
a Resident of Arizona, :
:
Plaintiff, : C.A. No. 05-229S
:
v. :
:
HASBRO, INC., :
a Rhode Island Corporation, :
:
Defendant. :

**PLAINTIFF BOWLING'S FIRST SET OF**
**INTERROGATORIES TO DEFENDANT HASBRO, INC.**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Michael Bowling (hereinafter "Plaintiff" or "Bowling") hereby addresses the following interrogatories to Defendant Hasbro, Inc. (hereinafter "Defendant" or "Hasbro").

**TERMS AND DEFINITIONS**

In the interrogatories below, the following definitions shall apply:

**'197 patent:** The term "'197 patent" means U.S. Patent No. 5,938,197.

**All/Each:** The terms "all" and "each" shall be construed as all and each.

**And/Or:** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

**Accused Die or Accused Dice:** The terms "Accused Die" or "Accused Dice," mean all dice having an extension member positioned between end caps, the extension member and end caps

having a number of discrete facets, including, but not limited to, the "futuristic, multifaceted dice" that "look like precious jewels" included in Hasbro's Monopoly Millennium Edition board game.

**Communication:** The term "communication" means the transmittal of information in the form of facts, ideas, inquiries or otherwise.

**Complaint:** The term "Complaint" means Plaintiff's Complaint in the above-captioned matter.

**Concerning:** The term "concerning" means relating to, referring to, pertaining to, describing, evidencing, or constituting.

**Defendant:** The terms "Defendant," "Hasbro," "you," or "your" shall mean:

(a) Hasbro, Inc. and all entities or names under which it has done business;

(b) all predecessors, affiliates, successors, or owners/purchasers of Hasbro, Inc.;

(c) all past or present divisions, subsidiaries, or parent companies of Hasbro, Inc., including, but not limited to, Wizards of the Coast; and

(d) anyone acting or purporting to act on behalf of Hasbro, Inc. including, without limitation, all present and former officers, directors, trustees, investors, employees, agents, representatives, attorneys, consultants, or other personnel of any of the foregoing entities.

**Describe:** The term "describe" means to provide a narrative statement or description, phrased in specifics, of the facts or matters to which the interrogatory refers, including, but not limited to, an identification of all persons, communications, acts, transactions, events, agreements, recommendations, and documents used, necessary, or desirable to make such statement and/or description complete.

**Document:** The term "document" is defined to be synonymous in meaning and equal in scope with the broadest usage of such term in Federal Rule of Civil Procedure 34. Such term includes, without limitation, any writing and each original, master, and every copy of the following items, however produced or reproduced, namely: books, accounting records of any nature whatsoever, agreements, communications, correspondence, telegrams, cables, telexes, facsimile documents, memoranda, recordings, studies, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, letters, forecasts, statistical statements, graphs, laboratory or engineering reports and records, notebooks, charts, plans, sketches, drawings, information-bearing photographic products of any nature whatsoever, phonograph records, microfilms, tape recordings, minutes or records of meetings or conferences, expressions or statements of policy, lists of persons attending meetings or conferences, reports or summaries of interviews, reports or summaries of investigations, opinions or reports of consultants, patent appraisals, opinions of counsel, records, reports or summaries of negotiations, sales literature of any nature whatsoever, brochures, catalogues, catalogue sheets, price lists, pamphlets, periodicals, advertisements, circulars or trade letters, press releases, trade releases, publicity releases, new product releases, reprints, drafts of any documents, working papers, indices, notes of any nature whatsoever, marginal notes appearing on any documents, computer printouts, computer disks, computer memory files, and other data compilations from which information can be obtained or translated, if necessary, by Plaintiff through detection devices into reasonably usable form. The term "document" includes all non-identical copies, such as those bearing marginal comments or other marks, postscripts, changes, amendments, addenda or other notations not present on the original document as initially written, typed, or otherwise prepared. Each such non-identical copy is to be considered and identified as a separate document.

**Gender:** The terms "he," "his," or "him" are generic terms that mean any person as defined herein, whether natural or otherwise, and whether masculine, feminine, or neutral.

**Game:** The term "Game" means any game sold by Hasbro that includes or included the Accused Die.

**Identify:** The term "identify" shall mean:

(a) When used with respect to an individual or natural person, to state: (1) his name; (2) any other name used by him presently or in the past; (3) his present or last known business address, residence address, and telephone numbers; and (4) the corporation, partnership, association, foundation, trust, organization, or other entity, and the functional division thereof, with which he is now associated, and his title, status, position, rank, or classification with such entity at the present and throughout the time period specified.

(b) When used with respect to a person other than a natural person, including, but not limited to, any corporation, partnership, association, foundation, trust, organization, or other entity or functional division thereof, to state: (1) its full name; (2) the present or last known address and telephone number of its principal office or place of business; (3) all names under which it is doing business or ever has done business; (4) the nature of the venture (e.g., sole proprietorship, partnership, corporation, etc.); and (5) the identities of its officers, directors, partners, or administrators.

(c) When used with respect to a communication to: (1) state the dates and places of origin and reception of such communication; (2) identify each person who was present at or participated in such communication; (3) identify the type of communication (e.g., letter, facsimile transmission, face-to-face conversation, telephone conversation, etc.); (4) describe

the substance of each such communication; and (5) identify each document which records, shows, or refers to such communication.

(d) When used with respect to a document or tangible thing, to state: (1) the type of document or tangible thing (e.g., letter, memoranda, computer disk, etc.); (2) the date it was created, or if the specific date thereof is unknown, the month and year or other best approximation of such date; (3) the identity of the person or persons who wrote, contributed to, prepared, or originated such document and all signatories thereto; (4) its addressees and all other persons receiving copies of the document or any portion thereof; (5) the nature and substance of the document with sufficient particularity to enable it to be identified; (6) the title of the document; and (7) its location and its custodian (or if it is no longer within your possession, custody, or control, state what disposition was made of it; state the date of such disposition; identify every person who participated in or approved such disposition; and identify the person or persons having knowledge of its contents). In lieu of identifying documents in the foregoing manner, Defendant may identify them by document number and produce such documents for inspection pursuant to Federal Rule of Civil Procedure 33(d).

(e) When used with respect to a fact to: (1) describe the fact; (2) state when it became known to Defendant; (3) identify the source from which Defendant learned it; (4) identify the documents that record, show, or refer to the fact; and (5) state why you believe the fact is true.

(f) When used with respect to a patent or patent application, to state: (1) its country, patent number, and application number; (2) its dates of filing, publication, and issuance; (3) the names of all patentees, applicants, or inventors; (4) its title; (5) the identity of each counterpart (United States or foreign) application and patent; (6) its status; and (7)

the docket number or other designation thereof used by the Defendant to identify it in its files.

**Patent Office or PTO:** The term "Patent Office" or "PTO" shall mean the United States Patent and Trademark Office, unless otherwise indicated.

**Patented Dice or Patented Die:** The terms "Patented Dice" or "Patented Die" means the dice Bowling (or Crystal Caste) sells that are disclosed and claimed in the '197 patent, including Bowling's Crystal dice.

**Person:** The term "person" means any natural person or any business, legal, or governmental entity or association, and any functional division thereof.

**Plaintiff or Bowling or Crystal Caste:** The terms "Bowling," "Crystal Caste" or "Plaintiff" means Michael Bowling or Crystal Caste and its officers, directors, trustees, employees, agents, counsel, and other representatives.

**Refer/Relate:** When a document or thing which "refers" or "relates to" any given matter is requested, the request encompasses any document or thing, as the case may be, that discusses, embodies, contains, reflects, identifies, states, refers to, or concerns that matter or that is in any way pertinent to that matter.

**State:** The term "state" means to express the particulars in writing or set down and set forth in detail.

**Singular/Plural:** The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1. You are required to answer the following interrogatories separately and fully in writing and under oath, within thirty (30) days from the date of service, or sooner if agreed to by the parties or ordered by the Court. When answering the interrogatories, you are required to furnish such information as is available to you, including but not limited to information known to your officers, employees, agents, or anyone acting for or on your behalf.

2. If you have no information about the subject of a particular interrogatory or if for some other reason you are unable to answer it, the response to that interrogatory should specifically so state, and no interrogatory should be without a response.

3. If you cannot answer an interrogatory completely, answer as fully as you can and specify the ways in which your response may be incomplete because of your lack of knowledge. If you do not know exact dates, amounts, or other facts with certainty, but you have information from which you can make an approximate or estimated answer, do so, and indicate that the answer is approximate or estimated because you lack more precise information.

4. If you have previously provided information requested in an interrogatory in an answer to a preceding interrogatory, or in documents filed in this action (including answers to interrogatories or depositions), you may answer such interrogatory by specific reference to the documents (including document production numbers) or answer to a preceding interrogatory providing the information requested. But, to the extent that the referenced document or answer to a preceding interrogatory does not provide all of the information which is known to you (including, but not limited to, specific details, the identity and location of persons, the description and location of documents or tangible things, etc.) that is called for by the interrogatory, state all such information in your answer to the interrogatory.

5. It will be a sufficient answer to an interrogatory calling for you to identify documents to state either (a) that such documents already have been produced in this action and have been specifically identified on record, provided that you reference the documents, production numbers, or the record identifying the documents, or (b) that such documents will be produced in accordance with the request for production of documents served upon you, if you actually produce such documents. Any documents that you have been requested to identify that you cannot or will not produce must be identified as requested, to the extent possible, whether or not they are in your possession, custody, or control.

6. Documents provided pursuant to Federal Rule of Civil Procedure 34, or in lieu of answering pursuant to Federal Rule of Civil Procedure 33(d), should be expressly identified by the interrogatory to which they pertain.

7. Except as otherwise expressly directed herein, each paragraph and subparagraph of the interrogatories should be construed independently and not by reference to any other paragraph or subparagraph herein for the purpose of limiting the scope of the interrogatory being answered.

8. If the original of a document is within your possession, custody, or control, produce it; if not, produce such copy of it as is in your possession, custody, or control. Any copy of a document on which any notation, addition, alteration, or change has been made is to be treated as an additional original document.

9. Included in the definition of documents as used herein are files, file folders, books, etc., and their contents. Accordingly, produce files, file folders, books, etc. together with the documents they contain.

10. If any of the documents requested have been destroyed, identify each such document, state the date upon which the document was destroyed, and state the reason it was destroyed.

11. If you assert a claim of privilege or work product protection in objection to any interrogatory or request for production of documents or tangible things, identify with respect to each communication, document, or tangible thing the nature and basis of the privilege claimed, and provide as much of the following information as is not encompassed by the privilege: its type; its general subject matter and purpose; its date; the names of persons making or receiving the communication, document, or tangible thing or a copy thereof or, if the communication was oral, of those present when it was made; their relationship to the author or speaker; and any other information upon which you may rely to support your claim of privilege or other immunity from discovery.

12. In answering any interrogatory which specifies the identification of a person or persons having knowledge of a circumstance, matter, event, document, procedure, determination, product, etc., where the number of people having the knowledge exceeds three, identify the three persons having the most knowledge of the circumstances, matter, event, documents, procedure, determination, product, etc. Also, to the extent known, provide the persons' contact information.

13. If any interrogatory or document request, or portion thereof is unclear, please contact the undersigned counsel and, if possible, the interrogatory or document request or portion thereof will be clarified in a reply letter. Any such reply may be treated as a modification of the interrogatory or document request or portion thereof.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Describe all facts and reasons for Hasbro's contention that the '197 patent is invalid or unenforceable. For each reference or combination of references that Hasbro contends invalidates the '197 patent, specifically identify where each claim element is found in the reference or combination of references. The description should also include a full description of all facts supporting the contention, identification of any documents concerning the contention, and the identity of all persons with knowledge of facts concerning the contentions.

**INTERROGATORY NO. 2:**

Describe all facts and reasons for Hasbro's contention that Hasbro's Accused Dice do not infringe any claim of the '197 patent, including how and why any claim limitation is not met either literally or under the doctrine of equivalents. To the extent that Hasbro construes any claim term different than its ordinary and customary meaning in view of the intrinsic evidence, please provide Hasbro's construction. The description should also include a full description of all facts supporting the contention, identification of any documents concerning the contention, and the identity of all persons with knowledge of facts concerning the contention.

**INTERROGATORY NO. 3:**

Identify on a monthly basis, from January 1, 1998, to the present, the numbers of Accused Die Hasbro (1) manufactured; (2) purchased; and/or (3) sold, whether individually or included in a Game. If included in a Game, provide the Game's name, the number of Games sold, and the number of die included in the Game.

**INTERROGATORY NO. 4:**

For the Accused Die and Games identified in response to Interrogatory No. 3, provide the following information about your sales of the Accused Die and Games, from January 1, 1998, to the present:

(a) the unit selling price;

(c) the total monetary amount received from the total units sold, on a monthly basis from January 1, 1998, forward;

(d) your current inventory, yearly average inventory and monthly average inventory since January 1, 1998, of Games and Accused Die;

(e) to whom the sales were made (e.g., wholesalers, retailers, or end users);

(f) all manufacturing costs per Game and Accused Die, on an itemized basis, including but not limited to:

(i) the cost of raw materials used;

(ii) labor costs for each stage of production; and

(iii) package and quality control costs;

(g) any research and development costs associated with developing and manufacturing or both on a per-unit basis and on a monthly basis;

(h) selling costs per unit, including, but not limited to:

(i) advertising expenditures;

(ii) shipping costs; and

(iii) labor costs incidental to selling;

(i) per unit general expenses, and administrative expenses, or both, which in any way include or relate to the sale of the Games or the Accused Die;

(j) the amount of gross profit and net profit realized per unit; and

(k) the net profit margins.

**INTERROGATORY NO. 5:**

Identify the two most knowledgeable people working for or employed by Hasbro concerning the following:

a.) the facts surrounding Hasbro's decision to sell the Accused Die or use the Accused Die in its Monopoly Millennium Edition game or any other Game;

b) the facts surrounding Hasbro's decision to quit using or selling the Accused Die or Games;

c) any evaluation, analysis, study, consideration, or copying of Bowling's Patented Dice;

d) the manufacturing or purchase of Hasbro's Accused Die;

e) the marketing, advertising, and promotional activities related to Hasbro's Accused Die or Games; and

f) sales, distribution, financial, and profit information regarding Hasbro's Accused Die or Games.

**INTERROGATORY NO. 6:**

Identify all dealers, suppliers, salespeople, retailers or distributors through whom Hasbro's Accused Die or Games have previously been or are presently being sold, offered for sale, or otherwise deposed of.

**INTERROGATORY NO. 7:**

State the date and circumstances when Hasbro first became aware of the following: (1) Bowling or Crystal Caste, (2) the Patented Dice, and (3) the '197 patent. The response should identify all documents concerning such facts and all persons knowledgeable about such facts.

**INTERROGATORY NO. 8:**

Describe all facts and reasons why Hasbro believes its sale of the Accused Die or Games do not constitute willful infringement of the '197 patent, including the following:

a) Identify all documents within the possession, custody, or control of Hasbro relating to any opinion of counsel regarding the '197; and

b) Identify all persons with knowledge relating to the answer to this interrogatory.

**INTERROGATORY NO. 9:**

Identify all dice, if any, that Hasbro contends constitute acceptable, non-infringing substitutes to the invention disclosed and claimed in the '197 patent, and identify all persons with knowledge of facts that relate to this contention.

**INTERROGATORY NO. 10:**

Identify the copyrighted works believed to be infringed, including the physical miniature figures Hasbro sells that are covered by Hasbro's copyrights.

**INTERROGATORY NO. 11:**

State the amount of actual damages Hasbro contends is caused by Bowling's alleged copyright infringement, and identify all documents concerning that contention and all persons with knowledge regarding that contention.

**INTERROGATORY NO. 12:**

Identify all persons who prepared, assisted in the preparation of, or provided information for the answers to the foregoing interrogatories and Bowling's document requests.

Michael Bowling,
By His Attorneys,

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

Douglas J. Williams, MN (*pro hac vice*)
Thomas J. Leach, MN (*pro hac vice*)
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Phone: 612.332.5300
Fax: 612.332.9081

Date: September 16, 2005

**CERTIFICATION**

TO:

Todd D. White, Esq.
Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

I hereby certify that I caused a true copy of the within *Interrogatories* to be to be transmitted by First Class Mail to the above named counsel of record on the 16 day of September, 2005.

Theresa Benson

H:\Clients\Bowling\Pleadings\1st Set of Interrogatories To Hasbro.doc