# EXHIBIT V

LEXSEE

Caution
As of: Aug 09, 2007

**GEORGE MOISENKO, in his capacity as the Personal Representative of the Estate of Jutta Moisenko, deceased, and individually, Plaintiff, v VOLKSWAGENWERK AKTIENGESELLSCHAFT aka Volkswagenwerk Gmbh, a corporation of the German Federation Republic, Defendant.**

**Case No. 5:96 CV 49**

**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION**

**2000 U.S. Dist. LEXIS 3054**

**March 9, 2000, Decided**
**March 9, 2000, Filed**

**DISPOSITION:** [*1] Plaintiff's Motion To Strike Defendant's Renewed Motion for Summary Judgment or in Alternative to Allow Plaintiff Opportunity to Have Other Latch Expert Named in His Witness List Examine Subject Vehicle and Issue Report (dkt. # 128) DENIED and Plaintiff's Motion for Extension of Time to File His Response to Defendant's Motion for Summary Judgment (dkt. # 131) GRANTED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Case was remanded from the United States Court of Appeals for the Sixth Circuit, which affirmed the district court's decision to exclude the testimony of plaintiff's expert witness, but reversed the grant of summary judgment in favor of defendant auto manufacturer to allow plaintiff an opportunity to contest the motion.

**OVERVIEW:** The trial court previously ruled that plaintiff's expert witness as to alleged defects in van manufacture that resulted in death could not testify and entered summary judgment for defendant manufacturer. The court of appeals affirmed exclusion of the witness, but remanded to allow plaintiff the opportunity to show material issues of fact remained as to the crashworthiness of the van. On remand, plaintiff moved to strike defendant's renewed summary judgment motion as untimely, because under the case management order the time for making dispositive motions had passed, or alternatively to allow a second expert to testify. Motion to strike denied, because a summary judgment would avoid an unnecessary trial and serve the ultimate purpose of judicial efficiency that the case management order was intended to serve. Conversely, the court denied the right to endorse a new expert after discovery had been closed in the absence of good cause.

**OUTCOME:** Plaintiff's motion for extension of time to respond to defendant's summary judgment motion granted, pursuant to the court of appeals ruling, but motion to strike summary judgment as untimely was denied. Plaintiff's motion to replace its expert witness was denied, as plaintiff did not show good cause to re-open discovery.

**COUNSEL:** For GEORGE MOISENKO, plaintiff: Raymond R. Behan, Michael R. Behan, Schram, Behan & Behan, Okemos, MI.

For VOLKSWAGEN AKTIENGESELLSCHAFT, defendant: Peter R. Tolley, David L. Harrison, Tolley, VandenBosch, Walton, Korolewicz & Brengle, P.C., Grand Rapids, MI.

**JUDGES:** RICHARD ALAN ENSLEN, Chief Judge.

**OPINION BY:** RICHARD ALAN ENSLEN

**OPINION**

The two matters before the Court are: (1) whether the Court should now consider Defendant's Motion of Summary Judgment in light of the Sixth Circuit Court of Appeals' decision to remand this case and (2) whether Plaintiff may replace his disqualified expert witness with a new expert.

I. Background

This action arises out of an automobile accident in which it is alleged that a design or manufacturing defect in either the rear door latch or seat belt caused the death of Jutta Moisenko.

[*2] In an opinion issued in September 1998, this Court excluded the testimony of Plaintiff's proposed expert witness Donald Martus and ordered judgment in favor of the Defendant. That opinion was appealed to the Sixth Circuit Court of Appeals. After affirming this Court's decision to exclude the expert testimony, the Court of Appeals reversed the grant of summary judgment in favor of Defendant and remanded this action back to this Court. The Court of Appeals held that "the district court abused its discretion in dismissing this action without giving Plaintiff an opportunity to argue whether genuine issues of material fact remained as to the crashworthiness of the Eurovan." *Moisenko v. Volkswagenwerk Aktiengesellschaft*, 1999 U.S. App. LEXIS 29998, No. 98-2202, 1999 WL 1045075, at *6 (6th Cir. Nov. 12, 1999).

In the wake of the Court of Appeals' decision, Defendant filed a summary judgment motion, pursuant to FED. R. CIV. P. 56. Plaintiff responded with a motion to strike Defendant's summary judgment motion on the grounds that it is untimely. In the alternative, Plaintiff's motion asks for the opportunity to have another expert examine the subject vehicle and issue a report. The Court will address [*3] Plaintiff's motions in turn.

II. The Court Will Consider Defendant's Summary Judgment Motion

Plaintiff asserts that Defendant's summary judgment motion is untimely because it was filed after the deadline for dispositive motions set forth in the FED. R. CIV. P. 16 scheduling order. [1] The saga of this summary judgment motion's relationship with the Case Management Order ("CMO") is long, tortured and irrelevant to Plaintiff's motion to strike. Instead of determining whether to modify the CMO, the Court is required to follow the dictates of the Court of Appeals, which instructed the Court to consider the summary judgment motion after affording Plaintiff the opportunity to be heard on the issue of whether genuine issues of material facts remain as to the crashworthiness of the Eurovan. Thus, the Court will consider Defendant's Motion for Summary Judgment after providing Plaintiff with adequate time to respond to the motion.

1 In this instance, the Rule 16 scheduling order is titled Case Management Order.

[*4] Even without the Court of Appeals' instructions, Plaintiff's argument that Defendant's summary judgment motion should be stricken would fail because it contradicts the purpose underlying FED. R. CIV. P. 16. Rule 16(b) requires District Courts to enter scheduling orders that limit the time "to file motions; and to complete discovery." FED. R. CIV. P. 16(b)(2)-(3). These scheduling orders should "not only compress the amount of time for litigation, they should also reduce the amount of resources invested in litigation." FED. R. CIV. P. 16 advisory committee notes (1983). To ignore a potentially meritorious dispositive motion here would serve only to increase the amount of resources invested in this litigation. Indeed, if this summary judgment motion is ultimately granted, it would avoid an unnecessary trial.

III. Plaintiff May Not Add a New Expert Witness

In the alternative, Plaintiff asks that a second expert witness be allowed to examine the rear door latch and issue a report before this Court considers Defendant's summary judgment motion. Plaintiff proposes that John Marcosky, one of his consulting experts, be afforded the opportunity to replace Mr. Martus as his Rule 26(a)(2) [*5] testifying expert witness. Re-opening expert discovery in this manner would require the Court to modify the CMO issued March 31, 1997, which mandated that expert witness reports be disclosed no later than August 31, 1997. Rule 16 scheduling orders "shall not be modified except upon a showing of good cause[.]" FED. R. CIV. P. 16(b). Plaintiff does not assert that there is good cause to modify the CMO; instead, he argues that if the Court modifies the CMO to consider Defendant's summary judgment motion, it must also modify it to allow Plaintiff to replace its disqualified expert witness.

Plaintiff's argument fails for several reasons. First, as explained above, this Court is not modifying the CMO to consider Defendant's summary judgment motion-- it is simply following the mandate of the Court of Appeals. Second, even if the Court did modify the CMO to consider Defendant's summary judgment motion, Plaintiff errs when he equates the consideration of a dispositive motion with the re-opening of discovery. These two actions have opposite effects on litigation as one can conclude it efficiently, while the other can extend it significantly.

Most notably, Plaintiff does not make the requisite [*6] showing of good cause. The fact that a testifying expert was disqualified is not good cause to amend the scheduling order to allow for a replacement expert. *But see Summers v. Missouri Pac. R.R. Sys.*, 132 F.3d 599 (10th Cir. 1997) (2-1 decision). The Eastern District Court of Tennessee rejected a motion to replace a disqualified expert where, like the case here, "Plaintiff had ample opportunity to locate experts for this case, and her experts had ample opportunity to develop their theories on how the accident occurred, to explain their underlying methodology, and test their theories prior to the Daubert hearing." Pride v. Bic Corp., 54 F. Supp. 2d 757, 763 (E.D. Tenn. 1998) The *Pride* court concluded that "it is contrary to all rules of fairness and proper procedure to reopen a hearing or trial simply because one party is dissatisfied with the outcome." *Id.* The Court agrees with the dissenting judge in *Summers* that to show good cause for amending a Rule 16 schedule to replace a disqualified expert a "party must put forth some sort of showing that the proposed witnesses can provide testimony different from that which already has been [*7] rejected by the court[.]" *Summers*, 132 F.3d at 608 (Tacha, J., dissenting). Plaintiff admits that Mr. Marcosky has never seen the vehicle nor the latch at issue and thus made no such showing here. Since Plaintiff has made no showing of good cause, the Court will not re-open discovery to allow Plaintiff a second testifying expert witness.

IV. Conclusion

The Court will consider Defendant's Motion for Summary Judgment after providing Plaintiff with adequate time to respond to the motion. The Court will not modify the CMO to allow Plaintiff the opportunity to have a second expert examine the subject vehicle and issue a report.

Dated in Kalamazoo, MI:

3-9-00

RICHARD ALAN ENSLEN

Chief Judge

**ORDER**

In accordance with the Court's Opinion of this date,

**IT IS HEREBY ORDERED** that Plaintiff's Motion To Strike Defendant's Renewed Motion for Summary Judgment or in the Alternative to Allow Plaintiff an Opportunity to Have the Other Latch Expert Named in His Witness List Examine the Subject Vehicle and Issue a Report (dkt. # 128) is **DENIED** and Plaintiff's Motion for an Extension of Time to File His Response to Defendant's Motion for Summary [*8] Judgment (dkt. # 131) is **GRANTED.**

**IT IS FUTHER ORDERED** that Plaintiff may file a response to Defendant's Motion for Summary Judgment within 28 days of this Order. Defendant may reply within 14 days thereafter.

Dated in Kalamazoo, MI:

3-9-00

RICHARD ALAN ENSLEN

Chief Judge