UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona,<br><br>Plaintiff,<br><br>v.<br><br>HASBRO, INC., a Rhode Island Corporation,<br><br>Defendant. | : | C.A. No. 05-229 S |

**HASBRO, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO FILE UNDER SEAL**

Defendant/Plaintiff-in-Counterclaim Hasbro, Inc. ("Hasbro") respectfully opposes Plaintiff's "Emergency Motion to Seal Exhibit G to Declaration of Michael Bowling" (the "Motion to Seal"). As explained in Hasbro's contemporaneously-filed motion to strike the declaration of Michael Bowling, of which the document Plaintiff seeks to seal is an exhibit, the declaration as a whole is untimely and filed in direct contravention of the Court's stated schedule. It should therefore be stricken in its entirety, rendering moot Plaintiff's motion to file one exhibit of that declaration under seal.

But even if the Court does not strike the declaration in its entirety, Plaintiff's Motion to Seal should be denied because it is brought in contravention of applicable rules. Local Rule (Gen) 102 provides the sole method for filing documents under seal in this district. The Plaintiff has not followed that rule, and his Motion to Seal would not bring his filing into compliance therewith. The rules provide no mechanism for sealing documents after they have been filed electronically, thus making them publicly available through the PACER system. Hasbro is unaware of any mechanism for the Court doing so, even if the Court were inclined to grant

Plaintiff's Motion to Seal. Rather than bringing this motion, the Plaintiff should have immediately withdrawn the document containing confidential information, had it removed from the electronic records of the Court, and brought an appropriate motion to file under seal. *See* Local Rule (Gen) 102(a).

For the foregoing reasons, the Plaintiff's Motion to Seal should be denied, the filed document (Docket No. 103) should be stricken and expunged from the publicly-available electronic records of the Court. If the Court wishes to permit the Plaintiff to file this declaration out of time, the Plaintiff should be instructed to bring an appropriate motion.

Respectfully submitted,

HASBRO, INC.
By its Attorneys,

/s/ Jeffrey K. Techentin
Todd D. White (#5943)
twhite@apslaw.com
Jeffrey K. Techentin (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: August 27, 2007

Of Counsel:

David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

**CERTIFICATE OF SERVICE**

TO:

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas J. Leach, Esq.
Douglas J. Williams, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

David K. S. Cornwell, Esq.
Tracy-Gene G. Durkin, Esq.
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

I hereby certify that I filed the within Response in Opposition to Motion to Seal through the ECF system on the 27th day of August, 2007, and that notice will be sent electronically to the above-named counsel who are registered participants identified on the Mailing Information for Case No. 05-229S.

/s/ Jeffrey K. Techentin__________

*426914_1*