UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE DECLARATION OF MICHAEL BOWLING AS UNTIMELY FILED**

Defendant/Plaintiff-in-Counterclaim Hasbro, Inc. ("Hasbro") respectfully submits this Reply Memorandum of Law in further support of its motion to strike the Declaration of Michael Bowling (Docket No. 103) (the "Declaration") submitted in support of his opposition to Hasbro's Motion to Stay Proceedings Pending *Ex Parte* Reexamination of Patent or, in the Alternative, for leave to Re-open Expert Discovery (Docket Nos. 99, 100) (the "Motion to Stay").

Plaintiff's response does not even contest that the Declaration is untimely. *See generally* Plaintiff's Opposition (Docket No. 107). Instead, he merely argues that the contents of the Declaration "correct factual misrepresentations in Hasbro's reply brief." *Id.* at 1. If this were correct, it might properly constitute material in surreply to the motion, which would require leave of the Court prior to being submitted. Local Rule (Civ) 7(b)(3) ("No memorandum other than a memorandum in support of a motion, a memorandum in opposition, and a reply memorandum may be filed without prior leave of the Court."). Because the Plaintiff did not obtain leave, the Declaration should be stricken.

But the Plaintiff is also shading the truth by claiming that the Declaration is merely

responsive to Hasbro's reply brief. According to the Plaintiff, he submitted the Declaration to rebut the charge that he "sat idly for more than three years until bringing suit." Opposition at 1. But that charge was leveled squarely in Hasbro's opening memorandum. Hasbro wrote:

> Certainly there has been no undue delay on Hasbro's part in bringing this matter to trial. Although the facts of the case go back seven years and more, this case was only filed in May 2005. It was the Plaintiff's lackadaisical approach to litigation, and nothing done by Hasbro, that resulted in fully five years' delay. Even if one were to the **entire** period during which this case has been pending as delay by Hasbro, and even if the PTO were to take over two years to reach a conclusion on the reexamination, Hasbro would not have "delayed" this case any more than the Plaintiff himself did. If this case is "old," that fact lies squarely at the feet of the Plaintiff, and that fact is key in determining whether to grant a stay here. See *Ingro v. Tyco Indus., Inc.*, 1985 WL 1649, at *3 (N.D. Ill. May 31, 1985) ("especially in light of plaintiff's own delay in initiating litigation, a stay pending completion of reexamination proceedings . . . will constitute neither undue nor unreasonable delay").

Hasbro Opening Memorandum (Docket No. 99) at 23. Particularly in light of Hasbro's citation to the *Ingro* case, any response the Plaintiff wanted to make with respect to whether his own dilatory actions should dilute his protestations against a stay of the case should properly have been raised in his response memorandum.

There is no excuse for the Plaintiff having sandbagged Hasbro by taking nearly a month to file his response, ignore the facts and argument in Hasbro's motion, respond without reference to an important issue, and then wait until the day after Hasbro files its reply to submit a self-serving declaration. The Plaintiff is playing games, and not with his dice. The document should unquestionably be stricken.

Respectfully submitted,

HASBRO, INC.
By its Attorneys,

/s/ Jeffrey K. Techentin___________
Todd D. White (# 5943)
twhite@apslaw.com
Jeffrey K. Techentin (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: September 6, 2007

Of Counsel:

David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

**CERTIFICATE OF SERVICE**

TO:

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas J. Leach, Esq.
Douglas J. Williams, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

David K. S. Cornwell, Esq.
Tracy-Gene G. Durkin, Esq.
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

I hereby certify that I filed the within Reply Memorandum of Law in Support of Motion to Strike Declaration of Michael Bowling as Untimely thereof through the ECF system on the 6th day of September, 2007, and that notice will be sent electronically to the above-named counsel who are registered participants identified on the Mailing Information for Case No. 05-229S.

/s/ Jeffrey K. Techentin

*427958_1*