UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**DEFENDANT HASBRO, INC.'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION, IN THE ALTERNATIVE, TO REOPEN DISCOVERY WITH RESPECT TO NEWLY-IDENTIFIED INVALIDITY EVIDENCE**

Pursuant to the direction of the Court on September 12, 2007, Defendant/Plaintiff-in-Counterclaim Hasbro, Inc. ("Hasbro") respectfully submits this Supplemental Memorandum of Law in further support of its alternative motion to reopen discovery for the limited purpose of exploring newly-identified evidence pertaining to the validity and enforceability of the U.S. Patent No. 5,938,197 (the "'197 Patent"). The Court has directed the parties to submit memoranda on three specific questions: (1) whether publications disclosing crystals and minerals are admissible evidence on the issue of the validity and enforceability of the '197 Patent; (2) the extent to which expert testimony is needed to prove invalidity; and (3) the scope of any anticipated expert testimony on this subject.[1] As explained below, the publications are admissible evidence showing that the relevant claims of the '197 Patent are either anticipated in whole or obvious to one of ordinary skill in the relevant art. Because the mineralogical and crystallographic references are from an analogous prior art, they are relevant and admissible on both the anticipation and obviousness questions. Because obviousness is, in large part, a function of the skill level of one of ordinary skill in the art, expert testimony about what that skill level is and why prior art pertaining to crystallography and mineralogy is analogous to the dice art will permit the jury to determine the relevant underlying facts essential to the a legal analysis of obviousness. The evidence is relevant and admissible, and there is no articulable

---

[1] Should the Court grant Hasbro the alternative relief sought in its motion by reopening discovery, Hasbro would, of course, provide the expert disclosures required by Fed. R. Civ. P. Rule 26(b)(2) in addition to the information contained herein.

prejudice to the Plaintiff in permitting its admission; moreover, if the evidence is allowed at trial, accompanying expert testimony should be allowed just as it would be in the ordinary course.

**The Cited Publications Disclose Relevant, Admissible Prior Art**

Hasbro's Request for *Ex Parte* Reexamination of the '197 Patent asserted invalidity of claims 1-7 and 17-19 of the '197 Patent because the invention had been anticipated by one or more of *Traité Élémentaire de Minéralogie* by François Sulpice Beudant, v. 2 at Pl. 4 (2d Ed. Paris, Chez Verdière, 1832) (the "Beudant publication"), *Traité Complet de la Chaux Carbonattée et de l'Arragonite* by Jacque Louis Comte de Bournon, v. 3 at Pl. 17 (London, William Phillips, 1808) (the "de Bournon publication") and U.S. Pat. No. 4,497,487 (the "'487 Patent"). All three are available as prior art. 35 U.S.C. §102(b) states: "a person shall be entitled to a patent unless - …(b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States." To establish the publications as available prior art, Hasbro must show only that they are printed publications dating more than one year earlier than the Plaintiff's patent application. *See Norian Corp. v. Stryker Corp.*, 363 F.3d 1321, 1330 (Fed. Cir. 2004) (whether item constitutes a printed publication is question of fact). Here, two publications predate the Plaintiff's patent application by more than 150 years, and are still generally available at libraries; the patent predates the Plaintiff's by some eight years. *See*, *e.g.*, **Exhibit A** (reports of library holdings from worldcat.org). *See also In re Hall*, 781 F.2d 897, 899 (Fed. Cir. 1986) (finding single copy of doctoral dissertation maintained in one university library in Germany to be a "printed publication"). Accordingly, the Beudant and de Bournon publications are available as prior art and are therefore relevant, admissible evidence of invalidity. Typically, this evidence would be presented through an expert, who could explain to the jury (consistent with the Court's *Markman* findings) how the claims limitations appear in the prior art. In fact, that is just what the Plaintiff apparently intends to do here through its own purported dice expert, Kevin Cook, who has offered a "Claim Chart" comparing Hasbro's accused dice with the claims language.

If the Beudant and Comte de Bournon publications anticipate the Plaintiff's dice, the publications are competent evidence of invalidity regardless of whether they derive from an

analogous art**. *Where a prior art reference anticipates a claim, it is irrelevant whether the subject art is analogous***. *State Contracting & Eng'g Corp. v. Condotte Am. Inc.*, 346 F.3d 1057, 1068 (Fed. Cir. 2003). For anticipation, the Beudant and de Bournon publications need only be analyzed as to whether they disclose each and every limitation of claims 1-7 and 17-19 of the '197 Patent. A patent for an apparatus protects the claimed structure, *not* the intended us of that structure. The fact that the Plaintiff called his device a "playing die" neither expands nor contracts the scope of his patent rights. A later object that contained the limitations of the issued claims would infringe the patent even if it was made for some other purpose, and an earlier object that contained the limitations of the issued claims would anticipate the claims and render them invalid. "[T]hat which infringes if later anticipates if earlier." *Polaroid Corp. v. Eastman Kodak Co.*, 789 F.2d 1556, 1573 (Fed. Cir. 1986) (quoting *Peters v. Active Manufacturing Co.*, 129 U.S. 530, 537 (1889)).[2]

**<u>Expert Testimony is Needed to Determine Obviousness</u>**

Obviousness, however, is a more complex determination involving a legal conclusion based on underlying questions of fact. *State Contracting*, 346 F.3d at 1069. Expert testimony is essential to the two critical fact questions: first, whether crystallography and mineralogy are analogous arts to dice design regardless of how apparent the relationship may be,[3] and second, what the relevant "skill level" would be. *Id.* This second inquiry includes the knowledge that a person of ordinary skill in the art would have possessed at a given time, an essential element for a *prima facie* case of obviousness. *Alza Corp. v. Mylan Laboratories, Inc.*, 464 F.3d 1286, 1294

---

[2] It should be noted that it is possible to get a patent for a new use for an old structure. Indeed, this is exactly what Mr. Bowling did in 2001 when he obtained U.S. Patent No. 6,318,720 for a method of generating a random number using the structure claimed in the '197 Patent.

[3] There can be no serious dispute on this issue. Even Plaintiff's counsel, trying to argue that Hasbro should have been aware of the cited prior art at some earlier time, stated that Hasbro had presented "crystal" structures to Plaintiff's purported expert and questioned him about the structures as prior art. But those structures came from a ***<u>dice</u>*** reference, not a crystallographic or mineralogical one. *See* **Exhibit B** (excerpt of Pegg, *A Complete List of Fair Dice* (1997), from which the structure was drawn). Certainly Plaintiff's counsel is correct that crystal structures and dice go hand-in-glove and can even be impossible to differentiate, but the jury's determination must be based upon record evidence, not the analysis of counsel. An expert will be competent to testify based upon the available prior art, which explicitly teaches that dice may be formed by placing indicia on crystalline forms; consequently, crystal shapes form part of the "pool" from which dice shapes may be drawn. *See*, *e.g.*, Kornbluth, *Late Roman Gemstone Dice: Tools for Divination*, 100 American Journal of Archaeology 349 (1996) (**Exhibit C**).

(Fed. Cir. 2006). The legal conclusion that follows is whether the cited prior art would render the Plaintiff's invention obvious to one of ordinary skill in the relevant art. Critically, the standard is not whether the invention would be obvious to a reasonable juror, but to one of ordinary skill in the relevant art. Without testimony from an expert in dice design, the jury would just be flying blind on both underlying issues. Not permitting expert testimony would be tantamount to excluding the evidence altogether, potentially allowing recovery on an invalid patent. *See Slip Track Systems, Inc. v. Metal Lite, Inc.*, 159 F.3d 1337, 1340 (Fed. Cir. 1998) (finding trial court ruling that effectively precluded assertion of validity contentions an abuse of discretion).

**Content of the Expert Testimony**

Hasbro anticipates that its expert(s) will opine substantially as follows. The Beudant and de Bournon publications and the '487 Patent each anticipate the relevant claims because they reflect each and every limitation of claims 1-6 and 17-19 of the '197 Patent and, for the non-patent references, claim 7 as well. To one of conventional knowledge in the art of dice design, claims 1-20 of the '197 patent are obvious in light of any one of or all of the Beudant and de Bournon publications and the '487 Patent. The dice of the '197 Patent and of the '487 Patent and the crystals of the Beudant and Comte de Bournon publications are similarly shaped. All three are composed of a body having first and second, opposite end caps and an extension member therebetween. The extension member has a first number of discrete facets and no more than the first number, with each of the discrete facets being identically shaped and having equal surface areas. The first end cap has a second number of discrete facets and no more than the second number, with the first end cap discrete facets being identically shaped and having equal surface areas. The second number is one-half of the first number. The second end cap has a second number of discrete facets and no more than the second number, with the second end cap discrete facets being identically shaped as the first end cap discrete facets and having equal surface areas to those of the first end cap discrete facets. In addition, each of the discrete facets of the extension member has a surface area that is different from the surface area of each of the discrete facets of the first and second end caps. Arguably, the only difference between the die of the '197 Patent and the crystals of the Beudant and de Bournon publications is whether the

crystals are dice. But just as lashing a sharp rock to a stick produces a spear, placing indicia on these crystals produces dice, and that is precisely what Beudant and de Bournon did.

Crystallography and mineralogy are analogous arts to the art of dice design (*i.e.*, part of the scope and content of the prior art) and one of ordinary skill in that art would look to the crystallography and mineralogy arts, including the Beudant and de Bournon publications, as well as the other publications discussed in the Request for *Ex Parte* Reexamination submitted to the United States Patent and Trademark Office and in Hasbro's opening Memorandum of Law in support of this motion. One of ordinary skill in the art of dice design at the time the invention was made would have recognized that since the crystals of both the Beudant and de Bournon publications have indicia printed on each of the discrete facets, the crystals may each act as a die. It is well known and conventional to those of ordinary skill in the art of dice design that dice for use in generating a variety of randomized outcomes may be formed of polyhedral figures known initially, and primarily, in the crystallographic and mineralogical arts. In other words, it was well known and conventional at the time the invention was made to create dice from crystal shapes and place indicia on the various facets so that they may act as random number generators.

## Conclusion

For all of the foregoing reasons, the cited evidence is admissible, and expert testimony on the subject of validity and enforceability is warranted and appropriate.

Respectfully submitted,

Dated: September 28, 2007

HASBRO, INC.
By its Attorneys,

/s/ Jeffrey K. Techentin___________
Todd D. White (# 5943)
twhite@apslaw.com
Jeffrey K. Techentin (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200 / fax (401) 751-0604

Of Counsel:
David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

**CERTIFICATE OF SERVICE**

TO:

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas J. Leach, Esq.
Douglas J. Williams, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

David K. S. Cornwell, Esq.
Tracy-Gene G. Durkin, Esq.
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

I hereby certify that I filed the within Defendant Hasbro, Inc.'s Supplemental Memorandum of Law in Support of Its Motion in the Alternative to Reopen Expert Discovery through the ECF system on the 28th day of September, 2007, and that notice will be sent electronically to the above-named counsel who are registered participants identified on the Mailing Information for Case No. 05-229S.

/s/ Jeffrey K. Techentin__________

*429939_1*