IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING,<br>a Resident of Arizona,<br><br>Plaintiff,<br><br>v.<br><br>HASBRO, INC.,<br>a Rhode Island Corporation,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 05-229S |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS OBJECTION TO HASBRO'S ALTERNATIVE MOTION FOR LEAVE TO RE-OPEN EXPERT DISCOVERY AND ADD UNTIMELY INVALIDITY CONTENTIONS**

Hasbro's untimely invalidity contentions based on "recently discovered" information should be precluded. Rule 37 and First Circuit law mandate exclusion when, as here, Hasbro cannot justify its withholding of that information until just before trial. *See Presstek, Inc. v. Creo, Inc.*, No. 05-65, 2007 U.S. Dist. LEXIS 24170, at * 16 (D.N.H. March 30, 2007) (Ex. A.) At the hearing, Hasbro could not state when it first received this information, despite admitting that colleagues and documents could establish that date, and arguing that it was timely produced. After the hearing, Bowling's counsel again asked Hasbro to provide the date it first received this information in an attempt to determine if Hasbro's late disclosure was justified. Hasbro refused.[1]

Should the Court allow the new contentions, however, Hasbro does not need an expert to present them. Hasbro cites to no authority that expert testimony is required to prove obviousness. In fact, Federal Circuit law holds that expert testimony is unnecessary where, as here, the invention and prior art are easily understandable.

---

[1] This is not the only time Hasbro withheld information to gain a tactical advantage. Hasbro refused to respond to Bowling's first set of discovery requests until more than a month after they were due. Hasbro never requested an extension; it simply refused to respond. (Ex. B, C, D.)

If the Court allows this evidence, Bowling agrees that it would be admissible for purposes of anticipation, regardless of the level of skill and whether it is analogous art for purposes of obviousness. Hasbro does not argue that it needs an expert to explain this evidence for anticipation. While Hasbro would like an expert to tell the Court the level of skill in the art and that its mineral art is analogous, Federal Circuit law does not require such expert testimony.

**A. Federal Circuit Law Holds That Expert Testimony Is Unnecessary To Prove Obviousness Where, As Here, The Technology Is Easily Understandable.**

Hasbro's claim that denying expert testimony is tantamount to excluding the evidence is wrong. The Federal Circuit has expressly rejected the need for expert testimony as to the only two bases upon which Hasbro argues expert testimony is required: (1) to establish the level of skill in the art; and (2) to determine the scope and content of the prior art, i.e. whether mineralogy drawings are analogous art. Hasbro cites no authority that expert testimony is required to prove obviousness or to establish the underlying factual predicates. To the contrary, Federal Circuit law is clear that in cases such as this, where the technology is easily understandable, expert testimony is unnecessary. *Chore-Time Equip., Inc. v. Cumberland Corp.*, 713 F.2d 774, 779, n2. (Fed. Cir. 1983); *Union Carbide Corp. v. Am. Can Co.*, 724 F.2d 1567, 1573 (Fed. Cir. 1984).

In *Chore-Time Equip*., the Federal Circuit affirmed the trial court's holding that "an invention may be held to have been either obvious (or nonobvious) without a specific finding of a particular level of skill *or the reception of expert testimony on the level of skill* where, as here, *the prior art itself reflects an appropriate level*" because the invention and prior art were easily understandable. *Chore-Time Equip., Inc.*, 713 F.2d at 779, n2. (emphasis added). In *Union Carbide*, the Federal Circuit affirmed a district court's obviousness determination disregarding

expert testimony and basing its analogous art finding on the problems addressed by the inventor. *Union Carbide Corp.*, 724 F.2d at 1572. Several other cases have held similarly.[2]

This case is about game dice, which is easily understandable technology. The prior art Hasbro alleges it needs an expert for are simple drawings. Moreover, nothing prevents Hasbro, a game company, from presenting facts concerning the education of its dice designers or what they relied on as analogous art.

Despite claiming that the level of skill in the art is a "critical fact question[]," Hasbro's brief does not even identify what its purported expert will testify to on this point. Bowling wrote Hasbro requesting its expert's position on the level of ordinary skill in the art of dice design. (Ex. E.) Hasbro refused to provide that information presumably because Bowling might agree and remove its alleged "need" for an expert. Hasbro simply wants a paid expert to testify on the ultimate conclusion of obviousness—which is neither required nor evidence at all. *Nutrition 21 v. United States*, 930 F.2d 867, 871 n.2 (Fed. Cir. 1991). While Hasbro would *like* an expert to testify on this point—the law is clear that one is not required.

**B. If Expert Discovery Is Reopened, Bowling Will Retain An Additional Expert.**

Should the Court allow Hasbro an expert on obviousness, Bowling will need a few weeks to identify and retain an additional expert. As Hasbro bears the burden to prove invalidity, it should provide Bowling with its report first. Bowling requests at least 30 days from receipt of Hasbro's report to provide a responsive report. Last, Bowling requests that Hasbro pay for all costs and fees associated with any new and unnecessary expert discovery caused entirely by Hasbro's disregard for the Court's Scheduling Order and the Federal Rules.

---

[2] *See also Estate of Stoller v. Ford Motor Co.*, 784 F. Supp. 506, 514, 516 (N.D. Ill. 1992) (finding expert testimony unnecessary to determine scope and content of art where the technology was "readily understandable"); *Knorr-Bremse Sys. Fuer Nutzfahrzeuge GMBH v. Dana Corp.*, 133 F. Supp.2d 843, 860 (E.D.Va. 2001) (stating that when technology is relatively simple, expert testimony on the question of obviousness, including the factual predicates, may be unnecessary"); *Polaroid Corp. v. Eastman Kodak Co.*, 519 F. Supp. 381, 388 (D. Mass. 1981)(same).

Michael Bowling,
By His Attorneys,

Date: October 5, 2007

/s/ Thomas J. Leach

Thomas J. Leach, MN (*pro hac vice*)
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Phone: 612.332.5300
Fax: 612.332.9081

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

**CERTIFICATE OF SERVICE**

TO:

Todd D. White, Esq.
Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

David K. S. Cornwell, Esq.
Tracey-Gene G. Durkin, Esq.
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue N.W.
Washington, DC 20005

I hereby certify that the within Plaintiff's Supplemental Memorandum in Support of its Objection to Hasbro's Alternative Motion for Leave to Re-Open Expert Discovery and Add Untimely Invalidity Contentions was filed through the ECF system on the 5th day of October, 2007, and will be sent electronically to the above-named counsel who are registered participants identified on the Notice of Electronic Filing for Case No. 05-229S.

/s/ Thomas J. Leach__________