IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MICHAEL BOWLING, | : |
| Plaintiff, | : |
| v. | : C.A. No. 05-229S |
| HASBRO, INC., | : |
| Defendant. | : |

ORDER

WILLIAM E. SMITH, United States District Judge.

Before this Court is Defendant Hasbro, Inc.'s Motion to Reopen Discovery With Respect to Newly-Identified Invalidity Evidence. At oral argument on September 12, 2007, this Court denied Hasbro's Motion to Stay pending ex parte reexamination by the PTO of US Patent No. 5,938,197 (the "'197 Patent"), and sought further briefing on Hasbro's alternate motion to reopen discovery. After reviewing the supplemental briefs, and taking all arguments into consideration, for the reasons set forth below, Hasbro's Motion will be DENIED.[1]

The timing of the events leading up to Hasbro's Motion to Reopen Discovery is dispositive here. The Court notes that fact discovery in this case closed on April 20, 2006. During the discovery period, Bowling requested Hasbro to respond to the following interrogatory:

---

[1] Because this Court denies Hasbro's motion to reopen discovery in its entirety, it need not address the issue of whether expert testimony is necessary to prove patent invalidity based on prior art.

> Describe all facts and reasons for Hasbro's contention that the '197 patent is invalid or unenforceable . . . include a full description of all facts supporting the contention, [and] identification of any documents concerning the contention.

Hasbro's responses did not include reference to the prior art at issue here. Rather, on June 26, 2007, more than one year after the close of discovery, Hasbro supplemented its interrogatory responses to disclose newly discovered evidence of prior art in support of an invalidity argument not previously raised.[2] Approximately one month later, on July 20, 2007, Hasbro filed its motion to reopen discovery.

Despite the late disclosure of its prior art evidence, and its new theory of invalidity, Hasbro has never provided to this Court a persuasive argument as to why it did not disclose this evidence sooner. Instead, Hasbro waited until the proverbial eve of trial to spring its new theory and concomitant discovery responses upon Bowling and this Court. While the Court is somewhat sympathetic to Hasbro's argument as to the difficulty in trekking to foreign nations in pursuit of potentially relevant documents, the fact that its new quest began <u>after</u> the close of discovery and in the midst of summary judgment proceedings makes the argument less compelling.

This Court's inherent "[c]ase-management authority enables [it] to shepherd cases towards fair, yet efficient, resolution."

---

[2] Until Hasbro's introduction of prior art, its sole basis for alleging invalidity of the '197 Patent was a theory of prior use.

Rosario-Diaz v. Gonzalez, 140 F.3d 312, 316 (1st Cir. 1998). Hasbro argues that the discovery rules designed to "prevent Trial by ambush" are inapplicable here by virtue of 35 U.S.C. § 282. See Transclean Corp. v. Bridgewood Servs., Inc., 101 F. Supp. 2d 788, 798 (D. Minn. 2000). Section 282 provides that a party to patent litigation asserting invalidity must provide notice of the evidence upon which it relies "at least thirty days before trial." However, Section 282 does not grant a party the authority to deviate from the mandates of the Federal Rules of Procedure or from the Court's pretrial case management orders. The situation here is akin to that in Transclean, id., wherein the defendant sought to introduce evidence of prior art that was not disclosed during the relevant discovery period. There, as here, defendants failed to include such information in response to interrogatory requests, and attempted to introduce the information at trial through Section 282. Because of the defendant's failure to disclose evidence of prior art during the discovery period, however, the Transclean court forbid presentation of that evidence at trial. Id. at 798.

Hasbro's assertion that its recent amendment of its interrogatory responses to include reference to prior art cures its delinquency, and distinguishes this case from Transclean is unpersuasive. Simply put, Hasbro's amendment comes too late. As the Transclean court made clear, adherence to Rule 26(e)(2), which requires timely amendment to discovery disclosures, is necessary

3

for litigation to function efficiently. 101 F. Supp. 2d at 797. "[P]arties must provide clear and accurate responses to discovery requests. Parties are entitled to accept previous interrogatories as true, and to refrain from seeking additional discovery directed to the same issue." Id. (internal quotations and citation omitted). Here, Hasbro's supplemental evidence does not simply bolster an argument previously put forward or supplement evidence already provided. Instead, the prior art would be used to advance an entirely new theory of invalidity, one to which Bowling was entitled to know about early in the case, not on the eve of trial.

Opening the doors of discovery to new theories and new evidence at this late stage of the proceedings would unfairly prejudice and harm Bowling, and this Court is well within its discretion to preclude this type of last minute ambush. "[T]he required sanction in the ordinary case [for a late disclosure in violation of Rule 37] is mandatory preclusion." Presstek, Inc. v. Creo, Inc., No. 05-cv-65-PB, 2007 WL 983820, at *6 (D.N.H. March 30, 2007) (quoting Lohnes v. Level 3 Commc'ns, Inc., 272 F.3d 49, 60 (1st Cir. 2002). Furthermore, "[s]upplemental discovery material that is provided much too close to trial may be excluded." Zoltek Corp. v. United States, 71 Fed. Cl. 160, 166 (2006). At this point in the proceedings, discovery has long been closed, the summary judgment stage has passed, and trial is just around the corner. Because this Court finds that late disclosure is neither

4

harmless nor justified, Hasbro's Motion is DENIED and the prior art evidence shall be excluded.


IT IS SO ORDERED:

_____
William E. Smith
United States District Judge
Date: 11/2/07