| **Office Action Summary** | Application No. **09/669,712** | Applicant(s) **BOWLING** |
|---|---|---|
| | Examiner **M. Chambers** | Group Art Unit **3711** |

[X] Responsive to communication(s) filed on *Sep 26, 2000*

[ ] This action is **FINAL.**

[ ] Since this application is in condition for allowance except for formal matters, **prosecution as to the merits is closed** in accordance with the practice under *Ex parte Quayle* 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire *3* month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claim**

[X] Claim(s) *21-31* is/are pending in the applicat

Of the above, claim(s) *26-31* is/are withdrawn from consideration

[ ] Claim(s) ______ is/are allowed.

[X] Claim(s) *21-25* is/are rejected.

[ ] Claim(s) ______ is/are objected to.

[ ] Claims ______ are subject to restriction or election requirement.

**Application Papers**

[ ] See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

[ ] The drawing(s) filed on ______ is/are objected to by the Examiner.

[ ] The proposed drawing correction, filed on ______ is [ ] approved [ ] disapproved.

[ ] The specification is objected to by the Examiner.

[ ] The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

[ ] Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

[ ] All [ ] Some* [ ] None of the CERTIFIED copies of the priority documents have been

[ ] received.

[ ] received in Application No. (Series Code/Serial Number) ______.

[ ] received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

*Certified copies not received: ______

[ ] Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

[X] Notice of References Cited, PTO-892

[ ] Information Disclosure Statement(s), PTO-1449, Paper No(s). ______

[ ] Interview Summary, PTO-413

[ ] Notice of Draftsperson's Patent Drawing Review, PTO-948

[ ] Notice of Informal Patent Application, PTO-152

*--- SEE OFFICE ACTION ON THE FOLLOWING PAGES ---*

This Office Action is a response to the Application filed on:

| Number | Name | Date | Claims | Independent Claims |
|---|---|---|---|---|
| 09669712 | Bowling | 9/26/00 | 11 | 2 |

***DETAILED ACTION***

Group I: Claims 21-25 are directed towards a method of use.
Group II: Claims 18-24 are directed towards the apparatus.

Inventions I and II are related as product and process of use. The inventions can be shown to be distinct if either or both of the following can be shown: (1) the process for using the product as claimed can be practiced with another materially different product or (2) the product as claimed can be used in a materially different process of using that product (MPEP § 806.05(h)). In the instant case the method proposed could be used without the apparatus. For example a 10 sided die would use the method disclosed. This is different from the apparatus disclosed.

Because these inventions are distinct for the reasons given above and the search required for Group I is not required for Group II, restriction for examination purposes as indicated is proper.

1. Applicant is advised that the reply to this requirement to be complete must include an election of the invention to be examined even though the requirement be traversed (37 CFR 1.143).

A telephone conversation was made to J. Daulton on 11/30/00. Group I was selected without traverse. Claims 26-31 are withdrawn from further consideration by the examiner, 37 CFR 1.142(b), as being drawn to a non-elected invention.

***Drawings***

2. This application has been filed with informal drawings which are acceptable for examination purposes only. Formal drawings will be required when the application is allowed.

***Specification***

***Claim Rejections - 35 USC § 102***

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless --
> (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

3. Claims 21-25 are rejected under 35 U.S.C. 102(b) as being **anticipated** by or, in the alternative, under 35 U.S.C. 103(a) as obvious over **Polite**. **The Polite** device would utilize a

similar method of use. **Polite** discloses (fig 2) a die having a first and second end caps with a body therebetween; an extension member having a first number of discrete facets being identically shaped and having equal surface areas (10) and where the second number of end caps is ½ of the first (5). It would have been obvious to one of ordinary skill in the art to have modified the apparatus to have included a variety of different number of sides. The number of sides and ends is not critical to the apparatus.

As to claim 22: See base claim rejection. The method of use would have been the same.

As to claim 23: Polite discloses triangle-shaped facets (fig 1). The method of use would have been the same.
As to claim 24: Polite discloses a first number of 10 and a second number of 5 (fig 1). The method of use would have been the same.
As to claim 25: The Polite discloses a die (fig 1). It would have been obvious to one of ordinary skill in the art at the time of the invention to have used the Polite device in a game as it is a die.

***Double Patenting***

The nonstatutory double patenting rejection is based on a judicially created doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the unjustified or improper timewise extension of the "right to exclude" granted by a patent and to prevent possible harassment by multiple assignees. See *In re Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed. Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA 1970);and, *In re Thorington*, 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) may be used to overcome an actual or provisional rejection based on a nonstatutory double patenting ground provided the conflicting application or patent is shown to be commonly owned with this application. See 37 CFR 1.130(b).

Effective January 1, 1994, a registered attorney or agent of record may sign a terminal disclaimer. A terminal disclaimer signed by the assignee must fully comply with 37 CFR 3.73(b).

4. Claims 21-25 are rejected under the judicially created doctrine of obviousness-type double patenting as being unpatentable over claims 18-20 of U.S. Patent No. 6,123,332. Although the conflicting claims are not identical, they are not patentably distinct from each other because the method claimed in the instant invention is a obvious variation of the method claimed in the patent.

## *Conclusion*

The prior art made of record and relied upon.

| Patent Number | Date | Patent Name | Notes |
|---|---|---|---|
| d267569 | 1/11/83 | Polite | |
| 6123332 | 9/26/2000 | Bowling | |

The prior art made of record and not relied upon is considered pertinent to applicant's disclosure.

| Patent Number | Date | Patent Name | Notes |
|---|---|---|---|
| | | | |
| | | | |

***NOTE:***

***1) If Applicant believes they have not received all of the cited references noted in this office action, they should <u>call</u> the examiner listed below within one (1) week of receiving this notice in order to obtain duplicate material and reset the time frame of this office action. If the applicant fails to request additional materials in a timely manner, the requested materials will be resent, but the applicant will have to obtain a time extension in the normal fashion.***

Any inquiry concerning this communication or earlier communications from the examiner should be directed to **Michael Chambers** whose telephone number is **(703) 306-5516**. The examiner can normally be reached on Mon.-Fri. from 8:30 to 5:00.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Jeanette E. Chapman, can be reached on (703) 308-1310. The fax phone number for the organization where this application or proceeding is assigned is (703) 308-7768.

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the receptionist whose telephone number is (703) 308-1078.

### *Faxing of Responses to Office Actions*

In order to reduce pendency and avoid potential delays, TC3700 is encouraging FAXing of responses to Office Actions directly into the group at (703) 305-3579. This practice may be used for filing papers not requiring a fee. It may also be used for filing papers which require a fee by applicants who authorize charges to a PTO deposit account. Please identify the examiner, art unit and case number at the top of your cover sheet. Papers submitted via FAX into TC3700 will be promptly forwarded to the examiner.

JEANETTE CHAPMAN
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 3700

# ***ATTACHMENT TO AND MODIFICATION OF NOTICE OF ALLOWABILITY (PTO-37)***

***(November, 2000)***

**NO EXTENSIONS OF TIME ARE PERMITTED TO FILE CORRECTED OR FORMAL DRAWINGS, OR A SUBSTITUTE OATH OR DECLARATION**, notwithstanding any indication to the contrary in the attached Notice of Allowability (PTO-37).

If the following language appears on the attached Notice of Allowability, the portion lined through below is of no force and effect and is to be ignored[1].

A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE **THREE MONTHS** FROM THE "DATE MAILED" of this Office action. Failure to comply will result in ABANDONMENT of this application. ~~Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).~~

Similar language appearing in any attachments to the Notice of Allowability, such as in an Examiner's Amendment/Comment or in a Notice of Draftperson's Patent Drawing Review, PTO-948, is also to be ignored.

[1] The language which is crossed out is contrary to amended 37 CFR 1.85(c) and 1.136. See "*Changes to Implement the Patent Business Goals*", 65 *Fed. Reg.* 54603, 54629, 54641, 54670, 54674 (September 8, 2000), 1238 *Off. Gaz. Pat. Office* 77, 99, 110, 135, 139 (September 19, 2000).

# NOTICE OF REFERENCES CITED

| Application No. | Applicant(s) | | |
|---|---|---|---|
| 09/669712 | Bowling | | |
| Examiner | Group Art Unit | Page 1 of 1 | |
| M.Chambers | 3711 | Part of Paper _3_ | |

U.S. PATENT DOCUMENTS

| | Document No. | Date | Name | Class | Subclass |
|---|---|---|---|---|---|
| A | D267569 | 01/11/83 | Polite | d21 | 373 |
| B | 6,123,332 | 09/26/00 | Bowling | 273 | 138.1 |
| C | | | | | |
| D | | | | | |
| E | | | | | |
| F | | | | | |
| G | | | | | |
| H | | | | | |
| I | | | | | |
| J | | | | | |
| K | | | | | |
| L | | | | | |
| M | | | | | |
| N | | | | | |
| O | | | | | |

FOREIGN PATENT DOCUMENTS

| | Document No. | Date | Country | Name | Class | Subclass |
|---|---|---|---|---|---|---|
| P | | | | | | |
| Q | | | | | | |
| R | | | | | | |
| S | | | | | | |
| T | | | | | | |
| U | | | | | | |
| V | | | | | | |

NON-PATENT DOCUMENTS

| | DOCUMENT (Including Author, Title, Source, and Pertinent Pages) | Date |
|---|---|---|
| W | | |
| X | | |
| Y | | |