UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RECEIVED
ADLER POLLOCK ... P.C.
One Citizens ...
Provide...
JAN 20 2006

1/19/06

MICHAEL BOWLING,
a Resident of Arizona,

Plaintiff,

v.

HASBRO, INC.,
a Rhode Island Corporation,

Defendant.

C.A. No. 05-229S

**PLAINTIFF'S RESPONSE TO HASBRO, INC.'S SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Rules of Civil Procedure, Plaintiff Michael Bowling ("Bowling") responds to Defendant Hasbro, Inc.'s ("Defendant") Second Set of Requests for The Production of Documents to Michael Bowling ("Defendant's Document Requests") as follows:

## GENERAL OBJECTIONS

1. Plaintiff objects to each request to the extent it seeks information or documents protected by privilege, including, but not limited to, the attorney-client privilege and/or the work-product doctrine, and Plaintiff and its counsel hereby assert such privileges and immunities. In particular, without limiting the generality of the foregoing, the following documents created pursuant to this action, which documents have not been shown to third parties, are withheld from production: letters, memoranda, and other writings transmitted by or between Plaintiff and its counsel and any writing prepared and maintained internally by any of Plaintiff's counsel.

2. Plaintiff objects to each and every request to the extent that it purports, through definitions or otherwise, to impose burdensome duties on Plaintiff that exceed the scope of

objections, any specific objections stated in the following responses, or Plaintiff's right to object to any additional, supplemental or further discovery requests of Defendant.

## RESPONSES

**Request No. 1**

All documents that evidence, concern, or relate to the design of any dice invented, designed, created, manufactured, or sold by Bowling, including without limitation sketches, drawings, CAD files (*e.g.*, ".dwg" files), textual descriptions, patent applications, draft patent applications, copyright registrations, correspondence concerning the invention, design, creation, manufacture, and sale.

**Response to Request No. 1**

Plaintiff objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work-product doctrine. Plaintiff further objects to this request as overly broad and unduly burdensome in that it requests "all documents that evidence, concern, or relate to" Bowling's design of "any" dice invented and/or sold. Plaintiff objects to this request to the extent it seeks documents that are irrelevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, responsive documents have previously been produced.

**Request No. 2**

One sample of every die made by Bowling that Bowling contends to be patented under the '197 patent.

**Response to Request No. 2**

Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine. Plaintiff objects to this request to the extent it seeks