Jc549 U.S. PTO
09/344842
06/28/99

| ISSUE CLASSIFICATION | |
|---|---|
| Class | Subclass |
| 273 | 138.1 |

[redacted]

PATENT NUMBER
6123332

# U.S. UTILITY PATENT APPLICATION

| O.I.P.E. | PATENT DATE |
|---|---|
| a.j. SCANNED OCD Q.A. KL | SEP 26 2000 |

| SECTOR | CLASS | SUBCLASS | ART UNIT | EXAMINER |
|---|---|---|---|---|
| | 273 | 138.1 | 3711 | |

FILED WITH: ☐ DISK (CRF) ☐ FICHE
(Attached in pocket on right inside flap)

## PREPARED AND APPROVED FOR ISSUE

## ISSUING CLASSIFICATION

| ORIGINAL | | CROSS REFERENCE(S) | | | | | | |
|---|---|---|---|---|---|---|---|---|
| CLASS | SUBCLASS | CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) | | | | | |
| 273 | 138.1 | 273 | 146 | | | | | |
| INTERNATIONAL CLASSIFICATION | | | | | | | | |
| A63B | 71/00 | | | | | | | |
| A63F | 1/00 | | | | | | | |
| | / | | | | | | | |
| | / | | | | | | | |
| | / | | | | | | | |

☐ Continued on Issue Slip Inside File Jacket

8-11-00 Formal Drawings (3 shts) set 1 6-28-99

| ☑ TERMINAL DISCLAIMER | DRAWINGS | | | CLAIMS ALLOWED | |
|---|---|---|---|---|---|
| | Sheets Drwg. | Figs. Drwg. | Print Fig. | Total Claims | Print Claim for O.G. |
| | 3 | 13 | 6,7,8 | 20 | 1 |

☐ a) The term of this patent subsequent to ____________ (date) has been disclaimed.

M. Chambers 5/4/00
(Assistant Examiner) (Date)

**NOTICE OF ALLOWANCE MAILED**
5/8/00

☑ b) The term of this patent shall not extend beyond the expiration date of U.S Patent. No. 5,938,197.

Steven Wong
Primary Examiner
(Primary Examiner) 5/8/00 (Date)

**ISSUE FEE**

| Amount Due | Date Paid |
|---|---|
| 605 | 8/1/00 |

☐ c) The terminal ____months of this patent have been disclaimed.

Burnell Ross 5/10/00
(Legal Instruments Examiner) (Date)

**ISSUE BATCH NUMBER**
M25

**WARNING:**
The information disclosed herein may be restricted. Unauthorized disclosure may be prohibited by the United States Code Title 35, Sections 122, 181 and 368. Possession outside the U.S. Patent & Trademark Office is restricted to authorized employees and contractors only.

Form PTO-436A
(Rev. 6/98)

shts)set____

Form

Issue Fee

(LABEL AREA)

(FACE)

PATENT APPLICATION

09344842

jc549 U.S. PTO 09/344842 06/28/99

JUL 13 99 16 INITIALS

# CONTENTS

| No. | Contents | Date received (Incl. C. of M.) or Date Mailed |
|---|---|---|
| 1. | Application 3 papers. | |
| 2. | Pre Amdt A | 6/28/99 A.W. |
| 3. | IDS | 6/28/99 A.W. |
| 4. | 1-13 4N Rejection (3 mo) | 01-20-00 |
| 5. | Pre B | 6.28.99 |
| 6. | Change of Address | 4.24.00 |
| 7. | Amdt. C & Copy of IDS | 4.24.00 conf'm 4.20 |
| 8. | Terminal Disclaimer | 4/24/00 |
| 9. | 58 Notice allow. | 5 8 00 |
| 10. | | |
| 11. | | |
| 12. | | |
| 13. | | |
| 14. | | |
| 15. | | |
| 16. | | |
| 17. | | |
| 18. | | |
| 19. | | |
| 20. | | |
| 21. | | |
| 22. | | |
| 23. | | |
| 24. | | |
| 25. | | |
| 26. | | |
| 27. | | |
| 28. | | |
| 29. | | |
| 30. | | |
| 31. | | |
| 32. | | |
| 33. | | |
| 34. | | |
| 35. | | |
| 36. | | |
| 37. | | |
| 38. | | |
| 39. | | |
| 40. | | |
| 41. | | |
| 42. | | |
| 43. | | |
| 44. | | |
| 45. | | |
| 46. | | |
| 47. | | |
| 48. | | |
| 49. | | |
| 50. | | |
| 51. | | |
| 52. | | |
| 53. | | |
| 54. | | |
| 55. | | |
| 56. | | |
| 57. | | |
| 58. | | |
| 59. | | |
| 60. | | |
| 61. | | |
| 62. | | |
| 63. | | |
| 64. | | |
| 65. | | |
| 66. | | |
| 67. | | |
| 68. | | |
| 69. | | |
| 70. | | |
| 71. | | |
| 72. | | |
| 73. | | |
| 74. | | |
| 75. | | |
| 76. | | |
| 77. | | |
| 78. | | |
| 79. | | |
| 80. | | |
| 81. | | |
| 82. | | |

(LEFT OUTSIDE)

ISSUE SLIP STAPLE AREA (for additional cross references)

| POSITION | INITIALS | ID NO. | DATE |
|---|---|---|---|
| FEE DETERMINATION | AT | | 7-8-99 |
| O.I.P.E. CLASSIFIER | | 59 | 7/13 |
| FORMALITY REVIEW | [illegible] | 71531 | 7-22-99 |

# INDEX OF CLAIMS

| | | | |
|---|---|---|---|
| ✔ ........ Rejected | | N ........ Non-elected | |
| = ........ Allowed | | I ........ Interference | |
| — (Through numeral)... Canceled | | A ........ Appeal | |
| ÷ ........ Restricted | | O ........ Objected | |

| Claim Final | Claim Original | Date 5/20/00 | Date 5/4/08 |
|---|---|---|---|
| | (1) | | |
| | ~~2~~ | | |
| | ~~3~~ | | |
| | ~~4~~ | | |
| | ~~5~~ | | |
| | ~~6~~ | | |
| | ~~7~~ | | |
| | ~~8~~ | | |
| | ~~9~~ | | |
| | ~~10~~ | | |
| | ~~11~~ | | |
| | ~~12~~ | | |
| | ~~13~~ | | |
| | ~~14~~ | | |
| | ~~15~~ | | |
| | ~~16~~ | | |
| | ~~(17)~~ | | |
| | ~~18~~ | | |
| | ~~19~~ | | |
| | ~~20~~ | | |
| 1 | (21) | ✔ | = |
| 2 | 22 | ✔ | = |
| 3 | 23 | ✔ | = |
| 4 | 24 | ✔ | = |
| 5 | 25 | ✔ | = |
| 6 | 26 | ✔ | = |
| 7 | 27 | ✔ | = |
| 8 | 28 | ✔ | = |
| 9 | 29 | ✔ | = |
| 10 | 30 | ✔ | = |
| 11 | (31) | ✔ | = |
| 12 | 32 | ✔ | = |
| 13 | 33 | ✔ | = |
| 14 | 34 | ✔ | = |
| 15 | 35 | ✔ | = |
| 16 | 36 | ✔ | = |
| 17 | 37 | ✔ | = |
| 18 | (38) | ✔ | = |
| 19 | 39 | ✔ | = |
| 20 | 40 | ✔ | = |
| | 41 | | |
| | 42 | | |
| | 43 | | |
| | 44 | | |
| | 45 | | |
| | 46 | | |
| | 47 | | |
| | 48 | | |
| | 49 | | |
| | 50 | | |

| Claim Final | Claim Original | Date |
|---|---|---|
| | 51 | |
| | 52 | |
| | 53 | |
| | 54 | |
| | 55 | |
| | 56 | |
| | 57 | |
| | 58 | |
| | 59 | |
| | 60 | |
| | 61 | |
| | 62 | |
| | 63 | |
| | 64 | |
| | 65 | |
| | 66 | |
| | 67 | |
| | 68 | |
| | 69 | |
| | 70 | |
| | 71 | |
| | 72 | |
| | 73 | |
| | 74 | |
| | 75 | |
| | 76 | |
| | 77 | |
| | 78 | |
| | 79 | |
| | 80 | |
| | 81 | |
| | 82 | |
| | 83 | |
| | 84 | |
| | 85 | |
| | 86 | |
| | 87 | |
| | 88 | |
| | 89 | |
| | 90 | |
| | 91 | |
| | 92 | |
| | 93 | |
| | 94 | |
| | 95 | |
| | 96 | |
| | 97 | |
| | 98 | |
| | 99 | |
| | 100 | |

| Claim Final | Claim Original | Date |
|---|---|---|
| | 101 | |
| | 102 | |
| | 103 | |
| | 104 | |
| | 105 | |
| | 106 | |
| | 107 | |
| | 108 | |
| | 109 | |
| | 110 | |
| | 111 | |
| | 112 | |
| | 113 | |
| | 114 | |
| | 115 | |
| | 116 | |
| | 117 | |
| | 118 | |
| | 119 | |
| | 120 | |
| | 121 | |
| | 122 | |
| | 123 | |
| | 124 | |
| | 125 | |
| | 126 | |
| | 127 | |
| | 128 | |
| | 129 | |
| | 130 | |
| | 131 | |
| | 132 | |
| | 133 | |
| | 134 | |
| | 135 | |
| | 136 | |
| | 137 | |
| | 138 | |
| | 139 | |
| | 140 | |
| | 141 | |
| | 142 | |
| | 143 | |
| | 144 | |
| | 145 | |
| | 146 | |
| | 147 | |
| | 148 | |
| | 149 | |
| | 150 | |

If more than 150 claims or 10 actions staple additional sheet here

(LEFT INSIDE)

[redacted]

# SEARCHED

| Class | Sub. | Date | Exmr. |
|---|---|---|---|
| 273 | 138.1<br>143A<br>146 | 1/10/99 | MSC |
| 273 | 138.1<br>143A<br>146<br>updated | 5/4/00 | MSC |

## INTERFERENCE SEARCHED

| Class | Sub. | Date | Exmr. |
|---|---|---|---|
| 273 | 138.1<br>143A<br>146 | 5/4/00 | MSC |

# SEARCH NOTES
(INCLUDING SEARCH STRATEGY)

| | Date | Exmr. |
|---|---|---|
| None | 1/10/99 | MSC |

| SERIAL NUMBER | FILING DATE | CLASS | GROUP ART UNIT | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 09/344,842 | 06/28/99 | 273 | 3711 | 12206.1USC1 |

APPLICANT

MICHAEL A. BOWLING, TUCSON, AZ.

**CONTINUING DOMESTIC DATA*********************
VERIFIED THIS APPLN IS A CON OF 09/003,246 01/06/98

**371 (NAT'L STAGE) DATA*********************
VERIFIED

**FOREIGN APPLICATIONS************
VERIFIED

IF REQUIRED, FOREIGN FILING LICENSE GRANTED 07/22/99 ** SMALL ENTITY **

| Foreign Priority claimed / 35 USC 119 (a-d) conditions met / Verified and Acknowledged | STATE OR COUNTRY | SHEETS DRAWING | TOTAL CLAIMS | INDEPENDENT CLAIMS |
|---|---|---|---|---|
| ☐yes ☑no / ☐yes ☑no ☐Met after Allowance / Examiner's Initials, Initials | AZ | 3 | 20 | 3 |

#6

ADDRESS

JULIE R DAULTON
MERCHANT & GOULD P C
~~3100 NORWEST CENTER~~ P.O. Box 2903
~~90 SOUTH SEVENTH STREET~~
MINNEAPOLIS MN 55402-0903

TITLE

RANDOM NUMBER GENERATOR FOR GAME PLAYING; AND METHODS

| FILING FEE RECEIVED | | |
|---|---|---|
| $380 | FEES: Authority has been given in Paper No. ________ to charge/credit DEPOSIT ACCOUNT NO. ______________ for the following: | ☐ All Fees<br>☐ 1.16 Fees (Filing)<br>☐ 1.17 Fees (Processing Ext. of time)<br>☐ 1.18 Fees (Issue)<br>☐ Other ____________<br>☐ Credit |

8/13/99
A.W.

PATENT APPLICATION SERIAL NO. ______________________

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
FEE RECORD SHEET

07/09/1999 [illegible] 00000005 09344042
01 FC:201 [illegible].00 OP

PTO-1556
(5/87)

*U.S. GPO: 1998-433-214/80404

## Abstract of the Disclosure

A die construction includes a body having first and second, opposite end caps and an extension member therebetween. The extension member has a first number of discrete facets and no more than the first number. Each of the discrete facets is identically shaped and have equal surface areas. The first end cap has a second number of discrete facets and no more than the second number. The second number is one-half of the first number. Each of the first end cap discrete facets is identically shaped and has an equal surface area to one another. The second end cap has the second number of discrete facets, that is, the same number as the first end cap, and has no more than the second number. Each of the second end cap discrete facets is identically shaped as the first end cap discrete facets. Each of the second end cap discrete facets has a surface area equal to a surface area of each of the first end cap discrete facets.


CERTIFICATE UNDER 37 CFR 1.10:
"Express Mail" mailing label number:
Date of Deposit:

I hereby certify that this correspondence is being deposited with the United States Postal Service "Express Mail Post Office to Addressee" service under 37 CFR 1.10 on the date indicated above and is addressed to Assistant Commissioner for Patents, Washington, D.C. 20231.

By: ______
Name:

M&G: 12206.1-US-01

INS. A1

RANDOM NUMBER GENERATOR FOR GAME PLAYING; AND METHODS

## Field of the Invention

The present invention relates to devices for game playing. More particularly, the present invention relates to a random number generator for game playing. Specifically, the present invention relates to a die construction.

## Background of the Invention

There are numerous devices of different types that are useful for selecting at random a number, letter, or other character. Many of these are in the form of a die.

The traditional playing die is a cube-shaped, six-sided member. Through the years, dice of more than six sides have been developed, as the demand in various games of chance have necessitated. In U.S. Patent 1,271,551 to Ebner, et al., a game die is disclosed in the form of an octagonal, rolling cylinder. U.S. Patent No. 5,150,900 to Onzo discloses a heptahedron-shaped rolling cylinder for generating a random number.

Improvements are desirable.

09/484,025

## Summary of the Invention

The present invention is directed to a die construction that substantially obviates one or more of the problems due to the limitations and disadvantages of the prior art.

To achieve the advantages of the invention, and in accordance with the purposes of the invention, as embodied and broadly described herein, the invention comprises a die construction. The die construction includes a body having first and second, opposite end caps and an extension member therebetween. The extension member has a first number of discrete facets and no more than the first number. Each of the discrete facets is identically shaped and have equal surface areas. The first end cap has a second number of discrete facets and no more than the second number. The second number is one-half of the first number. Each of the first end cap discrete facets is identically

shaped and has an equal surface area to one another. The second end cap has the second number of discrete facets, that is, the same number as the first end cap, and has no more than the second number. Each of the second end cap discrete facets is identically shaped as the first end cap discrete facets. Each of the second end cap discrete facets has a surface area equal to a surface area of each of the first end cap discrete facets.

Preferably, each of the extension member discrete facets includes printed indicia thereon. For example, this may take the form of a numbers or other markings, such as polka dots. The printed indicia indicate what number has been randomly generated.

In preferred arrangements, each of the extension member discrete facets is tapered. More preferably, each of the extension member discrete facets is triangular-shaped.

In certain preferred embodiments, each of the first and second end cap discrete facets is tapered. More preferably, each of the first and second end cap discrete facets is triangular-shaped.

In one preferred embodiment, the number of facets of the extension member is six. In such arrangements, the second number, that is, the number of discrete facets on the first end cap, is three. Three is also the number of discrete facets on the second end cap.

In other preferred arrangements, the number of facets of the extension member is 10, while the number of facets of each of the end caps is five.

In still other arrangements, the number of discrete facets of the extension member is 20, while the number of discrete facets for each of the end caps is 10.

Preferably, a ratio of a surface area of each of the extension member facets to a surface area of each of the first end cap discrete facets is about 2-3:1.

In preferred arrangements, the number of facets of the first end cap is equal to one-fourth of the total number of facets on the entire die construction. That is, the number of facets of the first end cap may be determined by totaling the number of facets of the first end cap, plus the number of facets of the second end cap, plus the number of facets of the extension member and then dividing that total by four. In such arrangements, the first and second end caps have an equal number of facets.



09374672.052802

It is to be understood that both the foregoing general description and the following detailed description are exemplary and explanatory only and are not restrictive of the invention, as claimed. The accompanying drawings, which are incorporated in and constitute a part of this specification, illustrate example embodiments of the invention and together with the description, serve to explain the principles of the invention.

## Brief Description of the Drawings

FIG. 1 is a top plan view of a first embodiment of a die, embodying the present invention;

FIG. 2 is an end view of the die of FIG. 1, embodying the present invention;

FIG. 3 is an end view opposite of the FIG. 2 end view, embodying the present invention;

FIG. 4 is a perspective view of the FIG. 1 embodiment, embodying the present invention;

FIG. 5 is a side elevational view of the die of FIG. 1, embodying the present invention;

FIG. 6 is a perspective view of a second embodiment of a die construction, embodying the present invention;

FIG. 7 is an end view of the die of FIG. 6, embodying the present invention;

FIG. 8 is a side elevational view of the die of FIG. 6, embodying the present invention;

FIG. 9 is a side elevational view of the die construction of FIG. 6, embodying the present invention;

FIG. 10 is a perspective view of a third embodiment of a die construction, embodying the present invention;

FIG. 11 is an end view of the die construction depicted in FIG. 10, embodying the present invention;

FIG. 12 is a side elevational view of the die construction depicted in FIG. 10, embodying the present invention; and

FIG. 13 is a side elevational view, similar to that depicted in FIG. 12, but rotated, embodying the present invention.

**Detailed Description of the Preferred Embodiments**

Reference will now be made in detail to the present preferred embodiments of the invention, examples of which are illustrated in the accompanying drawings.

In accordance with the invention, the invention is directed to a die construction. As embodied herein, a first embodiment of a die construction is shown generally in FIGS. 1-5 at 20. Die 20 includes a body construction 22 with a pair of opposite end members or end caps 24, 26. In extension between first and second end caps 24, 26 is a display member or extension member 28.

Extension member 28 functions to display indicia such as polka dots, or numbers or digits 30. The indicia 30 displayed is indicative of the number generated after rolling die construction 20.

The extension member 28 includes a plurality of discrete facets 32. Preferably, each of the discrete facets 32 are identically shaped and have equal surface areas to each other. That is, each of facets 32 has a surface area which is equal to and no greater and no less than the surface area of any other of the facets 32. Each of facets 32 is angled relative to an adjacent facet 32 to define corner or edge surfaces 34. Each of facets 32 is angled relative to its adjacent facet 32 at an equal angle as every other angle between facets 32. In this particular embodiment, there are six facets 32 and no more than six facets. That is, in the embodiment illustrated in FIGS. 1-5, extension member 28 consists essentially of six facets 32. The angle between adjacent facets 32 is, therefore, 60°. That is, the angle between each adjacent facet 32 is equal to 360° divided by the total number of facets in the extension member 28. Because there are a total number of six facets 32 in extension member 28, the angle between each adjacent facet 32 is 360° divided by six, which is 60°.

Preferably, each of the extension member facets 32 is configured and arranged to display clear, readable indicia. In particular, the shape of each of facets 32 is advantageous over existing die constructions in that facets 32 allow for the display of a

larger, more legible number or indicia 30. While a variety of working embodiments are contemplated, in the illustrated embodiment, facets 32 have a tapered shape and configuration. That is, facets 32 are not rectangular. Preferably, facets 32 are triangular-shaped. That is, facets 32 have no more than three sides, each side being a straight edge. In other words, facets 32 are defined by, and bordered by, an outer periphery, which consists essentially of three straight sides. This provides for a trianglular-shaped facet 32.

In reference now to FIG. 2, the first end cap 24 is illustrated. The first end cap 24 includes a plurality of discrete facets 36. In particular, first end cap 24 includes one-half of the number of facets of the extension member 28. In the illustrated embodiment, the extension member 28 has six facets 32. Therefore, the first end cap has three discrete facets, and no more than three facets 36. In other words, first end cap 24 consists essentially of three facets 36. Stated another way, the ratio of the number of facets of the extension member to the number of facets of the first end cap is 2:1.

Each of the first end cap facets 36 is identically shaped to every other facet 36 of the first end cap. Further, each of the first end cap facets 36 has a surface area equal to the surface area of every other facet 36 of the first end cap 24.

Each of the first end cap facets 36 is angled relative to an adjacent end cap facet 36 to define corner or edge surfaces 38 therebetween. In the particular embodiment illustrated, each of facets 36 is angled relative to its adjacent facet 36 by an angle of 120°. That is, the angle between adjacent facets 36 is equal to 360° divided by the number of facets, in this case, three. Further, the angle between adjacent facets 36 of the first end cap 24 is equal to two times or twice the angle between adjacent facets 32 of the extension member 28. Stated another way, the ratio of the angle between adjacent facets 32 in the extension member to the angle between adjacent facets 36 in the first end cap 24 is 1:2.

Each of the first end cap facets 36 is non-rectangular and non-circular. Specifically, each of the first end cap facets 36 is tapered. In the particular embodiment illustrated, each of the first end cap facets 36 is triangular-shaped. That is, each of the first end cap facets is defined by, or bordered by, a periphery of three connected straight

(

edges. In this way, the first end cap facets 36 are defined by a triangular border, consisting essentially of three straight edges.

In reference now to FIG. 3, the second end cap 26 is illustrated. Second end cap 26 is shaped identically to the first end cap 24. That is, second end cap 26 includes three discrete facets 40, identically shaped to each other, and identically shaped as first end cap facets 36. As with the first end cap 24, the second end cap 26 has the three facets 40, and has no more than the three facets 40. Also as with the first end cap 24, the second end cap 26 includes half of the number of facets as the number of facets 32 of the extension member 28, i.e., the ratio of facets of the extension member 28 to facets of the second end cap 26 is 2:1.

Second end cap facets 40 are angled relative to adjacent facets 40 to define corners or edges 42 therebetween. As with the first end cap 24, the second end cap 26 is arranged such that the angle between adjacent facets 40 is equal to 360° divided by the number of facets (three, in the illustrated example). Therefore, second end cap facets 40 define an angle of 120° with the adjacent second end cap facet 40.

As mentioned above, second end cap facets 40 are identical in shape and appearance to first end cap facets 36, in the illustrated embodiment. As such, second end cap facets 40 are tapered. In particular, second end cap facets 40 are triangular-shaped, preferably having three non-curved, straight sides.

Referring again to FIG. 1, it can be seen that first end cap facets 36 are out of phase with second end cap facets 40. That is, the first end cap facets 36 are oriented relative to the second end cap facets 40 in an unsynchronized manner; they are not in correlation with each other. As can be seen in FIG. 1, one total facet 40 of the second end cap 26 is visible, while, in the same view, two skewed views of facets 36 of the first end cap 24 are visible.

The inventor has discovered that the configuration of the die 20 is advantageous. In particular, the shape of the end caps 24, 26 provides for more bounce when dropping die 20 onto a surface. That is, to generate a random number, the user holds die 20 above a surface at a sufficient distance, such that when die 20 is dropped onto the surface, die 20 rolls before eventually resting upon one of the facets 32 of the extension member 28.

The number or indicia 30 displayed on the facet 32 which is in the uppermost position is the number which has been randomly generated. The shapes of the end caps 24, 26 provide for more bounce and randomness when die 20 is dropped onto a surface. The tapered, triangular shapes of end caps 24, 26 provide for surfaces which can abut and engage the surface on which die 20 is being dropped, to create a more interesting and amusing outcome.

Die 20 is constructed such that the center of mass of die 20 is in the precise center of symmetry of die 20. By "center of symmetry", it is meant a point that is related to a geographical figure in such a way that for any point on the figure, there is another point on the figure such that a straight line joining the two points is bisected by the original point. Each of the surface areas of discrete facets 32 of extension member 28 are equal. The combination of the center of symmetry being the center and the equal surface areas of facets 32 provides for a fair playing die. That is, no one facet 32 is more likely to be rolled than any other of the facets 32.

Preferably, each of the facets 32 has a surface area of about 0.0089 to 0.89 sq. in., typically about 0.089 sq. in.. Preferably, each of the first end cap facets 36 has a surface area of about 0.0033 to 0.33 sq. in., typically about 0.033 sq. in.. As such, the ratio of the surface area of the extension member facets 32 to the surface area of each of the first end cap facets 36 is about 2.7:1. The second end cap facets 40 are identical to the first end cap facets 36. Therefore, the second end cap facets 40 each have a surface area of about 0.0033 to 0.33 sq. in., typically about 0.033 sq. in. The ratio of the surface area of the facets 32 of the extension member 28 to the surface area of each of the second end cap facets 40 is about 2.7:1.

Die 20 is useful for generating a random number. In the illustrated embodiment, there are six discrete facets 32 on the extension member 28. Each of the facets 32 has indicia 30 thereon, and in the illustrated embodiment, this indicia 30 is a numerical integer from one to six, inclusive. Upon shaking or rolling the die 20, die 20 will bounce and roll around, before landing on one of its facets 32. The facet 32 in the up position indicates the number which has been generated.

It should also be noted that the number of discrete facets 36 of the first end cap 24 is equal to one-fourth of the total number of discrete facets on the die 20. The total number of facets on die 20 is equal to the number of facets 32 of the extension member 28, plus the number of facets 36 of the first end cap 24, plus the number of facets 40 of the second end cap 26. In the embodiment of FIGS. 1-5, there are total of 12 facets (six plus three plus three = 12). The number of facets on the first end cap 24 is equal to twelve divided by four, which is three. Analogously, the number of facets 40 of the second end cap 26 is equal to one-fourth of the total number of facets of the die 20. The total number of facets of the first embodiment of FIGS. 1-5 is 12. Therefore, the number of facets of the second end cap 40 is three (12/4=3).

Preferably, the die 20 is constructed from any rigid material which holds its shape. Examples of suitable materials include glass, crystalline structure, and plastic.

Attention is now directed to FIGS. 6-9. In FIGS. 6-9, a second embodiment of a die is shown generally at 50. Die 50 is constructed analogously to die 20. That is, die 50 includes a first end cap 52, a second end cap 54, and an extension member 56 in extension therebetween. In this embodiment, however, extension member 56 defines 10, and no more than 10, discrete facets 58.

Each of facets 58 includes indicia 60 thereon, indicating a number. As with the first embodiment, facets 58 of die 50 are tapered in order to more clearly display indicia 60. In particular, facets 58 are triangular-shaped.

First end cap 52 is constructed analogously to first end cap 24. First end cap 52 includes a number of facets 62, which is equal to one-half of the number of facets 58 of the extension member 56. Specifically, first end cap 52 has five discrete facets 62, and no more than five facets 62. First end cap facets 62 are triangular-shaped. Each of first end cap facets 62 is angled relative to an adjacent end cap facet 62 to define an angle of 72° between each.

Second end cap 54 is identical to first end cap 52. Second end cap 54 has five discrete facets 64. Each of facets 64 is triangular in shape, and is angled 72° with respect to an adjacent facet 64.

As similarly described with respect to the first embodiment, in this embodiment the facets 62 on the first end cap 52 are out of phase with the facets 64 on the second end cap 54.

Preferably, the surface area of each of facets 58 of extension member 56 is about 0.0106 to 1.06 sq. in., typically about 0.106 sq. in.. The surface area of each of first end cap facets 62 is about 0.0046 to 0.46 sq. in., typically about 0.046 sq. in.. Second end cap facets 64 are identical to first end cap facets 62. As such, each of second end cap facets 64 has a surface area of about 0.0046 to 0.46 sq. in., typically about 0.046 sq. in. The ratio of the surface area of one facet 58 to one facet 62 is about 2.3:1. This is the same ratio as the ratio of facet 58 to facet 64.

As with the first embodiment of the die, die 50 is constructed so that the center of mass is in the precise geometric center of die 50. Further, each of facets 58 has an identical and equal surface area. This provides for a fair playing die.

Die 50 has a total of 20 facets. That is, extension member 56 has ten facets, first end cap has five facets, and second end cap has five facets. Therefore, the total number of facets is: 10 + 5 + 5 = 20. The number of facets of each of the first and second end caps 52, 54 is equal to one-fourth of the total number of facets of die 50. Thus, since there are a total of 20 facets, the number of facets of first end cap 52 can be derived by dividing by four, which is five. Analogously, the number of facets of the second end cap 54 may be derived by dividing the total number of facets (20) by four, which is five.

Die 50 is used analogously as die 20. That is, die 50 is dropped at a height above a surface sufficient to cause die 50 to roll around. Ultimately, die 50 will rest upon one of its extension member facets 58. This will leave one of its extension member facets 58 in the uppermost position. The number displayed on the facet in the uppermost position is the number generated. In the example illustrated, this would be an integer from 1 through 10, inclusive.

Attention is now directed to FIGS. 10-13. In FIGS. 10-13, a third embodiment of a die is shown generally at 70. Die 70 is constructed analogously to die 20 and die 50. That is, die 70 includes a first end cap 72, a second end cap 74, and an extension

member 76 in extension therebetween. In this embodiment, however, extension member 76 defines 20, and no more than 20, discrete facets 78.

Each of facets 78 includes indicia 80 thereon, indicating a number. As with the first and second embodiments, facets 78 of die 70 are tapered in order to more clearly display indicia 80. In particular, facets 78 are triangular-shaped.

First end cap 72 is constructed analogously to first end cap 24 (FIG. 1) and first end cap 52 (FIG. 6). First end cap 72 includes a number of facets 82, which is equal to one-half of the number of facets 78 of the extension member 76. Specifically, first end cap 72 has ten discrete facets 82, and no more than ten facets 82. First end cap facets 82 are triangular-shaped. Each of first end cap facets 82 is angled relative to an adjacent end cap facet 82 to define an angle of 36° between each.

Second end cap 74 is identical to first end cap 72. Second end cap 74 has ten discrete facets 84. Each of facets 84 is triangular in shape, and is angled 36° with respect to an adjacent facet 84.

As described with respect to the first and second embodiments, in this embodiment, the facets 82 on the first end cap 72 are out of phase with the facets 84 on the second end cap 74.

Preferably, the surface area of each of facets 78 of extension member 76 is about 0.0116 to 1.16 sq. in., typically about 0.116 sq. in. The surface area of each of first end cap facets 82 is about 0.0056 to 0.56 sq. in., typically about 0.056 sq. in. Second end cap facets 84 are identical to first end cap facets 82. As such, each of second end cap facets 84 has a surface area of about 0.0056 to 0.56 sq. in., typically about 0.056 sq. in. The ratio of the surface area of one facet 78 to one facet 82 is about 2.06:1. This is the same ratio as the ratio of facet 78 to facet 84.

As with the first and second embodiments of the die, die 70 is constructed so that the center of mass is in the precise geometric center of die 70. Further, each of facets 78 has an identical and equal surface area. This provides for a fair playing die.

Die 70 has a total of 40 facets. That is, extension member 76 has twenty facets, first end cap has ten facets, and second end cap has ten facets. Therefore, the total number of facets is: 20 + 10 + 10 = 40. The number of facets of each of the first and

second end caps 72, 74 is equal to one-fourth of the total number of facets of die 70. Thus, since there are a total of 40 facets, the number of facets of first end cap 72 can be derived by dividing by four, which is ten. Analogously, the number of facets of the second end cap 74 may be derived by dividing the total number of facets (20) by four, which is ten.

Die 70 is used analogously as die 20 and die 50. That is, die 70 is dropped at a height above a surface sufficient to cause die 70 to roll around. Ultimately, die 70 will rest upon one of its extension member facets 78. This will leave one of its extension member facets 78 in the uppermost position. The number displayed on the facet in the uppermost position is the number generated. In the example illustrated, this would be an integer from 1 through 20, inclusive.

Other embodiments of the invention will be apparent to those skilled in the art from consideration of the specification and practice of the invention disclosed herein. In particular, one skilled in the art will understand that die constructions having extension member facets totaling 8, 12, 30 and other even multiples can be constructed according to the principles taught herein.

It is intended that the specification and examples be considered as exemplary only, with a true scope and spirit of the invention being indicated by the following claims.

09347902 .052605

( (

I claim:

1. A die construction comprising:

(a) a body having first and second, opposite end caps and an extension member therebetween;

(b) said extension member having a first number of discrete facets and no more than said first number;

(i) each of said discrete facets being identically shaped and having equal surface areas;

(c) said first end cap having a second number of discrete facets and no more than said second number; said second number being one-half of said first number;

(i) each of said first end cap discrete facets being identically shaped and having equal surface areas; and

(d) said second end cap having said second number of discrete facets and no more than said second number;

(i) each of said second end cap discrete facets being shaped identically as said first end cap discrete facets; and each of said second end cap discrete facets having a surface area equal a to surface area of each of said first end cap discrete facets.

A

2. A die construction according to claim 1, wherein:

(a) each of said extension member discrete facets include printed indicia thereon.

3. A die construction according to claim 2, wherein:

(a) each of said extension member discrete facets is tapered.

B

4. A die construction according to claim 3, wherein:

(a) each of said extension member discrete facets is triangular-shaped.



09274742 . 062602

5. A die construction according to claim 4, wherein:

(a) each of said first end cap discrete facets and said second end cap discrete facets is tapered.

6. A die construction according to claim 5, wherein:

(a) each of said first end cap discrete facets and said second end cap discrete facets is triangular-shaped.

7. A die construction according to claim 6, wherein:

(a) said first number is six; and said second number is three.

8. A die construction according to claim 7, wherein:

(a) each of said extension member discrete facets has a surface area of about 0.0089-0.89 sq. in.

9. A die construction according to claim 8, wherein:

(a) each of said first end cap discrete facets has a surface area of about 0.0033-0.33 sq. in.; and

(b) each of said second end cap discrete facets has a surface area of about 0.0033-0.33 sq. in.

10. A die construction according to claim 6, wherein:

(a) said first number is ten; and said second number is five.

11. A die construction according to claim 10, wherein:

(a) each of said extension member discrete facets has a surface area of about 0.0106-1.06 sq. in.

12. A die construction according to claim 11, wherein:



09346152.052903

(a) each of said first end cap discrete facets has a surface area of about 0.0046-0.46 sq. in.; and

(b) each of said second end cap discrete facets has a surface area of about 0.0046-0.46 sq. in.

13. A die construction according to claim 6, wherein:

(a) said first number is twenty; and said second number is ten.

14. A die construction according to claim 13, wherein:

(a) each of said extension member discrete facets has a surface area of about 0.0116-1.16 sq. in.

15. A die construction according to claim 14, wherein:

(a) each of said first end cap discrete facets has a surface area of about 0.0056-0.56 sq. in.; and

(b) each of said second end cap discrete facets has a surface area of about 0.0056-0.56 sq. in.

16. A die construction according to claim 1, wherein:

(a) a ratio of a surface area of each of said extension member facets to a surface area of each of said first end cap discrete facets is about 2-3:1.

17. A die comprising:

(a) a body including a first end cap, a second end cap, and an extension member in extension therebetween;

(b) said first end cap including a first number of facets and no more than said first number; said second end cap including a second number of facets and no more than said second number; and said extension member defining a third number of facets and no more than said third number;

(i) said first number being equal to one-fourth of a total of said first number and said second number and said third number;

(ii) said second number being equal to one-fourth of the total of said first number and said second number and said third number;

(iii) each of said extension member facets being equal in surface area;

(iv) each of said extension member facets being triangular-shaped; and

(iv) each of said extension member facets having indicia thereon indicating a number.

18. A die according to claim 17, wherein:

(a) each of said first end cap facets is triangular-shaped; and

(b) each of said second end cap facets is triangular-shaped.

19. A die according to claim 17, wherein:

(a) said third number is six.

20. A die according to claim 17, wherein:

(a) said first number, said second number, and said third number total 40.

ADD A2>

09345652.062603

Attorney Docket No. 12206.1-US-01

MERCHANT, GOULD, SMITH, EDELL, WELTER & SCHMIDT

**United States Patent Application**

**COMBINED DECLARATION AND POWER OF ATTORNEY**

As a below named inventor I hereby declare that: my residence, post office address and citizenship are as stated below next to my name; that

I verily believe I am the original, first and sole inventor (if only one name is listed below) or a joint inventor (if plural inventors are named below) of the subject matter which is claimed and for which a patent is sought on the invention entitled: RANDOM NUMBER GENERATOR FOR GAME PLAYING AND METHODS

The specification of which
a. ☒ is attached hereto
b. ☐ was filed on as application serial no. and was amended on (if applicable) (in the case of a PCT-filed application) described and claimed in international no. filed and as amended on (if any), which I have reviewed and for which I solicit a United States patent.

I hereby state that I have reviewed and understand the contents of the above-identified specification, including the claims, as amended by any amendment referred to above.

I acknowledge the duty to disclose information which is material to the patentability of this application in accordance with Title 37, Code of Federal Regulations, § 1.56 (attached hereto).

I hereby claim foreign priority benefits under Title 35, United States Code, § 119/365 of any foreign application(s) for patent or inventor's certificate listed below and have also identified below any foreign application for patent or inventor's certificate having a filing date before that of the application on the basis of which priority is claimed:

a. ☒ no such applications have been filed.
b. ☐ such applications have been filed as follows:

| FOREIGN APPLICATION(S), IF ANY, CLAIMING PRIORITY UNDER 35 USC § 119 | | | |
|---|---|---|---|
| COUNTRY | APPLICATION NUMBER | DATE OF FILING (day, month, year) | DATE OF ISSUE (day, month, year) |
| | | | |
| **ALL FOREIGN APPLICATION(S), IF ANY, FILED BEFORE THE PRIORITY APPLICATION(S)** | | | |
| COUNTRY | APPLICATION NUMBER | DATE OF FILING (day, month, year) | DATE OF ISSUE (day, month, year) |
| | | | |

I hereby claim the benefit under Title 35, United States Code, § 120/365 of any United States and PCT international application(s) listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States application in the manner provided by the first paragraph of Title 35, United States Code, § 112, I acknowledge the duty to disclose material information as defined in Title 37, Code of Federal Regulations, § 1.56(a) which occurred between the filing date of the prior application and the national or PCT international filing date of this application.

| U.S. APPLICATION NUMBER | DATE OF FILING (day, month, year) | STATUS (patented, pending, abandoned) |
|---|---|---|
| | | |

I hereby claim the benefit under Title 35, United States Code § 119(e) of any United States provisional application(s) listed below:

| U.S. PROVISIONAL APPLICATION NUMBER | DATE OF FILING (Day, Month, Year) |
|---|---|
| | |

I hereby appoint the following attorney( .d/or patent agent(s) to prosecute this applica... and to transact all business in the Patent and Trademark Office connected herewith:

| | | | |
|---|---|---|---|
| Albrecht, John W. | Reg. No. 40,481 | Lacy, Paul E. | Reg. No. 38,946 |
| Batzli, Brian H. | Reg. No. 32,960 | Larson, James A. | Reg. No. 40,443 |
| Beard, John L. | Reg. No. 27,612 | Lasky, Michael B. | Reg. No. 29,555 |
| Beck, Robert C. | Reg. No. 28,184 | Lindquist, Timothy A. | Reg. No. 40,701 |
| Berman, Charles | Reg. No. 29,249 | Lynch, David W. | Reg. No. 36,204 |
| Bogucki, Raymond A. | Reg. No. 17,426 | Mau, Michael L. | Reg. No. 30,087 |
| Bruess, Steven C. | Reg. No. 34,130 | Maunu, Leroy D. | Reg. No. 35,274 |
| Byrne, Linda M. | Reg. No. 32,404 | McDaniel, Karen D. | Reg. No. 37,674 |
| Canady, Karen S. | Reg. No. 39,927 | McDonald, Daniel W. | Reg. No. 32,044 |
| Carlson, Alan G. | Reg. No. 25,959 | McIntyre, Iain A. | Reg. No. 40,377 |
| Carter, Charles G. | Reg. No. 35,093 | Mueller, Douglas P. | Reg. No. 30,300 |
| Caspers, Philip P. | Reg. No. 33,227 | Nasiedlak, Tyler L. | Reg. No. 40,099 |
| Chiapetta, James R. | Reg. No. 39,634 | Nelson, Albin J. | Reg. No. 28,650 |
| Clifford, John A. | Reg. No. 30,247 | Orler, Anthony J. | Reg. No. 41,232 |
| Cooper, Victor G. | Reg. No. 39,641 | Pauly, Daniel M. | Reg. No. 40,123 |
| Crawford, Robert | Reg. No. 32,122 | Plunkett, Theodore | Reg. No. 37,209 |
| Daignault, Ronald A. | Reg. No. 25,968 | Pollinger, Steven J. | Reg. No. 35,326 |
| Daley, Dennis R. | Reg. No. 34,994 | Pytel, Melissa J. | Reg. No. P-41,512 |
| Dalglish, Leslie E. | Reg. No. 40,579 | Reich, John C. | Reg. No. 37,703 |
| Daulton, Julie R. | Reg. No. 36,414 | Reiland, Earl D. | Reg. No. 25,767 |
| DiPietro, Mark J. | Reg. No. 28,707 | Rittmaster, Ted R. | Reg. No. 32,933 |
| Edell, Robert T. | Reg. No. 20,187 | Schmaltz, David G. | Reg. No. 39,828 |
| Epp Ryan, Sandra | Reg. No. 39,667 | Schmidt, Cecil C. | Reg. No. 20,566 |
| Farber, Michael B. | Reg. No. 32,612 | Schuman, Mark D. | Reg. No. 31,197 |
| Funk, Steven R. | Reg. No. 37,830 | Schumann, Michael D. | Reg. No. 30,422 |
| Gates, George H. | Reg. No. 33,500 | Sebald, Gregory A. | Reg. No. 33,280 |
| Glance, Robert J. | Reg. No. 40,620 | Sharp, Janice A. | Reg. No. 34,051 |
| Golla, Charles E. | Reg. No. 26,896 | Skoog, Mark T. | Reg. No. 40,178 |
| Gorman, Alan G. | Reg. No. 38,472 | Smith, Jerome R. | Reg. No. 35,684 |
| Gould, John D. | Reg. No. 18,223 | Sumner, John P. | Reg. No. 29,114 |
| Gresens, John J. | Reg. No. 33,112 | Sumners, John S. | Reg. No. 24,216 |
| Hamre, Curtis B. | Reg. No. 29,165 | Tellekson, David K. | Reg. No. 32,314 |
| Hillson, Randall A. | Reg. No. 31,838 | Underhill, Albert L. | Reg. No. 27,403 |
| Hollingsworth, Mark A. | Reg. No. 38,491 | Vandenburgh, J. Derek | Reg. No. 32,179 |
| Johnston, Scott W. | Reg. No. 39,721 | Victor, David W. | Reg. No. 39,867 |
| Kastelic, Joseph M. | Reg. No. 37,160 | Welter, Paul A. | Reg. No. 20,890 |
| Kettelberger, Denise | Reg. No. 33,924 | Williams, Douglas J. | Reg. No. 27,054 |
| Komanduri, Janaki | Reg. No. 40,684 | Wood, Gregory B. | Reg. No. 28,133 |
| Kowalchyk, Alan W. | Reg. No. 31,535 | Xu, Min S. | Reg. No. 39,536 |
| Kowalchyk, Katherine M. | Reg. No. 36,848 | | |

I hereby authorize them to act and rely on instructions from and communicate directly with the person/assignee/attorney/firm/ organization who/which first sends/sent this case to them and by whom/which I hereby declare that I have consented after full disclosure to be represented unless/until I instruct Merchant, Gould, Smith, Edell, Welter & Schmidt to the contrary.

Please direct all correspondence in this case to Merchant, Gould, Smith, Edell, Welter & Schmidt at the address indicated below:

Merchant, Gould, Smith, Edell,
Welter & Schmidt
3100 Norwest Center
90 South Seventh Street
Minneapolis, MN 55402-4131

I hereby declare that all statements made ... in of my own knowledge are true and that al... ...ements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

| | | | | |
|---|---|---|---|---|
| 2 | **Full Name Of Inventor** | **Family Name** BOWLING | **First Given Name** Michael | **Second Given Name** A. |
| 0 | **Residence & Citizenship** | **City** Tucson | **State or Foreign Country** Arizona | **Country of Citizenship** U.S.A. |
| 1 | **Post Office Address** | **Post Office Address** 7931 South Avenida de Pina | **City** Tucson | **State & Zip Code/Country** AZ/85747/USA |
| **Signature of Inventor 201:** | Michael A. Bowling | | **Date:** 12-31-97 | |

**§ 1.56 Duty to disclose information m[illegible]al to patentability.**

(a) A patent by its very nature is affected with a public interest. The public interest is best served, and the most effective patent examination occurs when, at the time an application is being examined, the Office is aware of and evaluates the teachings of all information material to patentability. Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section. The duty to disclose information exists with respect to each pending claim until the claim is canceled or withdrawn from consideration, or the application becomes abandoned. Information material to the patentability of a claim that is canceled or withdrawn from consideration need not be submitted if the information is not material to the patentability of any claim remaining under consideration in the application. There is no duty to submit information which is not material to the patentability of any existing claim. The duty to disclose all information known to be material to patentability is deemed to be satisfied if all information known to be material to patentability of any claim issued in a patent was cited by the Office or submitted to the Office in the manner prescribed by §§ 1.97(b)-(d) and 1.98. However, no patent will be granted on an application in connection with which fraud on the Office was practiced or attempted or the duty of disclosure was violated through bad faith or intentional misconduct. The Office encourages applicants to carefully examine:

(1) prior art cited in search reports of a foreign patent office in a counterpart application, and

(2) the closest information over which individuals associated with the filing or prosecution of a patent application believe any pending claim patentably defines, to make sure that any material information contained therein is disclosed to the Office.

(b) Under this section, information is material to patentability when it is not cumulative to information already of record or being made of record in the application, and

(1) It establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim;

or

(2) It refutes, or is inconsistent with, a position the applicant takes in:

(i) Opposing an argument of unpatentability relied on by the Office, or

(ii) Asserting an argument of patentability.

A prima facie case of unpatentability is established when the information compels a conclusion that a claim is unpatentable under the preponderance of evidence, burden-of-proof standard, giving each term in the claim its broadest reasonable construction consistent with the specification, and before any consideration is given to evidence which may be submitted in an attempt to establish a contrary conclusion of patentability.

(c) Individuals associated with the filing or prosecution of a patent application within the meaning of this section are:

(1) Each inventor named in the application:

(2) Each attorney or agent who prepares or prosecutes the application; and

(3) Every other person who is substantively involved in the preparation or prosecution of the application and who is associated with the inventor, with the assignee or with anyone to whom there is an obligation to assign the application.

(d) Individuals other than the attorney, agent or inventor may comply with this section by disclosing information to the attorney, agent, or inventor.

PRINT OF DRAWINGS
AS ORIGINALLY FIL

FIG. 3



FIG. 5



FIG. 2



FIG. 1



FIG. 4



PRINT OF DRAWINGS
AS ORIGINALLY FILE

FIG. 6




FIG. 7




FIG. 8




FIG. 9



PRINT OF DRAWINGS
AS ORIGINALLY FILE




FIG. 13




FIG. 11




FIG. 12




FIG. 10

#2A
8/13/99
AW.

S/N NEW FILING PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicant: | BOWLING | Examiner: | B. LAYNO |
| Serial No.: | NEW FILING | Group Art Unit: | 3711 |
| Filed: | HEREWITH | Docket No.: | 12206.1USC1 |
| Title: | RANDOM NUMBER GENERATOR FOR GAME PLAYING; AND METHODS | | |

CERTIFICATE UNDER 37 CFR 1.10:
"Express Mail" mailing label number: EL340898253US
Date of Deposit: June 28, 1999

I hereby certify that this paper or fee is being deposited with the U.S. Postal Service "Express Mail Post Office to Addressee" service under 37 CFR 1.10 on the date indicated above and is addressed to Assistant Commissioner for Patents, Washington, D.C. 20231.

By: [signature]
Name: Tyrone Ross

**PRELIMINARY AMENDMENT**

Assistant Commissioner for Patents
Washington, D.C. 20231

Dear Sir:

Prior to examination, kindly amend this application as follows:

**In the Specification**

On page 1, after the title of the invention, please insert the following: --This application is a continuation of application Serial No. 09/003,246, filed January 6, 1998, now U.S. Patent 5,938,197. Application Serial No. 09/003,246 is incorporated by reference herein.--

A1

**In the Claims**

Please cancel claim 1; please add and consider new claims 21-40 as follows:

1 ~~21.~~ (New) A die construction comprising:

(a) a body having first and second, opposite end caps and an extension member therebetween;

A2

(b) said extension member having six discrete facets and no more than six;

(i) each of said discrete facets being identically shaped and having equal surface areas;

(c) said first end cap having three discrete facets and no more than three;

(i) each of said first end cap discrete facets being identically shaped and having equal surface areas;

(d) said second end cap having three discrete facets and no more than three;

(i) each of said second end cap discrete facets being shaped identically as said first end cap discrete facets; and each of said second end cap discrete facets having a surface area equal to a surface area of each of said first end cap discrete facets;

A2 cont...

(e) each of said discrete facets of said extension member having a surface area of between 0.0089–0.89 sq. in.;

(f) each of said discrete facets of said first and second end caps having a surface area different from the surface area of each of said discrete facets of said extension member;

(i) each of said first end cap discrete facets and said second end cap discrete facets having a surface area of between 0.0033–0.33 sq. in.

2 ~~22~~. (New) A die construction according to claim 1 ~~21~~ wherein:

(a) each of said extension member discrete facets includes printed indicia thereon.

3 ~~23~~. (New) A die construction according to claim 2 ~~22~~ wherein:

(a) said printed indicia includes a numeric integer.

4 ~~24~~. (New) A die construction according to claim 1 ~~21~~ wherein:

(a) each of said extension member discrete facets is tapered.

5 ~~25~~. (New) A die construction according to claim 1 ~~21~~ wherein:

(a) each of said extension member discrete facets is triangular–shaped.

6 ~~26~~. (New) A die construction according to claim 1 ~~21~~ wherein:

(a) each of said first end cap discrete facets and said second end cap discrete facets is tapered.



15 A

~~27.~~ 7 (New) A die construction according to claim ~~21~~ 1 wherein:

(a) each of said first end cap discrete facets and said second end cap discrete facets is triangular–shaped.

~~28.~~ 8 (New) A die construction according to claim ~~21~~ 1 wherein:

(a) each of said extension member discrete facets is triangular–shaped;

  (i) each of said discrete facets of said extension member having a surface area of about 0.089 sq. in.;

(b) each of said first end cap discrete facets and said second end cap discrete facets is triangular–shaped; and

  (i) each of said first end cap discrete facets and said second end cap discrete facets having a surface area of about 0.033 sq. in.

A2 Cont...

~~29.~~ 9 (New) A die according to claim ~~21~~ 1 wherein:

(a) each of said first end cap discrete facets is out of phase with said second end cap discrete facets.

~~30.~~ 10 (New) A die according to claim ~~21~~ 1 wherein:

(a) said body has a center of mass that is also a center of symmetry.

~~31.~~ 11 (New) A die comprising:

(a) a body including a first end cap, a second end cap, and an extension member in extension therebetween;

(b) said first end cap including three facets and no more than three; said second end cap including three facets and no more than three; and said extension member defining six facets and no more than six;

  (i) each of said extension member facets being equal in surface area;

  (ii) each of said extension member facets being triangular–shaped;

  (iii) each of said extension member facets having indicia thereon indicating a number;

  (iv) each of said first end cap facets being triangular shaped;

(v) each of said second end cap facets being triangular shaped; and

(vi) each of said extension member facets having a surface area that is different from a surface area of each of said first and second end cap facets.

12 ~~32.~~ (New) A die according to claim 11 ~~31~~ wherein:

(a) each of said indicia is a numerical integer.

13 ~~33.~~ (New) A die according to claim 11 ~~31~~ wherein:

(a) a ratio of a surface area of each of said extension member facets to a surface area of each of said first end cap discrete facets is about 2−3:1.

A2 Cont...

14 ~~34.~~ (New) A die according to claim 11 ~~31~~ wherein:

(a) each of said discrete facets of said extension member has a surface area of between 0.0089−0.89 sq. in.

15 ~~35.~~ (New) A die according to claim 11 ~~31~~ wherein

(a) each of said first end cap discrete facets and said second end cap discrete facets has a surface area of between 0.0033−0.33 sq. in.

16 ~~36.~~ (New) A die according to claim 11 ~~31~~ wherein:

(a) each of said first end cap facets is out of phase with said second end cap facets.

17 ~~37.~~ (New) A die according to claim 16 ~~36~~ wherein:

(a) said body has a center of mass that is also a center of symmetry.

Sub. C's 38. (New) A method for generating a random number in a game; the method comprising:

(a) providing a die having:

(i) a body having first and second, opposite end caps and an extension member therebetween;

(ii) the extension member having a first number of discrete facets and no more than the first number;

(A) each of the discrete facets being identically shaped and having equal surface areas;



17

A

(B) each of the discrete facets having indicia representing a different number;

(iii) the first end cap having a second number of discrete facets and no more than the second number; the second number being one−half of the first number;

(iv) each of the first end cap discrete facets being identically shaped and having equal surface areas;

(v) the second end cap having the second number of discrete facets and no more than the second number;

(vi) each of the second end cap discrete facets being shaped identically as the first end cap discrete facets; and each of the second end cap discrete facets having a surface area equal to a surface area of each of the first end cap discrete facets;

(vii) each of the discrete facets of the first and second end caps having a surface area different from the surface area of each of the discrete facets of the extension member; and

(b) dropping the die on a surface such that one of the discrete facets of the extension member eventually rests against the surface.

39. (New) A method according to claim 38 wherein:

(a) said step of providing a die includes providing a die wherein the first number is six, and the second number is three.

40. (New) A method according to claim 39 wherein:

(a) said step of providing a die includes providing a die wherein:

(i) each of the first end cap discrete facets is out of phase with each of the second end cap discrete facets;

(ii) each of the extension member discrete facets is tapered; and

(iii) each of the first end cap discrete facets and the second end cap discrete facets is tapered.

**REMARKS**

This application is a Rule 53(b) continuation of application Serial No. 09/003,246, filed January 6, 1998. Claims 21–40 are pending. Applicant asserts domestic priority under 35 U.S.C. § 120 for each of the pending claims at least to the January 6, 1998 filing date.

Applicant has included an Information Disclosure Statement herewith. The Examiner is requested to consider the art cited with respect to each of the pending claims.

In addition, the Examiner is invited to compare the claim scope of each of pending claims 21–40 to claims 1–20 of the parent application. The Examiner is requested to consider issues of double patenting or obviousness type double patenting. If the Examiner believes a terminal disclaimer is in order, the Examiner is invited to contact the undersigned who will arrange to have a terminal disclaimer submitted.

Applicant requests consideration and allowance of the pending claims.

If the Examiner believes a telephone conference would advance the prosecution of this application, the Examiner is invited to telephone the undersigned at the below listed telephone number.

Respectfully submitted,

MERCHANT & GOULD P.C.
3100 Norwest Center
90 South Seventh Street
Minneapolis, Minnesota 55402
(612) 332-5300

Date: 28 JUNE 1999

Julie R. Daulton
Reg. No. 36,414
JRD:PSTpmc

#3
8/13/99
A.W.

S/N NEW FILING PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicant: | BOWLING | Examiner: | B. LAYNO |
| Serial No.: | NEW FILING | Group Art Unit: | 3711 |
| Filed: | HEREWITH | Docket No.: | 12206.1USC1 |
| Title: | RANDOM NUMBER GENERATOR FOR GAME PLAYING; AND METHODS | | |

JC549 U.S. PTO 09/344842 06/28/99

CERTIFICATE UNDER 37 CFR 1.10:
"Express Mail" mailing label number: EL340898253US
Date of Deposit: June 28, 1999

I hereby certify that this paper or fee is being deposited with the U.S. Postal Service "Express Mail Post Office to Addressee" service under 37 CFR 1.10 on the date indicated above and is addressed to Assistant Commissioner for Patents, Washington, D.C. 20231.

By: [signature]
Name: Tyrone Ross

## INFORMATION DISCLOSURE STATEMENT (37 C.F.R. §1.97(b))

Assistant Commissioner for Patents
Washington, D.C. 20231

Dear Sir:

With regard to the above–identified application, the items of information listed on the enclosed Form 1449 are brought to the attention of the Examiner.

This statement should be considered because it is submitted within three months of the filing date of the above–identified application. Accordingly, no fee is due for consideration of the items listed on the enclosed Form 1449.

In accordance with 37 C.F.R. §1.98(d), a copy of each document or other information listed is not provided because it was previously cited by or submitted to the U.S. Patent and Trademark Office in parent application, U.S. Serial No. 09/003,246 filed on January 6, 1998.

No representation is made that a reference is "prior art" within the meaning of 35 U.S.C. §§ 102 and 103 and Applicants reserve the right, pursuant to 37 C.F.R. § 1.131 or otherwise, to establish that the reference(s) are not "prior art." Moreover, Applicants do not

represent that a reference has been thoroughly reviewed or that any relevance of any portion of a reference is intended.

Consideration of the items listed is respectfully requested. Pursuant to the provisions of M.P.E.P. 609, it is requested that the Examiner return a copy of the attached Form 1449, marked as being considered and initialed by the Examiner, to the undersigned with the next official communication.

Please charge any additional fees or credit any overpayment to Deposit Account No. 13-2725.

Respectfully submitted,

MERCHANT & GOULD P.C.
3100 Norwest Center
90 South Seventh Street
Minneapolis, Minnesota 55402
(612) 332-5300

Date: 28 JUNE 1999

Julie R. Daulton
Reg. No. 36,414
JRD:PSTpmc

Date Mailed: JUNE 28, 1999

Sheet 1 of 1

| FORM 1449* INFORMATION DISCLOSURE STATEMENT IN AN APPLICATION (Use several sheets if necessary) | Docket Number: 12206.1USC1 | Application Number: NEW FILING |
|---|---|---|
| | Applicant: BOWLING | |
| | Filing Date: HEREWITH | Group Art Unit: 3711 |

JC549 U.S. PTO 09/344842 06/28/99

**U.S. PATENT DOCUMENTS**

| EXAMINER INITIAL | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|
| | 1,271,551 | 07/1918 | Ebner et al. | | | |
| | 1,795,562 | 03/1931 | King et al. | | | |
| | 4,239,226 | 12/1980 | Palmer | | | |
| | Des. 267,569 | 01/1983 | Polite | | | |
| | 5,150,900 | 09/1992 | Onzo | | | |
| | 5,203,562 | 04/1993 | Smith | | | |
| | 5,224,708 | 07/1993 | Gethman et al. | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

Duplicate

**FOREIGN PATENT DOCUMENTS**

| | DOCUMENT NO. | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | TRANSLATION NO |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**OTHER DOCUMENTS** (Including Author, Title, Date, Pertinent Pages, Etc.)

| | | |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

| EXAMINER | DATE CONSIDERED |
|---|---|
| EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; draw line through citation if not in conformance and not considered. Include copy of this form for next communication to the Applicant. | |

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 09/344,842 | 06/28/99 | BOWLING M | 12206.1USC1 |

QM12/0120

JULIE R DAULTON
MERCHANT & GOULD P C
3100 NORWEST CENTER
90 SOUTH SEVENTH STREET
MINNEAPOLIS MN 55402

| EXAMINER | |
|---|---|
| CHAMBERS, M | |
| ART UNIT | PAPER NUMBER |
| 3711 | 4 |

DATE MAILED: 01/20/00

**Please find below and/or attached an Office communication concerning this application or proceeding.**

**Commissioner of Patents and Trademarks**

| **Office Action Summary** | Application No. 09/~~003,246~~ 344842 | Appl. (s) BOWLING | |
|---|---|---|---|
| | Examiner M. Chambers | Group Art Unit 3711 | |

[X] Responsive to communication(s) filed on *Jun 28, 1999*

[ ] This action is **FINAL.**

[ ] Since this application is in condition for allowance except for formal matters, **prosecution as to the merits is closed** in accordance with the practice under *Ex parte Quayle* 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire *3* month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claim**

[X] Claim(s) *2-40* is/are pending in the applicat

Of the above, claim(s) ______ is/are withdrawn from consideration

[ ] Claim(s) ______ is/are allowed.

[X] Claim(s) *2-40* is/are rejected.

[ ] Claim(s) ______ is/are objected to.

[ ] Claims ______ are subject to restriction or election requirement.

**Application Papers**

[ ] See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

[ ] The drawing(s) filed on ______ is/are objected to by the Examiner.

[ ] The proposed drawing correction, filed on ______ is [ ] approved [ ] disapproved.

[ ] The specification is objected to by the Examiner.

[ ] The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

[ ] Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

[ ] All [ ] Some* [X] None of the CERTIFIED copies of the priority documents have been

[ ] received.

[ ] received in Application No. (Series Code/Serial Number) ______.

[ ] received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

*Certified copies not received: ______

[ ] Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

[X] Notice of References Cited, PTO-892

[ ] Information Disclosure Statement(s), PTO-1449, Paper No(s). ______

[ ] Interview Summary, PTO-413

[ ] Notice of Draftsperson's Patent Drawing Review, PTO-948

[ ] Notice of Informal Patent Application, PTO-152

***--- SEE OFFICE ACTION ON THE FOLLOWING PAGES ---***

This Office Action is a response to the Application filed on:

| Number | Name | Date | Claims | Independent Claims |
|---|---|---|---|---|
| ~~09003246~~3 44842 | Bowling | 6/28/99 | 20 | 3 |

**DETAILED ACTION**

***Priority***

1. An application in which the benefits of an earlier application are desired must contain a specific reference to the prior application(s) in the first sentence of the specification (37 CFR 1.78). Applicant may wish to modify statements in lines 2 and 3 to indicate "now US Patent 5,938,197

***Information Disclosure Statement***

2. The information disclosure statement filed 6/28/99 fails to comply with 37 CFR 1.98(a)(2), which requires a legible copy of each U.S. and foreign patent; each publication or that portion which caused it to be listed; and all other information or that portion which caused it to be listed. It has been placed in the application file, but the information referred to therein has not been considered. Therefore, unless the references have been cited by the examiner on form PTO-892, they have not been considered. No copies of patents were included.

***Drawings***

3. This application has been filed with informal drawings which are acceptable for examination purposes only. Formal drawings will be required when the application is allowed.

***Specification***

***Claim Rejections - 35 USC § 102***

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless --

(b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

4. Claim 38 is rejected under 35 U.S.C. 102(b) as being **anticipated** by **Sides**. **Sides** device would utilize a similar method of use. **Sides** discloses (fig 2) a die having a first and second end caps with a body therbetween; an extension member with identically shaped facets and equal surface area; with indicia on each facet; first end cap having a number of facets (0); second end cap having ½ the number of the first end cap (0). Applicant may wish to modify claim to state--first end cap having a first number of discrete facets greater than 1 to avoid the art cited.

***Double Patenting***

The nonstatutory double patenting rejection is based on a judicially created doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the unjustified or improper timewise extension of the "right to exclude" granted by a patent and to prevent possible harassment by multiple assignees. See *In re Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed. Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA 1970);and, *In re Thorington,* 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) may be used to overcome an actual or provisional rejection based on a nonstatutory double patenting ground provided the conflicting application or patent is shown to be commonly owned with this application. See 37 CFR 1.130(b).

Effective January 1, 1994, a registered attorney or agent of record may sign a terminal disclaimer. A terminal disclaimer signed by the assignee must fully comply with 37 CFR 3.73(b).

5.Claims 21-38 are rejected under the judicially created doctrine of double patenting over claims 1-20 of U. S. Patent No. 5,938,197 since the claims, if allowed, would improperly extend the "right to exclude" already granted in the patent.

The subject matter claimed in the instant application is fully disclosed in the patent and is covered by the patent since the patent and the application are claiming common subject matter, as follows: The claims are drawn to variations of the similar random number device. These variations include

1) multifaceted playing dies

2) six sided playing dies

3) printed indicia on dies

4) tapered sides and ends

6. Claims 39-40 are rejected under the judicially created doctrine of double patenting over claims 1-20 of U. S. Patent No. 5,938,197 since the claims, if allowed, would improperly extend the "right to exclude" already granted in the patent.

The subject matter claimed in the instant application is fully disclosed in the patent and is covered by the patent since the patent and the application are claiming common subject matter, as follows: The method of use of the instant device is similar to the method of use for the device in the patent. For example, the device described by the patent inherently has six sides and similar end caps described by the method (see claim 7). It would be obvious to provide the die and drop the die. There is no unique or novel method step detailed that would not be utilized with the article of the existing patent.

Furthermore, there is no apparent reason why applicant was prevented from presenting claims corresponding to those of the instant application during prosecution of the application which matured into a patent. See *In re Schneller*, 397 F.2d 350, 158 USPQ 210 (CCPA 1968). See also MPEP § 804.

***Conclusion***

The prior art made of record and relied upon.

| Patent Number | Date | Patent Name | Notes |
|---|---|---|---|
| 5690331 | 11/25/97 | Sides | |
| | | | |

The prior art made of record and not relied upon is considered pertinent to applicant's disclosure.

| Patent Number | Date | Patent Name | Notes |
|---|---|---|---|
| 4678190 | 7/7/87 | Dery | |
| 5203562 | 4/20/93 | Smith | |
| | | | |
| | | | |
| | | | |

***NOTE:***

***1) If Applicant believes they have not received all of the cited references noted in this office action, they should <u>call</u> the examiner listed below within one (1) week of receiving this notice in order to obtain duplicate material and reset the time frame of this office action. If the applicant fails to request additional materials in a timely manner, the requested materials will be resent, but the applicant will have to obtain a time extension in the normal fashion.***

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Michael Chambers whose telephone number is (703) 306-5516. The examiner can normally be reached on Mon.-Fri. from 8:30 to 5:00.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Jeanette E. Chapman, can be reached on (703) 308-1310. The fax phone number for the organization where this application or proceeding is assigned is (703) 308-7768.

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the receptionist whose telephone number is (703) 308-1078.

***Faxing of Responses to Office Actions***

In order to reduce pendency and avoid potential delays, TC3700 is encouraging FAXing of responses to Office Actions directly into the group at (703) 305-3579. This practice may be used for filing papers not requiring a fee. It may also be used for filing papers which require a fee by applicants who authorize charges to a PTO deposit account. Please identify the examiner, art unit and case number at the top of your cover sheet. Papers submitted via FAX into TC3700 will be promptly forwarded to the examiner.

Jeanette E Chapman

JEANETTE CHAPMAN
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 3700

#S/Pre B L. Morgan 5/3/0 A

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| [?]ET NUMBER | ANTICIPATED CLASSIFICATION OF THIS APPLICATION: | | PRIOR APPLICATION | |
|---|---|---|---|---|
| | CLASS | SUBCLASS | EXAMINER | ART UNIT |
| 12206.1USC1 | 273 | 143.00A | B. LAYNO | 3711 |

CERTIFICATE UNDER 37 CFR 1.10:
"Express Mail" mailing label number: EL340898253US
Date of Deposit: June 28, 1999

I hereby certify that this paper or fee is being deposited with the U.S. Postal Service "Express Mail Post Office to Addressee" service under 37 CFR 1.10 on the date indicated above and is addressed to Assistant Commissioner for Patents, Washington, D.C. 20231.

By: [signature]
Name: Tyrone Ross

CONTINUATION APPLICATION UNDER 37 C.F.R. § 1.53(b)

BOX PATENT APPLICATION
Assistant Commissioner for Patents
Washington, DC 20231

Dear Sir:

This is a request for filing a continuation application under 37 CFR § 1.53(b) of Serial No. 09/003,246, filed on January 6, 1998 entitled RANDOM NUMBER GENERATOR FOR GAME PLAYING; AND METHODS by the following inventor(s):

| | | | |
|---|---|---|---|
| **Full Name Of Inventor** | **Family Name** BOWLING | **First Given Name** MICHAEL | **Second Given Name** A. |
| **Residence & Citizenship** | **City** TUCSON | **State or Foreign Country** ARIZONA | **Country of Citizenship** USA |
| **Post Office Address** | **Post Office Address** 7931 SOUTH AVENIDA DE PINA | **City** TUCSON | **State & Zip Code/Country** ARIZONA 85747/USA |

1. ☒ Enclosed is a copy of the prior application; including the specification, claims, drawings, oath or declaration showing the applicant's signature, and any amendments referred to in the oath or declaration filed to complete the prior application. (It is noted that no amendments referred to in the oath or declaration filed to complete the prior application introduced new matter therein.) The continuing application is as follows: 11 pages of specification, 20 claims, 1 pages of abstract, 3 sheets of drawings, and 4 pages of oath or declaration.

   ☒ The entire disclosure of the prior application, from which a copy of the oath or declaration is supplied, is considered as being part of the disclosure of the accompanying application and is hereby incorporated by reference therein.

2. ☒ Cancel original claims 2–20 of this application before calculating the filing fee. (At least one original independent claim must be retained for filing purposes.)

3. ☒ The filing fee is calculated below:

**CLAIMS AS FILED**

| NUMBER FILED | NUMBER EXTRA | | RATE | FEE |
|---|---|---|---|---|
| TOTAL CLAIMS:<br>20 -20 | 0 | x | $9.00 | $0.00 |
| INDEPENDENT CLAIMS<br>3 -3 | 0 | x | $39.00 | $0.00 |
| | | | BASIC FILING FEE: | $380.00 |
| | | | TOTAL FILING FEE: | $380.00 |
| | | | | |

☒ A Verified Statement that this filing is by a small entity is already filed in the prior application.

☐ A Verified Statement that this filing is by a small entity is attached.

4. ☒ Payment of fees:
   ☒ Attached is a check in the amount of $380.00.
   ☐ Please charge Deposit Account No. 13-2725.

5. ☒ The Commissioner is hereby authorized to charge any additional fees as set forth in 37 CFR §§ 1.16 to 1.18 which may be required by this paper or credit any overpayment to Account No. 13-2725.

6. ☐ Amend the specification by inserting before the first line the sentence:

   "This application is a Continuation of application Serial No. ______________, filed ______________, which application(s) are incorporated herein by reference."

7. ☒ A set of formal drawings (3 sheets) is enclosed.

8. ☐ Priority of application Serial No. ______, filed on ______ in ______, is claimed under 35 U.S.C. 119.

   ☐ The certified copy has been filed in prior application Serial No. ______, filed ______.

9. ☐ The prior application is assigned of record to ________ located at ________________.

10. ☒ The Power of Attorney in the prior application is to:

    Merchant & Gould P.C.
    3100 Norwest Center
    90 South Seventh Street
    Minneapolis, MN 55402-4131

11. ☒ A preliminary amendment is enclosed. (Claims added by this amendment have been properly numbered consecutively beginning with the number next following the highest numbered original claim in the prior application.)

    ☐ Fee for excess claims is attached.

12. ☐ A petition and fee has been filed to extend the term in the prior application until _______. A copy of the petition for extension of time in the prior application is attached.

13. ☐ The inventor(s) in this application are less than those named in the prior application and it is requested that the following inventors identified above for the prior application be deleted:

14. ☒ Also Enclosed: Information Disclosure Statement and PTO Form 1449

15. ☒ Address all future communications to the **Attention of Julie R. Daulton** (may only be completed by attorney or agent of record) at the address below.

16. ☒ A return postcard is enclosed.

Respectfully submitted,

MERCHANT & GOULD P.C.
3100 Norwest Center
90 South Seventh Street
Minneapolis, Minnesota 55402
(612) 332-5300

Date: 28 JUNE 1999

Julie R. Daulton
Reg. No. 36,414
JRD:PSTpmc

jc549 U.S. PTO
09/344842
06/28/99



FIG. 9




FIG. 7




FIG. 8




FIG. 6






FIG. 13




FIG. 11




FIG. 12




FIG. 10

OIPE
APR 24 2000
JC92
PATENT & TRADEMARK OFFICE

#6 Change of Address
L. Morgan
5/3/00

S/N 09/344,842 PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicant: | BOWLING | Examiner: | M. CHAMBERS |
| Serial No.: | 09/344,842 | Group Art Unit: | 3711 |
| Filed: | JUNE 28, 1999 | Docket No.: | 12206.1USC1 |
| Title: | RANDOM NUMBER GENERATOR FOR GAME PLAYING; AND METHODS | | |

CERTIFICATE UNDER 37 CFR 1.8:
I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail, with sufficient postage, in an envelope addressed to: Assistant Commissioner for Patents, Washington, D.C. 20231 on April 20 2000.

Kate Simants
KATE SIMANTS

## CHANGE OF ADDRESS

Assistant Commissioner for Patents
Washington, D.C. 20231

RECEIVED
MAY - 2 2000
TECHNOLOGY CENTER 3700

Dear Sir:

Please change the correspondence address for the above-identified patent application to:

Merchant & Gould P.C.
P.O. Box 2903
Minneapolis, MN 55402–0903

If there are any questions regarding this matter, please call the undersigned at 612–332–5300.

Respectfully submitted,

MERCHANT & GOULD P.C.
P.O. Box 2903
Minneapolis, MN 55402–0903
612/332–5300

Date: 20 APRIL 2000

Julie R. Daulton
Reg. No. 36,414
JRD:PSTkls

O.I.P.E. JC92
APR 24 2000
PATENT & TRADEMARK OFFICE

Copy 4/20

#7 Amdt. c/w Copy of IDS
L. Morgan
5/3/00

S/N 09/344,842

PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicant: | BOWLING | Examiner: | M. CHAMBERS |
| Serial No.: | 09/344,842 | Group Art Unit: | 3711 |
| Filed: | JUNE 28, 1999 | Docket No.: | 12206.1USC1 |
| Title: | RANDOM NUMBER GENERATOR FOR GAME PLAYING; AND METHODS | | |

CERTIFICATE UNDER 37 CFR 1.8:
I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail, with sufficient postage, in an envelope addressed to: Assistant Commissioner for Patents, Washington, D.C. 20231 on April 20, 2000.

Kate Simants
KATE SIMANTS

AMENDMENT AND RESPONSE

Assistant Commissioner for Patents
Washington, D.C. 20231

Dear Sir:

In response to the Office Action mailed January 20, 2000, Applicant amends this application as follows:

**In the Specification**

Please amend the specification as follows:

Page 1, after the title of the invention, after the language "This application is a continuation of Application Serial No. 09/003,246, filed January 6, 1998" insert the following —, now U.S. Patent 5,938,197—.

C

## In the Claims

Please amend claim 38 as follows:

18 ~~38~~. (Amended) A method for generating a random number in a game; the method comprising:

(a) providing a die having:

(i) a body having first and second, opposite end caps and an extension member therebetween;

(ii) the extension member having a first number of discrete facets and no more than the first number; said first number of discrete facets being greater than zero;

(A) each of the discrete facets being identically shaped and having equal surface areas;

(B) each of the discrete facets having indicia representing a different number;

(iii) the first end cap having a second number of discrete facets and no more than the second number; the second number being one–half of the first number;

(iv) each of the first end cap discrete facets being identically shaped and having equal surface areas;

(v) the second end cap having the second number of discrete facets and no more than the second number;

(vi) each of the second end cap discrete facets being shaped identically as the first end cap discrete facets; and each of the second end cap discrete facets having a surface area equal to a surface area of each of the first end cap discrete facets;

(vii) each of the discrete facets of the first and second end caps having a surface area different from the surface area of each of the discrete facets of the extension member; and

(b) dropping the die on a surface such that one of the discrete facets of the extension member eventually rests against the surface.

C1



19

a

**REMARKS**

In the Office Action, the Examiner rejected claim 38 as anticipated by U.S. Patent No. 5,690,331 to *Sides*. The Examiner also rejected claims 21–38 under the doctrine of obviousness type double patenting. By this Amendment, Applicant has amended claim 38 to more clearly define the invention. Applicant has also submitted a terminal disclaimer to address the rejection under obviousness type double patenting. For at least the following reasons, Applicant respectfully submits that the application, as amended, is in condition for allowance.

**A. Information Disclosure Statement**

The Examiner stated that the Information Disclosure Statement fails to comply with Rule 98(a)(2) because there was not a copy of each U.S. and Foreign patent submitted. Applicant points out that Rule 98(d) does not require a copy of each patent because each patent was provided in the parent application. If the Examiner does not believe that Rule 98(d) is applicable in this situation, the Examiner is requested to provide an explanation.

For the convenience of the Examiner, Applicant is providing the Examiner with a photocopy of the originally submitted Information Disclosure Statement. Applicant has also provided the Examiner with copies of the references, even though copies are not required under Rule 98(d). This is being provided as a courtesy to the Examiner. Applicant does not believe a fee is owed, since the originally submitted Information Disclosure Statement was properly and timely submitted.

Nevertheless, if the Patent Office still takes the position that a fee is owed, the Patent Office is authorized to charge our Deposit Account No. 13–2725. If it is believed that this fee is owed, again, Applicant requests an explanation for why Rule 98(d) is not applicable.

The Examiner is requested to initial the Form 1449 and return this document to the undersigned with the next communication.

**B. Claim Rejections**

The Examiner rejected claim 38 as anticipated by U.S. Patent No. 5,690,331. Evidently, the Examiner interpreted the claim language of the first end cap having a discrete number of facets as including zero. With such an interpretation, the Examiner read claim 38 on the *Sides* patent.

Applicant disagrees with the interpretation of the Examiner. It is believed that the claim, as originally submitted, clearly required that the number of facets be a number greater than zero. Despite this, Applicant has amended claim 38 to positively recite that the first end cap has a number of facets that is greater than zero.

It is believed that claim 38 is allowable over the *Sides* patent for a number of reasons, including, among other things, the fact that the first and second end caps include a number of discrete facets that are greater than zero.

The Examiner rejected claims 21−38 under the doctrine of obviousness type double patenting. Although Applicant disagrees with the Examiner, Applicant has submitted a terminal disclaimer. The terminal disclaimer should render the obviousness type double patenting rejection moot.

**C. Summary**

Claims 21−40 are pending. In view of the foregoing amendments and remarks, Applicant respectfully submits that each of these claims is allowable. Applicant respectfully requests reconsideration, reexamination, and a Notice of Allowance.

If the Examiner believes a telephone conference would advance the prosecution of this application, the Examiner is invited to telephone the undersigned at the below listed telephone number.

Respectfully submitted,

MERCHANT & GOULD P.C.
P.O. Box 2903
Minneapolis, MN 55402–0903
612/332–5300

Date: 20 APRIL 2000

Julie R. Daulton
Reg. No. 36,414
JRD:PSTkls

INFORMATION DISCLOSURE STATEMENT

PTO FORM 1449

COPIES OF REFERENCES [illegible]

OIPE APR 24 2000 JC92 PATENT & TRADEMARK OFFICE

S/N NEW FILING

PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicant: | BOWLING | Examiner: | B. LAYNO |
| Serial No.: | NEW FILING | Group Art Unit: | 3711 |
| Filed: | HEREWITH | Docket No.: | 12206.1USC1 |
| Title: | RANDOM NUMBER GENERATOR FOR GAME PLAYING; AND METHODS | | |

CERTIFICATE UNDER 37 CFR 1.10:
"Express Mail" mailing label number: EL340898253US
Date of Deposit: June 28, 1999

I hereby certify that this paper or fee is being deposited with the U.S. Postal Service "Express Mail Post Office to Addressee" service under 37 CFR 1.10 on the date indicated above and is addressed to Assistant Commissioner for Patents, Washington, D.C. 20231.

By: [signature]
Name: Tyrone Ross

**INFORMATION DISCLOSURE STATEMENT (37 C.F.R. §1.97(b))**

Assistant Commissioner for Patents
Washington, D.C. 20231

Dear Sir:

With regard to the above–identified application, the items of information listed on the enclosed Form 1449 are brought to the attention of the Examiner.

This statement should be considered because it is submitted within three months of the filing date of the above–identified application. Accordingly, no fee is due for consideration of the items listed on the enclosed Form 1449.

In accordance with 37 C.F.R. §1.98(d), a copy of each document or other information listed is not provided because it was previously cited by or submitted to the U.S. Patent and Trademark Office in parent application, U.S. Serial No. 09/003,246 filed on January 6, 1998.

No representation is made that a reference is "prior art" within the meaning of 35 U.S.C. §§ 102 and 103 and Applicants reserve the right, pursuant to 37 C.F.R. § 1.131 or otherwise, to establish that the reference(s) are not "prior art." Moreover, Applicants do not

represent that a reference has been thoroughly reviewed or that any relevance of any portion of a reference is intended.

Consideration of the items listed is respectfully requested. Pursuant to the provisions of M.P.E.P. 609, it is requested that the Examiner return a copy of the attached Form 1449, marked as being considered and initialed by the Examiner, to the undersigned with the next official communication.

Please charge any additional fees or credit any overpayment to Deposit Account No. 13-2725.

Respectfully submitted,

MERCHANT & GOULD P.C.
3100 Norwest Center
90 South Seventh Street
Minneapolis, Minnesota 55402
(612) 332-5300

Date: 28 JUNE 1999

[signature]
Julie R. Daulton
Reg. No. 36,414
JRD:PSTpmc

Sheet 1 of 1 09,344,842

Date Mailed: JUNE 28, 1999

| FORM 1449* INFORMATION DISCLOSURE STATEMENT IN AN APPLICATION (Use several sheets if necessary) | Docket Number: 12206.1USC1 | Application Number: NEW FILING |
| --- | --- | --- |
| | Applicant: BOWLING | |
| | Filing Date: HEREWITH | Group Art Unit: 3711 |

OIPE APR 24 2000 JC92 PATENT & TRADEMARK OFFICE

U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
| --- | --- | --- | --- | --- | --- | --- |
| WO | 1,271,551 | 07/1918 | Ebner et al. | | | |
| WO | 1,795,562 | 03/1931 | King et al. | | | |
| WO | 4,239,226 | 12/1980 | Palmer | | | |
| WO | Des. 267,569 | 01/1983 | Polite | | | |
| WO | 5,150,900 | 09/1992 | Onzo | | | |
| WO | 5,203,562 | 04/1993 | Smith | | | |
| WO | 5,224,708 | 07/1993 | Gathman et al. | | | |

FOREIGN PATENT DOCUMENTS

| | DOCUMENT NO. | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | TRANSLATION NO |
| --- | --- | --- | --- | --- | --- | --- | --- |

OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, Etc.)

EXAMINER [signature] DATE CONSIDERED 5/4/00

EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; draw line through citation if not in conformanc considered. Include copy of this form for next communication to the Applicant.

*Substitute Disclosure Statement Form (PTO-1449)

Patent and Trademark Office; U.S. DEPARTMENT OF C

OIPE JC92
APR 24 2000
PATENT & TRADEMARK OFFICE

#8
Term. Disclaimer

S/N 09/344,842

PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicant: | BOWLING | Examiner: | M. CHAMBERS |
| Serial No.: | 09/344,842 | Group Art Unit: | 3711 |
| Filed: | JUNE 28, 1999 | Docket No.: | 12206.1USC1 |
| Title: | RANDOM NUMBER GENERATOR FOR GAME PLAYING; AND METHODS | | |

CERTIFICATE UNDER 37 CFR 1.8: The undersigned hereby certifies that this correspondence is being deposited with the United States Postal Service, as first class mail, with sufficient postage, in an envelope addressed to: Assistant Commissioner for Patents, Washington, D.C. 20231, on APRIL 20, 2000.

By: Kate Simants
Name: KATE SIMANTS

## TERMINAL DISCLAIMER TO OBVIATE A DOUBLE PATENTING REJECTION

Assistant Commissioner for Patents
Washington, D.C. 20231

Dear Sir:

Petitioner, Michael A. Bowling, residing at 7931 South Avenida de Pina, Tucson, Arizona 85747, represents that he is the owner of the entire right, title and interest in U.S. Patent Application Serial No. 09/344,842, filed on June 28, 1999 and entitled RANDOM NUMBER GENERATOR FOR GAME PLAYING; AND METHODS.

Petitioner, Michael A. Bowling, hereby disclaims, except as provided below, the terminal part of the statutory term of any patent granted on the above–identified application, which would extend beyond the expiration date of the full statutory term of U.S. Patent No. 5,938,197 and hereby agrees that any patent so granted on the above–identified application shall be enforceable only for and during such period that the legal title to said patent shall be the same as the legal title to U.S. Patent No. 5,938,197, this agreement to run with any patent granted on the above–identified application and to be binding upon the grantee, its successors, or assigns.

04/26/2000 KZEWDIE 00000006 09344842
01 FC:248 55.00 OP

In making the above disclaimer, Petitioner does not disclaim the terminal part of any patent granted on the above–identified application that would extend to the full statutory term as presently shortened by any terminal disclaimer of United States Patent No. 5,938,197, in the event that any such issued patent: expires for failure to pay a maintenance fee, is held unenforceable, is found invalid, is statutorily disclaimed in whole or terminally disclaimed under 37 CFR 1.321(a), has all claims cancelled by a reexamination certification, or is otherwise terminated prior to the expiration of its full statutory term as presently shortened by any terminal disclaimer, except for the separation of legal title stated above.

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

Date: 3-9-00

Michael A. Bowling

**THE STATEMENT BELOW IS FOR OFFICE USE ONLY**

In accordance with the decision granting the petition filed on ____________, ______, this terminal disclaimer is accepted. The period of patent lapse specified above has been accepted as equivalent to ________ months.

Petitions Examiner

| **Notice of Allowability** | Application No. 09/344,842 | Applicant(s) BOWLING |
|---|---|---|
| | Examiner M. Chambers | Group Art Unit 3711 |

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance and Issue Fee Due or other appropriate communication will be mailed in due course.

☒ This communication is responsive to *amendment filed 4/24/00*

☒ The allowed claim(s) is/are *21-40*

☒ The drawings filed on *Jun 28, 1999* are acceptable.

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been

☐ received.

☐ received in Application No. (Series Code/Serial Number) ______.

☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

*Certified copies not received: ______

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE **THREE MONTHS** FROM THE "DATE MAILED" of this Office action. Failure to timely comply will result in ABANDONMENT of this application. Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION, PTO-152, which discloses that the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.

☐ Applicant MUST submit NEW FORMAL DRAWINGS

☐ because the originally filed drawings were declared by applicant to be informal.

☐ including changes required by the Notice of Draftsperson's Patent Drawing Review, PTO-948, attached hereto or to Paper No. ______.

☐ including changes required by the proposed drawing correction filed on ______, which has been approved by the examiner.

☐ including changes required by the attached Examiner's Amendment/Comment.

**Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the reverse side of the drawings. The drawings should be filed as a separate paper with a transmittal lettter addressed to the Official Draftsperson.**

☐ Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

Any response to this letter should include, in the upper right hand corner, the APPLICATION NUMBER (SERIES CODE/SERIAL NUMBER). If applicant has received a Notice of Allowance and Issue Fee Due, the ISSUE BATCH NUMBER and DATE of the NOTICE OF ALLOWANCE should also be included.

**Attachment(s)**

☐ Notice of References Cited, PTO-892

☒ Information Disclosure Statement(s), PTO-1449, Paper No(s). *3*

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

☐ Interview Summary, PTO-413

☒ Examiner's Amendment/Comment

☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material

☐ Examiner's Statement of Reasons for Allowance

## REASONS FOR ALLOWANCE

This Office Action is a response to the Application filed on:

| Number | Name | Date | Claims | Independent Claims |
|---|---|---|---|---|
| 09344842 | Bowling | 6/28/99 | 20 | 3 |

## DETAILED ACTION

1. The terminal disclaimer filed on 4/24/00 has been entered.

***Reasons for Allowance***

2. The following is an examiner's statement of reasons for allowance:

Claims 21 through 38 have been allowed because no prior art was found that discloses a die with first and second opposite end caps and an extension between said end caps and having the extension member having six discrete facets and each end cap having three distinct facets said facets being shaped identically. The surface area of the end caps is different from the surface area of the extension members. The method of use disclosed in claims 38-40 was not found in the prior art searched.

Any comments considered necessary by applicant must be submitted no later than the payment of the issue fee and, to avoid processing delays, should preferably accompany the issue fee. Such submissions should be clearly labeled "Comments on Statement of Reasons for Allowance."

3.

4. Any inquiry concerning this communication or earlier communications from the examiner should be directed to Michael Chambers whose telephone number is (703) 306-5516. The examiner can normally be reached on Mon.-Fri. from 8:30 to 5:00.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Jeanette E. Chapman, can be reached on (703) 308-1310. The fax phone number for the organization where this application or proceeding is assigned is (703) 308-7768.

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the receptionist whose telephone number is (703) 308-1078.

Steven Wong
Primary Examiner

| ***NOTICE OF REFERENCES CITED*** | Application No. 09/344842 | Applicant(s) Bowling | |
|---|---|---|---|
| | Examiner M.Chambers | Group Art Unit 3711 | Page 1 of 1 Part of Paper _4_ |

**U.S. PATENT DOCUMENTS**

| | | Document No. | Date | Name | Class | Subclass |
|---|---|---|---|---|---|---|
| | A | 5,690,331 | 11/25/97 | Sides | 273 | 146 |
| | B | 5,203,562 | 04/20/93 | Smith | 273 | 146 |
| | C | 4,678,190 | 07/07/87 | Dery | 273 | 146 |
| | D | | | | | |
| | E | | | | | |
| | F | | | | | |
| | G | | | | | |
| | H | | | | | |
| | I | | | | | |
| | J | | | | | |
| | K | | | | | |
| | L | | | | | |
| | M | | | | | |
| | N | | | | | |
| | O | | | | | |

**FOREIGN PATENT DOCUMENTS**

| | | Document No. | Date | Country | Name | Class | Subclass |
|---|---|---|---|---|---|---|---|
| | P | | | | | | |
| | Q | | | | | | |
| | R | | | | | | |
| | S | | | | | | |
| | T | | | | | | |
| | U | | | | | | |
| | V | | | | | | |

**NON-PATENT DOCUMENTS**

| | | DOCUMENT (Including Author, Title, Source, and Pertinent Pages) | Date |
|---|---|---|---|
| | W | | |
| | X | | |
| | Y | | |

PTO-892 **Notice of References Cited** 1/20/00 8:30 A

UNITED S1 ES DEPARTMENT OF COMMERCE
Patent and Trademark Office

# NOTICE OF ALLOWANCE AND ISSUE FEE DUE

DM12/0508

JULIE R DAULTON
MERCHANT & GOULD P C
P. O. BOX 2903
MINNEAPOLIS MN 55402-0903

| APPLICATION NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 09/344,842 | 06/28/99 | 020 | CHAMBERS, M | 3711 | 05/08/00 |
| First Named Applicant | BOWLING, | | 35 USC 154(b) term ext. = | 0 Days. | |

TITLE OF INVENTION: RANDOM NUMBER GENERATOR FOR GAME PLAYING; AND METHODS

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 3 12206.1USC1 | 273-138.100 | M25 | UTILITY | YES | $605.00 | 08/08/00 |

***THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED.***

***THE ISSUE FEE MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED.***

## *HOW TO RESPOND TO THIS NOTICE:*

I. Review the SMALL ENTITY status shown above.
If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

A. If the status is changed, pay twice the amount of the FEE DUE shown above and notify the Patent and Trademark Office of the change in status, or
B. If the status is the same, pay the FEE DUE shown above.

If the SMALL ENTITY is shown as NO:

A. Pay FEE DUE shown above, or

B. File verified statement of Small Entity Status before, or with, payment of 1/2 the FEE DUE shown above.

II. Part B-Issue Fee Transmittal should be completed and returned to the Patent and Trademark Office (PTO) with your ISSUE FEE. Even if the ISSUE FEE has already been paid by charge to deposit account, Part B Issue Fee Transmittal should be completed and returned. If you are charging the ISSUE FEE to your deposit account, section "4b" of Part B-Issue Fee Transmittal should be completed and an extra copy of the form should be submitted.

III. All communications regarding this application must give application number and batch number.
Please direct all communications prior to issuance to Box ISSUE FEE unless advised to the contrary.

***IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.***

**PATENT AND TRADEMARK OFFICE COPY**

OIPE JC92
APR 2 4 2000
PATENT & TRADEMARK OFFICE

GP3711

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicant: | BOWLING | Examiner: | M. CHAMBERS |
| Serial No.: | 09/344,842 | Group Art Unit: | 3711 |
| Filed: | JUNE 28, 1999 | Docket: | 12206.1USC1 |
| Due Date: | APRIL 20, 2000 | | |
| Title: | RANDOM NUMBER GENERATOR FOR GAME PLAYING; AND METHODS | | |

CERTIFICATE UNDER 37 CFR 1.8: The undersigned hereby certifies that this Transmittal Letter and the paper, as described herein, are being deposited in the United States Postal Service, as first class mail, with sufficient postage, in an envelope addressed to: Assistant Commissioner for Patents, Washington, D.C. 20231, on April 20, 2000.

By: [signature]
KATE SIMANTS

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

We are transmitting herewith the attached:

RECEIVED
MAY -2 2000
TECHNOLOGY CENTER 3700

- ☒ Transmittal Sheet in duplicate containing Certificate of Mailing
- ☒ Amendment
- ☒ Small entity status has been previously submitted
- ☒ Terminal Disclaimer
- ☒ Check(s) in the amount of $55.00, for Terminal Disclaimer
- ☒ Other: Change of Address, and Courtesy Copy of Information Disclosure Statement, PTO Form 1449 and 7 References
- ☒ Return postcard

Please consider this a PETITION FOR EXTENSION OF TIME for a sufficient number of months to enter these papers, if appropriate. Please charge any additional fees or credit overpayment to Deposit Account No. 13-2725. A duplicate of this sheet is enclosed.

MERCHANT & GOULD P.C.
P.O. Box 2903, Minneapolis, MN 55402-0903
(612) 332-5300

By: [signature]
Name: Julie R. Daulton
Reg. No.: 36,414
JRD:PSTkls

OIPE JC121
AUG 0 1 2000
PATENT & TRADEMARK OFFICE

B 9

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicant: | BOWLING | Examiner: | M. CHAMBERS |
| Serial No.: | 09/344,842 | Group Art Unit: | 3711 |
| Filed: | JUNE 28, 1999 | Docket: | 12206.1USC1 |
| Notice of Allow. Date: | MAY 8, 2000 | Batch No.: | M25 |
| Due Date: | AUGUST 8, 2000 | | |
| Title: | RANDOM NUMBER GENERATOR FOR GAME PLAYING; AND METHODS | | |

CERTIFICATE UNDER 37 CFR 1.8: The undersigned hereby certifies that this Transmittal Letter and the paper, as described herein, are being deposited in the United States Postal Service, as first class mail, with sufficient postage, in an envelope addressed to: BOX ISSUE FEE Assistant Commissioner for Patents, Washington, D.C. 20231, on July 28, 2000.

By: *Theta D. MacArthur*
Theta D. MacArthur

BOX ISSUE FEE
Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

We are transmitting herewith the attached:

- ☒ Transmittal Sheet in duplicate containing Certificate of Mailing
- ☒ Issue Fee Transmittal Part B (PTOL - 85B)
- ☒ Check(s) in the amount of $605.00, for payment of Issue Fee and $33.00, for 11 patent copies
- ☒ Return postcard

Please consider this a PETITION FOR EXTENSION OF TIME for a sufficient number of months to enter these papers, if appropriate. Please charge any additional fees or credit overpayment to Deposit Account No. 13-2725. A duplicate of this sheet is enclosed.

MERCHANT & GOULD P.C.
P.O. Box 2903, Minneapolis, MN 55402-0903
(612) 332-5300

23552
PATENT TRADEMARK OFFICE

By: *[signature]*
Name: Julie R. Daulton
Reg. No.: 36,414
JRD:tdm

(PTO TRANSMITTAL - GENERAL)

OIPE JC121
AUG 0 1 2000
PATENT & TRADEMARK OFFICE

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicant: | BOWLING | Examiner: | M. CHAMBERS |
| Serial No.: | 09/344,842 | Group Art Unit: | 3711 |
| Filed: | JUNE 28, 1999 | Docket: | 12206.1USC1 |
| Notice of Allow. Date: | MAY 8, 2000 | Batch No.: | M25 |
| Due Date: | AUGUST 8, 2000 | | |
| Title: | RANDOM NUMBER GENERATOR FOR GAME PLAYING; AND METHODS | | |

CERTIFICATE UNDER 37 CFR 1.8: The undersigned hereby certifies that this Transmittal Letter and the paper, as described herein, are being deposited in the United States Postal Service, as first class mail, with sufficient postage, in an envelope addressed to: BOX ISSUE FEE Assistant Commissioner for Patents, Washington, D.C. 20231, on July 28, 2000.

By: [signature]
Theta D. MacArthur

BOX ISSUE FEE
Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

We are transmitting herewith the attached:

☒ Transmittal Sheet in duplicate containing Certificate of Mailing
☒ Issue Fee Transmittal Part B (PTOL - 85B)
☒ Check(s) in the amount of $605.00, for payment of Issue Fee and $33.00, for 11 patent copies
☒ Return postcard

Please consider this a PETITION FOR EXTENSION OF TIME for a sufficient number of months to enter these papers, if appropriate. Please charge any additional fees or credit overpayment to Deposit Account No. 13-2725. A duplicate of this sheet is enclosed.

MERCHANT & GOULD P.C.
P.O. Box 2903, Minneapolis, MN 55402-0903
(612) 332-5300

23552
PATENT TRADEMARK OFFICE

By: [signature]
Name: Julie R. Daulton
Reg. No.: 36,414
JRD:tdm

# PART B—ISSUE FEE TRANSMITTAL

**Complete and mail this form, together with applicable fees, to:** **Box ISSUE FEE Assistant Commissioner for Patents Washington, D.C. 20231**

SF

***MAILING INSTRUCTIONS:*** This form should be used for transmitting the ISSUE FEE. Blocks 1 through 4 should be completed where appropriate. All further correspondence including the Issue Fee Receipt, the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Legibly mark-up with any corrections or use Block 1)

QM12/0508

JULIE R DAULTON
MERCHANT & GOULD P C
P. O. BOX 2903
MINNEAPOLIS MN 55402-0903

OIPE JC121 AUG 0 1 2000 PATENT & TRADEMARK OFFICE

Note: The certificate of mailing below can only be used for domestic mailings of the Issue Fee Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing.

**Certificate of Mailing**

I hereby certify that this Issue Fee Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Box Issue Fee address above on the date indicated below.

Theta D. MacArthur (Depositor's name)
Theta MacArthur (Signature)
July 28, 2000 (Date)

| APPLICATION NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 09/344,842 | 06/28/99 | 020 | CHAMBERS, M | 3711 | 05/08/00 |

First Named Applicant: BOWLING, 35 USC 154(b) term ext. = 0 Days.

TITLE OF INVENTION: RANDOM NUMBER GENERATOR FOR GAME PLAYING; AND METHODS

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 3 12206.1USC1 | 273-138.100 | M25 | UTILITY | YES | $605.00 | 08/08/00 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363). Use of PTO form(s) and Customer Number are recommended, but not required.

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47) attached.

2. For printing on the patent front page, list (1) the names of up to 3 registered patent attorneys or agents OR, alternatively, (2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 MERCHANT & GOULD P.C.
2 ____
3 ____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)
**PLEASE NOTE:** Unless an assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data is only appropiate when an assignment has been previously submitted to the PTO or is being submitted under separate cover. Completion of this form is NOT a subsititue for filing an assignment.
(A) NAME OF ASSIGNEE

(B) RESIDENCE: (CITY & STATE OR COUNTRY)

Please check the appropriate assignee category indicated below (will not be printed on the patent)
☐ individual ☐ corporation or other private group entity ☐ government

4a. The following fees are enclosed (make check payable to Commissioner of Patents and Trademarks):
☒ Issue Fee
☒ Advance Order - # of Copies 11

4b. The ~~following fees or~~ deficiency in these fees should be charged to:
DEPOSIT ACCOUNT NUMBER 13-2725
(ENCLOSE AN EXTRA COPY OF THIS FORM)
☒ Issue Fee
☐ Advance Order - # of Copies ____

The COMMISSIONER OF PATENTS AND TRADEMARKS IS requested to apply the Issue Fee to the application identified above.

(Authorized Signature) [signature] (Date) 28 July 2000

NOTE: The Issue Fee will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the Patent and Trademark Office.

***Burden Hour Statement:*** This form is estimated to take 0.2 hours to complete. Time will vary depending on the needs of the individual case. Any comments on the amount of time required to complete this form should be sent to the Chief Information Officer, Patent and Trademark Office, Washington, D.C. 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND FEES AND THIS FORM TO: Box Issue Fee, Assistant Commissioner for Patents, Washington D.C. 20231

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

08/02/2000 KZEWDIE1 00000166 09344842
01 FC:242 605.00 OP
02 FC:561 33.00 OP

**TRANSMIT THIS FORM WITH FEE**

(3)

# PATENT APPLICATION FEE DETERMINATION RECORD

Effective November 10, 1998

Application or Docket Number

09/344842

## CLAIMS AS FILED - PART I

SMALL ENTITY TYPE ☐ OR OTHER THAN SMALL ENTITY

| FOR | NUMBER FILED (Column 1) | | NUMBER EXTRA (Column 2) | SMALL ENTITY RATE | FEE | | OTHER THAN SMALL ENTITY RATE | FEE |
|---|---|---|---|---|---|---|---|---|
| BASIC FEE | | | | | 380.00 | OR | | 760.00 |
| TOTAL CLAIMS | 20 | minus 20= | * | X$ 9= | | OR | X$18= | |
| INDEPENDENT CLAIMS | 3 | minus 3 = | * | X39= | | OR | X78= | |
| MULTIPLE DEPENDENT CLAIM PRESENT | | | | +130= | | OR | +260= | |
| | | | | TOTAL | 380.00 | OR | TOTAL | |

* If the difference in column 1 is less than zero, enter "0" in column 2

## CLAIMS AS AMENDED - PART II

SMALL ENTITY OR OTHER THAN SMALL ENTITY

**AMENDMENT A**

| | | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY RATE | ADDITIONAL FEE | | OTHER THAN SMALL ENTITY RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|---|
| AMENDMENT A | Total | * | Minus | ** | = | X$ 9= | | OR | X$18= | |
| | Independent | * | Minus | *** | = | X39= | | OR | X78= | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +130= | | OR | +260= | |
| | | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

**AMENDMENT B**

| | | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY RATE | ADDITIONAL FEE | | OTHER THAN SMALL ENTITY RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|---|
| AMENDMENT B | Total | * | Minus | ** | = | X$ 9= | | OR | X$18= | |
| | Independent | * | Minus | *** | = | X39= | | OR | X78= | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +130= | | OR | +260= | |
| | | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

**AMENDMENT C**

| | | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY RATE | ADDITIONAL FEE | | OTHER THAN SMALL ENTITY RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|---|
| AMENDMENT C | Total | * | Minus | ** | = | X$ 9= | | OR | X$18= | |
| | Independent | * | Minus | *** | = | X39= | | OR | X78= | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +130= | | OR | +260= | |
| | | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20."
***If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3."
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.