3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota
55402-2215 USA
TEL 612.332.5300
FAX 612.332.9081
www.merchant-gould.com

# Merchant & Gould

An Intellectual Property Law Firm

A Professional Corporation

Direct Contact | 612.336.4665
Thomas J. Leach
tleach@merchantgould.com

June 27, 2007

***Via Facsimile***

Jeffrey K. Techentin
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

***Re:*** ***Bowling v. Hasbro, Inc.***
***C.A. No. 05-229S***
***M&G File No. 12206.4-US-ZA***

Dear Jeff:

Further to my letter of June 26, 2007, we ask that you withdraw Hasbro's late and newly asserted prior art invalidity contentions in this case which has already been pending for too long. They are nothing more than a thinly disguised attempt to once again delay trial of this case and to make this an exceptionally arduous case for an individual inventor to pursue.

It appears that Hasbro would like to redo fact and expert discovery simply because it does not like the position it finds itself on the eve of trial. To the contrary, the *KSR* decision did not change the law on obviousness. It does not raise or lower the bar on the standard of obviousness, but rather restates that the decades old standards of *Graham v. John Deere* are the primary tests to apply. Hasbro has had years (this conflict is now 7 years old) to develop any prior art invalidity contentions and to produce the relevant facts and contentions during discovery. If Hasbro has had this information for some time, it purposefully withheld these contentions, in violation of the Federal Rules, in an attempt to ambush Bowling just before trial. If Hasbro has only "recently" conducted a patent validity evaluation to develop these new contentions, it is similarly untimely and a grossly unfair tactic. This case has been dogged by Hasbro's vexatious litigation tactics and fact discovery, expert reports, expert discovery and pre-trial disclosures have now been long since been concluded. This new tactic, like your failed attempt to pay Mr. Lizarraga to claim that he was the 'inventor' and the very expensive discovery and bench trial needed to dispose of that false claim, is designed to unfairly magnify these proceedings. It is, at long last, now time for Mr. Bowling to get his right to trial.

Minneapolis/St. Paul
Denver
Seattle
Atlanta
Washington, DC

Finally, you asked for the professional courtesy that we not oppose Hasbro's motion to suspend the deadline to file pretrial memoranda under the pretense that it would help narrow the issues and focus the pretrial submissions. Just hours after the Court granted that motion you served Hasbro's amended and supplemental responses adding these new invalidity contentions which greatly enlarge and change the issues in this case. Had you not misrepresented your intentions, I would not have extended you the professional courtesy of not opposing your motion and would have gone forward with submitting our pretrial materials on June 29, 2007. We are disappointed in this tactic and your not being candid that you intended to try to use this extension to expand, and not reduce, the issues for trial.

Sincerely,

Thomas J. Leach

TJL:aer

cc: Craig Scott (via facsimile)