UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | **EXPEDITED REVIEW REQUESTED** |
| Defendant. | : | |

**MOTION TO COMPEL**

Defendant/Plaintiff-in-Counterclaim Hasbro, Inc. ("Hasbro") hereby moves for an order, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, compelling the production of one or more documents responsive to Hasbro's document requests previously issued and served on the Plaintiff, Michael Bowling. The grounds for this motion are set forth in the accompanying Memorandum of Law.

Counsel certifies that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.

Respectfully submitted,

HASBRO, INC.
By its Attorneys,

Todd D. White (#5943)
twhite@apslaw.com
Jeffrey K. Techentin (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200

Fax: (401) 751-0604/ 351-4607
Dated:

Of Counsel:

David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | **EXPEDITED REVIEW REQUESTED** |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL**

Defendant/Plaintiff-in-Counterclaim Hasbro, Inc. ("Hasbro") respectfully moves for an order, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, compelling the production of one or more documents responsive to Hasbro's document requests previously issued and served on the Plaintiff, Michael Bowling ("Plaintiff"). Specifically, Hasbro seeks the production of documents containing information relevant to the validity of the patent in suit that are currently in the hands of Plaintiff and/or his attorneys, are responsive to Hasbro's document requests, and to the production of which Plaintiff has offered no objection. Hasbro only recently discovered the existence of these documents, which have been in Plaintiff's possession (and that of his attorneys) since before this litigation began. Despite Hasbro's demand that Plaintiff produce them in advance of trial, Plaintiff refused, offering no excuse other than the expiration of discovery and utterly failing to account for his continuing duty of disclosure under Fed. R. Civ. P. Rules 26(e)(1) and 37(c). Under these circumstances, an order is warranted compelling the production of responsive documents and directing that Hasbro be awarded its fees and costs associated with this motion.

# I. <u>Factual Background</u>

As explained in greater detail in Hasbro's Motion for Reconsideration of the Court's order excluding certain invalidity evidence (Docket No. 116), Hasbro has only recently learned that certain documents not produced by Plaintiff to Hasbro actually contained information directly relevant to the validity of the claims of the patent in suit. *See* Memorandum of Law in Support of Motion for Reconsideration at 7-12. Specifically, Hasbro learned for the first time that the United States Patent and Trademark Office actually rejected a claim that was precisely analogous to Claim 1 of the patent in suit "under 35 U.S.C. 102(b) as being anticipated by or, in the alternative, under 35 U.S.C. 103(a) as obvious over [an earlier patent]." Office Action Summary (**Exhibit A**) at 2-3 (emphasis in original).

This document, contained in the file history for U.S. Pat. No. 6,318,720 (the "'720 patent"; a patent obtained by Plaintiff after the issuance of the patent in suit) is unquestionably responsive to Hasbro's document requests, issued during the course of discovery. Hasbro expressly sought documents pertaining to prior art to Plaintiff's dice invention, and Plaintiff averred that he would produce such documents. In full, the exchange in written discovery was as follows:

> **<u>Request No. 12</u>**
>
> All documents that evidence, refer to or otherwise relate to any prior art, of which Bowling is aware, either directly or indirectly, as relating to the subject die or any part thereof.
>
> **<u>Response to Request No. 12</u>**
>
> Plaintiff objects to this request to the extent that it calls for information subject to the attorney-client privilege or the work-product doctrine. Subject to this and the General Objections, Plaintiff will produce responsive documents.

**Exhibit B** at 9. Bowling did not produce the file history for the ’720 patent or for any of his other patents.

The publicly-available information obtained by Hasbro reveals that the ’720 patent history is not the only document that Plaintiff failed to disclose that pertained to prior art to his dice invention. The file history for US. Pat. No. 6,123,332 likewise contains a rejection by the PTO of one of Plaintiff’s applied-for claims as being anticipated by another patent. **Exhibit C** (Jan. 12, 2000 Office Action Summary). As with the rejection in the ’720 patent context, the PTO actively discussed Plaintiff’s claim language, substantially identical to the language employed in the patent in suit, and found that a patent that pre-dated Plaintiff’s original application actually contained all of the limitations present in Plaintiff’s claims:

> Claim 38 is rejected under 35 U.S.C. 102(b) as being **anticipated** by **Sides**. **Sides** device would utilize a similar method of use. **Sides** discloses (fig 2) a die having a first and second end caps with a body therebetween; an extension member with identically shaped facets and equal surface area; with indicia on each facet; first end cap having a number of facets (0); second end cap having ½ the number of the first end cap (0). Applicant may wish to modify claim to state – first end cap having a first number of discrete facets greater than 1 to avoid the art cited.

*Id.* at 2 (emphasis in original).[1] The Sides reference (U.S. Pat. No. 5,690,331) had issued approximately a month before Plaintiff filed his original patent application. It was also never disclosed by Plaintiff.[2]

---

[1] Plaintiff successfully argued to the PTO that the claims of the ’720 patent should be allowed over the prior art, and the issued patent ultimately contained the original claim language. The PTO’s rejection of the ’332 patent application, however, resulted in Plaintiff having to modify the claim language to avoid the cited art. *See* Amendment and Response (**Exhibit D**)

[2] Hasbro is not saying that it was unaware of the existence of the Sides reference. Hasbro’s point is that Plaintiff was obliged to produce prior art of which he was aware, that the PTO affirmatively told Plaintiff that the Sides patent was relevant prior art, and that Plaintiff failed to disclose the Sides patent in response to Hasbro’s request.

Hasbro asked Plaintiff about what patents he had applied for and received at his deposition and obtained the following testimony:

> Q. How many patent applications have you filed?
>
> A. Maybe three or four since then.
>
> Q. In addition to your original patent on the crystal die design?
>
> A. Yeah. I have, I think, several patents on that design, secondary patents on that. The one in '97 is not the only one. And, I don't know, I get a little confused as to whether they're utility or design. I get a little confused on that. I do have another patent on a display case, a pop top display case. You punch the button, and the lid pops open. And I want to say there's another one. Oh, I think design patents on a -- I created a dice bag that's actually shaped, contoured in the shape of a skull, so that when you fill the bag full of dice, it looks like a skull, not only visually, but contoured. It's a big seller at the trade shows. I don't know of -- I can't think of anything else at the moment.
>
> Q. Have you ever had any patent applications rejected?
>
> A. I don't believe so.
>
> Q. And each of the other patents that you have just mentioned, those are all issued patents, correct, whether they be design or utility or whatever?
>
> A. Yeah. I think I have three of them issued.

Bowling Dep. at 118:8-119:9 (**Exhibit E**). In fact, Plaintiff has five United States patents for his dice design, all embodying the same invention disclosed in the patent in suit. *See* Child Continuity Data for U.S. Pat. No. 5,938,197 (**Exhibit F**). Other than Plaintiff's representations at his deposition, Hasbro does not know if Plaintiff applied for any other patents embodying his dice design either in the United States or elsewhere; those records would in all likelihood not be publicly-available if no patent issued.

When Hasbro discovered that, contrary to Plaintiff's response at deposition, the PTO had in fact initially rejected two of his patent applications on the basis that the applications had

claimed subject matter that was either anticipated by or obvious over prior art references, Hasbro promptly wrote to Plaintiff's counsel and demanded that Plaintiff produce documents responsive to Hasbro's earlier document requests. **Exhibit G**. Hasbro specifically demanded that Plaintiff produce the following documents

> 1. All issued patents for Plaintiff's claimed die design (foreign and, to the extent not yet produced, domestic);
>
> 2. All applications and draft applications for patents for Plaintiff's claimed die design (foreign and, to the extent not yet produced, domestic);
>
> 3. File wrappers for all patent applications associated with Plaintiff's claimed die design (foreign and, to the extent not yet produced, domestic);
>
> 4. All prior art cited in any of the foregoing;
>
> 5. All prior art of which Plaintiff is aware; and
>
> 6. All other documents concerning prior art.

*Id.* Plaintiff's counsel refused outright, stating in full:

> The Court's recent Order denied Hasbro's request to reopen discovery. Your request is merely an end run around the Court's decision. As you know, discovery closed in April 2006, well over a year ago. Trial is just over a month away. We are not now, on the eve of trial, going back to redo discovery.
>
> The timing of your letter is also telling. If Hasbro truly had an issue with Bowling's discovery responses why did you wait until now to raise it? After all, Hasbro has known about Bowling's other patents for years – because they are all publicly available on the U.S. PTO's website. In responding to Hasbro's discovery, Bowling properly objected to its request as, among others, overly broad and burdensome for just that reason – Bowling's other patents and file histories are publicly available.[3] Apparently, Hasbro agreed because it never brought a motion to compel.

[3] Contrary to counsel's representation, none of Bowling's patent applications are available on the U.S. PTO website.

**Exhibit H**. Plaintiff's response did not dispute that Plaintiff was in possession of documents in each of the categories identified by Hasbro that were responsive to Hasbro's document requests and had not been produced by Plaintiff in the course of discovery. Rather, Plaintiff took the position that because he had successfully concealed responsive documents throughout discovery, Hasbro should not receive them now. Astonishingly, Plaintiff's counsel asserted that producing documents contained within ***counsel's own files*** would be "unduly burdensome."[4]

Hoping to avoid motion practice on this issue, counsel for Hasbro tried again to get Plaintiff to produce responsive documents, explaining in detail Plaintiff's continuing discovery obligations and the fact that Hasbro had no reason to suspect that Plaintiff had withheld relevant documents until its independent discovery of the PTO rejection of Plaintiff's patent applications. **Exhibit I**. Plaintiff did not respond to that letter, and this motion follows.

## II. Argument

Plaintiff has no excuse for having failed to produce prior art documents during the course of discovery. He and his counsel both knew that the PTO had rejected claims relating to his dice design based on prior art references (his patent prosecution counsel being the same as his trial counsel in this case). He and his counsel both knew that Hasbro had requested documents concerning and constituting prior art to his dice invention. He and his counsel knew that Plaintiff had not produced these documents to Hasbro. Plaintiff's and counsel's unquestionable awareness of the existence of these documents justifies an inference that his withholding of them from production was deliberate, but even if the failure to produce was inadvertent, Plaintiff is obliged to turn over the documents to Hasbro in advance of trial.

[4] Counsel's letter asserted that this "burden" objection had been lodged earlier, but as shown in Plaintiff's actual response to Hasbro's document request, that is incorrect.

### A. <u>Governing Standard</u>

Plaintiff's obligation to produce responsive documents arises under Fed. R. Civ. P. Rule 34, which required Plaintiff to either produce documents (or permit their inspection) or state an objection to the request. Whether or not Plaintiff consciously chose not to produce the documents in the course of discovery, he remained and remains under an obligation to seasonably update his earlier responses as he becomes aware of information. Fed. R. Civ. P. Rule 26(e)(2), which provides:

> A party is under a duty seasonably to amend a prior response to an interrogatory, request for production , or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

With Hasbro's written notification to counsel regarding Plaintiff's failure to produce prior art-related documents, Plaintiff has unequivocally "learn[ed] that [his earlier] response is in some material respect incomplete or incorrect." While Hasbro has, through its own independent investigation and initiative, learned of the existence of ***some*** responsive documents and obtained copies of those from the PTO, Plaintiff's refusal to supplement his earlier, incomplete response suggests that he is in possession of additional documents responsive to this request as to which Hasbro is not yet aware.

Plaintiff's obligation to supplement his earlier responses does not end with the passage of the discovery cutoff. Rule 26's duty to disclose is "continuing," meaning that it has no set termination. Neither Plaintiff nor his counsel is entitled to withhold documents or any other information, properly requested during discovery, on the grounds that they weren't ***caught*** withholding the documents until the eve of trial.

Rule 37 makes a failure to provide seasonable supplementation of earlier discovery responses sanctionable. *See* Fed. R. Civ. P. Rule 37(c)(1). Such failure justifies exclusion of the evidence at trial (*id.*) but here that sanction is inadequate. This is not a situation in which Plaintiff is hiding information he wishes to "surprise" Hasbro with at trial; this is Plaintiff attempting to hide information from Hasbro that Hasbro might introduce at trial. Under such circumstances, Rule 37 expressly allows the Court to fashion an appropriate remedy for the discovery violation, including attorney's fees and costs incurred as a result of the violation. *Id.* Here, Hasbro only seeks production of the documents in time to permit Hasbro to consider them for use at trial and its fees and costs associated with bringing this motion, both of which are expressly permitted under Rule 37.

**B. Production of The Documents Should Be Compelled**

Plaintiff only objected to Hasbro's request to the extent the request sought privileged or work-product documents. **Exhibit B**. Neither of the file histories that Hasbro now knows to contain documents pertaining to prior art have ever been identified on any privilege log; nor would they be, as the documents are from the PTO and are not privileged or work-product. No other prior art-related documents are shown on any privilege log. Accordingly, Plaintiff asserts no privilege with respect to the documents sought in Request No. 12.

There is no question about the discoverability of the documents. They are probative of the validity of the patent. They are relevant to several of Hasbro's asserted defenses and counterclaims, and could even form the basis for others as to which Hasbro lacked a factual predicate. Indeed, Plaintiff can hardly contest that the documents are discoverable, having himself requested such documents from Hasbro, and Hasbro having produced them in return.

Most importantly, Plaintiff affirmatively stated that he would produce documents in his possession responsive to Request No. 12. He did not.

Hasbro is in the awkward position of not knowing precisely what documents exist that would be responsive to Request No. 12, and therefore cannot present any exhaustive list for the Court to direct Plaintiff to produce. As set forth in counsel's letter attempting to gain compliance with Request No. 12 without Court intervention, the scope of documents responsive to the request would include the following:

1. All issued patents for Plaintiff's claimed die design (foreign and domestic);

2. All applications and draft applications for patents for Plaintiff's claimed die design (foreign and domestic);

3. File wrappers for all patent applications associated with Plaintiff's claimed die design (foreign and domestic);

4. All prior art cited in any of the foregoing;

5. All prior art of which Plaintiff is aware; and

6. All other documents concerning prior art.

Plaintiff has not produced all of the responsive documents in his possession or control as to ***any*** of those categories. The Court should therefore compel the production of such documents to the extent they have not yet been produced by Plaintiff.

**C. <u>Hasbro Should Be Awarded Its Fees and Costs Associated With This Motion</u>**

Rule 37 provides that where a motion to compel is granted or the discovery is provided only after a motion is brought, the Court shall (upon notice and an opportunity to be heard) award the movant its reasonable costs, including attorney's fees. Fed. R. Civ. P. Rule 37(a)(4)(A). Here, that award would be entirely appropriate. Plaintiff and his counsel knowingly withheld responsive documents throughout discovery. When confronted by Hasbro

after it discovered that Plaintiff had withheld the documents, Plaintiff actively eschewed his obligation to supplement his earlier disclosures, thumbing his nose at the rules and essentially challenging Hasbro to bring a motion. *See* **Exhibit H**. There should have been no need for this motion. The discovery sought was proper, Plaintiff's responses were inadequate, Plaintiff and his counsel actually have the documents that have been requested, and yet Plaintiff refuses to make appropriate disclosures. But for Plaintiff's refusal to comply with the rules, Hasbro would not have had to incur the costs of this motion. An order taxing Hasbro's costs and fees to Plaintiff is appropriate.

## III. Conclusion

For the foregoing reasons, Hasbro respectfully requests that the Court compel Plaintiff to produce all documents responsive to its Request for Documents No. 12.

Respectfully submitted,

HASBRO, INC.
By its Attorneys,

Todd D. White (#5943)
twhite@apslaw.com
Jeffrey K. Techentin (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated:

Of Counsel:

David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

**CERTIFICATE OF SERVICE**

TO:

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas J. Leach, Esq.
Douglas J. Williams, Esq.
Anthony R. Zeuli, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

David K. S. Cornwell, Esq.
Tracy-Gene G. Durkin, Esq.
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

I hereby certify that I filed the within Motion for Reconsideration and Memorandum of Law in support thereof through the ECF system on the ______ day of ______________, 2007, and that notice will be sent electronically to the above-named counsel who are registered participants identified on the Mailing Information for Case No. 05-229S.

______________________________

*436083_1*

# EXHIBIT A

| **Office Action Summary** | Application No. 09/669,712 | Applicant(s) BOWLING |
|---|---|---|
| | Examiner M. Chambers | Group Art Unit 3711 |

☒ Responsive to communication(s) filed on *Sep 26, 2000*

☐ This action is **FINAL.**

☐ Since this application is in condition for allowance except for formal matters, **prosecution as to the merits is closed** in accordance with the practice under *Ex parte Quayle* 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire *3* month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claim**

☒ Claim(s) *21-31* is/are pending in the applicat

Of the above, claim(s) *26-31* is/are withdrawn from consideration

☐ Claim(s) ______ is/are allowed.

☒ Claim(s) *21-25* is/are rejected.

☐ Claim(s) ______ is/are objected to.

☐ Claims ______ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on ______ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on ______ is ☐ approved ☐ disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been

☐ received.

☐ received in Application No. (Series Code/Serial Number) ______.

☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

*Certified copies not received: ______

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☒ Notice of References Cited, PTO-892

☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). ______

☐ Interview Summary, PTO-413

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

--- *SEE OFFICE ACTION ON THE FOLLOWING PAGES* ---

This Office Action is a response to the Application filed on:

| Number | Name | Date | Claims | Independent Claims |
|---|---|---|---|---|
| 09669712 | Bowling | 9/26/00 | 11 | 2 |

***DETAILED ACTION***

Group I: Claims 21-25 are directed towards a method of use.
Group II: Claims 18-24 are directed towards the apparatus.

Inventions I and II are related as product and process of use. The inventions can be shown to be distinct if either or both of the following can be shown: (1) the process for using the product as claimed can be practiced with another materially different product or (2) the product as claimed can be used in a materially different process of using that product (MPEP § 806.05(h)). In the instant case the method proposed could be used without the apparatus. For example a 10 sided die would use the method disclosed. This is different from the apparatus disclosed.

Because these inventions are distinct for the reasons given above and the search required for Group I is not required for Group II, restriction for examination purposes as indicated is proper.

1. Applicant is advised that the reply to this requirement to be complete must include an election of the invention to be examined even though the requirement be traversed (37 CFR 1.143).

A telephone conversation was made to J. Daulton on 11/30/00. Group I was selected without traverse. Claims 26-31 are withdrawn from further consideration by the examiner, 37 CFR 1.142(b), as being drawn to a non-elected invention.

***Drawings***

2. This application has been filed with informal drawings which are acceptable for examination purposes only. Formal drawings will be required when the application is allowed.

***Specification***

***Claim Rejections - 35 USC § 102***

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless --
> (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

3. Claims 21-25 are rejected under 35 U.S.C. 102(b) as being **anticipated** by or, in the alternative, under 35 U.S.C. 103(a) as obvious over **Polite**. **The Polite** device would utilize a

similar method of use. **Polite** discloses (fig 2) a die having a first and second end caps with a body therebetween; an extension member having a first number of discrete facets being identically shaped and having equal surface areas (10) and where the second number of end caps is ½ of the first (5). It would have been obvious to one of ordinary skill in the art to have modified the apparatus to have included a variety of different number of sides. The number of sides and ends is not critical to the apparatus.

As to claim 22: See base claim rejection. The method of use would have been the same.

As to claim 23: Polite discloses triangle-shaped facets (fig 1). The method of use would have been the same.
As to claim 24: Polite discloses a first number of 10 and a second number of 5 (fig 1). The method of use would have been the same.
As to claim 25: The Polite discloses a die (fig 1). It would have been obvious to one of ordinary skill in the art at the time of the invention to have used the Polite device in a game as it is a die.

***Double Patenting***

The nonstatutory double patenting rejection is based on a judicially created doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the unjustified or improper timewise extension of the "right to exclude" granted by a patent and to prevent possible harassment by multiple assignees. See *In re Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed. Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA 1970);and, *In re Thorington,* 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) may be used to overcome an actual or provisional rejection based on a nonstatutory double patenting ground provided the conflicting application or patent is shown to be commonly owned with this application. See 37 CFR 1.130(b).

Effective January 1, 1994, a registered attorney or agent of record may sign a terminal disclaimer. A terminal disclaimer signed by the assignee must fully comply with 37 CFR 3.73(b).

4. Claims 21-25 are rejected under the judicially created doctrine of obviousness-type double patenting as being unpatentable over claims 18-20 of U.S. Patent No. 6,123,332. Although the conflicting claims are not identical, they are not patentably distinct from each other because the method claimed in the instant invention is a obvious variation of the method claimed in the patent.

## *Conclusion*

The prior art made of record and relied upon.

| Patent Number | Date | Patent Name | | Notes |
|---|---|---|---|---|
| d267569 | 1/11/83 | Polite | | |
| 6123332 | 9/26/2000 | Bowling | | |

The prior art made of record and not relied upon is considered pertinent to applicant's disclosure.

| Patent Number | Date | Patent Name | | Notes |
|---|---|---|---|---|
| | | | | |
| | | | | |

***NOTE:***

***1) If Applicant believes they have not received all of the cited references noted in this office action, they should <u>call</u> the examiner listed below within one (1) week of receiving this notice in order to obtain duplicate material and reset the time frame of this office action. If the applicant fails to request additional materials in a timely manner, the requested materials will be resent, but the applicant will have to obtain a time extension in the normal fashion.***

Any inquiry concerning this communication or earlier communications from the examiner should be directed to **Michael Chambers** whose telephone number is (703) 306-5516. The examiner can normally be reached on Mon.-Fri. from 8:30 to 5:00.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Jeanette E. Chapman, can be reached on (703) 308-1310. The fax phone number for the organization where this application or proceeding is assigned is (703) 308-7768.

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the receptionist whose telephone number is (703) 308-1078.

### *Faxing of Responses to Office Actions*

In order to reduce pendency and avoid potential delays, TC3700 is encouraging FAXing of responses to Office Actions directly into the group at (703) 305-3579. This practice may be used for filing papers not requiring a fee. It may also be used for filing papers which require a fee by applicants who authorize charges to a PTO deposit account. Please identify the examiner, art unit and case number at the top of your cover sheet. Papers submitted via FAX into TC3700 will be promptly forwarded to the examiner.

JEANETTE CHAPMAN
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 3700

# ***ATTACHMENT TO AND MODIFICATION OF NOTICE OF ALLOWABILITY (PTO-37)***

***(November, 2000)***

**NO EXTENSIONS OF TIME ARE PERMITTED TO FILE CORRECTED OR FORMAL DRAWINGS, OR A SUBSTITUTE OATH OR DECLARATION**, notwithstanding any indication to the contrary in the attached Notice of Allowability (PTO-37).

If the following language appears on the attached Notice of Allowability, the portion lined through below is of no force and effect and is to be ignored[1].

A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE **THREE MONTHS** FROM THE "DATE MAILED" of this Office action. Failure to comply will result in ABANDONMENT of this application. ~~Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).~~

Similar language appearing in any attachments to the Notice of Allowability, such as in an Examiner's Amendment/Comment or in a Notice of Draftperson's Patent Drawing Review, PTO-948, is also to be ignored.

---

[1] The language which is crossed out is contrary to amended 37 CFR 1.85(c) and 1.136. See "*Changes to Implement the Patent Business Goals*", 65 *Fed. Reg.* 54603, 54629, 54641, 54670, 54674 (September 8, 2000), 1238 *Off. Gaz. Pat. Office* 77, 99, 110, 135, 139 (September 19, 2000).

# NOTICE OF REFERENCES CITED

| Application No. | Applicant(s) | | |
|---|---|---|---|
| 09/669712 | Bowling | | |
| Examiner | Group Art Unit | Page 1 of 1 | |
| M.Chambers | 3711 | Part of Paper _3_ | |

**U.S. PATENT DOCUMENTS**

| | Document No. | Date | Name | Class | Subclass |
|---|---|---|---|---|---|
| A | D267569 | 01/11/83 | Polite | d21 | 373 |
| B | 6,123,332 | 09/26/00 | Bowling | 273 | 138.1 |
| C | | | | | |
| D | | | | | |
| E | | | | | |
| F | | | | | |
| G | | | | | |
| H | | | | | |
| I | | | | | |
| J | | | | | |
| K | | | | | |
| L | | | | | |
| M | | | | | |
| N | | | | | |
| O | | | | | |

**FOREIGN PATENT DOCUMENTS**

| | Document No. | Date | Country | Name | Class | Subclass |
|---|---|---|---|---|---|---|
| P | | | | | | |
| Q | | | | | | |
| R | | | | | | |
| S | | | | | | |
| T | | | | | | |
| U | | | | | | |
| V | | | | | | |

**NON-PATENT DOCUMENTS**

| | DOCUMENT (Including Author, Title, Source, and Pertinent Pages) | Date |
|---|---|---|
| W | | |
| X | | |
| Y | | |

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MICHAEL BOWLING, a Resident of Arizona, Plaintiff,

v.

HASBRO, INC., a Rhode Island Corporation, Defendant.

C.A. No. 05-229S

**PLAINTIFF'S RESPONSE TO HASBRO, INC.'S FIRST**
**<u>SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS</u>**

Pursuant to Rule 34 of the Rules of Civil Procedure, Plaintiff Michael Bowling ("Bowling") responds to Defendant Hasbro, Inc.'s ("Defendant") First Set of Requests for The Production of Documents to Michael Bowling ("Defendant's Document Requests") as follows:

**<u>GENERAL OBJECTIONS</u>**

1. Plaintiff objects to Defendant's Document Requests to the extent that they call for the production of Plaintiff's confidential and proprietary business information. Plaintiff will produce the materials it has agreed to produce only after entry of a suitable Protective Order, and such materials will be produced subject to that Protective Order.

2. Plaintiff objects to each request to the extent it seeks information or documents protected by privilege, including, but not limited to, the attorney-client privilege and/or the work product doctrine, and Plaintiff and its counsel hereby assert such privileges and immunities. In particular, without limiting the generality of the foregoing, the following documents created pursuant to this action, which documents have not been shown to third parties, are withheld from production: letters, memoranda, and other writings transmitted by or between Plaintiff and its

offering for the sale the subject die in the United States.

**Response to Request No. 10**

Plaintiff objects to this request as overly broad and unduly burdensome in that it asks for "all documents" that Plaintiff distributed at any trade show. Subject to these and the General Objections, Plaintiff will produce responsive documents.

**Request No. 11**

The curriculum vitae for each and every expert retained by Bowling with respect to this litigation.

**Response to Request No. 11**

Plaintiff objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work-product doctrine. Plaintiff further objects to this request as premature, in that the Court's Pretrial Order addresses expert discovery. Subject to this and the General Objections, Plaintiff will make such documents available at the appropriate time.

**Request No. 12**

All documents that evidence, refer to or otherwise relate to any prior art, of which Bowling is aware, either directly or indirectly, as relating to the subject die or any part thereof.

**Response to Request No. 12**

Plaintiff objects to this request to the extent that it calls for information subject to the attorney-client privilege or the work-product doctrine. Subject to this and the General Objections, Plaintiff will produce responsive documents.

**Request No. 13**

All documents that evidence, refer to or otherwise relate to the full circumstances and/or

# EXHIBIT C

| **Office Action Summary** | Application No. 09/~~003,246~~ 344842 | Appl... (s) BOWLING |
|---|---|---|
| | Examiner M. Chambers | Group Art Unit 3711 |

[X] Responsive to communication(s) filed on *Jun 28, 1999*

[ ] This action is **FINAL.**

[ ] Since this application is in condition for allowance except for formal matters, **prosecution as to the merits is closed** in accordance with the practice under *Ex parte Quayle* 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire *3* month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claim**

[X] Claim(s) *2-40* is/are pending in the applicat

Of the above, claim(s) ______ is/are withdrawn from consideration

[ ] Claim(s) ______ is/are allowed.

[X] Claim(s) *2-40* is/are rejected.

[ ] Claim(s) ______ is/are objected to.

[ ] Claims ______ are subject to restriction or election requirement.

**Application Papers**

[ ] See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

[ ] The drawing(s) filed on ______ is/are objected to by the Examiner.

[ ] The proposed drawing correction, filed on ______ is [ ] approved [ ] disapproved.

[ ] The specification is objected to by the Examiner.

[ ] The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

[ ] Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

[ ] All [ ] Some* [N] None of the CERTIFIED copies of the priority documents have been

[ ] received.

[ ] received in Application No. (Series Code/Serial Number) ______ .

[ ] received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

*Certified copies not received: ______

[ ] Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

[X] Notice of References Cited, PTO-892

[ ] Information Disclosure Statement(s), PTO-1449, Paper No(s). ______

[ ] Interview Summary, PTO-413

[ ] Notice of Draftsperson's Patent Drawing Review, PTO-948

[ ] Notice of Informal Patent Application, PTO-152

***--- SEE OFFICE ACTION ON THE FOLLOWING PAGES ---***

This Office Action is a response to the Application filed on:

| Number | Name | Date | Claims | Independent Claims |
|---|---|---|---|---|
| ~~09003246~~3 44842 | Bowling | 6/28/99 | 20 | 3 |

**DETAILED ACTION**

***Priority***

1. An application in which the benefits of an earlier application are desired must contain a specific reference to the prior application(s) in the first sentence of the specification (37 CFR 1.78). Applicant may wish to modify statements in lines 2 and 3 to indicate "now US Patent 5,938,197

***Information Disclosure Statement***

2. The information disclosure statement filed 6/28/99 fails to comply with 37 CFR 1.98(a)(2), which requires a legible copy of each U.S. and foreign patent; each publication or that portion which caused it to be listed; and all other information or that portion which caused it to be listed. It has been placed in the application file, but the information referred to therein has not been considered. Therefore, unless the references have been cited by the examiner on form PTO-892, they have not been considered. No copies of patents were included.

***Drawings***

3. This application has been filed with informal drawings which are acceptable for examination purposes only. Formal drawings will be required when the application is allowed.

***Specification***

***Claim Rejections - 35 USC § 102***

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless --
>
> (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

4. Claim 38 is rejected under 35 U.S.C. 102(b) as being **anticipated** by **Sides**. **Sides** device would utilize a similar method of use. **Sides** discloses (fig 2) a die having a first and second end caps with a body therbetween; an extension member with identically shaped facets and equal surface area; with indicia on each facet; first end cap having a number of facets (0); second end cap having ½ the number of the first end cap (0). Applicant may wish to modify claim to state--first end cap having a first number of discrete facets greater than 1 to avoid the art cited.

***Double Patenting***

The nonstatutory double patenting rejection is based on a judicially created doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the unjustified or improper timewise extension of the "right to exclude" granted by a patent and to prevent possible harassment by multiple assignees. See *In re Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed. Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA 1970);and, *In re Thorington,* 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) may be used to overcome an actual or provisional rejection based on a nonstatutory double patenting ground provided the conflicting application or patent is shown to be commonly owned with this application. See 37 CFR 1.130(b).

Effective January 1, 1994, a registered attorney or agent of record may sign a terminal disclaimer. A terminal disclaimer signed by the assignee must fully comply with 37 CFR 3.73(b).

5.Claims 21-38 are rejected under the judicially created doctrine of double patenting over claims 1-20 of U. S. Patent No. 5,938,197 since the claims, if allowed, would improperly extend the "right to exclude" already granted in the patent.

The subject matter claimed in the instant application is fully disclosed in the patent and is covered by the patent since the patent and the application are claiming common subject matter, as follows: The claims are drawn to variations of the similar random number device. These variations include

1) multifaceted playing dies

2) six sided playing dies

3) printed indicia on dies

4) tapered sides and ends

6.Claims 39-40 are rejected under the judicially created doctrine of double patenting over claims 1-20 of U. S. Patent No. 5,938,197 since the claims, if allowed, would improperly extend the "right to exclude" already granted in the patent.

The subject matter claimed in the instant application is fully disclosed in the patent and is covered by the patent since the patent and the application are claiming common subject matter, as follows: The method of use of the instant device is similar to the method of use for the device in the patent. For example, the device described by the patent inherently has six sides and similar end caps described by the method (see claim 7). It would be obvious to provide the die and drop the die. There is no unique or novel method step detailed that would not be utilized with the article of the existing patent.

Furthermore, there is no apparent reason why applicant was prevented from presenting claims corresponding to those of the instant application during prosecution of the application which matured into a patent. See *In re Schneller*, 397 F.2d 350, 158 USPQ 210 (CCPA 1968). See also MPEP § 804.

***Conclusion***

The prior art made of record and relied upon.

| Patent Number | Date | Patent Name | Notes |
|---|---|---|---|
| 5690331 | 11/25/97 | Sides | |
| | | | |

The prior art made of record and not relied upon is considered pertinent to applicant's disclosure.

| Patent Number | Date | Patent Name | | Notes |
|---|---|---|---|---|
| 4678190 | 7/7/87 | Dery | | |
| 5203562 | 4/20/93 | Smith | | |
| | | | | |
| | | | | |
| | | | | |

*NOTE:*

***1) If Applicant believes they have not received all of the cited references noted in this office action, they should call the examiner listed below within one (1) week of receiving this notice in order to obtain duplicate material and reset the time frame of this office action. If the applicant fails to request additional materials in a timely manner, the requested materials will be resent, but the applicant will have to obtain a time extension in the normal fashion.***

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Michael Chambers whose telephone number is (703) 306-5516. The examiner can normally be reached on Mon.-Fri. from 8:30 to 5:00.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Jeanette E. Chapman, can be reached on (703) 308-1310. The fax phone number for the organization where this application or proceeding is assigned is (703) 308-7768.

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the receptionist whose telephone number is (703) 308-1078.

***Faxing of Responses to Office Actions***

In order to reduce pendency and avoid potential delays, TC3700 is encouraging FAXing of responses to Office Actions directly into the group at (703) 305-3579. This practice may be used for filing papers not requiring a fee. It may also be used for filing papers which require a fee by applicants who authorize charges to a PTO deposit account. Please identify the examiner, art unit and case number at the top of your cover sheet. Papers submitted via FAX into TC3700 will be promptly forwarded to the examiner.

JEANETTE CHAPMAN
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 3700

# EXHIBIT D

OIPE APR 24 2000 JC92 PATENT & TRADEMARK OFFICE

Cofm 4/20

#7 Amdt. c/w Copy of IDS L. Morgan 5/3/00

S/N 09/344,842

PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicant: | BOWLING | Examiner: | M. CHAMBERS |
| Serial No.: | 09/344,842 | Group Art Unit: | 3711 |
| Filed: | JUNE 28, 1999 | Docket No.: | 12206.1USC1 |
| Title: | RANDOM NUMBER GENERATOR FOR GAME PLAYING; AND METHODS | | |

CERTIFICATE UNDER 37 CFR 1.8:
I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail, with sufficient postage, in an envelope addressed to: Assistant Commissioner for Patents, Washington, D.C. 20231 on April 20, 2000.

Kate Simantz
KATE SIMANTS

AMENDMENT AND RESPONSE

Assistant Commissioner for Patents
Washington, D.C. 20231

Dear Sir:

In response to the Office Action mailed January 20, 2000, Applicant amends this application as follows:

**In the Specification**

Please amend the specification as follows:

Page 1, after the title of the invention, after the language "This application is a continuation of Application Serial No. 09/003,246, filed January 6, 1998" insert the following —, now U.S. Patent 5,938,197—.

C

## In the Claims

Please amend claim 38 as follows:

18 ~~38~~. (Amended) A method for generating a random number in a game; the method comprising:

(a) providing a die having:

(i) a body having first and second, opposite end caps and an extension member therebetween;

(ii) the extension member having a first number of discrete facets and no more than the first number; said first number of discrete facets being greater than zero;

(A) each of the discrete facets being identically shaped and having equal surface areas;

(B) each of the discrete facets having indicia representing a different number;

C1

(iii) the first end cap having a second number of discrete facets and no more than the second number; the second number being one–half of the first number;

(iv) each of the first end cap discrete facets being identically shaped and having equal surface areas;

(v) the second end cap having the second number of discrete facets and no more than the second number;

(vi) each of the second end cap discrete facets being shaped identically as the first end cap discrete facets; and each of the second end cap discrete facets having a surface area equal to a surface area of each of the first end cap discrete facets;

(vii) each of the discrete facets of the first and second end caps having a surface area different from the surface area of each of the discrete facets of the extension member; and

(b) dropping the die on a surface such that one of the discrete facets of the extension member eventually rests against the surface.

**REMARKS**

In the Office Action, the Examiner rejected claim 38 as anticipated by U.S. Patent No. 5,690,331 to *Sides*. The Examiner also rejected claims 21–38 under the doctrine of obviousness type double patenting. By this Amendment, Applicant has amended claim 38 to more clearly define the invention. Applicant has also submitted a terminal disclaimer to address the rejection under obviousness type double patenting. For at least the following reasons, Applicant respectfully submits that the application, as amended, is in condition for allowance.

**A. Information Disclosure Statement**

The Examiner stated that the Information Disclosure Statement fails to comply with Rule 98(a)(2) because there was not a copy of each U.S. and Foreign patent submitted. Applicant points out that Rule 98(d) does not require a copy of each patent because each patent was provided in the parent application. If the Examiner does not believe that Rule 98(d) is applicable in this situation, the Examiner is requested to provide an explanation.

For the convenience of the Examiner, Applicant is providing the Examiner with a photocopy of the originally submitted Information Disclosure Statement. Applicant has also provided the Examiner with copies of the references, even though copies are not required under Rule 98(d). This is being provided as a courtesy to the Examiner. Applicant does not believe a fee is owed, since the originally submitted Information Disclosure Statement was properly and timely submitted.

Nevertheless, if the Patent Office still takes the position that a fee is owed, the Patent Office is authorized to charge our Deposit Account No. 13–2725. If it is believed that this fee is owed, again, Applicant requests an explanation for why Rule 98(d) is not applicable.

The Examiner is requested to initial the Form 1449 and return this document to the undersigned with the next communication.

**B. Claim Rejections**

The Examiner rejected claim 38 as anticipated by U.S. Patent No. 5,690,331. Evidently, the Examiner interpreted the claim language of the first end cap having a discrete number of facets as including zero. With such an interpretation, the Examiner read claim 38 on the *Sides* patent.

Applicant disagrees with the interpretation of the Examiner. It is believed that the claim, as originally submitted, clearly required that the number of facets be a number greater than zero. Despite this, Applicant has amended claim 38 to positively recite that the first end cap has a number of facets that is greater than zero.

It is believed that claim 38 is allowable over the *Sides* patent for a number of reasons, including, among other things, the fact that the first and second end caps include a number of discrete facets that are greater than zero.

The Examiner rejected claims 21–38 under the doctrine of obviousness type double patenting. Although Applicant disagrees with the Examiner, Applicant has submitted a terminal disclaimer. The terminal disclaimer should render the obviousness type double patenting rejection moot.

**C. Summary**

Claims 21–40 are pending. In view of the foregoing amendments and remarks, Applicant respectfully submits that each of these claims is allowable. Applicant respectfully requests reconsideration, reexamination, and a Notice of Allowance.

If the Examiner believes a telephone conference would advance the prosecution of this application, the Examiner is invited to telephone the undersigned at the below listed telephone number.

Respectfully submitted,

MERCHANT & GOULD P.C.
P.O. Box 2903
Minneapolis, MN 55402-0903
612/332-5300

Date: 20 APRIL 2000

Julie R. Daulton
Reg. No. 36,414
JRD:PSTkls

# EXHIBIT E

Q. Had you ever applied for a patent for anything else before?
A. No, no.
Q. Well, when was that that you contacted Merchant & Gould?
A. I want to say sometime in '97. I don't have the exact date.
Q. How many patent applications have you filed?
A. Maybe three or four since then.
Q. In addition to your original patent on the crystal die design?
A. Yeah. I have, I think, several patents on that design, secondary patents on that. The one in '97 is not the only one.
And, I don't know, I get a little confused as to whether they're utility or design. I get a little confused on that. I do have another patent on a display case, a pop top display case. You punch the button, and the lid pops open. And I want to say there's another one. Oh, I think design patents on a -- I created a dice bag that's actually shaped, contoured in the shape of a skull, so that when you fill the bag full of dice, it looks like a skull, not only visually, but



0e833c06-3d41-44a8-baad-4c084646dbdf

contoured. It's a big seller at the trade shows.
I don't know of -- I can't think of anything else at the moment.
Q. Have you ever had any patent applications rejected?
A. I don't believe so.
Q. And each of the other patents that you have just mentioned, those are all issued patents, correct, whether they be design or utility or whatever?
A. Yeah. I think I have three of them issued. I have some trade marks too, trade marks, copyrights maybe. Because I know that periodically I'll get something issued from the government. It comes in a heavy -- you know, heavy, bond paper with foil lettering. I just put them in the draw with the other ones.
When you asked me about have I had any not allowed, typically, when I have an idea, I call Julie Dalton, and I talk with Julie about it. And there have been some ideas that I approached Julie on that, you know, I decided not to pursue.
MR. TECHENTIN: Mark this Exhibits 2.
(Exhibit No. 2, United States Patent, marked for identification.)
Q. Take a look at what's been marked as Exhibit 2,



0e833c06-3d41-44a8-baad-4c084646dbdf

# EXHIBIT F

**Patent eBusiness**

Electronic Filing
Patent Application Information (PAIR)
Patent Ownership
Fees
Supplemental Resources & Support

**Patent Information**

Patent Guidance and General Info
Codes, Rules & Manuals
Employee & Office Directories
Resources & Public Notices

**Patent Searches**

Patent Official Gazette
Search Patents & Applications
Search Biological Sequences
Copies, Products & Services

**Other**

Copyrights
Trademarks
Policy & Law
Reports

**Patent Application Information Retrieval**

Order Certified Application As Filed Order Certified File Wrapper View Order Li

**09/003,246 RANDOM NUMBER GENERATOR FOR GAME PLAYING**

Select New Case | Application Data | Transaction History | Image File Wrapper | Continuity Data | Fees | Published Documents | Address & Attorney/Agent

## Parent Continuity Data

| Description | Parent Number | Parent Filing or 371(c) Date | Parent Status | Patent Number |
|---|---|---|---|---|
| **No Parent Continuity Data Found.** | | | | |

## Child Continuity Data

09/344,842 filed on 06-28-1999 which is Patented claims the benefit of 09/003,246
09/669,712 filed on 09-26-2000 which is Patented claims the benefit of 09/003,246
29/103,297 filed on 04-12-1999 which is Patented claims the benefit of 09/003,246
29/130,816 filed on 10-10-2000 which is Patented claims the benefit of 09/003,246
90/008,746 filed on 08-02-2007 which is Pending claims the benefit of 09/003,246

*If you need help:*

- *Call the Patent Electronic Business Center at (866) 217-9197 (toll free) or e-mai EBC@uspto.gov for specific questions about Patent Application Information Retri (PAIR).*
- *Send general questions about USPTO programs to the USPTO Contact Center (U*
- *If you experience technical difficulties or problems with this application, please report them via e-mail to Electronic Business Support or call 1 800-786-9199.*

You can suggest USPTO webpages or material you would like featured on this section by E-mail to the webmaster@uspto.gov. While we cannot promis accommodate all requests, your suggestions will be considered and may lead to other improvements on the website.

# EXHIBIT G

ADLER POLLOCK & SHEEHAN P.C.

One Citizens Plaza, 8th floor
Providence, RI 02903-1345
Telephone 401-274-7200
Fax 401-751-0604 / 351-4607

175 Federal Street
Boston, MA 02110-2210
Telephone 617-482-0600
Fax 617-482-0604

www.apslaw.com

November 15, 2007

***Via Electronic Mail***

Thomas J. Leach, Esq.
Anthony Zeuli, Esq.
Merchant & Gould
3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-2215

Craig M. Scott, Esq.
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Douglas J. Williams Esq.
Fulbright & Jaworski L.L.P.
2100 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2112

Re: ***Michael Bowling v. Hasbro, Inc.***
C.A. No. 05-229S

Counsel:

As you know from the Motion for Reconsideration filed by Hasbro yesterday, Hasbro is now aware that Plaintiff failed to produce documents in response to document requests seeking, *inter alia*, prior art, documents pertaining to prior art, and patent applications. Please immediately (no later than next Wednesday, November 21, 2007) produce the following:

1. All issued patents for Plaintiff's claimed die design (foreign and, to the extent not yet produced, domestic);

2. All applications and draft applications for patents for Plaintiff's claimed die design (foreign and, to the extent not yet produced, domestic);

3. File wrappers for all patent applications associated with Plaintiff's claimed die design (foreign and, to the extent not yet produced, domestic);

4. All prior art cited in any of the foregoing;

ADLER POLLOCK & SHEEHAN P.C.

Thomas J. Leach, Esq.
Anthony Zeuli, Esq.
Craig M. Scott, Esq.
Douglas J. Williams Esq.
November 15, 2007
Page 2

***Via Electronic Mail***

5. All prior art of which Plaintiff is aware; and

6. All other documents concerning prior art.

These documents should have been produced literally years ago and most of them should be in Merchant & Gould's own files. If there is some reason why Plaintiff cannot produce specific documents within this time, please advise of the circumstances.

Please advise no later than close of business tomorrow whether Plaintiff intends to comply with this demand. In the meantime, I am available to meet and confer on this subject if you believe that would be helpful.

Very truly yours,

JEFFREY K. TECHENTIN
jtechentin@apslaw.com

pc: David K.S. Cornwell
Todd D. White, Esq.

*435400_1.doc*

# EXHIBIT H

# Merchant & Gould

An Intellectual Property Law Firm

3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota
55402-2215 USA
TEL 612.332.5300
FAX 612.332.9081
www.merchantgould.com

A Professional Corporation

Direct Contact
612.336.4665
Thomas J. Leach
tleach@merchantgould.com

November 19, 2007

***Via Facsimile***

Jeffrey K. Techentin
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

***Re:*** ***Bowling v. Hasbro, Inc.***
***C.A. No. 05-229S***
***M&G File No. 12206.4-US-ZA***

Dear Jeff:

The Court's recent Order denied Hasbro's request to reopen discovery. Your request is merely an end run around the Court's decision. As you know, discovery closed in April 2006, well over a year ago. Trial is just over a month away. We are not now, on the eve of trial, going back to redo discovery.

The timing of your letter is also telling. If Hasbro truly had an issue with Bowling's discovery responses why did you wait until now to raise it? After all, Hasbro has known about Bowling's other patents for years—because they are all publicly available on the U.S. PTO's website. In responding to Hasbro's discovery, Bowling properly objected to its request as, among others, overly broad and burdensome for just that reason—Bowling's other patents and file histories are publicly available. Apparently, Hasbro agreed because it never brought a motion to compel.

Sincerely,

Thomas J. Leach

TJL/vh

cc: Craig Scott (via facsimile)

Minneapolis/St. Paul
Denver
Seattle
Atlanta
Washington, DC

# EXHIBIT I

ADLER POLLOCK & SHEEHAN P.C.

One Citizens Plaza, 8th floor
Providence, RI 02903-1345
Telephone 401-274-7200
Fax 401-751-0604 / 351-4607

175 Federal Street
Boston, MA 02110-2210
Telephone 617-482-0600
Fax 617-482-0604

www.apslaw.com

November 20, 2007

***Via Facsimile Transmission***

Thomas J. Leach, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

Re: ***Michael Bowling v. Hasbro, Inc.***
C.A. No. 05-229S

Dear Tom:

I received a copy of your letter to me regarding Bowling's document production. I note that you do not even attempt to dispute that the documents identified in my letter, in fact, are responsive to Hasbro's earlier document request, have not been produced, and are in the possession of Bowling and/or his attorneys. I take it, then, that they are responsive and readily available; in other words, they are evidence relevant to the validity of the patent at issue and are available to be copied and forwarded immediately. That should end this discussion. Other than a vague threat that you would force Hasbro to go through motion practice at this stage of the litigation, is there any reason these documents are not being produced now? Your letter makes it plain that there is not.

Your letter completely fails to address the basic issue: Bowling knew about and had in his possession documents relevant to prior art and failed to produce them or to identify them on any privilege log. He has an obligation, one that never expires until judgment enters, to produce responsive materials. This obligation is independent of the discovery schedule. That our demand comes now, rather than during discovery, is purely the result of Bowling's refusal to meet his discovery obligations. If he had met those obligations, we would not be having this dialogue so near the trial date. You ask – rhetorically? – why Hasbro has not raised this issue until now. The answer is obvious: because until now, Bowling had effectively hidden these materials.

ADLER POLLOCK & SHEEHAN P.C.



***Via Facsimile Transmission***

Contrary to your suggestion, Hasbro had no basis for bringing a motion to compel earlier because Bowling was uniquely in possession of the knowledge that the prosecution documents relating to his subsequent patent applications (as opposed to the applications themselves, which in all likelihood would not constitute prior art-related documents) were actually responsive to Hasbro's request for prior art materials. Bowling (and his attorneys) knew whether the documents were responsive to Hasbro's requests; Hasbro did not. Hasbro cannot be expected (and is not expected) to obtain and review every "publicly available" document in the universe to determine whether it might be relevant to this case. It is entitled to request the documents from Bowling and to get them if he has them.

Your protestation that producing the ***records from your own files*** would be unduly burdensome is completely without merit. First, many of the documents identified in my letter are not "publicly available" in any meaningful sense. This would include foreign patent materials (which your letter pretends not to exist despite my having specifically mentioned them in my letter) and applications and associated documents for U.S. patents that were not issued. Second, your after-the-fact rationalization regarding the public availability of certain, still unidentified, documents does not create an objection where there was none. Hasbro sought prior art documents, and Bowling averred that other than attorney-client and work-product materials, "Plaintiff will produce responsive documents." Bowling offered no objection based on burden (aside from one boilerplate "general objection" amongst more than a dozen), let alone a specific objection that the materials responsive to the request were publicly available. I would also note that the mere fact that documents might be publicly available does not excuse Bowling from producing them. After all, every single instance of crystallographic and mineralogical prior art identified by Hasbro is "publicly available," and yet Bowling complained loudly about not being provided that material during discovery. That rationale works both ways.

I cannot fathom why Bowling would refuse to supplement his discovery to comply with Hasbro's request now that the failure has been brought to his attention. The refusal only invites what ought to be unnecessary motion practice. Hasbro requested prior art materials and Bowling has not produced them. They are neither attorney-client communications nor work-product, as evidenced by the fact that they are not listed on any privilege log. No other objection was lodged except for the prolix, boilerplate general objections. As evidenced by your letter, Bowling has no substantive basis to resist production of the documents.

ADLER POLLOCK & SHEEHAN P.C.



***Via Facsimile Transmission***

Your refusal to produce the documents identified in my letter is groundless. We intend to seek relief on this point unless you will commit to producing documents responsive to Hasbro's request that have heretofore been withheld. Please contact me by the end of the day if you wish to discuss this situation.

Very truly yours,

JEFFREY K. TECHENTIN
jtechentin@apslaw.com

pc: Craig M. Scott, Esq.
David K. S. Cornwell, Esq.
Todd D. White, Esq.

*435950_1.doc*