IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, Plaintiff, | : | C.A. No. 05-229S |
| v. | : | |
| HASBRO, INC., a Rhode Island Corporation, Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANT'S EMERGENCY MOTION FOR LEAVE TO FILE MOTION TO COMPEL**

Over eighteen months after the close of discovery, Hasbro, Inc. ("Hasbro") filed an Emergency Motion for Leave to File a Motion to Compel Documents. To explain the belated timing of its request, Hasbro claims that it only recently discovered the existence of plaintiff's other patents, applications and "prior art" documents it now seeks to compel.

That is untrue, and Hasbro's request for leave to file its Motion to Compel should be denied because Hasbro cannot show the "good cause" required under Rule 16 for relief from the Scheduling Order. First, Hasbro did not just discover these documents — its own document production shows it has known about them for two years. Second, the majority of the documents are now and have always been publicly available. Finally, Hasbro's timing is suspect. The parties recently received notice of a January 8, 2008 trial date. The Court also just denied Hasbro's Motion to reopen discovery into other alleged "new" prior art. (Docket No. 113.) This is simply Hasbro's newest effort to reopen discovery and delay trial.

## ARGUMENT

### A. Hasbro Was Not Diligent Because It Knew About Bowling's Other Publicly Available Patents, Applications and Prosecution Documents For Years

A Scheduling Order "shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b). Federal Rule 16(b)'s "good cause" standard emphasizes the *diligence* of the party seeking the amendment. *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 155 (1st Cir. 2004) (*emphasis added*).

Hasbro's claim that it "recently discovered the existence of [Bowling's other patents and applications]" is demonstrably false. At least as of October 27, 2005, Hasbro had a patent report that showed *all* of Bowling's relevant[1] U.S. and foreign patents and patent applications, which are the documents Hasbro now seeks to compel. (Ex. A.) A relevant portion is produced below:

**Basic Patent (Number,Kind,Date):** CA 2257784 AA 19990706

**Patent Family:**

| Patent Number | Kind | Date | Application Number | Kind | Date |
|---|---|---|---|---|---|
| AT 260130 | E | 20040315 | EP 98310445 | A | 19981218 |
| CA 2257784 | AA | 19990706 | CA 2257784 | A | 19990105 (Basic) |
| DE 69821901 | C0 | 20040401 | DE 69821901 | A | 19981218 |
| DE 69821901 | T2 | 20050217 | DE 69821901 | A | 19981218 |
| EP 928624 | A1 | 19990714 | EP 98310445 | A | 19981218 |
| EP 928624 | B1 | 20040225 | EP 98310445 | A | 19981218 |
| US 5938197 | A | 19990817 | US 3246 | A | 19980106 |
| US 6123332 | A | 20000926 | US 344842 | A | 19990628 |
| US 6318720 | BA | 20011120 | US 669712 | A | 20000926 |
| US 436635 | S1 | 20010123 | US 103297 | D | 19990412 |
| US 455462 | S1 | 20020409 | US 130816 | D | 20001010 |

At Bowling's deposition on January 16, 2006, Bowling confirmed that he had other patents. (Ex. B.) A few days later, Bowling served the discovery responses at issue; those

[1] Bowling has other patents, for example, a patent to a Skull Shaped Bag, U.S. Patent No. D504,621.

responses objected to producing any patents, patent applications, or prosecution histories other than for the '197 patent at issue in this suit.[2] (Ex. C at Request No. 1.) Bowling's privilege log also showed that Bowling only produced prosecution documents from the '197 patent file. Discovery closed on April 20, 2006. The deadline to file motions to compel expired on April 30, 2006. Hasbro never raised the issue or moved to compel Bowling's other patents, applications, or prosecution histories.

Thus, despite having the patent report, confirmation from Bowling that he had other patents, and a written objection refusing to produce any patents, patent applications, and prosecution histories other than for the '197 patent at issue in this suit, Hasbro never complained about Bowling's failure to produce information about other patents and applications. To the contrary, Hasbro acknowledged that Bowling's other patents and applications are public records and requested that the Court take judicial notice of some Bowling patents. (Docket No. 82.) Hasbro admitted that it obtained Bowling's other patents online. (Docket No. 116 at 11, n. 6.)

There is no "good cause" to allow Hasbro to reopen discovery to obtain publicly available documents that Hasbro knew about for two years. *See* Fed. R. Civ. P. 26(b)(2)(i-ii); *Access 4 All, Inc. v. W&D Davis Inv. Co.*, No. 2:06-CV-504, 2007 U.S. Dist LEXIS 12221, at *9 (S.D. Ohio Feb. 21, 2007) (stating that compelling discovery is unnecessary where the documents sought are publicly available to all) (Ex. D.) Hasbro's delay is fatal to its motion. *Miguel Angel Ayala-Gerena v. Bristol Myers-Squibb Co.*, 95 F.3d 86, 94 (1st Cir. 1996) (denying additional discovery due to delay where motion to compel was filed one month after discovery closed); s*ee also, Fisher v. Dizon*, No. 05-0540, 2007 U.S. Dist. LEXIS 54037, at *3-4 (E.D. Cal. July 16, 2007) (Ex. E.)

---

[2] During discovery, Bowling produced the '197 patent file, which included the '197 patent, the prosecution history and the prior art references cited on the '197 patent.

**B. Hasbro Was Not Diligent Because It Knew The Scope of Bowling's Prior Art Production and Could Have Raised This Issue Years Ago**

The face of every U.S. Patent, including Bowling's patents, lists the prior art references cited by patent number, date, and inventor[3]:

US006318720B1

(12) **United States Patent**
**Bowling**

(10) **Patent No.: US 6,318,720 B1**
(45) **Date of Patent: *Nov. 20, 2001**

(54) **RANDOM NUMBER GENERATOR FOR GAME PLAYING; AND METHODS**

(76) Inventor: **Michael A. Bowling**, 7931 S. Avenida de Pina, Tucson, AZ (US) 85747

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

This patent is subject to a terminal disclaimer.

(21) Appl. No.: **09/669,712**

(22) Filed: **Sep. 26, 2000**

**Related U.S. Application Data**

(63) Continuation of application No. 09/344,842, filed on Jun. 28, 1999, now Pat. No. 6,123,332, which is a continuation of application No. 09/003,246, filed on Jan. 6, 1998, now Pat. No. 5,938,197.

(51) **Int. Cl.**[7] .................. **A63B 71/00**; A63B 1/00
(52) **U.S. Cl.** .................. **273/138.1**; 273/146
(58) **Field of Search** .................. 273/138.1, 143 A, 273/146

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D. 267,569 * | 1/1983 | Polite | D21/373 |
| 1,271,551 | 7/1918 | Ebner et al. | |
| 1,795,562 | 3/1931 | King et al. | |
| 4,239,226 | 12/1980 | Palmer | |
| 4,678,190 | 7/1987 | Dery | |
| 5,150,900 | 9/1992 | Onzo | |
| 5,203,562 | 4/1993 | Smith | |
| 5,224,708 | 7/1993 | Gathman et al. | |
| 5,690,331 | 11/1997 | Sides | |
| 6,123,332 * | 9/2000 | Bowling | 273/138.1 |

* cited by examiner

*Primary Examiner*—Jeanette Chapman
*Assistant Examiner*—M. Chambers
(74) *Attorney, Agent, or Firm*—Merchant & Gould P.C.

(57) **ABSTRACT**

A die construction includes a body having first and second, opposite end caps and an extension member therebetween. The extension member has a first number of discrete facets and no more than the first number. Each of the discrete facets is identically shaped and have equal surface areas. The first end cap has a second number of discrete facets and no more than the second number. The second number is one-half of the first number. Each of the first end cap discrete facets is identically shaped and has an equal surface area to one another. The second end cap has the second number of discrete facets, that is, the same number as the first end cap, and has no more than the second number. Each of the second end cap discrete facets is identically shaped as the first end cap discrete facets. Each of the second end cap discrete facets has a surface area equal to a surface area of each of the first end cap discrete facets.

**5 Claims, 3 Drawing Sheets**

(Ex. F.) All of the references cited on Bowling's patents are publicly available online. Hasbro does not claim not to have these prior art documents. Bowling has no other prior art references.

[3] Bowling specifically incorporated his General Objections into his response to Hasbro's request seeking prior art. Bowling objected to this request as overly broad and burdensome, not relevant, and that they exceed the scope of discovery under the Federal Rules, specifically 26(b)(2)(i-ii) because they are all publicly available and cumulative. (Ex. C.)

A simple internet search, like Hasbro conducted in 2005, shows all of Bowling's relevant patents and patent applications. (Ex. A.) Using the search Hasbro had in 2005, or simply searching the '197 patent, provides the cited prior art references for all of Bowling's U.S. and foreign patents, which can *all* be viewed and obtained online. (Ex. G.) For example, Hasbro's 2005 patent search report lists Bowling's European Patent Number EP928624. That patent, like the others, is publicly available online with links to the other patents *and patent applications* in the family and the cited prior art:




(Ex. G.) Bowling has no non-public patents, patent applications, or prior art. The complete prosecution histories for *all* of Bowling's patents are also publicly available from a host of sources. (Docket No. 82.) Indeed, Hasbro admits it obtained the prosecution histories for Bowling's patents. (Docket No. 122-2 at 5.) Hasbro also admits that it obtained Bowling's published patents online. (Docket No. 116 at 11, n. 6.)

Hasbro let the discovery deadline pass. It let the deadline to file a motion to compel pass. It waited until the eve of trial to raise this issue. And it raised this issue only after the Court refused to reopen discovery into other alleged "new" prior art. Hasbro knew in 2005 about

everything it now asks Bowling to produce, and that information has always been publicly available—*all* of Bowling's patents, patent applications, cited prior art, and file histories.

### C. Hasbro's Motion Is A Second Attempt To Reopen Discovery And Add Invalidity Contentions

In addition to not having "good cause" because Hasbro delayed for over two years, the timing of Hasbro's motion also supports denial. Trial is just weeks away. (Docket No. 124.) The Court recently denied Hasbro's similar motion to reopen discovery to add "new" prior art because Hasbro did not raise the issue sooner. This motion is a repeat of Hasbro's earlier denied motion. It too should be denied.

## CONCLUSION

Hasbro's motion for leave to file its motion to compel should be denied because Hasbro cannot show the "good cause" required under Rule 16(b) to modify the Scheduling Order. Bowling also respectfully request its fees associated with objecting to Hasbro's motion as the Court has already once denied its motion to reopen discovery.

Michael Bowling,
By His Attorneys,

Date: November 30, 2007

/s/ Thomas J. Leach___________

Thomas J. Leach, MN (*pro hac vice*)
Anthony R. Zeuli, MN (*pro hac vice*)
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Phone: 612.332.5300

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

**CERTIFICATE OF SERVICE**

TO:

Todd D. White, Esq.
Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

David K. S. Cornwell, Esq.
Tracey-Gene G. Durkin, Esq.
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue N.W.
Washington, DC 20005

I hereby certify that the within Memorandum of Law in Support of Plaintiff's Objection To Defendant's Emergency Motion for Leave to File Motion to Compel was filed through the ECF system on the 30th day of November, 2007, and will be sent electronically to the above-named counsel who are registered participants identified on the Notice of Electronic Filing for Case No. 05-229S.

/s/ Thomas J. Leach__________