# EXHIBIT E

FOCUS - 6 of 46 DOCUMENTS

**JAMES H. FISHER, Plaintiff, vs. N. DIZON, et al., Defendants.**

**No. CIV S-05-0540 MCE EFB P**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA**

*2007 U.S. Dist. LEXIS 54037*

**July 16, 2007, Decided**
**July 17, 2007, Filed**

**SUBSEQUENT HISTORY:** Magistrate's recommendation at *Fisher v. Dizon, 2007 U.S. Dist. LEXIS 70115 (E.D. Cal., Sept. 21, 2007)*

**PRIOR HISTORY:** *Fisher v. Dizon, 2006 U.S. Dist. LEXIS 33528 (E.D. Cal., Apr. 19, 2006)*

**COUNSEL:** [*1] James H Fisher, Plaintiff, Pro se, Vacaville, CA.

For N Dizon, Correctional Officer, M Powers, J Anunciation, J. Barrientos, - Cry, Grannis, F Mendoza, - Newson, - Pearson, G. Rosales, Teresa Schwartz, R. St. Germain, - Sumner, S. Swain, - Yarber, Defendants: John William Riches, II, LEAD ATTORNEY, California Department of Justice, Sacramento, CA.

**JUDGES:** EDMUND F. BRENNAN, UNITED STATES MAGISTRATE JUDGE.

**OPINION BY:** EDMUND F. BRENNAN

**OPINION**

ORDER

Plaintiff is a prisoner without counsel seeking relief for civil rights violations. *See 42 U.S.C. § 1983*. This action proceeds on the March 21, 2005, complaint in which plaintiff alleges that he was sexually assaulted, beaten and repeatedly awakened early in the morning and threatened with knives. Plaintiff moves to compel defendants to respond to interrogatories and requests for production of documents. *See Fed. R. Civ. P. 37(a)(2)(B)*. He also seeks defendants' personnel records. Defendants oppose on the grounds that the discovery requests plaintiff served were late, the motion to compel is late and plaintiff did not serve discovery requests seeking defendants' personnel records. For the reasons explained below, the court finds that plaintiff's motion should be denied.

**I.** [*2] **Facts**

On July 28, 2006, the court issued a scheduling order pursuant to *Rule 16 of the Federal Rules of Civil Procedure*. *See* Docket # 35. In it, the court ordered that discovery would close on November 3, 2006, and that all discovery requests must be served no later than 60 days before that date. On September 21, 2006, plaintiff served on defendants' counsel interrogatories and a request for the production of documents. Opp'n, Ex. A at 15. On October 31, 2006, counsel for defendants wrote to plaintiff explaining that she did not intend to respond to plaintiff's discovery requests because they were served late. On November 27, 2006, plaintiff filed a motion to compel.

**II. Interrogatories and Requests for Production of Documents**

As stated, plaintiff seeks to compel responses to these discovery requests, and defendants oppose on the ground that the requests and this motion are late. Pursuant to the scheduling order, discovery closed on November 3, 2006, and all discovery requests had to be served no later than 60 days before that date. Thus, plaintiff had to serve his interrogatories and request for the production of documents no later than September 4, 2006. A scheduling order may be modified [*3] only on a showing of good cause, meaning that the party could not meet the deadline despite exercising due diligence. *Fed. R. Civ. P. 16(b)*; *Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)*. Here, defendants have submitted evidence that plaintiff did not serve the discovery requests until September 21, 2006. Plaintiff does not contest this evidence. Nor does he explain why the requests were late. Instead, he merely asserts that he should

not be held to "a stringent letter of the law, especially on technical matters that deal with timing, as plaintiff is limited to the time when he can get to the law library" to obtain copies, use typewriters, and the like. Motion at 4-5. The court finds that plaintiff served his interrogatories and requests for the production of documents beyond the time permitted in the scheduling order and he does not demonstrate that he could not, despite due diligence, timely serve them.

Defendants also contend that the court should deny plaintiff's motion because it was filed after discovery closed. Plaintiff asserts that he knew at the time of his October 2006 deposition that defendants had not responded to his discovery requests, but he [*4] relied on counsel's representation at that time that a response would be forthcoming. Motion at 4. As stated, discovery closed on November 3, 2006. On October 31, 2006, counsel wrote a letter to plaintiff explaining that the parties would not respond to the discovery requests because they were late. Applying the mailbox rule, *see Houston v. Lack, 487 U.S. 266, 270, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988)*, plaintiff did not file his motion to compel until on November 14, 2007, 11 days after discovery closed. He does not explain why he waited so long to file the motion. Thus, he fails to demonstrate good cause under *Rule 16(b)*. Plaintiff's motion to compel must be denied on the ground that it was filed beyond the time permitted in the scheduling order.

**III. Personnel Records**

Plaintiff moves for production and *in camera* inspection of defendants' personnel records. Defendants oppose on the ground that plaintiff did not serve requests for these documents. A party may move for an order compelling discovery with respect to objections or other failure to respond to interrogatories or requests to produce documents. *Fed. R. Civ. P. 37(a)(2)(B)*, *33(b)(5)*, *34(b)*. Plaintiff makes no showing that he served requests for these documents [*5] on any of the defendants. Therefore, there is no basis for compelling a response. Plaintiff's motion to compel personnel records therefore must be denied.

Accordingly, it is ORDERED that plaintiff's November 27, 2006, motion is denied.

Dated: July 16, 2007.

EDMUND F. BRENNAN

UNITED STATES MAGISTRATE JUDGE