IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING,<br>a Resident of Arizona,<br><br>Plaintiff,<br><br>v.<br><br>HASBRO, INC.,<br>a Rhode Island Corporation,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 05-229S |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT'S MOTION FOR RECONSIDERATION AND PLAINTIFF'S REQUEST FOR FEES**

Hasbro's motion for reconsideration, filed without leave of Court, should be denied for several reasons. First, Hasbro, Inc. ("Hasbro") claims that reconsideration is appropriate because the Court excluded evidence *sua sponte*, thus denying Hasbro the opportunity to justify the timing of its belated disclosures. Both contentions are untrue. This was not a *sua sponte* situation: Bowling's memorandum opposing Hasbro's motion to stay or reopen discovery explicitly requested that the Court exclude Hasbro's untimely invalidly contentions. Thereafter, Hasbro filed its Reply Brief and had a full opportunity to address all issues in its Reply Brief and at the subsequent oral argument.

Second, Hasbro does not raise any new or previously unavailable facts or arguments, which is fatal to its motion. Third, Hasbro's latest allegation that Bowling concealed publicly available documents is false. Hasbro has known about these public documents for over two years and admits that it had the '487 Crippen patent *in 2005*. (Docket No. 120.) The Court correctly found that waiting more than 14 months past the discovery deadline to disclose

Hasbro's invalidity contentions was neither justified nor harmless (Docket No. 113), and Hasbro's attorney's affidavit acknowledging that it had the information for over two years does not support the relief it now seeks. Finally, trial is set for January 8, 2008, and the parties have agreed to an aggressive pre-trial exchange of information over the next few weeks. Bowling respectfully requests that Hasbro's motion be denied without a hearing, and that the Court grant Bowling his fees in connection with responding to this diversionary and baseless motion.

## ARGUMENT

### A. Bowling Properly Moved the Court To Exclude Hasbro's Invalidity Contentions

Hasbro claims that the Court excluded its untimely invalidity evidence "*sua sponte* and without any motion by Plaintiff" and that it "never had an opportunity to present evidence regarding the justification." (Docket No. 116 at 2.) That is incorrect. Bowling properly moved this Court to exclude Hasbro's untimely invalidity contentions and evidence in Bowling's opposition brief. (Docket No. 100 at 17-21.) In fact, the title of Bowling's memorandum opposing Hasbro's motion to stay or reopen discovery explicitly requests that the Court exclude Hasbro's untimely invalidly contentions. (Docket No. 100 at 1.) In that brief, Bowling argued that Hasbro's new contentions should be excluded. (*Id*. at 17-21.)

Hasbro's reply brief dedicated an entire section that aggressively argued against excluding the invalidity contentions and evidence. (Docket No. 101 at 19-21.) The parties also addressed the issue at oral argument. Thus, Hasbro's suggestion that it never had an opportunity to justify its late disclosure or rebut plaintiff's harm contention is wrong.

### B. Reconsideration Should Be Denied Because Hasbro Makes the Same Previously Rejected Arguments

#### 1. Reconsideration Is Not Appropriate To Reargue Previously Rejected Arguments

A motion for reconsideration is only appropriate where the Court misapprehended the facts, a party's position, or the controlling law. Reconsideration is *not* appropriate to reargue previously decided issues even when the motion advances new arguments or supporting facts which were available, but not advanced, at the time of the original motion. *Edward Eugene Young, Sr. v. State of Rhode Island*, No. 03-257, 2006 U.S. Dist. LEXIS 82981, at *15 (D.R.I. Nov. 14, 2006) (Ex. A); *Plattenv. HG Bermuda Exempted Ltd.*, 437 F.3d 118, 139 (1st Cir. 2006) (affirming a *summary denial* of a partial motion for reconsideration because the motion merely reiterated the same allegations and arguments). This Court did not misapprehend the facts, the law or Hasbro's position. To the contrary, nothing in Hasbro's Motion changes the fact that it unjustifiably withheld its invalidity contentions to Bowling's harm.

Hasbro again relies on *KSR* to support its motion. However, the Court already considered and rejected Hasbro's *KSR* argument. (Docket No. 100 at 8-9.) Hasbro contends that the Crippen patent and the mineralogy references *anticipate* Bowling's '197 patent. (Ex. B at 3, 5-6.) The Supreme Court's decision in *KSR* dealt only with obviousness, not anticipation. *KSR Int'l v. Teleflex*, 550 U.S. __, 127 S. Ct. 1727, 1734 (2007). Moreover, *KSR* affirmed the Supreme Court's half-century old precedent in *Graham v. John Deere*. *KSR*, 127 S. Ct. at 1734; *Takeda Chem. Indus, Ltd. v. Alphapharm Pty., Ltd.*, No. 06-1329, 2007 U.S. App. LEXIS 15349 at *10 (Fed. Cir. June 28, 2007) (stating *Graham v. John Deere Co.* still controls the obviousness inquiry) (Ex. C.) Hasbro's argument that Rule 11 prevented it from raising anticipation and

obviousness arguments before *KSR* is not credible given its contention that both the Crippen patent and the crystalline art anticipate.

Further, Hasbro now admits that it had the '487 Crippen patent in *2005*. (Docket No. 120.) It also admits to having the mineralogy references in November of 2006. Yet Hasbro waited until June 26, 2007, fourteen months after discovery closed, to disclose its invalidity contentions. The Court correctly found this delay neither justified nor harmless. The Court rejected Hasbro's claim that it could not have disclosed it sooner because it did not have it, noting that Hasbro did not start looking for it until after discovery closed. (Docket No. 113 at 2.)

Hasbro also makes the same arguments regarding the Court's decision to exclude the evidence, and provides no facts or arguments that were not previously available. The Court already rejected Hasbro's arguments. (Docket No. 113 at 4.) The Court was well within its discretion to exclude Hasbro's untimely evidence, and it correctly recognized that the required sanction in the ordinary case is mandatory preclusion. *Presstek, Inc. v. Creo, Inc.*, No. 05-cv-65-PB, 2007 WL 983820, at *6 (D.N.H. March 30, 2007) (quoting *Lohnes v. Level 3 Commc'ns, Inc.*, 272 F.3d 49, 60 (1st Cir. 2002)).

The Court also rejected Hasbro's argument that the untimely disclosures were harmless. Hasbro precluded Bowling from taking any fact discovery or developing a record on issues of anticipation and obviousness, which have multiple factual components. During discovery, Hasbro admitted that it had no anticipation or obviousness contentions. Bowling relied on that admission in preparing its case. Hasbro's argument that its untimely disclosures are harmless because Bowling has had time to consider the evidence misses the point. Forcing Bowing to defend against dozens of "new" invalidity contentions after the close of discovery and without having had any opportunity to develop a factual record on these issues is not harmless.

### 2. Bowling's Declaration Is In Error, But That Error Is Irrelevant To The Court's Exclusion Order

Bowling and his counsel respectfully apologize to the Court and Hasbro for the error in Bowling's declaration in support of his opposition to stay. But, that mistake has no bearing on Hasbro's present motion. The Court's Order was based on Hasbro's lack of justification and Bowling's harm, not whether crystal structures were or were not used as prior art to dice patents. The Order never mentions the relevance of the crystalline structures to dice. Thus, Bowling's mistake does not justify reconsideration.

### 3. Hasbro's Claim That Bowling Concealed Public Information Is False[1]

Hasbro's claim that it "just recently" discovered Bowling's other patents and prosecution histories is demonstrably false. On October 27, 2005, Hasbro had a patent search report showing *all* of Bowling's relevant patents and patent applications.[2] (Ex. D.) At Bowling's deposition on January 16, 2006, Bowling confirmed that he had other patents. (Ex. E.) Hasbro even asked the Court to take judicial notice that Bowling's patents and their prosecution histories are public records at the U.S. Patent Office. (Docket No. 82.) All of those documents were and are publicly available—every patent, patent application, the cited references, and the prosecution histories. Despite providing multiple affidavits trying to explain why Hasbro failed to present a timely invalidity defense, Hasbro did not "just recently" learn of this information; it knew about it all beginning in 2005.

Hasbro also knew two years ago that Bowling produced only the files for U.S. patent No. 5,938,197 ("the '197 patent"), the patent in suit. Bowling objected to producing any patents,

---

[1] See Bowling's Objection To Hasbro's Motion for Leave To File Motion To Compel at Docket No. 125-2.
[2] Bowling has other patents, for example, a patent to a Skull Shaped Bag, U.S. Patent No. D504,621, and a patent to a Storage And Display Container, U.S. Patent No. D496,524.

patent applications, or prosecution histories other than for the ‘197 patent.[3] (Ex. F.) Bowling’s privilege log also showed that Bowling only produced the prosecution history from the ‘197 patent file.

Throughout discovery Hasbro never raised the issue with Bowling or filed a motion to compel.[4] Moreover Hasbro raised this issue just after the Court excluded its other invalidity contentions and refused to reopen discovery into “new” prior art. The timing of Hasbro’s allegation that plaintiff “concealed” publicly available information is telling. If Hasbro truly had an issue with Bowling’s production it would have raised the issue back in 2005 or 2006 before the close of discovery, and not waited until the eve of trial. This is simply Hasbro’s newest effort to reopen discovery and delay trial.

## CONCLUSION

Reconsideration should be denied because Hasbro merely reargues the same points the Court previously rejected. Bowling also respectfully request its fees associated with objecting to Hasbro’s motion as the Court has already once decided this issue.

[3] During discovery, Bowling produced the ‘197 patent file, which included the ‘197 patent, the prosecution history and the prior art references cited on the ‘197 patent.
[4] Likely, Hasbro had all this information because it knew about the information, it never raised the issue, and it is all publicly available. *See* Fed. R. Civ. P. 26(b)(2)(i-ii); *Accss 4 All, Inc. v. W&D Davis Inv. Co.*, No. 2:06-CV-504, 2007 U.S. Dist LEXIS 12221, at *9 (S.D. Ohio Feb. 21, 2007) (stating that compelling discovery is unnecessary where the documents sought are publicly available to all) (Ex. G.)

Michael Bowling,
By His Attorneys,

Date: December 3, 2007

/s/ Thomas J. Leach__________

Thomas J. Leach, MN (*pro hac vice*)
Anthony R. Zeuli (*pro hac vice*)
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Phone: 612.332.5300
Fax: 612.332.9081

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

**CERTIFICATE OF SERVICE**

TO:

Todd D. White, Esq.
Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

David K. S. Cornwell, Esq.
Tracey-Gene G. Durkin, Esq.
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue N.W.
Washington, DC 20005

I hereby certify that the within Plaintiff's Objection To Hasbro's Motion For Reconsideration and Memorandum in support of its Objection To Hasbro's Motion For Reconsideration and Request for Fees was filed through the ECF system on the 3rd day of December, 2007, and will be sent electronically to the above-named counsel who are registered participants identified on the Notice of Electronic Filing for Case No. 05-229S.

/s/ Thomas J. Leach__________