# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, Defendant. | : | |

**HASBRO'S SECOND AMENDED OBJECTIONS AND RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES, INTERROGATORY NO. 1**

Pursuant to Rule 26 and Rule 33 of the Federal Rules of Civil Procedure, Defendant Hasbro, Inc. ("Hasbro") hereby amends its prior responses to the Plaintiffs' First Set of Interrogatories (the "Interrogatories") as follows.

**GENERAL OBJECTIONS**

1. Hasbro objects to the Interrogatories, and the definitions and instructions contained therein, to the extent that they purport to expand upon Hasbro's obligations under the Federal Rules of Civil Procedure.

2. Hasbro objects to the Interrogatories, and the definitions and instructions contained therein, to the extent they seek the disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine and any other applicable privilege or immunity.

3. Hasbro objects to the Interrogatories, and the definitions and instructions contained therein, to the extent that they are overly broad, unduly burdensome, and/or seek information not relevant to the claim or defense of any party to this action.

4. Hasbro objects to the Interrogatories, and the definitions and instructions

Trademark Office the facts relating to the invention of the die. The patent is further unenforceable against Hasbro as a result of Hasbro's acquisition of Albert Lizarraga's rights in the invention. The plaintiff, his counsel, Albert Lizarraga, and Susan Lizarraga have information relevant to this contention.

Hasbro further contends that the plaintiff breached his duty of candor and good faith to the U.S. Patent and Trademark Office, and that the patent is invalid and/or unenforceable as a result, by virtue of the plaintiff's affirmative misrepresentation of a material fact and/or failure to disclose material information, and/or submission of false material information, coupled with an intent to deceive, specifically by representing to the U.S. Patent and Trademark Office the fact that the plaintiff had discovered material advantages in the use of the die construction claimed in the '197 patent, and by implication that the plaintiff had manufactured and tested the claimed die construction, when, in fact, the plaintiff had never produced any die in the form claimed in the patent, and therefore could not have performed any testing or other analysis upon which the plaintiff could make any representation regarding discovered advantages to the die construction. The plaintiff and his counsel have information relevant to this contention.

Hasbro further contends that at least claims 1 through 6, 10 through 12, 17, and 18 are invalid and unenforceable on the grounds that they are anticipated by U.S. Pat. No. 4,497,487 ("Chance Device") (the '487 patent). The '487 patent claims a game involving two twenty-sided dice and includes the following two figures to depict those dice in two-dimensional form:



FIG. 3

understood, and apparently was understood by the examiner, to be an equilateral triangle.

The disclosed die design in Figures 3 and 4 of the ’487 patent is not composed of twenty equilateral triangles. Because the figure is planar, determination of the actual “shape” of the depicted facets may be readily accomplished through observation and measurement. In the ’487 patent, the dice are shown as being composed of two distinct sets of faces: (1) ten identically-shaped faces, each of which is an equilateral triangle:



and (2) ten identically-shaped faces, each of which is an isosceles triangle arranged to form a regular pentagon:



This first set of faces constitutes the “extension member” in the parlance of the ’197 patent, and the second set comprises the two “end caps.” There can be no dispute regarding the fact that these two sets of faces have different surface areas. Each of the triangles on the “end caps” has an edge equal to the length of an edge of each of the “extension member” equilateral triangles, but the remaining two edges are shorter and the height of the “end cap” triangles is less than that of the “extension member” faces.

Because the ’487 patent discloses polyhedral dice identical to the Gathman patent except that the surface area of the end cap facets is different from the surface area of the extension member facets, this disclosure anticipates at least claims 1 through 6, 10 through 12, 17, and 18 of the ’197 patent, even as modified by the examiner’s amendment.

Hasbro further contends that at least claims 1 through 9 and 16 through 19 of the ’197 patent are invalid and unenforceable on the grounds that they are anticipated by, at a minimum,

the disclosures in François Sulpice Beudant, *Traité Élémentaire de Minéralogie*, v. 2 at Pl. 4 ($2^{d}$ Ed. Paris, Chez Verdière, 1832):




and Jacques Louis Comte de Bournon, *Traité Complet de la Chaux Carbonattée et de l'Arragonite*, v. 3 at Pl. 17 (London, William Phillips, 1808):




Other references from mineralogy and crystallography anticipate certain of the claims of the '197 patent. For example, James D. Dana, *Descriptive Mineralogy* (6th Ed., Edward S. Dana ed., New York, John Wiley & Sons 1909) at 651, anticipates claims 1, 2, 3, and 16 of the '197 patent, but does not reflect the limitation described in claim 4:



As a result, the Dana reference, but for the limitation in claim 4 and in claim 17(b)(iv) that the