# EXHIBIT F

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING,<br>a Resident of Arizona,<br><br>Plaintiff,<br><br>v.<br><br>HASBRO, INC.,<br>a Rhode Island Corporation,<br><br>Defendant. | : | C.A. No. 05-229S |

**PLAINTIFF'S RESPONSE TO HASBRO, INC.'S SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Rules of Civil Procedure, Plaintiff Michael Bowling ("Bowling") responds to Defendant Hasbro, Inc.'s ("Defendant") Second Set of Requests for The Production of Documents to Michael Bowling ("Defendant's Document Requests") as follows:

**GENERAL OBJECTIONS**

1. Plaintiff objects to each request to the extent it seeks information or documents protected by privilege, including, but not limited to, the attorney-client privilege and/or the work-product doctrine, and Plaintiff and its counsel hereby assert such privileges and immunities. In particular, without limiting the generality of the foregoing, the following documents created pursuant to this action, which documents have not been shown to third parties, are withheld from production: letters, memoranda, and other writings transmitted by or between Plaintiff and its counsel and any writing prepared and maintained internally by any of Plaintiff's counsel.

2. Plaintiff objects to each and every request to the extent that it purports, through definitions or otherwise, to impose burdensome duties on Plaintiff that exceed the scope of

reasonable and permissible discovery under the Federal Rules of Civil Procedure.

3. Plaintiff objects to each and every request to the extent that it seeks production of "all documents" responsive to the request on the grounds that such a request is overly broad, unduly burdensome, oppressive, seeks irrelevant documents, and documents not calculated to lead to the discovery of admissible evidence. Plaintiff also objects to the term "sufficient" as vague and ambiguous. Subject to these objections, and subject to a reasonable scope, Plaintiff will use reasonable diligence to locate documents within its possession, custody, or control, based on an examination of those files reasonably expected to yield responsive documents and documents relevant and/or reasonably calculated to lead to the discovery of admissible evidence. As used in these responses, the phrase "all documents," or phrases of similar import, should be understood to mean those documents that Plaintiff and its counsel were able to locate using reasonable diligence and judgment concerning the whereabouts of responsive documents. Such phraseology should not be construed as a representation that each and every document in the possession of Plaintiff has been examined in connection with these responses or any production pursuant thereto.

4. Plaintiff objects to each and every request to the extent that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

5. All documents produced by Plaintiff in response to Defendant's Document Requests are produced without waiver of, or prejudice to, any challenge by Plaintiff to the relevancy or admissibility of such documents in this case.

6. Plaintiff objects to each and every request to the extent that it is vague, indefinite and/or ambiguous. Notwithstanding and without waiving this objection, and to the extent

Plaintiff is able to ascertain the nature of the documents or things requested, Plaintiff will make reasonable efforts to respond to these requests. In the event Defendant subsequently asserts an interpretation of any request that differs from that of Plaintiff, Plaintiff reserves the right to alter, amend or modify its objections, responses, and production.

7. By stating below that Plaintiff will produce documents or things that fall within a given request, Plaintiff makes no representation that non-privileged documents or things currently exist and can be located.

8. Plaintiff objects to each request to the extent that it seeks production of documents or things relating to Plaintiff's product development efforts in connection with potential products to be made, sold, and/or used in the future. Accordingly, Plaintiff will not produce or identify in a privilege log any such documents or things relating to Plaintiff's on-going product development efforts.

9. Plaintiff objects to each request to the extent that it seeks production of confidential, non-published, and non-publicly available patent prosecution-related documents or things (whether foreign or domestic). Accordingly, Plaintiff will not produce or identify in a privilege log any such documents or things.

10. Plaintiff objects to each and every request as purporting to call for production of original documents on the ground that each such request is unduly burdensome, oppressive and contrary to Fed. R. Evid. 1003.

11. Plaintiff objects to the extent any request is not limited in time on the grounds that those requests are oppressive and burdensome, seek documents or things that are irrelevant to the subject matter of this action and are not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff will limit its search and responses to a reasonable time period,

taking into consideration the allegations in the complaint.

12. Plaintiff objects to each request to the extent that it seeks non-party confidential information. Because such information, to the extent it exists, cannot be produced by Plaintiff, it will be deemed not in Plaintiff's possession or control. Such information will need to be sought from the applicable non-party, or from Plaintiff after obtaining a release from the non-party.

13. Plaintiff objects to each request to the extent it seeks information that is protected by the right of privacy of any person from whom discovery is sought.

14. Plaintiff's responses to Defendant's Second Set of Document Requests Nos. 1-6 are based upon the best information reasonably available to Plaintiff. Upon further investigation, certain details set forth in these responses may be altered or amended and additional documents may be discovered. These responses to Defendant's Second Set of Document Requests Nos. 1-6 represent Plaintiff's diligent and reasonable efforts to provide the information requested within the requested time-period based upon documents in Plaintiff's possession, custody or control that Plaintiff has been able to locate through a reasonable search of its files based on Plaintiff's current knowledge. Plaintiff reserves all right to produce evidence of any subsequently discovered fact or facts, to alter or amend the responses set forth herein, and otherwise to assert factual and legal contentions as additional facts are ascertained, analyses made and legal research is completed. In addition, as these responses have been prepared prior to the identification and review of all files considered reasonably likely to contain responsive materials, a statement in these responses to the effect that particular documents or categories thereof will be produced is not to be construed as a representation that such documents in fact exist.

15. All of these objections are incorporated into each response below. Plaintiff's production of documents and things is not to be construed as a waiver of the foregoing

objections, any specific objections stated in the following responses, or Plaintiff's right to object to any additional, supplemental or further discovery requests of Defendant.

**RESPONSES**

**Request No. 1**

All documents that evidence, concern, or relate to the design of any dice invented, designed, created, manufactured, or sold by Bowling, including without limitation sketches, drawings, CAD files (*e.g.*, ".dwg" files), textual descriptions, patent applications, draft patent applications, copyright registrations, correspondence concerning the invention, design, creation, manufacture, and sale.

**Response to Request No. 1**

Plaintiff objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work-product doctrine. Plaintiff further objects to this request as overly broad and unduly burdensome in that it requests "all documents that evidence, concern, or relate to" Bowling's design of "any" dice invented and/or sold. Plaintiff objects to this request to the extent it seeks documents that are irrelevant to any claim or defense or not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the General Objections, responsive documents have previously been produced.

**Request No. 2**

One sample of every die made by Bowling that Bowling contends to be patented under the '197 patent.

**Response to Request No. 2**

Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine. Plaintiff objects to this request to the extent it seeks

documents and things that are irrelevant to any claim or defense in this action and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request as overbroad and unduly burdensome in that it asks Plaintiff to conduct an infringement analysis on dice not at issue in this case. Subject to these and the General Objections, Plaintiff has produced his product brochures, which include photographs of all the dice Plaintiff sells, from which Hasbro can determine which dice are covered by the '197 patent.

**Request No. 3**

All dice created by Bowling in the course of his alleged invention of the die construction set forth in the '197 patent.

**Response to Request No. 3**

Plaintiff objects to this request as vague and ambiguous as it asks for "all dice created by Bowling in the course of his alleged invention." Plaintiff objects to this request as overly broad and unduly burdensome in that it requests "all dice" created by "Bowling in the course of his alleged invention" without limitation. Subject to these and the General Objections, Plaintiff has produced photographs of a prototype die that was designed prior to the inventive dice disclosed and claimed in the '197 patent.

**Request No. 4**

One sample of every package, container, or other material used by Bowling to hold dice that Bowling contends to be patented under the '197 patent, whether such packaging was for wholesale or retail use.

**Response to Request No. 4**

Plaintiff objects to this request as overly broad and unduly burdensome as it requests a

sample of every "package, container, or other material used by Bowling to hold dice." Plaintiff objects to this request as overly broad and unduly burdensome in that it is not restricted to the relevant time period. Plaintiff objects to this request as overly broad and unduly burdensome to the extent it requires Plaintiff to conduct a claim analysis on every die he sells. Plaintiff further objects to this request to the extent that it asks for information protected by the attorney-client privilege or the work-product doctrine. Subject to these and the General Objections, Plaintiff will produce responsive samples, to the extent that such samples exist.

**Request No. 5**

All documents evidencing, concerning, or constituting the marking of Bowling's dice with respect to the '197 patent, including designations as "patent pending," and one sample of all packing on which said marking appeared.

**Response to Request No. 5**

Plaintiff objects to this request to the extent that it seeks information protected by the attorney-client privilege or the work-product doctrine. Plaintiff further objects to this request as overly broad and unduly burdensome in that it requests "all documents" concerning the marking of Plaintiff's dice. Subject to these and the General Objections, responsive documents have previously been produced.

**Request No. 6**

All documents evidencing, concerning, or constituting any change or instruction to change the packaging, containers, or other material used by Bowling to hold dice that Bowling contends to be patented under the '197 patent, whether such packaging was for wholesale or retail use.

**Response to Request No. 6**

Plaintiff objects to this request to the extent that it seeks information protected by the

attorney-client privilege or the work-product doctrine. Plaintiff further objects to this request as overly broad and unduly burdensome in that it requests "all documents" concerning changes made to Plaintiff's packaging. Subject to these and the General Objections, Plaintiff will produce responsive documents to the extent that such documents exist.

Michael Bowling,
By his attorneys,

Craig M. Scott, Esq. (R.I. Bar #4237)
Christine K. Bush, Esq. (R.I. Bar #5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

Douglas J. Williams, *pro hac vice*
Thomas J. Leach, *pro hac vice*
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 332-5300

**CERTIFICATION**

TO:

Todd D. White, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

I hereby certify that I caused a true copy of the within *Response to Second Set of Requests for Production* to be to be transmitted by First Class Mail to the above named counsel of record on the 19 day of January, 2006.

C:\temp\MetaSave\Response to Hasbro's 2nd Req for Prod FINAL.DOC