# EXHIBIT G

LEXSEE

**ACCESS 4 ALL, INC., et al., Plaintiffs, vs. W & D DAVIS INVESTMENT CO., LTD., Defendant.**

**Civil Action 2:06-CV-504**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION**

**2007 U.S. Dist. LEXIS 12221**

**February 21, 2007, Decided**
**February 21, 2007, Filed**

**COUNSEL:** [*1] For ACCESS 4 ALL Inc A Florida not for profit corporation, Plaintiff: Lawrence A. Fuller, LEAD ATTORNEY, Fuller, Fuller & Associates P.A., North Miami, FL US.

For Randy Young, Plaintiff: Owen Benton Dunn, Jr, LEAD ATTORNEY, Toledo, OH; Thomas B. Bacon, Law Office of Owen B. Dunn, Jr., North Miami, FL.

For W & D Davis Investment Co LTD, Defendant: Karen Krisher Rosenberg, LEAD ATTORNEY, Lane Alton & Horst LLC, Columbus, OH; Tonda Lee Moore, Lucas Prendergast Albright Gibson & Newman, Columbus, OH.

**JUDGES:** Norah McCann King, United States Magistrate Judge.

**OPINION BY:** Norah McCann King

**OPINION**

**OPINION AND ORDER**

Plaintiffs seek injunctive relief and attorneys fees in connection with defendant's alleged violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, at its premises known as Carnaby Shopping Center, 5929-6029 East Main Street, Columbus, Ohio. This matter is before the Court on *Plaintiffs' Motion to Compel Inspection of Defendant's Premises ("Plaintiffs' Motion to Compel Inspection"),* Doc. No. 22, *Plaintiffs' Motion to Compel Defendant's Compliance with Plaintiffs' Request for Production ("Plaintiffs' Motion to* [*2] *Compel Document Production"),* Doc. No. 23, and *Combined Defendant W & D Davis Investment Co., LTD's Memorandum Contra to Plaintiff's Motion to Compel Discovery and Defendant's Motion to Compel Plaintiffs' Expert Report ("Defendant's Memorandum Contra Plaintiffs' Motion to Compel Document Production"* or *"Defendant's Motion to Compel Expert Report"),* Doc. No. 31, 32. [1]

1 Defendant filed this document twice, giving it a different caption on this Court's docket each time.

**A. *Plaintiff's Motion to Compel Inspection,* Doc. No. 22.**

On September 21, 2006, plaintiffs made a Rule 34 request for inspection of defendant's property known as Carnaby Shopping Center. *Exhibit 1* attached to *Plaintiffs' Motion to Compel Inspection. See also* Fed. R. Civ. P. 34. The requested inspection took place on October 25, 2006. *Plaintiffs' Motion to Compel Inspection* at 2. At the inspection, however, plaintiffs were denied access to restrooms located in the main hallway of the shopping center. *Id.* Defendant [*3] based the refusal to allow inspection of the restrooms on its assertion that the restrooms are not places of "public accommodation" and are therefore not governed by the ADA. *Defendant W & D Davis Investment Co., LTD.'s Memorandum Contra Plaintiffs' Motion to Compel Inspection,* Doc. No. 27, at 2. Plaintiffs disagree and note that plaintiff Randy Young, a patron of the Carnaby Shopping Center, was given access to the restrooms. *Plaintiff Access 4 All, Inc.'s Reply to Defendant W & D Davis Investment Co., LTD.'s Memorandum Contra to Plaintiff's Motion to Compel Inspection;* Doc. No. 33.

Rule 37 of the Federal Rules of Civil Procedure permits a party to file a motion for an order compelling inspection if another party fails to grant inspection pur-

suant to a proper Rule 34 request. *See* Fed. R. Civ. P. 37(a)(2)(B). Rule 34 in relevant part provides:

> Any party may serve on any other party a request . . . to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation [*4] thereon, within the scope of Rule 26(b).

Fed. R. Civ. P. 34(a)(2). A party's "request comes within the literal language of Rule 34(a)(2) if the proposed entry and inspection 'are within the scope of Rule 26(b).'" *Eirhart v. Libbey-Owens-Ford Co.*, 93 F.R.D. 370, 371 (N.D. Ill. 1981) (quoting Rule 34); *see also Cuno Inc. v. Pall Corp.*, 116 F.R.D. 279, 281 (E.D.N.Y. 1987) ("Inspection is permitted, and indeed anticipated, by Rule 34(a), to be governed by the scope of Rule 26(b).").

Rule 26(b) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). Relevance for discovery purposes is extremely broad. *Miller v. Fed. Express Corp.*, 186 F.R.D. 376, 383 (W.D. Tenn. 1999). "The scope of examination permitted under Rule 26(b) is broader than that permitted at trial. The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 500-01 (6th Cir. 1970).

Without finally determining whether or not the [*5] restrooms are properly characterized as "public accommodations," this Court concludes that plaintiffs are entitled to inspect the restrooms at issue. Plaintiffs' allegation that the restrooms at issue are places of public accommodation is sufficient to justify discovery as to this portion of plaintiff's claim. Accordingly, *Plaintiffs' Motion to Compel Inspection* is **GRANTED.** Defendant is **ORDERED** to schedule the inspection within ten (10) days of the date of this *Opinion and Order.*

**B. *Plaintiffs' Motion to Compel Document Production,* Doc. No. 23.**

On August 31, 2006, plaintiffs requested production of certain documents. *Exhibit 1* attached to *Plaintiffs' Motion to Compel Document Production. See also* Fed. R. Civ. P. 34(a) and (b). In response, defendant objected to the production of some of the documents requested. *Exhibit 2* attached to *Plaintiffs' Motion to Compel Document Production.* Plaintiffs contend that defendant's objections are improper and move for an order compelling production of the documents.

Plaintiffs seek discovery about the entire Carnaby Shopping Center, including seven businesses, parking lots, sidewalks and restrooms. [*6] Defendant limited its responses to only four areas of the shopping center (parking lots and sidewalks, T.J. Maxx, City Barbeque and Hooters) and asserts that plaintiff Young testified on deposition that the claims in this action are directed to only these four areas. *Exhibit 2* attached to *Plaintiffs' Motion to Compel Document Production.* Plaintiffs, who filed no reply in support of their motion, appear to concede this point but argue that, "if the Court were to determine that just these four areas were at issue, certainly any of the services and public areas that the Defendant provides for the public's use in accessing any of these four areas are the Defendant's legal responsibility and would be relevant to the case." *Id.* This Court agrees. Accordingly, this Court limits discovery in this case to parking lots and sidewalks, T.J. Maxx, City Barbeque, Hooters and any areas provided for the public's use in accessing any of these four areas.

Defendant also suggests that any deficiency in its response to plaintiff's production request is "[d]ue to Plaintiffs' failure to tender their Expert Report to Defendant ... ." *Defendant's Memorandum Contra Plaintiffs' Motion to Compel* [*7] *Document Production* at 4-5. Defendant's argument is unpersuasive. As plaintiffs correctly note, there is no apparent correlation between defendant's review of plaintiffs' expert report and its response to requests for production of documents in its possession, custody or control.

Document Requests 1, 13

In document requests 1 and 13, plaintiffs seek production of deeds conveying interests in the Carnaby Shopping Center and lease and tenant agreements between defendant and its current tenants. *Plaintiffs' Motion to Compel Document Production* at 6-7 and *Exhibit 1* attached thereto. Plaintiffs contend that the information requested is relevant to issues of "which parties own, operate, manage or otherwise control the facility" which, in turn, is relevant to establishing whether defendant "owns, leases (or leases to) or operates a place of public accommodation." *Id.* at 6. Defendant argues that the information sought is unnecessary because it has admitted complete ownership and control of the Carnaby Shopping Center in its answers to plaintiffs' interrogatories. *Defendant's Memorandum Contra Plaintiffs' Motion to Compel Document Production* at 13-14. Absent some indication [*8] that defendant's concession is insufficient to establish the issue of ownership and control, the information sought by plaintiffs is duplicative. *See* Fed. R.

Civ. P. 26(b)(2)(I) (a court may order limitation on discovery if it is duplicative).

As it relates to document requests 1 and 13, *Plaintiffs' Motion to Compel Document Production* is **DENIED.**

Document Requests 2, 3

In document requests 2 and 3, plaintiffs seek documents, including mortgages, from lending institutions regarding the Carnaby Shopping Center. *Plaintiffs' Motion to Compel Document Production* at 4-5 and *Exhibit 1* attached thereto. Defendant objects, arguing that such documents are not "in its possession," that the information sought "is of public record, in part" and that the information is not relevant. *Defendant's Memorandum Contra Plaintiffs' Motion to Compel Document Production* at 6-8, 13-14.

The Court concludes that the information sought by document requests 2 and 3 is reasonably calculated to lead to the discovery of admissible evidence because one aspect of the ADA analysis is whether modifications to the subject property are "readily achievable" or whether they would instead [*9] create an undue hardship. *See* 28 C.F.R. § 36.104 (in determining whether modifications are an undue burden the Court considers, *inter alia*, "overall financial resources of the site and the overall financial resources of any parent corporation or entity"). That being said, however, defendant need not produce information readily available to the public, including plaintiffs. *See Baum v Village of Chittenango*, 218 F.R.D. 36, 40 (N.D. N.Y. 2003) (compelling discovery from another, pursuant to Fed. R. Civ. P. 37, is unnecessary when documents sought under Fed. R. Civ. P. 34 are equally accessible to all); Fed. R. Civ. P. 26(b)(2)(I) (a court may order limitation on discovery if it is obtainable from some other source that is more convenient, less burdensome, or less expensive). Plaintiffs do not contend that it is inconvenient, burdensome or more expensive to obtain the requested documents from the public records. As to documents not readily accessible to plaintiff, the Court reminds defendant that it must produce responsive documents that are in its "possession, custody or control," Fed. R. Civ. P. 34(a)(1), and not merely those documents that it has in its physical [*10] possession. *See also United States v. Skeddle*, 176 F.R.D. 258, 261 n.5 (N.D. Ohio 1997) (citing *Scott v. Arex*, 124 F.R.D. 39, 41 (D. Conn. 1989) "The word 'control' is to be broadly construed. A party controls documents that it has the right, authority, or ability to obtain on demand."). Further, if only a portion of the requested document is a public record, defendant must of course produce the portion that is not public record.

Accordingly, *Plaintiffs' Motion to Compel Document Production* as it relates to document requests 2 and 3 is **GRANTED** in part and **DENIED** in part. Specifically, defendant is **ORDERED** to produce the requested documents within its possession, custody or control to the extent that those documents are not public records readily accessible to plaintiffs.

Document Requests 4, 5, 6, 7, 8

In document requests 4, 5, 6, 7 and 8, plaintiffs seek the production of various financial records for periods ranging from two years to fifteen years prior to the institution of this action. *Plaintiffs' Motion to Compel Document Production* at 4-5 and *Exhibit 1* attached thereto. Defendant takes the position that these [*11] documents are not relevant and suggests that the requested discovery is not appropriate before liability is established: "It is important for this Court to note that in their *Motion*, Plaintiffs have asserted their right to Defendant's financial information premised upon the idea that ADA violations do in fact exist at the premises at issue in this case." *Defendant's Memorandum Contra Plaintiffs' Motion to Compel Document Production* at 8. However, plaintiffs need not prove their case before they are entitled to discovery related to their claims. Thus, the discovery requested by plaintiffs will be permitted, but limited to the preceding five years, which will be sufficient to ascertain the financial status of defendant for the purposes of this action.

Consequently, *Plaintiffs' Motion to Compel Document Production* as it relates to requests 4, 5, 6, 7 and 8 is **GRANTED** in part and **DENIED** in part. Defendant is **ORDERED** to produce the documents requested for the preceding five years.

Document Requests 11, 17, 18, 22

In document requests 11, 17, 18 and 22, plaintiffs seek documents relating to actions taken by defendant within the past 16 years in an effort [*12] to comply with the ADA. *Plaintiffs' Motion to Compel Document Production* at 6 and *Exhibit 1* attached thereto. Plaintiffs have utterly failed to persuade the Court that the information sought by these requests is relevant to the issues in this action.

Accordingly, *Plaintiffs' Motion to Compel Document Production* as it relates to requests 11, 17, 18 and 22 is **DENIED.**

Document Requests 12, 14, 15, 16, 21

Plaintiffs claim that defendant has not produced documents requested in document requests 14, 15, 16 and 21, all of which relate to the design and construction of the Carnaby Shopping Center. *Plaintiffs' Motion to*

*Compel Document Production* at 5-6 and *Exhibit 1* attached thereto. Defendant denies that it possesses any document responsive to requests 12, 14, 15 and 16. As this Court discussed *supra*, defendant need not produce documents not in its possession, custody or control.

With regard to request 21, defendant asserts that it "clearly answered said request and also attached the document(s) that it had as it related to Request No. 21 . . . ." *Defendant's Memorandum Contra Plaintiffs' Motion to Compel Document Production* at 10. Plaintiffs do not [*13] reply to this assertion. Thus, it appears that plaintiffs concede that defendant appropriately responded to request 21.

*Plaintiffs' Motion to Compel Document Production,* as it relates to document requests 12, 14, 15, 16 and 21, is **DENIED.**

**C. *Defendant's Motion to Compel Expert Report,* Doc. No. 32.**

*Defendant's Motion to Compel Expert Report* requests that this Court order plaintiffs to provide the expert report that was due October 31, 2006. *See Preliminary Pretrial Order,* Doc. No. 18. Subsequent to the filing of defendant's motion, plaintiffs in fact apparently produced the requested report, but without any explanation as to the tardiness of the report. In its reply in support of its motion to compel, Doc. No. 38, defendant asks for an award of attorney's fees and expenses associated with *Defendant's Motion to Compel Expert Report.*

Rule 37 of the Federal Rule of Civil Procedure requires a court to award expenses if "the requested discovery is provided after the motion was filed," unless, *inter alia,* the award of expenses would be unjust. Fed. R. Civ. P. 37(a)(4)(A). *See also* Fed. R. Civ. P. 16(f) ("if a party or party's attorney fails to obey [*14] a scheduling or pretrial order, . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)").

In a document filed after defendant's reply, titled *Plaintiffs' Response to Defendant's Motion to Compel Plaintiffs' Expert Report,* Doc. No. 39, [2] plaintiffs contend that an earlier disclosure, provided by them prior to October 31, 2006, served to satisfy this Court's directives regarding specially retained experts. The document to which plaintiffs refer does not comply with Rule 26(a)(2) because the disclosure was not "accompanied by a written report prepared and signed by the witness." Fed. R. Civ. P. 26(a)(2)(B). It therefore appears that plaintiffs did not produce the report required by Rule 26(a)(2) and the order of this Court until after defendant's *Motion to Compel Plaintiffs' Expert Report* was filed. Absent justification for that failure, this Court is required to award defendant its fees and costs associated with the filing of its motion. *See* Fed. R. Civ. P. 37(a)(4)(A).

2 This document was filed in contravention of the local rules of this Court. S.D. Ohio Civ. R. 7.2(a)(2).

[*15] Accordingly, defendant's request for expenses, including attorney fees, associated with the filing of *Defendant's Motion to Compel Expert Report* is **GRANTED.** Defendant shall promptly provide to plaintiffs an itemized statement of its expenses. If any party requests a hearing on the amount of the award, that party shall file a written request for a hearing within ten (10) days of the date of this *Opinion and Order.*

**To Summarize:**

A. *Plaintiffs' Motion to Compel Inspection,* Doc. No. 22, is **GRANTED.** Defendant is **ORDERED** to schedule the inspection of the restrooms at issue within ten (10) days of the date of this *Opinion and Order.*

B. *Plaintiffs' Motion to Compel Document Production,* Doc. No. 23, is **GRANTED** in part and **DENIED** in part in accordance with this *Opinion and Order.*

C. *Defendant's Motion to Compel Expert Report,* Doc. No. 32, is **DENIED** as moot; however, defendant's request for expenses, including attorney fees, associated with the filing of that motion is **GRANTED.** Defendant shall promptly provide to plaintiffs an itemized statement of its expenses. If any party requests a hearing on the [*16] amount of the award, that party shall file a written request for a hearing within ten (10) days of the date of this *Opinion and Order.*

February 21, 2007

Date

*s/ Norah McCann King*

United States Magistrate Judge