UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | **EXPEDITED REVIEW REQUESTED** |
| Defendant. | : | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION FOR LEAVE TO FILE MOTION TO COMPEL**

Defendant/Plaintiff-in-Counterclaim Hasbro, Inc. ("Hasbro") respectfully submits this reply memorandum of law in further support of its emergency motion for leave to file a motion to compel documents containing information relevant to the validity of the patent in suit (Docket No. 122-1). Hasbro submits this reply to correct several misstatements in Plaintiff's memorandum in opposition to Hasbro's motion (Docket No. 125-1).

**1. Plaintiff Misstates What Hasbro Seeks**

Plaintiff intentionally misquotes Hasbro's motion in an effort to create a straw man argument that Hasbro was only seeking to compel documents that it knew about years ago. Thus he asserts that "Hasbro's claim that it 'recently discovered the existence of [Bowling's other patents and applications]' is demonstrably false." Plaintiff's Mem. at 2. The bracketed material is inaccurate and warps Hasbro's motion beyond recognition. Hasbro freely admits that it knew that the Plaintiff had other patents, and that it had copies of those patents and ***never*** asserted that it had only recently discovered them. Hasbro also knew, of course, that there were prosecution histories associated with those patents. Hasbro also knew that there were cited prior art

references on the face of each of those patents. What Hasbro did not know, because Plaintiff withheld the information, was that the prosecution histories contained documents from the U.S. Patent and Trademark Office rejecting certain claims relating to Plaintiff's dice invention – the same invention at issue here – on the grounds that the claims were anticipated by or obvious in light of certain prior art references. Plaintiff having withheld those documents and not having identified any others, Hasbro asks that ***all responsive documents*** be compelled.

**2. Plaintiff Misstates His Own Discovery Responses**

Plaintiff claims that in his discovery responses he "objected to producing any patents, patent applications, or prosecution histories other than for the '197 patent at issue in this suit." Plaintiff's Mem. at 2-3. Plaintiff cited to "Ex. C at Request No. 1" for this assertion, but the actual response to that request contained no such objection. That response contained only the following objections: attorney-client, work-product, relevance, and overbreadth/undue burden "in that it requests 'all documents that evidence, concern or relate to' Bowling's design of 'any' dice invented and/or sold." Plaintiff has chosen not to quote his actual objections ***because the objection he now relies upon was never made***. *See* Plaintiff's Mem. at Exhibit C. Even among the 3 ½ pages of boilerplate general objections, that objection – which Plaintiff states and restates in his memorandum – is nowhere to be found.

That was not Plaintiff's only misstatement about his objections. Contrary to Plaintiff's assertion, those extensive "General Objections" did not include any objection to discovery on the grounds that the requested documents "are all publicly available and cumulative." *Compare* Plaintiff's Mem. at 4 n. 3 *with id.* at Exhibit C. But even a "cumulative" objection would not justify Plaintiff having refused to produce documents that were not, in fact, cumulative of other information produced, and that is precisely what Plaintiff withheld.

**3. <u>Plaintiff Refuses to State No Other Documents Related to Prior Art Exist</u>**

If there were no documents to produce, Plaintiff should have said so. Instead, he cagily asserts that he has no prior art "references" other than those that are cited on the face of the patents. Plaintiff's Mem. at 4-5. "References" is a term of art referring to the prior art that is actually cited in the patents; it is axiomatic that there would not be (and Plaintiff would not have) any "prior art references" other than those that appear on the face of the patents. His statement that he has no other "references" is just a truism.

Hasbro is fully capable of obtaining and printing out the prior art references from Plaintiff's patents. That is not what would be sought in Hasbro's motion to compel. Rather, Hasbro seeks Plaintiff's production of documents that concern or relate to prior art, whether they are "references" or other documents, like the USPTO Initial Office Actions rejecting Plaintiff's patent claims. Plaintiff was obliged to search his own documents for responsive materials and to produce them to Hasbro or identify them on a privilege log. He did neither.

Plaintiff's mantra that the documents are "publicly available" misses the point for two reasons. First, Hasbro seeks <u>***all***</u> documents responsive to its request, not just documents akin to those that Hasbro managed to find despite Plaintiff's withholding of the document. Second, the fact that documents might be publicly available does not excuse production of the documents unless (a) there is little or no burden in obtaining those documents, and (b) the responding party specifically directed the other party to the documents. If a party, in discovery, asks for the identity of people with knowledge of certain events, is it permissible to omit any reference to certain witnesses on the ground that those people's names and contact information appear in a phone book? Of course not. There are billions, if not trillions, of publicly available documents. Plaintiff should not be heard to refuse to produce documents in his possession, fail to even

reference their existence, and then claim waiver because some of the documents are on file in Washington, D.C.[1]

**4. Hasbro Is Not Seeking to Delay the Trial**

Plaintiff misleadingly states that this motion is brought "to reopen discovery and delay trial." *See* Plaintiff's Mem. at 1, 6. Nowhere in Hasbro's motion, including the entire draft motion to compel (which was attached to this motion; *see* Docket No. 122-2), did Hasbro request that the trial be delayed or that discovery be reopened. Hasbro merely asks that the Court compel Plaintiff to produce the documents he was required to produce years ago.

**Conclusion**

For the foregoing reasons, as well as those set forth in Hasbro's opening memorandum, Hasbro respectfully submits that it should be granted leave to file the proposed motion to compel.

[1] Plaintiff doesn't even accurately describe what his own exhibits show as publicly available information, His Exhibit G is a printout from http://ep.espacenet.com, for the European version of the patent in suit. In that Exhibit, Plaintiff circled a group of icons and described them as "Links to related applications and patents." They are links to published patents, not applications, and certainly not to file histories. Plaintiff wants to create the impression that with a click of a button, all information about the validity of his patent would have been clear as a bell to Hasbro, but the reality is far different. There was a reason both Hasbro and Plaintiff issued discovery requests for prior art documents. Hasbro responded to Plaintiff's request, but Plaintiff chose not to respond to Hasbro's.

Respectfully submitted,

HASBRO, INC.
By its Attorneys,
/s/ Jeffrey K. Techentin___________

Todd D. White (#5943)
twhite@apslaw.com
Jeffrey K. Techentin (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: December 4, 2007

Of Counsel:

David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

**CERTIFICATE OF SERVICE**

TO:

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas J. Leach, Esq.
Douglas J. Williams, Esq.
Anthony R. Zeuli, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

David K. S. Cornwell, Esq.
Tracy-Gene G. Durkin, Esq.
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

I hereby certify that I filed the within Emergency Motion for Leave to File Motion to Compel and Memorandum of Law in support thereof through the ECF system on the 4th day of December, 2007, and that notice will be sent electronically to the above-named counsel who are registered participants identified on the Mailing Information for Case No. 05-229S.

/s/ Jeffrey K. Techentin_________

*436869_1*