UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER ON MOTION TO STAY OR, IN THE ALTERNATIVE, TO REOPEN DISCOVERY WITH RESPECT TO NEWLY-IDENTIFIED INVALIDITY EVIDENCE**

Defendant/Plaintiff-in-Counterclaim Hasbro, Inc. ("Hasbro") respectfully submits this reply memorandum of law in further support of its motion for reconsideration of this Court's Order (Docket No. 113) excluding certain invalidity evidence and to correct several misstatements in Plaintiff's memorandum in support of his objection to that motion (Docket No. 126).

**1. Plaintiff Never Addresses the Standards for Exclusion.**

In its motion for reconsideration, Hasbro asked only that the Court apply the standards governing exclusion of evidence under the applicable Rules of Civil Procedure as interpreted by the First Circuit in cases such as *Santiago-Diaz v. Laboratorio Clinico Y De*, 456 F.3d 272, 276-77 (1st Cir. 2006). Those standards, set forth in Hasbro's opening memorandum, eschew a "strictly mechanical" approach dictated by simple dates, instead requiring that the Court examine "'the history of the litigation, the proponent's need for the challenged evidence, the justification (if any) for the late disclosure, and the opponent's ability to overcome its adverse effects.'" *Id.*

Plaintiff's response never substantively addresses any of the applicable considerations governing exclusion. Plaintiff advances no arguments, let alone evidence, that (1) Hasbro's need for the evidence is anything but significant, (2) the late disclosure was unjustified, or (3) he suffers from some inability to overcome the adverse effects (assuming they exist) of the late disclosure.[1] Under these circumstances, exclusion is not warranted.

**2. <u>Plaintiff Never Properly Moved to Exclude the Invalidity Evidence</u>.**

Plaintiff asserts that he "properly moved this Court to exclude Hasbro's untimely invalidity contentions and evidence in [his] opposition brief." That is untrue. Although Plaintiff styled his opposition to Hasbro's motion to stay as, in part, a "Motion to Exclude Hasbro's Untimely Contentions," that was not a properly-asserted motion and Plaintiff has never brought a motion to exclude the invalidity evidence at issue. *See* Docket Entry No. 100 (entitled "RESPONSE in Opposition re 99 MOTION to Stay or, in the alternative, to Reopen Discovery filed by Michael Bowling"). His arguments made in an opposition brief cannot be construed as a motion. *See, e.g.*, Local Rule (Civ) 7(a) ("Every motion shall bear a title identifying the party filing it and stating the precise nature of the motion [and] shall be accompanied by a separate memorandum of law setting forth the reasons why the relief requested should be granted…."). More importantly, Plaintiff never set forth any prayer for relief regarding exclusion of evidence. *See generally* Docket No. 100. Had Plaintiff actually brought a motion, Hasbro would have

[1] Plaintiff does summarily assert that because the disclosure came after the close of discovery, he lacked "any opportunity to develop a factual record on these issues." Plaintiff's Mem. at 4. Despite having had the information for five months, Plaintiff apparently still cannot articulate what "factual record" he might have chosen to develop. He has not identified a single deposition he might have wanted to take, a single document request or interrogatory he might have issued, a single subpoena he might have served, or anything else that might develop a factual record. Indeed, Plaintiff is on record having stated that he would only have needed about a month to retain a new expert to address this evidence, but only if Hasbro had presented expert testimony on the subject, which it will not.

responded, including providing the factual information accompanying its motion for reconsideration.

As it was, however, Hasbro was limited to filing a reply brief on the accelerated schedule that Hasbro had agreed to in chambers – an accelerated schedule that was predicated on Hasbro addressing only its own motion, not some undisclosed motion by Plaintiff.[2] Hasbro's reply, of course, is limited by rule, and "shall consist only of a response to an objection and shall not present additional grounds for granting the motion, or reargue or expand upon the arguments made in support of the motion." Local Rule (Civ) 7(b). The matters raised in Hasbro's motion for reconsideration were not proper material for that reply brief but should be considered by the Court in its consideration of excluding the evidence of invalidity of Plaintiff's patent.

**3. The Timing of the *KSR* Decision Is and Was Significant.**

Plaintiff dismisses the Supreme Court's material change to the standard for obviousness a mere two months prior to Hasbro's disclosure because Hasbro also contends that certain crystal and patent references actually anticipate Plaintiff's patent. Plaintiff misstates Hasbro's position in this regard. Hasbro did not explore the crystal references with the knowledge that anticipating references would be found. Rather, Hasbro believed that the information it had found and that it was continuing to evaluate would be relevant to obviousness, not anticipation. That the references actually anticipated was fortuitous. The reality of the situation was that prior to *KSR*, Hasbro did not believe that it had sufficient evidence to assert obviousness because of the "teaching, suggestion, or motivation" test. After *KSR*, Hasbro reevaluated the evidence, and developed it further. In the short span between the *KSR* decision and Hasbro's disclosure,

2 The acceleration of the briefing schedule was unilateral on Hasbro's part. Plaintiff asked for nearly a month to file his response, and Hasbro willingly agreed, while severely limiting its own time to file the motion and its reply.

Hasbro acquired anticipating references in addition to materials it had previously held. The timing of the *KSR* decision not only explains the timing of Hasbro's disclosure, it substantially justifies it.

**4. Plaintiff's Excuses for Failing to Produce Invalidity Documents Fail.**

Plaintiff intentionally misquotes Hasbro to create a straw man argument that Hasbro was only seeking to compel documents that it knew about years ago. Thus he asserts that "Hasbro's claim that it 'recently discovered' the existence of Bowling's other patents and applications is demonstrably false." Plaintiff's Mem. at 5. Hasbro freely admits that it knew that the Plaintiff had other patents, and that no patent issues without an application having been filed, and also that Hasbro had copies of those patents. Hasbro has ***never*** asserted that it had only recently discovered them. Hasbro also knew that there were cited prior art references on the face of each of those patents.

What Hasbro did not know, because Plaintiff withheld the information, was that the prosecution histories contained documents from the U.S. Patent and Trademark Office rejecting certain claims relating to Plaintiff's dice invention – the same invention at issue here – on the grounds that the claims were anticipated by or obvious in light of certain prior art references. Was Hasbro obliged to comb through the file histories of Plaintiff's dozen patents to find documents it had requested from Plaintiff and that were sitting in Plaintiff's attorneys' files? Plaintiff tries to say yes, relying on the fact that the file histories for the patents are "public." There are two problems with this argument: first, the fact that they might be public records does not necessarily make them readily accessible to Hasbro. Hasbro has no ready means of accessing the file histories for his European patents, for example. Second, Plaintiff's obligation to produce the documents to Hasbro was independent of the fact that they might be "public," yet

he disregarded that obligation. Hasbro requested Plaintiff's dice patents, for example, and Plaintiff produced some of them despite the fact that they were "public."

To excuse this failure, Plaintiff actively misstates what he told Hasbro in the course of discovery. Plaintiff claims that in his discovery responses he "objected to producing any patents, patent applications, or prosecution histories other than for the '197 patent." Plaintiff's Mem. at 5-6. Plaintiff cites generally to "Ex. F" (his discovery responses) for this assertion, but the actual responses contained no such objection. The response at issue contained only the following objections: attorney-client, work-product, relevance, and overbreadth/undue burden "in that it requests 'all documents that evidence, concern or relate to' Bowling's design of 'any' dice invented and/or sold." Plaintiff has chosen not to quote his actual objections ***because the objection he now relies upon was never made***. *See* Plaintiff's Mem. at Exhibit F. Even among the 3 ½ pages of boilerplate general objections, the objection on which Plaintiff now relies is nowhere to be found.

**5. Hasbro Is Not Seeking to Delay the Trial**

Plaintiff misleadingly states that this motion is brought "to reopen discovery and delay trial." *See* Plaintiff's Mem. at 6. Nowhere in Hasbro's motion did Hasbro request that the trial be delayed or that discovery be reopened. Hasbro merely asks that the Court permit Hasbro to present relevant, probative evidence essential to a fair determination of Plaintiff's claims.

## Conclusion

For the foregoing reasons, as well as those set forth in Hasbro's opening memorandum, Hasbro respectfully requests that the Court reconsider its exclusion of evidence of the invalidity of the patent in suit.

Respectfully submitted,

HASBRO, INC.
By its Attorneys,
/s/ Jeffrey K. Techentin___________

Todd D. White (#5943)
twhite@apslaw.com
Jeffrey K. Techentin (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: December 5, 2007

Of Counsel:

David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

**CERTIFICATE OF SERVICE**

TO:

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas J. Leach, Esq.
Douglas J. Williams, Esq.
Anthony R. Zeuli, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

David K. S. Cornwell, Esq.
Tracy-Gene G. Durkin, Esq.
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

I hereby certify that I filed the within Reply Memorandum of Law in Support of Motion for Reconsideration of Order on Motion to Stay or, in the Alternative, to Reopen Discovery with Respect to Newly-Identified Invalidity Evidence through the ECF system on the 5th day of December, 2007, and that notice will be sent electronically to the above-named counsel who are registered participants identified on the Mailing Information for Case No. 05-229S.

/s/ Jeffrey K. Techentin__________

*437264_1*