UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**DEFENDANT HASBRO INC.'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM PROFFERING EVIDENCE THAT IS CONTRADICTED BY HIS OWN BUSINESS RECORDS**

Defendant Hasbro Inc. ("Hasbro") hereby moves in limine to preclude Plaintiff Michael Bowling ("Bowling") from testifying that he received countersigned letters from retailers and distributors who sold his patented dice indicating that they agreed to mark those dice with the patent number, other than those that he is able to produce. At his deposition, Bowling indicated that he may have received some letters other than those in his possession. He also testified that he obtained oral agreements to mark from some of his customers. To allow him to testify as to his receipt of those letters or to those purported oral agreements would run counter to Rules 801, 602 and 1004 of the Federal Rules of Evidence. For these reasons and those set forth in the accompanying Memorandum of Law, this Court should preclude Bowling's attempted proffer of such evidence.

Respectfully submitted,

HASBRO, INC.
By its Attorneys,

/s/ Jeffrey K. Techentin___________
Todd D. White (# 5943)
twhite@apslaw.com
Jeffrey K. Techentin (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: December 19, 2007

Of Counsel:

David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

*438840_1*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**DEFENDANT HASBRO INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM PROFFERING EVIDENCE THAT IS CONTRADICTED BY HIS OWN BUSINESS RECORDS**

Defendant Hasbro Inc. ("Hasbro") hereby submits this Memorandum of Law in support of its motion in limine to preclude Plaintiff Michael Bowling ("Bowling") from testifying that he received countersigned letters from retailers who sold his patented dice indicating that they agreed to mark those dice with their patent number other than those that he is able to produce. For the reasons stated herein, such testimony is inadmissible pursuant Rules 802, 602, and 1004 of the Federal Rules of Evidence and must be precluded.

## I. Facts

Upon receiving his patent for his polyhedral dice, Bowling was required to make reasonable efforts to mark those dice already in the stream of commerce with the patent number if he wished to comply with the patent marking statute, 35 U.S.C. 287. To this end, Bowling sent letters to his retailers and distributors telling them to affix a sticker with the patent number on the containers in which his dice were stored. In these letters, he asked that each of these

retailers and distributors countersign the letter and return it to him to signify their assent to conform to the marking plan.

Bowling kept detailed business records with regard to these letters. He kept two lists – one of retailers, and one of distributors – tracking to whom the letters were sent. Upon receiving a countersigned return letter, he then made a notation next to the corresponding name on the list, either in the form of a dot or a checkmark. A close review of his business records reveals that each of the dots and checkmarks corresponds with a countersigned letter and that there are no letters from any of the businesses that were not flagged with such a mark. *See* Exh. A. (Plaintiff's Records).

Despite these detailed and reliable business records, Bowling intimated that he may have received other letters that he lost:

> Q. You kept copies of whatever letters were sent back
> page to you, correct?
>
> A. Yes.
>
> Q. That's why we have this file?
>
> A. Yes. I mean, I don't know if these are all of them, but these
> are some of them.
>
> . . .
>
> Q. But you didn't receive a letter back from Zocchi?
>
> A. I don't have a letter in this packet, no.
>
> Q. And if you'd received a countersigned letter from Zocchi, you
> would have kept it, right?
>
> A. If I didn't lose it.

Bowling Depo. at 206:24 – 207:5, 212:16-20 (Exh. B). Bowling has no evidence that any letters were actually in existence but lost.

Bowling also asserted in his deposition that he made telephone calls to his customers and obtained oral agreements from them to mark his dice with the patent number. Similarly, he has no such evidence of these oral agreements.

## II. Argument

The proposed testimony is rife with reliability problems that prohibit its admissibility. The detailed business records indicate that Bowling was meticulous in his tracking of these countersigned letters, and his suggestion that he may have received some which he lost is far less reliable than the detailed records that he kept. Also, this testimony will be offered to prove that Bowling obtained the consent of the purveyors of his dice to mark them with the patent number. His anticipated testimony, both that some of these companies signed these letters signifying their consent and that he obtained oral agreements to mark over the phone, is inadmissible hearsay. Finally, Bowling's testimony amounts to rank speculation. He proposes to testify that he may have received other letters that he lost. He admittedly has no personal knowledge of the fact that these letters were countersigned, and testimony to that effect would violate Rule 602. Any attempt to introduce secondary evidence of these documents must fail because he has no knowledge of whether these letters even existed, thus they cannot meet the exception outlined in Rule 1004 for admissibility of evidence, other than the original, of the contents of a writing.

### A. The Proposed Testimony is Proffered to Prove that Bowling Obtained Consent From His Retailers and Distributors to Mark His Dice with the Patent Number, and as Such is Inadmissible Hearsay.

Rule 802 of the Federal Rules of Evidence states that "Hearsay is not admissible" unless it falls into one of the exceptions. Fed. R. Evid. R. 802. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence

to prove the truth of the matter asserted." Fed. R. Evid. R. 801(c). A statement includes a "written assertion." Fed. R. Evid. R. 801(a)(1).

Bowling seeks to testify that he received some countersigned letters that he later lost. The only possible motive for introducing such evidence is to prove that these retailers and distributors agreed to mark his dice with the patent number as he requested in the letter. Thus, he is attempting to enter into evidence the written assertion of those customers that he says signed those letters.

This type of evidence is classic hearsay. Bowling cannot produce the statements by these retailers and distributors, so he seeks to testify to them himself, in an effort to prove the truth of the fact that they agreed to mark the dice with the patent number. There is no exception to the hearsay rule that permits such evidence.

Similarly, testimony as to the content of a phone conversation is plainly inadmissible under the hearsay rule. Bowling's testimony seeks to prove that his customers agreed to mark his dice in statements made to him on the telephone. The rule prohibiting hearsay evidence is designed to ensure the reliability of evidence presented to the jury. *Dutton v. Evans*, 400 U.S. 74, 89 (1970). Bowling's recollections of purported phone conversations that resulted in alleged agreements to mark his dice teem with the possibility that such memories are either fabricated or embellished. Accordingly, this Court should preclude this proposed testimony.

**B. Bowling's Proposed Testimony is Speculative Because He Does Not Have Personal Knowledge of the Receipt of Countersigned Letters, and the Testimony Violates Does Not Fall Within the Limited Scope of Rule 1004 which Allows Other Evidence of the Content of Documents.**

Bowling's deposition testimony shows that he does not specifically recall whether he received any countersigned letters other than those catalogued in his records. Rather, he suggests

that he **may** have received other letters, which he lost. Meanwhile, his meticulous records show no indication of incompleteness. Such records are far more reliable than speculative testimony.

Rule 602 of the Federal Rules of Evidence requires that the witness can prove that he had "personal knowledge" of the facts to which he purports to testify. Fed. R. Evid. R. 602. Bowling lacks personal knowledge the fact that the letters were countersigned. In his deposition testimony, he merely suggests that letters other than those in his meticulously kept business records may exist. He does not affirmatively assert that there were other letters.

Furthermore, the Federal Rules of Evidence prevent him from offering testimony as to the existence and contents of other countersigned letters. The general rule is that an original or reliable duplicate be produced to prove the contents of a writing or recording. *See* Fed R. Evid. R. 1002 and 1003. The rules will allow the admission of other evidence of the content of writings in certain limited circumstances – when the original is lost or destroyed or is unobtainable, for example. Fed. R. Evid. R. 1004.

Bowling, however, cannot argue that the original is lost or destroyed because he lacks personal knowledge of the existence of the documents. Ordinarily, the question of whether a document exists is to be determined by the jury. Fed. R. Evid. R. 1008. But when the proponent of the only testimony that tends to prove the document exists lacks personal knowledge of the existence, the evidence must be excluded. *See Enflied Green Homeowners Ass'n v. Francis*, 340 F.Supp. 2d 590, 594-95 (D.V.I. 2004) (only allowing duplicate copies of documents affixed with a seal because they were authenticated by someone with personal knowledge of their authenticity).

Bowling seeks to assert that there are letters other than those he has on file that are countersigned by retailers and distributors of his dice to signify their agreement to mark the dice

with the patent number. He seeks to prove the content of the document – namely the signature. However, he lacks personal knowledge of the existence of the documents. Furthermore, because no evidence exists tending to prove the existence of the documents, he cannot reasonably claim that the letters were lost or destroyed. Thus, Rules 602 and 1004 of the Federal Rule of Evidence mandate exclusion of the proposed testimony.

Additionally, the meticulous business records indicate that Bowling was tracked the receipt of these letters closely, and any speculative testimony that tends to contradict these records lacks the hallmarks of reliability required for the admission of testimony.

## III. Conclusion

For the foregoing reasons, this Court should preclude any testimony by Bowling that seeks to prove that letters, other than those contained in his business records, exist and bear signatures of retailers and distributors of his dice signifying their consent to mark the dice with the patent number. This Court should also preclude Bowling from testifying that he reached oral agreements to mark the dice with the patent numbers from his customers.

Respectfully submitted,

HASBRO, INC.
By its Attorneys,

/s/ Jeffrey K. Techentin___________
Todd D. White (# 5943)
twhite@apslaw.com
Jeffrey K. Techentin (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: December 19, 2007

Of Counsel:

David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

**CERTIFICATE OF SERVICE**

TO:

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas J. Leach, Esq.
Anthony R. Zeuli, Esq.
Douglas J. Williams, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

David K. S. Cornwell, Esq.
Tracy-Gene G. Durkin, Esq.
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

I hereby certify that I filed the within Motion *in Limine* to Preclude Plaintiff From Proffering Evidence That is Contradicted by His Own Business Records and the Memorandum in Support thereof through the ECF system on the 19th day of December, 2007, and that notice will be sent electronically to the above-named counsel who are registered participants identified on the Mailing Information for Case No. 05-229S.

/s/ Jeffrey K. Techentin________

*438840_1*