UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**DEFENDANT HASBRO INC.'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF'S INFRINGEMENT EXPERT FROM TESTIFYING ABOUT TESTS HE PERFORMED ON HASBRO'S DICE**

Defendant Hasbro Inc. ("Hasbro") hereby moves in limine to preclude Plaintiff Michael Bowling's ("Bowling") purported patent infringement expert, Kevin Cook ("Cook") from testifying about tests that he alleges to have performed on the dice manufactured by Hasbro that Bowling alleges infringe on his patent. At his deposition he indicated that he performed tests on the dice, and used information from them to reach his conclusions, but then discarded the information from the tests. No mention of the tests was made in his expert report. Also his actions in discarding the data constitute spoliation of evidence. For these reasons, as more fully explained in the accompanying Memorandum of Law, this Court should preclude Cook from making any mention of the tests when he testifies at trial.

Respectfully submitted,

HASBRO, INC.
By its Attorneys,

/s/ Jeffrey K. Techentin___________

Todd D. White (# 5943)
twhite@apslaw.com
Jeffrey K. Techentin (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: December 19, 2007

Of Counsel:

David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

*438841_1*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**DEFENDANT HASBRO INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO PRECLUDE PLAINTIFF'S INFRINGEMENT EXPERT FROM <u>TESTIFYING ABOUT TESTS HE PERFORMED ON HASBRO'S DICE</u>**

Defendant Hasbro Inc. ("Hasbro") hereby submits this Memorandum of Law in support of its motion in limine to preclude Plaintiff Michael Bowling's ("Bowling") purported patent infringement expert, Kevin Cook ("Cook") from testifying about tests he performed on dice manufactured by Hasbro that Bowling alleges infringe his patent. For the reasons stated herein, this Court must preclude Cook from offering such testimony.

## I. <u>Facts</u>

Bowling engaged Cook to serve as a purported expert with regard to whether the dice Hasbro included in its Millennium Edition Monopoly game infringed on a patent obtained by Bowling for a dice design. At his deposition, Cook testified that he tested the Hasbro dice by rolling them hundreds of times to determine that they performed in the same manner as the dice described in Bowling's patent. Cook Depo. at 198:4 – 200:6, 221:1 – 222:11 (Exh. A). He performed these tests to determine whether the Hasbro dice infringed on the patent. *Id.*

However, he threw away the data he obtained from these tests, and, in his report, merely communicated his conclusion that the Hasbro dice infringed the patent, but not the results of the tests. *Id.* at 198:25 – 199:7, 199:19 – 200:6. Cook has not supplemented his report with the results of these tests he alleges to have performed

## II. Argument

Any testimony by Cook regarding the tests he performed on the Hasbro dice is inadmissible for two reasons: (1) discarding the results constitutes spoliation of evidence, and (2) he may not testify to matter outside the bounds of his expert report.

### A. Spoliation of Evidence

It is within the discretion of the trial judge to sanction a party that has destroyed evidence that is relevant to a litigated issue. *Testa v. Wal-Mart Stores, Inc.*, 144 F.3d 173, 177 (1st Cir. 1998). While the evidence was destroyed by an expert hired by the Bowling in this case, as opposed to Bowling himself, the actions of the expert can be fairly attributed to Bowling. As such, the spoliation of the evidence of the test results by Cook calls for, at the very least, the preclusion of any testimony with regard to the performance of tests on Hasbro's dice, including any conclusion that Hasbro's dice produced the same or substantially the same results as Plaintiff's patented dice.

### B. Absence from Expert Report

The substance of expert testimony must be disclosed in the expert's report prior to trial. Fed. R. Evid. R. 26(a)(2)(A). Just as with any expert, if an expert in a patent infringement case proposes to testify as to how a device infringes on a patent, he must disclose the full content of that opinion. *Air Turbine Technology, Inc. v. Atlas Copco AB*, 410, F.3d 701, 713 (Fed. Cir. 2005) (excluding certain patent infringement expert testimony because the content of the opinion

was not disclosed in the expert report and the report was not supplemented). To the extent that information is not disclosed in the expert report, the expert's testimony may be excluded entirely, and, at the very least, the expert may not be permitted to testify to the subject matter that was not disclosed in the report. *Sheek v. Badger*, 235 F.3d 687, 694 (1st Cir. 2000).

Cook does not mention the tests performed on Hasbro's dice in his expert report, nor has he since supplemented that report to include the results of those tests. *See* Exh. B (Cook's Expert Report). Such behavior flouts the requirements of Rule 26 of the Federal Rules of Evidence and requires that this court, at a minimum, preclude him from testifying with regard to the tests he says he performed on Hasbro's dice.

## III. Conclusion

For the foregoing reasons, this Court should exclude any testimony from Cook with regard to any tests he alleges he performed on Hasbro's dice in the process of arriving at his expert opinion that those dice infringed on Bowling's patent.

Respectfully submitted,

HASBRO, INC.
By its Attorneys,

/s/ Jeffrey K. Techentin___________
Todd D. White (# 5943)
twhite@apslaw.com
Jeffrey K. Techentin (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: December 19, 2007

Of Counsel:

David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

## CERTIFICATE OF SERVICE

TO:

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas J. Leach, Esq.
Anthony R. Zeuli, Esq.
Douglas J. Williams, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

David K. S. Cornwell, Esq.
Tracy-Gene G. Durkin, Esq.
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

I hereby certify that I filed the within Motion *in Limine* to Preclude Plaintiff's Infringement Expert From Testifying About Tests He Performed on Hasbro's Dice and the Memorandum in Support thereof through the ECF system on the 19th day of December, 2007, and that notice will be sent electronically to the above-named counsel who are registered participants identified on the Mailing Information for Case No. 05-229S.

/s/ Jeffrey K. Techentin________

*438841_1*