UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**DEFENDANT HASBRO, INC.'S MOTION *IN LIMINE***
**TO PRECLUDE REFERENCE TO THE PRESUMPTION**
**OF VALIDITY IN THE PRESENCE OF THE JURY**

Defendant Hasbro, Inc. ("Hasbro") moves *in limine* to preclude reference to and reliance on the presumption of validity of U.S. Pat. No. 5,938,197 (the "'197 patent") in the presence of the jury. Because the United States Patent and Trademark Office ("PTO") has recently granted Hasbro's *ex parte* request for reexamination of the '197 patent in light of new prior art, to permit reference to the presumption of validity in the presence of the jury would place undue significance on the PTO's decision to permit the '197 patent and would confuse the jury as to its role in determining invalidity. The grounds for Hasbro's Motion are set forth in the accompanying Memorandum of Law.

Respectfully Submitted,

For the Defendant,
HASBRO, INC.
By its Attorneys,

/s/ Jeffrey K. Techentin
Todd D. White, Esq. (#5943)
twhite@apslaw.com
Jeffrey K. Techentin, Esq. (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604
Dated: December 19, 2007

Of Counsel:

David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, N.W.
Washington, D.C. 20005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HASBRO'S MOTION *IN LIMINE* TO PRECLUDE REFERENCE TO THE PRESUMPTION OF VALIDITY IN THE PRESENCE OF THE JURY**

Defendant Hasbro, Inc. ("Hasbro") moves *in limine* to preclude reference to and reliance on the presumption of validity of U.S. Pat. No. 5,938,197 (the "'197 patent") in the presence of the jury. The presumption of validity is purely a procedural mechanism to be applied by the Court and making reference to this presumption will create confusion as to the jury's role in deciding invalidity. This Court must preclude reference to this presumption in the presence of jury in order to ensure that Hasbro will not be unfairly prejudiced at trial and to prevent the jury from placing undue significance on the United States Patent and Trademark Office's ("PTO") decision to issue the '197 patent. For the foregoing reasons, explained in detail below, Hasbro moves this Court preclude reference to the presumption of validity in the presence of the jury at trial.

## I. PRELIMINARY STATEMENT

Hasbro does not dispute that the '197 patent is presumed to be valid pursuant to 35 U.S.C. § 282 or that Hasbro has the burden to prove by clear and convincing evidence that the

’197 patent is invalid. However, Michael Bowling (hereinafter, “Plaintiff”) should not be permitted to refer to the presumption of validity in the presence of the jury, because reference to this presumption in the jury’s presence would confuse the jury as to its role in weighing and deciding invalidity and would improperly influence the jury into giving the PTO’s decision to issue the ’197 patent undue deference. Specifically, the PTO recently granted Hasbro’s *ex parte* request for reexamination of the ’197 patent in light of prior art references that were not previously considered during the original examination of the subject of this patent. *See* PTO Reexamination Decision for the ’197 patent, **Exhibit A**. In view of the PTO’s pending reexamination of the ’197 patent, and the fact that the PTO performs its reexamination applying a preponderance-of-the-evidence standard, referencing and relying on the presumption of validity of the ’197 patent in the presence of the jury would place undue significance on the PTO’s initial permission of the ’197 patent. Affording the PTO’s decision this significance is unfair and prejudicial because the PTO has actually determined that it must reexamine the’197 patent to determine whether or not particular claims of this patent are actually patentable. Presenting the presumption to the jury is unnecessary in light of the burdens already maintained by the parties.

For these reasons, Hasbro respectfully requests an Order precluding reference to or reliance on the presumption of validity of the ’197 patent in the presence of the jury.

## II. ANALYSIS

### A. The Presumption of Validity Is Purely a Procedural Mechanism with No Evidentiary Value.

The applicable statute governing the presumption of validity, 35 U.S.C. § 282, states, in pertinent part:

> A patent shall be presumed valid. Each claim of a patent (whether independent, dependent, or multiple defendant form) shall be presumed valid independently of the validity of other claims; dependent or multiple dependent claims shall be presumed valid even though dependent upon an invalid claim. . . . The burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity. . . .

The basis for this "presumption of validity" is the proposition that the PTO, a government agency whose expertise lies in the interpretation and issuance of patents, is presumed to do its job. *Am. Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1359 (Fed. Cir. 1984). Although this presumption is merely a procedural device with no independent evidentiary value, it places the burden of going forward and the burden of persuasion upon the party challenging the validity of the patent. *Avia Group Int'l, Inc. v. L.A. Gear California, Inc.*, 853 F.2d 1557, 1562 (Fed. Cir. 1988) ("the presumption is one of law, not fact, and does not constitute 'evidence' to be weighed against a challenger's evidence"). Because the presumption of validity has no independent evidentiary value, the presumption does not constitute evidence that should be weighed against the evidence of the party challenging the patent's validity. *Chiron Corp. v. Genentech, Inc.*, 363 F.3d 1247, 1258 (Fed. Cir. 2004).

Permitting reference to the presumption of validity would only tend to confuse the jury, who will separately be instructed regarding applicable burdens of proof. Precisely because of the risk of juror confusion, the Federal Circuit Bar Association's Model Patent Jury Instructions intentionally omit any reference to the presumption:

> In light of the procedural role of the presumption of validity, instruction the jury on the presumption in addition to informing it of the clear and convincing burden of proof may cause jury confusion as to its role in deciding invalidity. This instruction, therefore, omits any reference to the presumption of validity.

The Federal Circuit Bar Ass'n, *Model Patent Jury Instructions* at ¶ 10.1.

By moving to preclude reference to the presumption of validity, Hasbro does not seek to alter the legal presumptions that have been established by law and by statute. Hasbro recognizes that it has the burden to prove by clear and convincing evidence that the patent is invalid and that this burden of proof is never shifted, lightened, or changed. *Am. Hoist & Derrick Co.*, 725 F.2d at 1360.

If Hasbro were in the position of merely presenting evidence that retraces ground that the patent examiner already covered and considered, Hasbro would have to show that the examiner was wrong when the examiner decided to grant the patent. *See id.* However, Hasbro has produced new prior art that the PTO did not previously consider. Thus, the amount of deference due to the PTO's decision to grant the patent is reduced or eliminated. *Id.; see also SSIH Equip. S.A. v. U.S. Int'l Trade Comm'n*, 718 F.2d 365, 375 (Fed. Cir. 1983) (when challenger introduces new prior art, presumption is not affected, but challenger is more likely to carry its burden of persuasion). Accordingly, permitting reference to the presumption of validity in the presence of the jury would improperly force the jury to place greater significance on the PTO's initial examination of the '197 patent than is proper in light of the PTO's decision to reexamine the patent.

**B. Because the PTO Granted Hasbro's *Ex Parte* Request for Reexamination, the PTO's Initial Decision Is Entitled to Less Deference at Trial.**

Pursuant to 35 U.S.C. § 302, any person may file a request with the PTO for a reexamination of any claim of a patent on the basis of prior art. *See In re Laughlin Prods.*, Inc., 265 F.Supp.2d 525, 528 (E.D. Penn. 2003). Under the statutory standard set forth in 35 U.S.C. § 303(a), the PTO will grant the request for reexamination if "a substantial new question of patentability affecting any claim of the patent concerned is raised by the request . . . ." *Id.*

The statute permitting a party to request a reexamination of a previously-issued patent was enacted in the late-1970s for several purposes, including to provide a mechanism for strengthening the patent system and to rebut public perspective that the patent system had become unreliable. *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 602 (Fed. Cir. 1985). By enacting the reexamination statute, Congress intended to permit parties to refer validity questions to the expertise of the PTO and to afford the PTO a broader opportunity to review "doubtful patents." *Id.*; *In re Etter*, 756 F.2d 852, 857 (Fed. Cir. 1985). The reexamination process enables the PTO to "start over" with respect to limited examination areas and to reexamine the patent claims or the new or amended claims "as they would have been considered if they had been originally examined in light of all of the prior art of record in the reexamination proceeding." *In re Laughlin*, 265 F.Supp.2d at 530 (quoting *In re Etter*, 756 F.2d at 857). The reexamination process also permits the PTO to reevaluate and correct any errors initially made during the initial examination. *Id.*

On August 2, 2007, Hasbro filed an *ex parte* request for reexamination of the '197 patent with the PTO, seeking a reexamination of the patentability of the subject of the '197 patent in light of relevant prior art previously not considered by the PTO during its initial or previous examination of the subject of the patent. In a substantive Order granting Hasbro's *ex parte* request, the PTO examiner addressed each of the prior art references proffered by Hasbro in its request for reexamination, and found that the prior art references cited by Hasbro raise a substantial new question of patentability for several of the claims set forth in the '197 patent.[1] Specifically, the PTO examiner determined that (a) U.S. Pat. No. 4,497,487 to Crippen raises a

---

[1] As to one of the references, the PTO examiner was unable to discern the depicted figure due to the quality of the image submitted and therefore did not conclude that the reference preserved a substantial new question of patentability. Plaintiff, who has a true and correct copy of that reference, is obliged by virtue of his duty of candor to provide that reference to the PTO. Hasbro anticipates that the PTO examiner will then find that this final reference also raises a substantial new question of patentability.

substantial new question of patentability with respect to claims 1-6, 10-12, and 17-18 of the ’197 patent; (b) two mineralogical references in *Traité Élementaire de Minéralogie* by *Beudant* and *Traité Complet de la Chaux Carbonatée et de l’Arragonite* by *Comte de Bournon* raise substantial new questions of patentability with respect to claims 1-20 of the ’197 patent; and (c) *Descriptive Mineralogy* by Dana raises substantial new questions of patentability with respect to claims 103 of the ’197 patent. *See* **Exhibit A** at ¶¶ 5, 12 & 16.

The very reason that the presumption of validity exists is because it is understood that the decision of the PTO, whose duty and expertise centers around patent evaluation and examination, is entitled to deference and is presumed to be correct. However, in this case, the PTO has itself acknowledged that it had never considered relevant prior art during its initial examination of the ’197 patent and, in light of this prior art, it must reconsider the patentability of the ’197 patent claims. In other words, the PTO has issued a decision acknowledging that, in light of the prior art presented, it may have made a mistake in the initial grant of the ’197 patent and that it must reexamine the subject of the patent to determine if in fact its initial decision was correct. Plaintiff should not be permitted to refer to the presumption of validity in the presence of the jury because the very reason for the presumption – that the PTO’s initial decision to grant the ’197 patent is presumed to be correct – is currently being questioned by the PTO itself.

Furthermore, the PTO performs this reexamination with a neutral perspective, as if the PTO was examining the subject of the patent for the first time. In other words, the presumption set forth in 35 U.S.C. § 282 is not present or employed during reexamination proceedings. *In re Etter*, 756 F.2d 852, 858 (Fed. Cir. 1985). Although the presumption of validity continues to be applicable to the present case at trial, a governmental body with an expertise in patent examination is presently examining the patentability of the contents of the patent without

applying these same burdens. Accordingly, Plaintiff should not be permitted to refer to that presumption in the presence of the jury because the deference due to the PTO's initial decision has been greatly reduced or eliminated by the PTO's grant of Hasbro's *ex parte* request for reexamination. If Plaintiff were permitted to reference and rely on this presumption in the jury's presence, the jury would be unfairly and improperly misled and distracted, causing Hasbro undue, irreversible prejudice.

## III. CONCLUSION

For the reasons stated above, Hasbro respectfully requests that the Court grant Hasbro's request to preclude any reference to the presumption of validity of the '197 patent in the presence of the jury.

Respectfully submitted,

For the Defendant,
HASBRO, INC.
By its Attorneys,

/s/ Jeffrey K. Techentin
Todd D. White, Esq. (#5943)
twhite@apslaw.com
Jeffrey K. Techentin, Esq. (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604
Dated: December 19, 2007

Of Counsel:
David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, N.W.
Washington, D.C. 20005

**CERTIFICATE OF SERVICE**

TO:

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas J. Leach, Esq.
Anthony R. Zeuli, Esq.
Douglas J. Williams, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

David K. S. Cornwell, Esq.
Tracy-Gene G. Durkin, Esq.
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

I hereby certify that I filed the within Motion *in Limine* to Preclude Reference to the Presumption of Validity in the Presence of the Jury and the Memorandum in Support thereof through the ECF system on the 19th day of December, 2007, and that notice will be sent electronically to the above-named counsel who are registered participants identified on the Mailing Information for Case No. 05-229S.

/s/ Jeffrey K. Techentin________

*436479_1*