IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING,<br>a Resident of Arizona,<br><br>Plaintiff,<br>v.<br><br>HASBRO, INC.,<br>a Rhode Island Corporation,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 05-229S |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF BOWLING'S MOTION IN *LIMINE* TO EXCLUDE EXPERT TESTIMONY OF MICHAEL L. GRAY WITH RESPECT TO DICE**

## I. Introduction

Pursuant to Fed. R. Evid. 702, Plaintiff Michael Bowling ("Bowling") files this Motion in *Limine* to preclude Defendant Hasbro, Inc ("Hasbro") from calling Michael L. Gray ("Gray") as a dice expert to testify, among other things, on the scope of the claims of the '197 patent, the differences between the '197 patent and Hasbro's accused dice, and the general manufacture and design of dice.

In its pretrial brief, Hasbro represents that Gray will testify as "an expert with respect to the differences between the dice claimed in the '197 patent and Hasbro's accused dice." Hasbro's Pretrial Memorandum, Docket No. 129, at p. 13, ¶4. However, Gray already testified that he is not an expert on those matters. Further, this Court already ruled that Gray cannot provide expert testimony on the manufacturing or designing of dice, or regarding the interpretation or meaning of the disputed terms in this action. Accordingly, Bowling respectfully requests that Gray be prohibited from testifying as an expert on the scope of the claims of the '197 patent, the

differences between the '197 patent and Hasbro's accused dice, and the general manufacture and design of dice.

## II. Background and Procedural History

On October 26, 2006, the Court conducted a Markman hearing and heard certain other pending motions. Hasbro called Gray as a witness in the Markman proceeding. (Markman Hearing Tr., Exh. A at 59.) During Gray's testimony, Bowling's attorney objected to the competence of Gray as an expert "with respect to patents," and "manufacturing or designing dice." *Id.* The Court agreed, given the lack of any proffered expert foundation on those topics. *Id.* Thereafter, counsel for Hasbro asked Gray a number of questions and represented that "Mr. Gray is one reasonably skilled in the relevant art here, which is the design and manufacture of dice." *Id.* at 68. Again, Bowling's attorney objected based on the lack of any foundation that Gray possessed sufficient educational background, manufacturing expertise, or training regarding the manufacturing or design of dice. The Court agreed, and stated, as follows:

> I have not heard the requisite foundation yet. Maybe there's more there that I haven't heard yet, but to allow the kind of testimony you seek from this witness, I mean, basically, what I hear the witness saying is that he's got what sounds like a really cool job, flying around the world looking for really good games, but I'm not sure that makes him one skilled in the art for purposes of this patent. So maybe there's something else that you haven't gotten out of him yet. But if this is it, then I'm not going to allow him to testify on that point.

*Id.* at 69.

After Gray had provided further testimony on direct examination, Bowling's counsel, again, objected to any expert testimony, at which time the Court agreed, and stated that "[Gray] has a lot of expertise in a lot of areas surrounding games, but he's not an expert on the issue [dice] that is before me . . . I don't think that kinds of things that he is an expert on are really what's driving the interpretation or the construction of these claims." *Id.* at 72-73.

After repeatedly sustaining objections, the Court then permitted Bowling's attorney to conduct a limited *voir dire* into Gray's qualifications as a dice expert. *Id.* at 78-80. In response to questioning, Gray admitted he lacked any technical training, was "not a trained mathematician," and was not trained in geometry and particle physics. *Id.* at 80-81. Gray testified that he had never been involved in the manufacturing of dice, or products like dice, and had designed dice on only one occasion. *Id.* at 81. He further testified that he had never provided advice on the fabrication or design of dice; never been regarded as an expert in the design or fabrication of dice, and that Hasbro would not approach him to interpret technical drawings for manufacturing purposes. *Id.* at 82. Gray admitted that he did not possess "the appropriate expertise to be qualified as a person to interpret technical drawings." *Id.* Gray stated that he had no "experience whatsoever in interpreting patents," and that he did not have any specific patent experience with respect to dice. *Id.* at 82-83.

Gray then identified Kevin B. Cook as a dice expert, and confirmed that he was not an "expert in the manufacture and design of dice." *Id.* at 84-85. The Court noted that Hasbro would be "going nowhere with this effort to obtain expert testimony from [Gray] on this subject," and reassured Gray that "this isn't about you," but "[w]e're in a very precise area with this patent."

## III. <u>Legal Argument</u>

The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the

product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In *Daubert*, the Supreme Court established that a trial judge must act as a "gatekeeper" and ensure "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993). This gatekeeping requirement is designed "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

In the First Circuit, the law is clear that "[a]mong other requirements, Fed. R. Evid. 702 mandates that a putative expert be qualified to testify by knowledge, skill, experience, training or education." *Levin v. Dalva Bros.*, 459 F.3d 68, 78 (1st Cir. 2006), citing *Diefenbach* v. *Sheridan Transp.*, 229 F.3d 27, 30 (1st Cir. 2000).[1] "Under this rule, a testifying expert 'should have achieved a meaningful threshold of expertise' in the given area," and that just because "a witness qualifies as an expert with respect to certain matters or areas of knowledge, [does not mean] that he or she is qualified to express expert opinions as to other fields.'" *Id.*, quoting *Prado Alvarez* v. *R.J. Reynolds Tobacco Co., Inc.*, 405 F.3d 36, 40 (1st Cir. 2005) and *Nimely* v. *City of New York*, 414 F.3d 381, 399 n.13 (2d Cir. 2005).

For example, in *Levin*, the district court allowed an expert appraiser to testify about the value of an antique item but precluded him from testifying as to the origin of the item. *Id.* On appeal, the First Circuit upheld the district court's ruling and noted that the exclusion of portions of the expert opinion on "insufficient experience or training" and limiting the testimony to only those areas in which the appraiser was qualified was reasonable and appropriate. *Id.* at 78-79.

---

[1] When considering the admissibility of expert testimony, the Federal Circuit applies the law of the regional circuit, in this case the First Circuit. *See, e.g., Micro Chem, Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003).

Here, Gray's testimony at the Markman hearing leaves no doubt that, although he may be familiar with the selecting and development of games, he is not qualified, under the law of the Supreme Court and the First Circuit, to testify as an expert in the fields of dice manufacture or design, or the scope and meaning of claims directed towards dice. The Court has already ruled that Gray lacked the qualifications and foundation to testify as an expert regarding dice or the interpretation and construction of the claims at issue in this case. (Exh. A at 65, 69, 72-73, 75, 85-86.) Because Gray is not an expert on the topics that Hasbro intends for him to offer expert testimony at trial, this Court should preclude Gray from testifying regarding dice manufacture, dice design, and the interpretation of the claims at issue in this action.

## IV. <u>Conclusion</u>

Given the Court's prior rulings, and Gray's admissions during the Markman hearing, Bowling respectfully requests that Hasbro be prohibited from offering any expert testimony from Gray regarding the scope of the claims of the '197 patent, the differences between the '197 patent and Hasbro's accused dice, and the general manufacture and design of dice.

Michael Bowling,
By His Attorneys,

Date: December 19, 2007

s/Thomas J. Leach

Thomas J. Leach, MN (*pro hac vice*)
Anthony R. Zeuli (*pro hac vice*)
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Phone: 612.332.5300
Fax: 612.332.9081

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

**CERTIFICATE OF SERVICE**

TO:

Todd D. White, Esq.
Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

David K. S. Cornwell, Esq.
Tracey-Gene G. Durkin, Esq.
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue N.W.
Washington, DC 20005

I hereby certify that the within *Memorandum of Law in Support of Plaintiff Bowling's Motion in Limine to Exclude Expert Testimony of Michael Gray with Respect to Dice* was filed through the ECF system on the 19th day of December, 2007, and will be sent electronically to the above-named counsel who are registered participants identified on the Notice of Electronic Filing for Case No. 05-229S.

/s/ Thomas J. Leach___________