IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | C.A. No. 05-229S |
| v. | : | |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF BOWLING'S MOTION IN *LIMINE* TO EXCLUDE TESTIMONY AND EVIDENCE ASSERTING THAT ALBERT LIZARRAGA IS AN INVENTOR OR CO-INVENTOR**

## I. Introduction

Pursuant to Fed. R. Evid. 402 and 403, Plaintiff Michael Bowling ("Bowling") files this Motion in *Limine* to exclude any testimony or evidence at trial regarding Defendant Hasbro, Inc.'s ("Hasbro") assertion that Albert Lizarraga ("Mr. Lizarraga") is an inventor of the dice covered by United States Patent No. 5,938,197 ("the '197 patent").

## II. Legal Argument

This Court has already addressed the inventorship issue and ruled as a matter of law that Lizarraga is not an inventor or co-inventor of the '197 patent. Accordingly, evidence or testimony suggesting that Bowling is not the true inventor, or derived his invention from another such as Mr. Lizarraga, is irrelevant as a matter of law and would serve only to confuse the jury and multiply the litigation costs of this action. Therefore, Bowling respectfully requests that any such evidence be excluded.

In Hasbro's trial brief, it argues that Plaintiff's invention is derived from the work of Mr. Lizarraga, and that the "evidence clearly and convincingly shows that Mr. Lizarraga fully

conceived of the invention on a date earlier than Mr. Bowling's date of invention (the date of his patent application), since Mr. Lizarraga presented the fully-formed drawings of the invention to Mr. Bowling." Hasbro's Trial Brief, Docket No. 129, at p. 6. Hasbro also represents that it intends to call Mr. Lizarraga, as well as Susan Lizarraga, to testify about Mr. Lizarraga's actions and participation with respect to the development of Plaintiff's patented dice design. *Id.* at p. 14.

However, Hasbro already unsuccessfully raised and argued these issues in its Motion to Correct Inventorship, which this Court denied. *See* Order, Docket No. 97, at p. 24. In that Motion, Hasbro argued that Mr. Lizarraga, who drafted the drawings for the patent application, contributed to the conception of Bowling's invention, and that Bowling's alleged failure to credit Mr. Lizarraga rendered the '197 patent invalid. *Id.* at p. 18. This Court noted that Hasbro failed to produce sufficient evidence that Mr. Lizarraga had any role in the conception of the invention, and that the proffered drawings reflected no more than Mr. Lizarraga's skill at drafting a depiction of the invention that Bowling had conceived and described. *Id.* at pp. 21-22. Accordingly, the Court already ruled in Bowling’s favor on the issue of inventorship. *Id.* at p. 24.

Given the Court's prior ruling, Hasbro is merely attempting to re-litigate an issue it previously lost by introducing evidence or testimony regarding Mr. Lizarraga's alleged role in the conception of Bowling's invention. That is improper, and that evidence and testimony should be excluded. *Cf. Cent. Ill. Carpenters Health & Welfare Trust Fund v. Olsen*, 2006 U.S. Dist. LEXIS 83540 (C.D. Ill. November 15, 2006) (Ex. A.) ("In light of this Court's ruling granting summary judgment in favor of the Plaintiffs on liability on all counts of the Complaint, the Court finds that the issue of estoppel was decided by this Court in its June 1, 2006, Opinion," and "[d]efendants are therefore precluded from introducing any exhibits or testimony regarding

the issue of estoppel at trial"). Further, the evidence and testimony regarding the inventorship issue should be excluded pursuant to Fed. R. Evid. 403 because its presentation at trial would confuse the jury, waste the Court and parties' time, and unfairly prejudice Bowling given that the inventorship issue has been resolved.

## III. Conclusion

Accordingly, Bowling respectfully requests that Hasbro be precluded from introducing any evidence or testimony at trial suggesting that Mr. Lizarraga is an inventor or co-inventor of the dice covered by the '197 patent.

Michael Bowling,
By His Attorneys,

Date: December 19, 2007

s/Thomas J. Leach
Thomas J. Leach, MN (*pro hac vice*)
Anthony R. Zeuli (*pro hac vice*)
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Phone: 612.332.5300
Fax: 612.332.9081

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

**CERTIFICATE OF SERVICE**

TO:

Todd D. White, Esq.
Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

David K. S. Cornwell, Esq.
Tracey-Gene G. Durkin, Esq.
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue N.W.
Washington, DC 20005

I hereby certify that the within *Memorandum of Law in Support of Plaintiff Bowling's Motion in Limine to Exclude Testimony and Evidence that Albert Lizarraga is an Inventor or Co-Inventor* was filed through the ECF system on the 19th day of December, 2007, and will be sent electronically to the above-named counsel who are registered participants identified on the Notice of Electronic Filing for Case No. 05-229S.

/s/ Thomas J. Leach___________