# EXHIBIT A

LEXSEE

Analysis
As of: Dec 18, 2007

**CENTRAL ILLINOIS CARPENTERS HEALTH AND WELFARE TRUST FUND and CARPENTERS WELFARE, PENSION AND RETIREMENT SAVINGS FUNDS OF ILLINOIS, Plaintiffs, v. JAY J. OLSEN d/b/a J & L BUILDERS and J & L CONSTRUCTION, Defendants.**

**No. 03-3250**

**UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION**

**2006 U.S. Dist. LEXIS 83540**

**November 15, 2006, Decided**
**November 16, 2006, Filed**

**SUBSEQUENT HISTORY:** Later proceeding at Cent. Ill. Carpenters Health & Welfare Trust Fund v. Olsen, 2006 U.S. Dist. LEXIS 83630 (C.D. Ill., Nov. 15, 2006)

**PRIOR HISTORY:** Cent. Ill. Carpenters Health & Welfare Trust Fund v. Olsen, 2006 U.S. Dist. LEXIS 36058 (C.D. Ill., June 1, 2006)

**COUNSEL:** [*1] For Central Illinois Carpenters Health and Welfare Trust Fund, Carpenters Welfare, Pension and Retirement Savings Funds of Illinois, Plaintiffs: James P Moody, Patrick J O'Hara, CAVANAGH & O'HARA, Springfield, IL.

For Jay J Olsen, doing business as J&L Builders doing business as J&L Construction, Defendant: Andrew J Martone, John L Pollard, BOBROFF HESSE LINDMARK & MARTONE PC, St Louis, MO.

**JUDGES:** Jeanne E. Scott, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** Jeanne E. Scott

**OPINION**

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Plaintiffs' Motion In Limine (d/e 46). For the reasons set forth below, Plaintiffs' Motion In Limine is ALLOWED, in part, and DENIED, in part.

Plaintiffs seek to bar the Defendants from introducing any exhibits or testimony under the "law of the case" doctrine regarding: (1) the defense of estoppel, (2) whether Plaintiff Funds agreed that the Collective Bargaining Agreements did not cover residential carpenter work, and (3) whether an audit in accordance with generally accepted auditing standards is required by law to support Plaintiffs' determination of contributions owed. Plaintiffs contend that the above issues have already been decided [*2] by this Court in its June 1, 2006, Opinion and so the law of the case doctrine bars the Defendants from relitigating the same issues at trial. *See Opinion entered June 1, 2006 (d/e 44).* The Defendants dispute this and contend that the above issues have not been decided by this Court in its June 1, 2006, Opinion.

"Under the law of the case' doctrine, once a court either expressly or by necessary implication decides an issue, the decision becomes binding in subsequent proceedings before the court or a lower court." *Roboserve, Inc. v. Kato Kagaku Co., Ltd.,* 936 F. Supp. 522, 524 (N.D. Ill. 1996) (citing *Key v. Sullivan,* 925 F.2d 1056, 1060 (7th Cir. 1991)). In order to define the law of the case, courts must first determine what issues have been actually decided in the earlier proceedings. *Id.*

Plaintiffs first move to preclude the Defendants from introducing any evidence or testimony regarding the is-

sue of estoppel based on the fact that the issue was already decided by this Court when ruling on the parties' cross-motions for summary judgment. In its June 1, 2006, Opinion, this Court granted Plaintiffs' Motion for Summary Judgment as to liability [*3] on all of the counts of the Complaint (d/e 1) (Counts 1, 2, and 3). This Court, however, denied Plaintiffs' request for summary judgment on the issue of damages and determined that the case will proceed to trial only on the question of damages. As to the issue of estoppel, this Court in its June 1, 2006, Opinion, concluded that the Defendants failed to show that they were entitled to summary judgment on Plaintiff Carpenters Welfare Fund of Illinois, Carpenters Pension Fund of Illinois, and Carpenters Retirement Savings Fund of Illinois' claims under an estoppel theory. In light of this Court's ruling granting summary judgment in favor of the Plaintiffs on liability on all counts of the Complaint, the Court finds that the issue of estoppel was decided by this Court in its June 1, 2006, Opinion. Defendants are therefore precluded from introducing any exhibits or testimony regarding the issue of estoppel at trial.

Plaintiffs next move to bar the Defendants from presenting any evidence or testimony regarding whether Plaintiff Funds agreed that the Collective Bargaining Agreements did not cover residential carpenter work. This issue has already been decided by this Court. This Court noted [*4] in its June 1, 2006, Opinion that the issue was uncontested. Specifically, this Court in its June 1, 2006, Opinion noted that the Plaintiffs contend that the Collective Bargaining Agreements with J & L Builders cover residential work and that "Defendants [similarly] concede that the Collective Bargaining Agreements with J & L Builders cover residential work." *Opinion entered June 1, 2006 (d/e 44).* p. 12. Defendants are therefore precluded from relitigating this issue at trial.

Plaintiffs lastly move to prohibit the Defendants from introducing any testimony or exhibits concerning whether an audit in accordance with generally accepted auditing standards (GAAS) is required to support Plaintiffs' determination of contributions owed. In their summary judgment motion, Defendants contended that the payroll compliance audit reports prepared by Joseph Romolo (Romolo Reports) were inadequate as a matter of law based on the fact that the audits were not performed in accordance with GAAS. This Court in its June 1, 2006, Opinion, simply noted that the Defendants failed to cite any controlling authority in support of their allegation of shortcomings in the Romolo Reports. This Court therefore [*5] concluded that the Defendants were not entitled to summary judgment based on alleged shortcomings in the Romolo Reports. This Court also stated in the June 1, 2006, Opinion that the Plaintiffs were similarly not entitled to summary judgment on the amount of damages based on their claim that there was no dispute over hours or calculations contained in the Romolo Reports. Each side may present evidence of Plaintiffs' damages; in the absence of legal authority that only payroll compliance audit reports that comport with GAAS are proper, the Court indicated that each side could attempt to prove damages through any competent evidence. As such, Plaintiffs' request to bar any exhibits or testimony relating to this issue is denied.

THEREFORE, Plaintiffs' Motion In Limine (d/e 46) is ALLOWED in part and DENIED in part.

IT IS THEREFORE SO ORDERED.

ENTER: November 15, 2006.

FOR THE COURT:

s/ Jeanne E. Scott

UNITED STATES DISTRICT JUDGE