IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, Plaintiff, | : | C.A. No. 05-229S |
| v. | : | |
| HASBRO, INC., a Rhode Island Corporation, Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF BOWLING'S MOTION IN *LIMINE* TO EXCLUDE ANY REFERENCE TO REEXAMINATION PROCEEDINGS**

**I. Introduction**

Pursuant to Fed. R. Evid. 403, Plaintiff Michael Bowling ("Bowling") files this Motion in *Limine* to exclude any reference at trial to the reexamination proceeding Defendant Hasbro, Inc. ("Hasbro") recently initiated before the United States Patent and Trademark Office ("PTO"). The probative value, if any, of such evidence is substantially outweighed by the danger of unfair prejudice to Bowling, and allowing such evidence also would confuse the jury.

**II. Legal Argument**

"Under 35 U.S.C. § 282, a patent is presumed valid, and one attacking validity has the burden of proving facts supporting a conclusion of invalidity by clear and convincing evidence." *Kaufman Co. v. Lantech, Inc.*, 807 F.2d 970, 973 (Fed. Cir. 1986); *see also Superior Fireplace Co. v. Majestic Prods. Co.*, 270 F.3d 1358, 1367 (Fed. Cir. 2001). The Federal Circuit has stated that "the grant by the examiner of a request for reexamination is not probative of unpatentability." *Hoechst Celanese Corp. v. BP Chems. Ltd.*, 78 F.3d 1575, 1584 (Fed. Cir.

1996).[1] Therefore, the fact that the PTO granted Hasbro's request for a reexamination provides no probative information to the jury concerning the validity of the patent-in-suit. Furthermore, in light of the applicable presumption of validity possessed by the issued patent, there is a real danger of jury confusion in reconciling evidence that the PTO has determined that a substantial new question of patentability has arisen – based upon prior art that this Court already excluded from consideration – with the presumption of validity instruction given by this Court.

At least one federal district court addressed this issue and determined that any evidence concerning pending reexamination proceedings should be excluded. *See Amphenol T&M Antennas, Inc. v. Centurion Int'l, Inc.*, 2002 U.S. Dist. LEXIS 822 (Jan. 17, 2002) (Ex. A.) In *Amphenol*, the PTO granted a request for reexamination of a patent, which was made one (1) year after the suit commenced, prior to the onset of a trial. There, the court concluded that exclusion of any evidence concerning the reexamination proceeding would "enhanc[e] the likelihood that a sustainable verdict will be achieved," given the applicable presumptions of validity. *Id.* at *3-*5. In addition, the court found that "telling the jury that the patent has been called into question by the Patent Office may significantly influence the jury's application of the presumption of validity and significantly prejudice ATM," and "[t]he prejudicial potential of this evidence far outweighs any probative value it may have." *Id.* at *5.

## III. Conclusion

Accordingly, Bowling respectfully requests that the Court prohibit Hasbro from introducing evidence regarding or referencing the pending reexamination proceedings, or the PTO's grant of the Defendant's Request for Reexamination.

[1] As previously noted in prior briefing by both parties, the PTO routinely and perfunctorily grants requests for reexaminations, and only rarely will invalidate all claims during the reexamination process. The PTO grants 91% of all requests for reexamination, and only 10% of those reexamination proceedings result in cancellation of all claims. *See* Plaintiff's Memorandum in Opposition to Defendant's Motion to Stay, Docket No. 100, Ex. P.

Michael Bowling,
By His Attorneys,

Date: December 19, 2007

s/Thomas J. Leach
Thomas J. Leach, MN (*pro hac vice*)
Anthony R. Zeuli (*pro hac vice*)
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Phone: 612.332.5300
Fax: 612.332.9081

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

**CERTIFICATE OF SERVICE**

TO:

Todd D. White, Esq.
Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

David K. S. Cornwell, Esq.
Tracey-Gene G. Durkin, Esq.
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue N.W.
Washington, DC 20005

I hereby certify that the within *Memorandum of Law in Support of Plaintiff Bowling's Motion in Limine to Exclude any Reference to Reexamination Proceedings* was filed through the ECF system on the 19th day of December, 2007, and will be sent electronically to the above-named counsel who are registered participants identified on the Notice of Electronic Filing for Case No. 05-229S.

/s/ Thomas J. Leach__________