# EXHIBIT A

Caution
As of: Dec 18, 2007

**AMPHENOL T&M ANTENNAS, INC., Plaintiff, v. CENTURION INTERNATIONAL, INC., Defendant.**

**No. 00 C 4298**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

**2002 U.S. Dist. LEXIS 822; 69 U.S.P.Q.2D (BNA) 1798**

**January 17, 2002, Decided**

**DISPOSITION:** [*1] ATM's Motion in Limine to Exclude Evidence Concerning the Reexamination Proceedings granted.

**CASE SUMMARY:**


**PROCEDURAL POSTURE:** Plaintiff brought an action concerning a patent. Defendant filed with the U.S. Patent and Trademark Office (patent office) a request for reexamination of the patent in suit. The patent office granted the request. The court declined to delay the trial pending the outcome of the reexamination proceedings. Plaintiff filed a motion asking the court in limine to bar defendant from introducing evidence of the reexamination proceeding.

**OVERVIEW:** The court found that there was a substantial likelihood that the patent office would uphold the patentability of some or all of plaintiff's claims. If defendant succeeded in persuading the patent office that some or all of plaintiff's patent was invalid, a jury verdict in favor of plaintiff would have been set aside. Thus if defendant won before the patent office, defendant would have won regardless of what the jury was told. But if the court allowed the jury to hear evidence that could have called into doubt the presumption of validity, the jury returned a verdict for defendant, and the reexamination proceedings ended in a reaffirmation of the patent's claims, the verdict would have been seriously undermined. Furthermore, as a probative matter, the patent office's decision to grant reexamination cast the validity of the patent into some doubt, but only to a small degree. The prejudicial potential of this evidence far outweighed any probative value it may have had. Admission of evidence concerning reexamination proceedings was inappropriate.

**OUTCOME:** The motion was granted.


**COUNSEL:** For AMPHENOL T&M ANTENNAS, INC., plaintiff: Roger Douglas Greer, Steven P. Fallon, Greer, Burns & Crain, Ltd., Chicago, IL.

For CENTURION INTL INC, defendant: Alan S. Dalinka, Richard Allan Janney, Piper, Marbury, Rudnick & Wolfe, Chicago, IL.

For CENTURION INTL INC, defendant: Shane M Niebergall, Dennis L Thomte, Zarley, McKee, Thomte, Voorhees & Sease, Omaha, NE.

For AMPHENOL T&M ANTENNAS, INC., counter-defendant: Roger Douglas Greer, Steven P. Fallon, Greer, Burns & Crain, Ltd., Chicago, IL.

For CENTURION INTL INC, counter-claimant: Shane M Niebergall, Dennis L Thomte, Zarley, McKee, Thomte, Voorhees & Sease, Omaha, NE.

**JUDGES:** Joan B. Gottschall, United States District Judge.

**OPINION BY:** Joan B. Gottschall

**OPINION**

**ORDER**

On May 14, 2001, almost a year after this suit was filed, defendant Centurion International, Inc. ("Centurion") filed with the Patent Office a Request for Reexamination of the patent in suit. The Patent Office granted the request on July 12, 2001, finding that the prior art cited by Centurion raised "substantial new questions of patentability" regarding [*2] all claims of the patent in suit. Persuaded by plaintiff Amphenol T&M Antennas, Inc. ("ATM") of the urgency of its need for relief, and advised that reexamination proceedings can pend for a considerable period of time, this court declined to delay this trial pending the outcome of the reexamination proceedings. Now, ATM asks the court *in limine* to bar Centurion from introducing evidence of the reexamination proceeding in the trial of this case. For the reasons set forth below, ATM's motion is granted.

The evidence before the court indicates that as of November 26, 2001, the Patent Office had not yet issued a first Office Action in the reexamination proceeding. Once the first Office Action is issued, ATM will have two months to respond to any claim rejections that the Examiner proposes to make. In *Hoechst Celanese Corp. v. BP Chemicals Ltd.*, 846 F. Supp. 542, 547 (S.D. Tex. 1994), *aff'd*, 78 F.3d 1575 (Fed. Cir. 1996), the court observed that 86% of requests for reexamination are granted (ATM has provided a slightly higher current percentage) but only 12% of those grants result in a rejection of all patented claims. There is thus a substantial likelihood [*3] that the Patent Office will uphold the patentability of some or all of ATM's claims.

In declining to continue the trial of this case pending the conclusion of the reexamination proceedings, this court was aware of the possibility that a jury verdict in ATM's favor might ultimately have to be set aside. But on the eve of trial, the court must consider how best to achieve a reliable and sustainable verdict in this case, regardless of the ultimate decision by the Patent Office. Is it by advising the jury that the Patent Office has found that Centurion has raised "substantial new questions of patentability," thus putting in the jury's hands the issue of the extent to which, if any, the presumption of validity attaches to a patent which is the subject of reexamination proceedings? Or is it by treating this patent as presumptively valid as any other and not advising the jury that the Patent Office is taking another look, thus allowing the jury to reach its own independent conclusion concerning the validity of the patent? The court concludes that the better answer is the second. If Centurion succeeds in persuading the Patent Office that some or all of ATM's patent is invalid, a jury verdict [*4] in favor of ATM in this case will almost certainly have to be set aside, in whole or in part; thus if Centurion wins before the PTO, Centurion will win regardless of what this jury is told. But if this court allows the jury to hear evidence that could call into doubt the presumption of validity, the jury returns a verdict for Centurion and the reexamination proceedings end in a reaffirmation of the patent's claims, the verdict will be seriously undermined. This result is not necessary. If the jury is instructed that the patent is presumed valid, the evidence of the reexamination proceedings is excluded and Centurion wins, that verdict will be manifestly sustainable. If, following such a trial, ATM wins, that verdict will also be manifestly sustainable, unless the PTO invalidates some or all of ATM's claims.

Besides enhancing the likelihood that a sustainable verdict will be achieved in this case, excluding evidence of the reexamination proceedings makes sense for another reason. As a probative matter, the Patent Office's decision to grant reexamination casts the validity of the patent into some doubt, but only to a small degree. Indeed, the Federal Circuit has stated that "the grant [*5] by the examiner of a request for reexamination is not probative of unpatentability." *Hoechst Celanese Corp. v. BP Chems. Ltd.*, 78 F.3d 1575, 1584 (Fed. Cir. 1996). The likelihood that some or all of the patent will be invalidated as a result of the reexamination proceedings is impossible to calculate with any reasonable degree of certainty, but statistically, it is not great. *See id.* at 1584 n.2 (citing statistics for rejection of all claims). While the PTO will not apply the presumption of validity to the reexamination proceedings, it may well conclude that the patent is sustainable over Centurion's challenge. And yet, telling the jury that the patent has been called into question by the Patent Office may significantly influence the jury's application of the presumption of validity and significantly prejudice ATM. The prejudicial potential of this evidence far outweighs any probative value it may have. *See* Fed. R. Evid. 403.

Insofar as there is any precedent on this issue, it suggests that admission of evidence concerning reexamination proceedings would be inappropriate. *See Hoechst Celanese Corp.*, 78 F.3d at 1584.

Accordingly, [*6] ATM's Motion in Limine to Exclude Evidence Concerning the Reexamination Proceedings is granted.

ENTER:

Joan B. Gottschall

United States District Judge

DATE: January 17, 2002