IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING,<br>a Resident of Arizona,<br><br>Plaintiff,<br>v.<br><br>HASBRO, INC.,<br>a Rhode Island Corporation,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 05-229S |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF BOWLING'S MOTION IN *LIMINE* TO EXCLUDE EVIDENCE OF NON-MARKING AFTER NOVEMBER 3, 1999**

## I. Introduction

Pursuant to Fed. R. Evid. 402, Plaintiff Michael Bowling ("Bowling") moves to exclude any evidence regarding non-marking of Plaintiff's products after November 3, 1999, which is the undisputed date when Defendant Hasbro Inc. ("Hasbro") received actual notice of infringement. The issue of whether Bowling complied with the applicable marking provisions **after** that date, as the Court has already noted, is irrelevant to the matters at issue in this case.

## II. Argument

It is undisputed that Hasbro received actual notice that its activities infringed Bowling's patent on November 3, 1999. See, Order, Docket No. 97, at p. 26; Hasbro's Statement of Undisputed Facts, Docket No. 63, at ¶29. In a previous Motion, Hasbro unsuccessfully argued that instances of non-marking occurring after November 3, 1999, precluded Bowling from recovering damages for patent infringement. Hasbro's Memorandum of Law in Support of Motion for Partial Summary Judgment, Docket No. 69, at p. 3. In its Order, this Court stated, "[t]he relevant inquiry here is whether Bowling complied with the constructive notice provisions

of § 287(a) between August 8, 1999 (when the '197 patent issued) and November 3, 1999 (when Bowling undisputedly gave Hasbro actual notice of infringement." Order, Docket No. 97, at p. 26. Further, this Court expressly provided that the period occurring after November 3, 1999 is irrelevant for purposes of ensuring compliance with the marking provisions of Title 35 U.S.C. §287(a). See, Id. at p. 26 n. 11. ("However, for the period following actual notice [November 3, 1999], Bowling's compliance with the constructive notice provisions of § 287(a) is irrelevant in this case (that is, with respect to Hasbro)," and "[t]o the extent that Hasbro relies on this evidence for this purpose, that reliance is in error"), citing *Am. Med. Sys. Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1537 (Fed. Cir. 1993); see also, *Clancy Sys. Int'l, Inc. v. Symbol Techs., Inc.*, 953 F.Supp. 1170, 1174 (D. Colo. 1997); *Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 2003 U.S. Dist. LEXIS 5409, at *45-55 (D. Del. Feb. 4, 2003) (Ex. A.).

Given that is it is undisputed that Hasbro received actual notice of its infringing activities on November 3, 1999, and that Bowling's marking activities after that date, as to Hasbro, are irrelevant for purposes of the marking statutes and damages, Bowling respectfully requests that the Court prohibit Hasbro from introducing any evidence regarding Bowling's marking or non-marking activities after November 3, 1999.

Michael Bowling,
By His Attorneys,

Date: December 19, 2007

s/Thomas J. Leach
Thomas J. Leach, MN (*pro hac vice*)
Anthony R. Zeuli (*pro hac vice*)
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Phone: 612.332.5300
Fax: 612.332.9081

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

**CERTIFICATE OF SERVICE**

TO:

Todd D. White, Esq.
Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

David K. S. Cornwell, Esq.
Tracey-Gene G. Durkin, Esq.
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue N.W.
Washington, DC 20005

I hereby certify that the within *Memorandum of Law in Support of Plaintiff Bowling's Motion in Limine to Exclude Evidence of Non-Marking After November 3, 1999* was filed through the ECF system on the 19th day of December, 2007, and will be sent electronically to the above-named counsel who are registered participants identified on the Notice of Electronic Filing for Case No. 05-229S.

/s/ Thomas J. Leach__________