IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING,<br>a Resident of Arizona,<br><br>Plaintiff,<br>v.<br><br>HASBRO, INC.,<br>a Rhode Island Corporation,<br><br>Defendant. | : | C.A. No. 05-229S |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF BOWLING'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF SETTLEMENT OFFERS AND NEGOTIATIONS**

## I. Introduction

Plaintiff Michael Bowling ("Bowling") files this Motion in *Limine* to preclude the Defendant Hasbro, Inc. ("Hasbro") from introducing at trial any evidence of settlement offers and negotiations between the parties, as any such evidence is expressly excluded from admissible evidence under Fed. R. Evid. 408(a).

## II. Legal Argument

The Federal Rules of Evidence expressly provide for the exclusion of settlement offers and negotiations between the parties from evidence at trial. Fed. R. Evid. 408(a) provides, in pertinent part:

> Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:
>
> (1) furnishing or offering or promising to furnish--or accepting or offering or promising to accept--a valuable consideration in compromising or attempting to compromise the claim; and

> (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.

*See also Catullo v. Metzner,* 834 F.2d 1075, 1079 (1st Cir. 1987)("The rule protects parties to a settlement negotiation from adverse consequences when the negotiations fail; admissions made during the course of the negotiations may not be introduced as evidence of liability on the underlying claim."); *McInnis v. A.M.F., Inc.*, 765 F.2d 240, 247-251 (1st Cir. 1985) (finding document containing monetary offer of settlement excluded under Fed. R. Evid. 408); *Am. Bridge Co. v. Providence Place* Group, 263 F. Supp. 2d 330, 336 (D.R.I. 2003) ("Rule 408 excludes evidence of compromises and offers to compromise, and of 'statements made in compromise negotiations."), quoting *Central Soya Co., Inc. v. Epstein Fisheries, Inc.*, 676 F.2d 939, 944 (7th Cir. 1982); *Putnam Resources v. Pateman*, 757 F. Supp. 157, 165 (D.R.I. 1991) ("This letter was written in the course of settlement negotiations and its contents are therefore inadmissible under Rule 408 of the Federal Rules of Evidence.").

For example, Bowling's counsel wrote a letter, dated November 3, 1999, which represented that Bowling was "willing to negotiate a settlement," and offered a conditional monetary amount to resolve the patent infringement dispute. *See* November 3, 1999 Letter from Julie R. Daulton to Cynthia S. Reed, *attached as* Exhibit A, at p. 2. In order to comply with the text, as well as the intent, of Rule 408, Bowling respectfully requests the Court to exclude the November 3, 1999 letter from admission as evidence at trial. The drafters of Rule 408 have recognized the prejudicial effect that revealing monetary amounts offered during the course of settlement negotiation has upon a jury, and specifically noted that, "such evidence is of questionable relevance on the issue of liability or the value of a claim, since settlement may well reflect a desire for peaceful dispute resolution, rather than the litigants' perceptions of the

strength or weakness of their relative positions." *McInnis*, 765 F.2d at 247 (summarizing underlying policies of Rule 407 from Advisory Committee's Notes). Providing the jury with those amounts offered in order to avoid or peacefully resolve litigation will result in confusion, and will further prejudice Bowling's ability to prove his damages at trial. Accordingly, statements that Bowling offered to settle his dispute for $0.20 per die should be excluded.

In addition, several other communications between counsel for Bowling and Hasbro, as well as Bowling's Settlement Conference Statement, contain or concern offers to settle this dispute, and should be excluded from evidence at trial. Those communications, which are attached as Exhibits B-H, include letters from Bowling's counsel -- dated December 13, 1999; December 22, 1999; and February 11, 2002, as well as letters from Hasbro's counsel – dated December 22, 1999; April 10, 2001; November 15, 2001; and February 12, 2002. Pursuant to Fed. R. Evid. 408, the Court should rule that those letters are inadmissible.

## III. <u>Conclusion</u>

Given the prejudicial impact and irrelevancy of monetary offers made in the course of a settlement offer, Bowling respectfully requests that the Court exclude, pursuant to Rule 408, those communications, as well as any other statement or declaration which includes an offer to settle this dispute, from admission into evidence at trial.

Michael Bowling,
By His Attorneys,

Date: December 19, 2007

s/Thomas J. Leach

Thomas J. Leach, MN (*pro hac vice*)
Anthony R. Zeuli (*pro hac vice*)
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Phone: 612.332.5300
Fax: 612.332.9081

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

**CERTIFICATE OF SERVICE**

TO:

Todd D. White, Esq.
Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

David K. S. Cornwell, Esq.
Tracey-Gene G. Durkin, Esq.
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue N.W.
Washington, DC 20005

I hereby certify that the within *Memorandum of Law in Support of Plaintiff Bowling's Motion in Limine to Exclude Evidence of Settlement Offers and Negotiations* was filed through the ECF system on the 19th day of December, 2007, and will be sent electronically to the above-named counsel who are registered participants identified on the Notice of Electronic Filing for Case No. 05-229S.

/s/ Thomas J. Leach___________