# EXHIBIT E

MARSHALL, O'TOOLE, GERSTEIN, MURRAY & BORUN
ATTORNEYS AT LAW
6300 SEARS TOWER
233 SOUTH WACKER DRIVE
CHICAGO, ILLINOIS 60606-6402
(312) 474-6300
FAX: (312) 474-0448

RICHARD H. ANDERSON
MICHAEL F. BORUN
RICHARD A. BRANDON
DAVID W. CLOUGH, Ph.D.
MADELINE H. DEVEREUX
CHRISTINE A. DUDZIK
PATRICK D. ERTEL
DAVID A. GASS
ALLEN H. GERSTEIN
ROBERT H. GERSTEIN
ROGER A. HEPPERMANN
MARTIN J. HIRSCH
DOUGLASS C. HOCHSTETLER
TREVOR B. JOIKE
RICHARD M. LABARGE
WILLIAM E. McCRACKEN
CARL E. MOORE, JR.
JAMES J. NAPOLI, Ph.D.
ANTHONY NIMMO
EDWARD M. O'TOOLE
LI-HSIEN RIN-LAURES, M.D.
NATE F. SCARPELLI
RICHARD A. SCHNURR
JEFFREY S. SHARP
KARL A. VICK
JAMES P. ZELLER

SPECIAL COUNSEL:
MICHAEL R. GRAHAM

OF COUNSEL:
OWEN J. MURRAY
ALVIN D. SHULMAN

BEAU D. BARBERIS
AUDREY L. BARTNICKI, Ph.D.
SCOTT E. BAXENDALE
G. CHRISTOPHER BRAIDWOOD
THOMAS A. CAWLEY, JR., Ph.D.
JANE J. CHOI
PAUL C. CRAANE
MEGGAN F. DUFFY
JAMES A. FLIGHT
KEVIN M. FLOWERS, Ph.D.
JANINE M. GIRZADAS
JENNIFER P. GOETSCH
FRANKIE HO
ANAND P. IYER, Ph.D.
KIM A. JACKLIN
WILLIAM J. KRAMER
BRENT E. MATTHIAS
GREGORY C. MAYER
WILLIAM K. MERKEL, Ph.D.
THOMAS A. MILLER
MICHAEL MUCZYNSKI
CARL E. MYERS
MATTHEW C. NIELSEN
SANDIP H. PATEL
DAVID C. READ
ANTHONY G. SITKO
PAUL B. STEPHENS
JILL E. UHL
LENA T. VAN ASDALE
ANDREW E. WARNECKE
MICHAEL R. WEINER

REGISTERED PATENT AGENTS:
JAMES F. GOEDKEN
MARK G. HANLEY
GRETA E. NOLAND
JOSEPH A. WILLIAMS, JR., Ph.D.
MARK C. ZIMMERMAN

December 22, 1999

**VIA FACSIMILE**

Julie R. Daulton
Merchant & Gould, P.C.
90 South Seventh Street
Suite 3100
Minneapolis, Minnesota 55402-4131

Re: <u>Bowling, U.S. Patent 5,938,197</u>

Dear Ms. Daulton:

Having investigated your charges of patent and "trademark" infringement, I make the following representations and offer of settlement.

1. Hasbro's total shipments after the '197 patent issued were 269,000 units. This is our base for royalty calculations. No further shipments with the accused dice have been or will be made, and Hasbro has no need of a settlement of the type you propose (payment for sales of up to 500,000 units). Further, no television commercial for the Millenium Edition has run since the week of December 6 and none will be run in the future.

2. We must reject any settlement figure which factors your charge of willfulness. Hasbro ceased shipping the accused dice promptly upon learning of the patent of the unacceptable terms of your license offer. In fact, no production or sales have taken place since November 1, 1999.

3. We must reject any settlement figure which factors lost profits. Hasbro does not compete with your client and has not taken away any sales. If anything, Hasbro's brief period of

CONFIDENTIAL

MARSHALL, O'TOOLE, GERSTEIN, MURRAY & BORUN

Julie R. Daulton
December 22, 1999
Page 2

promotion of the dice in question with the Millenium Edition of the most popular game in the world has enhanced your client's sales.

4. In arriving at a reasonable royalty, we cannot factor a percentage based on the wholesale price of the game for obvious reasons--the dice did not drive sales of the game as is apparent from the continued rate of sales after substituting non-accused dice. The cost to Hasbro of the two dice as compared to Hasbro's overall cost associated with the Monopoly game in question, reveals that the dice account for 1.4% of the overall cost of the product. Taking the game price of $28.50 and assuming a 5% royalty on the value of the dice, a reasonable royalty would amount to 269,000 x 28.5 x 1.4% x 5% or $5366. This calculation is based on the typical practice of Hasbro in comparable situations when dealing with outside inventors.

5. To put your latest offer in prospective, we note that you are demanding $300,000 for sales of 500,000 units. That amounts to 60¢ per game. Considering that the dice only represent 1.4% of the product's value, the maximum per game profit which Hasbro could make on the dice would be 26¢. I trust you would agree that a royalty of 235% of profits would be excessive.

6. As to your charge of trademark rights, I fail to see from your letter of December 1, 1999 that your client has developed any trademark rights in the dice themselves, much less that you have any evidence of likelihood of confusion or damages arising therefrom.

Despite the above and the reckless and inflammatory tone of your letter, Hasbro wants to resolve this controversy amicably and therefore offers $7,500 in exchange for a full release of all claims. This is considered to be fair, although far in excess of what would be awarded by a Court.

Very truly yours,

Edward M. O'Toole

Edward M. O'Toole

EMO/keb

cc: Mr. Kurt R. Benson (via facsimile)

CONFIDENTIAL