IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING,<br>a Resident of Arizona,<br><br>Plaintiff,<br>v.<br><br>HASBRO, INC.,<br>a Rhode Island Corporation,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 05-229S |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF BOWLING'S MOTION IN *LIMINE* TO EXCLUDE EVIDENCE ON THE ISSUE OF ROYALTIES PAID BY HASBRO FOR MONOPOLY**

## I. Introduction

Pursuant to Fed. R. Civ. P. 37(c)(1) and Fed. R. Evid. 401 and 402, Plaintiff Michael Bowling ("Bowling") files this Motion in *Limine* to exclude any evidence at trial, including expert testimony, concerning the royalty rates Defendant Hasbro, Inc. ("Hasbro") pays to license the Monopoly game. Despite the fact Bowling has sought this information in formal discovery requests and via informal communications with Hasbro's counsel, Hasbro refuses to produce the Monopoly licensing agreements. Instead, Hasbro has asserted that the royalty rate it pays to license Monopoly is irrelevant to this action. Accordingly, since Hasbro has not produced documents or an expert report that fully complies with Rule 26(a) of the Federal Rules of Civil Procedure, Hasbro should be precluded from offering evidence concerning the royalty rate it pays to license Monopoly.

## II. Factual Background

On April 24, 2006, Hasbro identified Barry Sussman, CPA ("Sussman") as its expert witness. In the Expert Report Hasbro produced, Mr. Sussman references Hasbro's licensing

agreements, and, in particular, the royalty rates contained therein for Hasbro's use of the intellectual property associated with the Monopoly board game from its subsidiary Parker Brothers. (Expert Report of Barry Sussman ¶¶27, 31.) Based partially on the information he obtained from review of those documents, Sussman rendered an opinion as to his calculation of what the reasonable royalty rate would have been in a hypothetical negotiation between Hasbro and Bowling applying the relevant factors articulated in *Georgia-Pacific Corp.* v. *United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970).

Bowling requested the licensing agreements referenced by Mr. Sussman, and in particular, the Monopoly licensing agreements, on multiple occasions through discovery and informal correspondence. For example, Bowling's Third Request for Documents from Hasbro sought those very documents. The applicable discovery requests, and Hasbro's objections and responses provide, in pertinent part:

> **REQUEST NO. 74:** All documents and things concerning any license agreements or settlement agreements Hasbro has entered into relating to board game technology or parts thereof, including the agreements themselves.
>
> **OBJECTION:** Hasbro objects to Request No. 74 on the grounds that it seeks information not relevant to any claim or defense of any party to this action, and that it is both vague and ambiguous, as it seeks documents concerning undefined "board game technology or parts thereof," and overbroad and unduly burdensome, as it seeks, by its literal terms, all documents connected, however tangentially, to responsive license agreements including, for example, evidence of royalty payments, which information would be unduly burdensome to produce and completely irrelevant to the subject matter of this lawsuit.
>
> **RESPONSE:** Subject to and without waiver of the foregoing general and specific objections, responsive documents have been or will be produced, to include license agreements between Hasbro and third parties relative to the licensing of patented items or components of products for use in Hasbro's business.

> **REQUEST NO. 75:** Documents sufficient to evidence any royalties Hasbro pays or receives based on the licensing of technology related to board games or parts thereof.
>
> **OBJECTION:** Hasbro objects to Request No. 75 on the grounds that it seeks information not relevant to any claim or defense of any party to this action. The documents sought by this Request consist entirely of Hasbro's confidential documents reflective of sales of products not at issue in this case, and the payment or receipt of royalty payments to or from third parties. Whatever relevance might attend the license agreements themselves (*see* Objection and Response to Request No. 74), which reflect royalty rates, is entirely absent from the documents requested in Request No. 75, which contain Hasbro's confidential financial information regarding Hasbro's net sales. Neither the fact of payment nor the fact of non-payment of any royalty to or from any third party, nor the amount thereof, has any probative value with respect to any claim or defense at issue in this case.

(Hasbro's Objection and Responses to Bowling's Third Set of Document Requests at pp. 2-3.)

On February 16, 2006, Bowling's counsel wrote to Hasbro's counsel in an effort to resolve any dispute over the production of the Monopoly licensing agreements. The letter noted that counsel had "specifically requested the license agreement between Hasbro and the owners of the rights to the Monopoly game ("the Monopoly License"), which was referenced during the 30(b)(6) deposition of Hasbro," and "[a]s I stated, the Monopoly License falls squarely within Bowling's Request Nos. 74 and 75 and is directly relevant to the issues in this case." (Exh. A at p. 1.) Hasbro responded as follows:

> I would reiterate that the license agreement is irrelevant. During our telephone call, you asserted it might be germane to your damages analysis. I cannot see how that would be the case. None of the *Georgia Pacific* factors may reasonably be considered to encompass licensing arrangements for uncomparable goods.

(Exh. B.)

Bowling's Fourth Set of Document Requests sought all documents reviewed and/or considered by its experts, as well as the Monopoly licensing agreements. The pertinent request, as well as Hasbro's response, provides, as follows:

> **REQUEST NO. 76:** All license agreements concerning board games, including, but not limited to, all license agreement concerning the Monopoly or Monopoly Millennium game.
>
> **OBJECTION:** Hasbro objects to Request No. 76 on the grounds that it seeks information not relevant to any claim or defense of any party to this action, and further on the grounds that it is overbroad and unduly burdensome.
>
> **RESPONSE:** Subject to and without waiver of the foregoing general and specific objections, responsive documents have been produced.
>
> **REQUEST NO. 85:** Each documents reviewed and/or considered by any of Hasbro's expert witnesses.
>
> **OBJECTION:** Hasbro objects to Request No. 85 on the grounds that the request is premature in that Hasbro's expert disclosures are the subject of specific deadlines set forth in the scheduling order in this action. Hasbro further objects to Request No. 85 to the extent it seeks documents reviewed by and/or considered by non-testifying experts.
>
> **RESPONSE:** Subject to and without waiver of the foregoing general and specific objections, responsive documents have been or will be produced in accord with applicable deadlines in the scheduling order in this action.

(Objections and Response to Pl.'s Fourth Set of Document Requests to Hasbro.)

To date, Hasbro has refused to provide the requested Monopoly licensing agreements.

## III. Legal Argument

### A. Hasbro's Witnesses Must be Precluded from Testifying on the Issue of Royalties Paid by Hasbro in the Absence of the Underlying Agreements.

Bowling specifically requested the licensing agreements and, in addition, all documents reviewed or considered by Hasbro's experts. Moreover, in order to comply with Fed. R. Civ. P.

Rule 26(a)(2), Hasbro is required to provide documents relating to expert opinion for all of its experts. *In Re Pioneer Hi-Bred Int'l, Inc.*, 238 F.3d 1370, 1375 (Fed. Cir. 2001) (stating that fundamental fairness requires disclosure of all information supplied to a testifying expert in connection with his testimony); *Norbrook Labs. Ltd. v. G. C. Hanford Mfg. Co.*, 297 F. Supp. 2d 463, 480-81 (N.D.N.Y. 2003)(precluding expert testimony as sanction for failure to disclose requested material which prevented effective cross-examination); *Kooima v. Zacklift Int'l, Inc.*, 209 F.R.D. 444, 447 (D.S.D. 2002) (stating that all documents and information disclosed to a testifying expert is discoverable); *Suskind v. Home Depot, Corp.*, No. 99-10575-NG, 2001 U.S. Dist. LEXIS 1349, *10-11 (D. Mass Jan. 2, 2001) (Exh. C.) (holding that all materials received and read by the expert must be disclosed to opposing counsel even if attorney- client privilege is invoked). Further, the Advisory Committee Notes to the 1993 Amendments to Rule 26 state that "given the obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions – whether or not ultimately relied on by the expert – are privileged . . . ." Fed. R. Civ. P. 26 Advisory Committee's Note. Finally, Fed. R. Civ. P. 37(c)(1) provides that a party who fails to disclose information required by Rule 26(a) shall not be permitted to use as evidence at trial testimony of any witness or information not so disclosed, unless the failure to disclose the information is substantially justified and is harmless to the opposing party.

Hasbro has no justification for withholding the Monopoly licensing agreements, especially since it apparently provided them to an expert witness, who may have relied on the agreements to some extent in formulating his opinion. Hasbro's refusal to produce the agreements during discovery denied Bowling the opportunity to evaluate those agreements in a meaningful way or use them at deposition with Hasbro's witnesses. It would be extremely

prejudicial to Bowling if Hasbro now were permitted to introduce evidence at trial, either through fact or expert witnesses, concerning the royalties it pays on the Monopoly game because Bowling would be unable to test the veracity and bases of that testimony or effectively cross examine Hasbro's witnesses. Thus, under Rule 37(c)(1), any trial testimony regarding royalty rates paid or received pursuant to the Monopoly license agreements, and any opinion which bases it conclusions on that material, should be excluded.

### B. All Reference to the Royalty Rates Paid by Hasbro Under the Monopoly Licensing Agreements Should be Excluded as Irrelevant and Not Produced.

Irrelevant evidence is inadmissible. Fed. R. Evid. 402. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Since Hasbro has asserted that the Monopoly licensing agreements "are irrelevant" to the damages analysis, Hasbro should be precluded from offering any evidence concerning the Monopoly licensing agreements or any royalties paid thereunder at trial.

## IV. Conclusion

For the foregoing reasons, Bowling respectfully requests that the Court preclude any testimony or evidence regarding, or based upon, Hasbro's licensing agreements concerning Monopoly.

Michael Bowling,
By His Attorneys,

Date: December 19, 2007

s/Thomas J. Leach

Thomas J. Leach, MN (*pro hac vice*)
Anthony R. Zeuli (*pro hac vice*)
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Phone: 612.332.5300
Fax: 612.332.9081

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

**CERTIFICATE OF SERVICE**

TO:

Todd D. White, Esq.
Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

David K. S. Cornwell, Esq.
Tracey-Gene G. Durkin, Esq.
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue N.W.
Washington, DC 20005

I hereby certify that the within *Memorandum in Support of Plaintiff Bowling's Motion in Limine to Exclude Evidence on the Issue of Royalties Paid by Hasbro for Monopoly* was filed through the ECF system on the 19th day of December, 2007, and will be sent electronically to the above-named counsel who are registered participants identified on the Notice of Electronic Filing for Case No. 05-229S.

/s/ Thomas J. Leach___________