# EXHIBIT B

ADLER POLLOCK & SHEEHAN P.C.

One Citizens Plaza, 8th floor
Providence, RI 02903-1345
Telephone 401-274-7200
Fax 401-751-0604 / 351-4607

175 Federal Street
Boston, MA 02110-2890
Telephone 617-482-0600
Fax 617-482-0604

www.apslaw.com

February 17, 2006

Thomas J. Leach, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

Re: ***Michael Bowling v. Hasbro, Inc.***
C.A. No. 05-229S

Dear Tom:

In the first of your letters to me dated February 16, 2006, you assert that the Monopoly license agreement is somehow responsive to your document requests Nos. 74 and 75. As I told you and have previously confirmed in writing, this is simply not the case.

In full, those requests sought:

> All documents and things concerning any license agreements or settlement agreements Hasbro has entered into relating to board game technology or parts thereof, including the agreements themselves.

and

> Documents sufficient to evidence any royalties Hasbro pays or receives based on the licensing of technology related to board games or parts thereof.

By their plain language, each of these requests seeks documents relating to the licensing of technology, not board game ideas, concepts, or plans. Your assertion that the license agreement for a board game itself falls "squarely within" these requests does not make it so.

STATE CAPITAL
GLOBAL LAW FIRM GROUP

Member firms of the State Capital Global Law Firm Group practice independently and not in a relationship for the joint practice of law.

ADLER POLLOCK & SHEEHAN P.C.



Moreover, I would reiterate that the license agreement is irrelevant. During our telephone call, you asserted that it might be germane to your damages analysis. I cannot see how that would be the case. None of the *Georgia Pacific* factors may reasonably be considered to encompass licensing arrangements for uncomparable goods. *See, e.g.*, *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) ("2. The rates paid by the licensee for the use of other patents comparable to the patent in suit.") (emphasis added). If you have some other theory of relevance, please advise of that.

Turning to your second letter to me of February 16, 2006, I believe I have now responded both verbally and in writing to all of the issues raised in your January 30 and February 3 letters. I would note, however, that your February 3 letter again promised that you would be providing documents responsive to Hasbro's second set of document requests, which were due last month, but we still have received nothing.

Very truly yours,

JEFFREY K. TECHENTIN
jtechentin@apslaw.com

cc: Todd D. White, Esq.

*372188_1.doc*