# EXHIBIT C

LEXSEE

Positive
As of: Dec 18, 2007

**LIESLELOTTE SUSKIND, TRAVELERS INSURANCE COMPANY OF AMERICA, Plaintiffs, v. HOME DEPOT CORPORATION, TEST RITE PRODUCTS CORPORATION, Defendants.**

**CIVIL ACTION NO. 99-10575-NG**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

**2001 U.S. Dist. LEXIS 1349**

**January 2, 2001, Decided**

**DISPOSITION:** [*1] Defendant Test Rite Products Corp.'s Motion to Compel Production of Documents Removed From Expert Witness File Prior to Deposition (# 23) and Plaintiff Travelers Insurance Company's Motion to Compel Defendant Test Rite Products to Produce the Documents Removed from the Files of Its Experts (# 29), ALLOWED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** In a discovery dispute, at issue was whether the duty of disclosure of expert testimony mandated by Fed. R. Civ. P. 26(a)(2)(B), included the duty to disclose materials provided to the expert by the party's attorney which were considered by the witness in forming opinions but also contained core work product protected from discovery pursuant to Fed. R. Civ. P. 26(b)(3).

**OVERVIEW:** Each party moved to require the other to produce documents removed by the other party from the files of its expert witnesses. The issue turned on the interplay between Fed. R. Civ. P. 26(a)(2)(b), the section requiring an expert witness to submit a report, which, since 1993, included the duty to disclose, without a discovery motion, materials provided to the expert by the party's attorney which were considered by the witness in forming his or her opinions, but which would also contain mental impressions, conclusions, opinions or legal theories of an attorney, Fed. R. Civ. P. 26(b)(4)(A) also amended in 1993, which required the expert's report to be completed prior to his deposition, and the work product exception of Fed. R. Civ. P. 26(b)(3), which predated the other sections, which expressly stated it was subject to the provisions of Fed. R. Civ. P. 26(b)(4). The court noted a clear split in the authorities, but rule in favor of disclosure of potential attorney's work product.

**OUTCOME:** Motions to compel production of documents used by the experts was in each case granted, and all materials furnished to a testifying expert, including those composed by the attorney who retained the expert, which the expert received and read in connection with the instant case be disclosed to opposing counsel, and the experts could be deposed as to that information.

**COUNSEL:** Phillip M. Davis, Christopher J. Sullivan, Davis & White, Thomas M. Niarchos, Niarchos, Smith, Sullivan, Valentine & Malay, Boston, MA, for defendants.

Jeffrey Scuteri, Goddard, Scuteri & Delaney, Salem, MA, for plaintiffs.

John E. Tener, Robinson & Cole, Boston, MA, for plaintiffs.

David A. White, North Quincy, MA, for plaintiffs.

**JUDGES:** ROBERT B. COLLINGS, Chief U.S. Magistrate Judge.

**OPINION BY:** ROBERT B. COLLINGS

**OPINION**

***MEMORANDUM AND ORDER ON DEFENDANT TEST RITE PRODUCTS CORP.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS REMOVED FROM EXPERT WITNESS FILE PRIOR TO DEPOSITION (# 23) AND PLAINTIFF TRAVELERS INSURANCE COMPANY'S MOTION TO COMPEL DEFENDANT TEST RITE PRODUCTS TO PRODUCE THE DOCUMENTS REMOVED FROM THE FILES OF ITS EXPERTS (# 29)***

COLLINGS, Ch.U.S.M.J.

***I. Introduction***

The issue framed by the motions to compel is simply stated but less [*2] easily resolved. The question is whether the duty of disclosure of expert testimony mandated by Rule 26(a)(2)(B), Fed. R. Civ. P., includes the duty to disclose materials provided to the expert by the party's attorney which were "considered" by the witness in forming his or her opinions but which would also contain "mental impressions, conclusions, opinions or legal theories of an attorney" protected from discovery pursuant to Rule 26(b)(3), Fed. R. Civ. P. Courts have given different answers to the question. *Compare The Nexxus Products, Co. v. CVS New York, Inc.,* 188 F.R.D. 7 (D. Mass., 1999)(holding that such materials are protected if they are "opinion work product") with *TV-3, Inc. v. Royal Insurance Company of America,* 194 F.R.D. 585 (S.D. Miss., 2000) (holding that all materials furnished by an attorney to a testifying expert are discoverable). The issue has also divided the commentators. *Compare* 6 *Moore's Federal Practice,* § 26.80[1] (3rd ed. 1998) (opinion work product remains protected) with Wright, Miller & Marcus, *Federal Practice and Procedure: Civil* 2d § 2016.2 at 251-2 (2d ed. 1994) (the 1993 amendments mandate disclosure [*3] despite privilege).

Since much has been written on the subject, there is no need for me to "reinvent the wheel" so to speak. Rather, I shall say simply that I respectfully disagree with the analysis set forth both in the *Nexxus* Products case by my colleague, Magistrate Judge Alexander, and in Professor Moore's treatise. Accordingly, I shall allow both motions to compel and direct that all materials furnished to a testifying expert, including those composed by the attorney who retained the expert, which the expert received and read in connection with the instant case be disclosed to opposing counsel. A summary of the reasons for this ruling follows.

***II. Discovery of Expert Testimony Under the Federal Rules of Civil Procedure***

Before the 1993 amendments to the Federal Rules of Civil Procedure, parties were limited to the "Discovery Methods" listed in Rule 26(a), Fed. R. Civ. P. (1983) in obtaining information from opposing parties, including information respecting testifying experts. *See* Rule 26(b)(4)(A), Fed. R. Civ. P. (1980). The 1993 amendments created the concept of "required disclosures" which a party was required to make to the other parties "without awaiting [*4] a discovery request." Rule 26(a)(1), Fed. R. Civ. P. (1993). [1] Traditional discovery methods were to be used in order to obtain "Additional Matter" over and above that which was required to be disclosed. Rule 26(a)(5).

1 Hereinafter, all references to specific Rules shall refer to the Federal Rules of Civil Procedure as amended on December 1, 1993. The amendments which became effective on December 1, 2000 do not affect the rules pertinent to the issues involved in the instant case.

In the 1993 amendments, certain information relating to expert testimony was a "required disclosure" to be made in the form of a report. Rule 26(a)(2)(B). The report has to contain:

> ...a complete statement of all opinions to be expressed and the basis and reasons therefor; [and] ***the data or other information considered by the witness in forming the opinions***...

Rule 26(a)(2)(B) (emphasis supplied). In addition to this required disclosure, the 1993 amendments provided that discovery could be had of a testifying [*5] expert in the form of a deposition, Rule 26(b)(4)(A) providing that:

> A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If a report from the expert is required under subdivision (a)(2)(B), the deposition shall not be conducted until after the report is provided.

It is manifest that the authors of the 1993 amendments intended that at such a deposition, the expert would be able to be questioned on the contents of his report, including "...the data and other information considered by the witness in forming the opinions...". Rule 26(a)(2)(B).

It is against this background that one must examine the question of whether a litigant can withhold materials required to be disclosed in the report and foreclose inquiry at a deposition of the expert about those materials

which had been provided to the expert by the attorney or party retaining the expert. The Advisory Committee Notes to the 1993 amendments to Rule 26 are rather explicit on that issue. With respect to the report required to be disclosed per Rule 26(a)(2)(B), the author of the Notes states:

> The report is to disclose the data and other information considered [*6] by the expert and any exhibits or charts that summarize or support the expert's opinions. Given this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions - whether or not ultimately relied upon by the expert - are privileged or otherwise protected from disclosure when such persons are testifying or being deposed.

***III. The Work Product Protections of Rule 26(b)(3)***

Rule 26(b)(3), which has been unchanged since 1983, provides that:

> ***Subject to the provisions of subdivision (b)(4) of this rule,*** a party may obtain discovery of documents and tangible things [which were] prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant...) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

Emphasis supplied.

The rule goes on to provide that:

> In [*7] ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation.

Materials containing "mental impressions, opinions or legal theories of an attorney" have been called "core" attorney work product. *Bogosian v. Gulf Oil Corp.,* 738 F.2d 587, 594-95 (3 Cir., 1984); *Nexxus Products,* 188 F.R.D. at 9, *Haworth, Inc. v. Herman Miller, Inc.,* 162 F.R.D. 289, 294 (W.D. Mich. 1995).

However, for purposes of expert disclosure, what is most important is the opening clause of Rule 26(b)(3) providing that the rule is "subject to the provisions of subdivision (b)(4) [of Rule 26] which before and after the 1993 amendments has been entitled "Trial Preparation: Experts" and has been the vehicle for obtaining discovery of expert opinions. Before the 1993 amendments, the discovery permitted was in the form of interrogatories (Rule 26(b)(4)(A)(i)) and further discovery by other means "upon motion." (Rule 26(b)(4)(A)(ii)). As indicated, *supra,* the [*8] 1993 amendments changed Rule 26(b)(4)(A) to permit depositions without leave of Court after the expert report had been received.

In 1984, the Third Circuit in the *Bogosian* case held that the "subject to" language of Rule 26(b)(3) modified only the first sentence of that rule but did not modify the second sentence dealing with core work product. With respect, I am of the opinion that this holding is erroneous for the reason that the second sentence specifically deals with the situation in which the Court is "ordering discovery" of the materials referred to in the first sentence. Rule 26(b)(3). Since expert materials discovered under Rule 26(b)(4) are not subject to discovery under the first sentence of Rule 26(b)(3), they would never be ordered pursuant to Rule 26(b)(3), and, thus, a court would not have to be concerned with the second sentence. *See Intermedics, Inc. v. Ventritex, Inc.,* 139 F.R.D. 384, 388-89 (N.D. Cal., 1991).

In the *Intermedics* case, as in the *Bogosian* case, the courts were attempting to discern the intent of the drafters of the Rule, particularly in the manner in which Rule 26(b)(3) interacted with Rule 26(b)(4). *Intermedics,* 139 F.R.D. at 388-93; [*9] *Bogosian,* 738 F.2d at 594-95. And in *Intermedics,* Magistrate Judge Brazil, who was of the view that Rule 26(b)(3) did not limit the materials discoverable respecting an expert, endeavored to find a framework within which a Court could exercise the discretion accorded it under the pre-1993 verison of Rule 26(b)(4)(A)(ii) to allow discovery beyond interrogatories and yet take into account the policies behind giving some protection to core work product. *Intermedics,* 139 F.R.D. at 390-93.

***IV. The Interplay Between Rules 26(b)(3) and 26(b)(4) After 1993***

It is against this background that one must measure the Advisory Committee's Note to the 1993 amendments to the effect that, as a result of the amendments:

> ...litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions - whether or not ultimately relied upon by the expert - are privileged or otherwise protected from disclosure when such persons are testifying or being deposed.

Even if there are questions as to what those who originally promulgated Rules 26(b)(3) and 26(b)(4) intended the interplay between the two [*10] rules to be, there can be no doubt that by 1993, the authors of the Rules and the Notes were aware of the issue of whether Rule 26(b)(4) trumped Rule 26(b)(3) with respect to the materials discoverable concerning expert testimony. I submit that in so doing they rejected the interpretation of Rule 26(b)(3) set forth in the *Bogosian* case that discovery pursuant to Rule 26(b)(4) is subject to the limitations of the second sentence of Rule 26(b)(3) concerning core attorney work product.

This being the case, it is my opinion that under the present version of Rule 26(b)(4), a party may depose another party's expert, and that deposition may concern that which was required to be disclosed in the expert's report pursuant to Rule 26(a)(2)(B). This is the plain import of the requirement in present Rule 26(b)(4) which prohibits the taking of the expert's deposition until the expert's report is provided.

It follows that as part of the required disclosure, counsel must disclose, *inter alia*, not only "..a complete statement of all opinions to be expressed and the basis and reasons therefor; [but also] the data or other information considered by the witness in forming the opinions..." [*11] Rule 26(a)(2)(B). And "the data or other information considered by the witness" includes any material which was furnished to the witness by the attorney who retained him even though that material in other contexts must be considered core attorney work product.

It is worth noting that if the authors of the 1993 Amendments to Rule 26 intended the required expert disclosure pursuant to Rule 26(a)(2)(B) to be subject to either the attorney-client privilege and/or work product protection, they could have said so as they did with the required disclosure under Rule 26(a)(1)(C). That section was also added in 1993 and mandates that inspection of "...documents or other evidentiary material, ***not privileged or protected from disclosure"*** (emphasis supplied) upon which computation of damages is based are required be produced.

Given that a party cannot withhold "the data and other information considered by the witness" which is required to be disclosed under Rule 26(a)(2)(B) on grounds of privilege or the work product protections, at a deposition held pursuant to Rule 26(b)(4)(A), the expert witness may be required to produce such materials and submit to questioning about them. The materials [*12] may not be withheld at a deposition on the ground that they are core work product simply because discovery under Rule 26(b)(4) is not subject to any of the provisions of Rule 26(b)(3).

I note further that it is improper to restrict disclosure to only those materials relied on by the expert witness. The word is "considered" and encompasses those materials which the witness was furnished and read but which the witness rejected. *Eliasen v. Hamilton*, 111 F.R.D. 396, 400 n. 5 (N.D. Ill., 1986).

***V. Caselaw After the 1993 Amendments***

As I said at the beginning, caselaw has been split on the issue of the extent to which expert disclosures are subject to the requirements of Rule 26(b)(3). A leading case in support of the contention that core attorney work product need not be produced is *Haworth, Inc.*, 162 F.R.D. 289, an opinion upon which Magistrate Judge Alexander heavily relied in *Nexxus Products Co.*, 188 F.R.D. at 10. The Court in *Haworth, Inc.* read the Advisory Committee's Notes to the 1993 Amendments to Rule 26(a)(2)(b), quoted at p. 8, *supra:*,

> ...as meaning only that all factual information considered by the [*13] expert must be disclosed in the report. The whole of the Committee Notes make clear that attorneys should no longer be able to make work-product privilege arguments regarding materials containing facts or assemblages of facts because they are obligated to disclose all factual information on their own in a report rather than on motion of opposing counsel.
>
> * * *
>
> The new procedure simply eliminates the need to have a judge order redaction of core work product from material that contains discoverable facts and data.

*Haworth, Inc.*, 162 F.R.D. at 295 footnote and citations omitted).

To the same effect is the case of *Magee v. The Paul Revere Life Insurance Co.*, 172 F.R.D. 627, 642-43

(E.D.N.Y., 1997)(duty of disclosure "...extends only to factual materials, and not to core attorney work product considered by an expert.").

As courts and commentators have pointed out, this distinction renders the 1993 Amendments meaningless. First, the work product doctrine has never protected against the discovery of facts (as opposed to the documents on which an attorney has recorded those facts), and, second, prior to the 1993 Amendments, "the consensus among federal [*14] courts since the 1970 Amendment had already been in favor of disclosure of factual information." *B.C.F. Oil Refining, Inc. v. Consolidated Edison Co. of New York, Inc.,* 171 F.R.D. 57, 66 (S.D.N.Y., 1997). *See also* Plunkett, Discoverability of Attorney Work Product Reviewed by Expert Witnesses: Have the 1993 Revisions to the Federal Rules of Civil Procedure Changed Anything?, 69 Temp. L. Rev. 451, 478-79 (1996). In short, I find the distinction originally set forth in the *Bogosian* case and perpetuated in the *Haworth, Inc.*, *Magee* and *Nexxus Products Co., Inc,* cases unpersuasive. [2]

2 The distinction set forth in the *Bogosian* case was also adopted by the Court in the case of *All West Pet Supply Co. v. Hill's Pet Products Division, Colgate Palmolive Co.,* 152 F.R.D. 634, 638 (D. Kan., 1993).

Three other cases holding that core attorney work product materials provided to an expert are not discoverable rely heavily on the general importance of protecting core [*15] attorney work product without much analysis of the changes wrought by the 1993 Amendments. In the case of *Ladd Furniture, Inc. v. Ernst & Young*, 1998 U.S. Dist. LEXIS 17345, 1998 WL 1093901, *12 (M.D.N.C., 1998), the Court relied on the importance which the Fourth Circuit attached to the protection of core attorney work product in other contexts to reject the view that the 1993 Amendments permitted disclosure of such materials when shown to an expert. Similarly, in two cases decided the same day by the same judge, i.e., *Estate of Chopper v. R.J. Reynolds Tobacco Co.,* 195 F.R.D. 648, 650 (N.D. Iowa, 2000) and *Estate of Moore v. R.J. Reynolds Tobacco Co.,* 194 F.R.D. 659, 663 (S.D. Iowa, 2000), heavy reliance is placed on the importance which the Eighth Circuit gives to the doctrine in other settings. In my opinion, this reliance is not appropriate given what I perceive is the clear change which the 1993 Amendments effected with respect to disclosure of materials considered by experts, especially when one recalls that the Amendments were submitted to the Supreme Court which passed them on to Congress which adopted them.

In addition, to the extent that one can discern [*16] trends in caselaw, it appears to me that the present weight of the caselaw tends to be in favor of allowing discovery of core attorney work product materials which have been considered by an expert. *See W.R. Grace & Co. Conn. v. Zolton International, Inc.,* 2000 WL 1843258, *4 (W.D.N.Y., 2000); *TV-3, Inc.*, 194 F.R.D. at 589; *Lamonds v. General Motors Corp.,* 180 F.R.D. 302, 305-6 (W.D. Va., 1998); *Musselman v. Phillips,* 176 F.R.D. 194, 199 (D. Md., 1997); *Karn v. Rand,* 168 F.R.D. 633, 639 (N.D. Ind., 1996); *Furniture World, Inc. v. D.A.V. Thrift Stores, Inc.,* 168 F.R.D. 61, 62 (D.N.M., 1996).

Lastly, it is my opinion that the 1993 Amendments mandating the disclosure of all materials considered by an expert, even if the materials are otherwise core attorney work product, rest on sound policy judgments. *See Lamonds,* 180 F.R.D. at 305-6; *Karn*, 168 F.R.D. at 639-40; *Intermedics,* 139 F.R.D. at 394-7. *See also* Easton, *Ammunition for the Shoot-Out With the Hired Gun's Hired Gun: A Proposal for Full Expert Witness Disclosure,* 32 Ariz. St. L. J. 465 (2000). [*17]

***VI. Order***

Accordingly, it is ORDERED that Defendant Test Rite Products Corp.'s Motion to Compel Production of Documents Removed From Expert Witness File Prior to Deposition (# 23) and Plaintiff Travelers Insurance Company's Motion to Compel Defendant Test Rite Products to Produce the Documents Removed from the Files of Its Experts (# 29) be, and the same hereby are, ALLOWED. Counsel are ORDERED to produce the subject documents ***on or before the close of business on Tuesday, January 16, 2000***.

The file is RETURNED to the Clerk's Office.

ROBERT B. COLLINGS

Chief U.S. Magistrate Judge

January 2, 2001.