UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**DEFENDANT HASBRO, INC.'S OBJECTION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY AND EVIDENCE ASSERTING THAT ALBERT LIZARRAGA IS AN INVENTOR OR CO-INVENTOR**

Defendant Hasbro, Inc. ("Hasbro") hereby objects to Plaintiff Michael Bowling's ("Bowling") motion *in limine* to exclude testimony and evidence asserting that Albert Lizarraga is an inventor or co-inventor of the patent-in-suit (Docket No. 136). The grounds for Hasbro's objection are set forth in the accompanying Memorandum of Law.

Respectfully Submitted,

For the Defendant,
HASBRO, INC.
By its Attorneys,

*/s/ Jeffrey K. Techentin*
Todd D. White, Esq. (#5943)
twhite@apslaw.com
Jeffrey K. Techentin, Esq. (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604
Dated: January 7, 2008

Of Counsel:

David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, N.W.
Washington, D.C. 20005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HASBRO, INC.'S OBJECTION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY AND EVIDENCE ASSERTING THAT ALBERT LIZARRAGA IS AN INVENTOR OR CO-INVENTOR**

Defendant Hasbro, Inc. ("Hasbro") hereby objects to Plaintiff Michael Bowling's ("Bowling") motion *in limine* to exclude testimony and evidence at trial that Albert Lizarraga is the inventor, or a co-inventor, of the patent-in-suit. Bowling's motion is straightforward but wrong: although this Court determined in its earlier ruling that Hasbro had not proved by clear and convincing evidence that Mr. Lizarraga was the inventor or a co-inventor of the patent-in-suit, that ruling did not reach the issue Hasbro seeks to present at trial, specifically whether Bowling's invention was derived from the work of Mr. Lizarraga. Derivation, unlike inventorship, is a question of fact that must be resolved by the jury. For the Court to grant Bowling's motion would be to usurp the proper function of the jury and therefore the motion should be denied.

## I. ARGUMENT

Inventorship and derivation are separate issues. Contrary to Bowling's assertion, the question of whether Mr. Lizarraga materially contributed to the invention at issue here is a

separate matter from whether Bowling's invention was derived from Mr. Lizarraga's work, thus rendering the patent invalid. Whereas inventorship is a question of law, derivation is a question of fact. *Compare Checkpoint Sys, Inc. v. All-Tag Sec., S.A.*, 412 F.3d 1331, 1338 (Fed. Cir. 2005) ("Inventorship is a question of law with underlying factual issues.") *with Eaton Corp. v. Rockwell Int'l Corp.*, 323 F.3d 1332, 1344 (Fed. Cir. 2003) ("This court reviews a finding of derivation as a question of fact.").

The Federal Circuit has developed a two-prong test to determine derivation: "the party asserting invalidity must prove both prior conception of the invention by another and communication of that conception to the patentee." *Gambro Lundia AB v. Baxter Healthcare Corp.*, 110 F.3d 1573, 1576 (Fed. Cir. 1997). This test differs from that of inventorship, which requires that a claimed co-inventor contribute to the conception of the invention that is embodied in the claims of the patent. *See, e.g.*, *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1460 (Fed. Cir. 1998). Both issues require independent corroboration of the conception of an invention. *Id.*; *Thomson S.A. v. Quixote Corp.*, 166 F.3d 1172, 1176 (Fed. Cir. 1999).

Here, Hasbro intends to meet its burden of showing derivation by means of the testimony of Mr. Lizarraga and his wife that he had fully conceived of the invention at the time he created the mechanical drawings, which were later included with Bowling's patent application. Definitionally, Mr. Lizarraga had to have conceived of the invention (defined as having "a definite and permanent idea of the complete and operative invention") prior to Bowling's presumed date of invention, which was the date of filing his patent application. *Vas-Cath Inc. v. Mahurkar*, 935 F.2d 1555, 1562 (Fed. Cir. 1991) (*prima facie* date of invention is filing date of patent application). Mr. Lizarraga's conception of the invention is

corroborated by his mechanical drawings and by Bowling's testimony that Lizarraga had created the mechanical drawings prior to Bowling's filing of the patent application. Bowling concedes the second prong of the derivation test – communication of the conception (here, in the form of the drawings) by Mr. Lizarraga.

The only way in which this set of facts could mean anything other than that Bowling derived the invention from Mr. Lizarraga would be if Bowling could prove that he had, in fact, conceived of the invention prior to Mr. Lizarraga's conception. But this earlier conception would have to be corroborated by independent evidence, and that evidence is completely absent. *See Sandt Techn. v. Resco Metal & Plastics*, 264 F.3d 1344, 1350 (Fed. Cir. 2001) ("It is well-established in our case law that a party claiming his own prior inventorship must proffer evidence corroborating his testimony. This rule addresses the concern that a party claiming inventorship might be tempted to describe his actions in an unjustifiably self-serving manner in order to obtain a patent or to maintain an existing patent.") (internal citation and quotation marks omitted). Bowling has not a single drawing that predates his receipt of the mechanical drawings from Mr. Lizarraga. He has no notes describing his concept. He cannot identify a single person (other than his wife, who is legally incapable of providing the requisite corroboration) who can attest to his conception of the dice. Indeed, the only person to whom Bowling claims to have disclosed either the invention or the fact of his invention is Mr. Lizarraga himself, who testified credibly that Bowling's concept of the dice was markedly different from what Mr. Lizarraga gave him and from what wound up appearing in the patent.

Although the evidence upon which Hasbro's derivation argument is based is largely duplicative of the evidence offered in support its inventorship issue, excluding its

presentation at trial would be entirely inappropriate. As a question of fact, Hasbro is entitled to have the evidence considered by the jury and to have the jury determine whether Bowling's "invention" was, in fact, little more than the acceptance of the work that Lizarraga had done. *See* Federal Circuit Bar Ass'n, *Model Patent Jury Instructions* § 10.7 (2007). For the Court to grant Bowling's motion would be to deny Hasbro its right to a trial by jury.

## II. CONCLUSION

For the reasons stated above, Hasbro respectfully requests that the Court deny Bowling's motion *in limine* to exclude evidence that Albert Lizarraga was the inventor or a co-inventor of the patent-in-suit.

Respectfully submitted,

For the Defendant,
HASBRO, INC.
By its Attorneys,

*<u>/s/ Jeffrey K. Techentin</u>*
Todd D. White, Esq. (#5943)
twhite@apslaw.com
Jeffrey K. Techentin, Esq. (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604
Dated: January 7, 2008

Of Counsel:
David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, N.W.
Washington, D.C. 20005

**CERTIFICATE OF SERVICE**

TO:

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas J. Leach, Esq.
Anthony R. Zeuli, Esq.
Douglas J. Williams, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

David K. S. Cornwell, Esq.
Tracy-Gene G. Durkin, Esq.
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

I hereby certify that I filed the within Objection to Plaintiff's Motion *in Limine* to Exclude Testimony and Evidence Asserting that Albert Lizarraga is an Inventor or Co-Inventor and the Memorandum in Support thereof through the ECF system on the 7th day of January, 2008, and that notice will be sent electronically to the above-named counsel who are registered participants identified on the Mailing Information for Case No. 05-229S.

*/s/ Jeffrey K. Techentin*________

*440111_1*