UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**DEFENDANT HASBRO, INC.'S OBJECTION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE ON THE ISSUE OF ROYALTIES PAID BY HASBRO FOR MONOPOLY**

Defendant Hasbro, Inc. ("Hasbro") hereby objects to Plaintiff Michael Bowling's ("Bowling") motion *in limine* to exclude evidence on the issue of royalties paid by Hasbro for Monopoly (Docket No. 140). The grounds for Hasbro's objection are set forth in the accompanying Memorandum of Law.

Respectfully Submitted,

For the Defendant,
HASBRO, INC.
By its Attorneys,

*/s/ Jeffrey K. Techentin*

Todd D. White, Esq. (#5943)
twhite@apslaw.com
Jeffrey K. Techentin, Esq. (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604
Dated: January 7, 2008

Of Counsel:

David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, N.W.
Washington, D.C. 20005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HASBRO, INC.'S OBJECTION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE ON THE ISSUE OF ROYALTIES PAID BY HASBRO FOR MONOPOLY**

Defendant Hasbro, Inc. ("Hasbro") hereby objects to Plaintiff Michael Bowling's ("Bowling") motion *in limine* to exclude evidence at trial, including expert testimony, concerning the royalty rates that Hasbro pays on the Monopoly game. Bowling's motion is predicated entirely upon Rule 408 of the Federal Rules of Evidence and is predicated on two fundamental mistakes: first, his mistaken belief that Hasbro's expert witness, Barry Sussman, has been provided documents that were not disclosed in discovery, and second, his mistaken understanding of Hasbro's arguments regarding the relevance of the Monopoly license agreements and their terms. Because Bowling has been provided all information shared with the expert, and further because that information is relevant to damages in this case, Bowling's motion to exclude such information should be denied in its entirety.

## I. ARGUMENT

### A. Hasbro Has Not Withheld Any Information Shared with Its Expert.

Bowling's protracted accusation that Hasbro somehow shared some unidentified Monopoly license agreement(s) with its expert, Barry Sussman, that it did not produce to

Bowling in discovery it utterly without foundation. Sussman identified with particularity all of the information he considered in this case, setting it forth in detail in the footnotes of his expert report and providing a summary as an exhibit to his expert report. *See generally* Expert Report of B. Sussman. Nowhere did he identify any Monopoly license agreement that he had read, reviewed, or been provided. The reason is simple: he did not have any such agreement to read or review.

Hasbro did not provide Mr. Sussman any such agreements for the same reason it did not produce them to Bowling in this litigation: the agreements themselves are irrelevant.[1] The only aspect of those agreements that is relevant is the amount of royalties paid under those agreements, as those royalties form a portion of the cost structure of the games that are at issue in this case. <u>That</u> information was provided both to Bowling and to Mr. Sussman and was properly disclosed as a component of his damages calculations. In addition, the documents showing the royalties paid and the rates themselves have been produced to Bowling.

Bowling has all of the documents and information provided to Mr. Sussman; had Bowling bothered to conduct minimal due diligence during expert discovery by taking Mr. Sussman's deposition, he would know that and this motion would never even have been presented.

**B. <u>Royalty Rates, As Opposed to Agreements, Are Relevant.</u>**

Bowling does not even make an argument that the royalty rates associated with the Monopoly property are irrelevant, arguing solely on the basis of Hasbro's contention that the agreements are irrelevant. Bowling's conflation of the rates paid and the agreements

[1] To the extent Bowling now wishes to disagree, the time for compelling the production of such documents has long passed.

themselves cannot be made in good faith. Hasbro has consistently explained why the fact of Hasbro paying certain royalties might be relevant while the full terms and conditions of the agreements themselves would not be relevant.

The payment of royalties goes to the cost structure of the games Hasbro sells. A typical royalty for a complete game concept, for example, would be 5% of net sales. In determining whether or not a game concept might be profitable, that royalty would need to be considered in determining the likely product cost. Forecasting the cost of the game is obviously of great import to deciding whether to produce the game; if the various component costs collectively make the product unprofitable at a given price point, a decision must be made whether the game could be marketed successfully at a higher price point. If not, the concept has to be scrubbed or re-worked at a lower cost. A manufacturer like Hasbro has to take royalties into account as a component cost just as it would the cost of a cardboard box to hold the game.

That is precisely the manner in which Hasbro approached a potential licensing arrangement with Bowling in this case, and also the manner in which Mr. Sussman has considered the question of reasonable royalty for Bowling's patent. The product's actual costs, including existing royalties, component costs, and transfer costs, were taken into account to determine whether a given royalty for the patent would be cost-prohibitive. To prohibit Mr. Sussman from testifying about the fact of royalty payments – a fact about which Bowling has been fully informed throughout this litigation – would be as nonsensical as prohibiting him from testifying about the cost of the Mylar sleeve in which the Monopoly Millennium Edition games were packaged.

## II. CONCLUSION

For the reasons stated above, Hasbro respectfully requests that the Court deny Bowling's motion *in limine* to exclude evidence relating to royalties paid for Monopoly.

Respectfully submitted,

For the Defendant,
HASBRO, INC.
By its Attorneys,

*/s/ Jeffrey K. Techentin*
Todd D. White, Esq. (#5943)
twhite@apslaw.com
Jeffrey K. Techentin, Esq. (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604
Dated: January 7, 2008

Of Counsel:
David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, N.W.
Washington, D.C. 20005

# CERTIFICATE OF SERVICE

TO:

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas J. Leach, Esq.
Anthony R. Zeuli, Esq.
Douglas J. Williams, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

David K. S. Cornwell, Esq.
Tracy-Gene G. Durkin, Esq.
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

I hereby certify that I filed the within Objection to Plaintiff's Motion *in Limine* to Exclude Evidence on the Issue of Royalties Paid by Hasbro for Monopoly and the Memorandum in Support thereof through the ECF system on the 7th day of January, 2008, and that notice will be sent electronically to the above-named counsel who are registered participants identified on the Mailing Information for Case No. 05-229S.

*/s/ Jeffrey K. Techentin*________

*440065_1*