UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**DEFENDANT HASBRO, INC.'S OBJECTION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE ANY REFERENCE TO REEXAMINATION PROCEEDINGS**

Defendant Hasbro, Inc. ("Hasbro") hereby objects to Plaintiff Michael Bowling's ("Bowling") motion *in limine* to exclude reference to the reexamination proceedings that United States Patent and Trademark Office's ("PTO") recently initiated to reexamine the validity of U.S. Pat. No. 5,938,197 (the "'197 patent"). The grounds for Hasbro's objection are set forth in the accompanying Memorandum of Law.

Respectfully Submitted,

For the Defendant,
HASBRO, INC.
By its Attorneys,

*/s/ Jeffrey K. Techentin*
Todd D. White, Esq. (#5943)
twhite@apslaw.com
Jeffrey K. Techentin, Esq. (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604
Dated: January 7, 2008

Of Counsel:

David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, N.W.
Washington, D.C. 20005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HASBRO'S OBJECTION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE ANY REFERENCE TO REEXAMINATION PROCEEDINGS**

Defendant Hasbro, Inc. ("Defendant") hereby objects to Plaintiff Michael Bowling's ("Bowling") motion *in limine* to exclude reference to the fact that the United States Patent and Trademark Office ("PTO") recently initiated reexamination proceedings in order to reexamine the validity of U.S. Pat. No. 5,938,197 (the "'197 patent") in light of new prior art. Because the prejudice of introducing this information at trial is minimal, and the PTO's decision to grant the reexamination proceedings in this case is probative of the facts that (1) the PTO failed to consider prior art during the PTO's initial examination of the '197 patent and, thus, may have improperly granted the '197 patent, and (2) the cited prior art is within the scope of relevant art that may be considered in the context of obviousness, evidence of the reexamination proceedings should not be excluded from trial. Particularly in light of the heightened evidentiary burden that the Court will instruct the jury Hasbro must meet to show invalidity of the patent, the mere mention of the grant of a reexamination will hardly cause the jury to conclude that the patent deserves no weight.

# I. ARGUMENT

## A. The PTO's Decision to Initiate Proceedings to Reexamine The '197 Patent Is Probative of The Patent's Validity and The Scope of Relevant Prior Art.

The PTO recently granted Hasbro's *ex parte* application for reexamination of the '197 patent in light of, *inter alia*, mineralogical references that were not previously considered during the PTO's original examination of the subject of this patent. *See* PTO Reexamination Decision for the '197 patent, **Exhibit A**. The PTO grants a reexamination request when a substantial new question of patentability is raised. *See In re Laughlin Prods.*, Inc., 265 F. Supp. 2d 525, 528 (E.D. Penn. 2003). The purpose for the PTO's reexamination process is to permit the PTO to review or to correct any errors made during the initial examination. *Id.* at 530. The PTO performs the reexamination from the same perspective as its initial review, without any presumptions or burdens. *Id.*

Although Bowling would like this Court to believe that the PTO's decision to grant an applicant's request for a patent reexamination is automatic and routine, this is not true. For example, if an applicant requests a patent reexamination on the basis of prior art, the PTO's decision to grant a request for reexamination is based on a substantive analysis of the claims of the subject patent, the prior application history of the patent, and a substantive review of the prior art submitted with the application in order to compare if it is relevant to, and possibly anticipates, the claims of the patent.

In the present case, the PTO did not merely issue an order rubber-stamping the request for reexamination. Rather, it issued an extensive decision granting Hasbro's *ex parte* reexamination request. *See* **Exhibit A**. In this decision, the PTO evaluated whether it had previously considered the mineralogical references submitted with the application, and

whether each submitted prior art reference provides a new teaching such that a patent examiner would consider it important in deciding whether to allow certain, specific claims of the ’197 patent. *Id.* Thus, contrary to Bowling’s overreaching assertion that any reexamination granted by the PTO is not probative of validity, the present case demonstrates that there are exceptions to his oversimplification.

Here, the PTO performed a substantive review of the relevant documents, plainly articulating that it may have erred when it previously issued the ’197 patent. That the PTO, a government agency whose expertise lies in the interpretation and issuance of patents, recognized, in a substantive decision, that there has been a possible error with respect to the issuance of the ’197 patent is certainly probative of the validity of this patent. In other words, the jury should have the opportunity to consider evidence of the PTO’s decision to grant Hasbro’s reexamination request for the ’197 patent when it is asked determine whether the ’197 patent is valid.

Moreover, the decision on the pending motion for reconsideration of this Court’s order excluding Hasbro’s invalidity evidence may provide a further independent basis for the admission of evidence concerning the PTO reexamination proceeding. Specifically, Hasbro anticipates that if it is permitted to present mineralogical references in support of an obviousness defense, Bowling will contend that the references are not relevant to the field of dice. The PTO’s written order granting the reexamination request is direct evidence that the PTO believes otherwise, and that the mineralogical references must be considered when determining the validity of the patent.

**B. Because The Application of The Presumption Of Validity Is A Procedural Mechanism, Any Minimal Jury Confusion Caused by Introducing Evidence of The Reexamination Proceedings Does Not Substantially Outweigh The Probative Value Of The PTO's Decision to Initiate Reexamination Proceedings.**

Bowling claims that if evidence of the reexamination proceedings is introduced at trial, the jury will be unable to reconcile the presumption of validity with the fact that the PTO is questioning the patentability of '197 in light of new prior art. Bowling's concern is misplaced, however, because the presumption of validity is merely a procedural device with no independent evidentiary value. *Avia Group Int'l, Inc. v. L.A. Gear California, Inc.*, 853 F.2d 1557, 1562 (Fed. Cir. 1988) ("the presumption is one of law, not fact, and does not constitute 'evidence' to be weighed against a challenger's evidence"). This procedural mechanism merely calls for a certain result in a given case unless the adverse party presents evidence to overcome it. *See* BLACK'S LAW DICTIONARY 1223 (8th ed 2004).

Because the PTO's decision to grant reexamination proceedings is evidence in this case and the presumption of validity is purely a procedural device, the two are not weighed against each other at trial. Instead, after hearing the evidence, the jury simply chooses whether to use the evidence of the reexamination proceedings as one piece of evidence to rebut the presumption of validity. Therefore, the probative value of knowing that (a) the PTO failed to consider relevant prior art during its initial examination and (b) has determined that there is a substantial new question of patentability of the '197 patent far outweighs any unlikely juror confusion or prejudice against Bowling at trial.

## III. CONCLUSION

For the reasons stated above, Hasbro respectfully requests that the Court deny Bowling's request to preclude reference to the PTO's pending reexamination of the '197 patent.

Respectfully submitted,

For the Defendant,
HASBRO, INC.
By its Attorneys,

*<u>/s/ Jeffrey K. Techentin</u>*
Todd D. White, Esq. (#5943)
twhite@apslaw.com
Jeffrey K. Techentin, Esq. (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604
Dated: January 7, 2008

Of Counsel:
David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, N.W.
Washington, D.C. 20005

**CERTIFICATE OF SERVICE**

TO:

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas J. Leach, Esq.
Anthony R. Zeuli, Esq.
Douglas J. Williams, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

David K. S. Cornwell, Esq.
Tracy-Gene G. Durkin, Esq.
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

I hereby certify that I filed the within Objection to Plaintiff's Motion *in Limine* to Preclude Reference to Reexamination Proceedings and the Memorandum in Support thereof through the ECF system on the 7th day of January, 2008, and that notice will be sent electronically to the above-named counsel who are registered participants identified on the Mailing Information for Case No. 05-229S.

*/s/ Jeffrey K. Techentin*________

*439964_1.doc*