UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**DEFENDANT HASBRO, INC.'S OBJECTION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF SETTLEMENT OFFERS AND NEGOTIATIONS**

Defendant Hasbro, Inc. ("Hasbro") hereby objects to Plaintiff Michael Bowling's ("Bowling") motion *in limine* to exclude evidence of settlement offers and negotiations between the parties (Docket No. 139). The grounds for Hasbro's objection are set forth in the accompanying Memorandum of Law.

Respectfully Submitted,

For the Defendant,
HASBRO, INC.
By its Attorneys,

*/s/ Jeffrey K. Techentin*

Todd D. White, Esq. (#5943)
twhite@apslaw.com
Jeffrey K. Techentin, Esq. (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604
Dated: January 7, 2008

Of Counsel:

David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, N.W.
Washington, D.C. 20005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HASBRO, INC.'S OBJECTION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF SETTLEMENT OFFERS AND NEGOTIATIONS**

Defendant Hasbro, Inc. ("Hasbro") hereby objects to Plaintiff Michael Bowling's ("Bowling") motion *in limine* to exclude evidence of settlement offers and negotiations between the parties. Bowling's motion is predicated entirely upon Rule 408 of the Federal Rules of Evidence. As explained below, Rule 408 only renders evidence inadmissible when offered for specific, identified purposes. Thus Rule 408 prohibits the introduction of settlement communications in order to prove liability for or invalidity of a claim, or to evidence the amount of damages on a disputed claim. Hasbro agrees that the documents attached to Bowling's motion *in limine* constitute settlement communications and therefore should not be admitted for prohibited purposes under Rule 408. However, the documents and the underlying negotiations between the parties have independent evidentiary value and therefore a blanket order of exclusion is not warranted where those communications are introduced for purposes other than those identified in Rule 408. Additionally, because the documents are within the scope of materials reviewed and considered by Bowling's damages

expert, Hasbro cannot be prohibited from cross-examining him on the contents of those documents.

## I. ARGUMENT

### A. The Identified Communications Are Not Inadmissible Under Rule 408 If Offered for Other Purposes.

Rule 408 expressly limits its own application, in relevant part, to situations in which evidence of compromise or offers to compromise are presented in order to show liability for, validity of, or amount of a disputed claim. Rule 408(a). Subdivision (b) states unambiguously that "[t]his rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a)." Rule 408(b). The question of whether to exclude the evidence cannot be made on an *in limine* basis, therefore, without any understanding of the context in which that evidence may be offered at trial.

For example, Exhibit A to Bowling's motion is a November 3, 1999 letter from Bowling's counsel to Hasbro. It is true, as Bowling argues, that the correspondence contains an offer of a total royalty payment of $200,000. However, the document has independent evidentiary value as being the first communication received by Hasbro that constituted "actual notice" of Bowling's infringement claim, a critical factor in any damages that might be assessed against Hasbro given Bowling's failure to provide constructive notice through marking. "Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device." *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994); *see also Dunlap v. Schofield*, 152 U.S. 244, 247-48 (1894) (notice is an "affirmative act, and something to be done by [the patentee]"). Rule 408 does not prohibit the introduction of evidence for the purpose of showing notice. *See, e.g., United States v. Austin*, 54 F.3d 394, 400 (7th Cir. 1995).

The same reasoning may apply to the other identified communications in Bowling's motion. As defendant, Hasbro cannot state with certainty whether or not it will seek to introduce such communications for purposes other than those prohibited by Rule 408. Hasbro therefore respectfully requests that the Court deny Bowling's blanket motion to exclude the evidence and allow the evidence at trial if offered for permissible purposes.

### B. The Identified Documents Have Been Reviewed and Considered by Bowling's Damages Expert and Are Therefore Proper Subjects of Cross-Examination.

Bowling's proffered damages expert, Neil Lapidus, reviewed and considered each of the documents Bowling now seeks to exclude from evidence at trial in formulating his opinions regarding a reasonable royalty for Bowling's patent. *See* **Exhibit A** (excerpt of Lapidus Report). Hasbro has moved separately to exclude Lapidus's testimony in its entirety as failing to satisfy even the minimal requirements of *Daubert*; however, in the event the Court permits Lapidus to testify, Hasbro submits that it should be permitted to cross-examine Lapidus on the subject of the information he considered in formulating his opinions. Obviously, as explained above, such a use of the information would not be violative of Rule 408 as it would not be introduced for any of the purposes identified in Rule 408(a). Bowling should not be permitted to present the information to a purported expert in the hopes that it will inflate his damages claim and then shield the expert from cross-examination on the information relied upon in arriving at his conclusions.

## II. CONCLUSION

For the reasons stated above, Hasbro respectfully requests that the Court deny Bowling's motion *in limine* to exclude evidence under Rule 408.

Respectfully submitted,

For the Defendant,
HASBRO, INC.
By its Attorneys,

*/s/ Jeffrey K. Techentin*
Todd D. White, Esq. (#5943)
twhite@apslaw.com
Jeffrey K. Techentin, Esq. (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604
Dated: January 7, 2008

Of Counsel:
David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, N.W.
Washington, D.C. 20005

**CERTIFICATE OF SERVICE**

TO:

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas J. Leach, Esq.
Anthony R. Zeuli, Esq.
Douglas J. Williams, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

David K. S. Cornwell, Esq.
Tracy-Gene G. Durkin, Esq.
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

I hereby certify that I filed the within Objection to Plaintiff's Motion *in Limine* to Exclude Evidence and the Memorandum in Support thereof through the ECF system on the 7th day of January, 2008, and that notice will be sent electronically to the above-named counsel who are registered participants identified on the Mailing Information for Case No. 05-229S.

*/s/ Jeffrey K. Techentin*________

*440058_1*