UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**DEFENDANT HASBRO, INC.'S OBJECTION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF NON-MARKING AFTER NOVEMBER 3, 1999**

Defendant Hasbro, Inc. ("Hasbro") hereby objects to Plaintiff Michael Bowling's ("Bowling") motion *in limine* to exclude evidence of non-marking after November 3, 1999 (Docket No. 138). The grounds for Hasbro's objection are set forth in the accompanying Memorandum of Law.

Respectfully Submitted,

For the Defendant,
HASBRO, INC.
By its Attorneys,

*/s/ Jeffrey K. Techentin*
Todd D. White, Esq. (#5943)
twhite@apslaw.com
Jeffrey K. Techentin, Esq. (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604
Dated: January 7, 2008

Of Counsel:

David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, N.W.
Washington, D.C. 20005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HASBRO, INC.'S OBJECTION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF NON-MARKING AFTER NOVEMBER 3, 1999**

Defendant Hasbro, Inc. ("Hasbro") hereby objects to Plaintiff Michael Bowling's ("Bowling") motion *in limine* to exclude evidence that he and his company, Crystal Caste, have utterly failed to mark products with the patent number of the patent-in-suit (or any other of Bowling's applicable patents, for that matter) after the date of actual notice.[1] Bowling correctly states, and Hasbro does not dispute, that the presentation of actual notice to Hasbro moots any question about ongoing failure to mark. That is, once Bowling placed Hasbro on actual notice, he was no longer obliged to mark anything at all in order to be entitled to damages arising during the period that he had been marking the products. *See* 35 U.S.C. § 287(a); *see also* Order (Docket No. 97) and cases cited therein.

Bowling's motion *in limine* misstates the purposes for which Hasbro seeks to introduce the overwhelming evidence of his failure to mark after the date of actual notice.

[1] Bowling identifies the date of actual notice as November 3, 1999, which is the date of the correspondence that constituted actual notice to Hasbro, a letter apparently sent by Certified Mail. During pretrial matters, Hasbro has used the November 3 date as a convenience because the date could not have been earlier than that. November 3 is not the date of actual notice, however. As yet there is no evidence as to the precise date of actual notice.

The relevant time period is a scant three months that occurred nearly six years before Bowling filed this suit (from approximately mid-August to November 1999). By his own account, Bowling's "marking" scheme is not one that can be objectively reviewed; because he chose not to mark the dice themselves or any packaging containing the dice, there is today no way to look at the dice that were sold during the relevant time period to determine whether they bore any "patent markings" as Bowling would have that phrase be understood. Rather, the credibility of Bowling's "marking" story turns on whether Bowling actually did what he said that he did: meticulously place stickers in bags or on bins and ensure that his customers did likewise.

Because the sufficiency of marking, in this case, is so acutely intertwined with Bowling's own, ongoing actions, there can be little doubt that his own habits in this regard, or the routine practices of his company, are the best indicators of whether he actually performed the activities that were necessary for him to have "marked" his dice during the relevant period. Rule 406 of the Federal Rules of Evidence exists precisely to allow a party to prove conduct under such circumstances.

For the evidence to be admissible under Rule 406, it does not matter whether the evidence showing the habit or routine practice[2] is itself relevant to show some adjudicative fact. Thus evidence that a trucking company inspected the brakes of each truck before each trip and repaired those that showed defects is sufficient to show that the brakes on a particular truck were not defective even though the condition of the brakes during all of the other inspections underlying the conclusion of "routine practice" are legally irrelevant

[2] Here, it is difficult to assess whether the term "habit," which applies to individual behavior, or "routine practice," which applies to an organization's conduct, is more applicable, since Bowling variously runs his company by himself and in concert with others. The Advisory Committee notes to Rule 406 suggest that the difference is merely one of nomenclature and is not meant to create any material difference in standards, however.

standing on their own. *See Eaton v. Bass*, 214 F.2d 896 (6th Cir. 1954). The same reasoning applies here: the fact that Bowling shipped dice at any given time without patent markings might be irrelevant to his damages claim, but collectively Bowling's habit or routine practice of manufacturing and distributing goods without any patent markings amounts to strong evidence that at no point during the relevant damages period did he cease shipping unmarked goods. Under those circumstances, he should not be permitted any recovery prior to the date of actual notice to Hasbro.

## II. CONCLUSION

For the reasons stated above, Hasbro respectfully requests that the Court deny Bowling's motion *in limine* to exclude evidence of non-marking after November 3, 1999.

Respectfully submitted,

For the Defendant,
HASBRO, INC.
By its Attorneys,

*<u>/s/ Jeffrey K. Techentin</u>*
Todd D. White, Esq. (#5943)
twhite@apslaw.com
Jeffrey K. Techentin, Esq. (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604
Dated: January 7, 2008

Of Counsel:
David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, N.W.
Washington, D.C. 20005

**CERTIFICATE OF SERVICE**

TO:

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas J. Leach, Esq.
Anthony R. Zeuli, Esq.
Douglas J. Williams, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

David K. S. Cornwell, Esq.
Tracy-Gene G. Durkin, Esq.
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

I hereby certify that I filed the within Objection to Plaintiff's Motion *in Limine* to Exclude Evidence of Non-Marking After November 3, 1999 and the Memorandum in Support thereof through the ECF system on the 7th day of January, 2008, and that notice will be sent electronically to the above-named counsel who are registered participants identified on the Mailing Information for Case No. 05-229S.

*/s/ Jeffrey K. Techentin*________

*440161_1*