IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING,<br>a Resident of Arizona,<br><br>Plaintiff,<br>v.<br><br>HASBRO, INC.,<br>a Rhode Island Corporation,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 05-229S |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT HASBRO'S MOTION IN LIMINE TO PRECLUDE REFERENCE TO THE PRESUMPTION OF VALIDITY IN THE PRESENCE OF THE JURY**

## I. Introduction

Defendant Hasbro, Inc. ("Hasbro") asks this Court to prevent Plaintiff Michael Bowling ("Bowling") from raising at trial the statutory presumption of validity afforded to his patent because the United Patent and Trademark Office ("PTO") has granted Hasbro's reexamination request. The Court should deny Hasbro's unusual request because the PTO's decision to reexamine Bowling's patent has no affect whatsoever on the statutory presumption of validity in court, and the jury will not be confused by the presumption.

## II. The Reexamination Proceeding Does Not Affect the Presumption of Validity

In an action for patent infringement, "[the] patent shall be presumed valid." 35 U.S.C. § 282. That presumption is unaffected by granting a request for reexamination or asserting prior art not previously before the PTO. *In re Etter*, 756 F.2d 852, 857-58 (Fed. Cir. 1985); *American Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1360 (Fed. Cir. 1984).

The presumption of validity is unaffected by the PTO's grant of Hasbro's reexamination request because litigation and reexamination are distinct proceedings. Granting a request for reexamination does not even require a prima facie case of unpatentability. Manual of Patent Examining Procedure at 2240, 2242(I) (Attached hereto as Exhibit A). "The inquiry occasioned by a request for reexamination is solely whether a reexamination order should issue and is not directed toward resolution of validity." *In re Etter*, 756 F.2d at 857 n. 5. Under this low standard, the PTO grants over 90% of all such requests. (Attached hereto as Exh. B; *Ex Parte* Reexamination Filing Data (PTO June 30, 2006)). The Federal Circuit has affirmed that because "litigation and reexamination are distinct proceedings, with distinct parties, purposes, procedures, and outcomes," the statutorily mandated presumption of validity in litigation is entirely consistent with an alleged infringer's right to request reexamination based on prior art not previously considered by the PTO. *In re Etter,* 756 F.2d at 857-58. Thus, the presumption of validity is unaffected by a granted request for reexamination.

Likewise, Hasbro's argument that its "new" prior art affects the presumption of validity is wrong. This statutorily required presumption is "static" and unaffected by the assertion of prior art not considered by the PTO. *American Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1360 (Fed. Cir. 1984). Asserting prior art not previously considered simply removes the heavier burden on the alleged infringer of showing that the PTO's analysis was wrong. *Polaroid Corp. v. Eastman Kodak Co.*, 789 F.2d 1556, 1560 (Fed. Cir. 1986); *American Hoist & Derrick Co.*, 725 F.2d at 1360. Thus, that Hasbro has submitted prior art to the PTO that has not previously been considered does not affect the presumption of validity. Indeed, it is err to have the jury believe that the

presumption of validity changes based on the PTO's understanding of the prior art. *See Norian Corp. v. Stryker Corp.*, 363 F.3d 1321, 1329 (Fed. Cir. 2004) ("We conclude that the district court erred in instructing the jury that the presumption of validity varied with the jury's view of whether the examiner . . . otherwise did not 'properly focus on the prior art.'").

**III. The Jury Would Not Be Confused by the Presumption of Validity**

Hasbro argues that "permitting reference to the presumption of validity in the presence of the jury would improperly force the jury to place greater significance on the PTO's initial examination of the '197 patent than is proper in light of the PTO's decision to reexamine the patent." (Hasbro's Motion at 4 (Docket No. 133).) As discussed above, however, the presumption of validity is unaffected by the PTO's decision to reexamine the patent. Implying that the PTO's decision to reexamine the patent changes the presumption of validity is err. *See Norian Corp.*, 363 F.3d at 1329.

Additionally, that the presumption of validity is procedural does not diminish its importance – it is still the law. *In re Mark Indus.*, 751 F.2d 1219, 1225 (Fed. Cir.) ("That a statutory presumption is procedural makes it no less the law."). Although the Federal Circuit Bar model jury instructions do not include a reference to the presumption of validity, neither party based its proposed instructions on that model. (*See generally*, Docket Nos. 129-2, 130-4.) Many other model jury instructions explicitly reference the presumption:

> In this case, defendant is urging the plaintiff's patent is invalid. **A patent, however, is presumed to be valid.** Accordingly, defendant has the burden of proving that the patent-in-suit is invalid by clear and convincing evidence.

Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware (March 1993) (emphasis added).

Defendant claims that plaintiff's patent is not valid. **A patent issued by the United States Patent Office is presumed to be valid.** In order to rebut this presumption, defendant must establish by clear and convincing evidence that plaintiff's patent of any claim in the patent is not valid.

United Stated Court of Appeals Fifth Judicial Circuit Pattern Jury Instructions (2004) (emphasis added).

Other District Courts in this Circuit have also explicitly referenced the presumption in the jury instructions:

The United States Patent and Trademark Office, located in the Washington, DC, is an agency of the Federal Government that is responsible for reviewing patent applications and granting patents. It employs more than three thousand technically educated examiners who examine applications for patents. Once a patent has been examined and issued by the United States Patent and Trademark Office, **it is presumed to be valid**.

*Goss Internat'l Ams., Inc. v. Man Roland Druckmaschinene AG*, C-03-515, 2006 WL 1461631 (D.N.H. April 3, 2006) (emphasis added).

The defendant in this case says that the patent claims are invalid on several grounds. The patent is in a sense a license issued by the government after lengthy consideration of an [sic] or more than one application and examination by the patent examiner; and for that reason, when a patent finally issues, **it is presumed to be valid**. And because it is presumed to be valid, the defendant has a higher burden of proof to show that it is not valid.

*Ariad Pharmas. v. Eli Lilly & Co*, 02-CV-11280, 2006 WL 1267568 (D. Mass. Apr. 28, 2006) (emphasis added).

Thus, discussing the presumption of validity in the presence of the jury is commonplace.

## IV. <u>Conclusion</u>

For the foregoing reasons, Bowling respectfully requests that the Court deny Hasbro's motion in limine.

Michael Bowling,
By His Attorneys,

Date: January 7, 2008

s/Thomas J. Leach____________

Anthony R. Zeuli, MN *(pro hac vice)*
Thomas J. Leach, MN (*pro hac vice*)
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Phone: 612.332.5300
Fax: 612.332.9081

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

**CERTIFICATE OF SERVICE**

TO:

Todd D. White, Esq.
Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

David K. S. Cornwell, Esq.
Tracey-Gene G. Durkin, Esq.
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue N.W.
Washington, DC 20005

I hereby certify that the within *Objection and Memorandum of Law in Opposition to Defendant's Motion in Limine to Preclude Reference to the Presumption of Validity in the Presence of the Jury* was filed through the ECF system on the 7th day of January, 2008, and will be sent electronically to the above-named counsel who are registered participants identified on the Notice of Electronic Filing for Case No. 05-229S.

/s/ Thomas J. Leach__________