IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING,<br>a Resident of Arizona,<br><br>Plaintiff,<br>v.<br><br>HASBRO, INC.,<br>a Rhode Island Corporation,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 05-229S |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT HASBRO'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF'S INFRINGEMENT EXPERT FROM TESTIFYING ABOUT TESTS HE PERFORMED ON HASBRO'S DICE**

## I. Introduction

Defendant Hasbro Inc. ("Hasbro") asks the Court to preclude the testimony of Kevin Cook ("Cook"), plaintiff Michael Bowling's ("Bowling") patent infringement expert, because he discarded a tally sheet of dice rolls. Cook tallied dice rolls to confirm the uncontested conclusion that Hasbro's dice perform as dice must - to produce random numbers. He rolled two of Hasbro's accused dice hundreds of times, tallying the times a particular number appeared on each die. After confirming that the numbers appeared with substantially the same frequency, he discarded the tally sheet.

Hasbro does not challenge the procedure or results of this randomness test. After all, Hasbro used the accused dice in a board game to generate random numbers. Nor does Hasbro contend that the absence of the tally sheet prejudiced it in anyway. It had ample information and opportunity to cross-examine Cook about his test and test results and to easily perform its own randomness test. In essence, Hasbro latches on to the discarding of an inconsequential sheet of paper in an attempt to preclude Cook from testifying about

the uncontested fact that Hasbro's accused dice produce the same results as Bowling's patented dice -- generating random numbers.

## II. Cook Properly Disclosed His Test and Test Results

Despite Hasbro's contentions, Cook specifically stated in his expert report that "I have tested [Hasbro's] accused die and found that there was an even distribution of rolled numbers." (Expert Witness Rep. of Kevin B. Cook at 15 (Feb. 22, 2006).) This was one of Cook's basis for concluding that Hasbro's accused dice infringe, because they produce random numbers when tossed or rolled. (*Id.*)

At his deposition, Cook described the parameters and results of his test. In response to Hasbro's questions, Cook testified that he rolled two of Hasbro's accused dice hundred of times in various manners, tallying each time a number appeared after a toss. (Depo. of Kevin Cook (May 22, 206) at 198:4 – 202:12, attached hereto as Exh. A.) He also described the uniformity of tallies for each number that would have led him to conclude that Hasbro's dice generated random numbers. (*Id.* at 202:3-12.) Because Cook provided this additional information at a deposition, he did not need to supplement his expert report to include it. Fed. R. Civ. P. 26(e)(1) (requiring an expert report to be supplemented with additional information only if it "has not otherwise been made known to the other parties during the discovery process."); *see* Fed. R. Civ. P. 26(e)(1), comments to 1993 Amends. on sub. (e) ("There is, however, no obligation to provide supplemental or corrective information that has been otherwise made known to the parties . . . during the discovery process, as when . . . an expert during a deposition corrects information contained in an earlier report."). Thus, Cook's testimony regarding information already known to Hasbro through Cook's expert report and explored by

Hasbro at Cook's deposition should not be precluded on the basis that Cook did not supplement his report. That would be pointless.

## III. Hasbro Knew about Cook's Test and Could Have Performed Its Own

Hasbro's argument that Cook's entire testimony regarding the equivalent results of Hasbro's accused dice should be tossed out because he did not keep his tally sheet is unfounded. First, there was no spoliation. The sheet of paper Cook used to tally his dice rolls is nothing more than his notes. Experts are not required to keep every note they take in analyzing or confirming a set of facts. While Cook did not keep his tally sheet, he did record the test results -- confirmation that Hasbro's dice produce random numbers -- in his expert report.

Second, Hasbro suffered no prejudice. The purpose behind excluding evidence due to spoliation is to rectify prejudice. *Collazo-Santiago v. Toyota Motor Corp.*, 149 F.3d 23, 29 (1st Cir. 1998). Here, any prejudice to Hasbro does not warrant excluding Cook's testimony because Hasbro (1) fully cross-examined Cook during his deposition about the substance and results of his test and (2) could have easily performed its own tests to challenge Cook's conclusion.

Hasbro deposed Cook regarding the substance and results of his test. (Cook Depo. at 198:4 – 202:12.) As described above, Cook testified as to both the parameters and general results of his test. (*Id.*) Having fully cross-examined Cook on the substance of his test, Hasbro is not prejudiced by the absence of the tally sheet. *See Univ. of Pittsburgh v. Townsend*, 3:04-cv-291, 2007 U.S. LEXIS 24620, *14-*15 (E.D. Tenn. March 30, 2007) (Exh. B.) ("The Court finds that the defendants have not been

prejudiced by the destruction of these communications, as the defendants have been able to fully cross-examine the witness . . . on the substance of these communications . . .")

Furthermore, the absence of Cook's tally sheet did not prevent Hasbro from easily performing its own tests. Cook tested a representative pair of Hasbro's accused dice. (Cook Depo. at 198:9-199:4.) These were not the only pair of Hasbro's accused dice in existence. Hasbro could have used a different pair of its accused dice, or requested the dice on which Cook performed his test, to perform its own test to challenge Cook's conclusions. Because the lack of Cook's tally sheet did not prevent Hasbro from performing its own randomness test, any prejudice to Hasbro does not warrant exclusion of testimony regarding Cook's test. *See Mayes v. Black & Decker*, 931 F. Supp. 80, 84 (D.N.H. 1996) (denying exclusion of expert testimony regarding the cause of a fire despite destruction of the scene because "the preservation of the coffeemaker and defendant's experts' opportunity to inspect the same permits defendant to mount an able challenge to plaintiffs' main trial theory--that an electric failure of the coffeemaker caused plaintiff's damages.") Hasbro's decision not to perform its own test should not preclude Cook from testifying.

## IV. <u>Conclusion</u>

For the foregoing reasons, Bowling respectfully requests that the Court deny Hasbro's motion in limine to preclude Cook from testifying about the test he performed on Hasbro's accused dice.

Michael Bowling,
By His Attorneys,

Date: January 7, 2008

s/Thomas J. Leach___________
Anthony R. Zeuli, MN *(pro hac vice)*
Thomas J. Leach, MN (*pro hac vice*)
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Phone: 612.332.5300
Fax: 612.332.9081

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

**CERTIFICATE OF SERVICE**

TO:

Todd D. White, Esq.
Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

David K. S. Cornwell, Esq.
Tracey-Gene G. Durkin, Esq.
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue N.W.
Washington, DC 20005

I hereby certify that the within *Objection and Memorandum in Opposition to Defendant's Motion in Limine to Preclude Plaintiff's Infringement Expert from Testifying About Tests He Performed on Hasbro's Dice* was filed through the ECF system on the 7th day of January, 2008, and will be sent electronically to the above-named counsel who are registered participants identified on the Notice of Electronic Filing for Case No. 05-229S.

/s/ Thomas J. Leach___________