IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING,<br>a Resident of Arizona,<br><br>Plaintiff,<br>v.<br><br>HASBRO, INC.,<br>a Rhode Island Corporation,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 05-229S |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT HASBRO'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM PROFFERING EVIDENCE REGARDING AGREEMENTS TO MARK THE PATENTED DICE WITH THE PATENT NUMBER**

## I. Introduction

Plaintiff Michael Bowling ("Bowling") will testify concerning his efforts to ensure that his retail and distribution customers marked with his patent number. He will testify about letters and conversations wherein these customers agreed to mark his dice. This testimony is nonhearsay because it simply establishes that the statements were made. Furthermore, Bowling has personal knowledge of the letters and conversations because he was in a position to perceive them. Lastly, Bowling cannot produce the original letters because he lost them. The Federal Rules of Evidence clearly allow Bowling to testify as to the content of the lost letters. Thus, the Court should deny Hasbro's motion.

## II. Bowling's Testimony Is Not Hearsay

Hasbro's argument that Bowling's testimony regarding statements made by his retail and distributor customers must be precluded as hearsay is wrong. Testimony that a statement was made is admissible nonhearsay. Fed. R. Evid. 801(c); *NLRB v. H. Kock &*

*Sons*, 578 F.2d 1287, 1290-91 (9th Cir. 1978). Bowling's testimony is intended to establish that his retail and distribution customers agreed to mark his dice with the patent number. (Hasbro's Motion at 6 (Docket No. 131).) This testimony is offered merely to prove that Bowling's customers made statements of agreement. It is not offered to prove that Bowling's customers actually marked.[1] Thus, Bowling's testimony is nonhearsay because it establishes that a statement was made, but raises no issue as to the truth of anything asserted. Fed. R. Evid. 801, advisory committee on sub. (c) ("If the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay.")

## III. <u>Bowling Has Personal Knowledge of the Letters</u>

Hasbro's argument that Bowling lacks personal knowledge of letters sent to him because his memory is not perfect is also wrong. Evidence is inadmissible for lack of personal knowledge only if the witness could not have actually perceived or observed that about which he testifies. *U.S. v. Rodriguez*, 162 F.3d 135, 144 (1st Cir. 1998). There is no question that Bowling perceived or observed letters sent to him. Hasbro's argument that Bowling does not absolutely remember the letters does not diminish his ability to have personal knowledge of them. Fed. R. Evid. 602, advisory comment ("[H]ence personal knowledge is not an absolute but may consist of what the witness thinks he knows from personal perception.")

## IV. <u>The Original Letters Are Not Required Because They Were Lost</u>

Hasbro's argument that Bowling must be precluded from testifying about the letters in question because he cannot prove they existed is, again, wrong. Testimony

---

[1] To establish compliance with the marking requirements under 35 U.S.C. § 287, Bowling need only establish that he made reasonable efforts to ensure that his retailers and distributors marked his dice. *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1112 (Fed. Cir. 1996).

regarding the content of a document is admissible when the document itself has been lost, unless the proponent of the testimony lost the document in bad faith. Fed. R. Evid. 1004(1); *U.S. v. McMahon*, 938 F.2d 1501, 1509 n. 4 (1st Cir. 1991). A document that cannot be found despite the efforts of the proponent is deemed lost, and its contents may be established by other evidence, including testimony. *See Paul Revere Variable Annuity Ins. Co. v. Zang*, 81 F. Supp. 2d 227, 230 (D. Mass. 2000) (holding that in the absence of allegation of bad faith, a proponent failing to find a particular document could prove through other evidence that the document was signed). Bowling has not been able to locate the letters in question. Hasbro does not contend that Bowling lost them in bad faith.[2] Thus, Bowling should be allowed to testify as to the contents of those letters. The jury will then decide whether his recollection of the letters and their content is credible. Fed. R. Evid. 1008.

## V. Conclusion

For the foregoing reasons, Bowling respectfully requests that the Court deny Hasbro's motion in limine.

[2] Rather, Hasbro challenges whether letters existed and whether Bowling's testimony correctly reflects the contents of those letters. These questions are for the jury. Fed. R. Evid. 1008 (However, when an issue is raised (a) whether the asserted writing ever existed, . . . or (c) whether other evidence of contents correctly reflects the contents, the issue is for the trier of fact to determine . . .)

Michael Bowling,
By His Attorneys,

Date: January 7, 2008

s/Thomas J. Leach___________

Anthony R. Zeuli, MN *(pro hac vice)*
Thomas J. Leach, MN (*pro hac vice*)
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Phone: 612.332.5300
Fax: 612.332.9081

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

**CERTIFICATE OF SERVICE**

TO:

Todd D. White, Esq.
Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

David K. S. Cornwell, Esq.
Tracey-Gene G. Durkin, Esq.
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue N.W.
Washington, DC 20005

I hereby certify that the within *Objection and Memorandum in Opposition to Defendant's Motion in Limine to Preclude Plaintiff from Proffering Evidence Regarding Agreements to Mark the Patented Dice with the Patent Number* was filed through the ECF system on the 7th day of January, 2008, and will be sent electronically to the above-named counsel who are registered participants identified on the Notice of Electronic Filing for Case No. 05-229S.

/s/ Thomas J. Leach__________