# EXHIBIT B

LEXSEE

Analysis
As of: Jan 07, 2008

**CAMECO INDUSTRIES, INC. VERSUS LOUISIANA CANE MANUFACTURING, INC.**

**CIVIL ACTION NO. 92-3158 SECTION "R"**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA**

**1995 U.S. Dist. LEXIS 11294**

**July 27, 1995, Decided**
**July 27, 1995, FILED; July 28, 1995, ENTERED**

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** In plaintiff patent holder's infringement action, defendant alleged infringer (infringer) of a sugar cane harvester sought a determination on its motion for reconsideration and/or clarification of the court's order denying in part, and granting in part, the infringer's motion for summary judgment. Various motions in limine were also filed for determination.

**OVERVIEW:** The infringer argued that even if its sugar cane harvester were equivalent to the patent holder's invention, the doctrine of file wrapper estoppel would have precluded a finding of infringement. The argument was rejected, holding the test for infringement under the doctrine of equivalents. On summary judgment reconsideration, the court found that to the extent that the infringer disagreed with the court on the proper test, it was against controlling precedent. The infringer's motion to strike was denied re commercial success evidence of the harvester, finding an unfair surprise claim moot. The court found that the infringer failed to satisfy its burden of establishing that trial bifurcation was warranted. The infringer also objected to the patent holder's introduction of expert testimony, but the court found the expert's credentials sufficient to allow him to testify as an expert. The court restricted some expert testimony on inequitable conduct, denied expert testimony on the issue of file wrapper estoppel, and allowed expert testimony on the doctrine of equivalents and damages or proper royalties. Patent holder's motion to exclude evidence of a later issued patent was proper.

**OUTCOME:** The court ordered denial of the infringer's motion for reconsideration, the motion in limine to strike the issue of commercial success, and the motion in limine to bifurcate the trial. The court also ordered that the infringer's motion in limine to exclude the testimony of a proposed expert be granted in part, and denied in part. Further, the court granted the patent holder's motion in limine to exclude the evidence of the infringer's patent.

**COUNSEL:** [*1] For CAMECO INDUSTRIES, INC., plaintiff: Paul E. Krieger, J. Mark Gilbreth, David R. Clonts, Pravel, Hewitt, et al, Houston, TX. Gregory Carlyle Smith, Pravel, Hewitt, Kimball & Krieger, Metairie, LA.

For LOUISIANA CANE MANUFACTURING INC., defendant: John Franklin Whitney, Breazeale, Sachse & Wilson, LL&E Tower, New Orleans, LA. Jude C. Bursavich, Breazeale, Sachse & Wilson, Baton Rouge, LA. Ashley L. Belleau, Bronfin & Heller, New Orleans, LA. Loren G. Halmreich, Loren G. Helmreich, Attorney at Law, Houston, TX. Robert A. Kutcher, Chopin, Wager, Cole, Richard, Reboul & Kutcher, Metairie, LA. For CLYDE J COLLINSON, DANIEL J MORVANT, KEN G CAILLOUET, defendants: Ashley L. Belleau, Bronfin & Heller, New Orleans, LA.

Louisiana Cane Manufacturing Inc., defendant, Pro se, Thibodeaux, LA.

**JUDGES:** Sarah S. Vance, UNITED STATES DISTRICT JUDGE

**OPINION BY:** Sarah S. Vance

**OPINION**

**ORDER RULING ON MOTIONS IN LIMINE AND MOTION FOR RECONSIDERATION**

This matter is before the Court on defendant Louisiana Cane Manufacturing's motion for reconsideration and/or clarification of the Court's order denying, in part, and granting, in part, defendant's motion for summary judgment. The following motions in limine are also before the Court: (1) Louisiana Cane Manufacturing's motion in limine to strike the issue of commercial success; (2) Louisiana Cane Manufacturing's motion in limine to bifurcate the trial; (3) Louisiana Cane Manufacturing's motion in limine to exclude the testimony of William David Kiesal; and (4) the motion in limine of Cameco Industries, Inc. ("Cameco") to exclude evidence of Louisiana Cane Manufacturing's patent. The motions were submitted on the briefs.

**I. MOTION FOR RECONSIDERATION AND/OR CLARIFICATION**

Louisiana Cane Manufacturing, Inc. ("Louisiana Cane") moves the Court to reconsider and/or clarify its order granting, in part, and denying, in part, Louisiana Cane's motion for summary judgment. In support of its motion, Louisiana Cane argues that the Court "misstated [*2] the law" by holding that hypothetical claim analysis is a test for infringement under the doctrine of equivalents. Alternatively, Louisiana Cane argues that the Court erred by holding that hypothetical claim analysis may be used to determine an appropriate range of equivalents for plaintiff's patent claims. Because defendant's motion for summary judgment was not directed to the issue of whether its sugar cane harvester is equivalent to the sugar cane harvester claimed in plaintiff's patent, neither argument provides a basis for reconsideration of the Court's order. Moreover, both arguments are simply meritless.

In its motion, Louisiana Cane argued that even if its sugar cane harvester were equivalent to plaintiff's patented invention, the doctrine of file wrapper estoppel would preclude a finding of infringement in this case. The Court rejected defendant's argument. In reaching this conclusion, the Court properly recited the test for infringement under the doctrine of equivalents as stated in Graver *Tank & Manufacturing Co. v. Linde Air Products Co.,* 339 U.S. 605, 70 S. Ct. 854, 94 L. Ed. 1097 (1950). The Court did not suggest that hypothetical claim analysis is a substitute for [*3] the Graver *Tank* test. Rather, the Court simply noted that despite defendant's suggestions to the contrary, plaintiff had not asserted a range of equivalents that encompassed *any* apparatus capable of two-in, two-out piling. Rather plaintiff had proposed, through a hypothetical claim, a range of equivalents that could have been allowed over the prior art and that was broad enough to cover the accused device. The Court further recognized that a hypothetical claim is a valid statement of the scope of a patent if it would have been patentable over the prior art, and the proposed range of equivalents is not otherwise limited by prosecution history estoppel. To the extent that defendant disagrees with this statement of the law, its position is contrary to controlling precedent. *Compare Hughes Aircraft Co. v. United States,* 717 F.2d 1351, 1363 (Fed. Cir. 1983), *with Conroy v. Reebok International, Ltd.,* 14 F.3d 1570, 1577 (Fed. Cir. 1994); *International Visual Corp. v. Crown Metal Manufacturing Co.,* 991 F.2d 768, 772 (Fed. Cir. 1993); *Wilson Sporting Goods Co. v. David Geoffrey & Associates,* 904 F.2d 677, 684-85 (Fed. Cir.), *cert. denied,* 498 U.S. 992, 111 S. Ct. [*4] 537, 112 L. Ed. 2d 547 (1990). Accordingly, defendant's motion for reconsideration is denied.

**II. MOTION TO STRIKE ISSUE OF COMMERCIAL SUCCESS**

Louisiana Cane asks the Court to prohibit the plaintiff from introducing evidence of the commercial success of its sugar cane harvester. Louisiana Cane argues that it would be prejudicial to admit such evidence on the ground of unfair surprise, since plaintiff failed to respond fully to defendant's discovery requests, claiming that it did not intend to pursue the issue at trial. Alternatively, defendant argues that it should be allowed to conduct additional discovery on this issue. In response, plaintiff asserts that defendant was on notice that it intended to introduce evidence on the commercial success of its sugar cane harvester and that any failure on the part of Louisiana Cane to obtain all relevant information is the result of defendant's own neglect.

Defendant's motion was filed just prior to a trial date that has since been continued. This matter is now stayed pending a decision in *Hilton Davis Chemical Co. v. Warner-Jenkinson Co,* No. 93-1088. When the stay in this matter is lifted, a trial date will be set. In the interim [*5] between the lifting of the stay and the trial date, there will be sufficient opportunity for the parties to conduct discovery on this issue, if it is necessary to do so. Defendant's complaint of unfair surprise is therefore moot. Defendant's motion to strike the issue of commercial success is denied.

### III. MOTION TO BIFURCATE

Louisiana Cane moves the Court for an order bifurcating the trial into liability and damage phases. Defendant conditions its motion on whether the Court charges the jury that it may draw an adverse inference against defendant on the issue of willfulness because defendant refused to waive its attorney-client privilege on any legal advice it received on whether its sugar cane harvester would infringe Cameco's patent. Plaintiff opposes the proposed bifurcation as unwarranted under the circumstances of the case. The burden is on the defendant to demonstrate that the trial should be bifurcated.

It is well established that a potential infringer, with actual notice of a patent, "has an affirmative duty to exercise due care to determine whether or not he is infringing. Such an affirmative duty includes, *inter alia,* the duty to seek and obtain competent [*6] legal advice from counsel *before* the initiation of any possible infringing activity." *Underwater Devices, Inc. v Morrison-Knudsen Co.,* 717 F.2d 1380, 1389-90 (Fed. Cir. 1983). If the potential infringer is later accused of infringing the patent, he can defend against a claim of willfulness by introducing evidence that he received legal advice that his invention would not be an infringement of the patent. *Kloster Speedsteel, AB v. Crucible, Inc.,* 793 F.2d 1565, 1579 (Fed. Cir. 1986). Conversely, a plaintiff can support a claim of willfulness by introducing evidence that the alleged infringer either did not seek legal advice or did so and was advised that his product would constitute an infringement. *Id.* Where, as here, a defendant refuses to disclose, on the basis of attorney client privilege, whether legal advice was obtained, a factfinder is entitled to infer that such advice either was not obtained or that it was obtained and ignored. *See id.* at 1580; *Fromson v. Western Litho Plate & Supply Co.,* 853 F.2d 1568, 1572 (Fed. Cir. 1988). Accordingly, plaintiff is entitled to an adverse inference charge if it demonstrates that Louisiana Cane had actual notice of [*7] Cameco's patent rights.

Having determined that plaintiff may be entitled to an adverse inference charge, the Court must consider whether defendant is then entitled to a bifurcation of the trial. Louisiana Cane asserts that an adverse inference charge on the issue of willfulness would prejudice the jury against it on the issue of liability. In *Quantum Corp. v. Tandon Corp.,* 940 F.2d 642 (Fed. Cir. 1991), the Federal Circuit provided the following guidance on whether the issue of willfulness should be bifurcated:

> An accused infringer . . . should not, without the trial court's careful consideration, be forced to choose between waiving the privilege in order to protect itself from a wilfulness finding, in which case it may risk prejudicing itself on the question of liability, and maintaining the privilege, in which case it may risk being found to be a willful infringer if liability is found. Trial courts should thus give serious consideration to a separate trial on willfulness whenever the particular attorney client communications once inspected by the court *in camera,* reveal that the defendant is indeed confronted with this dilemma.

*Id.* at 643-44. The defendant [*8] has not submitted any documents for *in camera* inspection from which the Court can determine whether defendant is confronted with the "dilemma" noted by the Federal Circuit. Absent such evidence, and because no other basis for bifurcation has been advanced, defendant has failed to carry its burden of establishing that bifurcation is warranted. The motion for bifurcation is therefore denied.

### IV. MOTION TO EXCLUDE TRIAL TESTIMONY

Plaintiff proposes to introduce expert testimony on the following subjects: (1) background information about how patents are examined and issued; (2) whether modifications in plaintiff's claims made during the prosecution of the patent had any effect on the scope of plaintiff's patent; (3) prior art limitations on the scope of plaintiff's patent; (4) how plaintiff's patent claim should be construed under the doctrine of equivalents; (5) a hypothetical claim and what it means; (6) infringement; and (7) a reasonable royalty. Louisiana Cane raises two objections to the proposed testimony. First, Louisiana Cane contends that the proposed testimony will amount to a jury charge. Second, defendant argues that plaintiff's expert is not qualified to give [*9] an expert opinion because he has no technical expertise in the relevant art and because he has no accounting or finance experience. Cameco contends that defendant's objections should be overruled because expert testimony is regularly received in patent trials, and its expert is qualified to render an opinion based on his extensive experience as a patent attorney with mechanical inventions.

Opinion testimony is admissible from a witness "qualified as an expert by knowledge, skill, experience, training, or education." Fed. R. Evid. 702. The Advisory Committee Note accompanying Rule 702 of the Federal Rules of Evidence provides that an expert includes persons with formal training and also those whose experiences allow them to testify with authority on a particular subject. *Christophersen v. Allied-Signal Corp.,* 939 F.2d 1106, 1110 (5th Cir. 1991). Once it is established that a witness is generally qualified to render an expert opinion,

the degree to which the witness is qualified goes to the weight of that witness's testimony, not its admissibility. *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1431 (5th Cir. 1989); *Yamaha International Corp. v. Hoshino Gakki Co.*, 840 F.2d 1572, [*10] 1582-83 (Fed. Cir. 1988).

Plaintiff's expert has a B.S. in mathematics, an M.S. in nuclear energy, and a law degree. He has practiced patent law for over twenty years and has served as an adjunct professor at Louisiana State University School of Law, where he taught a course in patent law. By affidavit, plaintiff's expert further states that his nuclear energy degree emphasized various aspects of mechanical engineering and that he has expanded his background in mechanical engineering through his patent law practice. Plaintiff's expert further states that he has been qualified as an expert in several other patent cases in which he rendered opinions related to the issues raised in this case.

The Court finds that the expert's education and background are sufficiently related to the subject matter of plaintiff's patent to allow him to speak with authority on the issues of validity and infringement. The Court further finds that the expert's experience as a patent attorney provides him with sufficient familiarity with royalty agreements to be able to render an opinion about what a reasonable royalty would have been under the circumstances of this case. The Court will therefore not exclude [*11] plaintiff's expert on the grounds that he is unqualified to render an expert opinion. Defendant is free, however, to inquire into his qualifications on cross-examination to support its argument that his opinion should be accorded little, if any, weight.

Louisiana Cane has raised the defense of inequitable conduct. In response, plaintiff intends to elicit testimony from its expert about the patent application process, the operations and functions of the patent and trademark office, and the materiality of relevant prior art. Plaintiff argues that such testimony will be helpful to the "jury" in understanding why the inventor did not act inequitably in prosecuting the patent at issue. plaintiff's contentions notwithstanding, the disputed issues of fact underlying the defense of inequitable conduct are not jury questions but are to be resolved by the Court. *General Electric Music Corp. v. Samick Music Corp.*, 19 F.3d 1405, 1408 (Fed. Cir. 1994). That aside, the Court finds that the proposed testimony of plaintiff's expert is relevant and that it would be admissible to rebut Louisiana Cane's inequitable conduct defense. *See id.* at 1409 n.2; *accord Thermal Systems Corp. v. Clean* [*12] *Air Systems,* 706 F. Supp. 436, 447 (W.D.N.C. 1987). The Court will restrict the testimony to the extent it proves to be unhelpful or cumulative.

Plaintiff argues that it should also be allowed to elicit expert testimony on the issue of file wrapper estoppel. Specifically, plaintiff proposes to have its expert render an opinion as to whether amendments made to claims during the prosecution of the patent had any effect on the scope of the patent. The scope of a patent and whether it is limited by file wrapper estoppel are issues that are decided by the Court. The Court finds that the expert testimony proposed by the plaintiff on the issue of file wrapper estoppel would not be helpful. Such a determination can be made without the assistance of an expert. The Court therefore grants defendant's motion to the extent that it seeks to exclude an expert opinion on the issue of file wrapper estoppel.

Plaintiff also intends to introduce expert testimony in support of its claim of infringement under the doctrine of equivalents. Specifically, plaintiff's expert will propose a hypothetical claim that he contends would have been patentable over the prior art and that encompasses defendant's machine. [*13] Plaintiff states that its expert's testimony will be based on facts already placed in evidence through the testimony of a technical expert. Plaintiff's expert will also give his opinion on the ultimate question of infringement. In response to defendant's motion, plaintiff states that the proposed expert testimony will not consist of a recitation of the law regarding the doctrine of equivalents and thus will not be a disguised jury charge.

Before a jury can be charged on infringement under the doctrine of equivalents, the party asserting infringement must present evidence concerning the doctrine and each of its elements. *See Lear Siegler, Inc. v. Sealy Mattress Co.*, 873 F.2d 1422, 1425-26 (5th Cir. 1989). Plaintiff is therefore free to inform the jury of the evidence that establishes the equivalence of the claimed and the accused device for each element of the Graver *Tank* test, and it may do so through expert testimony. *Texas Instruments, Inc. v. United States International Trade Commission,* 805 F.2d 1558, 1568 (Fed. Cir. 1986). That plaintiff's expert is an attorney does not disqualify him from offering an opinion. *Markman v. Westview Instruments, Inc.*, 52 F.3d [*14] 967, 991 n.4 (Fed. Cir. 1995)(Mayer, J., concurring).

Finally, plaintiff intends to elicit expert testimony on the proper royalty for any infringement. Expert testimony on the issue of damages is specifically authorized under 35 U.S.C. § 284 ("The court may receive expert testimony as an aid to the determination of damages or of what royalty would be reasonable under the circumstances."). The Court has already determined that the expert's prior experience with patents will likely assist the trier of fact in arriving at a reasonable royalty if plaintiff is so entitled. The proposed testimony is therefore admissible.

## V. MOTION TO EXCLUDE EVIDENCE OF LATER ISSUED PATENT

In its only motion before the Court, Cameco objects to the introduction of a patent issued on defendant's sugar-cane harvester in 1994, two years after the commencement of this lawsuit. Plaintiff contends that introduction of the patent would be prejudicial and confusing to the jury and that it is irrelevant to whether defendant's machine infringes its patent. Defendant responds that the patent is relevant to whether its device is equivalent to the machine claimed in plaintiff's patent. Specifically, defendant [*15] argues that the issuance of a patent for its sugar cane harvester is evidence that the machine is so changed from plaintiff's invention that it performs the same function in a substantially different way.

In support of its argument, defendant cites the Supreme Court's decision in *Kokomo Fence Machine Co. v. Kitselman,* 189 U.S. 8, 23 S. Ct. 521, 47 L. Ed. 689 (1903). In *Kitselman,* the Supreme Court indicated that there is a presumption that an accused device is substantially different from the invention it is accused of infringing when a patent has been issued on the accused device. *Id.* at 23, 23 S. Ct. at 527. This rule of law has not passed the test of time. Rather, in *Atlas Powder Co. v. E.I. Du Pont de Nemours & Co.,* 750 F.2d 1569 (Fed. Cir. 1984), the Federal Circuit relied on a subsequent Supreme Court decision to hold that a presumption of noninfringement does not arise from the issuance of a patent on an accused device. *Id.* at 1581. This Court is bound by the Federal Circuit's interpretation of Supreme Court precedent.

Having determined that the issuance of a patent is not presumptive evidence of noninfringement, defendant must show that it is relevant [*16] in some other way. To this end, Louisiana Cane argues that the patent is relevant because the application submitted in support of the patent details differences between its machine and the machine claimed in plaintiff's patent. However, Louisiana Cane concedes that this same information can be presented through other means. The introduction of the patent or patent application to demonstrate the differences between the two machines would therefore be cumulative. Moreover, the Court finds that admission of the patent or patent application would be unfairly prejudicial to the plaintiff, as this evidence is likely to give the jury the false impression that a patent on the accused machine means that it is substantially different from the machine claimed in plaintiff's patent. Most importantly, however, the Court finds that admission of Louisiana Cane's patent into evidence would shift the focus of the trial from the validity and infringement of Cameco's patent to the validity of Louisiana Cane's patent. A detour of this sort would be only distracting and confusing to the jury, while providing little, if any, relevant information. The Court therefore grants plaintiff's motion to exclude [*17] evidence of Louisiana Cane's later issued patent. *See Glaros v. H.H. Robertson Co.,* 797 F.2d 1564, 1572 (Fed. Cir. 1986). Accordingly,

IT IS ORDERED that Louisiana Cane's Motion for Reconsideration is hereby DENIED.

IT IS FURTHER ORDERED that Louisiana Cane Manufacturing's motion in limine to strike the issue of commercial success is hereby DENIED.

IT IS FURTHER ORDERED that Louisiana Cane Manufacturing's motion in limine to bifurcate the trial is hereby DENIED.

IT IS FURTHER ORDERED that Louisiana Cane Manufacturing's motion in limine to exclude the testimony of William David Kiesal is hereby GRANTED, in part, and DENIED, in part.

IT IS FURTHER ORDERED that Cameco Industries' motion in limine to exclude evidence of Louisiana Cane Manufacturing's patent is hereby GRANTED.

New Orleans, Louisiana, this 27th day of July, 1995.

Sarah S. Vance

UNITED STATES DISTRICT JUDGE