# EXHIBIT C

FOCUS - 8 of 39 DOCUMENTS

**TIVO INC., Plaintiff, v. ECHOSTAR COMMUNICATIONS CORP., et al. Defendants.**

**2:04-CV-1-DF**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, MARSHALL DIVISION**

***2006 U.S. Dist. LEXIS 64291***

**August 17, 2006, Decided**
**August 17, 2006, Filed**

**SUBSEQUENT HISTORY:** Costs and fees proceeding at, Motion denied by *TiVo Inc. v. EchoStar Communs. Corp., 2006 U.S. Dist. LEXIS 64293 (E.D. Tex., Aug. 17, 2006)*

**PRIOR HISTORY:** *TiVo Inc. v. Echostar Communs. Corp., 2006 U.S. Dist. LEXIS 64292 (E.D. Tex., Aug. 17, 2006)*

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff patentee was awarded damages in a patent infringement case against defendants after a jury found that defendants' digital video recorders infringed each of the asserted claims and found that the infringement was willful. Plaintiff filed a motion for prejudgment interest and supplemental damages under *35 U.S.C.S. § 284*.

**OVERVIEW:** The patentee sought prejudgment interest on the entire damages award from the time that the lawsuit was filed until the date of final judgment at the prime rate, compounded annually. Further, the patentee sought supplemental damages for the ongoing infringement that was not covered by the jury's award. Defendants argued that the prejudgment interest should be calculated at the one year U.S. Treasury bill rate and claimed that the patentee waived its right to supplemental damages by not requesting a post-verdict accounting in its pleadings or in the final pretrial order. The court granted the patentee's motion. The court held that the Treasury rate was inadequate and that the prime rate was appropriate for a prejudgment interest award. The court also found that the patentee was entitled to supplemental damages because such damages were compensatory in nature and the denial of such damages would result in a windfall to defendants. Because the patentee requested compensatory damages in its pretrial order, it did not waive its right to request such damages. The court awarded interest and supplemental damages in the amount calculated by the patentee's expert.

**OUTCOME:** The court granted the patentee's motion for prejudgment interest and supplemental damages.

**LexisNexis(R) Headnotes**

***Patent Law > Remedies > Collateral Assessments > Prejudgment Interest***
***Patent Law > Remedies > Damages > General Overview***
[HN1] Damage awards in patent infringement lawsuits are addressed in *35 U.S.C.S. § 284*: Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court. The court may receive expert testimony as an aid to the determination of damages or of what royalty would be reasonable under the circumstances. Though not explicitly mentioned, prejudgment interest and supplemental damages are grounded in this statute.

***Civil Procedure > Remedies > Judgment Interest > Prejudgment Interest***
***Patent Law > Remedies > Collateral Assessments > Prejudgment Interest***
[HN2] Prejudgment interest shall be awarded in patent infringement cases absent some justification for with-

holding such an award. Such interest is compensatory in nature and should be awarded for both lost profits and reasonable royalty awards.

***Civil Procedure > Remedies > Judgment Interest > Prejudgment Interest***
***Patent Law > Remedies > Collateral Assessments > Prejudgment Interest***
[HN3] Unlike postjudgment interest for which the interest rate is set by statute, there is no mandatory interest rate and no standard rate for prejudgment interest. Courts are afforded "wide latitude" in setting the prejudgment interest rate. As a result, courts have set different rates in different cases, but most often award prejudgment interest at either the prime rate or the U.S. Treasury rate.

***Patent Law > Remedies > Damages > General Overview***
[HN4] A patentee is entitled to damages for the entire period of infringement and should therefore be awarded supplemental damages for any periods of infringement not covered by the jury verdict. Such damages are compensatory in nature. Supplemental damages are calculated consistent with the damages awarded in the jury verdict. Failure to include a separate request for "supplemental" damages does not result in waiver because such damages are a component of any request for compensatory damages.

**COUNSEL:** [*1] Robert W Faulkner, Mediator, Pro se, Dallas, TX.

For TIVO Inc, a Delaware corporation, Plaintiff: Alexander C D Giza, Adam S Hoffman, Perry M Goldberg, Richard E Lyon, Irell & Manella LLP, Los Angeles, CA; Andrei Iancu, Christine W S Byrd, Irell & Manella - Los Angeles, Los Angeles, CA; Morgan Chu,Irell & Manella, Los Angeles, CA; Samuel Franklin Baxter, Attorney at Law, Marshall, TX; Ben Yorks, Brian Jones, Michelle Armond, Irell & Manella - Newport Beach, Newport Beach, CA; R Scott Feldmann, Randall I Erickson, Steven P Rice, Van V Nguyen, Crowell & Moring - Irvine, Irvine, CA; Garret Wesley Chambers, McKool Smith - Dallas, Dallas, TX.

For Echostar Communications Corporation, a Nevada corporation, Echostar DBS Corporation, a Colorado corporation, EchoStar Technologies Corporation, Echosphere Limited Liability Company, Defendants: Alison M Tucher, Jason A Crotty, Robert M Harkins, Jr, Morrison & Foerster LLP San Francisco, San Francisco, CA; Rachel Krevans, Harold J. McElhinny, Morrison & Foerster LLP, San Francisco, CA; Karl J Kramer, Morrison & Foerster - Palo Alto, Palo Alto, CA; Damon Michael Young, Young Pickett & Lee, Texarkana, TX.

For "EchoStar defendants", [*2] Defendant: Emily A Evans, Morrison & Foerster - Palo Alto, Palo Alto, CA; Scott F Llewellyn, Morrison & Foerster, Denver, CO; Kristina Paszek, Alison M Tucher, Robert M Harkins, Jr, Morrison & Foerster LLP San Francisco, San Francisco, CA; Harold J. McElhinny, Rachel Krevans, Morrison & Foerster LLP, San Francisco, CA; John Michael Pickett, Young Pickett & Lee, Texarkana, TX; Karl J Kramer, Morrison & Foerster - Palo Alto, Palo Alto, CA.

For Merchant & Gould, Subpoena recipient, Movant: Charles Conrow Murphy, Jr, Vaughan & Murphy, Atlanta, Ga.

For EchoStar Technologies Corporation, Echosphere Limited Liability Company, Counter Claimants: Alison M Tucher, Jason A Crotty, Robert M Harkins, Jr, Morrison & Foerster LLP San Francisco, San Francisco, CA; Karl J Kramer, Morrison & Foerster - Palo Alto, Palo Alto, CA; Damon Michael Young, Young Pickett & Lee, Texarkana, TX.

For TIVO Inc, a Delaware corporation, Counter Defendant: Adam S Hoffman, Irell & Manella LLP, Los Angeles, CA.

For EchoStar Communications Corporation, a Nevada corporation, EchoStar DBS Corporation a Colorado corporation, Counter Claimants: Alison M Tucher, Jason A Crotty, Robert M Harkins, Jr, Morrison [*3] & Foerster LLP San Francisco, San Francisco, CA; Karl J Kramer, Morrison & Foerster - Palo Alto, Palo Alto, CA.

For Echostar Satellite LLC, Counter Claimant: Karl J Kramer, Morrison & Foerster - Palo Alto, Palo Alto, CA.

**JUDGES:** DAVID FOLSOM, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** DAVID FOLSOM

**OPINION**

**ORDER**

Before the Court is Plaintiff TiVo's Motion for Prejudgment Interest and Supplemental Damages. Dkt. No. 732. Also before the Court is Defendants' opposition and Plaintiff's reply. Dkt. Nos. 736 and 744, respectively. On June 28, 2006 the Court heard the parties on this motion. Having considered the motion, all other relevant briefing, and the applicable law, the Court finds Plaintiff's Motion

for Prejudgment Interest and Supplemental Damages is well taken and should be **GRANTED** as set forth herein.

**I. BACKGROUND**

In this patent infringement action, Plaintiff claimed a number of Defendants' digital video recorders [1] ("DVRs") infringe several claims in Plaintiff's *U.S. Patent No. 6,233,389* (the "*'389 patent*"). In March 2006-April 2006, the case was tried to a jury. The jury found that Defendants' accused DVRs infringed each of the asserted claims and further found [*4] that Defendants' infringement was willful. None of the asserted claims was found invalid. The jury awarded Plaintiff $ 32,663,906 in lost profits damages for 192,708 infringing DVRs and $ 41,328,058 in reasonable royalty damages for 4,179,253 infringing DVRs. Dkt. No. 690.

1 The following of Defendants' DVR receivers were found to infringe: DP-501; DP-508; DP-510; DP-522; DP-625; DP-721; DP-921; and the DP-942.

Plaintiff now moves for an award of prejudgment interest and supplemental damages. Defendants oppose.

**II. LEGAL PRINCIPLES**

[HN1] Damage awards in patent infringement lawsuits are addressed in *35 U.S.C. § 284*:

> Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court.
>
> * * *
>
> The court may receive expert testimony as an aid to the determination of [*5] damages or of what royalty would be reasonable under the circumstances.

Though not explicitly mentioned, prejudgment interest and supplemental damages are grounded in this statute.

**A. Prejudgment Interest**

[HN2] Prejudgment interest should be awarded "absent some justification for withholding such an award." *Gen. Motors Corp. v. Devex Corp., 461 U.S. 648, 656, 103 S. Ct. 2058, 76 L. Ed. 2d 211 (1983)*. Such interest is compensatory in nature and should be awarded for both lost profits and reasonable royalty awards. *Gen. Motors Corp., 461 U.S. at 656*; *Hoechst Celanese Corp. v. BP Chems., 846 F. Supp. 542, 551 (S.D. Tex. 1994), aff'd 78 F.3d 1575 (Fed. Cir. 1996)*; *Gyromat Corp. v. Champion Spark Plug Co., 735 F.2d 549, 556 (Fed. Cir. 1984).*

[HN3] Unlike post-judgment interest for which the interest rate is set by statute, there is no mandatory interest rate and no standard rate. Courts are afforded "wide latitude" in setting the prejudgment interest rate. *Uniroyal, Inc. v. Rudkin-Wiley Corp., 939 F.2d 1540, 1545 (Fed. Cir. 1991)*; *Studiengesellschaft Kohle v. Dart Indus., Inc., 862 F.2d 1564, 1580 (Fed. Cir. 1988).* [*6] As a result, courts have set different rates in different cases, but most often award prejudgment interest at either the prime rate or the U.S. Treasury rate. *See, e.g., Lam, Inc. v. Johns-Manville Corp., 718 F.2d 1056 (Fed. Cir. 1983)*; *Uniroyal, Inc. v. Rudkin-Wiley Corp., supra, 939 F.2d at 1545*; *Laitram Corp. v. NEC Corp., 115 F.3d 947, 955 (Fed. Cir. 1997)*; *Allen Archery, Inc. v. Browning Mfg. Co., 898 F.2d 787, 789 & 792 (Fed. Cir. 1990)*; *Datascope Corp. v. SMEC, Inc., 879 F.2d 820, 829 (Fed. Cir. 1989)*.

**B. Supplemental Damages**

[HN4] A patentee is entitled to damages for the entire period of infringement and should therefore be awarded supplemental damages for any periods of infringement not covered by the jury verdict. *See Stryker Corp. v. Davol, Inc., 75 F. Supp. 2d 746 (W.D. Mich. 1999), aff'd, 234 F.3d 1252*. Such damages are compensatory in nature. *Nat'l Instruments Corp. v. Mathworks, Inc., 2003 U.S. Dist. LEXIS 25863 (D. Tex. June 23, 2003)* ("A failure to award such damages would grant an infringer a windfall by enabling it to infringe [*7] without compensating a patentee for the period of time between the jury's verdict and the judgment."). Supplemental damages are calculated consistent with the damages awarded in the jury verdict. *E.g., id. at *12*; *Mikohn Gaming, 2001 U.S. Dist. LEXIS 23416 at 64-65 (D. Nev. Aug. 1, 2001)* (applying minimum royalty rate proposed by claimant of 28%). Failure to include a separate request for "supplemental" damages does not result in waiver because such damages are a component of any request for compensatory damages. *Id. at *54-61* (Finding that the patentee's failure to separately request an "accounting" in the pretrial order was of no consequence and awarding supplemental reasonable royalty damages).

**III. THE PARTIES' POSITIONS**

Plaintiff requests prejudgment interest on the entire damages award from the time the lawsuit was filed in January 2004 until the date of the final judgment. Dkt. No. 732 at 3. According to Plaintiff, during this infringement period, Plaintiff maintained a revolving line

of credit for which the interest rate was "the greater of prime or 4.00% per annum." *Id.* at 4. Thus Plaintiff argues that the prime rate, compounded annually, [*8] is the appropriate prejudgment interest rate and proffers calculations from its damages expert using this rate. *Id.* at 5 citing Ugone Decl. Plaintiff's expert's calculations result in a total prejudgment interest award of $ 5,367,544 through July 31, 2006. Ugone Decl., Exh. C. Further calculations are not included but could presumably be performed according to the same formula.

Second, Plaintiff requests supplemental damages for infringing DVRs not covered by the jury's damages award. Dkt. No. 732 at 6. The damages award accounted for infringing DVRs placed through March 31, 2006, but does not account for placements made from April 1, 2006 through the date of the final judgment. Plaintiff argues that, because Defendants' infringement has continued, it is entitled to supplemental damages for the ongoing infringement that was not covered by the jury's award. *Id.* at 7.

According to Plaintiff, supplemental damages should cover both: newly-placed infringing units sold or leased by Defendants after March 31, 2006; and continuing infringing units (units on which the jury awarded monthly royalties only through March 31, 2006 but on which Defendants are still collecting fees from [*9] subscribes). [2] Plaintiff proffers a calculation from its damages expert, based on the same reasonable royalty methodology he used for his trial damages calculation, amounting to $ 10,317,108 in supplemental damages from April 1, 2006 -- July 31, 2006. Ugone Decl., Exh. H.

2 Plaintiff does not request lost profits on any portion of the units placed by Defendants after March 31, 2006. Dkt. No. 732 at 7 n.4.

Defendant argues that prejudgment interest should be calculated at the one year U.S. Treasury rate. Dkt. No. 736. Defendants argue this rate is appropriate for three reasons: its sound financial condition warrants calculation of prejudgment interest at a risk-free rate; Plaintiff's evidence in support of the prime rate is highly speculative; and "both parties' damages experts agree that the one-year Treasury rate is an appropriate rate for calculating prejudgment interest." *Id.* at 8. Defendants, though not providing their own calculation of prejudgment interest, do not challenge Plaintiff's expert's [*10] calculation of prejudgment interest of $ 2,903,718 through July 31, 2006 using the U.S. Treasury rate. Ugone Decl., Exh. F.

Defendants oppose Plaintiff's request for supplemental damages on the basis that Plaintiff waived its right to such damages by not requesting a post-verdict accounting in its pleadings or in the Final Pre-Trial Order. Dkt. No. 736 at 12-14.

In reply, Plaintiff disputes the strength of Defendants' financial condition and argues it is untrue that it "never faced 'a real risk' that it would not be compensated if [Defendants] were found liable." Dkt. No. 744 at 5. Plaintiff also argues that the Federal Circuit has "expressly held that a patentee need not demonstrate that it borrowed at the prime rate in order to be entitled to prejudgment interest at that rate." *Id.* at 6, citing *Studiengesellschaft Kohle, 862 F.2d at 1579-80*. And, Plaintiff argues Defendants mischaracterize its expert's statements. Plaintiff's expert offered a prejudgment interest calculation at the one-year Treasury rate as an alternative "in the event *the Court* should find this rate appropriate instead." *Id.* at 6 citing Ugone Decl. (emphasis supplied).

Regarding [*11] its supplemental damages request, Plaintiff argues Defendants mischaracterize the law by treating the right to request an accounting as the same thing as the right to supplemental damages. *Id.* at 7. Plaintiff argues Defendants cite only accounting cases; Plaintiff however asks for supplemental damages, which it argues are compensatory. Plaintiff requested compensatory damages in the pretrial order. Thus, Plaintiff argues, there has been no waiver. *Id.* at 8-9.

## IV. DISCUSSION

The Court finds that Plaintiff is more likely to have had to borrow funds at the prime rate during the period of infringement and would likely have borrowed at the prime rate or higher. A calculation of prejudgment interest at the U.S. Treasury bill rate would be inadequate. *Uniroyal, Inc., 939 F.2d at 1545* (awarding prejudgment interest at the prime rate where patentee financed at rates above prime during the infringement period). Thus, prejudgment interest will be awarded at the prime rate beginning on January 4, 2004 and ending as of the date of this judgment.

Defendants do not dispute the calculation of prejudgment interest at the prime rate performed by Plaintiff's expert, [*12] Dr. Ugone. Therefore, the Court will award prejudgment interest in the amount of his calculation through July 31, 2006. No later than two weeks after the date of this order, Plaintiff shall submit a supplemental declaration from Dr. Ugone calculating the prejudgment interest accrued from July 31, 2006 to the date of this order.

Plaintiff is also entitled to supplemental damages. Such damages are compensatory in nature and the denial of such damages would result in a windfall to Defendants. Because Plaintiff requested compensatory damages in the pretrial order, Plaintiff did not waive its right to request such damages.

Defendants do not dispute the accuracy of Dr. Ugone's calculation of supplemental reasonable royalty damages, nor do they offer an alternative calculation. Therefore, the Court will award supplemental damages in the amount of his calculation through July 31, 2006. No later than two weeks after the date of this order, Plaintiff shall submit a supplemental declaration from Dr. Ugone calculating the supplemental damages accrued from July 31, 2006 to the date of this order.

**V. CONCLUSION**

For all the above reasons, Plaintiff's Motion for Pre-judgment Interest and [*13] Supplemental Damages, Dkt. No. 732, is hereby GRANTED as set forth herein.

**SIGNED this 17th day of August, 2006.**

DAVID FOLSOM

UNITED STATES DISTRICT JUDGE