# EXHIBIT G
# PART 2

(4) Defendant's size and financial condition. *St. Regis Paper Co. v. Winchester Carton Corp.*, 410 F.Supp. 1304, 1309, 189 USPQ 514, 518 (D. Mass. 1976)("[D]ouble damages [appropriate]. If defendant were the giant and plaintiff the small independent, I would make it treble. . . ."); *Bott v. Four Star Corp.*, 229 USPQ 241, 254 (E.D. Mich. 1985)("[a] threefold increase in damages would severely affect [defendant's] financial condition."), *vacated and remanded* for clarification of damage amount, 807, F.2d 1567, 807 F.2d 1567, 1 USPQ 2d 1210 (Fed. Cir. 1986); *Lightwave Technologies, Inc. v. Corning Glass Works*, 19 USPQ 2d 1838, 1849 (S.D.N.Y. 1991)(Defendant [*89] "can withstand some increase in damages, but not treble damages."); *Kori Corp. v. Wilco Marsh Buggies and Draglines, Inc.*, 561 F. Supp. 512, 533, 217 USPQ 1302, 1312 (E.D. La. 1982)(Exemplary damages "should not unduly prejudice the defendants' non-infringing business."), *aff'd*, 761 F.2d 649, 225 USPQ 985 (Fed. Cir.), *cert. denied*, 474 U.S. 902 [106 S. Ct. 230, 88 L. Ed. 2d 229](1985).

(5) Closeness of the case. *Modine Mfg. Co. v. Allen Group, Inc.* 917 F.2d 538, 543, 16 USPQ 2d at 1626 (No abuse of discretion to award no enhanced damages on the ground that willfulness was "sufficiently close on the evidence."); *Crucible, Inc. v. Stora Kopparbergs Bergslags AB*, 701 F. Supp. 1157, 1164, 10 USPQ 2d 1190, 1196 (W.D. Pa. 1988)("[B]ecause the court still considers the [willfulness] question to be a close one . . . . double, and not treble damages are appropriate.").

(6) Duration of defendant's misconduct. *Bott v. Four Star Corp.*, 229 USPQ 241, 255 (E.D. Mich. 1985)(For sales prior to the appellate court's affirmance of the liability judgment, damages increased by 20%; for sales [*90] after the affirmance, damages doubled.), *vacated and remanded* for clarification of damage amount, 807 F.2d 1567, 1 USPQ 2d 1210 (Fed. Cir. 1986).

(7) Remedial action by the defendant. *Intra Corp. v. Hamar Laser Instruments, Inc.*, 662 F. Supp. 1420, 1439, 4 USPQ 2d 1337, 1351 (E.D. Mich. 1987)(Damages only doubled because defendant "voluntarily ceased manufacture and sale of infringing systems during the pendency of this litigation. . . ."), *aff'd* without opinion, 862 F.2d 320 (Fed. Cir. 1988), *cert. denied*, 490 U.S. 1021 [109 S. Ct. 1746, 104 L. Ed. 2d 183](1989).

(8) Defendant's motivation for harm. *American Safety Table Co. v. Schreiber*, 415 F.2d 373, 379, 163 USPQ 129, 133 (2d Cir. 1969)("[D]efendants' infringing acts, although deliberate and with knowledge of plaintiff's rights, could not be termed pernicious due to prevailing 'economic pressure in the form of customer dissatisfaction.'"), *cert. denied*, 396 U.S. 1038 [90 S. Ct. 683, 24 L. Ed. 2d 682](1970).

(9) Whether defendant attempted to conceal its misconduct. *Russell Box Co. v. Grant Paper Box Co.*, 203 F.2d 177, 183, 97 USPQ 19, 23 [*91] (1st Cir.)(Enhanced damages supported in part by findings "that the defendant had failed to preserve its records and had failed to cooperate as it should at the trial on the issue of damages."), *cert. denied*, 346 U.S. 821 [74 S. Ct. 37, 98 L. Ed. 347](1953).

*Read*, 970 F.2d at 827.

138 In *Bott*, after a lengthy trial, the district court found defendant Four Star liable for patent infringement. *See* 807 F.2d at 1569. The court subsequently granted -- but stayed -- a permanent injunction pending an appeal of the liability determination to the Federal Circuit. During the stay of the injunction, Four Star continued its sales of the infringing products. Indeed, and most egregiously, Four Star continued its sales even after the district court's findings on liability were affirmed by the Federal Circuit. *See id.* at 1569-70. The district court subsequently determined that these acts, perpetrated during litigation, evidenced willful infringement. *See id.* at 1570, 1572-74.

[*92] "The patentee bears the burden of persuasion and must prove willful infringement by clear and convincing evidence." *Golden Blount, Inc. v. Peterson*, 438 F.3d 1354, 1368 (Fed. Cir. 2006)(citing *Comark Com-*

*munications, Inc. v. Harris Corp.*, 156 F.3d 1182, 1190 (Fed. Cir. 1998)).

**A.** *Enhanced Damages and Attorney's Fees*

35 U.S.C. § 284 authorizes the district court "to increase the damages up to three times the amount found or assessed." As thus stated, the "statute prescribes no standards for such an increase." *SRI International,* 127 F.3d at 1464. Even so, the statutory language has been construed in such a manner that a district court may, in its discretion, award up to three times the amount of proven damages upon a showing of willful infringement. *See, e.g., Odetics, Inc. v. Storage Technology Corp.*, 185 F.3d 1259, 1274 (Fed. Cir. 1999); *BIC Leisure Products, Inc. v. Windsurfing International, Inc.*, 1 F.3d 1214, 1222 (Fed. Cir. 1993); *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826 (Fed. Cir. 1992).

Moreover, 35 U.S.C. § 285 [*93] provides that "the court in exceptional cases may award reasonable attorney fees to the prevailing party." The Federal Circuit "has confirmed that a finding of willful infringement may qualify a case as exceptional under § 285." *Knorr-Bremse,* 383 F.3d at 1347 (citing *Modine Manufacturing Co. v. The Allen Group, Inc.*, 917 F.2d 538, 543 (Fed. Cir. 1990)).

**PART NINE**

*ClearCube's Motion for Partial Summary Judgment on Avocent's Claim for Willful Infringement*

ClearCube moves for a partial summary judgment declaring that Avocent's claim for willful infringement is due to be dismissed. The evidentiary basis of ClearCube's argument is that Barry Thornton, co-founder of ClearCube, was unaware of the '919 patent prior to the inception of this lawsuit. Further, while Thornton may have (in his words) "skimmed" or "glanced at the abstract" of the '997 patent while "flipp[ing] through" a number of Cybex's patents in September of 2002, [139] he allegedly did not comprehend that ClearCube's products potentially infringed the claims of the patents-in-suit. ClearCube's argument is that, where there is no "actual notice or substantive knowledge" of a patent, [*94] [140] there can be no subjective intent to infringe the claims recited therein. ClearCube's position is consistent with Federal Circuit precedent. *See, e.g.,*nCube Corp. v. SeaChange Int'l, Inc., 436 F.3d 1317, 1324 (Fed. Cir. 2006)("Willful infringement in this case hinges on when the defendants had actual knowledge of plaintiff's patent rights, and their actions after that time.").

139 *See* the discussion in Part One, Section C, *supra.*

140 Doc. no. 163 (ClearCube's motion for partial summary judgment), at 8.

Even so, ClearCube's management certainly had knowledge of the '997 and '919 patents by October 23, 2003, when this lawsuit was filed. The case law provides that willful infringement may be founded upon the infringer's conduct *after* the initiation of suit, up through the end of litigation. *See, e.g., Bott v. Four Star Corp.*, 807 F.2d 1567, 1572-74 (Fed. Cir. 1986)(defendant's infringing sales during the pendency of appellate review constituted willful [*95] infringement subject to increased damages).

"Actual notice of another's patent rights triggers an affirmative duty of due care to avoid infringement." nCube Corp. v. SeaChange Int'l, Inc, 436 F.3d 1317, 1324 (citing *Rolls-Royce Ltd. v. GTE Valeron Corp.*, 800 F.2d 1101, 1109 (Fed. Cir. 1986)). *See also Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1345 (Fed. Cir. 2004)(*en banc*)(stating that "there continues to be an affirmative duty of due care to avoid infringement of the known patent rights of others")(citation omitted); *Bott,* 807 F.2d at 1572 ("When a potential infringer has actual notice of another's patent rights, he has the duty to exercise due care to determine whether or not he is infringing."). The commencement of litigation does not relieve the infringer of this duty to exercise due care.

Seizing on this flaw in ClearCube's reasoning, Avocent lists a litany of events occurring *after* commencement of this suit that, purportedly, demonstrate ClearCube's willful infringement. The court finds that only a handful of issues merit discussion.

First, it is undisputed that ClearCube never obtained a formal [*96] opinion of counsel regarding infringement of the patents-in-suit, or the validity or unenforceability of the patents-in-suit. The failure to obtain an exculpatory opinion of counsel does not "provide an adverse inference or evidentiary presumption that such an opinion would have been unfavorable." *Knorr-Bremse,* 383 F.3d at 1346. Even so, a question left unresolved by the *en banc* panel in *Knorr-Bremse* is the following: "whether the trier of fact, particularly a jury, can or should be told whether or not counsel was consulted (albeit without any inference as to the nature of the advice received) as part of the totality of the circumstances relevant to the question of willful infringement." *Id.* at 1346-47. This court answers that question in the affirmative. A jury may consider the evidence that ClearCube has failed to obtain a formal opinion of counsel regarding patent infringement, invalidity, and unenforceability. Such evidence also may weigh in a jury's determination that, after receiving actual notice of Avocent's patent rights, ClearCube neglected its "duty to exercise due care to deter-

mine whether or not [it] is infringing." *Bott,* 807 F.2d at 1572. [*97] *See also Read Corp. v. Portec, Inc.,* 970 F.2d 816, 828 (Fed. Cir. 1992)("One who has actual notice of another's patent rights has an affirmative duty to respect those rights. That affirmative duty normally entails obtaining advice of legal counsel although the absence of such advice does not mandate a finding of willfulness.")(citation omitted); *Kloster Speedsteel AB v. Crucible, Inc.,* 793 F.2d 1565, 1579(Fed. Cir. 1986)("Though it is an important consideration, not every failure to seek an opinion of competent counsel will mandate an ultimate finding of willfulness.").

Further, this court entered a memorandum opinion and order on May 10, 2006, granting Avocent's motion for partial summary judgment declaring that claims 16-18 of the '919 patent were infringed. Avocent asserts, and ClearCube does not dispute, that ClearCube continued to sell its accused products even after entry of that partial judgment. Construing the evidence in the light most favorable to Avocent, the court finds that this evidence also may fall under the rubric of the "totality of the circumstances" test, tending to show that ClearCube's infringement was (and continues to be) willful. [*98]

The court also notes the statements allegedly uttered by Barry Thornton in June of 2001, during a breakfast meeting in New York City with Donald Davidson of 2C Computing. No reasonable juror could conclude, solely on that evidence, that Thornton actually was aware of the claims embodied in the patents-in-suit at that time. A reasonable juror could find, nevertheless, that Thornton, a co-founder of ClearCube, generally possessed a cavalier attitude toward potential infringement of Avocent's patents. [141]

> 141 "They don't seem concerned in defending it" were the words allegedly uttered by Thornton, with respect to Avocent's position toward protecting its intellectual property. Doc. no. 163 (ClearCube's motion for summary judgment on willful infringement), Ex. B, Deposition of Donald Davidson, at 53-54.

That evidence, when combined with ClearCube's failure to obtain exculpatory advice of counsel, even after the commencement of this lawsuit on October 23, 2003, and with ClearCube's continued sales of its accused [*99] products even after this court's findings of literal infringement on May 10, 2006, could cause a reasonable jury to return a finding of willful infringement. ClearCube's motion for partial summary judgment, therefore, will be denied.

## CONCLUSION

An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 28th day of July, 2006.

Lynwood Smith

United States District Judge

## ORDER

In accordance with the memorandum opinion entered contemporaneously herewith, it is ORDERED, ADJUDGED, and DECREED as follows:

**A.** ClearCube's motion for partial summary judgment on Avocent's claim for lost profits (doc. no. 164), filed May 11, 2006, is GRANTED, and the claim is DISMISSED with prejudice.

**B.** ClearCube's motion to strike Avocent's second supplemental response to ClearCube's interrogatory numbered 10 (doc. no. 162), filed May 11, 2006, is DENIED as moot.

**C.** ClearCube's motion to exclude, pursuant to Rule 702 of the Federal Rules of Evidence, the reasonable royalty analysis proffered by Avocent's expert, William Kerr (doc. no. 238), filed June 19, 2006, is DENIED.

**D.** Avocent's [*100] motion to exclude, pursuant to Rule 702 of the Federal Rules of Evidence, the reasonable royalty analysis proffered by ClearCube's expert, Alan Ratliff (doc. no. 232), filed June 16, 2006, is GRANTED.

**E.** ClearCube's motion for partial summary judgment on Avocent's claim for willful infringement (doc. no. 163), filed May 11, 2006, is DENIED.

DONE this 28th of July, 2006.

Lynwood Smith

United States District Judge