IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229S |
| HASBRO, INC. | : | |
| Defendant. | : | |

ORDER

WILLIAM E. SMITH, United States District Judge.

Before this Court is Defendant Hasbro, Inc.'s Motion for Reconsideration of this Court's Order of November 5, 2007. Hasbro's Motion seeks reconsideration of only the portion of this Court's Order precluding introduction at trial of newly-disclosed evidence of prior art. For the reasons set forth below, Hasbro's Motion will be denied.

It is well-established that "[t]he granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" Palmer v. Champion Mortgage, 465 F.3d 24, 30 (1st Cir. 2006) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)). "Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." Palmer, 465 F.3d at 30;

see also Waters v. Walt Disney World Co., 237 F. Supp. 2d 162, 167 (D.R.I. 2002) (denying motion for reconsideration on the grounds that it simply restated arguments already made to the court). To succeed on a motion for reconsideration, a movant "must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." Palmer, 465 F.3d at 30.

Hasbro's grounds for reconsideration are three-fold: it asserts that Bowling made certain factual misrepresentations to this Court; that Bowling actively concealed evidence pertaining to the validity of the patent at issue in this litigation; and that this Court allegedly issued its Order *sua sponte*, denying Hasbro the opportunity to fully brief its position. As to its contention that this Court's Order was issued *sua sponte*, Hasbro is off-the-mark. First, in its opposition brief to Hasbro's motions to stay and re-open discovery, Bowling explicitly requested the exclusion of Hasbro's untimely invalidity contentions and supporting evidence, giving Hasbro ample opportunity to address the issue in its reply memorandum. Second, this Court specifically questioned counsel at oral argument on this very issue, and provided to them the opportunity for further briefing. Thus,

Hasbro fails on this prong of its argument in support of reconsideration.

As to Hasbro's other contentions, without assessing the substantive validity of the arguments made by Hasbro, this Court fails to see the connection between them and Hasbro's request for reconsideration. Hasbro makes serious allegations against Bowling and his counsel, including an allegation that Bowling deceived the Court by knowingly submitting a false declaration. In response, Bowling has admitted to making an erroneous declaration as to his knowledge of the connection between mineralogy and crystallography and dice design. Though this Court does not condone the making of false statements, it cannot see the relevance of the false statement to Hasbro's failure to timely disclose evidence of prior art. Rather, this Court's Order was based on Hasbro's failure to abide by its discovery obligations, and not on the merits of Hasbro's newly asserted theory that the '197 Patent is invalid as obvious based on prior art.

Hasbro likewise asserts that Bowling deceived it when Bowling failed to disclose evidence that the United States Patent and Trademark Office ("PTO") initially denied to Bowling an earlier patent as being obvious or anticipated. Bowling, of course, denies the element of deception, and argues that while it may not have provided certain information

to Hasbro, that information was readily available to it. Without delving into the fray on this issue, the Court again notes that despite the potential seriousness of the matters alleged, Hasbro has failed to connect Bowling's alleged actions to its own failure to make timely disclosures.[1] At oral argument on Hasbro's Motion for Reconsideration, this Court asked Hasbro about the significance of the so-called '720 patent, which was initially denied but later granted by the PTO. In response, Hasbro admitted that while the '720 patent is unconnected to the specific prior art it seeks to have admitted in this litigation, it would have pursued more aggressively its obviousness and anticipation arguments if it had been aware of the PTO history of the '720 patent.[2]

---

[1] Although the Court is sympathetic to Hasbro's argument that it should not be penalized to such a great degree in the face of what it alleges to be Bowling's own transgressions, those transgressions are not before the Court at this time. Furthermore, Hasbro's assertion of such transgressions does not satisfy the stringent requirements for reconsideration.

[2] Counsel for Hasbro declared at oral argument:

> I'm not suggesting to your Honor that if we had known about this we would have found the crystal graphic references that we have. I'm not making that connection because I'm not sure that that is true. But what I am saying is that in light of the fact that this wasn't disclosed over here when it was clearly called for by our discovery requests, the Plaintiff shouldn't be heard to complain about us coming up with a different obviousness or different anticipation argument after the close of discovery . . . .

However, as Hasbro points out, obviousness and anticipation were on its mind from the outset of this litigation - they simply failed to pursue this avenue over the course of the discovery process.[3]

Despite having had ample opportunity in its earlier briefs to argue that its untimely disclosure was substantially justified and harmless to Bowling, Hasbro devotes a substantial portion of its brief to these issues. As demonstrated above, however, a motion for reconsideration is not the proper vehicle for re-argument. Thus, having failed

---

[3] Counsel for Hasbro asserted at oral argument that it was prompted to investigate mineralogy and crystallography references when, after the close of discovery and in the midst of summary judgment proceedings, by a trip to his local bookstore:

> he picked up a book on crystals and found a reference that sort of made him scratch his heads [sic] and he shared that with me and that started a process and this is already long after the discovery period had ended and the summary judgment decisions were under advisement with the Court. So until that time, we weren't even looking in those directions, and so that's -- and that's the nexus of this. And the bottom line for what our justification is on the timing is that during the course of discovery, we didn't really have any reason to have found this, and we weren't under any particular obligation to find this . . . .

to identify new evidence relevant to this inquiry or manifest error of law committed by this Court, Hasbro's motion must be and is denied.[4]

IT IS SO ORDERED:

William E. Smith
United States District Judge
Date: 1/16/08

[4] In the Order of November 2, 2007, this Court sets forth the reasons why Hasbro's untimely disclosures were neither harmless nor justified. To re-affirm, however, Hasbro has yet to justify its untimely disclosure other than by asserting that it simply didn't conduct any factual inquiry into an obviousness/anticipation argument until well after the close of discovery and in the midst of summary judgment proceedings. Furthermore, Hasbro's assertion that its untimely disclosure was harmless to Bowling contrasts with the fundamental principal that Bowling was entitled to rely on Hasbro's discovery responses when preparing its case. Although the trial in this matter is just around the corner, Bowling has not had the opportunity to conduct discovery on Hasbro's new theories and supporting evidence, and would require additional time to redepose Hasbro witnesses, conduct further fact discovery on these issues, and supplement the record for trial. Furthermore, at this time, trial is nearly upon us, and the parties have already submitted the necessary pretrial filings. In essence, the harm at issue here is the requirement that Bowling start at square one in the discovery process years after discovery has closed, and well after it began preparing for trial in the matter.