IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, Plaintiff, | : | C.A. No. 05-229S |
| v. | : | |
| HASBRO, INC., a Rhode Island Corporation, Defendant. | : | |

**MEMORANDUM IN SUPPORT OF BOWLING'S MOTION FOR RECONSIDERATION OF BOWLING'S MOTION IN *LIMINE* TO EXCLUDE REFERENCE TO REEXAMINATION PROCEEDINGS OR ALTERNATIVELY TO CLARIFY THE COURT'S ORDER**

## I. Introduction

Michael Bowling ("Bowling") respectfully asks the Court to reconsider its decision to allow Hasbro, Inc. ("Hasbro") to mention the reexamination proceeding during trial.[1] Hasbro presumably intends to argue to the jury that the Patent and Trademark Office's ("PTO") grant of the reexamination makes it more probable that the '197 patent is invalid. The Federal Circuit and at least one other federal court, however, have ruled the grant of a request for reexamination is irrelevant to the issue of patent validity. Thus, there is no legal basis for Hasbro to mention the reexamination.

Moreover, the Court already precluded Hasbro from raising prior art invalidity arguments to the jury. (Docket Nos. 113, 159.) If Hasbro is allowed to raise and reference the reexamination proceeding, Hasbro will, in all likelihood, start with the petition for reexamination and continue through the entire reexamination file, all of which is based on the precise prior art invalidity arguments, including the Crippen patent,

[1] See Bowling's Motion for Leave to File Motion for Reconsideration, attached hereto as Exhibit E.

the Court already excluded. Allowing Hasbro to detour into the reexamination proceedings threatens to spark a confusing mini-trial on the PTO reexamination process generally and the prior art the PTO agreed to consider in this particular reexamination, none of which is probative on the issue of validity, and the substance of which was previously excluded by the Court.

Alternatively, Bowling moves for clarification as to how the Court would limit what Hasbro could say about reexamination and when. Bowling proposes, if reference to the reexamination is not precluded, that Hasbro be allowed to mention the reexamination only in its opening and closing arguments. Not only will this conform to the Court's limitation on Bowling concerning references to the presumption of validity, but it will ensure that the jury is not subjected to hours or days of testimony concerning reexamination proceedings.

## II. Basis for Reconsideration

A motion for reconsideration is appropriate when the court has misapprehended a material fact or point of law. *Palmer v. Champion Mortgage*, 465 F.3d 24, 30 (1st Cir. 2006). In this case, Bowling respectfully suggests that the Court misapprehended the legal implication of a grant by the Patent and Trademark Office ("PTO") of a request to reexamine a patent.

## III. The Reexamination Proceedings Are Not Relevant

Granting a request for patent reexamination is a preliminary step in a lengthy process that is more likely to confirm the validity of the patent claims than hold all of the claims unpatentable. The preliminary nature of the grant, and the likelihood that the PTO got it right the first time, is why the Federal Circuit has ruled that "the grant by the

examiner of a request for reexamination is not probative of unpatentability." *Hoechst Celanese Corp. v. BP Chems. Ltd.*, 78 F.3d 1575, 1584 (Fed. Cir. 1996). It is not evidence of invalidity, or even a weakened presumption: "[t]he grant for reexamination, although surely *evidence that the criterion for reexamination has been met* . . . does not establish a likelihood of patent invalidity." *Id.* (emphasis added). At the hearing, it appeared that use of the term "evidence" in the *Hoechst Celanese* case led the Court to misapprehend the PTO's reexamination grant as it pertains *to evidence of invalidity*—to which it is irrelevant and prejudicial.

The threshold for raising a "substantial new question of patentability" in reexamination is different from that for questioning validity in litigation. "The inquiry occasioned by a request for reexamination is solely whether a reexamination order should issue and is not directed toward resolution of validity." *In re Etter*, 756 F.2d 852, 857 n. 5 (Fed. Cir. 1985), cert. denied 474 U.S. 828 (1985). Under this low standard, the PTO grants over 90% of all such requests. (Attached hereto as Ex. A; *Ex Parte* Reexamination Filing Data (PTO June 30, 2006)). However, only 10% of the reexaminations result in all the claims being cancelled. *Id*. Granting a request for reexamination does not even require a prima facie case of unpatentability. Manual of Patent Examining Procedure at 2240, 2242(I) (Attached hereto as Exs. B and C). Though acknowledging that granting a request for reexamination indicates that the PTO found a "substantial new question of patentability," the Federal Circuit still ruled that the grant *did not establish a likelihood of invalidity*. *Hoechst Celanese*, 78 F.3d at 1584 (emphasis added). Accordingly, the Court should exclude reference to reexamination proceeding under Federal Rule Evidence 402

because it is not evidence of invalidity and is only a preliminary step in the PTO's review of Bowling's patent.

**IV. <u>The Danger of Prejudice by Allowing Reference to the Preliminary Reexamination Proceedings Substantially Outweighs Its Probative Value</u>**

If Hasbro is permitted to reference the reexamination proceedings, that will likely cause jury confusion over the statutorily mandated presumption of validity afforded the '197 patent. 35 U.S.C § 282. Specifically, because the Court precluded Hasbro from advancing prior art invalidity arguments, Hasbro can only reference the reexamination proceedings to suggest that the PTO did not initially do its job during the prosecution of the Bowling's patents. There is no other reason to bring up this completely separate and incomplete proceeding. The PTO could, and likely will, confirm all or many of the patent claims. But the jury will only hear that the PTO is taking another look at the validity of the patent. That will likely cause the jury to discount the presumption of validity. *See Norian Corp. v. Stryker Corp.*, 363 F.3d 1321, 1329 (Fed. Cir. 2004) ("We conclude that the district court erred in instructing the jury that the presumption of validity varied with the jury's view of whether the examiner . . . otherwise did not 'properly focus on the prior art.'"); *see also Quaker City Gear Works, Inc. v. SKIL Corp.*, 747 F.2d 1446, 1456 (Fed. Cir. 1984) ("The court's instruction on a weaker or stronger presumption of validity and different burden of proof depending on whether the PTO reviewed the best prior art is not in accordance with the precedent of this court"). Thus, reference to the reexamination proceedings should be excluded under Federal Rule of Evidence 403 because it is likely to confuse the jury and unduly prejudice Bowling by weakening the presumption of validity and the clear and convincing standard required to invalidate a patent. *Amphernol T&M Antennas, Inc. v. Centurion Internat'l, Inc.*, 00-

4298, 2002 U.S. Dist. LEXIS 822, *6 (N.D. Ill. Jan. 17, 2002) ("The prejudicial potential of [telling the jury that the patent has been called into question by the Patent Office] far outweighs any probative value it may have"). (Attached hereto as Ex. D).

**V. Conclusion**

The Court should not allow Hasbro to raise the reexamination at trial because it can only leave the effect of diminishing Bowling's presumption of validity. Courts have consistently held that the grant of a reexamination is not evidence relevant to overcoming the presumption of validity. The only purpose to using it at trial is to confuse the jury into believing that the validity has been called into question by the very same entity that issued the patent. In essence, nullifying the statutory presumption—and doing so based on a proceeding that has just begun and in which only 10% of all claims are historically found unpatentable.

Alternatively, Bowling requests that the Court clarify its Order and limit Hasbro to mentioning the reexamination briefly in its opening and closing arguments only. This parallels the Court's similar decision limiting Bowling to mentioning the presumption of validity only in its opening and closing arguments.

Michael Bowling,
By His Attorneys,

Date: February 6, 2008

s/ Thomas J. Leach

Anthony R. Zeuli, MN *(pro hac vice)*
Thomas J. Leach, MN (*pro hac vice*)
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Phone: 612.332.5300
Fax: 612.332.9081

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

**CERTIFICATE OF SERVICE**

TO:

Todd D. White, Esq.
Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

David K. S. Cornwell, Esq.
Tracey-Gene G. Durkin, Esq.
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue N.W.
Washington, DC 20005

I hereby certify that the within *Memorandum In Support Of Bowling's Motion For Reconsideration Of Bowling's Motion In Limine to Exclude Reference To Reexamination Proceedings or Alternatively To Clarify The Court's Order* was filed through the ECF system on the 6th day of February, 2008, and will be sent electronically to the above-named counsel who are registered participants identified on the Notice of Electronic Filing for Case No. 05-229S.

/s/ Thomas J. Leach