# EXHIBIT B

The Director of the USPTO will not normally consider requests to order reexamination at the Director's initiative received from members of the public. If a member of the public desires reexamination of a patent, a request and fee should be filed in accordance with 37 CFR 1.510 >or 37 CFR 1.915<.

## 2240 Decision on Request [R-5]

*35 U.S.C. 303. Determination of issue by Director.*

(a) Within three months following the filing of a request for reexamination under the provisions of section 302 of this title, the Director will determine whether a substantial new question of patentability affecting any claim of the patent concerned is raised by the request, with or without consideration of other patents or printed publications. On his own initiative, and any time, the Director may determine whether a substantial new question of patentability is raised by patents and publications discovered by him or cited under the provisions of section 301 of this title. The existence of a substantial new question of patentability is not precluded by the fact that a patent or printed publication was previously cited by or to the Office or considered by the Office.

(b) A record of the Director's determination under subsection (a) of this section will be placed in the official file of the patent, and a copy promptly will be given or mailed to the owner of record of the patent and to the person requesting reexamination, if any.

(c) A determination by the Director pursuant to subsection (a) of this section that no substantial new question of patentability has been raised will be final and nonappealable. Upon such a determination, the Director may refund a portion of the reexamination fee required under section 302 of this title.

*37 CFR 1.515. Determination of the request for ex parte reexamination.*

(a) Within three months following the filing date of a request for an *ex parte* reexamination, an examiner will consider the request and determine whether or not a substantial new question of patentability affecting any claim of the patent is raised by the request and the prior art cited therein, with or without consideration of other patents or printed publications. The examiner's determination will be based on the claims in effect at the time of the determination, will become a part of the official file of the patent, and will be mailed to the patent owner at the address as provided for in § 1.33(c) and to the person requesting reexamination.

(b) Where no substantial new question of patentability has been found, a refund of a portion of the fee for requesting *ex parte* reexamination will be made to the requester in accordance with § 1.26(c).

(c) The requester may seek review by a petition to the Director under § 1.181 within one month of the mailing date of the examiner's determination refusing ex parte reexamination. Any such petition must comply with § 1.181(b). If no petition is timely filed or if the decision on petition affirms that no substantial new question of patentability has been raised, the determination shall be final and nonappealable.

Before making a determination on the request for reexamination, the examiner must request a litigation computer search by the Scientific and Technical Information Center (STIC) to check if the patent has been, or is, involved in litigation. The "Litigation Review" box on the reexamination IFW file jacket form should be completed to indicate that the review was conducted and the results thereof. A copy of the STIC search and the reexamination file jacket form are scanned into the IFW reexamination file history. In the rare instance where the record of the reexamination proceeding or the STIC search indicates that additional information is desirable, guidance as to making an additional litigation search may be obtained from the library of the Office of the Solicitor. If the patent is or was involved in litigation, and a paper referring to the court proceeding has been filed, reference to the paper by number should be made in the "Litigation Review" box on the reexamination IFW file jacket form as, for example, "litigation; see paper filed 7-14-2005. If a litigation records search is already noted on the file, the examiner need not repeat or update it.

If litigation has concluded or is taking place in the patent on which a request for reexamination has been filed, the request must be promptly brought to the attention of the **>Central Reexamination Unit (CRU)< Special Program Examiner, who should review the decision on the request and any examiner's action to ensure that it conforms to the current Office litigation policy and guidelines. See MPEP § 2286.

35 U.S.C. 303 requires that within 3 months following the filing of a request for reexamination, the Director of the USPTO will determine whether or not the request raises a "substantial new question of patentability" affecting any claim of the patent of which reexamination is desired. See also MPEP § 2241. Such a determination may be made with or without consideration of other patents or printed publications in addition to those cited in the request. No input from the patent owner is considered prior to the determination, unless the patent owner filed the request. See *Patlex Corp. v. Mossinghoff*, 771 F.2d 480, 226 USPQ 985 (Fed. Cir. 1985).

The patent claims in effect at the time of the determination will be the basis for deciding whether a substantial new question of patentability has been raised. 37 CFR 1.515(a). Amendments which (1) have been

presented with the request if by the patent owner, (2) have been filed in a pending reexamination proceeding in which the certificate has not been issued, or (3) have been submitted in a reissue application on which no reissue patent has been issued, will not be considered or commented upon when deciding requests.

The decision on the request for reexamination has as its object either the granting or denial of an order for reexamination. This decision is based on whether or not “a substantial new question of patentability” is found. A final determination as to unpatentability of the claims is not made in the decision; this determination will be made during the examination stage of the reexamination proceedings. Accordingly, no *prima facie* case of unpatentability need be found to grant an order for reexamination. If a decision to deny an order for reexamination is made, the requester may seek review by a petition under CFR 1.181. See 37 CFR 1.515(c).

**>It is only necessary to establish that a substantial new question of patentability exists as to one of the patent claims in order to grant reexamination. The Office’s determination in both the order for reexamination and the examination stage of the reexamination will generally be limited solely to a review of the claim(s) for which reexamination was requested. If the requester was interested in having all of the claims reexamined, requester had the opportunity to include them in its request for reexamination. However, if the requester chose not to do so, those claim(s) for which reexamination was not requested will generally not be reexamined by the Office. It is further noted that 35 U.S.C. 302 requires that “[t]he request must set forth the pertinency and manner of applying cited prior art to every claim for which reexamination is requested.” If the requester fails to apply the art to certain claims, then the requester is not statutorily entitled to reexamination of such claims. If a request fails to set forth the pertinency and manner of applying the cited art to any claim for which reexamination is requested as required by 37 CFR 1.510(b), that claim will generally not be reexamined. The decision to reexamine any claim for which reexamination has not been requested lies within the sole discretion of the Office, to be exercised based on the individual facts and situation of each individual case. If the Office chooses to reexamine any claim for which reexamination has not been requested, it is permitted to do so. In addition, the Office may always initiate a reexamination on its own initiative of the non-requested claim (35 U.S.C. 303(a)). See *Sony Computer Entertainment America Inc. v. Dudas*, 2006 WL 1472462 (E.D. Va 2006).

One instance where reexamination was carried out only for the claims requested occurred in reexamination control numbers 95/000,093 and 95/000,094, where reexamination was requested for patent claims which were being litigated, but not for claims which were not being litigated. In that instance, the entirety of the reexamination was limited to the claims which were being litigated, for which reexamination was requested. The Office’s authority to carry out reexamination only for the claims for which reexamination was requested in reexamination control numbers 95/000,093 and 95/000,094 was confirmed by the court in *Sony*, *supra*. See also MPEP § 2242 for the situation where there was a prior final federal court decision as to the invalidity/unenforceability of some of the claims, as another example of non-examination of some of the patent claims in a reexamination proceeding.

The decision on the request for reexamination should discuss all of the patent claims requested for reexaminaton. The examiner should limit the discussion of those claims in the order for reexamination as to whether a substantial new question of patentability has been raised. The examiner SHOULD NOT reject claims in the order for reexamination. Rather, any rejection of the claims will be made in the first Office action (on the patentability of the claims) that is issued after the expiration of the time for submitting any patent owner statement and requester reply that follow the examiner’s order.<

The examiner should indicate, insofar as possible, his or her initial position on all the issues identified in the request or by the requester so that comment thereon may be received in the patent owner’s statement and in the requester’s reply. **

The Director of the USPTO has the authority to order reexamination only **>for a request< which raise a substantial new question of patentability. The substantial new question of patentability requirement protects patentees from having to respond to, or participate in unjustified reexaminations. *Patlex Corp. v. Mossinghoff*, 771 F.2d 480, 226 USPQ 985 (Fed. Cir. 1985).

Case 1:05-cv-00229-S-LDA Document 167-4 Filed 02/06/2008 Page 4 of 4



### I. REQUEST FOR REEXAMINATION OF THE PATENT AFTER REISSUE OF THE PATENT

Where a request for reexamination is filed on a patent after a reissue patent for that patent has already issued, reexamination will be denied, because the patent on which the request for reexamination is based has been surrendered. Should reexamination of the reissued patent be desired, a new request for reexamination, including and based on the specification and the claims of the reissue patent, must be filed. Where the reissue patent issues after the filing of a request for reexamination, see MPEP § 2285.

### II. SECOND OR SUBSEQUENT REQUEST FILED DURING REEXAMINATION

If a second or subsequent request for *ex parte* reexamination is filed (by any party) while a first *ex parte* reexamination is pending, the presence of a substantial new question of patentability depends on the prior art (patents and printed publications) cited by the second or subsequent requester. If the requester includes in the second or subsequent request prior art which raised a substantial new question in the pending reexamination, reexamination should be ordered only if the prior art cited raises a substantial new question of patentability which is different *>from< that raised in the pending reexamination proceeding. If the prior art cited raises the same substantial new question of patentability as that raised in the pending reexamination proceedings, the second or subsequent request should be denied.

>Where the request raises a different substantial new question of patentability as to some patent claims, but not as to others, the request would be granted in part; see the order issued in reexamination control number 90/007,843 and 90/007,844.<

The second or subsequent request for reexamination may raise a substantial new question of patentability with respect to any new or amended claim which has been proposed under 37 CFR 1.530(d) in the first (or prior) pending reexamination proceeding. The substantial new question may be directed to any proposed new or amended claim in the pending reexamination, to permit examination of the entire patent package. It would be a waste of resources to prevent addressing the proposed new or amended claims, by requiring parties to wait until the certificate issues for the proposed new or amended claims, and only then to file a new reexamination request challenging the claims as revised via the certificate. This also prevents a patent owner from simply amending all the claims in some nominal fashion to preclude a subsequent reexamination request during the pendency of the reexamination proceeding. In *>certain< situations, after a grant of a second or subsequent request for *ex parte* reexamination, where (A) the patent owner files a petition under 37 CFR 1.182 as part of the statement or as the statement, and (B) it appears clear that the second or subsequent request was filed for purposes of harassment of the patent owner, if the petition is granted, prosecution on the second or subsequent reexamination would be suspended. Merger of such a second or subsequent request with the already pending reexamination proceeding(s) would unduly prolong the conclusion of the pending reexamination and be inconsistent with the requirement that reexamination proceeding be conducted with special dispatch. If the second or subsequent requester does not include the prior art which raised a substantial new question of patentability in the pending reexamination, reexamination may or may not be ordered depending on whether the different prior art raises a substantial new question of patentability. The second or subsequent request should be determined on its own merits without reference to the pending reexamination.

For cases in which a first *ex parte* reexamination is pending at the time a second or subsequent request for *ex parte* reexamination is to be decided, see MPEP § 2283.

For cases in which either the first or subsequent request for reexamination, or both, is/are an *inter partes* reexamination proceeding, see MPEP § 2640 and § 2686.01.

## 2241 Time for Deciding Request [R-2]

The determination >of< whether or not to reexamine must be made within 3 months following the filing date of a request. See 35 U.S.C. 303(a) and 37 CFR 1.515(a). >If the 3-month period ends on a Saturday, Sunday, or Federal holiday within the District of Columbia, then the determination must be mailed by the **preceding** business day.< The examiner should take up a request for decision about 6 weeks after the request was filed. The decision should be mailed within 10 weeks of the filing date of the request.