# EXHIBIT C

When reexamination for the same patent has already been ordered based on an earlier request and that reexamination is pending, the examiner should immediately take up the new request for decision, i.e., there should be no delay of 6 weeks. See the last portion of MPEP § 2240 and also see MPEP § 2283 for multiple copending reexamination proceedings. A determination to reexamine may be made at any time during the period of enforceability of a patent.

## 2242 Criteria for Deciding Request [R-5]

### I. SUBSTANTIAL NEW QUESTION OF PATENTABILITY

The presence or absence of "a substantial new question of patentability" determines whether or not reexamination is ordered. The meaning and scope of the term "a substantial new question of patentability" is not defined in the statute and must be developed to some extent on a case-by-case basis, using the case law to provide guidance as will be discussed in this section.

If the prior art patents and printed publications raise a substantial question of patentability of at least one claim of the patent, then a substantial new question of patentability is present, unless the same question of patentability has already been decided by (A) a final holding of invalidity, after all appeals, or (B) by the Office in a previous examination or pending reexamination of the patent. A "previous examination" of the patent is: (A) the original examination of the application which matured into the patent; (B) the examination of the patent in a reissue application that has resulted in a reissue of the patent; or (C) the examination of the patent in an earlier >pending or< concluded reexamination. The answer to the question of whether a "substantial new question of patentability" exists, and therefore whether reexamination may be had, is decided by the Director of the USPTO, and, as 35 U.S.C. 303 provides, that determination is final, i.e., not subject to appeal on the merits of the decision. See *In re Etter*, 756 F.2d 852, 225 USPQ 1 (Fed. Cir. 1985). But see *Heinl v. Godici*, 143 F.Supp.2d 593, 596-98 (E.D.Va. 2001) (35 U.S.C. 303 addresses only USPTO decisions to deny a request for reexamination and does not bar review of >*ultra vires*< USPTO decisions to grant reexamination requests. However, a decision to grant a reexamination request is not a final agency decision and is not ordinarily subject to judicial review.).

A prior art patent or printed publication raises a substantial question of patentability where there is a substantial likelihood that a reasonable examiner would consider the prior art patent or printed publication important in deciding whether or not the claim is patentable. If the prior art patents and/or publications would be considered important, then the examiner should find "a substantial new question of patentability" unless the same question of patentability has already been decided as to the claim in a final holding of invalidity by the Federal court system or by the Office in a previous examination. For example, the same question of patentability may have already been decided by the Office where the examiner finds the additional (newly provided) prior art patents or printed publications are merely cumulative to similar prior art already fully considered by the Office in a previous examination of the claim.

For "a substantial new question of patentability" to be present, it is only necessary that: (A) the prior art patents and/or printed publications raise a substantial question of patentability regarding at least one claim, i.e., the teaching of the (prior art) patents and printed publications is such that a reasonable examiner would consider the teaching to be important in deciding whether or not the claim is patentable; and (B) the same question of patentability as to the claim has not been decided by the Office in a previous examination or pending reexamination of the patent or in a final holding of invalidity by the Federal Courts in a decision on the merits involving the claim. It is not necessary that a "*prima facie*" case of unpatentability exist as to the claim in order for "a substantial new question of patentability" to be present as to the claim. Thus, "a substantial new question of patentability" as to a patent claim could be present even if the examiner would not necessarily reject the claim as either fully anticipated by, or obvious in view of, the prior art patents or printed publications. As to the importance of the difference between "a substantial new question of patentability" and a "*prima facie*" case of unpatentability see generally *In re Etter*, 756 F.2d 852, 857 n.5, 225 USPQ 1, 4 n.5 (Fed. Cir. 1985).

Where a request for reexamination of a patent is made before the conclusion of an earlier filed reexam-

ination proceeding pending (ongoing) for that patent, the substantial new question of patentability may be raised with respect to any new or amended claim which has been proposed under 37 CFR 1.530(d) in the pending reexamination proceeding. The substantial new question may be directed to any proposed new or amended claim in the pending reexamination, to permit examination of the entire patent package. It would be a waste of resources to prevent addressing the proposed new or amended claims, by requiring parties to wait until the certificate issues for the proposed new or amended claims, and only then to file a new reexamination request challenging the claims as revised via the certificate. This also prevents a patent owner from simply amending all the claims in some nominal fashion to preclude a subsequent reexamination request during the pendency of the reexamination proceeding.

## II. POLICY IN SPECIFIC SITUATIONS

In order to further clarify the meaning of “a substantial new question of patentability” certain situations are outlined below which, if present, should be considered when making a decision as to whether or not “a substantial new question of patentability” is present.

### *A. Prior Favorable Decisions by the U.S. Patent and Trademark Office (Office) on the Same or Substantially Identical Prior Art in Relation to the Same Patent.*

A “substantial new question of patentability” is not raised by prior art presented in a reexamination request if the Office has previously considered (in an earlier examination of the patent) the same question of patentability as to a patent claim favorable to the patent owner based on the same prior art patents or printed publications. *In re Recreative Technologies*, 83 F.3d 1394, 38 USPQ2d 1776 (Fed. Cir. 1996).

In deciding whether to grant a request for reexamination of a patent, the examiner should check the patent’s file history to ascertain whether any of the prior art now advanced by requester was previously cited/considered in an earlier * Office examination of the patent (e.g., in the examination of the application for the patent>, or in a concluded or pending reexamination proceeding<). For the sake of expediency, such art is referred to as “old art” throughout, since the term “old art” was coined by the Federal Circuit in its decision of *In re Hiniker*, 150 F.3d 1362,1365-66, 47 USPQ2d 1523, 1526 (Fed. Cir. 1998).

In a decision to order reexamination made on or after November 2, 2002, reliance on old art does not necessarily preclude the existence of a substantial new question of patentability (SNQ) that is based exclusively on that old art. See Public Law 107-273, 116 Stat. 1758, 1899-1906 (2002), which expanded the scope of what qualifies for a substantial new question of patentability upon which a reexamination may be based. Determinations on whether a SNQ exists in such an instance shall be based upon a fact-specific inquiry done on a case-by-case basis. For example, a SNQ may be based solely on old art where the old art is being presented/viewed in a new light, or in a different way, as compared with its use in the earlier concluded examination(s), in view of a material new argument or interpretation presented in the request.

When it is determined that a SNQ based solely on old art is raised, form paragraph 22.01.01 should be included in the order for reexamination.

**>

*¶ 22.01.01 Criteria for Applying “Old Art” as Sole Basis for Reexamination*

The above **[1]** is based solely on patents and/or printed publications already cited/considered in an earlier concluded examination of the patent being reexamined. On November 2, 2002, Public Law 107-273 was enacted. Title III, Subtitle A, Section 13105, part (a) of the Act revised the reexamination statute by adding the following new last sentence to 35 U.S.C. 303(a) and 312(a):

> “The existence of a substantial new question of patentability is not precluded by the fact that a patent or printed publication was previously cited by or to the Office or considered by the Office.”

For any reexamination ordered on or after November 2, 2002, the effective date of the statutory revision, reliance on previously cited/considered art, i.e., “old art,” does not necessarily preclude the existence of a substantial new question of patentability (SNQ) that is based exclusively on that old art. Rather, determinations on whether a SNQ exists in such an instance shall be based upon a fact-specific inquiry done on a case-by-case basis.

In the present instance, there exists a SNQ based solely on **[2]**. A discussion of the specifics now follows:

**[3]**

**Examiner Note:**

1. In bracket 1, insert “substantial new question of patentability” if the present form paragraph is used in an order granting reexamination (or a TC Director’s decision on petition of the

denial of reexamination). If this form paragraph is used in an Office action, insert “ground of rejection”.

2. In bracket 2, insert the old art that is being applied as the sole basis of the SNQ. For example, “the patent to Schor” or “the patent to Schor when taken with the Jones publication” or “the combination of the patent to Schor and the Smith publication” could be inserted. Where more than one SNQ is presented based solely on old art, the examiner would insert all such bases for SNQ.

3. In bracket 3, for each basis identified in bracket 2, explain how and why that fact situation applies in the proceeding being acted on. The explanation could be for example that the old art is being presented/viewed in a new light, or in a different way, as compared with its use in the earlier concluded examination(s), in view of a material new argument or interpretation presented in the request. See *Ex parte Chicago Rawhide Mfg. Co.*, 223 USPQ 351 (Bd. Pat. App. & Inter. 1984).

4. This form paragraph is only used the first time the “already cited/considered” art is applied, and is not repeated for the same art in subsequent Office actions.

<

See MPEP § 2258.01 for a discussion of the use of “old art” in the examination stage of an ordered reexamination (as a basis for rejecting the patent claims).

### *B. Prior Adverse Decisions by the Office on the Same or Substantially Identical Prior Art in the Same Patent.*

A prior decision adverse to the patentability of a claim of a patent by the Office based upon prior art patents or printed publications would usually mean that “a substantially new question of patentability” is present. Such an adverse decision by the Office could, for example, arise from a reissue application which was abandoned after rejection of the claim and without disclaiming the patent claim.

### *C. Prior Adverse Reissue Application Final Decision by the Director of the USPTO or the Board of Patent Appeals and Interferences Based Upon Grounds Other Than Patents or Printed Publications.*

Any prior adverse final decision by the Director of the USPTO or the Board of Patent Appeals and Interferences, on an application seeking to reissue the same patent on which reexamination is requested will be considered by the examiner when determining whether or not a “substantial new question of patentability” is present. To the extent that such prior adverse final decision was based upon grounds other than patents or printed publications, the prior adverse final decision will not be a basis for determining whether or not a “substantial new question of patentability” is present.

### *D. Prior Favorable or Adverse Decisions on the Same or Substantially Identical Prior Art Patents or Printed Publications in Other Cases not Involving the Patent.*

While the Office would consider decisions involving substantially identical patents or printed publications in determining whether a “substantial new question of patentability” is raised, the weight to be given such decisions will depend upon the circumstances.

## III. POLICY WHERE A FEDERAL COURT DECISION HAS BEEN ISSUED ON THE PATENT

### *A. Final Holding of Validity by the Courts.*

When the initial question as to whether the prior art raises a substantial new question of patentability as to a patent claim is under consideration, the existence of a final court decision of claim *validity* in view of the same or different prior art does not necessarily mean that no new question is present, because of the different standards of proof employed by the Federal District Courts and the Office. While the Office may accord deference to factual findings made by the district court, the determination of whether a substantial new question of patentability exists will be made independently of the court’s decision on validity, because it is not controlling on the Office.

### *B. Nonfinal Holding of Invalidity or Unenforceability by the Courts.*

A *nonfinal* holding of claim *invalidity* or unenforceability will not be controlling on the question of whether a substantial new question of patentability is present.

### *C. Final Holding of Invalidity or Unenforceability by the Courts.*

A *final* holding of claim *invalidity* or unenforceability, after all appeals, is controlling on the Office. In such cases, a substantial new question of patent-

Case 1:05-cv-00229-S-LDA Document 167-5 Filed 02/06/2008 Page 5 of 5



ability would *not* be present as to the claims finally held invalid or unenforceable.

As to *A. - C.* above, see *Ethicon v. Quigg*, 849 F.2d 1422, 7 USPQ2d 1152 (Fed. Cir. 1988).

Any situations requiring clarification should be brought to the attention of the Office of Patent Legal Administration.

## 2243 Claims Considered in Deciding Request [R-5]

The claims in effect at the time of the determination will be the basis for deciding whether “a substantial new question of patentability” is present. 37 CFR 1.515(a). *>The Office’s determination in both the order for reexamination and the examination stage of the reexamination will generally be limited solely to a review of the claim(s) for which reexamination was requested. If the requester was interested in having all of the claims reexamined, requester had the opportunity to include them in its request for reexamination. However, if the requester chose not to do so, those claim(s) for which reexamination was not requested will generally not be reexamined by the Office. It is further noted that 35 U.S.C. 302 requires that “[t]he request must set forth the pertinency and manner of applying cited prior art to every claim for which reexamination is requested.” If the requester fails to apply the art to certain claims, then the requester is not statutorily entitled to reexamination of such claims. If a request fails to set forth the pertinency and manner of applying the cited art to any claim for which reexamination is requested as required by 37 CFR 1.510(b), that claim will generally not be reexamined. The decision to reexamine any claim for which reexamination has not been requested lies within the sole discretion of the Office, to be exercised based on the individual facts and situation of each individual case. If the Office chooses to reexamine any claim for which reexamination has not been requested, it is permitted to do so. In addition, the Office may always initiate a reexamination on its own initiative of the non-requested claim (35 U.S.C. 303(a)). Thus, while< the examiner will ordinarily concentrate on those claims for which reexamination is requested, the finding of “a substantial new question of patentability” can be based upon a claim of the patent other than the ones for which reexamination is requested. For example, the request might seek reexamination of particular claims, but the examiner is not limited to those claims and can make a determination that “a substantial new question of patentability” is present as to other claims in the patent without necessarily finding “a substantial new question” with regard to the claims **>for which reexamination was requested.

The decision on the request for reexamination should discuss all of the patent claims requested for reexamination. The examiner should limit the discussion of those claims in the order for reexamination as to whether a substantial new question of patentability has been raised.

See MPEP § 2242 for a discussion of patent claims which have been the subject of a prior decision.

Amendments and/or new claims presented in any copending reexamination or reissue proceeding for the patent to be reexamined will generally (see MPEP § 2240, subsection II.) not be considered nor commented upon when deciding a request for reexamination. Where a request for reexamination is granted and reexamination is ordered, the first Office action and any subsequent reexamination prosecution should be on the basis of the claims as amended by any copending reexamination or reissue proceeding.<

## 2244 Prior Art on Which the Determination Is Based [R-2]

The determination whether or not “a substantial new question of patentability” is present can be based upon any prior art patents or printed publications. *>35 U.S.C.< 303(a) and 37 CFR 1.515(a) provide that the determination on a request will be made “with or without consideration of other patents or printed publications,” i.e., other than those relied upon in the request. The examiner is not limited in making the determination **>based on< the patents and printed publications relied on in the request. The examiner can find “a substantial new question of patentability” based upon the prior art patents or printed publications relied on in the request, a combination of the prior art relied on in the request and other prior art found elsewhere, or based entirely on different patents or printed publications. The primary source of patents and printed publications used in making the determination are those relied on in the request. **>For reexamination ordered on or after November 2, 2002, see MPEP § 2242, subsection II.A. for a discussion of “old art.” The examiner can also consider< any pat-