UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**DEFENDANT HASBRO, INC.'S OBJECTION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF MOTION *IN LIMINE* TO EXCLUDE REFERENCE TO REEXAMINATION PROCEEDINGS OR ALTERNATIVELY TO CLARIFY THE COURT'S ORDER**

Defendant Hasbro, Inc. ("Hasbro") hereby objects to Plaintiff Michael Bowling's ("Bowling") motion for reconsideration *in limine* of his Motion *in Limine t*o Exclude Reference to Reexamination Proceedings or Alternatively to Clarify the Court's Order. The grounds for Hasbro's objection are set forth in the accompanying Memorandum of Law.

Respectfully Submitted,

For the Defendant,
HASBRO, INC.
By its Attorneys,

*/s/ Jeffrey K. Techentin*

Todd D. White, Esq. (#5943)
twhite@apslaw.com
Jeffrey K. Techentin, Esq. (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604
Dated: February 25, 2008

Of Counsel:

David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, N.W.
Washington, D.C. 20005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HASBRO, INC.'S OBJECTION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF MOTION *IN LIMINE* TO EXCLUDE REFERENCE TO REEXAMINATION PROCEEDINGS OR ALTERNATIVELY TO CLARIFY THE COURT'S ORDER**

Defendant Hasbro, Inc. ("Hasbro") hereby objects to Plaintiff Michael Bowling's ("Bowling") motion for reconsideration of its order on Bowling's *in limine* to exclude reference to the fact that the United States Patent and Trademark Office ("PTO") has initiated reexamination proceedings in order to reexamine the validity of U.S. Pat. No. 5,938,197 (the "'197 patent") in light of new prior art. Bowling's motion fails to meet the standards for reconsideration. But even if the Court were inclined to revisit its order, its decision was entirely correct. Finally, although Bowling's motion states that it seeks, alternatively, clarification of the Court's order, the actual relief sought is not a "clarification" but a modification of the order. Because the motion was correctly decided and the order was not unclear, Bowling's motion should be denied in its entirety.

# I. Argument

## A. Reconsideration Is Not Warranted.

This Court, in this case, has recently articulated the standards governing the grant of a motion for reconsideration. In denying Hasbro's motion for reconsideration of the Court's decision to exclude various prior art references, the Court stated:

> It is well-established that "[t]he granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" *Palmer v. Champion Mortgage*, 465 F.3d 24, 30 (1st Cir. 2006) (quoting 11 Charles Allen Wright et al., *Federal Practice and Procedure* § 2810.1 (2d ed. 1995)). "Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." *Palmer*, 465 F.3d at 30; *see also Waters v. Walt Disney World Co.*, 237 F. Supp. 2d 162, 167 (D.R.I. 2002) (denying motion for reconsideration on the grounds that it simply restated arguments already made to the court). To succeed on a motion for reconsideration, a movant "must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." *Palmer*, 465 F.3d at 30.

*See* Docket No. 159 at 1-2. The Court's reasoning in that decision, applied to the facts of Plaintiff's motion for reconsideration, unquestionably makes reconsideration inappropriate.

In the context of its motion for reconsideration, Hasbro had advanced three separate bases for a decision in its favor on the exclusion of evidence, none of which was available to Hasbro at the time that it had brought its original Motion to Stay based on the reexamination proceeding: (1) Plaintiff's misstatements to the Court in the context of rebutting the importance of the asserted prior art, (2) Bowling's own discovery violations relative to prior art, and (3) the fact that Bowling had never moved for the exclusion of prior art references.[1]

---

[1] Although beyond the scope of this motion, Hasbro respectfully submits that the Court was incorrect in its statement that in his opposition to Hasbro's motion to stay based on the reexamination request, "Bowling

Moreover, Hasbro argued that the order of exclusion was legally improper because it had been made without reference to the considerations (*e.g.*, importance of the evidence and ability of nonproducing party to overcome any impact of late disclosure) mandated in cases such as *Santiago-Diaz v. Laboratorio Clinico Y De*, 456 F.3d 272, 276-77 (1st Cir. 2006) and *Thibeault v. Square D Co.*, 960 F.2d 239, 244 (1st Cir. 1992). *See generally* Docket Nos. 116 (Motion for Reconsideration), 128 (Reply Memorandum). Additionally, Hasbro had made it clear that it believed that the Court had improperly lumped together the "crystallographic" prior art references and U.S. Pat. No. 4,497,487 to Crippen because, while the crystallographic references had not been produced to Bowling until after the close of discovery, a copy of the Crippen patent had been produced during discovery in approximately November 2005 and thus there was no basis for the conclusion that the patent had been untimely produced. *See* Techentin Decl. (Docket No. 120) at ¶¶ 2-5. The Court found that none of those facts, either individually or in combination, merited reconsideration of the exclusion order, thus excluding both the crystallographic references and the Crippen patent. Order (Docket No. 159) at 5-6.

The Court's decision on Hasbro's motion for reconsideration was driven in large measure by its conclusion that reconsideration amounted to a reargument of the original motion. The Court opined that Hasbro "had ample opportunity in its earlier briefs to argue

---

explicitly requested the exclusion of Hasbro's […] supporting evidence." Order (Docket No. 159) at 2. A careful review of Bowling's opposition papers (Docket No. 100) reveals that Bowling had focused ***exclusively*** on the exclusion of invalidity contentions, not the underlying evidence. *See* Docket No. 100 (styled, in part, a "Motion to Exclude Hasbro's Untimely Contentions") at 17 ("Hasbro should be precluded from raising any of its new invalidity contentions"); *id.* at 18 ("Hasbro's attempt to ambush Bowling with these new invalidity contentions should be rejected"). Bowling cited to cases that discussed the exclusion of evidence, but never moved for, or even requested, the exclusion of the evidence itself -- evidence that is relevant, as explained in oral argument, beyond the strict confines of invalidity contentions. *See, e.g., Fiskars, Inc. v. Hunt Mfg. Co.*, 221 F.3d 1318, 1323 (Fed. Cir. 2000) (prior art relevant to extent to which doctrine of equivalents may not broaden scope of claims); *Sextant Avionique, S.A. v. Analog Devices, Inc.*, 172 F.3d 817, 827 (Fed. Cir. 1999) (same); *Radio Steel & Mfg. Co. v. MTD Products, Inc.*, 788 F.2d 1554, 1556 (Fed. Cir. 1986) (availability of noninfringing alternatives germane to reasonable royalty analysis).

that its untimely disclosure was substantially justified and harmless to Bowling." *Id.* at 5. Because Hasbro had identified no "new evidence relevant to this inquiry or manifest error of law committed by this Court," reconsideration was improper. *Id.* at 6.

No comments could more aptly describe Bowling's present motion for reconsideration of the order on his motion *in limine*. Bowling does not advance a single fact or argument that he has not previously made to the Court except to raise the specter of a "mini-trial" on the reexamination proceedings,[2] nor does he identify any "manifest error of law" committed by the Court in the context of its evidentiary ruling.[3] Bowling apparently concedes that there are no new facts that justify reconsideration, stating that "[i]n this case, Bowling respectfully suggests that the Court misapprehended the legal implication of a grant by the Patent & Trademark Office ('PTO') of a request to reexamine a patent." Pl.'s Mem. at 2. But the legal arguments in Bowling's motion for reconsideration are just a re-hash of the arguments he has been making serially to this Court ever since Hasbro discovered the prior art references that anticipated his patent. There is nothing new here, and nothing that the Court has misapprehended.

Bowling's argument now, as before, centers on the PTO statistics that, Bowling argues, show that the grant of the reexamination is the result of a low-threshold inquiry that results in "over 90% of all such requests" being granted, while only 10% of reexaminations result in all claims being found unpatentable. Pl.'s Mem. at 3, 5. This is an argument

---

2 Bowling never tells the Court what might take "days" of trial time on this issue. Certainly there can be no debate about whether the PTO's reexamination order was entered or what it says. It was entered and it says that the crystal and patent references raise substantial new questions regarding the patentability of Plaintiff's invention.

3 For Bowling to show a manifest error of law in this instance would be a difficult burden indeed, since questions regarding admissibility of evidence are firmly rooted in the discretion of the trial court. *See, e.g.*, *Pelletier v. Main St. Textiles, LP*, 470 F.3d 48, 52 (1st Cir. 2006);*United States v. Barrow*, 448 F.3d 37, 42 (1st Cir. 2006).

Bowling has raised many times, even submitting the very same evidence as what he now attaches to his motion for reconsideration. Bowling first argued that reexaminations should be afforded little weight based upon the PTO statistics in chambers on July 13, 2007. Later, he actively argued the point in his opposition to Hasbro's Motion to Stay proceedings, attaching the PTO *Ex Parte* Reexamination Filing Data. *See* Docket No. 100 and Exhibit P thereto. Exhibit A to Bowling's Motion for Reexamination is ***precisely the same document*** submitted as Exhibit P to his opposition to the Motion to Stay.

More importantly, Bowling raised this precise point in his memorandum in support of the very motion as to which he now seeks reconsideration. *See* Memorandum of Law in Support of Motion *in Limine* to Exclude Any Reference to Reexamination Proceedings (Docket No. 137-2) at 2 n.1 ("As previously noted in prior briefing by both parties, the PTO routinely and perfunctorily grants requests for reexaminations, and only rarely will invalidate all claims during the reexamination process. The PTO grants 91% of all requests for reexamination, and only 10% of those reexamination proceedings result in cancellation of all claims.").[4] These statistics are most definitely not "newly discovered evidence" and are not, therefore, an appropriate basis for reconsideration. Bowling is doing nothing more than repeating and "rearguing theories previously advanced and rejected." *Palmer*, 465 F.3d at 30.

The same is true for Bowling's other arguments: they are just restatements of earlier points, properly considered and rejected by the Court. Bowling argues now, as he did

4 Bowling's use of the PTO statistics is also highly misleading, as Hasbro has repeatedly had to point out, because Bowling repeatedly asserts them to have a significance that that just don't have. The fact that ten or eleven percent of reexaminations result in all claims being found unpatentable is not what counts. What matters – to the extent any statistics matter – is whether the reexamination results in at least some claims being cancelled or amended in some fashion (in which case Hasbro's past conduct could not have infringed on the original claims). That occurs, according to the PTO statistics, 74% of the time.

previously, that the grant of a reexamination is merely "preliminary" and that the Federal Circuit has stated that "the grant by the examiner of a request for reexamination is not probative of unpatentability." *Compare* Pl.'s Mem at 2-3 (quoting *Hoechst Celanese Corp. v. BP Chems. Ltd.*, 78 F.3d 1575, 1584 (Fed. Cir. 1996)) *with* Memorandum of Law in Support of Motion *in Limine* to Exclude Any Reference to Reexamination Proceedings (Docket No. 137-2) at 1 (presenting same quotation). Bowling now attaches portions of the Manual for Patent Examination Procedure, but those offer no new facts or legal parameters that might inform this inquiry except to observe the unremarkable proposition that the grant of a reexamination request does require a *prima facie* showing of unpatentability. Indeed, Bowling does not even discuss the contents of the MPEP except by reference to the *Hoechst Celanese* decision that was prominently featured in his opening brief and discussed at length at oral argument. Bowling attempts to refine his argument by discussing what the *Hoechst Celanese* court meant by the word "evidence" (Pl.'s Mem. at 3), but Plaintiff's counsel made precisely the same points at oral argument in response to the Court's inquiries on the subject. That argument, just as his arguments based on PTO statistics, was considered and rejected. Reconsideration is inappropriate.

Bowling's final argument is also precisely the same as what he advanced in his original motion: the potential for jury confusion. *See* Pl.'s Mem. at 4-5. Bowling again relies on the *Amphernol T&M Antennas, Inc. v. Centurion Int'l, Inc.*, decision from the Northern District of Illinois, which was the case originally offered in support of his motion *in limine*. The only other additional cases that Bowling includes go to the issue of jury instructions, not to the admissibility of evidence. *See id.* at 4 (citing *Norian Corp. v. Stryker Corp.*, 363 F.3d 1321, 1329 (Fed. Cir. 2004) and *Quaker City Gear Works, Inc. v. SKIL*

*Corp.*, 747 F.2d 1446, 1456 (Fed. Cir. 1984)). More importantly, Bowling's Rule 403 argument was squarely before the Court in the context of Bowling's original motion because (1) it was explicitly discussed in the *Amphenol* case on which Bowling relied, and (2) it was a subject on which Bowling's counsel argued vociferously before the Court at oral argument. *See Amphenol T&M Antennas, Inc. v. Centurion Int'l, Inc.*, 2002 U.S. Dist. LEXIS 822, at *5 (N.D. Ill. 2002). The argument was raised and rejected and cannot serve as a basis for reconsideration.

### B. <u>The Motion *in Limine* Was Properly Decided</u>.

If Bowling's suggestion on reconsideration is that failing to exclude reference to the reexamination proceedings constitutes a manifest error of law, that suggestion is absolutely incorrect. Bowling relies on a total of one case as precedent for excluding reexamination orders from evidence and even that case ***conceded that the grant of a reexamination is relevant to the validity of the patent***. *See generally* Pl.'s Mem. (citing only *Amphenol T&M Antennas, Inc. v. Centurion Int'l, Inc.* as direct precedent for requested evidentiary ruling); *Amphernol T&M Antennas, Inc. v. Centurion Int'l, Inc.*, 2002 U.S. Dist. LEXIS 822, at *4 (N.D. Ill. Jan. 17, 2002) ("As a probative matter, the Patent Office's decision to grant reexamination casts the validity of the patent into some doubt"). Even if one reads the *Amphenol* decision to be inconsistent with this Court's evidentiary ruling, for this Court to have arrived at a different result after weighing the probative value of this evidence against its prejudicial impact cannot possibly constitute a "manifest error of law" justifying reconsideration.

No other cases stand for the proposition that admitting evidence of the reexamination would be a manifest error. Certainly the *Hoescht* decision cannot be read to require

exclusion of the evidence. Its holding was merely that the grant of a request for reexamination was insufficient, in and of itself, to support overturning a jury verdict of willful infringement. 78 F.3d 1575, 1584 ("The grant of a request for reexamination, although surely evidence that the criterion for reexamination has been met (*i.e.*, that a 'substantial new question of patentability' has been raised, 35 U.S.C. § 303), does not establish a likelihood of patent invalidity."). The other cases cited by Bowling have nothing to do with exclusion of evidence.

Admitting this evidence is appropriate. Far from holding that reexamination proceedings should be excluded from infringement trials, the Federal Circuit has expressly stated that courts may "take cognizance of, and benefit from, the proceedings before the patent examiner," including reexamination proceedings. *Quad Enviro. Techs. Corp. v. Union Sanitary Dist.*, 946 F.2d 870, 876 (Fed.Cir. 1999) (holding that trial court was required to conduct its own analysis of invalidity and could not merely by reference to PTO reexamination proceedings). Thus courts may not abandon their responsibilities in terms of determining validity issues in favor of the PTO, but neither are they required to turn a blind eye to the conclusions that the administrative personnel have reached in the course of their duties. This Court's decision to permit, on a limited basis, inquiry into the reexamination proceedings is entirely consistent with the Federal Circuit's guidance on this issue, as articulated in both the *Hoescht* and *QUAD Enviro. Techs.* decisions.

Although not cited by Bowling, there are other decisions on this issue, and they were decided *contra* to *Amphenol*.[5] For example, in *Fresenius Medicare Holdings v. Baxter Int'l*,

---

[5] Hasbro notes that the *Amphenol* decision to exclude reference to the reexamination proceedings was predicated, in part, upon a faulty understanding of the interrelationship between the reexamination and the infringement trial. The district court believed that "[i]f Centurion succeeds in persuading the Patent Office that some or all of ATM's patent is invalid, a jury verdict in favor of ATM in this case will almost certainly have to

2006 WL 1330003, at *4 (N.D. Cal. May 15, 2006), the court actively considered both the *Amphenol* decision and the *Hoescht* decision, but even then opted not to exclude the evidence, stating:

> the Court finds that it may be possible that any prejudicial effect on the jury could be alleviated by the appropriate jury instructions. As such, the Court has no basis to conclude at this juncture that the documents are not admissible.

In *Fresenius*, the defendants had challenged the use of reexamination documents on a number of fronts, charging that they were both inadmissible hearsay and inadmissible under Rule 403. The court rejected all of the defendants' arguments and ultimately allowed the use of the reexamination documents. The *Fresenius* decision carefully considered the question of the admissibility of reexamination documents, and concluded that they were highly probative on a number of fronts. The court noted that such documents are regularly admitted and considered by courts in the context of construing claims for purposes of both infringement and invalidity analyses. *Id.* at *3. *See also, e.g., ACCO Brands, Inc. v. PC Guardian Anti-Theft Products, Inc.*, 2007 WL 4287314, at *3 n.1 (N.D. Cal. Dec. 5, 2007) (employing reexamination order to construe claim language). The *Fresenius* court also observed that the reexamination orders are "final" agency decisions on the question of whether the reexamination request posed substantial new questions of patentability. *Id.* (citing Manual for Patent Examination Procedure § 2209).

---

be set aside, in whole or in part; thus if Centurion wins before the PTO, Centurion will win regardless of what this jury is told." 2002 U.S. Dist. LEXIS 822, at *3-4. As both Hasbro and Bowling have previously advised the Court, because this matter is not stayed pending the outcome of the reexamination, it is entirely possible that Hasbro could be subject to a final judgment for infringement of a patent that is later determined by the PTO to have been invalid from the beginning. The comfort that the *Amphenol* court took in being able to set aside the jury verdict, which presumably informed its decision to exclude reference to those reexamination proceedings, has no place here.

As the foregoing cases make clear, there is certainly no *per se* rule mandating the exclusion of references to the reexamination order, and in fact the far more common outcome is for such matters to be admissible at trial. That result is fully consonant with Federal Circuit precedent on point. The Court committed no manifest error of law in denying Bowling's motion *in limine*.

**C. <u>Bowling's Request for "Clarification" Actually Seeks Reconsideration</u>.**

Bowling's alternative argument seeks "clarification" of the Court's order, by which he means that the Court should modify its order to restrict Hasbro from placing the reexamination proceedings into evidence. Pl.'s Mem. at 2 (asking "that Hasbro be allowed to mention the reexamination only in its opening and closing arguments"). Such a ruling would, of course, not merely clarify the Court's earlier decision on the motion *in limine*, but rather would materially alter the substance of the order and therefore would constitute reconsideration of the earlier order. As explained above, such reconsideration is inappropriate.

Beyond the mechanical question of whether the Court should reconsider, however, there is no basis upon which to grant Bowling the alternative relief he seeks. How could Hasbro make reference to the reexamination proceedings without putting them into evidence? This is not a matter of law (like the presumption of the validity of the patent-in-suit), but is rather one of fact. This Court will, of course, carefully explain to the jurors that the arguments of counsel are just that, argument, and not evidence in any respect. How can Hasbro's counsel appropriately reference a fact that it knows cannot be placed into evidence during its opening statement? How can Hasbro's counsel permissibly argue the relevance of a reexamination order that is not in evidence? To limit Hasbro in its reference to the

reexamination proceeding to counsel's opening and closing would be tantamount to excluding the evidence.

As explained above, the Court correctly perceived that the reexamination proceeding is relevant. It should, therefore, be permitted into evidence attended by whatever appropriate limitations the Court intends to place on that evidence or its use by the jury. Bowling's request that this evidence be relegated to the status of a representation of counsel would eviscerate its status as evidence. That would be directly in contravention of the Federal Circuit's rulings on this issue, which describe the reexamination proceedings as "evidence" and matters of which the Court may "take cognizance […] and benefit."

## II. CONCLUSION

For the reasons stated above, Hasbro respectfully requests that the Court deny Bowling's motion for reconsideration its ruling on his earlier motion *in limine* to preclude reference to the PTO's pending reexamination of the '197 patent.

Respectfully submitted,

For the Defendant,
HASBRO, INC.
By its Attorneys,

*/s/ Jeffrey K. Techentin*
Todd D. White, Esq. (#5943)
twhite@apslaw.com
Jeffrey K. Techentin, Esq. (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604
Dated: February 25, 2008

Of Counsel:
David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, N.W.
Washington, D.C. 20005

**CERTIFICATE OF SERVICE**

TO:

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas J. Leach, Esq.
Anthony R. Zeuli, Esq.
Douglas J. Williams, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

David K. S. Cornwell, Esq.
Tracy-Gene G. Durkin, Esq.
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

I hereby certify that I filed the within Objection to Plaintiff's for Reconsideration of His Motion *in Limine* to Preclude Reference to Reexamination Proceedings and the Memorandum in Support thereof through the ECF system on the 25th day of February, 2008, and that notice will be sent electronically to the above-named counsel who are registered participants identified on the Mailing Information for Case No. 05-229S.

*/s/ Jeffrey K. Techentin*________

*444815_1*