IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING,<br>a Resident of Arizona,<br><br>Plaintiff,<br>v.<br><br>HASBRO, INC.,<br>a Rhode Island Corporation,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 05-229S |

**BOWLING'S MEMORANDUM REGARDING EXCLUSION OF**
**<u>HASBRO'S PRIOR ART EXHIBITS.</u>**

In violation of Court Orders and 35 U.S.C. § 282, Defendant Hasbro, Inc. ("Hasbro") has listed 64 prior art trial exhibits.[1] Over half of these exhibits are prior art references previously excluded by Court Order. The remaining are references that Hasbro has not particularly pointed as references it intends to rely on at trial as required by § 282. None are references disclosed in response to Bowling's Interrogatories during discovery as required by the Court's Scheduling Order. Based on these violations, Hasbro's prior art trial exhibits should be excluded.

**I. Exclusion of Prior Art**

The Court's Scheduling Order controls when notice of reliance on prior art references must be given. *ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 550-51 (Fed. Cir. 1998). In particular, when an interrogatory requests identification of prior art references relating to invalidity of the patent in suit, failure to identify references before the close of discovery bars reliance on those references at trial. *Id.* ("Thus, although *§ 282* sets a minimum time period for the identification of prior art to be introduced as evidence of anticipation, a specific judicial directive for the timing of discovery established the procedure to which the parties are bound.").

[1] Hasbro Exhs. FJ-GB, GD, GF-HI, HK-HX.

At a minimum, § 282 requires that notice of prior art references intended to be relied on at trial must be given more than 30 days before trial. The Federal Circuit has affirmed that simply disclosing prior art references during discovery does not meet this requirements. *Ferguson Beauregard/Logical Controls v. Mega Sys., LLC*, 350 F.3d 1327, 1347 (Fed. Cir. 2003). To comply with § 282, a notice must particularly point out those prior art references that will be relied on at trial to show invalidity or the state of the art. *See Beckman Instruments, Inc. v. LKB Produkter AB*, 17 U.S.P.Q.2D 1190, (D. Md. 1990) (awarding attorney's fees to Plaintiff because Defendant's § 282 notice included 65 prior art references, but Defendant only relied on four references at trial – "[t]his tactic, too, cannot be tolerated."). Failure to particularly point out prior art references to be relied on at trial will, upon such terms as the court requires, bar reliance on those references at trial. 35 U.S.C. § 282; *Ferguson Beauregard*, 350 F.3d at 1347.

## II. The Court Already Excluded the Prior Art of 36 Hasbro Exhibits

In its very first Interrogatory, Bowling asked Hasbro to identify prior art references that Hasbro contends invalidate Bowing's patent. (Pl.'s First Set of Interrogatories to Def. at 10 (Sept. 16, 2005).) Not until more than a year after the close of discovery did Hasbro even assert invalidity based on prior art. (Hasbro's Objs. And Res. to Pl.'s First Set of Interrogatories at 2-3 (Nov. 28, 2005); Hasbro's Amended Objs. And Res. to Pl.'s First Set of Interrogatories, Interrogatory No. 1 at 2-3 (May 5, 2006); Hasbro's Second Amended Objs. And Res. to Pl.'s First Set of Interrogatories, Interrogatory No. 1 at 2-17 (Jun. 26, 2007).) Finding this disclosure untimely, unjustified, and harmful, the Court excluded the prior art references cited by Hasbro in its tardy interrogatory response. (Order at 5 (Nov. 2, 2007) (Docket No. 113).) Shirking the

Court's Order, Hasbro has listed nearly every excluded reference as 36 exhibits.[2] These exhibits should be excluded.

**III. Hasbro's Prior Art Exhibits Should Be Excluded under 35 U.S.C. § 282.**

Hasbro was well aware of its duty under § 282 to give Bowling notice of prior art it intended to rely on at trial to show invalidity or the state of the art. In contending that its response to Bowling first Interrogatory was timely, Hasbro argued that § 282 only requires disclosure of relied-on prior art 30 days before trial. (Mot. to Stay or for Leave to Re-Open Expert Discovery at 26 (Jul. 20, 2007) (Docket No. 99).) Although the Court rejected this argument, it specifically stated that "[s]ection 282 provides that a party to patent litigation asserting invalidity must provide notice of the evidence upon which it relies 'at least thirty days before trial.'" (Order at 3 (Nov. 2, 2007) (Docket No. 113).) Despite knowing its duty under § 282 and having that duty reiterated by the Court, Hasbro failed to comply. On the eve of trial, Hasbro has yet to particularly point out which references it intends to rely on to show invalidity or the state of the art. Rather, Hasbro has provided a laundry list of prior art, over half of which was previously excluded. If this is notice, it is improper. *See Beckman Instruments, Inc. v. LKB Produkter AB*, 17 U.S.P.Q.2D 1190, 1195 (D. Md. 1990) (providing notice of more prior art references than will be used at trial is a tactic that cannot be tolerated).

**V. Conclusion**

For the foregoing reasons, the following Hasbro exhibits should be excluded: FJ-GB, GD, GF-HI, HK-HX.

[2] Hasbro Exhs. FJ, FP, FU, FW-FY, GG-GO, GQ-GV, GX-HC, HE-HI, HK, HQ, HV.

Michael Bowling,
By His Attorneys,

Date: March 5, 2008

s/Thomas J. Leach____________

Anthony R. Zeuli *(pro hac vice)*
Thomas J. Leach, MN (*pro hac vice*)
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 332-5300
(612) 332-9081 (Facsimile)

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

**CERTIFICATE OF SERVICE**

TO:

Todd D. White, Esq.
Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

David K. S. Cornwell, Esq.
Tracey-Gene G. Durkin, Esq.
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue N.W.
Washington, DC 20005

I hereby certify that the within *Bowling's Memorandum Regarding Exclusion of Hasbro's Prior Art Exhibits* was filed with the Court on the 5th day of March, 2008, and will be sent electronically to the above-named counsel.

s/Thomas J. Leach