IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING,<br>a Resident of Arizona, | : | |
| Plaintiff, | : | C.A. No. 05-229S |
| v. | : | |
| HASBRO, INC.,<br>a Rhode Island Corporation, | : | |
| Defendant. | : | |

**BOWLING'S MEMORANDUM REGARDING EXCLUSION OF PRIOR USE DEFENSE.**

Defendant Hasbro, Inc.'s ("Hasbro") attempts to amend its defenses should be denied. Almost two years ago, Hasbro filed its Amended Answer and Counterclaims to withdraw its defense that Plaintiff Michael Bowling's ("Bowling") patent is invalid for prior use. Now, Hasbro is attempting to reassert this defense. This amendment to Hasbro's pleading should be denied as untimely and unjustified.

**I. Hasbro Withdrew Its Prior Use Defense**

"After filing an amended pleading prior pleadings are deemed withdrawn unless specifically referred to." *Levitch v. Columbia Broadcasting Sys., Inc.*, 94 F.R.D. 292, 294 (S.D.N.Y. 1982) (citing *Wilson v. First Houston Invet. Corp.*, 566 F.2d 1235, 1237-38 (5th Cir. 1978) and *Nisbet v. Van Tuyl*, 224 F.2d 66, 71 (7th Cir. 1955)). On August 5, 2005, Hasbro filed its Answer and Counterclaim, including as a Third Affirmative Defense, "[p]ursuant to 35 U.S.C. § 102(b), Plaintiff's claims are barred based on prior public use." (Docket No. 3 at 4.) After nine months of discovery, on May 26, 2006, Hasbro filed an Amended Answer and Counterclaim, replacing its Third Affirmative Defense with, "Hasbro has not infringed the '197 Patent by virtue of its own independent rights in the invention that is the subject of the '197 Patent and/or the '197

Patent itself." (Docket No. 35 at 4.) In amending its pleading, Hasbro argued that the withdrawal and replacement of its prior use defense "would permit the pleadings to conform to the evidence adduced through discovery in this case . . ." (Memo. in Support of Mot. for Leave to Amend Affirmative Defenses and Counterclaim at 5 (Docket No. 28).) Thus, Hasbro withdrew its prior use defense.

**II. Exclusion of Defenses at Trial**

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Hasbro has neither requested nor received either Bowling's written consent or the Court's leave to amend its answer to reassert it withdrawn prior use defense. Even if Hasbro does request the Court's leave, its request should be denied as tardy and prejudicial.

According to First Circuit law, undue delay is a basis for denying a request to amend under Rule 15. *Hayes v. New England Millwork Dist., Inc.*, 602 F.2d 15, 19 (1st Cir. 1979). Where a considerable amount of time has passed between the filing of the pleading and a motion to amend, the burden is on the moving party to show some "valid reason for [its] neglect and delay." *Id.* (quoting *Freeman v. Continental Gin Co.*, 381 F.2d 459, 469 (5th Cir. 1967)). Specifically, the moving party must show that discovery led to previously unknown facts or that the delay is due to the court or the non-movant. *Id.* Far from uncovering facts that would support its prior use defense, Hasbro uncovered facts it believed contradicted this defense. (*See* Memo. in Support of Mot. for Leave to Amend Affirmative Defenses and Counterclaim at 5 (Docket No. 28).) Furthermore, neither Bowling nor the Court inhibited Hasbro from amending its answer earlier. Thus, Hasbro cannot justify its neglect and delay, and any motion to amend its

answer to include the prior use defense should be denied.[1] *See Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.*, 412 F.3d 215, 231 (1st Cir. 2005) ("[g]iven the undue delay [of more than two years after filing the complaint] in raising this theory, the district court acted within its discretion in denying MEEI's motion to amend.")

## III. Conclusion

For the foregoing reasons, Hasbro's prior use defense should be excluded.

Michael Bowling,
By His Attorneys,

Date: March 5, 2008

s/Thomas J. Leach
Anthony R. Zeuli *(pro hac vice)*
Thomas J. Leach, MN (*pro hac vice*)
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 332-5300
(612) 332-9081 (Facsimile)

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

[1] Although pleadings may be amended during trial under Federal Rule of Civil Procedure 15(b), such amendment should be denied if it would prejudice the non-amending party. Just as undue delay is a basis for denying a motion to amend under Rule 15(a)(2), it is also a basis for refusing as prejudicial an amendment under Rule 15(b). *Keeler v. Hewitt*, 697 F.2d 8, 14 (1st Cir. 1982) (refusing to allow amendment because discovery lasted for two years and "[n]o satisfactory reason appears for not having identified the issue before trial.").

**CERTIFICATE OF SERVICE**

TO:

Todd D. White, Esq.
Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

David K. S. Cornwell, Esq.
Tracey-Gene G. Durkin, Esq.
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue N.W.
Washington, DC 20005

I hereby certify that the within *Bowling's Memorandum Regarding Exclusion of Prior Use Defense* was filed with the Court on the 5th day of March, 2008, and will be sent electronically to the above-named counsel.

s/Thomas J. Leach