UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**DEFENDANT HASBRO, INC'S OBJECTION TO**
**PLAINTIFF"S MOTION TO EXCLUDE PRIOR ART EXHIBITS**

Defendant Hasbro, Inc. ("Hasbro") hereby objects to the Plaintiff's Motion to Exclude Prior Art Exhibits. The grounds in support of this objection are stated in the accompanying Memorandum of Law.

Respectfully submitted,

HASBRO, INC.
By its Attorneys,

/s/ Jeffrey K. Techentin__________
Todd D. White (# 5943)
twhite@apslaw.com
Jeffrey K. Techentin (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: March 7, 2008

Of Counsel:

David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**DEFENDANT HASBRO, INC'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO PLAINTIFF"S MOTION TO EXCLUDE PRIOR ART EXHIBITS**

Defendant Hasbro Inc. ("Hasbro") hereby submits this Memorandum of Law in support of its Objection to Plaintiff Michael Bowling's ("Bowling") Motion to Exclude Prior Art Exhibits. For the reasons stated herein, this Court should deny Plaintiff's motion.

Plaintiff contends that 64 of the exhibits Hasbro has marked for trial are "prior art exhibits" that should be excluded. Plaintiff asserts two grounds for the exclusion of these exhibits. First, he argues that this Court has already excluded 36 of these exhibits. Second, he argues that 35 U.S.C. § 282 provides grounds for excluding the exhibits because Hasbro did not provide adequate notice under the statute of its intent to refer to the prior art exhibits to show "invalidity" or "state of the art." Accordingly, Hasbro addresses each of these arguments.

## I. Hasbro Does not Intend and Will not Attempt to Introduce Any Exhibits that Have Been Explicitly Excluded by this Court.

At a prior hearing, this Court did exclude some evidence of prior art. Hasbro will not seek to introduce at trial any evidence that has been specifically excluded.

## II. <u>Hasbro is not Introducing the Prior Art Evidence for Any of the Uses Outlined in 35 U.S.C. § 282, and Therefore Need Not Comply with Its Requirements.</u>

Plaintiff also asserts that because Hasbro did not provide thirty days notice of its intent to introduce and rely on these exhibits, they must be excluded. As support for this argument, Plaintiff points to 35 U.S.C. § 282 (entitled "Presumption of Validity; Defenses"). That pertinent section of that statute reads:

> In actions involving the validity or infringement of a patent the party asserting invalidity or noninfringement shall give notice in the pleadings or otherwise in writing to the adverse party at least thirty days before the trial, of the country, number, date, and name of the patentee of any patent, the title, date, and page numbers of any publication to be relied upon as anticipation of the patent in suit or, except in actions in the United States Court of Federal Claims, as showing the state of the art, and the name and address of any person who may be relied upon as the prior inventor or as having prior knowledge of or as having previously used or offered for sale the invention of the patent in suit. In the absence of such notice proof of the said matters may not be made at the trial except on such terms as the court requires.

Thus, Section 282 only applies if the reason the evidence is being introduced is to further a defense of invalidity or state of the art (that is, in support of a contention that the claimed invention would be obvious in light of the cited prior art). Hasbro only intends to use the prior art exhibits it has marked for trial as evidence of non-infringing alternatives. The use of the art pertains to damages, not validity, the express topic of the statute. As such, these exhibits fall outside the scope of the notice requirements imposed by Section 282. Therefore, there can be no sound objection to the introduction of these exhibits at trial.

## III. <u>Conclusion</u>

For the reasons set forth herein, this Court should deny Plaintiff's Motion to Exclude Hasbro's Prior Art Exhibits.

Respectfully submitted,

HASBRO, INC.
By its Attorneys,

/s/ Jeffrey K. Techentin___________
Todd D. White (# 5943)
twhite@apslaw.com
Jeffrey K. Techentin (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: March 7, 2008

Of Counsel:

David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

## CERTIFICATE OF SERVICE

TO:

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas J. Leach, Esq.
Anthony R. Zeuli, Esq.
Douglas J. Williams, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

David K. S. Cornwell, Esq.
Tracy-Gene G. Durkin, Esq.
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

I hereby certify that I filed the within Objection to Plaintiff's Motion to Exclude Hasbro's Prior Art Exhibits and the Memorandum in Support thereof through the ECF system on the 7th day of March, 2008, and that notice will be sent electronically to the above-named counsel who are registered participants identified on the Mailing Information for Case No. 05-229S.

/s/ Jeffrey K. Techentin________

*447217_1*