UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**DEFENDANT HASBRO, INC'S OBJECTION TO PLAINTIFF"S MOTION**
**TO PRECLUDE HASBRO FROM ASSERTING THE DEFENSE OF PRIOR USE**

Defendant Hasbro, Inc. ("Hasbro") hereby objects to the Plaintiff's Motion to Preclude Hasbro from asserting the defense of Prior Use. The grounds in support of this objection are stated in the accompanying Memorandum of Law.

Respectfully submitted,

HASBRO, INC.
By its Attorneys,

/s/ Jeffrey K. Techentin___________
Todd D. White (# 5943)
twhite@apslaw.com
Jeffrey K. Techentin (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: March 7, 2008

Of Counsel:

David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**DEFENDANT HASBRO, INC'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO PLAINTIFF"S MOTION TO <u>PRECLUDE HASBRO FROM ASSERTING THE DEFENSE OF PRIOR USE</u>**

Defendant Hasbro Inc. ("Hasbro") hereby submits this Memorandum of Law in support of its Objection to Plaintiff Michael Bowling's ("Bowling") Motion to Preclude Hasbro from asserting the defense of Prior Use. For the reasons stated herein, this Court should deny the motion in its entirety. Bowling argues that the fact that Hasbro omitted the prior use defense from its Amended Answer and Counterclaims precludes it from now raising that defense at trial. This argument is unavailing for several reasons.

Hasbro has argued prior use throughout this litigation, leading up to trial. The facts that support Hasbro's claim of prior use arose from Bowling's own statements, confirmed at his deposition, that he had created the dice in question years earlier only to put them aside for several years until he was competing his MBA thesis.

Hasbro removed the articulation of the defense in the Amended Answer and Counterclaims in part because the defense was inconsistent, factually, with Bowling's new story,

that he had never made any of these dice prior to 1999, a story that was consistent with the testimony of Albert Lizarraga, who indicated that Bowling had provided him with only a vague description of the dice. Because Hasbro credited Mr. Lizarraga's testimony, and because it "fit" with Bowling's new version of the development of the dice, Hasbro removed its prior use defense.

This Court has since ruled that Bowling is in fact the inventor of the dice and found Mr. Lizarraga's testimony not to be sufficiently credible to change the inventorship of the patent in suit. In light of that ruling, and since that ruling, Hasbro has articulated the prior use defense, including in its pretrial memorandum. Despite seeing that defense in the pretrial memorandum, Bowling did not object to its inclusion by bringing a timely motion *in limine* (those being due by stipulation no later than December 19, 2007 (*see* Docket No. 121)).

The principal purpose behind the doctrine that claims and defenses not found in the pleadings shall not be permitted is to avoid unfair prejudice to a party. *See, e.g.*, *Marine Office of America Corp. v. Lilac Marine Corp.*, 296 F.Supp. 2d 91, 98 (D.P.R. 2003) ("The substance of certain unpleaded affirmative defenses may be asserted at a later stage of the proceedings if there is no prejudice to the opposing party, the defense was raised at a pragmatically sufficient time or when justice so requires."). This case does not present a situation in which Bowling will be prejudiced by Hasbro's assertion of the defense of prior use.

Bowling has been aware of Hasbro's reliance on this defense since early on in this litigation. When Hasbro withdrew the defense from the Amended Answer and Counterclaims, Bowling was aware that Hasbro was asserting that he as not the inventor, therefore, rendering the defense unnecessary. Once the Court ruled on the issue of inventorship, Bowling knew or should have known that Hasbro intended to assert the prior use defense.

Furthermore, Bowling had the opportunity to pursue the exclusion of this defense earlier in this litigation. Hasbro asserted the prior use defense in its pre-trial memorandum. Bowling could have moved *in limine*, as both parties did on several issues, to exclude this defense. He elected not to. Now, on the eve of trial, Bowling seeks to exclude a defense that he has been aware of throughout the history of this litigation. Bowling's silence in the face of the clear intent of Hasbro to assert the defense of prior use amounts to implied consent to trial of that defense. *See* Fed. R. Civ. Proc. 15(b) ("“When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time . . .").

Preclusion of the defense is clearly improper here. Ordinarily, the proper remedy is to allow an amendment to the pleadings to conform to the evidence. *See* Fed. R. Civ. Proc. 15(b). However, that is not necessary. The Plaintiff is and has been perfectly aware of Hasbro's assertion of the defense of prior use. As such, this Court should not preclude the assertion of the prior use defense at this stage.

For the reasons set forth herein, Hasbro respectfully requests that this Court deny Plaintiff's Motion to Preclude Hasbro from Asserting the Defense of Prior Use.

Respectfully submitted,

HASBRO, INC.
By its Attorneys,

/s/ Jeffrey K. Techentin___________
Todd D. White (# 5943)
twhite@apslaw.com
Jeffrey K. Techentin (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: March 7, 2008

Of Counsel:

David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

**CERTIFICATE OF SERVICE**

TO:

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas J. Leach, Esq.
Anthony R. Zeuli, Esq.
Douglas J. Williams, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

David K. S. Cornwell, Esq.
Tracy-Gene G. Durkin, Esq.
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

I hereby certify that I filed the within Objection to Plaintiff's Motion to Preclude Hasbro from Asserting the Defense of Prior Use and the Memorandum in Support thereof through the ECF system on the 7th of March, 2008, and that notice will be sent electronically to the above-named counsel who are registered participants identified on the Mailing Information for Case No. 05-229S.

/s/ Jeffrey K. Techentin________

*447216_1*