IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 05-229S |
| v. | : | |
| | : | |
| HASBRO, INC., | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OBJECTION TO HASBRO'S REQUEST FOR JUDICIAL NOTICE AND HIS CROSS-MOTION TO PRECLUDE FROM USE AT TRIAL NEWLY-PRODUCED LICENSE AGREEMENTS**

Plaintiff, Michael Bowling ("Bowling"), respectfully submits this memorandum of law in opposition to Defendant's, Hasbro, Inc. ("Hasbro"), Notice of Request for Judicial Notice and in support of his Motion to Exclude Newly-Produced Evidence.

## I. INTRODUCTION

To prove a claim of copyright infringement, Hasbro must prove ownership, access and substantial similarity. *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L. Ed. 358 (1991); *Lotus Dev. Cop. v. Borland Int'l Inc.*, 49 F.3d 807, 813 (1st Cir. 1995) (collecting cases), aff'd 516 U.S. 233 (1996). During discovery Hasbro failed to produce facts that establish its ownership of the alleged copyrights at issue. Hasbro is not the "claimant"—or owner—of any of the twenty-one copyrights that are the subject of its Counterclaim. Rather, it asserts the right to enforce the copyrights pursuant to two separate license agreements that it first produced last Friday despite Bowling's two-year-old document requests for all license agreements concerning the copyrights at issue. Facing likely exclusion of this evidence at trial,

Hasbro asks this Court to take judicial notice of "facts" that are in dispute, not legally supportable and result from late-produced documents. Remarkably, Hasbro engages in these procedural machinations even though the gross profit from the sale of the accused figurines approximates $170. Not only should the Court deny Hasbro's request for judicial notice, but the license agreements and the Vanasse Declaration should be excluded.

## II. ARGUMENT

### A. Hasbro Fails to Meet its Burden of Establishing that the Facts Asserted in its Request Should be Judicially Noticed.[1]

"[A] party requesting judicial notice bears the burden of persuading the trial judge that the fact is a proper matter for judicial notice." *Hurd v. Garcia*, 454 F. Supp.2d 1032, 1055 (S.D. Cal. 2006) (quoting *In re Tyrone F. Conner Corporation,* 140 B.R. 771, 781 (E.D. Cal. 1992)). Judicial notice primarily serves to advance judicial economy. Efficiency, however, cannot trump procedural fairness:

> Ours is a system that seeks the discovery of truth by means of a managed adversarial relationship between the parties. If we were to allow judges to bypass this system, even in the interest of furthering efficiency or promoting judicial economy, we would subvert this ultimate purpose. As Rule 201(b) teaches, judges may not defenestrate established evidentiary processes, thereby rendering inoperative the standard mechanisms of proof and scrutiny, if the evidence in question is at all vulnerable to reasonable dispute.

[1] Likely anticipating that Bowling would object to the authenticity of documents that he requested in discovery, but Hasbro refused to produce, Hasbro circumvented the local rule concerning requests to authenticate public records:

> A party that intends to offer into evidence an official record…, a public document…, or a certified record…may serve such record on the opposing party at least twenty (20) days prior to trial, together with a request that the opposing party admit the authenticity of such document. The authenticity of such document shall be deemed admitted by the party served unless, within ten (10) days thereafter, that party serves and files an objection.

L.R. 44.

*Lussier v. Runyon*, 50 F.3d 1103, 1114 (1st Cir. 1995), *cert. denied*, 516 U.S. 815, 116 S.Ct. 69, 133 L.Ed.2d 30 (1995); s*ee also Barr Rubber Prods. Co. v. Sun Rubber* Co., 425 F.2d 1114, 1125-26 (2d Cir. 1970), *cert. denied*, 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970); *Korematsu v. United States*, 584 F.Supp. 1406, 1415 (N.D.Cal.1984) ("Care must be taken that Rule 201 not be used as a substitute for more rigorous evidentiary requirements and careful factfinding"). For this reason, the Court should "dispens[e] with traditional methods of proof **only in clear cases**." F.R.E. 201, *Note to Subdivision (b)* (emphasis added). "A high degree of indisputability is the essential prerequisite." *Id*.

In light of these principles, a party meets its burden of persuading the Court that the adjudicative fact is proper for notice under Federal Rule of Evidence 201 where the fact is one "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." F.R.E. 201(b); *see also Lozano v. Ashcroft*, 258 F.3d 1160, 1165 (10th Cir. 2001); *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) ("the fact must be one that only an unreasonable person would insist on disputing"). In applying this rule to documentary evidence, the Court should be especially cautious only to take judicial notice of the fact that the document exists, but not otherwise take judicial notice of the disputed facts contained therein. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).

Hasbro failed to meet its burden that any of its purported facts are proper for judicial notice. Hasbro requests that this Court take judicial notice:

1. That Hasbro has registered with the United States Copyright Office the twenty-one copyrights at issue in its Counterclaim;

2. That TSR, Inc., also known as TSR Games, TSR Hobbies, Inc., and Tactical Studies Rules, licensed to Hasbro its right, title and interest in the copyrighted works, and the right to enforce such copyright interests has been delegated to Hasbro; and

3. That Wizards of the Coast, Inc. licensed to Hasbro its right, title and interest in the copyrighted works, and the right to enforce such copyright interests has been delegated to Hasbro.

In support of these requests, Hasbro attaches website printouts (not registrations issued by the United Stated Copyright Office) of the copyrights at issue, selective excerpts of the purported copyrighted works, the Declaration of Paul N. Vanasse, an undisclosed witness, and two license agreements not produced in discovery. None of these documents are sources "whose accuracy cannot reasonably be questioned," and Bowling reasonably disputes the facts alleged. Accordingly, judicial notice is inappropriate.

**B. <u>The Declaration of Paul Vanasse and Purported Licenses Are Not Sources Whose Accuracy Cannot Reasonably Be Questioned</u>.**

Prior to February 29, 2008, Hasbro had not, at any time, identified Paul N. Vanasse as an individual possessing discoverable material, as required by Fed. R. Civ. P. 26. Bowling did not have the opportunity to depose him. Nor is he listed by Hasbro as a witness for trial. Thus, despite the fact that Hasbro relies exclusively upon Vanasse's declaration testimony to establish its right to enforce the copyrights at issue,[2] Bowling

[2] *See* Hasbro's Memo in Support of Notice of Request for Judicial Notice, p. 6: "In connection with those acquisitions, both TSR, Inc. and Wizards of the Coast, Inc., licensed all of their present and future

was never given the opportunity to test Vanasse's opinions and testimony during the discovery process.

The Vanasse Declaration, which is hearsay, advances legal conclusions, not adjudicative facts, and its accuracy is in dispute. Examples abound. His interpretation of the license agreements and recitation of Hasbro's rights thereunder are not supported by the underlying documents.[3] Moreover, he provides no evidentiary support for certain of his claims. The Vanasse Declaration states that TSR, Inc. has also done business as "TSR", "TSR Hobbies, Inc." and "Tactical Studies Rules." (Vanasse Decl. ¶ 27.) No support for this statement is evident from documents Bowling requested and Hasbro produced in discovery.

Even more troubling is that Hasbro expressly refused to produce in discovery the very license agreements (Exhibits AA and BB) that it now presents as material evidence of "ownership"—the right to enforce the copyrights at issue—and asks this Court to take judicial notice of their authenticity and contents. This Court cannot take judicial notice of the license agreements for two reasons. First, Courts generally cannot take judicial notice of the authenticity or the content of documents that are exclusively in the possession of a party and not part of the public record. *See, e.g., Murakami v. U.S.*, 46 Fed. Cl. 731, 739 (2000). This is because such documents "are neither generally known nor indisputable." *Id*. Accordingly, since the purported adjudicative facts of Hasbro's Request Nos. 2 and 3 for Judicial Notice are derived entirely from these documents that

---

copyrights to Hasbro and delegated the right to enforce such copyrights to Hasbro. *See* Declaration of Paul Vanasse at ¶¶ 28-33 and **Exhibits AA** and **BB** thereto."

[3] Namely, he asserts that Wizards of the Coast, Inc. has delegated to Hasbro the right to enforce the copyrights at issue; however, the operative license agreement reads that Wizards of the Coast, Inc. may delegate. Hasbro has produced no such evidence of actual delegation, and the legal effect of any such delegation is likely to be in dispute as well.

were not produced in discovery and are in dispute, this Court should not take judicial notice of Requests 2 and 3, nor should it take judicial notice of the authenticity and contents of the license agreements and the Vanasse Declaration.

**C. The License Agreements Should be Precluded from Evidence.**

Hasbro should be precluded from introducing this newly-produced evidence at trial. *See* F.R.Civ.P 37. In November, 2007, this Court ordered the exclusion of Hasbro's newly-presented prior art evidence, stating: "At this point in the proceedings, discovery has long been closed, the summary judgment stage has passed, and trial is just around the corner. Because this Court finds that late disclosure is neither harmless nor justified,…the prior art evidence shall be excluded." [Dkt. No. 113.] Four months later, and less than two weeks before trial, this sentiment applies with even greater force to these long sought and just produced license agreements.

Hasbro's latest discovery violation is similarly neither harmless nor justified. Hasbro has repeatedly refused to produce the license agreements despite Bowling's requests:

> **REQUEST NO. 82:** All license agreements concerning copyrights Hasbro asserts against Bowling.
>
> **OBJECTION:** Hasbro objects to Request No. 82 to the extent that it seeks information not relevant to any claim or defense of any party to this action, and further on the grounds that it is overbroad and unduly burdensome.

(The Objections and Responses to Plaintiff Bowling's Fourth Set of Document Requests to Defendant Hasbro, Inc. ("Fourth RPD"), are attached hereto as Exhibit A.)

> **REQUEST NO. 56:** All documents concerning Hasbro's or any of Hasbro's predecessors, including TSR, Inc. or Wizards of the Coast, disputes or litigation related to the copyrights asserted in Hasbro's counterclaims, including any cease and desist letters, letters, memos, complaints, settlements, and/or licenses.
>
> **OBJECTION:** Hasbro objects to Request No. 56 on the grounds that it seeks information not relevant to any claim or defense of any party to this action, and that it is both vague and ambiguous, as it seeks documents concerning undefined "disputes," and overbroad and unduly burdensome.
>
> **RESPONSE:** Subject to and without waiver of the foregoing general and specific objections, Hasbro is not aware of any documents in its possession or control that constitute or concern cease and desist letters or legal proceedings involving alleged infringement of the Mind Flayer, Cockatrice, and Beholder depictions protected by the copyrights at issue in Hasbro's counterclaim.

(The Objections and Responses to Plaintiff Bowling's Second Set of Document Requests to Defendant Hasbro, Inc. ("Second RPD"), are attached hereto as Exhibit B.)

> **REQUEST NO. 43:** All documents concerning Hasbro's Counterclaims for copyright infringement.
>
> **RESPONSE:** Subject to and without waiver of the foregoing general objections, responsive documents have been or will be produced.

(The Objections and Responses to Plaintiff Bowling's First Set of Document Requests to Defendant Hasbro, Inc. ("First RPD"), are attached hereto as Exhibit C.)

Hasbro's objections and responses to Bowling's discovery requests evidence a knowing refusal to produce the license agreements, and they and their contents should be precluded from use at trial.

### D. The Court Should Not Take Judicial Notice That Hasbro Has Registered the Copyrights at Issue with the Copyright Office.

Hasbro requests that this Court take judicial notice that **Hasbro itself** has registered with the United States Copyright Office the twenty-one copyrights at issue in its counterclaims. (*See* Hasbro's Memo. in Support of Notice of Request for Judicial

Notice, p. 1.) Although it is generally accepted that the Court may take judicial notice of a federal copyright registration, *see Island Software and Computer Service, Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (1st Cir. 2005), Bowling is unaware of any case law wherein a court could, or did, take judicial notice of website printouts as evidence of copyright ownership, likely because website printouts and partial deposit copies are an inadequate substitute for certified copies of registrations sufficient to satisfy Fed. R. Evid. 902(4).

Even if this Court were to take judicial notice that the copyrights at issue are registered, this only provides *prima facie* evidence of the validity of the copyrights, such that the holder of the registration certificate need not put on evidence of ownership or originality in the copyrighted work. *See Educ. Testing Serv. v. Simon,* 95 F.Supp.2d 1081, 1087 (C.D. Cal. 1999) (emphasis added). In other words, this Court is constrained to take judicial notice of the information that is self-evident from the registration certificate. Hasbro is not listed as registrant on a single one of the twenty-one registrations that it seeks to have judicially noticed. Accordingly, while the Court may take judicial notice of registrations, the particular fact asserted, namely that "Hasbro has registered…", cannot be judicially noticed.

Moreover, to the extent the Court takes judicial notice of these third party registrations, the judicial notice should not include the purported excerpts of the copyrighted materials that Hasbro included with the website printouts and attached as Exhibits A through Y to its memorandum. *See Allen v. Ghoulish Gallery*, 2007 WL 4207923, *2 (S.D. Cal. 2007) (attached hereto as Exhibit D.). In *Allen*, Edward Allen, requested that the court take judicial notice of his copyright and proffered what Allen

claimed to be a duplicate copy of the CD submitted to the Copyright office. Allen testified that he did not personally submit any audiovisual material to the Copyright Office; rather, he applied through a third-party registrar. The court noted that Allen did not call the individual who registered the copyright, nor did he obtain a certified copy of the CD from the Copyright Office, which might have been self-authenticating under Fed.R.Evid. 902(4). Thus, the Court found that plaintiff "failed to authenticate the CD-ROM as a copy of the audiovisual material covered by the copyright registration." *Id*. at *2. The court took judicial notice of the Allen's copyright registration, but refused to take judicial notice that the unauthenticated materials that Allen sought to introduce at trial were the work presented to the Copyright Office and covered by the copyright.

Hasbro similarly failed to authenticate the materials purportedly covered by the copyrights.[4] Hasbro presents only select pages from the works purportedly protected by the copyrights, thereby omitting potentially relevant pages. This does not satisfy the requirements of Fed. R. Evid. 902(4) (requiring certified copies of public records for self-authentication) or the requirements of Fed. R. Evid. 901 (requiring evidence sufficient to show the document is what the proponent claims). Hasbro failed to present certified, self-authenticating copies of the work from the Copyright Office.

[4] Hasbro, like Allen, did not register any of the copyrights at issue.

## III. CONCLUSION

For the foregoing reasons, Plaintiff Michael Bowling respectfully requests that this Court deny Defendant Hasbro, Inc.'s Requests for Judicial Notice and grant his Motion to Exclude Newly-Produced Evidence.

Michael Bowling,
By His Attorneys,

Date: March 7, 2008

s/Thomas J. Leach

Thomas J. Leach, MN (*pro hac vice*)
Anthony R. Zeuli, MN (*pro hac vice*)
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Phone: 612.332.5300
Fax: 612.332.9081

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

**CERTIFICATE OF SERVICE**

TO:

Todd D. White, Esq.
Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

David K. S. Cornwell, Esq.
Tracey-Gene G. Durkin, Esq.
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue N.W.
Washington, DC 20005

I hereby certify that the within *Memorandum of Law in Support of Plaintiff's Objection to Hasbro, Inc.'s Notice of Request for Judicial Notice and in support of his Motion to Exclude Newly-Produced Evidence* was filed through the ECF system on the 7th day of March, 2008, and will be sent electronically to the above-named counsel who are registered participants identified on the Notice of Electronic Filing for Case No. 05-229S.

s/Thomas J. Leach
Thomas J. Leach