# EXHIBIT A

ADLER POLLOCK & SHEEHAN P.C.

One Citizens Plaza, 8th floor
Providence, RI 02903-1345
Telephone 401-274-7200
Fax 401-751-0604 / 351-4607

175 Federal Street
Boston, MA 02110-2210
Telephone 617-482-0600
Fax 617-482-0604

www.apslaw.com

March 6, 2008

***Via Hand Delivery***

The Honorable William E. Smith
United States District Judge
District of Rhode Island
One Exchange Terrace
Federal Building and Courthouse
Providence, RI 02903

Re: ***Michael Bowling v. Hasbro, Inc.***
C.A. No. 05-229S

Dear Judge Smith:

In follow-up to the argument on Plaintiff's Motion *in Limine* to Exclude Evidence of Settlement Offers and Negotiations, we have now had an opportunity to review the *Hanson v. Alpine Ski Area, Inc.* case (718 F.2d 1075 (Fed. Cir. 1983)) and its progeny. Upon consideration of that material, Hasbro submits that Rule 408 would in this case preclude the introduction of any evidence of the specific terms and conditions of settlement offers and negotiations, but would not forbid the introduction of "general information about the existence of prior agreements or negotiations." *Inline Connection Corp. v. AOL Time Warner, Inc.*, 470 F. Supp. 2d 435, 444 (D. Del. 2007).

More specifically, the caselaw suggests that "the Federal Circuit, as well as other courts, has squarely held that in patent infringement litigation such as this the rates paid in the industry as a result of settlement negotiations may not be considered since they do not accurately reflect what a willing licensee would pay a willing licensor in an arm's length negotiation." *Donnelly Corp. v. Gentex Corp.*, 918 F. Supp. 1126, 1133-34 (W.D. Mich. 1996). Here, that means that specific terms of any offers or demands made post-infringement would be irrelevant to the reasonable royalty calculation. However, the underlying fact that the parties engaged in licensing negotiations is germane and admissible on the issues of willfulness and whether this case is "exceptional" within the meaning of the Patent Act. As the Court may be aware, after Hasbro discovered Plaintiff's patent in the *Patent Gazette*, it contacted Bowling to explore the possibility of taking a license and once those negotiations proved fruitless, it promptly issued change orders directing the discontinuation of the accused dice in its products. That information is directly relevant to both willfulness and the case's status as "exceptional" and should not be excluded.

ADLER POLLOCK & SHEEHAN P.C.

The Honorable William E. Smith
United States District Judge
District of Rhode Island
March 6, 2008
Page 2

***Via Hand Delivery***

Accordingly, Hasbro submits that the Plaintiff's motion should be granted in part and denied in part, precluding the admission of specific terms and conditions of any settlement negotiations but not precluding testimony or other evidence showing the fact of negotiations.

Respectfully yours,

JEFFREY K. TECHENTIN
jtechentin@apslaw.com

pc: All counsel of record (by electronic mail)

*446893_1.doc*