IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING,<br>a Resident of Arizona,<br><br>Plaintiff,<br>v.<br><br>HASBRO, INC.,<br>a Rhode Island Corporation,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 05-229S |

**PLAINTIFF'S REPLY TO DEFENDANT'S OBJECTION TO MOTION IN *LIMINE* TO EXCLUDE PRIOR ART EXHIBITS**

## I. Introduction

In response to Plaintiff Michael Bowling's ("Bowling") Motion in Limine to exclude Defendant Hasbro, Inc.'s ("Hasbro") prior art exhibits, Hasbro conceded that it will not seek to introduce prior art from 36 exhibits.[1] With respect to the remaining 28 exhibits, Hasbro argued that it would not seek to enter them as evidence of invalidity, but only to show non-infringing alternatives. Hasbro, however, failed to update its interrogatory responses to include these prior art references as non-infringing alternatives. Bowling is now left with insufficient time to address these new contentions. Furthermore, exclusion of prior art under 35 U.S.C § 282 is not limited to the issue of invalidity. Rather, 35 U.S.C. § 282 is intended to prevent the very unfair and prejudicial surprise Hasbro has created with its last-minute disclosure. Thus, the Court should entirely exclude Hasbro's prior art exhibits.

[1] Hasbro Exhs. FJ, FP, FU, FW-FY, GG-GO, GQ-GV, GX-HC, HE-HI, HK, HQ, HV.

## II. Argument

### A. Hasbro's Prior Art Exhibits Should Be Excluded under Federal Rule of Civil Procedure 37(c).

A party who has a duty to supplement incomplete interrogatory responses in a timely manner. Fed. R. Civ. P. 26(e). If a party fails to supplement in a timely manner, any information not provided in the original response may not be used at trial, unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c). Where a party waits until trial to disclose evidence to support a theory which was not presented in an interrogatory response, the failure to supplement is neither justified nor harmless. *MicroStrategy Inc. v. Business Objects, S.A.*, 429 F.3d 1344, 1356 (Fed. Cir. 2005) (excluding evidence supporting an expert's theory on damages at trial because the party failed to supplement its response required to an interrogatory that required the party to identify its damages theories and factual basis).

Hasbro failed to supplement its interrogatory responses to include any of the prior art in its exhibits as a non-infringing alternative. Bowling's first set of interrogatories included the following:

**INTERROGATORY NO. 9:**

Identify all dice, if any, that Hasbro contends constitute acceptable, non-infringing substitutes to the invention disclosed and claimed in the '197 patent, and identify all persons with knowledge of facts that relate to this contention.

(Pl.'s First Set of Interrs. to Def. at 13 (Sept. 16, 2005). In response, Hasbro only identified "[a]ny traditional six-sided die (roughly in the form of a cube)" as non-infringing alternative. (Def.'s Obj. and Res. to Pl.'s First Set of Interrs. at 10 (Nov. 28, 2005).) Hasbro never supplemented this response. Now, Hasbro argues that it will enter numerous prior art references in 28 exhibits showing a myriad of dice shapes beyond a cube. Hasbro has had the prior art

reference in these exhibits for a long time, but never bothered to comply with its duty to supplement it interrogatory response. Under Rule 37(c), the Court should exclude these references.

**B. Hasbro's Prior Art Exhibits Should Be Excluded under 35 U.S.C. §282**.

Hasbro concedes that it is prohibited under 35 U.S.C. § 282 from entering its prior art exhibits to show invalidity. Nevertheless, Hasbro argues that § 282 does not preclude it from entering prior art to show non-infringing alternatives. Hasbro reads § 282 too narrowly.

Under § 282, a party's failure to notify a patentee of the particular prior art that it will rely on to show the state of the art should exclude that prior art from trial. The phrase "the state of the prior art" is not, as Hasbro contends, limited to the issue of obviousness. The language of § 282 is not limited to validity, but covers "actions involving the validity *or* infringement of a patent." 35 U.S.C. § 282 (emphasis added). According to this language, the duty to disclose prior art exists even in the absence of an obviousness defense. Furthermore, the purpose behind § 282 is not limited to validity, but to prevent unfair and prejudicial surprise. *Eaton Corp. v. Appliance Valves Corp.*, 790 F.2d 874, 878 (Fed. Cir. 1986). "Thus, notice of prior art must not be such as effectively to preclude an opportunity for the opposing party to prepare to address it at trial." *Id.* Given that trial is almost at hand, Hasbro's tardy indication that it intends to rely on 28 references to show the state of the art of possible non-infringing alternatives effectively precludes Bowling the opportunity to prepare to address those contentions at trial.

## IV. Conclusion

Hasbro violated the rules governing discovery by failing to update its interrogatory response to include the prior art in 28 exhibits. Hasbro also violated 35 U.S.C § 282 by failing to

give Bowling sufficient notice to allow him to prepare for trial. Thus, Hasbro's prior art exhibits should be excluded.

Michael Bowling,
By His Attorneys,

Date: March 10, 2008

/s/ Thomas J. Leach
Thomas J. Leach, MN (*pro hac vice*)
Anthony R. Zeuli (*pro hac vice*)
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Phone: 612.332.5300
Fax: 612.332.9081

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

**CERTIFICATE OF SERVICE**

TO:

Todd D. White, Esq.
Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

David K. S. Cornwell, Esq.
Tracey-Gene G. Durkin, Esq.
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue N.W.
Washington, DC 20005

I hereby certify that the within *PLAINTIFF'S REPLY TO DEFENDANT'S OBJECTION TO MOTION IN LIMINE TO EXCLUDE PRIOR ART EXHIBITS* was filed through the ECF system on the 10th day of March, 2008, and will be sent electronically to the above-named counsel who are registered participants identified on the Notice of Electronic Filing for Case No. 05-229S.

/s/ Thomas J. Leach