IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING,<br>a Resident of Arizona,<br><br>Plaintiff,<br>v.<br><br>HASBRO, INC.,<br>a Rhode Island Corporation,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 05-229S |

**PLAINTIFF MICHAEL BOWLING'S REPLY TO DEFENDANT HASBRO, INC.'S OBJECTION TO MOTION TO EXCLUDE PRIOR USE DEFENSE.**

In an effort to justify its untimely attempt to amend its pleadings, Defendant Hasbro, Inc. ("Hasbro') improperly places the onus on Plaintiff Michael Bowling ("Bowling"). Given Hasbro's considerable lapse between withdrawing and reasserting its prior use defense, Hasbro carries the burden for justifying its neglect and delay. Bowling's motion merely alerts the Court to Hasbro's failure to comply with the Federal Rules of Civil Procedure and to carry the burden of justifying its untimely and unsanctioned pleading amendment.

**I. Bowling's Motion is Not a Motion in Limine**

A motion in limine is "a pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Black's Law Dictionary* (8th ed. 2004). Bowling's motion does not relate to inadmissible evidence, but to improper pleading amendments. Hasbro never sought leave from the Court to reassert a previously withdrawn affirmative defense as required by Rule 15. Hasbro never supplemented is interrogatory responses as required by Rule 26. Hasbro has made no attempt to justify its neglect and delay as required by the First Circuit. Bowling's motion merely alerts the Court to these shortcomings.

## II. Hasbro Carries the Burden of Justifying Its Neglect and Delay

In considering whether to allow an amended pleading, "it is clear that 'undue delay' can be the basis for denial." *Hayes v. New England Millwork Dist., Inc.*, 602 F.2d 15, 19 (1st Cir. 1979) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). The First Circuit routinely denies leave to amend a pleading where a considerable amount of time has passed between the filing of the pleading and a motion to amend and the moving party has not shown some "valid reason for [its] neglect and delay."[1] *Mass. Eye & Ear Infirmary v. QLT Phototherapeutical, Inc.*, 412 F.3d 215, 231 (1st Cir. 2005); *Acosta-Mestre v. Hilton Int'l*, 156 F.3d 49, 51-52 (1st Cir. 1998); *Grant v. News Group*, 55 F.3d 1, 6 (1st Cir. 1995); *Stepanishen v. Merchants Despatch Transp. Corp.*, 722 F.2d 922, 933 (1st Cir. 1983); *Tiernan v. Blyth, Eastmanm Dillon & Co.*, 719 F.2d 1, 4 (1st Cir. 1983); *Hayes*, 602 F.2d at 19. Moreover, the First Circuit routinely denies leave to amend after the close of discovery. *Torres-Rios Lab.*, 152 F.3d 11, 16 (1st Cir. 1998); *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 139 (1st Cir. 1985).

Hasbro waited nearly 19 months and long after the close of discovery to re-raise its prior use defense.[2] Hasbro withdrew its prior use defense in its Amended Answer and Counterclaim, filed on May 26, 2006. (Docket No. 35.) The Court acknowledged this withdrawal in its Memorandum and Order granting Hasbro's Motion for Leave to Amend Affirmative Defenses and Counterclaims. (Memo. and Order at 2 (May 19, 2006) (**"First, [Defendant's proposed amendment] would remove Defendant's prior public use invalidity defense (35 U.S.C. § 102(b)) from this case."**).) Furthermore, Hasbro amended its interrogatory responses to remove its prior use as a basis for invalidity. (*Compare* Def.'s Objs. and Resp. to Pl.'s First Set of Inters.

---

[1] Notably, Hasbro has still not properly moved for leave to amend its answer and counterclaims as required by Federal Rule of Civil Procedure 15(a). Hasbro is well aware of this rule. It previously filed a Motion for Leave to Amend before entering its Amended Answer and Counterclaims. (Docket No. 27.)

[2] In fact, Hasbro continues its undue delay as it has yet to file a motion for leave to amend its pleading. *Supra, n. 1*.

at 2-3 (Nov. 28, 2005), *with*, Def.'s Amended Objs. And Resps. to Pl.'s First Set of Inters., Inter. No. 1 at 2-3 (May 5, 2006).) (Attached hereto as Exhibit A.) Hasbro never supplemented its response to reassert a prior use defense.[3] In fact, Hasbro did not re-raise a prior use defense until its Pretrial Memorandum, filed on December 12, 2007. Fact discovery closed eleven months earlier on January 20, 2007, and expert discovery closed eight months earlier on April 20, 2006. Thus, under First Circuit precedent, Hasbro should not be permitted to amend its pleading.

## III. Conclusion

For the foregoing reasons, Hasbro's prior use defense should be excluded.

Michael Bowling,
By His Attorneys,

Date: March 11, 2008

s/Thomas J. Leach___________
Anthony R. Zeuli *(pro hac vice)*
Thomas J. Leach, MN (*pro hac vice*)
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 332-5300
(612) 332-9081 (Facsimile)

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

[3] Hasbro's failure to supplement its interrogatory response as required by Federal Rule of Civil Procedure 26(e) is another ground for excluding its prior use defense. Fed. R. Civ. P. 37(c)(1).

**CERTIFICATE OF SERVICE**

TO:

Todd D. White, Esq.
Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

David K. S. Cornwell, Esq.
Tracey-Gene G. Durkin, Esq.
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue N.W.
Washington, DC 20005

I hereby certify that the within *Plaintiff Michael Bowling's Reply to Defendant Hasbro, Inc.'s Objection to Motion to Exclude Prior Use Defense* was filed with the Court on the 11th day of March, 2008, and will be sent electronically to the above-named counsel.

s/Thomas J. Leach
Thomas J. Leach