# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**HASBRO' AMENDED OBJECTIONS AND RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES, INTERROGATORY NO. 1**

Pursuant to Rule 26 and Rule 33 of the Federal Rules of Civil Procedure, Defendant Hasbro, Inc. ("Hasbro") hereby amends its prior responses to the Plaintiffs' First Set of Interrogatories (the "Interrogatories") as follows.

**GENERAL OBJECTIONS**

1. Hasbro objects to the Interrogatories, and the definitions and instructions contained therein, to the extent that they purport to expand upon Hasbro's obligations under the Federal Rules of Civil Procedure.

2. Hasbro objects to the Interrogatories, and the definitions and instructions contained therein, to the extent they seek the disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine and any other applicable privilege or immunity.

3. Hasbro objects to the Interrogatories, and the definitions and instructions contained therein, to the extent that they are overly broad, unduly burdensome, and/or seek information not relevant to the claim or defense of any party to this action.

4. Hasbro objects to the Interrogatories, and the definitions and instructions

contained therein, to the extent that they request information that is as readily accessible to the Plaintiff as it is to Hasbro. Hasbro has no obligation to undertake any investigation for the Plaintiff.

5. Hasbro objects to the definition of "Describe" contained in the Interrogatories to the extent it seeks to require Hasbro to identify facts and documents "desirable to make such statement and/or description complete," as that definition is both vague and ambiguous. Hasbro cannot ascertain what information the Plaintiff might deem "desirable" in response to the Interrogatories.

6. Discovery in this case is ongoing. Hasbro reserves the right to supplement its responses and objections should additional information become available. These general objections are incorporated into each of the specific answers to the Interrogatories.

**SPECIFIC OBJECTIONS AND RESPONSES**

1. Describe all facts and reasons for Hasbro's contention that the '197 patent is invalid or unenforceable. For each reference or combination of references that Hasbro contends invalidates the '197 patent, specifically identify where each claim element is found in the reference or combination of references. The description should also include a full description of all facts supporting the contention, identification of any documents concerning the contention, and the identity of all persons with knowledge of facts concerning the contentions.

**RESPONSE:** Hasbro contends that the '197 patent is invalid and unenforceable as a result of the fact that the die construction claimed in the '197 patent, was invented either (a) individually by Albert Lizarraga and not the plaintiff, or (b) jointly by Albert Lizarraga and the plaintiff, and as a result of the fact that Mr. Bowling breached his duty of candor and good faith to the U.S. Patent and Trademark Office by making an affirmative misrepresentation of a material fact, and/or by failing to disclose material information, and/or by submitting false material information, coupled with an intent to deceive, specifically by failing to disclose the involvement of Albert Lizarraga in the invention of the subject matter of the '197 patent to the U.S. Patent and Trademark Office or affirmatively misrepresenting to the U.S. Patent and

Trademark Office the facts relating to the invention of the die. The patent is further unenforceable against Hasbro as a result of Hasbro's acquisition of the Albert Lizarraga's rights in the invention. The plaintiff, his counsel, Albert Lizarraga, and Susan Lizarraga have information relevant to this contention.

Hasbro further contends that the plaintiff breached his duty of candor and good faith to the U.S. Patent and Trademark Office, and that the patent is invalid and/or unenforceable as a result, by virtue of the plaintiff's affirmative misrepresentation of a material fact and/or failure to disclose material information, and/or submission of false material information, coupled with an intent to deceive, specifically by representing to the U.S. Patent and Trademark Office the fact that the plaintiff had discovered material advantages in the use of the die construction claimed in the '197 patent, and by implication that the plaintiff had manufactured and tested the claimed die construction, when, in fact, the plaintiff had never produced any die in the form claimed in the patent, and therefore could not have performed any testing or other analysis upon which the plaintiff could make any representation regarding discovered advantages to the die construction. The plaintiff and his counsel have information relevant to this contention.

I. Christine A. Meehan, am employed by Hasbro, Inc. as a paralegal in Hasbro, Inc.'s corporate counsel's office. I have assembled the information required to answer these interrogatories. Although I do not have personal knowledge of all the information contained herein, I am executing these Answers on behalf of Hasbro, Inc. I affirm my good faith basis as to the accuracy of the information so provided.

For the Defendant, Hasbro, Inc.

Christine A. Meehan

As to Objections for the Defendant

HASBRO, INC.
By its Attorneys,

Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: May ___, 2006

I, Christine A. Meehan, am employed by Hasbro, Inc. as a paralegal in Hasbro, Inc.'s corporate counsel's office. I have assembled the information required to answer these interrogatories. Although I do not have personal knowledge of all the information contained herein, I am executing these Answers on behalf of Hasbro, Inc. I affirm my good faith basis as to the accuracy of the information so provided.

For the Defendant, Hasbro, Inc.

______________________
Christine A. Meehan

As to Objections for the Defendant

HASBRO, INC.
By its Attorneys,

______________________
Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: May 5, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of May 2006, I caused a true copy of the within to be served on the following individuals by regular mail, postage prepaid:

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Of Counsel:

Thomas J. Leach, Esq.
Douglas J. Williams, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

David K. S. Cornwell, Esq.
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

[signature]

*380549_1*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**HASBRO' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to Rule 26 and Rule 33 of the Federal Rules of Civil Procedure, Defendant Hasbro, Inc. ("Hasbro") hereby responds to the Plaintiffs' First Set of Interrogatories (the "Interrogatories") as follows.

**GENERAL OBJECTIONS**

1. Hasbro objects to the Interrogatories, and the definitions and instructions contained therein, to the extent that they purport to expand upon Hasbro's obligations under the Federal Rules of Civil Procedure.

2. Hasbro objects to the Interrogatories, and the definitions and instructions contained therein, to the extent they seek the disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine and any other applicable privilege or immunity.

3. Hasbro objects to the Interrogatories, and the definitions and instructions contained therein, to the extent that they are overly broad, unduly burdensome, and/or seek information not relevant to the claim or defense of any party to this action.

4. Hasbro objects to the Interrogatories, and the definitions and instructions

contained therein, to the extent that they request information that is as readily accessible to the Plaintiff as it is to Hasbro. Hasbro has no obligation to undertake any investigation for the Plaintiff.

5. Hasbro objects to the definition of "Describe" contained in the Interrogatories to the extent it seeks to require Hasbro to identify facts and documents "desirable to make such statement and/or description complete," as that definition is both vague and ambiguous. Hasbro cannot ascertain what information the Plaintiff might deem "desirable" in response to the Interrogatories.

6. Discovery in this case is ongoing. Hasbro reserves the right to supplement its responses and objections should additional information become available. These general objections are incorporated into each of the specific answers to the Interrogatories.

**SPECIFIC OBJECTIONS AND RESPONSES**

1. Describe all facts and reasons for Hasbro's contention that the '197 patent is invalid or unenforceable. For each reference or combination of references that Hasbro contends invalidates the '197 patent, specifically identify where each claim element is found in the reference or combination of references. The description should also include a full description of all facts supporting the contention, identification of any documents concerning the contention, and the identity of all persons with knowledge of facts concerning the contentions.

**RESPONSE:** Hasbro contends, upon information and belief, that the '197 patent is invalid and unenforceable as a result of the fact that the die designed by the plaintiff, and which ultimately was described in the '197 patent, had been in public use or on sale for more than one year prior to Mr. Bowling's application for the patent, and as a result of the fact that Mr. Bowling breached his duty of candor and good faith to the U.S. Patent and Trademark Office by making an affirmative misrepresentation of a material fact, and/or by failing to disclose material information, and/or by submitting false material information, coupled with an intent to deceive, specifically by failing to disclose the fact of prior public use of the plaintiff's die to the U.S. Patent and Trademark Office or affirmatively misrepresenting to the U.S. Patent and Trademark

Office the facts relating to the prior public use or sale of the die. Mr. Bowling, and possibly friends or colleagues of Mr. Bowling, have information relevant to this contention, which information will be the subject of discovery yet to be taken by Hasbro in this case. Hasbro expressly reserves the right to supplement its response to this Interrogatory based upon information gathered through the discovery process.

2. Describe all facts and reasons for Hasbro's contention that Hasbro's Accused Dice do not infringe any claim of the '197 patent, including how and why any claim limitation is not met either literally or under the doctrine of equivalents. To the extent that Hasbro construes any claim term different [*sic*] than its ordinary and customary meaning in view of the intrinsic evidence, please provide Hasbro's construction. The description should also include a full description of all facts supporting the contention, identification of any documents concerning the contention, and the identity of all persons with knowledge of facts concerning the contention.

**OBJECTION:** Hasbro objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome and to the extent that it seeks information not relevant to any claim or defense of any party to this action. Hasbro does not know, because the Plaintiff has not identified, which claims of the '197 patent the Plaintiff contends Hasbro's Accused Dice infringe. The '197 patent consists of twenty distinct claims, many of which have no logical application to Hasbro's Accused Dice. For example, Claim 10 refers to a die with ten facets on the "extension member" of the die, and five facets on each of the "endcaps" of the die. To the extent the Interrogatory seeks an explanation of why Hasbro's dice do not infringe claims that the Plaintiff does not contend to have been infringed, such information is not relevant and, consistent with Rule 26 of the Federal Rules of Civil Procedure, not discoverable. Hasbro expressly reserves the right to supplement its response to this Interrogatory in the event the Plaintiff identifies the claims of the '197 patent that he contends to have been infringed by Hasbro.

3. Identify on a monthly basis, from January 1, 1998, to the present, the numbers of Accused Die [*sic*] Hasbro (1) manufactured; (2) purchased; and/or (3) sold, whether individually or included in a Game. If included in a Game, provide the Game's name, the number of Games sold, and the number of die [*sic*] included in the Game.

I, Christine A. Meehan, am employed by Hasbro, Inc. as a paralegal in Hasbro, Inc.'s corporate counsel's office. I have assembled the information required to answer these interrogatories. Although I do not have personal knowledge of all the information contained herein, I am executing these Answers on behalf of Hasbro, Inc. and Hasbro International, Inc. I affirm my good faith basis as to the accuracy of the information so provided.

For the Plaintiffs, Hasbro, Inc. and
Hasbro International, Inc.

Christine A. Meehan

As to Objections for the Defendant

HASBRO, INC.
By its Attorneys,

Todd D. White (# 5943)
Jeffrey K. Techentin (#6651)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: November 28, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of November 2005, I caused a true copy of the within to be served on the following individuals in the manner indicated:

Craig M. Scott, Esq. (RI Bar No. 4237)
Christine K. Bush, Esq. (RI Bar No. 5587)
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
**(by regular mail, postage prepaid)**

Of Counsel:

Douglas J. Williams, Esq.
Matthew A. Doscotch, Esq.
Law Firm of Merchant & Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215
**(by Federal Express)**

*361201_1.doc*