IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING,<br>a Resident of Arizona,<br><br>Plaintiff,<br>v.<br><br>HASBRO, INC.,<br>a Rhode Island Corporation,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 05-229S |

**PLAINTIFF MICHAEL BOWLING'S MEMORANDUM IN SUPPORT OF ITS EMERGENCY MOTION TO EXCLUDE THE TESTIMONY OF IRINA SLAVINA**

Hasbro, Inc. ('Hasbro") improperly precluded Michael Bowling ("Bowling") from effectively cross examining Ms. Slavina during her deposition on Monday, March 10, 2008. Ms. Slavina was not represented at the deposition.

## I. Factual Background

At the hearing on March 4, 2008, Hasbro indicated Ms. Slavina, a former paralegal of Hasbro's counsel, Adler Pollock & Sheena P.C. ("AP&S"), would be unavailable for trial. In an attempt to accommodate Hasbro, Bowling agreed to allow Hasbro to take Ms. Slavina's deposition.

Only a week before trial, on March 10, 2008, Hasbro took the deposition of Ms. Slavina. On direct-examination, Hasbro's counsel induced testimony about the results of Ms. Slavina's investigation into the marking of Bowling's dice with a patent number. Specifically, Ms. Slavina testified about three websites from which she ordered dice, a store she visited that displayed dice, and a catalogue she ordered that included dice. (Slavina Tr. at 5, 16-17, 18-23, attached hereto as Exhibit A.)

At the deposition, Hasbro's counsel twice recognized that it had waived work-product protection regarding Ms. Slavina's investigation. First, Hasbro' counsel recognized that it generally had work-product protection over Ms. Slavina's responsibilities at AP&S, but that it had waived that protection to the extent those responsibilities were discussed on direct.

> Q. What responsibilities did you have while working on the Bowling v. Hasbro case?
>
> MR. TECHENTIN: Objection.
> Instruct not to answer on the grounds of attorney work product.
>
> MR. LEACH: So if I understand you correct, Jeff, you're going to object to any inquiry into what she did while working on the Bowling v. Hasbro case?
>
> MR. TECHENTIN: Not if it's implicated by her direct testimony; but other than that, yes.
>
> BY MR. LEACH:

(*Id.* at 28.) Second, Hasbro's counsel acknowledged the waiver, but refused to consider it at the time of the deposition.

> MR. LEACH: Mr. Techentin, I don't believe the objection is appropriate in that what she was asked to do is directly relevant to the testimony that she's given here today.
>
> MR. TECHENTIN: You can argue that if you want to. You can argue that somehow, there's been a waiver. That's fine.
> But I don't think we need to be taking the videographer, the court reporter and, most importantly, the witness' time in arguing about that right now.

(*Id.* at 53.)

During cross-examination, Hasbro's counsel objected to questions regarding the parameters of Ms. Slavina's investigation as protected by work product. Hasbro's counsel objected to question regarding when Ms. Slavina began her investigation (*Id.* at 28.), who asked her to undertake the investigation (*Id.* at 29), what she was asked to investigate (*Id.* at 31), and

where she was asked to investigate (*Id.* at 33). As Ms. Irina's investigation was completely controlled by AP&S, Bowling has no way of obtaining this information.

**II. Hasbro Misused Work-Product Protection**

"The privilege derived from the work-product doctrine is not absolute . . . it may be waived." *U.S. v. Nobles*, 422 U.S. 225, 240 (1975). A party cannot "advance the work-product doctrine to sustain a unilateral use of work-product materials." *Id.* Consequently, a court cannot sanction the use of work-product protection to prevent effective cross-examination on matter reasonably related to those introduced in direct-examination. *U.S. v. Bilzerian*, 926 F.2d 1285, 1293 (2d Cir. 1991). By electing to present a witness who has undertaken an investigation, a party waives work-product protection with respect to matters covered in the witness's testimony. *Id.* *Nobles*, 422 U.S. at 240.

Ms. Slavina undertook an investigation into the marking of Bowling's dice with a patent number. Hasbro seeks to enter Ms. Slavina's testimony to support its argument that Bowling did not mark his products, but invoked work-product protection to prevent Bowling from effectively cross-examining her as to the parameter of that investigation. Without being able to cross-examine Ms. Slavina regarding the basic facts - the who, what, when, and where - of her investigation, Bowling could not test the relevance, reliability, or propriety of the investigation. The Court should prevent such unilateral use of work-product protection by excluding Ms. Slavina's testimony.

**III. Conclusion**

For the foregoing reasons, the testimony of Irina Slavina should be excluded.

Michael Bowling,
By His Attorneys,

Date: March 13, 2008

s/Thomas J. Leach___________
Anthony R. Zeuli *(pro hac vice)*
Thomas J. Leach, MN (*pro hac vice*)
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 332-5300
(612) 332-9081 (Facsimile)

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)