UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHAEL BOWLING, a Resident of Arizona, :
Plaintiff, :
v. : C.A. No. 05-229 S
HASBRO, INC., a Rhode Island Corporation, :
Defendant. :

**DEFENDANT HASBRO INC'S OBJECTION TO PLAINTIFF MICHAEL BOWLING'S EMERGENCY MOTION IN LIMINETO EXCLUDE THE TESTIMONY OF IRINA SLAVINA**

Defendant Hasbro, Inc. ("Hasbro") hereby objects to Plaintiff Michael Bowling's ("Bowling") Emergency Motion in Limine to exclude the testimony of Irina Slavina ("Ms. Slavina") at the trial of the above-captioned matter. As is explained more fully in the memorandum of law filed contemporaneously herewith, Hasbro properly asserted the work-product privilege when it instructed Ms. Slavina not to answer certain questions during her trial deposition. Such objections did not serve to prevent Bowling from conducted an effective cross-examination. Accordingly, Hasbro respectfully requests that this Court deny Bowling's motion.

Respectfully submitted,

HASBRO, INC.
By its Attorneys,

/s/ Jeffrey K. Techentin___________
Todd D. White (# 5943)
twhite@apslaw.com
Jeffrey K. Techentin (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: March 16, 2008

Of Counsel:

David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**DEFENDANT HASBRO INC'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO PLAINTIFF MICHAEL BOWLING'S EMERGENCY MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF IRINA SLAVINA**

Hasbro, Inc. ("Hasbro") hereby submits this Memorandum of Law in Support of its Objection to Plaintiff Michael Bowling's ("Bowling") Emergency Motion in Limine to Exclude the Testimony of Irina Slavina ("Ms. Slavina"). Hasbro properly asserted work-product privilege and properly instructed Ms. Slavina not to answer certain questions posed by counsel for Bowling during cross-examination at the deposition of Ms. Slavina. The questions called for responses that would have revealed the "mental impressions, conclusions, opinions or legal theories" which are afforded enhanced protection under the Federal Rules of Civil Procedure. Fed R. Civ. Proc. 26(b)(3). Furthermore, Hasbro's objections did not prevent an effective cross-examination by Bowling's counsel.

## I. FACTS

Ms. Slavina's trial deposition was taken on March 10, 2008. Bowling correctly points out that Hasbro elicited testimony from Ms. Slavina regarding Crystal Caste dice that she ordered from websites, purchased at a store in Boston, and ordered from a catalogue. Slavina

Depo. at 5:16-19; 16:16 – 17:23; 18:20 – 19:11; 20:21 – 22:20; 22:22 – 24:11. During cross-examination by Bowling's counsel, Hasbro's counsel objected on work-product grounds to certain questions and instructed Ms. Slavina not to answer those questions.

The specific questions to which Hasbro's counsel objected are as follows:

(1) "What responsibilities did you have while working on the Bowling v. Hasbro case?" Slavina Depo. at 28:4-5.

(2) "When were you first asked to look for instances where Crystal Caste did not mark its packaging with a patent number?" Slavina Depo. at 28:18-20.

(3) "Who asked you to look for instances where Crystal Caste did not mark its packaging with a patent number?" Slavina Depo. at 29:4-6.

(4) "Ms. Slavina, whoever asked you to look for instances where Crystal Caste did not mark its packaging, did they also ask you to look for instances where Crystal Caste did mark its packaging?" Slavina Depo. at 35:5-9.

(5) "Did anyone ever ask you to look for instances where Crystal Caste did not mark its crystal-shaped dice?"[1] Slavina Depo. at 32:17-19.

(6) "Did anyone ever direct you as where may be the best places to look for instances where Crystal Caste may not have marked its – or its retailers may not have marked its dice with a patent number?"[2] Slavina Depo. at 33:9-13.

(7) "So I just want to get that straight. In January of '0- -- in January of '06, you were asked to look for instances where Crystal Caste did not mark its packaging with a patent number, correct?"[3] Slavina Depo. at 50:3-7.

[1] Counsel for Hasbro only instructed Ms. Slavina not to answer this question insofar as it asked her to identify whether she was instructed in this respect in the course of her employment with Hasbro's counsel's law firm. Slavina Depo. at 32:20 – 33:3.

[2] The instruction not to answer was limited as to this question in the same manner as was the previous instruction, as noted in footnote 1. Slavina Depo. at 33:14-17.

(8) "Well, the work that you were doing with respect to going around and – to different stores, looking for Crystal Caste dice, that was on behalf of Hasbro, correct?" Slavina Depo. at 51:7-10.

(9) "Ms. Slavina, I just want to be clear here. You're refusing to tell the jury what you were instructed to do when you went and investigated whether Crystal Caste dice were marked with a patent number, correct?" Slavina Depo. at 51:15-19.

(10) "Did you get any direction from Mr. Techentin as to where to look and what stores to visit when you were looking to see whether Crystal Caste or – let me rephrase that. Did you get any direction from Adler Pollock & Sheehan as to where to look to find instances where Crystal Caste didn't mark its products with a patent number?" Slavina Depo. at 54:17-24.

(11) "And, Ms. Slavina, looking through your declaration and the attached exhibits today, which is Plaintiff's Exhibit 175, are there any documents or instances in which you saw Crystal Caste's products marked with a patent number that are not included in your declaration?"[4] Slavina Depo. at 80:24 – 81:5.

Each of these questions sought to discover why counsel for Hasbro wanted to purchase Crystal Caste dice, and was an impermissible attempt to glean the mental impressions or legal theories of Hasbro's counsel. The instructions not to answer only sought to protect such work-product protected material.

Counsel for Hasbro objected to many other questions throughout the cross-examination of Ms. Slavina without giving an instruction not to answer. *See, e.g.*, Slavina Depo. at 46:23 – 47:17 (objections on grounds that question asking Ms. Slavina whether she knew whether

---

[3] The instruction not to answer was limited as to this questioning the same manner as were the previous instruction, as noted in footnotes 1 and 2. Slavina Depo. at 50:8-16.

[4] This instruction not to answer was limited to the extent that it asked the witness to identify documents she had seen in the files developed by Hasbro's counsel for the purposes of litigation. Slavina Depo. at 81:24 – 83-4.

Bowling had marked called for a legal conclusion and lacked foundation); Slavina Depo. at 55:13 – 56:12 (objection to question as to who drafted her declaration on grounds of improper impeachment and that question had been asked and answered). Furthermore, counsel for Bowling was able to obtain meaningful cross examination with regard to a number of topics including her former employment with Hasbro's counsel's law firm, Slavina Depo. at 24:15 – 27:15, the drafting of her declaration, Slavina Depo. at 34:7 – 40:13, when her purchase of Crystal Caste dice took place, Slavina Depo. at 46:1 – 48:17, and whether she had been in possession of the exhibits attached to her declaration. Slavina Depo. at 58:19 – 70:15.

Bowling has now brought this motion to exclude all Ms. Slavina's testimony.

## II. **<u>ARGUMENT</u>**

At the conclusion of the deposition, counsel for Bowling indicated that the grounds for his objection was that Hasbro had instructed a witness that it did not represent not to answer his questions. Slavina Depo. at 84:20 – 85:7. In his memorandum of law in support of the motion to exclude Ms. Slavina's testimony, Bowling argues that Hasbro waived the work-product protection it sought, and that misused the work-product protection because it used it unilaterally. However, Hasbro was merely protecting the wrongful discovery of the mental processes of its attorneys, a protection that is at the very core of our system of jurisprudence. *See Hickman v. Taylor*, 329 U.S. 495, 511 (1947) (creating the work-product privilege and explaining if unfettered access into the thought processes of advocates was permitted, "unfairness and sharp practices would inevitably develop in the giving of legal advice, . . . [t]he effect on the legal profession would be demoralizing[,] . . . [a]nd the interests of the clients and the cause of justice would be poorly served."

**A. <u>Work Product Privilege Belongs to the Client Regardless and May be Asserted by the Client Regardless of from Whom it is Sought.</u>**

The objection raised at the close of the deposition seems to be that Hasbro lacks standing to assert work-product privilege as to the answers to these questions posed to a non-party witness because that witness is not represented by Hasbro's counsel. This argument misapprehends the meaning and scope of work-product protection.

In *In re Grand Jury Subpoena*, 274 F.3d 563, 568-69 (1st Cir. 2001), three non-parties intervened in the suit solely for the purposes of seeking to quash a subpoena on the grounds that it was protected by the work product privilege. As an initial matter, the First Circuit addressed whether the District Court was correct when it allowed them to intervene for that purpose. *Id.* at 570. The court found that intervention was proper, holding that "[c]olorable claims of attorney-client and work-product privilege qualify as sufficient interests to ground intervention as of right." *Id.* Furthermore, the United State Supreme Court has noted that work-product protection is for the benefit of the client: "At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *United States v. Nobles*, 422 U.S. 225, 238 (1975).

It is clear that Bowling's argument misconstrues what elements are necessary to invoke the work-product privilege. All Hasbro need show is that the material sought was prepared the product of Hasbro's attorneys in preparing for litigation. *See State of Maine v. United States Dep't of the Interior*, 298 F.3d 60, 66 (1st Cir. 2002). It matters not whether the conduit of the information is a third party witness.

**B. <u>Hasbro's Proffer of Ms. Slavina's Declaration and Testimony Does Not Waive Work Product Protection of the Mental Processes of Hasbro's Attorneys With Regard to Why She Conducted the Investigation and the Manner by which the Investigation was Conducted.</u>**

Bowling highlights in his memorandum that fact that Hasbro acknowledged that there was a waiver of the work product privilege with regard to the scope of the testimony forwarded by Ms. Slavina. Once again, Bowling's argument fails to grasp the legal underpinnings of the work-product doctrine.

The law distinguished between "fact" work product and "opinion" work product. Fed. R. Civ. Proc. 26(b)(3). *See also In re Lernout & Hauspie Securities Litig.*, 222 F.R.D. 29, 33 (D.Mass. 2004). "Fact" work product is the development of facts through the independent investigation of the attorneys for a party. *Id.* Hasbro's direct examination of Ms. Slavina was limited to the fact work product that resulted from her investigation.

Opinion work product, on the other hand, encompasses the mental processes of the attorney in his representation of the client, and include: evaluations of the strength of a case, opinions about the application of facts to the law, and, most importantly in this case, the reasons behind the decisions made in the prosecution or defense of a case. *See In re Raytheon Securities Litig.*, 218 F.R.D. 354, 357 (D.Mass. 2003) ("Special treatment for opinion work product is justified because '[a]t its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case.'") (quoting *Nobles*, 422 U.S. at 238). Opinion work product is afforded enhanced protection above and beyond that given to fact work product. *Id. See also* Fed. R. Civ. Proc. 26(b)(3) ('the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation").

The transcript of the deposition plainly shows that none of the testimony elicited by Hasbro from Ms. Slavina on direct examination revealed Hasbro's attorney's reasoning as to why the investigation was being conducted. Instead, it merely revealed the factual results of the investigation. Waiver of work product protection is limited only to that which is disclosed. *See Micron Separations, Inc. v. Pall Corp.*, 159 F.R.D. 361, 365 (D.Mass. 1995) (noting concern that an unlimited waiver would constitute an "unnecessarily broad invasion" of the work product documents). Accordingly, Hasbro's assertion of work-product privilege was proper under the circumstances, as no waiver had occurred with respect to what Hasbro sought to protect. As such, the motion to exclude Ms. Slavina's testimony should be denied.

### C. Bowling was not Denied a Meaningful Cross-Examination, and He Has Not and Can Not Show that the Information Sought is a Vital Issue in the Case.

Bowling contends that the instructions not to answer made by Hasbro's counsel served to prevent effective cross-examination of Ms. Slavina, and deprived him of the right to discover the "who, what when, and where" of her investigation. This argument simply has a faulty premise.

Bowling cites *U.S. v. Bilzerian*, 926 F.2d 1285, 1293 (2d Cir. 1991), for the proposition that a party cannot invoke work-product privilege to ensure unilateral use of the work-product protection and prevent effective cross-examination of on matters "reasonably related to those introduced in direct-examination." This argument harks back to the waiver argument, and as explained in Part II.B. of this memorandum, the scope of the waiver only extends to the scope of the direct examination – the factual aspects of Ms. Slavina's investigation. In fact Bowling admits that any waiver is limited to the scope of the direct testimony, citing *Nobles*, 422 U.S. at 240, for the proposition that "a party waives work-product protection with respect to matters covered in the witness's testimony." Bowling Memo. At 3. Bowling simply fails to understand

that the questions posed by counsel at the deposition sought to expand the scope of Ms. Slavina's testimony to cover the mental impressions of Hasbro's attorney that led to the investigation.

Each of the objectionable questions from Bowling's counsel at issue in this motion sought to discover why Ms. Slavina had been asked to investigate by Hasbro's attorneys, or to reveal the contents of Hasbro's litigation files with regard to Bowling's marking of his dice – or lack thereof. The questions asked who directed her to conduct her investigation and what those directions were. Bowling's counsel did not ask questions seeking information as to what Ms. Slavina's understanding was of the scope of her investigation. Nor did Bowling's attorney ask Ms. Slavina why she conducted her investigation. Such questions would not have been objectionable because they seek Ms. Slavina's mental impressions. Instead, the questions asked by counsel for Bowling asked Ms. Slavina to provide insight into the mental impressions of Hasbro's attorneys. Such information is quintessential work product, and simply must be protected to ensure the proper functioning of out system of jurisprudence. *See Hickman*, 329 U.S. 495, 511. Accordingly, Hasbro's assertion of the privilege was not improper, and Bowling's motion should be denied.

## III. CONCLUSION

For the reasons stated in this memorandum, Hasbro respectfully requests that this Court deny Bowling's Motion in Limine to Exclude the Testimony of Irina Slavina.

Respectfully submitted,

HASBRO, INC.
By its Attorneys,

/s/ Jeffrey K. Techentin
Todd D. White (# 5943)
twhite@apslaw.com
Jeffrey K. Techentin (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: March 16, 2008

Of Counsel:

David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

**CERTIFICATE OF SERVICE**

TO:

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas J. Leach, Esq.
Anthony R. Zeuli, Esq.
Douglas J. Williams, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

David K. S. Cornwell, Esq.
Tracy-Gene G. Durkin, Esq.
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

I hereby certify that I filed the within Objection to Plaintiff Michael Bowling's Emergency Motion in Limine to Exclude the Testimony of Irina Slavina and the Memorandum of Law in Support thereof through the ECF system on the 16th day of March, 2008, and that notice will be sent electronically to the above-named counsel who are registered participants identified on the Mailing Information for Case No. 05-229S.

/s/ Jeffrey K. Techentin________