UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**DEFENDANT HASBRO, INC'S MOTION FOR PARTIAL RECONSIDERATION OF ORDER EXCLUDING PRIOR ART EXHIBITS**

Defendant Hasbro, Inc. ("Hasbro") hereby moves for partial reconsideration of the Court's Order (entered as a text order on March 13, 2008) granting the Plaintiff's Motion to Exclude Prior Art Exhibits (Docket No. 174). The grounds in support of this motion are stated in the accompanying Memorandum of Law. As explained more fully therein, the Court improperly excluded one designated trial exhibit – Exhibit GF – under 35 U.S.C. § 282. That exhibit, attached hereto as **Exhibit GF**, is a physical exhibit and not a "publication to be relied upon" and therefore does not fall within the plain language of Section 282. Accordingly, it need not have been disclosed even under the Court's application of Section 282 as expressed in chambers. Accordingly, Hasbro asks that the Court reconsider its exclusion of that exhibit.

Respectfully submitted,

HASBRO, INC.
By its Attorneys,

/s/ Jeffrey K. Techentin___________
Todd D. White (# 5943)
twhite@apslaw.com
Jeffrey K. Techentin (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: March 16, 2008

Of Counsel:

David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**DEFENDANT HASBRO, INC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL RECONSIDERATION OF THE ORDER GRANTING PLAINTIFF'S MOTION TO EXCLUDE PRIOR ART EXHIBITS**

Defendant Hasbro Inc. ("Hasbro") hereby submits this Memorandum of Law in support of its motion for partial reconsideration of the Court's text order (entered on March 13, 2008) granting Plaintiff Michael Bowling's Motion to Exclude Prior Art Exhibits (Docket No. 174). Because Plaintiff's motion improperly, and without disclosure, included a physical exhibit amongst the list of exhibits that it sought to exclude as undisclosed under 35 U.S.C. § 282, the Court incorrectly applied Section 282 to preclude the introduction of that exhibit. A copy of the Exhibit that Hasbro submits was erroneously included is attached hereto.

Hasbro did not realize that Plaintiff had included this physical exhibit amongst his listed exhibits until after the Court's decision on the motion. As the Court is aware, rather than submitting a timely motion *in limine* with respect to these trial exhibits, Plaintiff waited until the final pretrial conference on March 5, 2008, to present a brief regarding the exclusion of certain exhibits. The Court directed Plaintiff to file a motion, which he did later that day. Because of the urgency of the situation, the Court asked Hasbro, and Hasbro agreed, to provide a response to

the motion as soon as practicable. Hasbro therefore submitted its response a mere two days later on March 7, 2008 (Docket No. 179). In his motion, Plaintiff asserted two bases for excluding prior art references: untimely disclosure as noted in the Court's earlier order of exclusion (as to Exhibits FJ, FP, FU, FW-FY, GG-GO, GQ-GV, GX-HC, HE-HI, HK, HQ, HV), and failure to provide notice under 35 U.S.C. § 282. Plaintiff did not identify with specificity which exhibits he sought to exclude under this second rationale, urging only that, in total, the following exhibits be excluded under both theories: FJ-GB, GD, GF-HI, and HK-HX.

Due to the haste with which Hasbro had to respond to the motion, it failed to note that this second, broader list had actually included one exhibit that was neither part of the crystallography/mineralogy references that had been the subject of the prior order of exclusion, nor a "publication to be relied upon" that Plaintiff contended had to be disclosed separately in a Section 282 notice.[1] Hasbro noticed that fact only after entry of the text order granting Plaintiff's motion when it physically pulled the newly-excluded exhibits from its trial exhibits. Had Hasbro not been forced to respond in such limited time to Plaintiff's eve-of-trial motions, Hasbro expects it would have been able to bring this fact to the Court's attention in its opposition to the motion.

Plaintiff can have no basis for urging the exclusion of Exhibit GF under either of his proffered theories. The exhibit consists of photographs of dice that were disclosed during the course of discovery, including one of Plaintiff's own dice. Plaintiff's enumeration of the exhibits that had been the subject of the prior order of exclusion makes it clear that even he does not

---

[1] Hasbro observes that it did, in fact, provide written notice of "the country, number, date, and name of the patentee of any patent, the title, date, and page numbers of any publication to be relied upon" of each of the "publication" exhibits now excluded -- thereby fully complying with the terms of Section 282 -- by means of its service of its exhibit list and the exchange of physical exhibits with the Plaintiff. That occurred in December 2007, over two months before trial. Indeed, that notice was effective is evidenced by Plaintiff's last-minute motion to exclude them. If Plaintiff hadn't been on notice that Hasbro intended to use them, he would not have moved for relief. Hasbro would have submitted that fact as a basis for the denial of Plaintiff's motion had the motion been filed in a timely fashion, permitting Hasbro a full and considered response.

contend that Exhibit GF was within that list. Thus, to the extent the Court's order was premised upon a finding of untimely disclosure, the fact that this particular exhibit was disclosed and, in fact introduced during the *Markman* hearing in this matter renders exclusion of this exhibit on those grounds improper.

Additionally, Plaintiff nowhere even argued that the disclosure requirements in Section 282 could embrace such an exhibit. Plaintiff cannot credibly argue for exclusion of Exhibit GF under Section 282. Section 282's notice requirements are express and relate to only two types of information: publications and persons having knowledge of use or sale of the invention prior to the patent (emphasis added):

> In actions involving the validity or infringement of a patent the party asserting invalidity or noninfringement shall give notice in the pleadings or otherwise in writing to the adverse party at least thirty days before the trial, of **the country, number, date, and name of the patentee of any patent, the title, date, and page numbers of any publication to be relied upon** as anticipation of the patent in suit or, except in actions in the United States Court of Federal Claims, as showing the state of the art, and **the name and address of any person who may be relied upon** as the prior inventor or as having prior knowledge of or as having previously used or offered for sale the invention of the patent in suit. In the absence of such notice proof of the said matters may not be made at the trial except on such terms as the court requires.

Exhibit GF consists of photographs of dice from the collection of Mike Gray, a Hasbro employee. It is neither a "publication" nor a "person." Section 282 has no application to the exhibit.

Plaintiff either mistakenly included this exhibit among his list of exhibits as to which he sought exclusion or improperly led the Court to enter an overbroad order by failing to indicate that among his list of exhibits was a collection of photographs of dice. In either event, neither ground advanced by Plaintiff justifies excluding Exhibit GF, and Hasbro respectfully requests that the Court reconsider its exclusion of that exhibit.

Respectfully submitted,

HASBRO, INC.
By its Attorneys,

/s/ Jeffrey K. Techentin__________
Todd D. White (# 5943)
twhite@apslaw.com
Jeffrey K. Techentin (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: March 16, 2008

Of Counsel:

David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

**CERTIFICATE OF SERVICE**

TO:

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas J. Leach, Esq.
Anthony R. Zeuli, Esq.
Douglas J. Williams, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

David K. S. Cornwell, Esq.
Tracy-Gene G. Durkin, Esq.
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

I hereby certify that I filed the within Motion for Partial Reconsideration of Order Granting Plaintiff's Motion to Exclude Hasbro's Prior Art Exhibits and the Memorandum in Support thereof through the ECF system on the 16th day of March, 2008, and that notice will be sent electronically to the above-named counsel who are registered participants identified on the Mailing Information for Case No. 05-229S.

/s/ Jeffrey K. Techentin________

*448050_1*