IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING,<br>a Resident of Arizona,<br><br>Plaintiff,<br>v.<br><br>HASBRO, INC.,<br>a Rhode Island Corporation,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 05-229S |

**PLAINTIFF MICHAEL BOWLING'S REPLY TO DEFENDANT HASBRO, INC.'S OBJECTION TO EMERGENCY MOTION TO EXCLUDE THE TESTIMONY OF IRINA SLAVINA**

Hasbro, Inc. ("Hasbro") violated Michael Bowling's ("Bowling") time-honored right to a full and fair cross-examination of Ms. Slavina. This violation continues Hasbro's pattern of improperly concealing patent marking evidence favorable to Bowling. This Court should prevent further prejudice to Bowling by excluding Ms. Slavina's testimony.

## I. Bowling Had a Right to Cross-Examine Ms. Slavina

"A fair and full cross-examination of a witness upon the subjects of his examination in chief is the absolute right, and not the mere privilege, of the party against whom he is called, and a denial of this right is a prejudicial and fatal error." *Galindez v. U.S.*, 19 F.2d 352, 353 (1st Cir. 1926) (quoting *Resurrection Gold Min. Co. v. Fortune Gold Min. Co.*, 129 F. 668, 674 (8th Cir. 1904)). To permit a party to tell its own tale and to conceal what is important to the other party would be "a gross perversion of justice." *Gilmer v. Higley*, 110 U.S. 47, 50 (1884).

Hasbro used Ms. Slavina to present favorable facts, but prevented Bowling from finding adverse ones. On direct-examination, Ms. Slavina testified regarding a few instances she found of Bowling's dice not marked with the patent number. During cross-examination, however,

Hasbro continually instructed Ms. Slavina not to answer questions regarding the parameters of her search. Bowling was unable to ask where and when Ms. Slavina searched, was unable to ask how many times Ms. Slavina found Bowling's dice marked with the patent number, was unable to ask if Ms. Slavina prescreened her sources to ensure she only found unmarked dice. In essence, Bowling was unable to ask important questions to test the relevance, reliability, and propriety of the very search that was the core of Hasbro's direct-examination.

## II. Hasbro Had No Right to Impede Bowling's Cross-Examination

A party cannot "advance the work-product doctrine to sustain a unilateral use of work-product materials." *U.S. v. Nobles*, 422 U.S. 225, 240 (1975). By electing to present a witness who has undertaken an investigation, a party waives work-product protection with respect to matters covered in the witness's testimony. *Id.* The scope of that waiver includes an attorney's mental impression regarding the investigation. *McGrath v. Nassau County Health Care Corp.*, 204 F.R.D. 240, 246 (E.D.N.Y. 2001).

Hasbro incorrectly characterizes the scope of waiver. Hasbro argues that it did not waive work-product protection regarding Hasbro's counsel's instructions to Ms. Slavina because she was not asked "why the investigation was being conducted." (Hasbro's Resp. at 7.) Bowling, however, did not seek information regarding *why* Hasbro's counsel undertook the investigation. Rather, Bowling sought information about *how* the investigation was undertaken. Preventing Bowling from learning how Ms. Slavina obtained the results of her investigation inappropriately allows Hasbro to tell its own tale while concealing facts important to Bowling.

Additionally, Hasbro incorrectly characterizes "mental process." Hasbro argues that Hasbro's counsel's instructions are mental process because they encompass "the reasons behind the decision made in prosecution or defense of a case." (Hasbro's Resp. at 6.) Again, Bowling

did not seek information regarding "the reasons behind the decision" to give a particular instruction. Bowling only sought to know what those instructions were.

Even if the Court does find that Hasbro's counsel's instructions are mental process, Hasbro still waived work product with respect to those instructions. In *McGrath v. Nassau County Health Care Corp.*, the court found that a defendant had waived work product by using the results of an attorney-conducted investigation to support its defenses. 204 F.R.D. at 244-45. The waiver scope included the redacted portions of the attorney's report and her notes. *Id.* at 246. Even though the attorney's notes were her mental impressions, protecting the notes as work product after defendant put the subject of those notes at issue "would be highly prejudicial to [the plaintiff] and misleading to the Court." *Id.* Likewise, Hasbro waived work-product protection to its counsel's instructions to Ms. Slavina and improperly used that protection to deny Bowling his right to cross-examination.

## III. An Unimpeded Cross-Examination Was Essential Given Hasbro's Selective Disclosures on the Issue of Marking.

Bowling has good reason to question Hasbro's marking evidence. In October, 2006, Hasbro solicited from David Wheeler a declaration that "I do not recall Dragon's Lair taking any action with respect to displaying any patent information about Crystal Cast dice." (Declaration of David Wheeler at ¶ 5 (Oct. 6, 2006) (Docket No. 81).)

In response, Bowling's counsel contacted Mr. Wheeler to conduct further inquiry. After a quick search of his store, Mr. Wheeler found the bin used to sell Crystal Caste dice since 1999, which bore a label with the patent number. (Declaration of David Wheeler at ¶ 7-8 (October 18, 2006) (Ex. A to Docket No. 83).) Furthermore, over a month before Hasbro solicited its declaration from Mr. Wheeler, Hasbro obtained the declaration of Eric Burke, an employee of Mr. Wheeler's at Dragon's Lair, that "[t]he display case in which the crystal-shaped dice had

previously been displayed has two stickers on it, each of which says 'Chocking Hazard! Not for children under 14 yrs. U.S. Patent # 5938197.'" (Declaration of Eric Burke at ¶ 10 (Aug. 30, 2006).) For over six months, Hasbro concealed this declaration.

Bowling had the right to an unimpeded cross-examination of Ms. Slavina to determine whether her investigation produced the same type of unilateral, selective results as Hasbro's investigation of Dragon's Lair. Without being subject to such cross-examination, Ms. Slavina's testimony should be excluded.

## IV. Conclusion

For the foregoing reasons, the testimony of Irina Slavina should be excluded.

Michael Bowling,
By His Attorneys,

Date: March 17, 2008

s/Thomas J. Leach
Anthony R. Zeuli *(pro hac vice)*
Thomas J. Leach, MN (*pro hac vice*)
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 332-5300
(612) 332-9081 (Facsimile)

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

**CERTIFICATE OF SERVICE**

TO:

Todd D. White, Esq.
Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

David K. S. Cornwell, Esq.
Tracey-Gene G. Durkin, Esq.
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue N.W.
Washington, DC 20005

I hereby certify that the within *Plaintiff Michael Bowling's Reply to Defendant Hasbro, Inc.'s Objection to Emergency Motion to Exclude Testimony of Irina Slavina* was filed with the Court via ECF on the 17th day of March, 2008, and will be sent electronically to the above-named counsel.

s/Thomas J. Leach________
Thomas J. Leach