IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING,<br>a Resident of Arizona, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 05-229S |
| v. | : | |
| | : | |
| HASBRO, INC.,<br>a Rhode Island Corporation, | : | |
| | : | |
| Defendant. | : | |

**PLAINTIFF MICHAEL BOWLING'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO DEFENDANT HASBRO, INC.'S MOTION FOR PARTIAL RECONSIDERATION OF ORDER EXCLUDING PRIOR ART EXHIBITS**

In its Motion for Reconsideration, Defendant Hasbro, Inc. ("Hasbro") creates new arguments that Exhibit GF should not be excluded. Specifically, Hasbro argues that it had no duty under 35 U.S.C. § 282. While this argument is questionable,[1] § 282 is not the only statute that imposed duties on Hasbro. At the hearing on March 13, 2008, the Court also excluded this prior art for failure to supplement its interrogatory response relating to non-infringing alternatives.[2] The Court recognized that Hasbro also had a duty under Federal Rule of Civil Procedure 26(e) to timely supplement its interrogatory responses. Hasbro has not supplemented its interrogatory responses to indicate that the physical exhibits in Exhibit GF are either invalidating prior art or *non-infringing alternatives*. If the Court chooses to entertain Hasbro's

---

[1] Under 35 U.S.C. § 282, Hasbro had a duty to disclose to Bowling more than thirty days before trial, "the name and address of any person who may be relied upon as the prior inventor or as having prior knowledge of or as having previously used or offered for sale the invention of the patent in suit." To the extent Hasbro seeks to use Exhibit GF to invalidate Bowling's patent, i.e. seeks to show that the physical exhibits shown in Exhibit GF embody the invention of Bowling's patent, Hasbro was require to particularly point out who would testify regarding the previous uses or sales of these physical exhibits. Without testimony or evidence regarding the uses or sales of these physical exhibits, Hasbro cannot establish that they are prior art. *See* 35 U.S.C. 102.

[2] This is based on Bowling's counsel's best recollection of the arguments and decision by the Court at the March, 13, 2008 hearing.

Motion for Reconsideration, the Court should, under Federal Rule of Civil Procedure 37(c), maintain its exclusion of Exhibit GF.

## I. Hasbro's Motion Is Not Appropriate

Motions for reconsideration "are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *The Servants of the Paraclete v. Doe*, 204 F.3d 1005, 1012 (1st Cir. 2000); *Young v. R.I.*, 03-257, 2006 U.S. Dist. LEXIS 82981, *15 (D.R.I. Nov. 14, 2006) (Attached Hereto as Exhibit A.) Here, Hasbro could have advanced every argument raised in its Motion for Reconsideration in its original response to Bowling's Motion to Exclude Hasbro's Prior Art Exhibits. That Hasbro failed to look at the exhibits Bowling sought to exclude until after they were excluded should not give Hasbro a second bite at the apple. The Court should not entertain Hasbro's Motion for Reconsideration.

## II. Hasbro Failed to Supplement Its Interrogatories

Bowling's Counsel believes that at the March 13, 2008 hearing, the Court excluded this evidence because Hasbro failed to supplement its interrogatory response as to non-infringing alternatives.[3] Hasbro failed to supplement its interrogatory responses to add Exhibit GF as non-infringing alternatives. In its first set of interrogatories, Bowling asked Hasbro to "[i]dentify all dice, if any, that Hasbro contends constitute non-infringing substitutes to the invention disclosed and claimed in the '197 patent." (Pl.'s First Set of Inters. to Def. at 13 (Sept. 16, 2005).) In response, Hasbro only identified "[a]ny traditional six-sided die (roughly in the form of a cube)." (Def.'s Objs. & Resps. to Pl.'s First Set of Inter. at 10 (Nov. 28, 2005).) Despite twice

[3] Hasbro's original reason for including these references was to argue that they were prior art. When that argument failed based on Bowling's section 282 argument, Hasbro argued that it was for non-infringing alternatives.

supplementing its responses, Hasbro never identified any other non-infringing alternatives.[4] Thus, any physical exhibit in Exhibit GF that is not a traditional cube die should be excluded under Rule 37(c).[5]

## III. Conclusion

For the foregoing reasons, the Court should refuse to entertain Hasbro's Motion for Reconsideration or, in the alternative, should deny Hasbro's Motion for Reconsideration and maintain its exclusion of Exhibit GF.

Michael Bowling,
By His Attorneys,

Date: March 17, 2008

s/Thomas J. Leach
Anthony R. Zeuli *(pro hac vice)*
Thomas J. Leach, MN (*pro hac vice*)
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 332-5300
(612) 332-9081 (Facsimile)

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

---

[4] Under Federal Rule of Civil Procedure 37(c), " [i]f a party fails to provide information . . . as required by . . . [Rule] 26(e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, *or at a trial*." (emphasis added). Under Rule 26(e), "[a] party . . . who has responded to an interrogatory . . . must supplement or correct its disclosure or response."

[5] As the Court agreed, Hasbro also failed to supplement its interrogatory responses to add Exhibit GF as invalidating prior art. In it first set of interrogatories, Bowling asked Hasbro to "[d]escribe all facts and reasons for Hasbro's contention that the '197 patent is invalid or unenforceable." (Pl.'s First Set of Inters. to Def. at 10 (Sept. 16, 2005).) Hasbro thrice responded to this interrogatory. In its first and second response, Hasbro did argue that any prior art invalidated Bowling's patent. (Def.'s Objs. & Resps. to Pl.'s First Set of Inter. at 2-3 (Nov. 28, 2005); Def.'s Amended Objs. & Resps. to Pl.'s First Set of Inter. at 2-3 (May 5, 2006).) Over a year after its second response, and well after the close of discovery, Hasbro supplemented its interrogatory response to include a slew of prior art. (Def.'s Second Amended Objs. & Resps. to Pl.'s First Set of Inter. at 3-18 (Nov. 28, 2005).) This slew of prior art did not include the physical exhibits in Exhibit GF, and Hasbro has never further supplemented it interrogatory response.[5] Thus, Exhibit GF should be excluded under Rule 37(c).

## CERTIFICATE OF SERVICE

TO:

Todd D. White, Esq.
Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

David K. S. Cornwell, Esq.
Tracey-Gene G. Durkin, Esq.
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue N.W.
Washington, DC 20005

I hereby certify that the within *Plaintiff Michael Bowling's Objection to Defendant Hasbro, Inc.'s Motion for Partial Reconsideration of Order Excluding Prior Art Exhibits* was filed with the Court via ECF on the 17th day of March, 2008, and will be sent electronically to the above-named counsel.

s/Thomas J. Leach________
Thomas J. Leach