IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING,<br>a Resident of Arizona,<br><br>Plaintiff,<br>v.<br><br>HASBRO, INC.,<br>a Rhode Island Corporation,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 05-229S |

**PLAINTIFF'S OFFER OF PROOF REGARDING**
**<u>EXPERT WITNESS, NEIL N. LAPIDUS</u>**

Mr. Lapidus is Plaintiff's designated expert on damages. Plaintiff submits this Offer of Poof as to the substance of testimony that would have been given but for the ruling of March 17, 2008, excluding the testimony of Mr. Lapidus.

As the court indicated in its order, "Lapidus' qualifications are ample. He holds a degree in business and accounting, and is a certified CPA and partner in a large accounting firm who specializes in complex audit engagements, and litigation services and support." Order at 7 (Docket no. 196).

Mr. Lapidus would have testified consistent with his Expert Report of February 22, 2006, his January 16, 2008 *Daubert* Hearing testimony, and his deposition of May 24, 2006. Mr. Lapidus would have testified that a reasonable royalty rate of $0.5825 per die is reasonable. The royalty of $0.5825 per die is the equivalent of a 4.22% royalty on the Millennium Edition and an 11.92% royalty on the Avon Edition. His opinion, $0.5825 per die, or about 4-5% of net sales, is consistent with industry standards, Hasbro's own licensing practices, and Mr. Lapidus's background experience. He would have testified that Mr. Bowling has suffered $648,705 in damages measured by a reasonable royalty caused by Hasbro's infringement. Mr. Lapidus

would have testified that he applied all fifteen *Georgia-Pacific* factors to the facts in this case to reach his opinion on the amount of damages. Mr. Lapidus would have opined that (1) there was no established royalty for this patent, (2) that Hasbro's licenses for other patents were between 1-8% of net sales, (3) that the license would have been exclusive as to the dice sold by Hasbro, (4) Bowling maintains his monopoly, (5) Bowling would have charged the wholesale price of $0.64, which he maintained in the U.S., offset by Hasbro's costs to make the dice, (6) the infringing dice were promoted by Hasbro to sell the Monopoly Millennium Edition, (7) the patent had its full term as it issued on the same day as the hypothetical negotiation, (8) Bowling maintained about $0.50 profit on each die, (9) the patented dice solved a problem of how to create a crystal, futuristic shaped dice, (10) when Hasbro removed the product, they received many complaints, (11) Hasbro purchased and sold 732,000 pairs of infringing dice, and (12) the royalty would have reduced Hasbro's gross margin, but that margin would have still been within Hasbro's expected profit margin. Mr. Lapidus found that the above factors favored Mr. Bowling, and that the remaining factors neutral.

Michael Bowling
By His Attorneys,

Date: March 20, 2008

/s/ Craig M. Scott
Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

Thomas J. Leach, MN (*pro hac vice*)
Anthony R. Zeuli, MN (*pro hac vice*)
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Phone: (612) 332-5300
Fax: (612) 332-9081

## CERTIFICATION

TO:

Todd D. White, Esq.
Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

David K. S. Cornwell, Esq.
Tracey-Gene G. Durkin, Esq.
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue N.W.
Washington, DC 20005

The within **Offer of Proof** was filed through the ECF system on the 20th day of March, 2008, and will be sent electronically to the above-named counsel who are registered participants identified on the Notice of Electronic Filing for Case No. 05-229S.

/s Craig M. Scott

H:\Clients\Bowling\Pleadings\Offer of Proof.DOC