UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**<u>OFFER OF PROOF – ANTICIPATION OR OBVIOUSNESS IN LIGHT OF PRIOR ART</u>**

In light of the Court's ruling excluding Defendant Hasbro, Inc.'s ("Hasbro") evidence of prior art from crystallographic and mineralogical records, Hasbro makes the following offer of proof with respect to evidence it would have presented tending to show that U.S. Pat. No. 5,938,197 (the "'197 Patent") to Bowling is invalid because it was anticipated or obvious in light of prior art references:

1. Two publications - *Traité Élémentaire de Minéralogie* by François Sulpice Beudant, v. 2 at Pl. 4 (2d Ed. Paris, Chez Verdière, 1832) and *Traité Complet de la Chaux Carbonattée et de l'Arragonite* by Jacque Louis Comte de Bournon, v. 3 at Pl. 17 (London, William Phillips, 1808) anticipated the invention purportedly protected by the '197 Patent.

2. These publications were available one year or more prior to the date of the invention.

3. These publications display and/or disclose each and every limitation of claims 1-7 and 17-19 of the '197 Patent.

4. Descriptive Mineralogy by Dana anticipates claims 1-3 of the '197 patent.

5. Specifically, the surface area of discrete facets of the extension member and the discrete facets of the end caps are different in the figure identified in Dana, just as the design described in the '197 patent.

6. The *Crippen* patent, patent number 4,497,487, anticipates claims 1-6, 10-12, and 17-18 of the '197 patent.

7. Specifically, the calculations for the area of the facets of the extension members and the end caps lead to a conclusion that the surface areas are different.

8. The U.S. Patent Office has opened a reexamination of the '197 patent based specifically on these prior art references.

9. Additionally, Hasbro would have presented expert testimony that would have shown:

a. the crystallography and mineralogy references are from an analogous art;

b. that the claim limitations of claims 1-7 and 17-19 of the '197 Patent appear in the prior art references;

c. a person with ordinary skill in the art of dice design would have had knowledge of the publications;

d. that the only material difference between the crystals and minerals in the publication and the designs in the '197 patent are that Bowling's shapes are dice.

10. Hasbro hereby incorporates the evidence presented and the arguments made in connection with its Motion to Stay or, in the alternative, to Reopen Expert Discovery, specifically the cited prior art.

11. Hasbro hereby incorporates the evidence presented and the arguments made in its motion for reconsideration of the Court's denial of the aforementioned Motion to Stay or, in the alternative, to Reopen Expert Discovery.

Respectfully submitted,

HASBRO, INC.
By its Attorneys,

/s/ Jeffrey K. Techentin___________

Todd D. White (# 5943)
twhite@apslaw.com
Jeffrey K. Techentin (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: March 23, 2008

Of Counsel:

David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

**CERTIFICATE OF SERVICE**

TO:

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas J. Leach, Esq.
Anthony R. Zeuli, Esq.
Douglas J. Williams, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

David K. S. Cornwell, Esq.
Tracy-Gene G. Durkin, Esq.
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

I hereby certify that I filed the within Offer of Proof – Anticipation or Obviousness in Light of Prior Art through the ECF system on the 23rd day of March, 2008, and that notice will be sent electronically to the above-named counsel who are registered participants identified on the Mailing Information for Case No. 05-229S.

/s/ *Minette M. Loula*________