IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING,<br>a Resident of Arizona,<br><br>Plaintiff,<br>v.<br><br>HASBRO, INC.,<br>a Rhode Island Corporation,<br><br>Defendant. | : | C.A. No. 05-229S |

**PLAINTIFF/DEFENDANT-IN-COUNTERCLAIM MICHAEL BOWLING'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**INTRODUCTION**

In the trial of this action, this Court held a separate bench trial – outside of the jury – to decide Hasbro's Counterclaim of unenforceability of U.S. Patent No. 5,938,197 ("the '197 Patent") due to alleged inequitable conduct before the United States Patent and Trademark Office ("PTO"). Hasbro pled its Counterclaim in response to a patent infringement action initiated by Plaintiff/Defendant-in-Counterclaim Michael Bowling ("Bowling") against Defendant/Plaintiff-in-Counterclaim Hasbro, Inc. ("Hasbro").

Hasbro contends that Bowling committed inequitable conduct by submitting the following statement to the PTO as part of his patent application:

> The inventor has discovered that the configuration of the die [] is advantageous. In particular, the shape of the end caps [] provides for more bounce when dropping die [] onto a surface. That is, to generate a random number, the user holds die [] above a surface at a sufficient distance, such that when die [] is dropped onto the surface, die [] rolls before eventually resting upon one of the facets [] of the extension member []. The number or indicia [] displayed on the facet [] which is in the uppermost position is the number which has been randomly generated. The shapes of the end caps [] provide for more bounce and randomness when die [] is dropped onto a surface. The tapered, triangular shapes of end caps []

> provide for surfaces which can abut and engage the surface on which die [] is being dropped, to create a more interesting and amusing outcome.

Hasbro's Trial Brief at 1.

Based on the various pleadings of the parties, the file history, the testimony and evidence presented at trial, the Court now makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

### A. Parties

1. Defendant/Plaintiff -in-Counterclaim Hasbro, Inc. ("Hasbro") is a Rhode Island corporation with its principal place of business in Pawtucket, Rhode Island.

2. Plaintiff/Defendant-in-Counterclaim Michael Bowling ("Bowling") is a United States citizen residing at 7931 S. Avenida de Pina, Tucson, Arizona.

### B. The Litigation

3. On May 24, 2005, Bowling filed a Complaint against Hasbro for willful patent infringement.

4. On August 29, 2005 Hasbro filed its Answer and Counterclaim, which did not include the theory of inequitable conduct Hasbro advanced at trial.

5. On May 26, 2006, with specific leave granted by this Court, Hasbro filed a new Counterclaim against Bowling alleging that the '197 patent was unenforceable due to alleged inequitable conduct before the PTO. The basis for Hasbro's inequitable conduct claim was Bowling's alleged failure to disclose information about inventorship.[1] Hasbro did not allege the theory of inequitable conduct it advanced at trial.

---

[1] The inventorship issue was already resolved in Bowling's favor, and that theory for inequitable conduct is not viable. See Order, dated May 30, 2007 (granting Bowling's Motion for Summary Judgment on Inventorship Issue) (Court Docket No. 97).

6. Hasbro never filed a Counterclaim alleging the inequitable conduct theory it advanced at trial.

**C. The PTO Proceedings**

7. This Court has taken judicial notice of the file history labeled B00084 - B00161, as discussed on the record at the October 26, 2006 hearing to determine claim construction of the '197 Patent.

8. U.S. Patent Application No. 09/003,246 was filed on January 6, 1998.

9. There were no Office Actions and only one Examiner's Amendment, as given in a telephone interview with Bowling's patent prosecution counsel. This appears in the file history at B00125.

10. The patent issued on August 17, 1999, approximately 19 months after it was filed.

11. Bowling was at all times represented by qualified and experienced patent prosecution counsel in connection with the '197 patent, who had previously worked for the U.S. Patent and Trademark Office.

12. The Detailed Description on the Preferred Embodiment is more than two hundred (200) lines long. It is seven pages of the patent application.

13. The statement Hasbro puts at issue appears in eleven lines of the patent application under the heading "Detailed Description of the Preferred Embodiment." The statement Hasbro puts at issue appears in the file history at B00095, line 26 - B00096, line 6.

14. The statement Hasbro puts at issue does not appear in the claims of the '197 patent.

15. The statement Hasbro puts at issue is not the subject of any Office Action, Amendment or other discussion of record with the PTO.

16. There is no other document, public record, or other source relating to the statement Hasbro puts at issue.

17. Michael Bowling testified at trial that he believed the configuration of the die was unusual, novel and advantageous in creating more bounce than a traditional die and stated so in his patent application. He testified that he knew this, despite not having a prototype, because it is clear from the drawings, his engineering background, and his experience with other dice shapes.

18. Mr. Bowling testified that he had no reason or motive to mislead the PTO on January 6, 1998, when Mr. Bowling filed his application with the paragraph above with the PTO.

19. Mr. Bowling also testified that he did not to mislead the PTO.

20. There is no evidence that the statement Hasbro puts at issue was material to the issuance of the claims of the '197 patent.

21. The '197 patent claims do not include a limitation that the patented dice have "more bounce" or an "interesting and amusing outcome."

## CONCLUSIONS OF LAW

1. There is no clear and convincing evidence that the '197 patent is unenforceable for inequitable conduct.

2. Charges of inequitable conduct in patent cases are disfavored, especially when made on the slenderest of grounds. *Burlington Indus., Inc. v. Dayco Corp.*, 849 F.2d 1418, 1422 (Fed. Cir. 1988) ("the habit of charging inequitable conduct in almost every major patent case has become an absolute plague").

3. A patent can only be held unenforceable due to inequitable conduct if there is clear and convincing evidence that the patent applicant (1) either "made an affirmative misrepresentation of material fact, failed to disclose material information, or submitted false

material information, and (2) intended to deceive the [PTO]." *Pfizer, Inc. v. Teva Pharms. USA, Inc.*, 2008 U.S. App. LEXIS 4969, *32 (Fed. Cir. March 6, 2008), citing *Cargill, Inc. v. Canbra Foods, Ltd.*, 476 F.3d 1359, 1363 (Fed. Cir. 2007).

4. Information may be material under a number of different criteria. *Digital Control Inc. v. Charles Machine Works*, 437 F.3d 1309, 1315-16 (Fed. Cir. 2006). Information is material if (1) it establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim or (2) there is a substantial likelihood that a reasonable Examiner would have considered it important in determining whether to allow a claim. *Id.* at 1316; 37 C.F.R. §§ 1.56.

5. Patent law views an inventive act as consisting of (a) the mental conception of an idea; and (b) the reduction of that idea to practice. The inventive act must be complete before an invention is ripe for patentability.

6. Patent law authorizes that an invention may be "constructively reduced to practice" by filing a patent application, regardless of whether the invention was actually made. *Hoffman-LaRoche, Inc. v. Promega Corp.*, 323 F.3d 1354, 1377 (Fed. Cir. 2003); Donald S. Chisum, Chisum on Patents §10.05 (release 112 2008); R.Carl Moy, Moy's Walker on Patents §8.91 (4th ed. 2007) (observing that "[t]he basic rule of constructive reduction to practice can be stated very simply: the act of filing a patent application is equivalent to reducing the invention to practice through actual construction and testing, provided that the application both claims the invention at issue and contains a disclosure sufficient to support the claim under rules that relate to adequate disclosure"). Constructive reduction to practice is common, as the Federal Circuit has recognized that "[f]or some inventions the detailed embodiment can be described and

enabled by the inventor without conducting full laboratory experiments or building entire machines." *Hoffman-LaRoche, Inc. v. Promega Corp.*, 323 F.3d 1354, 1377 (Fed. Cir. 2003).

7. The statement from the application that Hasbro puts at issue is not a misrepresentation.

8. The statement at issue is not material to the patentability of a claim in the '197 patent. Rather, the eleven-line statement Hasbro puts at issue was made in the context of the larger two-hundred line Description to support the constructive reduction to practice. The statement Hasbro puts at issue was not part of a claim in the patent application. There is no evidence that the statement was of any import in the prosecution or that it had any significance at all. Indeed, the fact that the statement was never discussed in any Office Action, Amendment or other discussion of record at the PTO indicates that the statement was of little, if any, consequence.

9. Bowling did not deceive the PTO, or even intend to do so. Any and all statements Bowling made to the PTO were based on his experience, understanding and knowledge as an engineer. This inventor could describe the invention without having built it, and the constructive reduction-to-practice doctrine does not require him to do so. There is no direct or indirect evidence from which any intent to deceive the PTO can be inferred.

10. Allegations of inequitable conduct (i.e. fraud before the Patent Office) in patent cases, like other allegations of fraud, are subject to the requirements of Federal Rule of Civil Procedure 9(b). *Enzo Life Scis., Inc. v. Digene Corp.*, 270 F. Supp. 2d 484, 487-88 (D. Del. 2003). Hasbro's pleading was insufficient to support its counterclaim theory advanced at trial for failure to include in any pleading the theory advanced at trial. Hasbro's pleading was silent as to the alleged grounds for unenforceability advanced at trial.

11. Hasbro failed to establish by clear and convincing evidence that Bowling made any type of misrepresentation or that the statement at issue was material to the patentability of any claim. Hasbro failed to establish by clear and convincing evidence that the statement referenced in its trial brief that appears at B00095, line 26 - B00096, line 6 is a misrepresentation or that it was material to the patentability of any claim.

12. Hasbro failed to establish by clear and convincing evidence that Bowling intended to deceive the PTO.

13. There are no grounds for finding the '197 patent unenforceable.

**ORDER**

IT IS HEREBY ORDERED:

Judgment to enter in favor of Michael Bowling and against Hasbro on Hasbro's counterclaim.

Michael Bowling,
By His Attorneys,

Date: March 25, 2008

s/Thomas J. Leach
Anthony R. Zeuli *(pro hac vice)*
Thomas J. Leach, MN (*pro hac vice*)
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 332-5300
(612) 332-9081 (Facsimile)

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

**CERTIFICATE OF SERVICE**

TO:

Todd D. White, Esq.
Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

David K. S. Cornwell, Esq.
Tracey-Gene G. Durkin, Esq.
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue N.W.
Washington, DC 20005

I hereby certify that *Plaintiff/Defendant-in-Counterclaim Michael Bowling's Proposed Findings of Fact and Conclusions of Law* was filed with the Court via ECF on the 25th day of March, 2008, and will be sent electronically to the above-named counsel.

s/Thomas J. Leach________
Thomas J. Leach

H:\Clients\Bowling\Pleadings\Findings of Fact and Conclusions of Law.DOC