IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MICHAEL BOWLING, :
a Resident of Arizona, :
:
Plaintiff, : C.A. No. 05-229S
v. :
:
HASBRO, INC., :
a Rhode Island Corporation, :
:
Defendant. :

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF MICHAEL BOWLING'S MOTION FOR PRE- AND POST-JUDGMENT INTEREST**

Plaintiff, Michael Bowling ("Bowling") moves under 35 U.S.C. §284 and Fed. R. Civ. P 59(e) to alter or amend the judgment to include an award of pre- and post-judgment interest in the amount of 12% per annum. *R.I. Gen. Laws. § 9-21-10(a).*

The Court of Appeals for the Federal Circuit has held that "[p]rejudgment interest [is] the rule, not the exception," *Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1361 (Fed. Cir. 2001), and "has no punitive, but only compensatory purposes," *Oiners v. Walgreen Co.*, 88 F.3d 1025, 1033 (Fed. Cir. 1996). Hence, "[t]he normal procedure under *Devex* is to award prejudgment interest from the date of infringement to the date of payment." *Bio-Rad Labs., Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 967 (Fed. Cir. 1986).

In *Devex*, the United States Supreme Court stated that in patent cases, "prejudgment interest should ordinarily be awarded where necessary to afford the plaintiff full compensation for the infringement." *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 654 (1983); *see* 35 U.S.C. § 284 ("Upon a finding for the claimant the

court shall award the claimant damages adequate to compensate for the infringement, . . . together with interest and costs as fixed by the court."). As explained by the Court:

> In the typical case an award of prejudgment interest is necessary to ensure that the patent owner is placed in as good a position as he would have been in had the infringer entered into a reasonable royalty agreement. An award of interest from the time that the royalty payments would have been received merely serves to make the patent owner whole, since his damages consist not only of the value of the royalty payments but also of the forgone use of the money between the time of infringement and the date of the judgment.

*Devex*, 461 U.S. at 655. It is for this reason that in patent cases prejudgment interest should ordinarily be awarded "absent some justification for withholding such an award." *Id.* at 657.

Here, all the reasons to follow the normal procedure and award pre- and post-judgment interest exist: it will compensate Bowling for Hasbro's use of the money awarded by the jury between the date of infringement and the jury's verdict and it will move Bowling closer to being made whole for Hasbro's infringement. Likewise, there is no justification for withholding such an award from Bowling. *See Bio-Rad*, 807 F.2d at 967-68 (reversing a district court's limitation of prejudgment interest to a different period of time). The case law is uniform in its application of prejudgment interest from the time of the claim arose, August 17, 1999[1], in this case, through the jury's verdict, March 24, 2008. *Id.* at 967; *see also Devex*, 461 U.S. at 655.

However, the rate of interest and whether it should be compounded or uncompounded are matters left largely to the discretion of the Court. *Id.* at 969 (vacating prejudgment interest award that was limited to 7% uncompounded); *see also Cottrill v.*

[1] The hypothetical negotiation resulting in the "reasonable royalty" determination occurs at the time of infringement. See, e.g., Ex. A at 11.

*Sparrow, Johnson & Ursillo, Inc.*, 100 F.3d 220, 224-25 (1st Cir. 1996). Although this federal court is not required to apply Rhode Island law, which mandates 12% interest, the Court is free to look at state law for guidance, where, as is the case here, the federal Patent Act is silent as to the rate of prejudgment interest. 35 U.S.C. § 284. State law is the appropriate source for guidance in this case. *R.I. Gen. Laws. § 9-21-10(a)*; *see also Cottrill*, 100 F.3d at 224-25, citing *Hansen v. Continental Ins. Co.*, 940 F.2d 971, 983-84 (5th Cir. 1991) ("Because the [federal law] is silent on this issue, however, state law is an appropriate sources of guidance."). The Rhode Island rate of 12% is the right rate in this case for several reasons.

First, both parties' financial expert witnesses applied the 12% rate. (Ex. A at 29, 45 n.7, 46 n.7;[2] Ex. B at 15.) In fact, both experts *compounded* the 12% interest annually. (*Id.*) However, in researching this issue, it appears that the general rule is that when the 12% rate is used for *prejudgment* interest, it should not be compounded. *Chrabaszcz v. Johnston School Committee*, 474 F.Supp.2d 298, 324 n.20 (D. R.I. 2007).[3]

Second, Hasbro twice relied on this Court's eventual application of the 12% rate in an effort to argue its motion to stay this litigation. Hasbro argued that: "[I]f the Plaintiff wins, he will be paid interest at the statutory rate of 12%." (Ex. C, Hasbro's *Reply Memorandum Of Law In Further Support Hasbro's Motion To Stay Proceedings Pending Ex Parte Reexamination Of Patent Or, In The Alternative, For Leave To Re-Open Expert Discovery* at p. 16 n. 6 (Dkt. #101)); *see also* (Ex. D, Hasbro's *Motion To*

[2] Long after the deadline for expert reports had passed, Hasbro's expert submitted a revised report – the only revision was the deletion of any reference to the 12% interest rate. No explanation was given.

[3] Compounding the interest makes a dramatic difference. For example, 12% uncompounded or "simple" interest is equivalent to a rate of 8.5% compounded annually.

*Stay Proceedings Pending Ex Parte Reexamination Of Patent Or, In The Alternative, For Leave To Re-Open Expert Discovery* at p. 23 n. 56 (Dkt. #99)).

Finally, the First Circuit Court of Appeals noted that a court can afford to a prevailing litigant the "better interest rate" of several that may apply. *Conetta v. Nat'l Hair Care Centers, Inc.*, 236 F.3d 67, 78 (1st Cir. 2001). In this case, the better interest rate is the Rhode Island 12% rate uncompounded for prejudgment interest, but compounded for post-judgment interest. *R.I. Gen. Laws § 9-21-10(a)* ("Post-judgment interest shall be calculated at the rate of twelve percent (12%) per annum and accrue on both the principal amount of the judgment and the prejudgment interest entered herein.")

Applying the calculation as set forth in *Chrabaszcz*, the judgment should be amended to include **$461,193.27** in prejudgment interest:

> $446,182 (judgment) x .12 (12% per annum) = $53,541.84 per annum
>
> ($53,541.84 / 365 (days in the year)) x 3144 (days from first infringement (8/17/199) to judgment (3/24/08)) = **$461,193.27**

The Court should also amend the judgment to specify that post-judgment interest will accrue at 12% per annum *on both the judgment and prejudgment interest. R.I. Gen. Laws § 9-21-10(a)* ("Post-judgment interest shall be calculated at the rate of twelve percent (12%) per annum and accrue on both the principal amount of the judgment and the prejudgment interest entered herein.") In the alternative, for post-judgment interest only, the Court could apply a "rate equal to the weekly average 1-year constant maturity Treasury yield," compounded annually. 28 U.S.C. § 1961(a). *See also Hansen*, 940 F.2d at 984 (noting statute for post-judgment interest, but specifically rejecting §1961(a) as rate to be used for prejudgment interest).

Michael Bowling,
By His Attorneys,

Date: April 7, 2008

/s/ Thomas J. Leach

Anthony R. Zeuli *(pro hac vice)*
Thomas J. Leach, MN (*pro hac vice*)
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 332-5300
(612) 332-9081 (Facsimile)

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

**CERTIFICATE OF SERVICE**

TO:

Todd D. White, Esq.
Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

David K. S. Cornwell, Esq.
Tracey-Gene G. Durkin, Esq.
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue N.W.
Washington, DC 20005

I hereby certify that the within **Memorandum of Law in Support of Motion for Pre- and Post-Judgment Interest** was filed through the ECF system on the 7th day of April, 2008, and will be sent electronically to the above-named counsel who are registered participants identified on the Notice of Electronic Filing for Case No. 05-229S.

/s/ Craig M. Scott

Bowling\Pleadings\Memo in support of pre and post judgment interest.DOC