UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HASBRO'S MOTION TO STAY OR, IN THE ALTERNATIVE, FOR LEAVE TO RE-OPEN EXPERT DISCOVERY**

Defendant/Plaintiff-in-Counterclaim Hasbro, Inc. ("Hasbro") respectfully submits this Reply Memorandum of Law in support of Hasbro's motion to stay the trial of this matter or, in the alternative, to re-open discovery on a limited basis. Contrary to the Plaintiff's groundless allegations and unprecedented arguments, the relief sought in Hasbro's motion is fully in accord with the treatment of similar situations by virtually every other court in this country. Principles of public policy and justice, as well as the basic underpinnings of the Federal Rules of Civil Procedure and Federal Rules of Evidence, overwhelmingly favor the inclusion of relevant, probative evidence. The Plaintiff, knowing that the prior art cited by Hasbro is very likely fatal to his infringement claims, asks this Court to disregard those principles, pretend that Hasbro is acting in bad faith, and shut its eyes (and the eyes of the jury) to the truth.

As explained in its opening memorandum ("Hasbro's Opening Memorandum"), staying this action in order to utilize the specialized expertise of the United States Patent and Trademark Office ("PTO") in examining the validity of the '197 Patent is both warranted and well within the discretion of this Court. Alternatively, should the Court reject Hasbro's motion to stay this

EXHIBIT
C

*See* Opposition at 10. Of course, none of these factors is determinative and the matter is well within the discretion of the trial court. As shown below, on balance the factors firmly support granting a stay during the pendency of the *ex parte* reexamination by the PTO.

### 1. A Stay Presents No Unfair Prejudice to Plaintiff

Although he claims that Hasbro has requested a stay for some undisclosed "tactical advantage"[6] and he complains about the prospect of having to wait for the PTO to examine the prior art identified to it by Hasbro, the Plaintiff offers no meritorious reasons why this matter should not be stayed pending reexamination by the PTO. He argues that a stay would be "prejudicial" and put him at a "clear tactical disadvantage" (Opposition at 10), but is completely incapable of articulating in what manner he will be prejudiced, whether that prejudice would be unfair, or what the tactical disadvantage he might experience might be. For facts, he merely points to the time and litigation resources he has put into this case, to the passage of a "June 1, 2006" trial date that never existed,[7] and that one key witness is no longer with Hasbro. *Id.* at 11-23. Certainly, the same holds true for Hasbro and the Plaintiff with respect the expenditure of to time and resources.[8] As to the trial date, it did not exist. As to the witness, Eileen Sefchick, she left Hasbro in 2000 and has been on the west coast since approximately 2002, well beyond the

6 If the Plaintiff is calling the very real possibility that the PTO would find his current patent invalid a "tactical advantage" for Hasbro, his allegations are accurate for whatever they are worth. But there is no evidence, suggestion, or other reason to believe that the requested stay would somehow, in and of itself, work to Hasbro's advantage or the Plaintiff's disadvantage with respect to the litigation. If memories fade, they fade on both sides; if the Plaintiff wins, he will be paid interest at the statutory rate of 12%.

7 Presumably, the Plaintiff is referring to the provision in the Pretrial order, entered on September 22, 2005, that required pretrial memoranda to be filed in May of 2006 or 30 days after a decision on any pending dispositive motions, and for the matter to be placed on the trial calendar the following month. Both parties brought dispositive motions at the close of discovery. Unless the Plaintiff believes that the Court should have ruled on the motions even without allowing time for a response by the nonmoving parties, he knows that there never would have been a June 2006 trial even if no extension had been granted in this case, for any purpose, ever.

8 The Plaintiff makes hay out of being an "individual" litigant, but that is merely a function of the patent in suit being in his name. The Plaintiff conducts his business through a corporate entity (Crystal Caste) that has apparently made significant profits for the Plaintiff. This is not a case of a penniless retiree slipping and falling on the sidewalk in front of some major retailer.