UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**MOTION TO STAY PROCEEDINGS PENDING *EX PARTE* REEXAMINATION OF PATENT OR, IN THE ALTERNATIVE, FOR LEAVE TO RE-OPEN EXPERT DISCOVERY**

Defendant/Plaintiff-in-Counterclaim Hasbro, Inc. ("Hasbro") respectfully moves to stay the trial of this matter pending the outcome of its Request for *Ex Parte* Reexamination of the patent-in-suit, U.S. Pat. No. 5,938,197 (the "'197 Patent"). In the alternative, Hasbro respectfully moves to re-open expert discovery to permit Hasbro to advance appropriate expert testimony on the subject of the validity and enforceability of the '197 Patent in light of prior art identified since the close of discovery in this case. The grounds for this motion are set forth in the accompanying Memorandum of Law.

Respectfully submitted,

HASBRO, INC.
By its Attorneys,

/s/ Jeffrey K. Techentin
Todd D. White (# 5943)
twhite@apslaw.com
Jeffrey K. Techentin (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

EXHIBIT
D

A stay will not prejudice Plaintiff or present any sort of tactical disadvantage. There is no ongoing alleged infringement; Plaintiff will suffer no irreparable harm by any delay. Even if the Plaintiff is successful in this suit following a stay, his royalty damages would fully compensate any harm done during the stay.[56] *See Emhart Indus., Inc. v. Sankyo Seiki Mfg. Co.*, 1987 WL 6314, at *2 (N.D. Ill. Feb. 2, 1987) (granting stay where money damages would be sufficient to compensate patentee for any alleged infringement during stay); *Perricone v. Unimed Nutritional Services, Inc.*, 2002 WL 31075868, at *3 (D. Conn. July 18, 2002) (same). Hasbro discerns no tactical advantage or disadvantage from a stay (except for avoiding the possibility of the manifestly unjust result of the Plaintiff obtaining a final judgment and payment of royalties based on a patent that the PTO later determines to have been wrongfully issued).

Certainly there has been no undue delay on Hasbro's part in bringing this matter to trial. Although the facts of the case go back seven years and more, this case was only filed in May 2005. It was the Plaintiff's lackadaisical approach to litigation, and nothing done by Hasbro, that resulted in fully five years' delay. Even if one were to the **entire** period during which this case has been pending as delay by Hasbro, and even if the PTO were to take over two years to reach a conclusion on the reexamination, Hasbro would not have "delayed" this case any more than the Plaintiff himself did. If this case is "old," that fact lies squarely at the feet of the Plaintiff, and that fact is key in determining whether to grant a stay here. See *Ingro v. Tyco Indus., Inc.*, 1985 WL 1649, at *3 (N.D. Ill. May 31, 1985) ("especially in light of plaintiff's own delay in initiating litigation, a stay pending completion of reexamination proceedings . . . will constitute neither undue nor unreasonable delay").

---

56 Additionally, if the Plaintiff ultimately obtains a verdict against Hasbro, its value will have been enhanced by Rhode Island's 12% prejudgment interest rate, a far better rate of return than the current post-judgment rates available under 28 U.S.C. § 1961.