IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING,<br>a Resident of Arizona,<br><br>Plaintiff,<br>v.<br><br>HASBRO, INC.,<br>a Rhode Island Corporation,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 05-229S |

**MICHAEL BOWLING'S MOTION FOR ATTORNEYS' FEES UNDER 35 U.S.C. §285, 28 U.S.C. 1927 AND THE COURT'S INHERENT EQUITABLE POWERS**

Plaintiff, Michael Bowling ("Bowling") moves under 35 U.S.C. §285, 28 U.S.C. §1927, and the Court's inherent equitable powers for an award of fees and sanctions in the above captioned case for the litigation misconduct of Hasbro, Inc. ("Hasbro"). Hasbro improperly multiplied the proceedings to force Bowling to either abandon his claim or spend far more than any potential recovery. To allow Hasbro to use the court system to effectively preclude an individual litigant from any viable recourse allows infringers, such as Hasbro, to infringe with impunity. An award of fees and litigation expenses is proper in cases such as this where it is grossly unjust that the prevailing party be left to bear the burden of his own counsel fees, which through no fault of his own, far exceed the recovery.

Section 285 of the Patent Statute authorizes the Court "in exceptional cases" to award reasonable attorney fees to the prevailing party." 35 U.S.C. §285. A case may be found exceptional under §285 without bad faith or willful infringement. *Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1574 (Fed. Cir. 1996); *Rambus Inc., v. Infineon Tech.*

*AG*, 318 F.3d 1081, 1106 (Fed. Cir. 2003) (affirming a finding of exceptionality under §285 based on misconduct alone). Litigation misconduct and unprofessional behavior may suffice to make a case exceptional under §285. *Id*.

The principal purposes of§ 285 are to compensate the prevailing party for its monetary outlays in the prosecution or defense of the suit, *Central Soya Co. v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 1578 (Fed. Cir. 1983), and "to discourage infringement of a patent by anyone thinking that all he would be required to pay if he loses the suit would be a royalty." *Rohm& Haas v. Crystal Chem. Co.*, 736 F.2d 688, 691 (Fed. Cir. 1984). Under §285, an award of attorney fees encompasses all reasonable litigation expenses incurred that relate to the performance of legal services. *Central Soya Co.*, 723 F.2d at 1577-78.

Section 285 is an important tool to deter and sanction misconduct by parties to litigation, and thereby defend the court and the judicial process against abuse. *Mathis v. Spears*, 857 F.2d 749, 754 (Fed. Cir. 1988). Litigants are also protected from attorneys who unreasonably and vexatiously multiply the expense of proceedings by 28 U.S.C. §1927.

Bowling respectfully requests that the Court grant its motion for attorneys' fees and sanctions. Without such an award Bowling's success in enforcing his patent rights will pale in comparison to the recovery.

Michael Bowling,
By His Attorneys,

Date: April 7, 2008

/s/ Thomas J. Leach__________

Thomas J. Leach, MN (*pro hac vice*)
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Phone: 612.332.5300
Fax: 612.332.9081

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

**CERTIFICATE OF SERVICE**

TO:

Todd D. White, Esq.
Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

David K. S. Cornwell, Esq.
Tracey-Gene G. Durkin, Esq.
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue N.W.
Washington, DC 20005

I hereby certify that the within Michael Bowling's Motion For Attorneys' Fees Under 35 U.S.C. §285, 28 U.S.C. 1927 And The Court's Inherent Equitable Powers was filed through the ECF system on the 7th day of April, 2008, and will be sent electronically to the above-named counsel who are registered participants identified on the Notice of Electronic Filing for Case No. 05-229S.

/s/ Thomas J. Leach__________