UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**DEFENDANT HASBRO, INC.'S OBJECTION TO PLAINTIFF'S**
**MOTION FOR EXPERT FEES OF NEIL N. LAPIDUS**

Defendant Hasbro, Inc. hereby objects to Plaintiff Michael Bowling's Motion for Expert Fees of Neil N. Lapidus (Docket No. 213). The grounds for Hasbro's objection are set forth in the accompanying Memorandum of Law.

Respectfully Submitted,

For the Defendant,
HASBRO, INC.
By its Attorneys,

*/s/ Jeffrey K. Techentin*
Todd D. White, Esq. (#5943)
twhite@apslaw.com
Jeffrey K. Techentin, Esq. (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604
Dated: April 10, 2008

Of Counsel:

David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, N.W.
Washington, D.C. 20005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT HASBRO, INC.'S OBJECTION TO PLAINTIFF'S**
**MOTION FOR EXPERT FEES OF NEIL N. LAPIDUS**

Defendant Hasbro, Inc. respectfully submits that there is no merit whatsoever to Plaintiff's Motion for Expert Fees for Neil N. Lapidus (Docket No. 213 (the "Lapidus Motion"). Although Plaintiff correctly notes that Fed. R. Civ. P. Rule 26(b)(4)(C)(i) requires parties to pay the reasonable fee of the expert in attending deposition, here there was no fee for the time Mr. Lapidus spent at deposition. His invoice (attached to the Lapidus Motion as Exhibit A) was post-dated by nearly two years; it was created purely to avoid Plaintiff's obligation to pay the legitimate fees incurred by them in using Hasbro's expert, Barry Sussman, to prove Plaintiff's own case. Under these circumstances, and particularly in view of the fact that Hasbro has already had to expend significant time, effort, and fees deposing Mr. Lapidus and challenging his opinions, only to have the Court determine that his rank bias and poor, superficial analysis precluded him from testifying at trial (Docket No. 196), the Lapidus motion should be denied in its entirety.

## I. Introduction and Factual Background

After Plaintiff identified Neil N. Lapidus as an expert on damages, Hasbro took Lapidus's deposition. The deposition took place in Minneapolis, Minnesota on May 24, 2006. To take the deposition, Hasbro's counsel traveled from Providence to Boulder, Colorado to take the deposition of Plaintiff's "dice expert," Kevin B. Cook, and then to Minneapolis for the deposition of Lapidus, and then returned to Providence. Because Plaintiff's counsel improperly interfered with Hasbro's deposition of Mr. Cook, Hasbro had to move to re-depose him in Providence, which motion was granted by this Court. Docket No. 66. All of Hasbro's time and expense stemming from these depositions, which amounted to thousands of dollars in fees plus associated travel costs, was a complete waste. Neither of these experts testified at trial. Cook was voluntarily withdrawn by Plaintiff, and Lapidus was excluded.

Following the Lapidus deposition, Plaintiff did not present any request for Hasbro to pay any fee associated with Lapidus's time. Indeed, nothing was said on this subject until it was raised in the context of a different issue raised on January 31 of this year, over a year and a half after the deposition. On that date, counsel for Hasbro wrote to Plaintiff's counsel requesting that Plaintiff pay the fees associated with Mr. Sussman having testified in support of Plaintiff's defense of Hasbro's motion to exclude Lapidus, which had occurred on January 24, 2008:

> Enclosed please find Mr. Sussman's invoice for his time and expenses associated with his appearance and testimony on January 24, 2008. As Mr. Bowling elected to call him to testify, and Hasbro did not, Mr. Bowling is entirely responsible for this cost. Please confirm that you (meaning Mr. Bowling or your firm) will pay this invoice. Please make the check payable to Navigant Consulting, Inc. and forward it to my attention; I will relay it to Mr. Sussman's attention.

**Exhibit A**. Plaintiff's counsel responded later that day, stating:

> Please identify which rule(s) you are relying on for your request that Bowling pay for Mr. Sussman's time and expense at the *Daubert* hearing so I can consider the request.

**Exhibit B**. Plaintiff's counsel refused to pay the Sussman costs, even after Hasbro specifically reminded Plaintiff's counsel that it bore complete responsibility for the creation of those costs. **Exhibits C-D**. A week later, Plaintiff's counsel finally responded, apparently having discovered Rule 26(b)(4)(C) (emphasis in bold added: (**Exhibit E**):

> I have considered Hasbro's request that Bowing pay for Mr. Sussman's time during the *Daubert* hearing. It appears you are basing your request on Fed. R. Civ. P. 26(b)(4)(C). That rule applies to "the party seeking *discovery* to pay the expert a reasonable fee." We do not believe that the *Daubert* hearing, necessitated by Hasbro's motion, falls under that rule. However, to the extent that Hasbro believes it does, Hasbro had Mr. Lapidus on the stand for more than 5 hours essentially taking another deposition of Mr. Lapidus. Mr. Lapisus's rate is $370 per hour. If Hasbro insists on being reimbursed for Mr. Sussman's time, we will insist on Hasbro paying for the amount of time it examined Mr. Lapidus.
>
> In addition, your request reminded me that we had not submitted our request that Hasbro pay for Mr. Lapidus' time for the deposition Hasbro took of him on May 24, 2006. I believe you took the full 7 hours to depose Mr. Lapidus. **I will have Mr. Lapidus review his records, prepare an invoice, and I will send it on to you for payment by Hasbro.**

True to his word, Mr. Leach had Mr. Lapidus generate an invoice (dated February 11, 2008), which was forwarded to Hasbro's counsel on February 25, 2008. **Exhibit F**.

From this context, it is clear that Lapidus did not charge anything for his time at the deposition of May 24, 2006. The reasonable fee – which is precisely what he charged – was zero. Plaintiff's counsel opportunistically had him "prepare an invoice" nearly two years after the fact in order to slap Hasbro with a further $2,600 in costs associated with Plaintiff's bogus experts.

## II. Argument

The Lapidus Motion should be summarily denied. The "reasonable fee" for which Hasbro is responsible is zero – precisely the same fee that Lapidus apparently charged Plaintiff for his time. Moreover, Lapidus's biased, superficial, and ultimately unreliable opinions have already cost Hasbro many thousands of dollars just to keep him away from a trial at which he had no business testifying. Lapidus had no expectation of being paid for his time on May 24, 2006, and no law compels that he be provided any fee beyond what is "reasonable." Here, the reasonable amount is unquestionably zero.

The fact is that Lapidus did not charge a fee for his appearance and testimony at the time it was given. While he may have been entitled to a reasonable fee for the time expended during the deposition, he was clearly of the mind that he was appearing *gratis*. It was not until counsel for Mr. Bowling realized that Hasbro might be responsible for that time that any bill was produced – and even then it was produced at the urging of counsel. It would be manifestly unjust and unreasonable to require Hasbro to pay for fees that Lapidus never intended to charge. Therefore, in this case the amount of the reasonable fees to which Lapidus is entitled to receive from Hasbro is zero.[1]

## III. Conclusion

For all of the foregoing reasons, the Lapidus Motion should be summarily denied.

[1] It is also worth noting that there is no reason to believe that the fees described in the belated invoice provided by Lapidus will be the responsibility of Mr. Bowling or his counsel in the event that they are not recovered from Hasbro because they clearly were not charged until the possibility of payment by Hasbro was raised.

Respectfully submitted,

For the Defendant,
HASBRO, INC.
By its Attorneys,

*/s/ Jeffrey K. Techentin*

Todd D. White, Esq. (#5943)
twhite@apslaw.com
Jeffrey K. Techentin, Esq. (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604
Dated: April 10, 2008

Of Counsel:
David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, N.W.
Washington, D.C. 20005

**CERTIFICATE OF SERVICE**

TO:

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas J. Leach, Esq.
Anthony R. Zeuli, Esq.
Douglas J. Williams, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

David K. S. Cornwell, Esq.
Tracy-Gene G. Durkin, Esq.
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

I hereby certify that I filed the within Objection to Plaintiff's Motion for Expert Fees of Neil N. Lapidus (Docket No. 213) and the Memorandum in Support thereof through the ECF system on the 10th day of April, 2008, and that notice will be sent electronically to the above-named counsel who are registered participants identified on the Mailing Information for Case No. 05-229S.

*/s/ Jeffrey K. Techentin*________

*450970_1*