UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**DEFENDANT HASBRO, INC.'S OBJECTION TO PLAINTIFF'S MOTION FOR AWARD OF COSTS**

Defendant Hasbro, Inc. hereby objects to Plaintiff Michael Bowling's Motion for Award of Costs (Docket No. 212). The grounds for Hasbro's objection are set forth in the accompanying Memorandum of Law.

Respectfully Submitted,

For the Defendant,
HASBRO, INC.
By its Attorneys,

*/s/ Jeffrey K. Techentin*

Todd D. White, Esq. (#5943)
twhite@apslaw.com
Jeffrey K. Techentin, Esq. (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604
Dated: April 10, 2008

Of Counsel:

David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, N.W.
Washington, D.C. 20005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT HASBRO, INC.'S OBJECTION TO PLAINTIFF'S**
**MOTION FOR AWARD OF COSTS**

Defendant Hasbro, Inc. ("Hasbro") respectfully objects to the taxation of costs sought in Plaintiff's Motion for Award of Costs (Docket No. 212). Hasbro respectfully submits that in light of the greatly overstated damages awarded in this case (which are the subject of Hasbro's own posttrial motion) an award of costs is inappropriate. In short, if the verdict stands at $446,128.40, the Plaintiff will have been made more than whole. The taxation of costs is discretionary in the Court and, in this case, they should be denied. *See* 28 U.S.C. § 1920 ("A judge or clerk of any court of the United States ***may*** tax as costs….") (emphasis added); *see also* Fed. R. Civ. P. Rule 54(d)(1) (costs "should" be allowed); *see also B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc.*, 516 F.3d 18, 28 (1st Cir. 2008) (trial court may deny costs to prevailing party, but must provide an explanation for doing so on the record unless the reason is "readily apparent on the face of the record").[1]

[1] Hasbro has moved for judgment as a matter of law, or alternatively a new trial or remittitur. Should the Court grant Hasbro's request for JMOL or its new trial request, Plaintiff's motion will be moot, as will be Hasbro's opposition. Should the Court offer a remittitur to Plaintiff that is accepted at a level consistent with the evidence adduced at trial, Hasbro would withdraw its blanket objection to the award of costs.

But even if the Court believes that costs should be assessed in this case, Plaintiff's motion seeks costs that are clearly improper. The scope of available costs under 28 U.S.C. § 1920 is express and limited. To the extent Plaintiff seeks costs beyond those available by law, they should be denied and excluded. Section 1920 provides only for the following costs to a prevailing party:

> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Specifically, the following costs are not allowable for the reasons stated and should be excluded from any award of costs:

| **Nature of Cost** | **Amount** | **Reason for Exclusion** |
|---|---|---|
| Filing fee for *pro hac vice* motions | $100.00 | Not included within Section 1920; *pro hac vice* fees are expenses of counsel, not the client. *See, e.g.*, *Eagle Ins. Co. v. Johnson*, 982 F. Supp. 1456, 1459-60 (M.D. Ala. 1997), *aff'd* 162 F.3d 98 (11th Cir. 1998) (cost denied as not a statutory fee), *Romero v. United States*, 865 F. Supp. 585, 594 (E.D. Mo. 1994) (cost denied as expense of counsel not normally charged to fee paying client), and *Schmitz-Werke GmbH & Co. v. Rockland Indus., Inc.*, 271 F. Supp. 2d 734, 735 (D. Md. 2003) (cost denied for reasoning articulated in *Romero*) |

| **Nature of Cost** | **Amount** | **Reason for Exclusion** |
|---|---|---|
| Michael Bowling airfare to and from Providence, Rhode Island | $810.00 | Not included within Section 1920. Parties "may not normally collect witness fees." *Walsh v. PACCAR, Inc.*, C.A. No. 04-10304, *slip op.* at 13-14 (D. Mass. July 25, 2007) (citing *Haroco, Inc. v. American National Bank and Trust Co. of Chicago*, 38 F.3d 1429, 1442 and *Alvarez Sepulveda v. Colon Matos*, 306 F. Supp. 2d 100, 106 (D.P.R. 2004)) (attached as **Exhibit A**). |
| Michael Bowling subsistence for eight days at GSA rate | $1,600.00 | Not included within Section 1920. Parties "may not normally collect witness fees." *Walsh v. Piccar, Inc.*, C.A. No. 04-10304, *slip op.* at 13-14 (D. Mass. July 25, 2007) (citing *Haroco, Inc. v. American National Bank and Trust Co. of Chicago*, 38 F.3d 1429, 1442 and *Alvarez Sepulveda v. Colon Matos*, 306 F. Supp. 2d 100, 106 (D.P.R. 2004)). |
| Fees for Process Serving | $480.00 | Not included within Section 1920. As the subpoenas were served by private process server, they are not "fees of the [] marshal" covered by Section 1920(1). They are not witness fees, either, as those are defined by 28 U.S.C. § 1821 (which includes *per diem* payments and mileage). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987) ("The logical conclusion from the language and interrelation of these provisions is that § 1821 specifies the amount of the fee that must be tendered to a witness, § 1920 provides that the fee may be taxed as a cost, and Rule 54(d) provides that the cost shall be taxed against the losing party unless the court otherwise directs."). |
| Court reporter fees – Deposition of Kevin Cook | $1,236.75 | Plaintiff's counsel's interference with Hasbro's deposition of the witness at this deposition necessitated Hasbro filing a motion to compel the re-deposition of Mr. Cook at Plaintiff's expense, which was granted (*see* Docket No. 66). It would be manifestly unjust to tax Plaintiff's costs for the transcript of that deposition to Hasbro, particularly because Hasbro already had to pay its own costs and fees associated with taking that deposition. |

| **Nature of Cost** | **Amount** | **Reason for Exclusion** |
|---|---|---|
| Capture and synchronization of video for depositions of Albert and Susan Lizarraga and Eileen Sefchick | $516.81 | Section 1920 permits only the fees for the "***stenographic*** transcript ***necessarily*** obtained for use in the case." (Emphasis added). These fees were not for a part of the "stenographic transcript," nor were they incurred for a copy of the deposition video itself, but apparently were to render the video in a convenient format for Plaintiff's use at trial. Costs incurred for convenience – as opposed to necessity – are not properly recoverable. *See, e.g.*, *Summit Techn., Inc. v. Nidek Co.*, 435 F.3d 1371, 1380-81 (Fed. Cir. 2006) (the expense of various convenience services, such as expedited transcripts and video services, is not within the scope of section 1920(2)"); *Galella v. Onassis*, 487 F.2d 986, 999 (2d Cir. 1973). |
| Video of depositions of Albert and Susan Lizarraga and Eric Burke | $474.75 | Section 1920 permits only the fees for the "***stenographic*** transcript ***necessarily*** obtained for use in the case." (Emphasis added). These fees were not for a part of the "stenographic transcript," nor were they necessary to the Plaintiff's presentation of its case. Costs incurred for convenience – as opposed to necessity – are not properly recoverable. *See, e.g.*, *Summit Techn., Inc. v. Nidek Co.*, 435 F.3d 1371, 1380-81 (Fed. Cir. 2006) (the expense of various convenience services, such as expedited transcripts and video services, is not within the scope of section 1920(2)"); *Galella v. Onassis*, 487 F.2d 986, 999 (2d Cir. 1973). |

| **Nature of Cost** | **Amount** | **Reason for Exclusion** |
|---|---|---|
| All deposition costs other than to obtain the original and a copy of deposition transcripts | $3,678.95 | Section 1920 permits only the fees for the "***stenographic*** transcript ***necessarily*** obtained for use in the case." (Emphasis added). These fees were not necessary to the Plaintiff's presentation of its case. These fees include expedited costs, condensed transcript costs, "Auto Run CD-ROM" costs, "ascii disk" fees, tabs and copying for exhibits, "archiving" fees, dvd conversion, "Summation TranSend" fees, "E-Transcript" fees, and fees for "miscellaneous supplies." Hasbro does not object to the appearance fees of the court reporters, the costs of the deposition transcripts and copies, and associated shipping. *See Templeman v. Chris Craft Corp.*, 770 F.2d 245, 249 (1st Cir. 1985).<br><br>Costs incurred for convenience – as opposed to necessity – are not properly recoverable. *See*, *e.g.*, *Summit Tech., Inc. v. Nidek Co.*, 435 F.3d 1371, 1380-81 (Fed. Cir. 2006) (the expense of various convenience services, such as expedited transcripts and video services, is not within the scope of section 1920(2)"); *Galella v. Onassis*, 487 F.2d 986, 999 (2d Cir. 1973). |

| **Nature of Cost** | **Amount** | **Reason for Exclusion** |
|---|---|---|
| Copying costs – inhouse | $7,243.30 | The First Circuit has explicitly cautioned against blanket awards of costs for photocopying done in-house. *In re San Juan DuPont Plaza Hotel*, 111 F.3d 220, 237 and n.20 (1st Cir. 1997) ("As in-house photocopying costs are not incurred with "outside" providers (*e.g.*, hotel, airline, or even an outside photocopying service), there is no third-party receipt to verify the expenditure and its amount."). In *San Juan Dupont Plaza Hotel*, the First Circuit expressly required the moving party to either "demonstrate the various components of its in-house photocopying costs (*e.g.*, the prorated cost of purchasing or leasing the photocopier, the copy paper, and salaries attributable to making the copies), or show the prevailing cost of comparable outside copy services."<br><br>Here, there is no indication that any costs were actually incurred with respect to this copying, nor is there any indication that $0.20 per page is a reasonable charge or approximates the actual cost of photocopying. In-house charges for photocopying are inherently suspect as the flat-rate charge does not necessarily bear any relationship to the actual cost of providing such services, and Plaintiff has made no *prima facie* showing, by affidavit or otherwise, that the charges were necessary for the prosecution of the case or actually incurred. *See, e.g.*, *Adkins v. Crown Auto, Inc.*, 2005 WL 2563028, at *5-6 (W.D. Va. Oct. 11, 2005) (applying inherent equitable powers to assess copy costs of $0.10 for in-house copying instead of $0.25 and $0.35 charge claimed); *Garner v. Whitman*, 318 F. Supp. 2d 700 (C.D. Ill. 2004); *Simmons v. O'Malley*, 235 F. Supp. 2d 442 (D. Md. 2002) (in-house copying costs not reimbursable because incurred for "convenience" of counsel). |
| K&B Copy Group, Inc. Trial Demonstratives | $267.88 | Section 1920(4) only provides for the taxation of costs for "Fees for exemplification and copies of papers necessarily obtained for use in the case." Trial demonstratives are, by their very nature, matters of convenience and not "necessary" to the presentation of the case. *Kohus v. Cosco, Inc.*, 282 F.3d 1355 (Fed. Cir. 2002) (videos and animations are not "exemplification"). |

| **Nature of Cost** | **Amount** | **Reason for Exclusion** |
|---|---|---|
| Specialized Patent Services – prosecution file histories for patents other than the patent in suit | $563.00 | None of these file histories was ever even produced to Hasbro in this case (despite Hasbro having moved to compel their production, a motion that Plaintiff successfully opposed) or used at trial or otherwise. |
| **TOTAL** | $16,971.44 | |

Because $16,971.44 of the costs asserted by Plaintiff are improper, should the Court decide to award Plaintiff his costs as a prevailing party pursuant to 28 U.S.C. § 1920, Fed. R. Civ. P. Rule 54, and Local Rule (Civ) 54.1, the total amount of legitimate taxable costs is $11,995.18.

## III. Conclusion

For all of the foregoing reasons, Plaintiff's Motion for Costs should be denied or, if granted, costs should only be allowed in the amount of $11,995.18.

Respectfully submitted,

For the Defendant,
HASBRO, INC.
By its Attorneys,

*/s/ Jeffrey K. Techentin*
Todd D. White, Esq. (#5943)
twhite@apslaw.com
Jeffrey K. Techentin, Esq. (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604
Dated: April 10, 2008

Of Counsel:
David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, N.W.
Washington, D.C. 20005

**CERTIFICATE OF SERVICE**

TO:

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas J. Leach, Esq.
Anthony R. Zeuli, Esq.
Douglas J. Williams, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

David K. S. Cornwell, Esq.
Tracy-Gene G. Durkin, Esq.
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

I hereby certify that I filed the within Objection to Plaintiff's Motion for Award of Costs (Docket No. 212) and the Memorandum in Support thereof through the ECF system on the 10th day of April, 2008, and that notice will be sent electronically to the above-named counsel who are registered participants identified on the Mailing Information for Case No. 05-229S.

*/s/ Jeffrey K. Techentin*________

*450984_1*