UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH W. WALSH,
Plaintiff,

v. CIVIL ACTION NO. 04-10304-MBB

PACCAR, INC.,
Defendant.

**MEMORANDUM AND ORDER RE:**
**MOTION TO REVIEW COURT'S TAXATION OF COSTS**
**(DOCKET ENTRY # 51)**

**July 25, 2007**

**BOWLER, U.S.M.J.**

In accordance with a final judgment awarding defendant Paccar, Inc. ("defendant" or "Paccar") costs under Rule 54(d)(1), Fed. R. Civ. P. ("Rule 54(d)"), defendant filed a bill of costs. (Docket Entry # 50). Plaintiff Joseph W. Walsh ("plaintiff" or "Walsh") opposes costs and moves for a review of costs by this court. (Docket Entry # 51). Fully briefed, the matter is ripe for review.

DISCUSSION

Plaintiff initially requests a denial of all costs because this case was not "frivolous" and it "involved a close issue." (Docket Entry # 51). Rule 54(d), however, dictates that costs "shall be allowed as of course to the prevailing party." The prevailing party is "[u]sually the litigant in whose favor

judgment is rendered." Johnson v. State of Rhode Island, Department of Corrections, 2000 WL 303305 at * 14 (D.R.I. March 22, 2000). Defendant, who obtained the final judgment in its favor, is the prevailing party.

Rule 54(d) works in tandem with 28 U.S.C. § 1920 ("section 1920"). In re Two Appeals Arising Out of the San Juan Depot Plaza Hotel Fire Litigation, 994 F.2d 956, 962 (1st Cir. 1993). The rule cannot be stretched beyond the parameters defined in section 1920 to encompass charges "unenumerated in [section 1920]." Id. at 962 & 964. A court still retains a "negative discretion" to decline an award of costs to items enumerated in section 1920. The presumption of an award of costs emanating from the rule's language, however, creates a "long shadow" that favors an award of costs to the prevailing party. Id. at 962 (award of costs to "prevailing party is the norm"). In light of that norm, plaintiff's argument to deny all costs is unavailing. Accordingly, this court turns to the requested items.

Defendant first seeks reimbursement for the $150 filing fee incurred during removal. Plaintiff does not object and section 1920(1) authorizes taxation of the "[f]ees of the clerk." 28 U.S.C. § 1920(1); see Raio v. American Airlines, Inc., 102 F.R.D. 608, 611 (D.C.Pa. 1984) ("costs of removing the case from state to federal court are taxable costs" under section 1920(1)).

Next, defendant requests $868.35 for the cost of deposition

transcripts of two trial witnesses: (1) Walsh; and (2) Rick I. Sedgley ("Sedgley"), a longtime employee of Kenworth Truck Company ("Kenworth"), a division of Paccar. Section 1920(2) allows reimbursement of court reporter fees for a "transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The "cost of taking and transcribing depositions" therefore falls within the reach of section 1920(2). Templeman v. Chris Craft Corp., 770 F.2d 245, 249 (1st Cir. 1985). "Absent special circumstances, [however,] only those depositions actually introduced in evidence or used at trial may be taxed as costs." The Garnishman Company, Ltd. v. General Electric Company, Inc., 993 F.Supp. 25, 29 (D.Mass. 1998); accord Paul N. Howard Co. v. Puerto Rico Aqueduct and Sewer Authority, 110 F.R.D. 78, 82 (D.P.R. 1986) (deposition transcripts properly taxed "when received in evidence or used at trial"); see Templeman v. Chris Craft Corp., 770 F.2d at 249.

Plaintiff read excerpts of Sedgley's Rule 30(b)(6) deposition into the record on the second and third days of trial.[1] The averred $327.60 cost of the deposition transcript therefore constitutes a taxable cost. See, e.g., Templeman v. Chris Craft Corp., 770 F.2d at 249 (allowing taxation of "depositions read to the jury [which] became, of course, part of the testimony of the case"). Defendant used Walsh's deposition

[1] Sedgley also testified live on behalf of defendant.

for impeachment purposes at trial. Hence, the averred $490.75 cost of the deposition transcript and the $50 court reporter fee are taxable under section 1920(2). See Marathon Ashland Pipe Line LLC v. Maryland Casualty Co., 243 F.3d 1232, 1254 (10th Cir. 2001) (deposition costs "taxable . . . if the deposition is used at trial to impeach a witness on the witness stand with his/her prior testimony" or to refresh "a witness's recollection").

Defendant additionally seeks reimbursement for $1,013.90, half of the $2,027.80 expended for internal copying costs. Defendant attaches a 24 page itemized list which reflects the dates of copying and the number of copies at a price of 20 cents per page. Defendant's counsel explains that Paccar "charged fees no higher than what is generally charged for reproduction in the Boston Area and reproduced no more copies tha[n] what was actually necessary." (Docket Entry # 50, p. 2). Plaintiff, however, points out that Walsh's medical records and invoices totaled only 170 pages and the truck manual comprised an estimated 196 pages. Plaintiff further complains about the excessive cost of the copies at 20 cents per page as opposed to the estimated five cents per page plaintiff's counsel expends for internal copies.

Section 1920(4) permits taxation of "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Costs for copying papers are

therefore compensable. Section 1920(4), however, limits "fees for photocopying . . . to such copying as is reasonably necessary for use in the case." Billings v. Cape Cod Child Development Program, Inc., 270 F.Supp.2d 175, 178 (D.Mass. 2003); accord Rodriguez-Garcia v. Davila, 904 F.2d 90, 100 (1st Cir. 1990) (copying costs under section 1920(4) allowable if "reasonably necessary to the maintenance of the action"). "[C]opies of documents made for the convenience of the attorneys" lie outside the purview of the statute. Billings v. Cape Cod Child Development Program, Inc., 270 F.Supp.2d at 178; see Johnson v. State of Rhode Island, Dept. of Corrections, 2000 WL 303305 at * 14 (D.R.I. March 22, 2000) (copying "costs for the convenience, preparation, research, or records of counsel may not be recovered"). Moreover, although the documents copied need not be actually filed with the court, Rodriguez-Garcia v. Davila, 904 F.2d at 100, there must be "some evidence of necessity." Johnson v. State of Rhode Island, Dept. of Corrections, 2000 WL 303305 at * 14 (D.R.I. March 22, 2000); United States v. Davis, 87 F.Supp.2d 82, 88 (D.R.I. 2000) (same).

Although the $1,013.90 requested amount for internal copying costs is somewhat high for a case that engendered only slightly more than three half days of trial, see Billings v. Cape Cod Child Development Program, Inc., 270 F.Supp.2d at 178 n. 3 ("court finds it difficult to believe that a trial of but

slightly more than three half-days duration required $1,759.65 of photocopying”), defendant adequately documents the dates and the number of pages copied. See Summit Technology, Inc. v. Nidek Co., Ltd., 435 F.3d 1371, 1378 (Fed.Cir. 2006) (applying First Circuit law and noting that “section 1920(4) does not demand page-by-page precision”). Cutting in half the actual amount is “a somewhat crude method for accounting for non-necessary copies,” Id. at 1378-1379 (reducing amount by 50% to account for unnecessary copies of internal documents), but is acceptable under the circumstances.

The 20 cents per page requested fee, however, is excessive. See id. at 1379 (reducing 25 cents per page requested fee for internal copying to 15 cents, an agreed upon rate); Zayas v. Puerto Rico, 451 F.Supp.2d 310, 319 (D.P.R. 2006) (refusing to deviate from policy of awarding customary ten cents per page fee under section 1920(4)); see also In re San Juan Hotel Fire Litigation, 111 F.3d. at 231 n. 11 (reducing award of 25 to ten cents in mass tort common fund award). An adjustment to ten cents per page reflecting local costs is therefore appropriate thereby yielding a taxable cost of $506.95. See, e.g., James v. Wash Depot Holdings, Inc., 2007 WL 1423762 at * 5 (S.D.Fla. May 14, 2007) (reducing internal copying costs to ten cents per page); Horacek v. Eberly, 2006 WL 2844170 at * 3 (E.D.Mich. Sept. 29, 2006) (awarding ten cents per page); Zayas v. Puerto Rico,

451 F.Supp.2d at 319 (reducing 25 cents per page requested fee to ten cents); Tirapelli v. Advanced Equities, Inc., 222 F.Supp.2d 1081, 1085 (N.D.Ill. 2002) (reducing 20 cents per page requested fee for internal copying costs to ten cents to reflect copying costs in local print shops); Rice v. Sunrise Express, Inc., 237 F.Supp.2d 962, 981 (N.D.Ind. 2002) (limiting 20 cent per page fees for internal copying fee to ten cents consistent with prices charged by outside print shops).

Plaintiff additionally objects to the requested $3,681.13 in "[f]ees for exemplification of papers." (Docket Entry # 50). Defendant provides invoices that itemize the fee into: (1) a $155 fee for 124 color photographs and a $241.50 fee for 42 enlarged and mounted black and white photographs together with a $65.00 fee for "tech time;" (2) a $2,006.55 fee for 78 enlargements and mountings of color photographs; and (3) a $1,190.00 fee for producing and copying 14 trial exhibit boards.[2] (Docket Entry # 59, Ex. F). The exhibit list reflects the admission into the record of 14 "blow-up photo[s] of the truck" on boards and a "blow-up" of the "pre-trip inspection checklist" on a board. Eleven photographs of the truck were also admitted. (Docket Entry # 51, Ex. A, Exhibit List).

As previously indicated, "Rule 54(d) confers no discretion on federal courts independent of the statute to tax various types

[2] The addition of tax results in the $3,681.13 total.

of expenses as costs." In re Two Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litigation, 994 F.2d at 962. Section 1920(4) prescribes "[f]ees for exemplification" to items "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The term "exemplification" can be interpreted broadly to include charts, trial boards and photographic enlargements. See Data General Corp. v. Grumman Systems Support Corp., 825 F.Supp. 361, 367-368 (D.Mass. 1993) (broad reading of section 1920(4) includes "maps, charts, graphs, photographs, motion pictures, photostats and kindred materials when necessarily obtained for use in the case"); United States v. Davis, 87 F.Supp.2d at 91 (allowing section 1920 fees for enlargements of trial exhibits and graphics). It can also be interpreted narrowly to exclude such costs. See Coats v. Penrod Drilling Corporation, 5 F.3d 877, 891 (5th Cir. 1993) (applying First Circuit law, fee "for 'blow-ups' used at trial" was not an expense "included in § 1920"); Shared Medical Systems v. Ashford Presbyterian Community Hospital, 212 F.R.D. 50, 55-56 (D.P.R. 2002) (denying fees for 11 mounted enlargements used at trial as outside the reach of section 1920).

Even assuming that section 1920(4) encompasses fees for enlargements, trial boards, blow-ups and mounting of photographs, see, e.g., United States v. Davis, 87 F.Supp.2d at 91, there must be a showing that the fees are necessary as opposed to merely convenient or helpful. See Shared Medical Systems v. Ashford

Presbyterian Community Hospital, 212 F.R.D. at 55-56. The 14 trial exhibit boards (Docket Entry # 50, Ex. G), presumably of the truck, while of some assistance, were not necessary. See Paul N. Howard Co. v. Puerto Rico Aqueduct and Sewer Authority, 110 F.R.D. at 82 (disallowing section 1920 fees for exhibits which, although helpful, "were not indispensable"). The case was not complicated and could easily have been presented without the use of demonstrative aids in the form of the trial boards and the enlarged, mounted color photographs. Cf. Bonilla v. Trebol Motors Corp., 1997 WL 178861 at * 17 (D.P.R. March 27, 1997) (demonstrative evidence presented in "complicated" RICO class action case "was vital for the Court and the jury"). The number of photographs, including the mounted and enlarged photographs, is also excessive given the straightforward nature of this case.

In addition, defendant failed to obtain prior approval for the expenses incurred for the boards, enlargements and mounting. "Although failure to obtain prior Court approval, especially where large items of expense are concerned, does not necessarily bar reimbursement, as a general rule, absent previous Court approval, demonstrative evidence has rarely been found so indispensable to the prevailing party as to merit the awarding of such costs." Paul N. Howard Co. v. Puerto Rico Aqueduct and Sewer Authority, 110 F.R.D. at 82 (citation omitted). On balance, therefore, the $3,681.13 in fees sought for

exemplification lies outside the reach of section 1920(4).

Plaintiff next objects to the requested $1,544.80 witness fee for Sedgley. Defendant seeks a daily attendance fee for Sedgley in the amount of $160 for a four day period even though Sedgley only testified on the third day of trial. Because it was uncertain whether plaintiff would rest on the second day of trial, however, defendant needed to have Sedgley, its only witness, available to testify on the second as well as on the third day of trial. The fee for Sedgley additionally includes $424.80 for airfare from Kirkland, Washington to Boston. Defendant also requests reimbursement for meals and incidental expenses at a daily rate of $48 for the first and last days (March 4 and 8, 2007) and $64 for the three trial days (March 5, 6 and 7, 2007).[3] Defendant also requests reimbursement of Sedgley's lodging fees for four nights at the daily rate of $168 totaling $672.00.[4]

Section 1920(3) authorizes fees for witnesses and works in tandem with 28 U.S.C. § 1821 ("section 1821"). See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-442 (1987)

---

[3] The $64.00 figure is the government rate prescribed by the Administrator of Government Services for meals and incidental expenses in the Boston area. The per diem rate on the day or arrival and departure is 75% of that rate or $48.00. (Docket Entry # 50, Ex. D).

[4] The per diem lodging rate of $168 equals the maximum government rate authorized by the Administrator of Government Services for the Boston area. (Docket Entry # 50, Ex. D).

(sections 1920 and 1821 limit ability to tax witness fees under Rule 54(d)). Section 1821 provides a $40 per diem attendance fee for a witness including the time necessary for "going to and returning from the place of attendance," in this case Boston. 28 U.S.C. § 1821(b). The statute additionally allows reimbursement for the "actual expenses of travel" but requires the witness to "utilize a common carrier at the most economical rate reasonably available." 28 U.S.C. § 1821(c)(1). Subsection 1821(d) authorizes payment of a "subsistence allowance" at a daily maximum rate equal to the "per diem allowance prescribed by the Administrator of General Services." 28 U.S.C. § 1821(d)(1)-(3); see generally Rice v. Sunrise Express, Inc., 237 F.Supp.2d 962, 980 (N.D.Ind. 2002) (summarizing interplay between sections 1920 and 1821). The per diem rates prescribed by the Administrator of General Services, in turn, include rates for the first and last days, i.e., travel days, at a reduced 75% rate. Days spent traveling to and from Boston are therefore taxable.

Plaintiff initially argues that Sedgley testified for only one day and, accordingly, plaintiff should not "foot the entire bill for [Sedgley's] week-long stay in Boston to observe the trial." (Docket Entry # 51). The fact that Sedgley, who provided relevant and material testimony, only testified for one day does not limit reimbursement to that day. "Section 1821 authorizes witnesses to be compensated for the days that they are

available to testify as well as for the days that they actually testify." Nissho Iwai Company., Ltd. v. Occidental Crude Sales, 729 F.2d 1530, 1553 (5th Cir. 1984). As the trial unfolded, it was unclear whether Sedgley would be reached on the second or the third day of trial. These two days coupled with the two days of travel to and from Boston are therefore taxable at the requested government rate for meals and incidental expenses inclusive of the $40 attendance fee.[5]

With respect to airfare, section 1821 authorizes taxation for "travel expenses within and outside the judicial district." 28 U.S.C. § 1821(c)(4). This court therefore has the discretion to tax travel expenses for witnesses residing more than 100 miles from the place of trial. See West Wind Africa Line, Ltd. v. Corpus Christi Marine Services Co., 834 F.2d 1232, 1237 (5th Cir. 1988). Sedgley was a critical witness for the defense. In fact, he was the only witness who testified on behalf of defendant. His live testimony was therefore necessary to present defendant's case. The airfare is an economical amount for travel across the country. The lodging rate of $168 is the appropriate government rate. The $424.80 airfare and the three days of lodging for the nights of arrival and second and third trial days are therefore

[5] This results in two days at the full rate of $64 and two days at the 75% rate of $48 for a total of $224 in meals and incidental expenses together with a $160 attendance fee.

taxable.[6]

The meal and incidental expense fees all fall within the maximum rate allowed by the Administrator of General Services. Plaintiff next maintains, albeit without case citation, that he has no "obligation to pay any costs for the appearance of an employee of the defendant." (Docket Entry # 51). Sedgley, the Manager of Product Safety and Compliance at Kenworth, was a witness at trial and a Rule 30(b)(6) deposition witness. Neither section 1920(3) nor 1821 makes a distinction between parties and witnesses. Haroco, Inc. v. American National Bank and Trust Co. of Chicago, 38 F.3d 1429, 1442 (7th Cir. 1994). The plain language of the statute applies to "a witness" and therefore includes corporate officers and directors of a corporate party. See, e.g., Interclaim Holdings Ltd. v. Ness, Motley, Loadholt, Richardson & Poole, 2004 WL 557388 at * 5 (N.D.Ill. March 22, 2004) ("the fact that witnesses Martin Kenny and Irving Cohen are also officers of Plaintiff Interclaim does not preclude recovery of expenses" inasmuch as section 1821 "provides that 'all witnesses' available to testify . . . are to be paid" fees under section 1821).

It is true that "parties may not normally collect witness fees." Haroco, Inc. v. American National Bank and Trust Co. of Chicago, 38 F.3d at 1442; accord Alvarez Sepulveda v. Colon

[6] The airfare and lodging thus total $928.80.

Matos, 306 F.Supp.2d 100, 106 (D.P.R. 2004) (denying witness fees for defendants because they were parties). It is equally true, however, that "the expenses of a director or officer of a corporate party who is not personally involved in the litigation may be taxable if he is testifying on behalf of the corporation he represents, and that corporation is a party to the lawsuit." Green Construction Co. v. Kansas Power & Light Co., 153 F.R.D. 670, 679 (D.Kan. 1994) (rejecting argument to deny witness fees because the witnesses were employees of the corporation).

The court in Green thus awarded witness fees in connection with the testimony of the Vice President of the Green Construction Company. See id. (collecting cases). Plaintiff fails to convince this court that Sedgley held more than a natural concern for the company's welfare "as opposed to [an] actual participation in the litigation." Electronic Specialty Co. v. International Controls Corporation, 47 F.R.D. 158, 162 (S.D.N.Y. 1969).

Accordingly, as discussed above, defendant is not entitled to receive reimbursement for the first and last day Sedgley merely attended and observed the proceedings. Defendant remains entitled to receive reimbursement for the days Sedgley was available and did testify and the days required to travel to and from Boston. See Interclaim Holdings Ltd. v. Ness, Motley, Loadholt, Richardson & Poole, 2004 WL 557388 at * 5 (prevailing

party not entitled to expenses for "officers who attend the trial merely as corporate representatives, but is" entitled to "costs for the days on which the corporate representatives were called as witnesses").

CONCLUSION

In accordance with the foregoing discussion, the motion to review the court's taxation of costs (Docket Entry # 51) is **ALLOWED** in part and **DENIED** in part. Defendant is entitled to the following costs: (1) $150 filing fee; (2) $868.35 deposition transcript fee; (3) $506.95 printing fee; and (4) $1,312.80 witness fee.

/s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge