UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**DEFENDANT HASBRO, INC.'S OBJECTION TO PLAINTIFF'S**
**MOTION FOR PRE- AND POST-JUDGMENT INTEREST**

Defendant Hasbro, Inc. hereby objects to Plaintiff Michael Bowling's Motion for Pre- and Post-Judgment Interest (Docket No. 211). The grounds for Hasbro's objection are set forth in the accompanying Memorandum of Law.

Respectfully Submitted,

For the Defendant,
HASBRO, INC.
By its Attorneys,

*/s/ Jeffrey K. Techentin*

Todd D. White, Esq. (#5943)
twhite@apslaw.com
Jeffrey K. Techentin, Esq. (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604
Dated: April 10, 2008

Of Counsel:

David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, N.W.
Washington, D.C. 20005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HASBRO, INC.'S OBJECTION TO PLAINTIFF'S MOTION FOR AWARD OF PRE- AND POST-JUDGMENT INTEREST**

Defendant Hasbro, Inc. ("Hasbro") respectfully objects to Plaintiff Michael Bowling's ("Bowling" or "Plaintiff") Motion for Pre- and Post-Judgment Interest (Docket No. 211). Hasbro respectfully submits that in light of the greatly overstated damages awarded in this case (which are the subject of Hasbro's own posttrial motion), an award of prejudgment interest is inappropriate. In short, if the verdict stands at $446,128.40, the Plaintiff will have been made more than whole. Alternatively, if the Court determines that pre- and post-judgment interest are warranted, Hasbro contends that Bowling is not entitled to the Rhode Island statutory rate of interest, and that he is not entitled to recover any interest until the time he filed suit in this Court.

## I. Discussion

As the Supreme Court has instructed, "[t]he standard governing the award of prejudgment interest under [35 U.S.C.] § 284 should be consistent with Congress' overriding purpose of affording patent owners complete compensation." *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655 (1983). Bowling having adduced no evidence of his

damages whatsoever, and the unrebutted testimony at trial establishing that his actual damages were less than $10,000, a verdict of nearly one-half million dollars does more than provide Plaintiff "complete compensation."[1]

As Plaintiff acknowledges, the assessment of ***any*** prejudgment interest is discretionary in the Court and, in this case, no application of prejudgment interest is necessary to "ensure that the patent owner is placed in as good a position as he would have been in had the infringer entered into a reasonable royalty agreement." *Id.*; *see also* Plaintiff's Memorandum at 1-2 (describing the assessment of prejudgment interest as the "normal" procedure). $446,182.40 is more, ***much more***, than a reasonable royalty on approximately a million of Hasbro's $0.064 dice plus seven and a half years of a reasonable rate of interest.

Furthermore, courts have denied interest awards in patent infringement cases in the past under circumstances like those presented here. In *Crystal Semiconductor Corp. v. TriTech Microelectronics Intern., Inc.*, 246 F.3d 1336, 1361-62 (Fed. Cir. 2001), the Federal Circuit affirmed the district court's denial of prejudgment interest because plaintiff engaged in litigation tactics designed to increase its damages and unnecessarily delayed the filing of the suit for two years. A similar result has been reached by various district courts. *See Lummus Indus., Inc. v. D.M. & E. Corp.*, 862 F.2d 267, 275 (Fed. Cir. 1988) (recognizing that undue delay that causes prejudice is proper grounds for denying prejudgment interest); *Mainland Indus. Inc. v. Standal's Patents, Ltd.*, No. Civ 81-928-BE, 1985 WL 6021, at *5 (D.Or. Oct. 15, 1985). In fact, the *General Motors Corp.* Court explicitly recognized that

[1] Hasbro has moved for judgment as a matter of law, or alternatively a new trial or remittitur. Should the Court grant Hasbro's request for JMOL or its new trial request, Plaintiff's motion will be moot, as will be Hasbro's opposition. Should the Court offer a remittitur to Plaintiff that is accepted at a level consistent with the evidence adduced at trial, Hasbro would withdraw its blanket objection to the award of prejudgment interest.

undue delay in filing a suit could be grounds for denying prejudgment interest altogether. 461 U.S. at 656-57 (“it may be appropriate to limit prejudgment interest, or perhaps even deny it altogether, where the patent owner has been responsible for undue delay in prosecuting the lawsuit”).

As was established definitively during trial, Plaintiff knew about Hasbro’s alleged infringement of the patent in suit prior even to the issuance of his patent. His delay in bringing suit, compounded as it was by his lackadaisical prosecution of the matter, should bar him from collecting what amounts to a huge windfall, far in excess of his actual damages. As Hasbro has pointed out previously, Plaintiff brought suit against Hasbro in Arizona on September 16, 2003, more than four years after his cause of action accrued. Plaintiff failed to serve Hasbro and when the District Court issued a show-cause order why the case should not be dismissed (*Bowling v. Hasbro, Inc.*, No. C.A. No. 03-471 (D.Ariz. Jan. 26, 2004), Plaintiff disregarded that order. As a result, the District of Arizona dismissed his case with prejudice. *Bowling v. Hasbro, Inc.*, No. C.A. No. 03-471, slip op. at 1 (D.Ariz. Mar. 10, 2004). Plaintiff then appealed that decision to the Federal Circuit, which reversed on the grounds that Plaintiff had not been properly put on notice of the potential for a dismissal with prejudice for his lackadaisical prosecution of his case. *Bowling v. Hasbro, Inc.*, 403 F.3d 1373 (Fed. Cir. 2005). The Federal Circuit’s decision was issued on April 11, 2005. *Id.* After remand, Plaintiff voluntarily dismissed his case in Arizona, filing this suit shortly thereafter.

Thus the delay from August 17, 1999 to May 24, 2005 is entirely attributable to Plaintiff’s own willful actions – sitting on his cause of action until filing suit in Arizona while knowing fully of all of the facts necessary to bring his claim, failing to prosecute the

matter, and then spending more than a year in the appellate process. All of these actions were undertaken deliberately by Plaintiff, and caused prejudice to Hasbro in the form of litigation difficulties inherent in the passage of time and an exorbitant amount of accrued interest.[2] Moreover, Plaintiff's candid statement that his lawyers spent more than $1,000,000 in time on this case – over $650,000 of which is not even alleged to be connected to any supposed litigation misconduct on Hasbro's part – reveals his litigation tactics designed to increase the damages to Hasbro.[3] This case presents a classic example of the circumstances under which an award of interest should be denied in its entirety due to undue delay and wrongful conduct on the part of Plaintiff.

Nevertheless, should the Court elect to impose prejudgment interest, the circumstances presented here counsel strongly against applying the Rhode Island statutory rate of 12%. Nor is an award assessing prejudgment interest for the entire period from the date of first infringement to the entry of judgment warranted.

First, the Rhode Island statutory rate is inappropriate. Plaintiff is a resident of Arizona and had originally filed suit against Hasbro in the District of Arizona. Plaintiff had no contact with Rhode Island until after his Arizona action was dismissed with prejudice, appealed to the Federal Circuit, remanded to the District of Arizona, and dismissed without prejudice. Only then did Plaintiff shift the forum to this Court, filing suit in the District of Rhode Island on May 24, 2005. For nearly six years, Bowling would have had no reason to

---

[2] For example, the only evidence available at trial to show that Hasbro had sold any Accused Dice after actual notice had been given to Hasbro was a counsel's letter admitting that 184,900 "Avon Edition" units had been sold with Accused Dice in them post-November 1, 1999. Hasbro has no records or other evidence to show what had actually happened with the balance of the 732,000 pairs of dice Hasbro had purchased and therefore had to concede that all of them had been included in games sold, though that fact was certainly not accurate (Dottie Echlin having testified, for example, that she has a box of the dice in her office, and others of the 732,000 having been presented at trial).

[3] *See* Plaintiff's Motion for Attorneys' Fees (Docket Nos. 214 and 218) and Affidavit of Thomas J. Leach submitted therewith.

expect that his eventual judgment would accrue interest at Rhode Island's rates, but instead would have expected that the lower, Arizona rate would apply. Arizona employs a 10% simple (non-compounding) prejudgment interest rate, and has done so since well before Plaintiff's cause of action accrued. *See* Ariz. Rev. Stat. § 44-1201; *Westberry v. Reynolds*, 134 Ariz. 29, 34, 653 P.2d 379, 384 (Ariz. App. 1982) (holding that lower court erred in compounding interest under the statutory rate).

Even a 10% rate would represent a huge windfall to Plaintiff. There is no indication (and Plaintiff offers none) that 10 or 12% represents a fair approximation of the yield that Plaintiff might have seen on the judgment amount had it been paid to him in August of 1999.[4] A fairer approximation would come from the federal postjudgment rates, which are based upon published rates of return for government securities. From 1999 to 2008, that rate never exceeded 6.375%, and for the vast majority of that time it was below 2-3%. *See* U.S. District Court, District of Utah, *Post Judgment Interest Rate*, available at http://www.utd.uscourts.gov/documents/judgpage.html (last accessed April 10, 2008). Given the historically low interest rates seen during the vast majority of the time period since Plaintiff's cause of action accrued, a blended rate of 3-4% would represent a fair, even generous, rate of interest.

Applying this federal rate is consistent with other court's decisions on this issue. In *Seal-Flex, Inc. v. W.R. Dougherty & Assoc., Inc.*, 254 F.Supp.2d 647, 657 (E.D.Mich. 2003), the court applied the "applicable long term federal interest rates." In *Mobil Oil Corp. v. Amoco Chemicals Corp.*, 915 F.Supp. 1333, 1370-71 (D.Del. 1994), the court noted that it had broad discretion in determining the proper interest rate to apply in order to best

---

[4] Applying the Arizona 10% rate of prejudgment interest from August 17, 1999 to the date of the judgment would yield more than $384,000 in interest.

compensate the patent owner for the "time value of money" when it awarded prejudgment interest at the prime rate.[5] Each of these cases counsels that federal interest rates are appropriate applied in patent damages suits if the court determines that such interest rates are just to compensate the plaintiff for the "time value of money."

Second, Plaintiff should not be entitled to any prejudgment interest for the time period prior to the filing of this action on May 24, 2005. As explained above, Plaintiff knew about Hasbro's alleged infringement of the patent in suit prior even to the issuance of his patent. His delay in bringing suit at the very least should bar him from collecting a windfall of interest for the time that passed solely due to his delay. The delay from August 17, 1999 to May 24, 2005 occurred only because Plaintiff sat on his cause of action while knowing fully of all of the facts necessary to bring his claim, failing to prosecute the matter, and then spending more than a year in the appellate process. Under these circumstances, prejudgment interest should not be awarded prior to the date of filing suit in this matter – May 24, 2005. Employing Plaintiff's methodology for computing interest, but applying the Arizona rate of interest, Plaintiff is entitled to at most $126,397.97 ($446,182.40 * .10 ÷ 365 * 1034). At the more realistic and fair rate of 3.5%, Plaintiff would be entitled to **$44,233.94** ($446,182.40 * .035 ÷ 365 * 1034).

With respect to postjudgment interest, Plaintiff offers no rationale for applying anything other than the standard federal rate for judgments (28 U.S.C. § 1961(a)) except that the Rhode Island rate would be more advantageous to him. Plaintiff's Memorandum at 4. Plaintiff cites to *Hansen v. Continental Ins. Co.*, 940 F.2d 971 (5th Cir. 1991) to support a rejection of the statutory rate, but his citation to that case is grossly misleading. The *Hansen*

---

5 At present, the prime rate is 5.25%. *See* Wall Street Journal, *Money Rates – Markets Data Center*, available at http://online.wsj.com/mdc/public/page/2_3020-moneyrate.html (last accessed April 10, 2008).

decision rejected the application of the federal postjudgment interest rate for ***prejudgment*** interest. *Id.* at 934. Plaintiff's claims were not based upon Rhode Island law, and there is no basis to apply the Rhode Island postjudgment interest provisions (R.I. Gen. Laws § 9-21-10(a)).

In fact, 28 U.S.C. § 1961 mandates that the prescribed interest rates in that section apply to judgments entered in United States District Courts, and nothing Plaintiff offers is to the contrary. Section 1961(a) states specifically that "[s]uch interest shall be calculated from the date of the entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceeding the date of the judgment." For the week ending March 14, 2008, that rate was 1.52%. *See* Federal Reserve Board, *Selected Interest Rates*, available at http://www.federalreserve.gov/releases/h15/current/ (last accessed April 10, 2008). Accordingly, the postjudgment rate of interest is 1.52% and may not be varied.

## II. Conclusion

For all of the foregoing reasons, Plaintiff's Motion for Prejudgment and Postjudgment Interest should be denied or, if granted, prejudgment interest should only be allowed in the amount of $44,233.94. Postjudgment interest should accrue on the unpaid judgment at the rate of 1.52%.

Respectfully submitted,

For the Defendant,
HASBRO, INC.
By its Attorneys,

*<u>/s/ Jeffrey K. Techentin</u>*
Todd D. White, Esq. (#5943)
twhite@apslaw.com
Jeffrey K. Techentin, Esq. (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604
Dated: April 10, 2008

Of Counsel:
David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, N.W.
Washington, D.C. 20005

**CERTIFICATE OF SERVICE**

TO:

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas J. Leach, Esq.
Anthony R. Zeuli, Esq.
Douglas J. Williams, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

David K. S. Cornwell, Esq.
Tracy-Gene G. Durkin, Esq.
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

I hereby certify that I filed the within Objection to Plaintiff's Motion for Prejudgment and Postjudgment Interest (Docket No. 211) and the Memorandum in Support thereof through the ECF system on the 10th day of April, 2008, and that notice will be sent electronically to the above-named counsel who are registered participants identified on the Mailing Information for Case No. 05-229S.

*/s/ Jeffrey K. Techentin*________

*450983_1*