UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**DEFENDANT HASBRO, INC.'S OBJECTION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES UNDER 35 U.S.C. § 285, 28 U.S.C. § 1927 AND THE COURT'S INHERENT EQUITABLE POWERS**

Defendant Hasbro, Inc. hereby objects to Plaintiff Michael Bowling's Motion for Attorneys' Fees Under 35 U.S.C. § 285, 28 U.S.C. § 1927 and the Court's Inherent Equitable Powers (Docket Nos. 214 and 218).[1] The grounds for Hasbro's objection are set forth in the accompanying Memorandum of Law.

---

[1] As filed, Plaintiff's Motion for Attorneys' Fees contained a request for fees associated with Hasbro's copyright counterclaim in flagrant violation of the stipulation of dismissal with respect to that claim (Docket No. 189), which expressly stated that Plaintiff would not seek such fees, and was submitted in violation of the Local Counsel Requirements of Local Rule (Gen) 204(e) (local counsel not having signed the motion). After Hasbro's counsel contacted Plaintiff's counsel demanding to know why the stipulation had been violated and placing them on notice of the violation of Rule 204(e), Plaintiff voluntarily "corrected" his memorandum of law in support of the Motion for Attorneys' Fees. The "corrected" memorandum is Docket No. 218. The motion itself remains in violation of Rule 204(e), as do the other posttrial motions filed by Plaintiff.

Respectfully Submitted,

For the Defendant,
HASBRO, INC.
By its Attorneys,

*/s/ Jeffrey K. Techentin*
Todd D. White, Esq. (#5943)
twhite@apslaw.com
Jeffrey K. Techentin, Esq. (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604
Dated: April 10, 2008

Of Counsel:

David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, N.W.
Washington, D.C. 20005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HASBRO, INC.'S OBJECTION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES UNDER 35 U.S.C. § 285, 28 U.S.C. § 1927 AND THE COURT'S INHERENT EQUITABLE POWERS**

Plaintiff's Motion for Attorneys' Fees Under 35 U.S.C. § 285, 28 U.S.C. § 1927 and the Court's Inherent Equitable Powers (Docket Nos. 214 and 218)[2] ("Plaintiff's Motion") must be summarily denied. Even after being "corrected," Plaintiff's Motion is facially deficient and non-compliant with applicable law and local rules. Plaintiff has failed to present the required information that would justify the award of any of the fees sought even if Plaintiff were able to establish that an award of fees against Defendant Hasbro, Inc. ("Hasbro") would be justified in the abstract.

## I. Introduction

In part because the sheer number and scurrilous nature of the charges of "litigation misconduct" leveled by Plaintiff against Hasbro would require Hasbro to expend inordinate

[2] As filed, Plaintiff's Motion for Attorneys' Fees contained a request for fees associated with Hasbro's copyright counterclaim in flagrant violation of the stipulation of dismissal with respect to that claim (Docket No. 189), which expressly stated that Plaintiff would not seek such fees, and was submitted in violation of the Local Counsel Requirements of Local Rule (Gen) 204(e) (local counsel not having signed the motion). After Hasbro's counsel contacted Plaintiff's counsel demanding to know why the stipulation had been violated and placing them on notice of the violation of Rule 204(e), Plaintiff voluntarily "corrected" his memorandum of law in support of the Motion for Attorneys' Fees. The "corrected" memorandum is Docket No. 218. The motion itself remains in violation of Rule 204(e), as do the other posttrial motions filed by Plaintiff.

fees just to respond to this facially-defective motion, Hasbro does not here address the merits of Plaintiff's claim that this case is exceptional or that any of Hasbro's activities justified sanctions or a label of "litigation misconduct." Indeed, Hasbro cannot respond to the merits of Plaintiff's Motion because Plaintiff has hidden the ball with respect to what activities were supposedly associated with the fees sought. Hasbro cannot say whether any particular fee amount is reasonable or not, or related to supposed acts of "litigation misconduct" or not if Plaintiff refuses to reveal its billing records. However, should Plaintiff's Motion be deemed to present a *prima facie* case for attorneys' fees, Hasbro respectfully asks that Plaintiff be compelled to provide the information required for a proper fee petition and that Hasbro be granted the time and opportunity to respond to Plaintiff's Motion in full.

## II. Argument

Plaintiff's Motion is governed by Local Rule (Civ) 54.1 because Plaintiff seeks "an award of attorneys' fees that are not an element of damages to be proven at trial." Despite seeking an award of ***more than $1,000,000*** in fees, Plaintiff did not even attempt to provide the Court or Hasbro with any data from which the legitimacy or reasonableness of any of the claimed fees could be assessed. Plaintiff's Motion flagrantly violates Local Rule 54.1, Subsection (b) of which provides:

> (1) A motion for attorneys' fees shall be accompanied by an affidavit of counsel that includes:
>
> (A) an itemized statement of all time expended by each attorney, together with a brief description of the services performed during each period of time itemized;
>
> (B) a statement of the reason(s) why these services were reasonably necessary;
>
> (C) the hourly fee customarily charged by counsel in like cases;

> (D) a description of any fee agreement made with counsel's client regarding the case; and
>
> (E) any other pertinent factors set forth in Rule 1.5 of the Rules of Professional Conduct promulgated by the Rhode Island Supreme Court.
>
> (2) Unless otherwise permitted by the Court, a motion for attorneys' fees also shall be accompanied by an affidavit regarding the reasonableness of the requested hourly fee from a disinterested attorney admitted to practice in Rhode Island who is experienced in handling similar cases and familiar with the usual and customary charges by attorneys in the community who have comparable experience in similar cases.

Plaintiff's Motion only attached a single "affidavit" signed by Thomas Leach (the "Leach Affidavit"), Plaintiff's Minnesota counsel admitted to this Court *pro hac vice*.[3] The Leach Affidavit provides none of the information required by Local Rule 54.1 for an award of attorneys' fees:

| **Required Information Per Local Rule 54.1** | **Information in Leach Affidavit** |
|---|---|
| An itemized statement of all time expended by each attorney, together with a brief description of the services performed during each period of time itemized | The Affidavit includes only blanket statements as to the total time spent on "[f]ees requested in Bowling's motion for fees." Leach Affidavit at ¶¶ 13-21. No itemized statement of time expended is attached or referenced. No description of the services performed is included (beyond bald conclusory statements such as "conducting factual and legal research"), nor is there any relationship provided between any amount of time and any tasks performed.<br><br>On top of this failure, as to over $600,000 of the fees, the Leach Affidavit does not even provide this barebones, conclusory |

[3] Although styled an affidavit, Mr. Leach's submission would more properly be characterized as a declaration because it is unsworn. By law, a proper declaration satisfies the Local Rule's requirement of an affidavit. 28 U.S.C. § 1746. Because Mr. Leach's declaration does not contain the required statutory language, however, but instead is qualified as being "true to the best of [his] knowledge," Mr. Leach's submission is facially deficient. *See id.* at Subsection (2) (requiring the following language for declarations executed within the United States: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)".).

| | |
|---|---|
| | information, instead stating nakedly that the "total amount of fees billed and costs in this case, from 1999 through the present exceed $1,000,000." |
| A statement of the reason(s) why these services were reasonably necessary | No statement is given because no services were described with any particularity. Rather, the Leach Affidavit merely claims that the total time period for each timekeeper for tasks associated with the items specified in the motion for fees was "necessary." No statement of their reasonableness is made. |
| The hourly fee customarily charged by counsel in like cases | No statement is contained in the Leach Affidavit as to the hourly rate charged in "like cases". The Leach Affidavit included only general average data for intellectual property attorneys. ¶¶ 5-10 and Exhibits A-E. There was no information regarding hourly fees for litigation at all, let alone "like cases." |
| A description of any fee agreement made with counsel's client regarding the case | The fee agreement is disclosed only as a "contingent fee arrangement," which is no more descriptive than stating that Plaintiff would pay on an hourly-fee basis. No description is provided whatsoever, including those matters deemed pertinent by the Rhode Island Rules of Professional Conduct. *See* R.I. Rules of Prof. Conduct Rule 1.5(c) (contingent fee must state the method by which the fee is to be determined, etc.). |
| Any other pertinent factors set forth in Rule 1.5 of the Rules of Professional Conduct promulgated by the Rhode Island Supreme Court | No other data is included. |

Moreover, the Leach Affidavit bears several tell-tale signs of inaccuracy and should be rejected out of hand. First, it states definitively that Merchant & Gould has a contingency fee arrangement with Plaintiff (¶26), but repeatedly makes reference to "fees billed in this case" (¶24). If Plaintiff's services are being provided on the basis of a contingency, there would not have been any fees billed. Perhaps this is just a case of sloppy semantics, but the fact that Plaintiff's counsel inaccurately described the situation in a declaration signed only

"to the best of his knowledge" is a red flag for unreliability. Second, if there were fees "billed" (or some equivalent), the affidavit should have attached the bills, or at least made reference to the amounts actually billed and not to the generic billing rates of the attorneys and others involved in the representation of Plaintiff, particularly when that same affidavit refuses to disclose the terms of the fee agreement with Plaintiff.[4] Third, according to the Leach Affidavit, every person who had substantial time "billed" to this matter is said to have spent time amounting to a number of full hours, which is highly unlikely given that Merchant & Gould apparently bills by the tenth of an hour. For example, Mr. Leach is said to have spent 715 hours and an additional "28.0" hours preparing this motion), Ms. Daulton spent 46 hours, Mr. Williams spent 160 hours, Mr. Zeuli spent 46 hours, etc., while others are said to have spent fractions of hours (*e.g.*, Mr. Sumners, who spent a total of 1.2 hours). The Leach Affidavit is nothing more than a generalized summary, not the specific information required by law and rule. It is unreliable and cannot serve as the basis for any award of fees.

Fourth, and perhaps most tellingly, the Leach Affidavit makes the sweeping allegation that Bowling's total fees – which are explicitly sought in the motion – "exceed $1,000,000." Leach Affidavit at ¶ 24. Plaintiff is asking for over $650,000.00 in fees without identifying any information whatsoever about how those massive amounts (which apparently do not include pre-litigation counseling, discovery, summary judgment briefing, the inventorship issue, etc.) were incurred. Plaintiff's counsel does not identify a single lawyer performing a single task, ever, associated with fully 2/3 of the fees sought. Not only does the Leach Affidavit fail to meet the requirements of applicable law and rules, it is not credible.

---

[4] Plaintiff's suggestion that the actual time entries be reviewed *in camera* is preposterous. He cannot seriously suggest that Hasbro be ordered to pay over $1,000,000 without giving Hasbro any opportunity to evaluate the reasonableness of those fees.

As noted, the Leach Affidavit is the only affidavit submitted with Plaintiff's Motion. Local Rule 54.1 requires two affidavits, the second being "an affidavit regarding the reasonableness of the requested hourly fee from a disinterested attorney admitted to practice in Rhode Island who is experienced in handling similar cases and familiar with the usual and customary charges by attorneys in the community who have comparable experience in similar cases." Plaintiff did not seek, nor has he obtained, permission from this Court to request fees in the absence of such an affidavit. Instead of requesting such permission in advance of filing Plaintiff's Motion, Plaintiff unilaterally opted to request that the requirement be waived in light of the AIPLA data submitted as Exhibits A-E of the Leach Affidavit. That data is not an adequate substitute for an affidavit by a Rhode Island attorney, as to the reasonableness of the fees. Indeed, the AIPLA data has no direct reference to Rhode Island at all, let alone comparable Rhode Island litigation work. The "Other East" categories provide just general average information for "intellectual property" work by attorneys in Maine, New Hampshire, Vermont, Massachusetts (non-Boston), Rhode Island, Connecticut, New York, Pennsylvania, Delaware, Maryland, Virginia, and West Virginia. Obtaining an affidavit from a disinterested Rhode Island practitioner is a small burden, particularly in a case where the movant is seeking over $1,000,000 in fees.

Local Rule 54.1 is a codification of many of the principles of Rhode Island law governing the award of attorneys' fees. Under Rhode Island law, the award of attorneys' fees must be fair and reasonable based upon the facts of the particular case. *Fallon v. Skin Med. & Surgery Centers of R.I., Inc.*, 713 A.2d 777, 780 (R.I. 1998). Rhode Island therefore requires fee petitions to be accompanied by affidavits of disinterested counsel to assist the Court "in determining what a reasonable fee would be in a given case." *Colonial Plumbing*

*& Heating Supply Co. v. Contemporary Constr. Co. Ins.*, 464 A.2d 741, 744 (R.I. 1983); *see also Emhart Indus., Inc. v. Home Ins. Co.*, 515 F. Supp. 2d 228, 251-52 (D.R.I. 2007) (quoting *Colonial Plumbing*). It goes without saying that there is a significant difference between having a Rhode Island practitioner look at Plaintiff's fees in *Bowling v. Hasbro* to opine as to what was and was not reasonable, on the one hand, and reviewing some generic statistics about billing rates for intellectual property attorneys from Wheeling, West Virginia to Bar Harbor, Maine.

## III. <u>Conclusion</u>

Plaintiff bears the burden to show what fees were incurred and whether they were reasonable. *Id.* Plaintiff's Motion fails to meet that burden as a matter of law. Plaintiff may not cure this deficiency by submitting affidavits that address the required information by means of a reply brief. *See* Local Rule (Civ) 7(b)(2) (specifying contents of reply memoranda). Because Plaintiff has disregarded the applicable law and rules, and further because he has not shown that any of the claimed fees were actually incurred, reasonably incurred, related to the claimed litigation misconduct, or even related to tasks performed by any attorneys acting on Plaintiff's behalf, Plaintiff's Motion should be summarily denied.

Respectfully submitted,

For the Defendant,
HASBRO, INC.
By its Attorneys,

*/s/ Jeffrey K. Techentin*
Todd D. White, Esq. (#5943)
twhite@apslaw.com
Jeffrey K. Techentin, Esq. (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604
Dated: April 10, 2008

Of Counsel:
David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, N.W.
Washington, D.C. 20005

**CERTIFICATE OF SERVICE**

TO:

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas J. Leach, Esq.
Anthony R. Zeuli, Esq.
Douglas J. Williams, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

David K. S. Cornwell, Esq.
Tracy-Gene G. Durkin, Esq.
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

I hereby certify that I filed the within Objection to Plaintiff's Motion for Attorneys' Fees Under 35 U.S.C. § 285, 28 U.S.C. § 1927 and the Court's Inherent Equitable Powers (Docket Nos. 214 and 218) and the Memorandum in Support thereof through the ECF system on the 10th day of April, 2008, and that notice will be sent electronically to the above-named counsel who are registered participants identified on the Mailing Information for Case No. 05-229S.

*/s/ Jeffrey K. Techentin*________

*440212_1*