# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING,<br>a Resident of Arizona,<br><br>Plaintiff,<br>v.<br><br>HASBRO, INC.,<br>a Rhode Island Corporation,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 05-229S |

**SUPPLEMENTAL AFFIDAVIT OF THOMAS J. LEACH IN SUPPORT OF MICHAEL BOWLING'S MOTION FOR ATTORNEYS' FEES UNDER 35 U.S.C. §285, 28 U.S.C. 1927 AND THE COURT'S INHERENT EQUITABLE POWERS**

I, Thomas J. Leach, declare as follows:

1. I am an attorney with the law firm of Merchant & Gould P.C., and I represent Michael Bowling ("Bowling") in the above-captioned matter.

2. Pursuant to Local Rule Cv 54.1, I submit this supplemental affidavit in support of Bowling's motion for attorneys' fees.

3. Merchant & Gould is a national law firm based in Minneapolis, Minnesota, with offices in Seattle, Atlanta, Denver, Omaha, Knoxville and Washington, D.C. Merchant & Gould attorneys, including those working on this case, are engaged exclusively in the area of intellectual property law. Merchant & Gould has approximately 100 intellectual property attorneys. Most of Merchant & Gould's attorneys, in addition to having a law degree, have technical degrees in sciences, such as engineering, physics, chemistry or the biological sciences. Moreover, most of Merchant

& Gould's attorneys are admitted to practice before the United States Patent and Trademark Office ("PTO").

4. Merchant & Gould attorney Tony Zeuli and I, along with others at Merchant & Gould, conducted the litigation in the above captioned matter.

## I. The Hourly Fee Customarily Charged By Counsel in Like Cases.

5. In addition to the AIPLA economic survey data provided in my previous Affidavit, Bowling files the Affidavit of Mr. R. Daniel Prentiss in support of Bowling's Motion for Attorneys' Fees under LR Cv 54.1(b)(2).

## II. Itemized Statement of All Time Expended By Each Attorney & Reasons Why Services Were Reasonably Necessary:

6. The following Merchant & Gould attorneys, paralegals, and case assistants billed for services in connection with the above captioned case: John Sumners, Doug Williams, Anthony Zeuli, Julie Daulton, Tom Leach, Rebecca Bortolotti, Matthew Bredesen, Todd Werner, Joe Lee, Johnathan Maddox, Heather Kliebenstein, Elizabeth Reagan, Sarah Stensland, Joshua Graham, Aaron Johnson, Elizabeth Harring, Michael Maza, Laura Merz, Kristin Drieman, Marcia Richie, and Kathy Bergman.

7. John Sumners was a senior partner at Merchant and Gould. Mr. Sumners hourly rate in the fall of 1999 was $330.00. His credentials and experience justify his rate, and according to the AIPLA surveys, his rate is reasonable in comparison to rates charged by similarly situated intellectual property attorneys. Mr. Sumners expended a total of 1.2 hours on this matter in consulting with Julie Daulton and Mr. Bowling regarding Hasbro's infringement. Mr. Sumners's services were reasonably necessary as he was advising Mr. Bowling regarding his options concerning Hasbro and litigation.

8. Doug Williams was a senior litigation partner at Merchant and Gould. In addition to having first chaired many patent trials, Mr. Williams is a member of the American College of Trial Lawyers. Mr. Williams's rates for the years 2000-2007 were as follows: 1999 = $370, 2000 = $390, 2001 = $430, 2002 = $460, 2003 = $500, 2004 = $550, 2005 = $570, 2006 = $600, and 2007 = $610. His credentials and experience justify his rate, and according to the AIPLA surveys, his rate is reasonable in comparison to rates charged by similarly situated intellectual property attorneys. For the fees requested in Bowling's motion for fees, Mr. Williams spent a total of 160 hours. Mr. Williams' services were necessary to provide litigation strategy, participating in mediation, conducing evidentiary hearings, taking depositions, reviewing of briefs, and arguing motions.

9. Anthony Zeuli is a senior litigation partner at Merchant & Gould. Mr. Zeuli's undergraduate degree is in physics and he is admitted to practice before the U.S. PTO. Mr. Zeuli's hourly rates for the years 2003 through 2008 were as follows: 2003 = $325, 2004 = $340, 2005 = $355, 2006 = $390, 2007 = $410 and 2008 = $430. His credentials and experience justify his rate, and according to the AIPLA surveys, his rate is reasonable in comparison to rates charged by similarly situated intellectual property attorneys. For the fees requested in Bowling's motion for fees, Mr. Zeuli spent a total of 26 hours. Mr. Zeuli's services were reasonably necessary in prosecuting Mr. Bowling's claim as he provided litigation and trial strategy, reviewed briefs, argued motions, participated in evidentiary hearings, trial preparation, and trial.

10. Julie Daulton is a partner at Merchant & Gould. Ms. Daulton's undergraduate degree is in engineering and counsels clients in intellectual property

matters. Ms. Daulton is admitted to practice before the U.S. PTO and has previously served as a PTO examiner. Ms. Daulton's hourly rates for the years 1999 to 2008 are as follows: 1999 = $185, 2000 = $210, 2001 = $265, 2002 = $280, 2003 = $305, 2004 = $340, 2005 = $355, 2006 = $370, 2007 = $375 and 2008 = $385. Her credentials and experience justify her rate, and according to the AIPLA surveys, her rate is reasonable in comparison to rates charged by similarly situated intellectual property attorneys. For the fees requested in Bowling's motion for fees, Ms. Daulton spent a total of 46 hours. Ms. Daulton's services were reasonably necessary as she participated in pre-suit settlement negotiations with Hasbro and generally counseling Mr. Bowling on legal options regarding the dispute with Hasbro.

11. I am a senior associate at Merchant & Gould. My undergraduate degree is in chemical engineering. I am admitted to practice before the U.S. PTO. My hourly rates for the years 2005 to the present are as follows: 2005 = $245, 2006 = $270, 2007 = $305 and 2008 = $365. My credentials and experience justify my rate, and according to the AIPLA surveys, my rate is reasonable in comparison to rates charged by similarly situated intellectual property attorneys. For the fees requested in Bowling's motion for fees, I spent a total of 715 hours. My services were reasonably necessary in prosecuting Mr. Bowling's claim as I handled much of the day-to-day litigation. I prepared for and participated in depositions, prepared written discovery, document productions and document review, worked with opposing counsel in discovery disputes, prepared briefs, participated in hearings and argued motions, participated in pretrial work and participated in the trail.

12. Rebecca Bortolotti was an associate at Merchant & Gould. Ms. Bortolotti's hourly rate for 2006 was $305. Her credentials and experience justify her rate, and according to the AIPLA surveys, her rate is reasonable in comparison to rates charged by similarly situated intellectual property attorneys. For the fees requested in Bowling's motion for fees, Ms. Bortolotti spent a total of 5.5 hours. Her services were reasonably necessary as she prepared legal memoranda, conducted legal analysis and legal research.

13. Matthew Bredesen was an associate at Merchant & Gould. Mr. Bredesen's hourly rate for 2005 was $210. His credentials and experience justify his rate, and according to the AIPLA surveys, his rate is reasonable in comparison to rates charged by similarly situated intellectual property attorneys. For the fees requested in Bowling's motion for fees, Mr. Bredesen spent a total of 2.5 hours. Mr. Bredesen's services were reasonably necessary as he conducted legal analysis and legal research.

14. Todd Werner was an associate at Merchant & Gould. Mr. Werner's hourly rate for 2006 was $235. His credentials and experience justify his rate, and according to the AIPLA surveys, his rate is reasonable in comparison to rates charged by similarly situated intellectual property attorneys. For the fees requested in Bowling's motion for fees, Mr. Werner spent a total of 22.4 hours. His services were reasonably necessary as he conducted legal analysis and legal research and prepared legal memoranda and participated in discovery disputes.

15. Joe Lee is an associate at Merchant & Gould. Mr. Lee's hourly rate for 2006 was $235. His credentials and experience justify his rate, and according to the AIPLA surveys, his rate is reasonable in comparison to rates charged by similarly

situated intellectual property attorneys. For the fees requested in Bowling's motion for fees, Mr. Lee spent a total of 10.75 hours. His services were reasonably necessary as he conducted legal analysis and legal research.

16. Johnathan Maddox was an associate at Merchant & Gould. Mr. Maddox's hourly rate for 2006 was $235. His credentials and experience justify his rate, and according to the AIPLA surveys, his rate is reasonable in comparison to rates charged by similarly situated intellectual property attorneys. For the fees requested in Bowling's motion for fees, Mr. Maddox spent a total of 1.9 hours. His services were reasonably necessary as he conducted legal analysis and legal research and drafted documents.

17. Heather Kliebenstein is an associate at Merchant & Gould. Ms. Kliebenstein's hourly rate for 2006 was $210. Her credentials and experience justify her rate, and according to the AIPLA surveys, her rate is reasonable in comparison to rates charged by similarly situated intellectual property attorneys. For the fees requested in Bowling's motion for fees, Ms. Kliebenstein spent a total of 6.25 hours. Her services were reasonably necessary as she conducted legal analysis and legal research.

18. Elizabeth Reagan is an associate at Merchant & Gould. Ms. Reagan's hourly rate for 2006 was $190. Her credentials and experience justify her rate, and according to the AIPLA surveys, her rate is reasonable in comparison to rates charged by similarly situated intellectual property attorneys. For the fees requested in Bowling's motion for fees, Ms. Reagan spent a total of 3.10 hours. Her services were reasonably necessary as she conducted legal analysis and legal research.

19. Sarah Stensland was an associate at Merchant & Gould. Ms. Stensland's hourly rate for 2006 and 2007 was $190. Her credentials and experience justify her rate,

and according to the AIPLA surveys, her rate is reasonable in comparison to rates charged by similarly situated intellectual property attorneys. For the fees requested in Bowling's motion for fees, Ms. Stensland spent a total of 38.20 hours. Her services were reasonably necessary as she conducted legal analysis, legal research and prepared legal memoranda.

20. Joshua Graham is an associate at Merchant & Gould. Mr. Graham's undergraduate degree is in aerospace engineering. Mr. Graham's hourly rate for 2007 was $190 and his rate for 2008 is $245. His credentials and experience justify his rate, and according to the AIPLA surveys, his rate is reasonable in comparison to rates charged by similarly situated intellectual property attorneys. For the fees requested in Bowling's motion for fees, Mr. Graham spent a total of 56.1 hours. Mr. Graham's services were reasonably necessary as he conducted legal analysis and legal research, prepared motions, and helped with trial preparation.

21. Aaron Johnson, is an associate at Merchant & Gould. Mr. Johnson's undergraduate degree is in chemistry and he holds a MS in synthetic organic chemistry. Mr. Johnson's hourly rate for 2008 is $270. His credentials and experience justify his rate, and according to the AIPLA surveys, his rate is reasonable in comparison to rates charged by similarly situated intellectual property attorneys. For the fees requested in Bowling's motion for fees, Mr. Johnson spent a total of 4 hours. Mr. Johnson's services were reasonably necessary as he conducted legal analysis and legal research, prepared motions, and helped with trial preparation.

22. Elizabeth Harring was a law clerk at Merchant & Gould. Ms. Harring's hourly rate for 2006 was $155. Her credentials and experience justify her rate, and

according to the AIPLA surveys, her rate is reasonable in comparison to rates charged by similarly situated intellectual property attorneys. For the fees requested in Bowling's motion for fees, Ms. Harring spent at total of 14.4 hours. Ms. Harring's services were reasonably necessary as she conducted legal analysis and legal research.

23. Michael Maza was a law clerk at Merchant & Gould. Mr. Maza's hourly rate for 2006 was $155. His credentials and experience justify his rate, and according to the AIPLA surveys, his rate is reasonable in comparison to rates charged by similarly situated intellectual property attorneys. For the fees requested in Bowling's motion for fees, Mr. Maza spent a total of 9.8 hours. His services were reasonably necessary as he conducted legal analysis and legal research.

24. Laura Merz was a law clerk at Merchant & Gould. Ms. Merz's hourly rate for 2007 was $155. Her credentials and experience justify her rate, and according to the AIPLA surveys, her rate is reasonable in comparison to rates charged by similarly situated intellectual property attorneys. For the fees requested in Bowling's motion for fees, Ms. Merz spent a total of 12 hours. Her services were reasonably necessary as she conducted legal analysis and legal research.

25. Brian Platt is an associate at Merchant & Gould. Mr. Platt hourly rate for 2008 is $275. His credentials and experience justify his rate, and according to the AIPLA surveys, his rate is reasonable in comparison to rates charged by similarly situated intellectual property attorneys. For the fees requested in Bowling's motion for fees, Mr. Platt spent a total of 21.5 hours. His services were reasonably necessary as he conducted legal analysis, legal research and prepared legal briefs.

26. Kristin Drieman is a paralegal at Merchant & Gould. Ms. Drieman's hourly rates for the years 2005 through 2008 are as follows: 2005 = $140, 2006 = $140, 2007 = $150 and 2008 = $160. Ms. Drieman obtained a degree in sociology and criminal justice from the University of Wisconsin-Madison in 2001. Ms. Drieman has worked as a paralegal since September 2002, and has been a patent litigation paralegal at Merchant & Gould since March 2005. I am familiar with the billing rates of patent litigation paralegals at Merchant & Gould, and Ms. Drieman's rate is near the middle to low end of that range. Ms. Drieman's experience and credentials justify her rate, and I believe her rate to be reasonable and comparable to the rates charged by similarly situated intellectual property litigation paralegals. For the fees requested in Bowling's motion for fees, Ms. Drieman spent a total of 207 hours. Ms. Drieman's services were reasonably necessary in the prosecution of Mr. Bowling's case. Ms. Drieman prepared filings, conducted legal and factual research, organized document collection and production, and drafted legal documents.

27. Marcia Richie is a librarian at Merchant & Gould. Her hourly rate for for 2006 was $125. For the fees requested in Bowling's motion for fees, Ms. Richie spent a total of .75 hours. Her services were reasonably necessary as she provide information from technical dictionaries.

28. Kathy Bergman is a case assistant at Merchant & Gould. Ms. Bergman's hourly rate for the years 2000 through 2008 are as follows: 2000 = $40, 2001 = $50, 2002 = $50, 2003 = $55, 2004 = $60, 2005 = $65, 2006 = $65, 2007 = $70 and 2008 = $75. For the fees requested in Bowling's motion for fees, Ms. Bergman spent a total of 24.5 hours. Ms. Bergman's services were reasonably necessary in the prosecution of Mr.

Bowling's case. Ms. Bergman conducted factual research, organized document productions, obtained legal documents and generally helped with the case.

29. I have personally reviewed the bill and apportioned the time according to only the particular tasks for which fees are requested. The fees associated with the pre-suit investigation were $4,507. The fees associated with the copyright claim were $31,472.50. The fees associated with Hasbro's discovery abuses were $18,266. The fees associated with Hasbro's defenses and counterclaims for which it had no Rule 11 bases were $95,310.25. The fees associated with Hasbro's inventorship defense were $174,747. The fees associated with Hasbro's derivation arguments after it lost its inventorship argument was $2,985.5. The fees associated with the Dragon's Lair (Burk / Wheeler declaration) and the associated summary judgment motion on marking were $48,278. Attached hereto as Exhibit A are the billing records for the associated work. The fees detailed in Exhibit A were reasonable and necessary in the prosecution of Bowling's claim against Hasbro.

30. In calculating the total hours worked by each attorney, in some cases I rounded down the number to the nearest whole hour, thus providing a conservative estimate of the time spent prosecuting this case.

31. The total amount of fees that are attributable to Hasbro's litigation misconduct, not including the fees associated with copyright issues, are $344,094.35. This amount does not include the costs associated with the fees, such as travel costs, hotels, meals, etc. Should the Court award these fees, Bowling will itemize the costs that correlate to this work and submit those costs to be included in the award.

32. I have also reviewed the total amount of fees billed in this case. The total amount of fees billed and costs in this case, from 1999 through the present exceed $1,000,000. It would not surprise me if Hasbro's fees are of the same magnitude. This case has had numerous issues, including extensive pre-suit negotiations, evidentiary hearings on inventorship and *Daubert* challenges, claim construction hearing, summary judgment on inventorship issues and marking, motions to amend the pleadings, motions to say proceedings pending a reexamination, ten motions in *limine* and various other issues.

**III. Time Spent Preparing Bowling's Request for Fees:**

33. I spent 28.0 hours reviewing years of time entries, apportioning fees to the relevant tasks, researching average billing rates, gathering exhibits to the declarations, and in preparing the present declaration, Bowling's Motion for Fees, and the memorandum in support thereof. In preparing Bowling's Reply brief, I spent another 6.5 hours reviewing the bills and double checking that the amounts are correct. Moreover, I spent 0.5 hours reviewing the reply brief. An associate, Brian Platt, at M&G spent a total of 21.5 hours preparing the reply. Mr. Platt's rate is $275 per hour. Bowling's total fees associated with preparing those documents are $10,220.00 (28.0 hours x $365 = $10,220.00) + $2,555 (7.0 * $365) + $5912.50 ($275 * 21.5) for a total of $18,687.00.

## IV. Description of the Fee Agreement

34. Merchant & Gould has a contingent fee arrangement with Mr. Bowling. Should the Court require any more information about the fee arrangement Merchant & Gould has with Mr. Bowling, Merchant & Gould can submit the fee agreement to the Court for an *in camera* review.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 21, 2008

Thomas J. Leach