IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING,<br>a Resident of Arizona,<br><br>Plaintiff,<br>v.<br><br>HASBRO, INC.,<br>a Rhode Island Corporation,<br><br>Defendant. | : | C.A. No. 05-229S |

**BOWLING'S REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PRE- AND POST-JUDGMENT INTEREST**

## INTRODUCTION

The Court should exercise its discretion and award Bowling pre- and post-judgment interest on the jury's award of damages. Hasbro fails to distinguish this case from well-established precedent finding prejudgment interest properly awarded in the ordinary course, as Bowling has diligently pursued this action, and Hasbro has suffered no prejudice arising from any purported delay. Further, the Court should adopt the prejudgment interest rates arising under either Rhode Island or Arizona state law. Lastly, the Court should award post-judgment interest, pursuant to 28 U.S.C. §1961(a)-(b).

## ARGUMENT

### A. Prejudgment Interest Should be Awarded to Bowling

#### 1. Bowling Did Not Engage In Litigation Tactics Causing Unnecessary Delay

While the award of prejudgment interest is most certainly a matter for the Court's discretion, precedent is clear that prejudgment interest is awarded in the ordinary course, absent some compelling justification for withholding such an award. *See, e.g., Gen. Motors Corp. v.*

*Devex Corp.*, 461 U.S. 648, 654 (1983); *Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1361 (Fed. Cir. 2001); *Bio-Rad Labs, Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 967 (Fed. Cir. 1986). In fact, the very cases cited in Hasbro's opposition brief recognize the presumption that the award of prejudgment interest is proper. *See, e.g., Crystal Semiconductor Corp.*, 246 F.3d at 1361("In General Motors, the Supreme Court made prejudgment interest the rule, not the exception"); *Lummus Indus., Inc. v. D.M. & E. Corp.*, 862 F.2d 267, 275 (Fed. Cir. 1988) ("It is clear from General Motors that the withholding of prejudgment interest based on delay is the exception, not the rule, and that the discretion of the district court is not unlimited"); *Mainland Industries, Inc. v. Standal's Patents, Ltd.*, 1985 U.S. Dist. LEXIS 14939 at *13 (D. Or. Oct. 15, 1985) ("prejudgment interest should ordinarily be awarded absent some justification for withholding such an award").

The only justification offered by Hasbro to support its opposition to the award of prejudgment interest is that Bowling purportedly delayed prosecution of this matter.[1] The Supreme Court has noted that "it may be appropriate to limit prejudgment interest, or perhaps even deny it altogether, where the patent owner has been responsible for undue delay in prosecuting the lawsuit," but it expressly held "that prejudgment interest should be awarded under § 284 absent some justification for withholding such an award." *Devex*, 461 U.S. at 657. Interpreting this language in the context of patent infringement cases, the Federal Circuit has noted that delay in prosecution of the case is often excused. *See Kalman v. Berlyn Corp.*, 914 F.2d 1473, 1486 (Fed. Cir. 1990) (prejudgment interest awarded despite delay of nearly six years between knowledge of infringing activity and filing suit); *see also Northlake Mktg. & Supply, Inc. v. Glaverbel, S.A.*, 72 F. Supp. 2d 893, 903 (N.D. Ill. 1999) (eight year delay excused, in

[1] Hasbro also argues, in conclusory fashion, that Bowling has been made whole by the jury's award of damages, and that Bowling adduced no evidence of damages. However, the entirety of the proceedings in this matter, the testimony and evidence introduced at trial, and the jury's verdict itself, undermines Hasbro's argument.

light of infringer's accusations that patents implicated antitrust concerns); *cf. Amsted Indus. v. Buckeye Steel Castings Co.*, 1993 U.S. Dist. LEXIS 4018, at *8-10 (N.D. Ill. 1993), *aff'd in part, rev'd in part and remanded on other grounds* 24 F.3d 178 (Fed. Cir. 1994) (finding that infringer's attempt to conceal activities and receipt of letters from patentee excused any delay, and "[e]ven if there was delay, Buckeye cannot avoid a prejudgment interest award because Buckeye fails to show any prejudice from the delay") citing *Lummus*, 862 F.2d at 275.

Here, responsibility for any delay in filing suit is fully upon the shoulders of Hasbro, as its pre-litigation conduct required herculean efforts to ascertain the true nature and extent of Hasbro's infringing activity. Furthermore, Bowling is blameless for the delay occasioned by the Federal Circuit's consideration of the District of Arizona's erroneous initial dismissal of Bowling's Complaint, which it reversed and remanded.

As provided in his prior declaration, any delay attributable to Bowling for any delay in the filing and prosecution of this suit does not warrant the penalty Hasbro know seeks. *See* Declaration of Michael Bowling in Support of Bowling's Memorandum in Opposition to Hasbro's Motion to Stay or Alternatively Re-Open Expert Discovery ("Bowling Dec."), Docket No. 102. Bowling did not immediately file suit against Hasbro, the largest gamemaker in the world, and the parties engaged in extensive settlement negotiations until the filing of the suit. *Id.* at ¶3. Throughout that time period, Hasbro misrepresented the number of sales, and erroneously told Bowling that it had ceased selling or distributing any infringing product. *Id.* at ¶¶4-5. When it became clear that Hasbro was not candid in settlement negotiations, and Bowling's attempts to further investigate Hasbro's activities almost doubled Hasbro's infringement, Bowling filed suit in the District of Arizona, to expedite settlement. *Id.* at ¶10. However, as a result of an erroneous dismissal by the District of Arizona, which required a lengthy appeals process to the

Federal Circuit, Bowling was unable to prosecute his infringement claims until resolution of the appeal in May of 2005, at which time he immediately filed the present lawsuit. Accordingly, any delay in the prosecution of this suit results from either Hasbro's pre-litigation behavior, or from the lengthy appellate process. Bowling should not be penalized for the diligent prosecution of his rights, while allowing Hasbro to wrongfully benefit from the use of the funds generated from infringing sales, both when it was involved in pre-litigation negotiations, and throughout this lawsuit. To the extent Hasbro argues that it is "prejudiced" by the "inherent passage of time" and "exorbitant amount of accrued interest," it actually benefitted from those factors as it was able to utilize the income resulting from its infringing products during that period -- dating back to 1999. In fact, Hasbro attempted to *stay* this litigation on several occasions. Docket Nos. 99, 101, 116. Accordingly, there is no basis to find any prejudice to Hasbro resulting from any purported delay.

To the extent Hasbro cites to precedent regarding the denial of prejudgment interest, the Court should find those cases inapposite, or actually supportive of Bowling's position. For example, in *Lummus Indus., Inc. v. D.M. & E. Corp.*, the Federal Circuit vacated the denial of prejudgment interest, and found that a patentee's delay in filing suit after learning of infringement, absent other concerns, does not justify denial of prejudgment interest. *Id.*, 862 F.2d at 275. Here, Hasbro can claim no surprise or that it was unaware that it potentially faced an infringement suit if pre-litigation settlement negotiations failed, as it was aware of the patent two (2) days after it issued, contacted Bowling by no later than September 30, 1999 regarding the patent, and engaged in settlement negotiations up to and until the initial filing of the complaint in the District of Arizona.

The other cases cited by Hasbro are inapposite. For example, in *Crystal Semiconductor Corp. v. TriTech Microelectronics Intern.*, 246 F.3d 1336, 1361-62 (Fed. Cir. 2001), the court affirmed a court's determination that the plaintiff purposefully engaged in a two-year self-serving delay in filing suit as a litigation tactic. There, the patentee sent letters to between thirty (30) and forty (40) other potential infringers, but strategically declined to inform the infringer, even though the patentee had already determined that the infringer's products read on the patentee's patent. *Id.* at 1362. Here, there is no allegation that Bowling was engaging in any litigation tactic designed to drive up interest costs, and there is no evidence that Bowling purposefully delayed filing a lawsuit against Hasbro while suing other entities. In fact, Bowling and Hasbro exchanged multiple communications regarding Hasbro's infringement from a period beginning on September 30, 1999. Therefore, the Court should find that case inapposite. In addition, Hasbro cites an unpublished opinion, *Mainland Industries, Inc. v. Standal's Patents, Ltd.*, 1985 U.S. Dist. LEXIS 14939 (D. Or. Oct. 15, 1985), where the court merely balanced the equities, and found the patentee substantially delayed pursuing its infringement claims. However, in that case, the patentee engaged in false marking, and also waited more than six years before initially filing suit, even though it had sued the infringer's parent company for infringement in a foreign country. None of those equitable factors exist here, as there is no jury finding of false marking or a delay of over six years in filing an initial infringement lawsuit. Accordingly, this Court should find no guidance from *Mainland Industries*, and find that this case is "ordinary" to the extent that Bowling should be awarded prejudgment interest.

2. Rhode Island State Law Provides the Appropriate Rate of Prejudgment Interest

As a preliminary matter, Hasbro cites no authority for its proposition that prejudgment interest should be limited to the period of time predating the filing of the current action on May

24, 2005. Instead, as noted in Bowling's original brief, precedent is clear that the appropriate period of time to assess prejudgment interest begins at the time the claim arose – namely August 17, 1999, when Hasbro first infringed Bowling's patent. *Devex*; 461 U.S. at 655; *Bio-Rad Labs,* 807 F.2d at 967.

As for the appropriate measure of the prejudgment rate, it is entirely within the Court's discretion to utilize the applicable Rhode Island statutory rate. *Cottrill v. Sparrow, Johnson & Ursillo, Inc.*, 100 F.3d 220, 224-225 (1st Cir. 1996) ("Of course, if the particular federal statute is silent, courts have discretion to select an appropriate rate, and they may look to outside sources, including state law, for guidance"). As noted in Bowling's prior supporting memorandum, both parties' financial experts utilized the 12% Rhode Island interest rate, and Hasbro argued and relied upon the 12% rate of prejudgment interest in support of its motion to stay this litigation. Hasbro conveniently ignores those facts throughout its discussion of selecting the appropriate prejudgment rate. Moreover, a number of courts have found the rates provided by state law provide the appropriate measure of prejudgment interest in patent infringement cases. *See, e.g., Oiness v. Walgreen Co.,* 88 F.3d 1025, 1033 (Fed. Cir. 1996) (approving of usage of 8% state statutory rate); *Cohesive Techs., Inc. v. Waters Corp.*, 526 F. Supp. 2d 84, 125-126 (D. Mass. 2007) (applying 12% rate found in Massachusetts statute); *In re Hayes Microcomputer Prods.*, 766 F. Supp. 818, 824 (N.D. Cal. 1991) (applying 7% California rate); *Brooktree Corp. v. Advanced Micro Devices, Inc.*, 757 F. Supp. 1101, 1103 (S.D. Cal. 1990) ("While it is true that the state statutory rate is not controlling in the context of a suit based on a federal claim, . . . courts do often use the statutory rate in the state in which they sit to calculate an award of prejudgment interest," and "courts in other jurisdictions have held that an award based upon the prime rate is not appropriate unless the claimant was actually forced to

borrow money at that rate."); *Beckman Instruments, Inc. v. LKB Produkter AB*, 1990 U.S. Dist. LEXIS 18494 at *33-34 (D. Md. Aug. 9, 1990) ("The Court finds that the appropriate rate of interest to be applied is the Maryland statutory rate of 10%," and "[n]ot only is this a reasonable rate of interest to be applied to amounts due and owing over the past five years, but a number of other courts have looked to the state statutory rate of interest when awarding prejudgment interest in patent cases"); *see also* Donald S. Chisum, Chisum on Patents, § 20.03 [4] [a] [v] n.61 (collecting cases where courts applied state statutory rates in patent infringement cases).

Instead, in arguing against the application of the Rhode Island rate, Hasbro urges – for the first time -- that the Court adopt the 10% rate provided in the parallel Arizona statute. *See* Defendant's Memo. in Supp. Opp. Pl's Motion for Pre- and Post-Judgment Interest, at pp. 4-5; see also Ariz. Rev. Stat. §44-1201. Hasbro offers no precedent holding that the Plaintiff's domicile, or initially chosen venue for an infringement action, influences the selection of a prejudgment interest rate. Bowling, however, respectfully submits that if the Court declines to follow both experts' conclusion that the Rhode Island statute provides the applicable rate, the Court should utilize the Arizona rate, as urged by Hasbro.

Hasbro also argues, in the alternative, that lower rates of returns attached to federal securities should control the award of prejudgment interest. While it is fully within the Court's discretion to select those rates, or any other rate, the cases cited by Hasbro do not provide that a lower rate should apply. In both cases cited by Hasbro, the courts adopted the *higher* of the rates provided by the parties' respective damages experts. *See Seal-Flex, Inc. v. W.R. Dougherty & Assoc., Inc.*, 254 F. Supp. 2d 647, 657 (E.D. Mich. 2003) (recognizing that prejudgment interest should normally be awarded, and provided that the applicable rate should be the rate proffered by Plaintiff's damages expert, which was unchallenged); *Mobil Oil Corp. v. Amoco Chems. Corp.*,

915 F. Supp. 1333, 1370-72 (D. Del. 1994) (resolving disagreement in the applicable prejudgment interest rate in favor of the patentee, and choosing the higher rate offered by the two parties' experts as "fundamental principles of justice require that in fixing damages in a patent infringement action, all doubts should be resolved in favor of the patentee and against the infringer"). Accordingly, this court should apply the rates provided by Rhode Island state law, or in the alternative, under Arizona law, and award Bowling prejudgment interest under either state statute.

### B. Post-Judgment Interest Should be Awarded to Bowling

Hasbro proffers no substantive basis to refute Bowling's entitlement to post-judgment interest. Congress, as well as the Court of Appeals for the First Circuit, has found that post-judgment interest in a civil case is mandatory. *See* 28 U.S.C. §1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court"); *Cordero v. De Jesus-Mendez*, 922 F.2d 11, 15 (1st Cir. 1990) ("The parties do not dispute that post-judgment interest on the damages award is mandatory," and "[a]ppellees are entitled to post-judgment interest even though interest was not mentioned in the district court's judgment"); *see also Transmatic, Inc. v. Gulton Indus., Inc.*, 180 F.3d 1343, 1347 (Fed. Cir. 1999) ("Postjudgment interest is awarded on monetary judgments recovered in all civil cases"). The Court should alter or amend the judgment to include an award of post-judgment interest, compounded annually, at a "rate equal to the weekly average 1-year constant maturity Treasury yield." Title 28 U.S.C. §1961(a)-(b).

Plaintiff,
Michael Bowling,
By his attorneys,

Date: April 21, 2008

s/Thomas J. Leach
Anthony R. Zeuli, *pro hac vice*
Thomas J. Leach, *pro hac vice*
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 332-5300
(612) 332-9081 (Facsimile)

s/Christine K. Bush
Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

**CERTIFICATION**

TO:

Todd D. White, Esq.
Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

David K. S. Cornwell, Esq.
Tracey-Gene G. Durkin, Esq.
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue N.W.
Washington, DC 20005

I hereby certify that the within *Bowling's Reply Memorandum of Law In Support of Plaintiff's Motion for Pre- and Post-Judgment Interest* was filed through the ECF system on the 21st day of April, 2008, and will be sent electronically to the above-named counsel who are registered participants identified on the Notice of Electronic Filing for Case No. 05-229S.

s/Christine K. Bush
Christine K. Bush

H:\Clients\Bowling\Pleadings\04 18 08 Bowling_s Reply Mem in Support of pre- and post-judgment interest.doc