IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING,<br>a Resident of Arizona,<br><br>Plaintiff,<br>v.<br><br>HASBRO, INC.,<br>a Rhode Island Corporation,<br><br>Defendant. | : | C.A. No. 05-229S |

**PLAINTIFF'S REPLY TO DEFENDANT'S OBJECTION**
**TO PLAINTIFF'S MOTION FOR AWARD OF COSTS**

Plaintiff Michael Bowling ("Bowling") respectfully asks that costs be taxed as requested in Bowling's Bill of Costs, as modified herein. Bowling asks the Court to disregard Hasbro's suggestion that the Court depart from the "background presumption favoring cost recovery for prevailing parties," which emanates from the plain language of Rule 54: "costs shall be allowed as of course." *See, e.g.*, *In re San Juan Dupont Plaza Hotel Fire Litig.*, 994 F.2d 956, 962 (1st Cir. 1993). Awarding costs to the prevailing party is the norm. *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981) ("prevailing plaintiffs presumptively will obtain costs under Rule 54(d)"); *accord Crossman v. Marcoccio*, 806 F.2d 329, 331 (1st Cir. 1986) ("[Rule 54(d)] generally permits prevailing parties to recover their costs"). Bowling prevailed on nearly every claim and should be awarded his taxed costs.

## I. DISPUTED COSTS

Bowling identified $28,966.62 in taxable costs and provided supporting documentation for each itemized. Hasbro concedes that $11,995.18 are proper pursuant to 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d)(1), and LR Cv 54(b)(2). The following requested taxed costs are disputed:

| Nature of Cost | Amount | Reason for Inclusion |
|---|---|---|
| *Pro hac vice* admission fees. | $100.00 | Pro hac vice fees were *not* included in Plaintiff's requested taxable costs (although a receipt showing *pro hac vice* fees was inadvertently included in the supporting exhibits). No reduction in these costs is appropriate because Bowling did not seek their reimbursement. |
| Michael Bowling airfare to and from Providence, Rhode Island | $810.00 | The district court has discretion in the taxation of costs for witnesses. *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 249 (1st Cir. 1985). |
| Michael Bowling subsistence for eight days at GSA rate | $1,600.00 | Mr. Bowling was more than a party: Hasbro chose to call Mr. Bowling as a witness during Hasbro's case-in-chief. Hasbro relied on Mr. Bowling's presence and testimony at trial to support the positions it took throughout its case-in-chief. It would be unfair for Mr. Bowling to bear the entirety of the cost of his presence at trial where his presence and testimony as a witness inured to Hasbro's benefit. The Court should tax all or a portion of Mr. Bowling's airfare to and from Providence, Rhode Island, and his subsistence for eight days at the GSA rate, as costs against Defendant Hasbro pursuant to 28 U.S.C. § 1920. |
| Fees for Process Serving | $480.00 | Private process server fees may be recovered as "fees of the marshal." *See, e.g.*, *See, e.g.*, *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996) ("[W]e think it best to resolve the ambiguity of § 1920 in |

| Nature of Cost | Amount | Reason for Inclusion |
|---|---|---|
| | | favor of permitting the prevailing party to recover service costs that do not exceed the marshal's fees, no matter who actually effected service."); *accord Alflex Corp. v. Underwriters Laboratories, Inc.*, 914 F.2d 175 (9th Cir. 1990) (". . . Congress exhibited an intent to make service of process a taxable item."). Fees for process serving should be taxed against Hasbro pursuant to 28 U.S.C. § 1920. |
| Court reporter fees – Deposition of Kevin Cook | $1,236.75 | Fees of the court reporter are allowable under 28 U.S.C. § 1920(2) as a matter of course. The request for fees of the court reporter at Mr. Cook's first deposition should not be summarily disallowed. Although a second deposition of Mr. Cook was ordered, Plaintiff does not seek costs associated with an additional deposition. Rather, seeks only those costs related to the first deposition of expert witness Kevin Cook. "[I]f depositions are either introduced in evidence or used at trial, their costs should be taxable to the losing party." *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 249 (1st Cir. 1985). |
| Capture and synchronization of video for depositions of Albert and Susan Lizarraga and Eileen Sefchick | ($516.81) | Plaintiff Bowling withdraws his request for taxation of these costs, in light of Hasbro's agreement that Bowling is entitled to appearance fees, transcripts, copies, and shipping for these depositions. (*See* Obj. to Mot. for Award of Costs at 5). |
| Video of depositions of Albert and Susan Lizarraga and Eric Burke | ($474.75) | Plaintiff Bowling withdraws his request for taxation of these costs, in light of Hasbro's agreement that Bowling is entitled to appearance fees, transcripts, copies, and shipping for these depositions. (*See* Obj. to Mot. for Award of Costs at 5). |
| All deposition costs other than to obtain the | ($3,678.95) | Plaintiff Bowling withdraws his request for taxation of these costs, in light of Hasbro's agreement that Bowling is entitled to |

| Nature of Cost | Amount | Reason for Inclusion |
|---|---|---|
| original and a copy of deposition transcripts | | appearance fees, transcripts, copies, and shipping for these depositions. (*See* Obj. to Mot. for Award of Costs at 5). |
| Copying costs | $7,243.30 | Hasbro challenges Bowlings in-house copying costs because they ostensibly are not incurred with "outside" providers, as discussed in *San Juan DuPont Plaza Hotel Fire Litig. Pasquale Massaro v. Chesley*, 111 F.3d 220, 237, n.20 (1st Cir. 1997). However, *San Juan* evidenced a concern for the lack of a "third-party receipt" to verify the expenditure and its amount. *See id.* In this case, Bowling's counsel leases its copiers, and bases in-house copy costs on electronic copy records provided by third-parties. Bowling's counsel provides in-house copy services which are electronically tracked by client/matter number. There should be no concern with the accuracy of photocopy records provided by Bowling's counsel.<br><br>Similarly, the rate of $0.20 per page is the same as charged by Bowling's counsel for all clients. The charge of $0.20 is based on electronic records maintained by Bowling's counsel. While there is disagreement in the Courts as to whether $0.10 per page or $0.20 per page is reasonable for photocopying, some Courts have held that $0.20 per page is reasonable. *See Vardon Golf Co. v. Karsten Mfg. Corp.*, 2003 U.S. Dist. LEXIS 5072 (N.D. Ill. 2003) (approving $0.20 per page for photocopying); *but see San Juan*, 111 F.3d at 238 (reducing photocopy rate to 10 cents per page); *see also See E.E.O.C. v. Sears Roebuck and Co.*, 138 F.R.D. 523, 528 (N.D. Ill. 1991) (finding 20 cents per page a reasonable charge). |
| K&B Copy Group, Inc. Trial | $267.88 | Hasbro conflates the "videos and animations" discussed in *Kohus v. Cosco,* |

| Nature of Cost | Amount | Reason for Inclusion |
|---|---|---|
| Demonstratives | | 282 F.3d 1355 (Fed. Cir. 2002) with trial demonstrative exhibits permitted under § 1920. Section 1920(4) specifically provides for "exemplifications . . . necessarily obtained for use in the case" and these costs should be taxed against Hasbro. *See, e.g.*, *E.E.O.C. v. Sears Roebuck and Co.*, 114 F.R.D. 615, 625 (N.D. Ill. 1987) ("[D]emonstrative aids used at trial . . . are allowable under 28 U.S.C. § 1920(4) even without prior court approval, especially when they are helpful to the court . . ."). Bowling's Trial Demonstratives are taxable as costs under § 1920(4) as "exemplifications." |
| Specialized Patent Services – prosecution file histories for patents other than the patent in suit | $563.00 | Hasbro requests that these prosecution history costs be disallowed because they were "never even produced to Hasbro" or "used at trial or otherwise." Hasbro fails to note, however, that it admitted infringement on the eve of trial.<br><br>Section 1920(4) allows that copying costs are taxable. Because these prosecution history documents appeared reasonably necessary for trial at the time they were obtained, the Court should allow the taxation of the copy costs for these prosecution histories pursuant to 28 U.S.C. § 1920. |

## II. CONCLUSION

Pursuant to 28 U.S.C. § 1920, Plaintiff asks that his costs be awarded as stated itemized in his Bill of Costs ($28,966.62), with the exception of those costs identified as withdrawn above ($4,670.51), for a total award of taxable costs in the amount of $24,326.11.

Michael Bowling,
By His Attorneys,

Date: April 21, 2008

/s/ Thomas J. Leach

Thomas J. Leach, MN (*pro hac vice*)
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Phone: 612.332.5300
Fax: 612.332.9081

/s/ Christine K. Bush

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

## CERTIFICATE OF SERVICE

TO:

Todd D. White, Esq.
Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

David K. S. Cornwell, Esq.
Tracey-Gene G. Durkin, Esq.
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue N.W.
Washington, DC 20005

I hereby certify that the within Reply To Defendant's Objection To Michael Bowling's Motion For Award of Costs was filed through the ECF system on the 21st day of April, 2008, and will be sent electronically to the above-named counsel who are registered participants identified on the Notice of Electronic Filing for Case No. 05-229S.

/s/ Christine K. Bush

H:\Clients\Bowling\Pleadings\Reply In support of Motion for Costs.doc