IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING,<br>a Resident of Arizona, | : | |
| Plaintiff, | : | C.A. No. 05-229S |
| v. | : | |
| HASBRO, INC.,<br>a Rhode Island Corporation, | : | |
| Defendant. | : | |

**PLAINTIFF MICHAEL BOWLING'S MEMORANDUM IN SUPPORT OF HIS OBJECTION TO DEFENDANT HASBRO, INC.'S MOTION FOR PAYMENT OF THE EXPERT FEES OF BARRY SUSSMAN**

Defendant Hasbro, Inc.'s ("Hasbro") Motion improperly relies on Federal Rule of Civil Procedure 26(b)(4)(C). Rule 26(b)(4)(C) only applies to discovery proceedings. Hasbro, however, is seeking Barry Sussman's fees for attendance at a *Daubert* hearing – a non-discovery proceeding initiated by Hasbro. Thus, Hasbro's Motion for the Expert Fees of Barry Sussman should be denied.

## I. Rule 26(b)(4)(C) is Limited to Discovery.

Recovery of fees under Rule 26(b)(4)(C) for an expert whose opinion may be given at trial is limited to those fees related to discovery. Rule 26(b)(4)(C) provides:

> (C) Payment. Unless manifest injustice would result, the court must require that the party seeking discovery:
> (i) pay the expert a reasonable fee for time spent *in responding to discovery* under Rule 26(b)(4)(A) or (B); and
> (ii) for discovery under (B), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions.

(emphasis added.)

## II. *Daubert* Hearings are Not Discovery Proceedings.

In contrast to Bowling's Motion for the Fees of Neil Lapidus, Hasbro's Motion for the Fees of Barry Sussman does not fall under Rule 26(b)(4)(C). Hasbro seeks Mr. Sussman's fees for his attendance at a *Daubert* hearing. Unlike a deposition, a *Daubert* hearing is not a discovery proceeding; a *Daubert* hearing is an evidentiary hearing outside the scope of discovery proceedings. *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 356 (5th Cir. 2007); *Mohney v. USA Hockey, Inc.*, 300 F. Supp. 2d 556, 582-83 (N.D. Ohio 2004).

In both *Knight* and *Mohney*, the court denied a request for expert fees brought under Rule26(b)(4)(C) for fees related to a *Daubert* hearing. *Knight*, 482 F.3d at 356; *Mohney*, 300 F. Supp. 2d at 582-83. In *Knight*, the court found no persuasive legal arguments at to why Rule 26 should be extended outside the scope of discovery proceedings. *Knight*, 482 F.3d at 356. In *Mohney*, the court simply stated that a party cannot rely on Rule 26 to recover costs for an expert's testimony at a *Daubert* hearing because such a hearing is not encompassed within discovery proceedings. Accordingly, Hasbro should not recover Mr. Sussman's fees associated with the *Daubert* hearing.

## III. Conclusion

For the foregoing reasons, Bowling requests that the Court deny Hasbro's Motion for Payment of the Expert Fees of Barry Sussman.

Michael Bowling,
By His Attorneys,

Date: April 24, 2008

/s/ Thomas J. Leach
Thomas J. Leach, MN (*pro hac vice*)
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Phone: 612.332.5300
Fax: 612.332.9081

/s/ Craig M. Scott
Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

**CERTIFICATE OF SERVICE**

TO:

Todd D. White, Esq.
Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

David K. S. Cornwell, Esq.
Tracey-Gene G. Durkin, Esq.
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue N.W.
Washington, DC 20005

I hereby certify that the within *Plaintiff Michael Bowling's Memorandum in Support of His Objection to Defendant Hasbro, Inc.'s Motion for Payment of the Expert Fees of Barry Sussman* was filed through the ECF system on the 24th day of April, 2008, and will be sent electronically to the above-named counsel who are registered participants identified on the Notice of Electronic Filing for Case No. 05-229S.

/s/ Craig M. Scott
Craig M. Scott