UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**DEFENDANT HASBRO, INC.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR THE EXPERT FEES OF BARRY SUSSMAN**

Defendant Hasbro, Inc. ("Hasbro") hereby submits this reply memorandum of law in support of its motion seeking that Plaintiff Michael Bowling ("Plaintiff" or "Bowling") pay for the fees associated with the testimony of Barry Sussman ("Sussman") at the *Daubert* hearing to determine the admissibility of the testimony of Neil N. Lapidus on January 24, 2008.

Plaintiff's objection is based solely upon the application of Fed. R. Civ. P. Rule 26(b)(4)(C) in the context of a party attempting to recoup expert fees associated with its own expert. In *Knight v. Kirby Inland Marine*, 482 F.3d 347 (5th Cir. 2007), the plaintiffs sought $63,853.91 in fees associated with their own expert testifying at the *Daubert* hearing at which the admissibility of his testimony was considered. *Id.* at 350-51.[1] The trial court had denied these costs, and the Fifth Circuit upheld that decision, concluding that the context of a *Daubert* hearing was distinguishable from the routine deposition of an expert as to which fees are generally reimbursable under Rule 26(b)(4)(C). *Id.* at 356. In other words, the *Knight* decision

[1] The same is true for the other case relied upon by Plaintiff, *Mohney v. USA Hockey, Inc.*, 300 F. Supp. 2d 556, 582-83 (N.D. Ohio 2004), except that in *Mohney*, the plaintiffs were seeking *Daubert*-related fees for employees of one of its retained experts in addition to those of the experts themselves.

stands for the proposition that Bowling may not recoup his expert costs associated with Mr. Lapidus's testimony at the *Daubert* hearing. That, of course, is not what is presently at issue.

What is germane here is that the *Knight* decision expressly noted that the trial "court has discretion to order the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert." *Id.* Placed into the context of this case, this means that this court "has discretion to order [Bowling] to pay [Hasbro] a fair portion of the fees and expenses reasonably incurred by [Hasbro] in obtaining facts and opinions from the expert." Thus, although the Fifth Circuit was unpersuaded that fees might be recoverable for a *Daubert* hearing under Rule 26, it acknowledged a trial court's discretion in awarding fees under circumstances precisely like the present situation. Whether the payment of fees is directed pursuant to Rule 26(b)(4)(C) or the Court's inherent authority, justice requires that Bowling, and not Hasbro, absorb that portion of Mr. Sussman's fees that were incurred solely at Bowling's insistence and in furtherance of his own litigation purposes.

It matters not whether the Court agrees with the Fifth Circuit's conclusion that *Daubert* hearings are not discovery. If Bowling's elicitation of testimony from Mr. Sussman at the *Daubert* hearing is considered "discovery," his fees should be paid by Bowling pursuant to Rule 26. If not, Mr. Sussman's fees should be paid by Mr. Bowling on other, broader principles that are well established in federal practice. When one party is permitted to call the opposing party's expert at trial, courts routinely require that the party calling the witness pay the associated fee. *See, e.g., Penn Nat. Ins. Co. v. HNI Corp.*, 245 F.R.D. 190, 195 (M.D. Pa. 2007) (permitting party to call opposing party's experts at trial but requiring that the party calling the experts to compensate them "at their usual and customary rate for such testimony"); *House v. Combined*

*Ins. Co. of Amer.*, 168 F.R.D. 236, 248 (N.D. Iowa 1996) ("If [plaintiff] decides to call [a defense non-testifying expert] at trial, fairness dictates that [plaintiff] pay his expert witness fee."); *Grengs v. Amer. Fam. Mut. Ins. Co.*, 2005 WL 5088491 (Minn. Dist. Ct. Oct. 10, 2005 (granting motion to compel trial testimony of expert retained by opposing party; "Plaintiff must pay the expert witness fees"). The same reasoning applies here, and the same result should obtain.

Plaintiff's opposition to the payment of these fees is both unreasonable and inconsistent with his own positions taken in this case with respect to the allocation of costs. In connection with his application for costs, Plaintiff seeks over $2,400 in "witness fees" for his own travel to and stay in Providence during the trial because Hasbro had called him as a witness. Plaintiff argues that "[i]t would be unfair for Mr. Bowling to bear the entirety of the cost of his presence at trial where his presence and testimony as a witness inured to Hasbro's benefit." Docket No. 226 at 2. That is precisely Hasbro's point with respect to Mr. Sussman: Plaintiff called him as a witness and should pay the associated fees. The key difference, of course, is that Bowling testified on his own behalf as well as in Hasbro's case, whereas Mr. Sussman was exclusively called by Plaintiff to shore up his own expert's testimony.[2]

---

[2] Hasbro has not, of course, asked Plaintiff to pay any fees associated with any activities by Mr. Sussman other than for his travel from Boston to Providence to testify for Plaintiff at the *Daubert* hearing.

Respectfully submitted,

HASBRO, INC.
By its Attorneys,

/s/ Jeffrey K. Techentin__________
Todd D. White (# 5943)
twhite@apslaw.com
Jeffrey K. Techentin (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604 / 351-4607
Dated: April 24, 2008

Of Counsel:

David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

**CERTIFICATE OF SERVICE**

TO:

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas J. Leach, Esq.
Douglas J. Williams, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

David K. S. Cornwell, Esq.
Tracy-Gene G. Durkin, Esq.
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

I hereby certify that I filed the within Reply Memorandum of Law in Support of Motion for the Expert Fees of Barry Sussman and the Memorandum of Law in support thereof through the ECF system on the 24th day of April, 2008, and that notice will be sent electronically to the above-named counsel who are registered participants identified on the Mailing Information for Case No. 05-229S.

/s/ Jeffrey K. Techentin_________

*452182_1*