UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**DEFENDANT HASBRO, INC.'S MOTION TO STRIKE**
**MEMORANDA FOR VIOLATION OF LOCAL RULE (CIVIL) 7**

Defendant Hasbro, Inc. hereby moves to strike two memoranda and associated exhibits filed by Plaintiff Michael Bowling on April 21, 2008, specifically Docket Nos. 224 and 227, for violation of Local Rule (Civil) 7. The grounds for Hasbro's motion are set forth in the accompanying Memorandum of Law.

Respectfully Submitted,

For the Defendant,
HASBRO, INC.
By its Attorneys,

*<u>/s/ Jeffrey K. Techentin</u>*

Todd D. White, Esq. (#5943)
twhite@apslaw.com
Jeffrey K. Techentin, Esq. (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604
Dated: April 24, 2008

Of Counsel:

David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, N.W.
Washington, D.C. 20005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HASBRO, INC.'S MOTION TO STRIKE MEMORANDA FOR VIOLATION OF LOCAL RULE (CIVIL) 7**

On April 21, 2008, Plaintiff Michael Bowling filed four reply memoranda in this case, Docket Nos. 224, 225, 226, and 227. Each memorandum was in reply to objections filed by Hasbro on April 10, 2008 (Docket Nos. 222, 221, 220, and 219, respectively). Per Local Rule (Civil) 7(b)(2), the content of those replies were limited to "a response to an objection" and were not to "present additional grounds for granting the motion, or reargue or expand upon the arguments made in support of the motion." As to two of these replies, specifically Docket Nos. 224 and 227, Plaintiff's memoranda flagrantly violated that rule and should be stricken.

Whether motivated by a realization that his original moving papers were inadequate to set forth a *prima facie* claim for relief or by a desire to handcuff Hasbro by keeping the "evidence" supporting his motions hidden until his reply, Plaintiff disregarded the plain language of the Local Rule. In the case of Docket No. 224, which was styled a "reply" in support of Plaintiff's motion for attorneys' fees, Plaintiff included (and argued from) a

"supplemental" affidavit of Thomas J. Leach[1] and an affidavit from R. Daniel Prentiss, a Rhode Island practitioner. Each of these affidavits either "present[s] additional grounds for granting the motion, or reargue[s] or expand[s] upon the arguments made in support of the motion" and is therefore inappropriate material for a reply. Of course, by including this information in the reply, rather than the original moving papers, Plaintiff effectively prevented Hasbro from having any opportunity to respond. *See* Local Rule (Civil) 7(b)(3) ("No memorandum other than a memorandum in support of a motion, a memorandum in opposition, and a reply memorandum may be filed without prior leave of the Court.").

Although Plaintiff complains that Hasbro offered only a "diversion" from the attorneys' fee issue by not addressing the merits of his allegations of litigation misconduct (Docket No. 224 at 1), his most recent filing demonstrates unequivocally why Hasbro could not have responded substantively.[2] Until filing his "reply," Plaintiff refused to disclose required information regarding the enormous fees he seeks to recover, which only now he reveals to be ***in excess of $1,540,000.00***, according to the last page of the spreadsheets attached to the Supplemental Leach Affidavit. Plaintiff still refuses to disclose the details regarding any of the nearly $1,200,000.00 in fees that his counsel generated independent of "pre-suit investigation," "discovery," Hasbro's motion for partial summary judgment on marking, invalidity and nonenforceability claims, the inventorship issue, and motions *in limine*. Indeed, Plaintiff apparently thinks that spending $1.2 million in fees was perfectly

[1] Attached as Exhibit A to the Supplemental Leach Affidavit are many dozens of pages of what Mr. Leach describes as the "billing records for the associated work." They are obviously incomplete. For example, Plaintiff is seeking $4,507 in fees for "pre-suit investigation," but the earliest records submitted relate to counsel's consideration of Hasbro's counterclaim, which of course was not filed until ***after*** Plaintiff filed suit. The records also include numerous handwritten cross-outs and notations that are not addressed in the Supplemental Leach Affidavit. There is no indication as to how these records were kept or generated.

[2] Hasbro respectfully disagrees that calling out noncompliance with local rules is a "diversion."

acceptable to litigate this case that "Hasbro … could have settled for $200,000." Docket No. 224 at 9. The exorbitant fees charged to Plaintiff in this case are clearly unreasonable. In fact, such an outrageous number – along with Plaintiff's failure to provide any detail as to how the fees were generated – suggests that Plaintiff's real goal in his attorneys' fee motion is to scare Hasbro into a settlement far in excess of the value of the case.

Like the Supplemental Leach Affidavit, the affidavit of Mr. Prentiss underscores the deficiency in Plaintiff's original filing, which urged the Court to find all of the charged fees reasonable based upon non-Rhode Island-specific data. Mr. Prentiss expressly opined that the rates charged by Doug Williams (Plaintiff's lead counsel until shortly before trial) were ***not*** reasonable by the relevant, Rhode Island standard. Prentiss Aff. at ¶ 8. Plaintiff's "reply" memorandum misrepresents the content of the Prentiss affidavit in an effort to extract more fees from Hasbro in this case. Plaintiff stated that Mr. Prentiss "opines that the rates charged by Bowling's counsel were reasonable." Docket No. 224 at 10. As noted, that is not true, at least not with respect to the relevant inquiry dictated by Local Rule 7.[3] Prentiss Aff. at ¶ 8. Disregarding or distorting the stated opinion of his own expert (or, perhaps, just disregarding the requirements for a proper attorneys' fee application), Plaintiff continues to request Mr. Williams's fees in full. *Compare* Docket No. 224 at 9 ("Bowling should receive all his attorneys' fees"), 10 (identifying $344,094.53 as the amount of fees associated with Hasbro's "litigation misconduct") *with* Docket No. 218 at 15 ("As such Bowling request [*sic*] all other attorney's fees associated with successfully prosecuting his case"), 16 (identifying $344,094.53 as the amount of fees associated with Hasbro's "litigation misconduct").

[3] Mr. Prentiss opined that Mr. Williams's rates were only reasonable for a major metropolitan location such as New York, a fact omitted from Plaintiff's memorandum. If the standard for reasonableness of the fees was that they be reasonable *somewhere*, there would be no need for the affidavit of a local practitioner.

Similar issues plague Plaintiff's reply in support of his motion for the fees associated with the deposition of Neil N. Lapidus (Docket No. 227). That memorandum attaches and argues from numerous exhibits that, if they justify the requested relief, should have been included in Bowling's original moving papers. Not only have some of those papers never been revealed to Hasbro prior to their attachment to the reply (*e.g.*, the May 25, 2006 invoice (Exhibit A) and the Merchant & Gould Spreadsheet (Exhibit E)), they are internally inconsistent. The supposed May 25, 2006 invoice shows a line item of $2,960.00 for "Deposition Prep" on May 24, 2006, whereas the later-created February 11, 2008 invoice for services rendered on the same date is for a total of $2,590.00. Plaintiff's failure to reveal these materials earlier, coupled with their content, raises serious issues with respect to their accuracy, and Plaintiff's decision not to present them until he submitted his reply brief severely prejudices Hasbro's ability to address the merits of the motion. For example, if Merchant & Gould had received and paid an invoice for Mr. Lapidus's services at his deposition, why did Mr. Leach declare, a year and a half later, that Mr. Lapidus would have to "review his records" and "prepare an invoice" to be presented to Hasbro? Docket No. 219 at Exhibit E. And why would Mr. Lapidus have created a new invoice after reviewing his records? Shouldn't this seasoned certified public accountant have found his original bill? By keeping these records in reserve for his "reply," Plaintiff apparently hoped to avoid having questions like that raised and answered. But playing such litigation games should not be rewarded, particularly when they violate the plain language of the local rules.

The memoranda submitted as Docket Nos. 224 and 227 should be stricken because they are entirely noncompliant with the applicable rules governing replies. In the alternative, should the Court permit these memoranda into the record as filed, Hasbro asks that it be

granted leave to respond in full to the contents of the replies contained in Docket Nos. 224 and 227.

Respectfully submitted,

For the Defendant,
HASBRO, INC.
By its Attorneys,

*/s/ Jeffrey K. Techentin*

Todd D. White, Esq. (#5943)
twhite@apslaw.com
Jeffrey K. Techentin, Esq. (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604
Dated: April 24, 2008

Of Counsel:
David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, N.W.
Washington, D.C. 20005

**CERTIFICATE OF SERVICE**

TO:

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas J. Leach, Esq.
Anthony R. Zeuli, Esq.
Douglas J. Williams, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

David K. S. Cornwell, Esq.
Tracy-Gene G. Durkin, Esq.
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

I hereby certify that I filed the within Defendant's Motion to Strike Memoranda for Violation of Local Rule (Civil) 7 and the Memorandum in Support thereof through the ECF system on the 24th day of April, 2008, and that notice will be sent electronically to the above-named counsel who are registered participants identified on the Mailing Information for Case No. 05-229S.

*/s/ Jeffrey K. Techentin*________

*450970_1*