IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING,<br>a Resident of Arizona,<br><br>Plaintiff,<br>v.<br><br>HASBRO, INC.,<br>a Rhode Island Corporation,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 05-229S |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF MICHAEL BOWLING'S OBJECTION TO DEFENDANT HASBRO INC.'S MOTION TO STRIKE MEMORANDA FOR VIOLATION OF LOCAL RULE (CIVIL) 7.**

Plaintiff Michael Bowling ("Bowling") respectfully objects to Defendant Hasbro, Inc.'s ("Hasbro") motion to strike (Dkt. 231). Rather than address the merits of whether attorneys' fees *should be* awarded because of Hasbro's conduct, Hasbro raises technicalities relating only to the amount of such fees. In short, Bowling complied with Local Rule 7. Even if this Court finds that he did not, however, striking these motions after Hasbro admitted patent infringement on the eve of trial and after the jury returned a verdict in Mr. Bowling's favor would be disappropriate to the alleged infraction because any alleged prejudice to Hasbro could be cured by granting Hasbro leave to respond to Bowling's reply.[1]

Bowling's Motion for an Award of Attorneys' fees (Dkt. 214) complied with the Local Rules. He accompanied his filings with supporting affidavits and exhibits. Bowling made no attempt to "hide the ball . . ." or hide the evidence until its reply, as

[1] Bowling has no objection to Hasbro's alternative request that it be granted leave to respond in full to the contents of Bowling's reply in support of his motion for attorneys' fees (Dkt. 224) and Bowling's reply in support of his motion for expert fees of Neil N. Lapidus (Dkt. 227). Bowling respectfully requests, however, that the request to strike the Replies be denied.

alleged by Hasbro. (*Cf.* Objection, Dkt. 222, at 2.) Rather, Bowling made every effort to provide the Court with sufficient evidence to fairly evaluate its request for attorneys' fees.

**A. Reply in Support of Motion for Attorneys' Fees (Docket No. 224).**

Hasbro's motion to strike this reply memorandum is based on the supplemental affidavit of Thomas J. Leach, Esq. and the affidavit of R. Daniel Prentiss, Esq. Bowling's motion addressed each category identified in Local Rule Cv. 54.1. (*See* Dkt. 214-5 at ¶¶ 12-24.) Bowling acknowledged a willingness to provide billing entries for *in camera* review. (*Id.* at ¶ 22.) When Hasbro complained about not having the billing records, Bowling provided the actual time entries, in redacted form, in the Supplemental Leach Affidavit. (*See generally* Dkt. 224-2). Bowling has no objection to permitting Hasbro an opportunity to respond in a surreply.

In response to Hasbro's challenge to Bowling's request to rely on AIPLA studies, (*see* Dkt. 214-5 ¶ 11), Bowling provided the Prentiss Affidavit. (*See* Dkt. 224-8.) Bowling's intent was to provide the Court, and Hasbro, with the information to evaluate his Motion for Attorneys' Fees. Hasbro now objects to the Supplemental Leach and Prentiss Affidavits because they "effectively prevented Hasbro from having any opportunity to respond." (*See* Mem. Supp. Mot. Strike at 2.) Hasbro ignores the fact that the submissions about which it complains directly respond to issues Hasbro raised in its opposition memorandum.

Bowling's request for attorneys' fees complied with Local Rule Cv. 54.1, and its supplemental filings serve to place all available, relevant information before the Court. Hasbro's motion to strike should be denied.[2]

**B. Reply in Support of Motion for Expert Fees (Dkt. 227).**

Hasbro also moves to strike Bowling's reply in support of motion for expert fees (Dkt. 227). In Bowling's request for expert fees, he provided an invoice for the deposition of Neil Lapidus. The invoice was based on Mr. Lapidus's billing records (for time already paid) from 2006. However, because the invoice was prepared in 2008, the invoice bore a date of February 11, 2008. (Dkt. 227-4.)[3]

There is no dispute that Hasbro noticed and took the Lapidus deposition on May 24, 2006. (Dkt. 227-2) There is also no dispute that the Lapidus deposition lasted at least

---

[2] Bowling's request for "all other attorneys' fees associated with successfully prosecuting this case" is a question for the Court's equitable discretion, given that Bowling prevailed on nearly every issue in this case. (*See* Docket No. 218, at 15.) The Federal Circuit has repeatedly held that the problem of inadequate compensation may be remedied by the trial court. *See, e.g.*, *King Instrs. Corp. v. Perego*, 65 F.3d 941, 951 n.6 (Fed. Cir. 1995) ("The problem of inadequate compensation when damages are based on a reasonable royalty has been expressly recognized in several cases. . . . The solutions suggested include awards of treble damages, attorney fees and prejudgment interest, . . ., and discretionary awards of greater than a reasonable royalty[.] . . . Such discretionary increases may be appropriate where plaintiffs cannot prove direct and foreseeable damages in the form of lost profits."); *Rite-Hite Corp. v. Kelley Co.*, 819 F.2d 1120, 1126 (Fed. Cir. 1987) ("Whether or not 'willfulness' is found, the court has authority to consider the degree of culpability of the tortfeasor. The measure of damages, as indeed the assessment of attorney fees, provides an opportunity for the trial court to balance equitable concerns as it determines whether and how to recompense the successful litigant." (internal quotations omitted); *Stickle v. Heublein, Inc.*, 716 F.2d 1550, 1563 (Fed. Cir. 1983) ("As a final matter we would add that the trial court may award an amount of damages greater than a reasonable royalty so that the award is adequate to compensate for the infringement."). Consideration of this question is for the Court in its sound discretion. The Supplemental Leach Affidavit provides the total amount of Bowling's attorneys' fees for context. (Docket No. 224-2.) Bowling's instant motion, however, identifies and requests fees in the amount of $344,094.35 associated with Hasbro's litigation misconduct. (Docket No. 218, at 16.)

[3] The date of the invoice is of no consequence because the following facts are not in dispute: Hasbro noticed the expert deposition, Mr. Lapidus appeared at the expert deposition for at least seven hours, Lapidus contemporaneously billed Bowling for his deposition attendance, and Bowling paid Mr. Lapidus for his attendance at Hasbro's deposition.

seven hours. (*See id.*) Under the plain language of Rule 26(b)(4)(C), Hasbro should "pay the expert a reasonable fee for time spent in responding to discovery," such as attendance at a deposition noticed by Hasbro. Fed. R. Civ. P. 26(b)(4)(C)(i). Bowling paid Lapidus's fees for May 2006 (Dkt. 227-6), but did not bill Hasbro at that time.

On receiving the invoice in 2008, Hasbro leveled the following allegation of improper conduct, alleging that no billing or payment to Bowling had occurred:

> From this context, it is clear that Lapidus did not charge anything for his time at the deposition of May 24, 2006. The reasonable fee – which is precisely what he charged – was zero. Plaintiff's counsel opportunistically had him "prepare an invoice" nearly two years after the fact in order to slap Hasbro with a further $2,600 in costs associated with Plaintiff's bogus experts.

(Objection, Dkt. 219, at 5). This is false.

In Reply, Bowling set forth that Neil Lapidus itemized his fees to prepare and sit for deposition in a contemporaneous billing statement (Dkt. 227-3, at 3). On January 18, 2007, Bowling paid Lapidius' invoice, which included fees for his deposition. (Dkt. 227-6, at 2). Hasbro's contention that Bowling received the services of Mr. Lapidus *gratis* is not true.[4] Accordingly, these expert fees are properly included in the Reply.

## III. CONCLUSION

For the reasons stated, Bowling respectfully requests that Hasbro's request to strike be denied. Bowling has no objection, however, to Hasbro's filing of a surreply with respect to either motion.

---

[4] Lapidus's time entry for May 24, 2006 reads: "Deposition ~~Prep~~," for 8.0 hours, in the amount of $2,960. There is no dispute that Mr. Lapidus attended his deposition on May 24, 2006 for at least 7.0 hours, nor than his billing rate is $370 per hour.

Michael Bowling,
By His Attorneys,

Date: May 12, 2008

/s/ Thomas J. Leach

Thomas J. Leach, MN (*pro hac vice*)
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Phone: 612.332.5300
Fax: 612.332.9081

/s/ Craig M. Scott

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

**CERTIFICATE OF SERVICE**

TO:

Todd D. White, Esq.
Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

David K. S. Cornwell, Esq.
Tracey-Gene G. Durkin, Esq.
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue N.W.
Washington, DC 20005

I hereby certify that the within *Memorandum of Law in Support of Plaintiff Michael Bowling's Objection To Defendant Hasbro Inc.'s Motion To Strike Memoranda For Violation Of Local Rule (Civil) 7* was filed through the ECF system on the 12th day of May, 2008, and will be sent electronically to the above-named counsel who are registered participants identified on the Notice of Electronic Filing for Case No. 05-229S.

/s/ Craig M. Scott