UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | **EXPEDITED REVIEW REQUESTED** |
| Defendant. | : | |

**EMERGENCY MOTION FOR LEAVE TO FILE MOTION TO COMPEL**

Defendant Hasbro, Inc. ("Hasbro") hereby moves on an emergency basis for leave to file a motion to compel production of five documents and/or things responsive to Hasbro's document requests previously issued and served on the Plaintiff, Michael Bowling. Plaintiff only disclosed the existence of the documents and/or things on May 15, 2008 despite the fact that they have been in the possession of his counsel for more than seven years. Hasbro moves on an emergency basis because post-trial motions are currently pending before this Court, to which the requested documents are, Hasbro anticipates, highly relevant. Briefing on those post-trial motions will be complete on May 27, 2008. A copy of the motion to compel for which leave is sought is attached as **Exhibit A**. The grounds for this motion are set forth in the accompanying Memorandum of Law.

Respectfully submitted,

HASBRO, INC.
By its Attorneys,
/s/ Jeffrey K. Techentin___________
Todd D. White (#5943)
twhite@apslaw.com
Jeffrey K. Techentin (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: May 21, 2008

Of Counsel:

David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | **EXPEDITED REVIEW REQUESTED** |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION FOR LEAVE TO FILE MOTION TO COMPEL**

Defendant Hasbro, Inc. ("Hasbro") respectfully submits this memorandum of law in support of its motion for leave to file a motion to compel five documents and/or things responsive to Hasbro's document requests, the existence of which was not disclosed by Plaintiff until May 15, 2008 despite the fact that the documents have been in the possession of his counsel for more than seven years. Each of these documents is, Hasbro anticipates, highly relevant to one or more of the post-trial motions currently pending before this honorable Court.

## I. Factual Background

On Thursday, May 15, 2008, Plaintiff filed a *Praecipe* to Attach Corrected Exhibit A, Part 5 to the Supplemental Leach Affidavit (Docket No. 235). Plaintiff's *Praecipe* instructed the court to replace a portion of the exhibits to the Supplemental Leach Affidavit that had been filed in support of Plaintiff's post-trial motion for attorneys' fees (Docket No. 224). The stated purpose of the correction was to include two pages of Plaintiff's attorneys' billing records that had been omitted. Docket No. 235 at 1. Those billing records, which appear to have been redacted, date from October 1999 to May 2000. *Id.* at 10-11.

Those two pages of billing records (copies of which are attached as **Exhibit B**) disclose the existence of several documents and things that had never been identified previously, specifically the following:

> 1 A fax from Michael Bowling reviewed on October 5, 1999 (disclosed on the billing entry for October 5, 1999);
>
> 2. "Detailed notes for the file documenting conference with Hasbro official" (disclosed on the billing entry for October 15, 1999);
>
> 3. A "summary of facts and issues for Doug Williams, Esq." (disclosed on the billing entry for October 25, 1999);
>
> 4. A TV commercial (disclosed on the billing entry for November 22, 1999); and
>
> 5. A "detailed memo and exhibits," also described as "summary materials" (disclosed on the billing entries for March 22 and 23, 2000).

None of these documents has been disclosed previously. None has been produced. None has been identified on a privilege log (a copy of the latest privilege log produced by Plaintiff is attached as **Exhibit C**). Each is clearly responsive to Hasbro's document requests. *See, e.g.*, Requests Nos. 13-15 in Hasbro's First Set of Requests for Production to Plaintiff (seeking, *inter alia*, "All documents relating to or concerning communications with Hasbro") (**Exhibit D**).

Moreover, these documents appear directly relevant not only to issues underlying this litigation, such as the alleged bad faith of Hasbro in the pre-litigation negotiating process (*see, e.g.*, Plaintiff's Pretrial Memorandum (Docket No. 130) at 9-10), but also to issues raised by Plaintiff in his post-trial motion for attorneys' fees (Docket No. 214). In that motion, Plaintiff expressly argues that Hasbro was deceptive in its negotiations with Plaintiff during the September – October 1999 timeframe. Docket No. 214-2 at 3-4. Indeed, that is apparently why Plaintiff attached to that motion the very billing records that disclose these documents. Ms.

Daulton's "detailed notes for the file documenting conference with Hasbro official" are directly relevant to what representations Hasbro made during this timeframe and how Plaintiff, through counsel, responded. This goes directly to the issue of Hasbro's good faith, which Plaintiff continues to put at issue by his request for fees. The same holds true of the other documents identified in the billing records.

The day after the existence of the documents was disclosed, counsel for Hasbro wrote to Plaintiff's counsel to demand that the documents be produced or, if they did not exist, that Plaintiff provide an affidavit explaining the documents' disappearance. **Exhibit E**. Plaintiff did not produce the documents, provide an affidavit with respect to their current whereabouts, or even list them on a privilege log. Instead, Plaintiff merely responded that the television commercial and the fax from Mr. Bowling to counsel could not be located and that the other documents were protected by the "attorney-client privilege and the work product doctrine." **Exhibit F** at 1.[1] Plaintiff has not provided any explanation for the non-production of the documents.

## II. Argument

The identified documents are relevant and were requested in a timely fashion during discovery and should have been produced years ago. Plaintiff admits that the "detailed notes for the file documenting conference with Hasbro official" are responsive to Hasbro's requests. Although Plaintiff's unjustified refusal to identify the documents on a privilege log prevents Hasbro from knowing precisely the subject matter of the other documents (*e.g.*, the "summary of facts and issues"), two facts strongly suggest that they are responsive to Hasbro's requests. First,

---

[1] Although he first asserts that both doctrines shield the documents from production, Plaintiff later asserts that the extant documents are protected by either the attorney-client privilege or the work product doctrine "or both." **Exhibit F** at 2.

the context of the creation of the documents was the dialogue between Hasbro and Plaintiff during late 1999 and early 2000, leading up to and following Plaintiff's cease-and-desist letter to Hasbro. Documents concerning that dialogue would most definitely be responsive to Hasbro's requests, which sought, among other things, "All documents concerning communications between Hasbro and Bowling concerning the '197 Patent." *See* **Exhibit D** at Request No. 22. Even if the subject of the memorandum were merely whether the Hasbro dice infringed Plaintiff's patent, the document would be responsive to other valid requests, which for example sought documents concerning "comparisons between Bowling and Hasbro's die design and/or use." *Id.* at Request No. 15. Second, Plaintiff's carefully-worded response that "the documents are not responsive ***to the document requests you identified***," as opposed to a blanket statement that the documents are not responsive to any of Hasbro's requests, suggests that the documents are responsive to other of Hasbro's requests. **Exhibit F** at 1.

The fact that these documents were concealed[2] until after the trial does not relieve Plaintiff of his obligation to produce them now. Because the ordinary motion deadline has expired, Hasbro requires leave to seek to compel the production of the documents. However, because the documents should have been produced in the ordinary course, and because they

---

[2] It is hard to imagine circumstances under which these documents were not disclosed that do not involve "concealment." The documents are (and always were) in the files of Merchant & Gould, the very attorneys who have been prosecuting this case from the outset. Presumably, copies would have been in the files of Julie Daulton, who either authored or received the documents in question other than the television commercial. Plaintiff apparently reviewed Ms. Daulton's files in connection with her deposition during discovery, as demonstrated by the fact that on the date of her deposition Plaintiff produced additional documents and revised his privilege log. Plaintiff's counsel must have encountered the documents at that time, and Plaintiff's failure to produce them or to identify them on a privilege log cannot have been a mere oversight.

continue to be relevant to issues currently before the Court, leave should be granted and Plaintiff should be compelled to produce the documents.[3]

If Plaintiff contended (as his counsel now asserts in correspondence) that these materials were privileged or otherwise immune from discovery, he was obliged to identify them on his privilege log. Fed. R. Civ. P. Rule 26(b)(5)(A) (requiring party asserting privilege to "describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."). The requirement of a privilege log invokes a "specify or waive" standard with respect to privileged discovery materials. *See, e.g.*, *In re Grand Jury Subpoena*, 274 F.3d 563, 576 (1st Cir. 2001) ("Although most of the reported cases arise in the context of a claim of attorney-client privilege, the 'specify or waive' rule applies equally in the context of claims of work product privilege."). That is, if a party obliged to provide a privilege log fails to do so, any privilege or other protection from disclosure is waived thereby. *Id.* at 575-76 (upholding denial of motion to quash subpoena for failure to provide a privilege log; party that fails to submit a privilege log pursuant to Fed. R. Civ. P. 45(d)(2) "is deemed to waive the underlying privilege claim."). *See also Dorf & Stanton Commc'n, Inc. v. Molson Breweries*, 100 F.3d 919, 923 (Fed. Cir. 1996) (failure to submit "a complete privilege log demonstrating sufficient grounds for taking the privilege" constitutes a waiver of the privilege claim) (internal citation omitted); *Corvello v. New England Gas Co.,* C.A. No. 05-221-T, 243 F.R.D. 28, 33-35 (D.R.I. June 27, 2007) ("most courts, including the First Circuit, have held that a privilege may be lost or impliedly waived by inadvertently disclosing privileged documents and/or by failing to

[3] Hasbro has moved in the alternative for a new trial on the grounds, *inter alia*, that the jury's verdict is at odds with the great weight of the evidence. *See* Docket No. 216. Even if the documents were not relevant to post-trial issues, they will be relevant in any new trial.

take prompt corrective action upon learning of the error"). Plaintiff's failure to assert privilege or other immunity from discovery (or even to disclose the documents' existence) either in an appropriate timeframe or in a privilege log waives any claim of attorney-client privilege or work product protection.

Certainly the materials are not, as Plaintiff's counsel now asserts, both attorney-client communications and attorney work-product.[4] As to the "television commercial," this presumably refers to Hasbro's television commercial for the Monopoly Millennium game, Hasbro's version of which was shown at trial. Hasbro's television commercial could not possibly constitute attorney-client information or work-product of Plaintiff and yet it was not produced. Likewise, neither an attorney's notes "for the file" documenting a discussion with a third-party nor one attorney's memorandum to another attorney can constitute privileged attorney-client communications. Plaintiff's claims of privilege are facially inappropriate.[5]

These documents should have been produced to Hasbro long ago and must now be produced pursuant to Bowling's continuing duty to disclose. Fed. R. Civ. P. Rules 26(e) and 37(c); *Fusco v. General Motors Corp.*, 11 F.3d 259, 264-65 (1st Cir. 1993) (duty to supplement

[4] As noted, Plaintiff's counsel inconsistently refers to either or both the attorney-client privilege and the work-product doctrine as applying to the documents. Plaintiff's counsel's inability to state whether the documents are work-product or privileged communications, or both, demonstrates the total inadequacy of the description of the documents required to meet the standards for a proper privilege log, which requires that the basis for nondisclosure be identified along with sufficient information about the document to allow Hasbro to assess critically that claim of privilege.

[5] Even if Plaintiff had timely asserted that the documents were attorney work-product, that doctrine is far from absolute in shielding facts and materials from discovery. *See, e.g.*, Fed. R. Civ. P. Rule 26(b)(3)(A)-(B) (allowing discovery of work-product materials on showing of substantial need and inability to obtain substantial equivalent through other means). Plaintiff's failure to specify that claim effectively precluded Hasbro from seeking the production either of the documents themselves or the facts contained therein.

continues after trial). Plaintiff offers no legitimate excuse for not having produced them. Their production should be compelled forthwith.

## III. Conclusion

Hasbro's demand that Plaintiff produce responsive documents has been met with an outright refusal from Plaintiff, who has chosen to disregard entirely his continuing duty of disclosure under Fed. R. Civ. P. Rules 26(e)(1) and 37(c). If Hasbro is to obtain the discovery that by all rights it should have had years ago, an order compelling production is necessary. Hasbro therefore respectfully submits that it should be granted leave to file the attached motion to compel.

Respectfully submitted,

HASBRO, INC.
By its Attorneys,
/s/ Jeffrey K. Techentin
Todd D. White (#5943)
twhite@apslaw.com
Jeffrey K. Techentin (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: May 21, 2007

Of Counsel:

David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

**CERTIFICATE OF SERVICE**

TO:

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas J. Leach, Esq.
Douglas J. Williams, Esq.
Anthony R. Zeuli, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

David K. S. Cornwell, Esq.
Tracy-Gene G. Durkin, Esq.
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

I hereby certify that I filed the within Emergency Motion for Leave to File Motion to Compel and Memorandum of Law in support thereof through the ECF system on the 21st day of May, 2007, and that notice will be sent electronically to the above-named counsel who are registered participants identified on the Mailing Information for Case No. 05-229S.

/s/ Jeffrey K. Techentin__________

*454855_1*