UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**HASBRO, INC.'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO MICHAEL BOWLING**

Pursuant to Fed. R. Civ. P. 34, Hasbro, Inc. ("Hasbro") requests that Michael Bowling ("Bowling") produce for inspection and copying the documents and materials designated below at the offices of Adler Pollock & Sheehan P.C., One Citizens Plaza, 8th Floor, Providence, RI 02903 within thirty (30) days of service hereof. Each of the following document requests is continuing in nature, such that if Bowling obtains additional documents and materials at a later date, such documents and things are to be made available to Hasbro for inspection and copying.

**INSTRUCTIONS**

1. These requests extend to all documents in the possession, custody and/or control of Bowling in the possession, custody or control of persons or entities affiliated with, under common ownership with, or under the control of Bowling.

2. Each request shall be answered fully unless it is in good faith objected to, in which event the reasons for your objection shall be stated in detail. If an objection pertains only to a portion of a Request, or a word phrase, or clause contained within it, you are required to

state your objection to that portion only and to respond to the remainder of the Request, using your best efforts to do so.

3. If Bowling contends that any document requested to be produced is protected from discovery by the attorney-client privilege, the work product doctrine or other ground of privilege, then Bowling shall identify for each such document:

(a) the name (title or position of the authors) of the document;

(b) the name and title or position of all persons designated as addressees or otherwise receiving copies of the documents;

(c) the general subject matter of the document;

(d) the date of the document; and

(e) the specific grounds for withholding the document, including the specific facts upon which Bowling will rely to establish the asserted attorney-client privilege, work product doctrine, or other ground of privilege.

4. All requested documents produced to Hasbro shall be organized either to correspond to the categories in these Requests, or as they are kept in the ordinary course of business.

5. The Requests contained herein shall be construed in accordance with Fed. R. Civ. P. 26(e) to include any supplemental responsive information discovered or coming into Bowling's possession, custody, or control after the time of initial response.

**REQUESTS**

1. All documents that evidence, refer to or otherwise relate to, in whole or in part, the conception, research, design, development and/or reduction to practice of Bowling's die (subject to the '197 Patent).

2. All documents concerning Bowling's pricing policy for the subject die, including, but not limited to, any competitor analysis, market or sales research and profitability studies.

3. All documents and communications concerning Bowling's marketing, distribution, importation, sale, offers for sale, license, assignment, advertising and/or use of the subject die.

4. All documents, to the extent not included in the previous Request, concerning Bowling's marketing plans, projections, studies and surveys, including long range plans, projections, studies and surveys for the sale of the Elfsera Set 6 miniatures.

5. All documents concerning the marketing, distribution, importation, sale, offers for sale, license, assignment, advertising and/or use in the United States by or through any authorized agent, importer or other intermediary, of the Elfsera Set 6 miniatures.

6. All communications between Bowling, his agents, employees or representatives and eM-4, its agents, employees and representatives pertaining to the development, manufacture, marketing and sale of the Elfsera Set 6 miniatures.

7. All documents concerning Bowling's role, function or involvement in the marketing, distribution, importation or sale of the Elfsera miniatures in the United States.

8. All documents concerning the sale or any other distribution of the subject die by third parties, including, but not limited to, units sold, prices, pricing policies and profit statements.

9. Documents sufficient to identify by year:

   a. The volume of the Elfsera Set 6 miniatures distributed Bowling or Crystal Caste, in the United States;

b. The total sales of Elfsera Set 6 in units and dollars, by Bowling or Crystal Caste; and

c. The financial arrangement between Crystal Caste and eM-4 for the distribution of the Elfsera Set 6 in the United States.

10. All documents that Bowling or Crystal Caste provided, distributed or otherwise made publicly available at any trade show or exposition in the United States, where such documents were provided for the purpose of describing, promoting, marketing, distributing, importing, selling or offering for the sale the subject die in the United States.

11. The curriculum vitae for each and every expert retained by Bowling with respect to this litigation.

12. All documents that evidence, refer to or otherwise relate to any prior art, of which Bowling is aware, either directly or indirectly, as relating to the subject die or any part thereof.

13. All documents that evidence, refer to or otherwise relate to the full circumstances and/or date by which, or the manner in which, Hasbro or its agents, employees or representatives became aware of the subject die.

14. All documents which support in any way Bowling's contention that anyone from Hasbro or its related entities did not independently develop a die similar to the subject die but copied Bowling's die, model or prototype.

15. All documents relating to or concerning communications with Hasbro, including, but not limited to, any description or evaluation of the subject die, any die utilized by Hasbro, the designs or process packaging, or any comparisons between Bowling and Hasbro's die design and/or use.

16. All documents that Bowling contends are evidence that Bowling and/or Crystal Caste has not infringed, and is not infringing upon Wizards of the Coast monsters, character and/o miniatures with regard to the Elfsera Set 6 or any other product with which Bowling and/or Crystal Caste is associated.

17. All documents comprising or relating to all prior art relied upon by Bowling in defense to Hasbro's counterclaim of infringement.

18. All documents comprising or relating to opinions of counsel relied upon by Bowling and/or Crystal Caste in defense to Hasbro's allegations of willful infringement by or through Bowling regarding its Wizard's of the Coast characters and/or miniatures.

19. All documents that explain the business relationship or any portion thereof between Crystal Caste and eM-4.

20. All documents or reports relied upon, reviewed, generated and/or received by experts retained by Bowling in connection with this action.

21. All documents concerning any opinions of counsel relating to the importation, sale, offer for sale or use of the Elfsera Set 6 in the United States, or relating to whether these miniatures are likely to cause confusion, mistake or deception.

22. All documents concerning communications between Hasbro and Bowling concerning the '197 Patent.

23. All audited and unaudited financial statements, general ledgers, books of account, profit and loss or incomes statements, balance sheets, and all other documents reflecting the financial condition of Crystal Caste including assets, sales and profits, for each fiscal year to date beginning with fiscal year 1999 through the present.

24. All state and federal income tax returns (including all amendments and attachments) filed on behalf of Crystal Caste for the years 1999 to the present.

25. Annual reports for Crystal Caste and any entity that owns or controls Crystal Caste for the years of 1999 to the present.

26. All federal tax returns for Michael Bowling from 1997-2002.

27. All documents that Bowling contends support any other allegation or defense to any counterclaim asserted in relationship to this action.

28. All documents evidencing the dates on which Michael Bowling began and completed any undergraduate (college or university) program and the dates on which Michael Bowling began and completed any MBA program.

29. A complete copy of Michael Bowling's Graduate Thesis and any other written work he authored concerning die or dice design, marketing and/or development.

30. A complete copy of the application for the '197 Patent.

HASBRO, INC. and HASBRO
INTERNATIONAL, INC.
By their Attorneys,

Todd D. White (#5943)
Jeffrey K. Techentin (#6651)
Linda A. Mayer (#6482)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: August 4, 2005

CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of August 2005, I caused a true copy of the within to be served on the following individuals by regular mail, postage prepaid:

Craig M. Scott, Esq. (RI Bar No. 4237)
Christine K. Bush, Esq. (RI Bar No. 5587)
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Of Counsel:

Douglas J. Williams, Esq.
MN Regulation (Reg. No. 117,353)
Matthew A. Doscotch, Esq. (MN Reg. No. 029973X)
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

*339729_1.doc*