ADLER POLLOCK & SHEEHAN P.C.

One Citizens Plaza, 8th floor
Providence, RI 02903-1345
Telephone 401-274-7200
Fax 401-751-0604 / 351-4607

175 Federal Street
Boston, MA 02110-2210
Telephone 617-482-0600
Fax 617-482-0604

www.apslaw.com

May 16, 2008

***Via Electronic Mail***

Thomas J. Leach, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

Re: ***Michael Bowling v. Hasbro, Inc.***
C.A. No. 05-229S

Dear Tom:

We have received and reviewed Mr. Bowling's praecipe to attach a corrected Part 5 of Exhibit A to your supplemental affidavit in support of Mr. Bowling's motion for attorneys' fees. I note that Ms. Daulton's billing entries for October 5, 1999, October 15, 1999, October 25, 1999, November 22, 1999, March 22, 2000, and March 23, 2000 identify documents and things that were requested by Hasbro in the course of discovery but that were never produced to us or identified on a privilege log. Specifically, Ms. Daulton's billing entries identify the following:

1. A fax from Michael Bowling reviewed on October 5, 1999;
2. "Detailed notes for the file documenting conference with Hasbro official";
3. A "summary of facts and issues for Doug Williams, Esq.";
4. A TV commercial; and
5. A "detailed memo and exhibits," also described as "summary materials."

Each of these documents is, according to their respective descriptions, responsive to Hasbro's requests for production in this case. *See*, *e.g.*, Requests Nos. 13-15 in Hasbro's First Set of Requests for Production to Plaintiff (seeking, *inter alia*, "All documents relating to or concerning communications with Hasbro").

If Bowling contended that these materials were privileged or otherwise immune from discovery, he was obliged to identify them on his privilege log. Fed. R. Civ. P. Rule 26(b)(5)(A) (requiring party asserting privilege to "describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."). The requirement of a privilege log invokes a "specify or waive" standard with respect to privileged discovery

ADLER POLLOCK & SHEEHAN P.C.



***Via Electronic Mail***

materials. *See*, *e.g.*, *In re Grand Jury Subpoena*, 274 F.3d 563, 576 (1st Cir. 2001) ("Although most of the reported cases arise in the context of a claim of attorney-client privilege, the 'specify or waive' rule applies equally in the context of claims of work product privilege."). That is, if a party obliged to provide a privilege log fails to do so, any privilege or other protection from disclosure is waived thereby. *Id.* at 575-76 (upholding denial of motion to quash subpoena for failure to provide a privilege log; party that fails to submit a privilege log pursuant to Fed. R. Civ. P. 45(d)(2) "is deemed to waive the underlying privilege claim."). *See also Dorf & Stanton Commc'n, Inc. v. Molson Breweries*, 100 F.3d 919, 923 (Fed. Cir.1996) (failure to submit "a complete privilege log demonstrating sufficient grounds for taking the privilege" constitutes a waiver of the privilege claim) (internal citation omitted); *Corvello v. New England Gas Co.*, C.A. No. 05-221-T, 243 F.R.D. 28, 33-34 (D.R.I. June 27, 2007). Bowling's failure to assert privilege (or even to disclose the documents' existence) waives any claim of privilege or work-product protection.

If, on the other hand, Bowling does not assert that the documents are immune from discovery (and, as to the television commercial, we cannot appreciate how he might make such an assertion), the documents should have been produced to Hasbro and must now be produced pursuant to Bowling's continuing duty to disclose. Fed. R. Civ. P. Rule 26(e); *Fusco v. General Motors Corp.*, 11 F.3d 259, 264-65 (1st Cir. 1993) (duty to supplement continues after trial).

These documents are, we expect, readily available as they are in your own files. Please produce them no later than Wednesday of next week. If you intend to refuse to produce the documents, please advise of that fact by the close of business today so that we may seek appropriate relief in a timely fashion. If any of the documents have been destroyed or are no longer available, please provide an affidavit or declaration from a knowledgeable person describing in detail the circumstances under which the document(s) are (were) destroyed or removed from your files and whatever information exists regarding the current location of the documents or copies thereof.

I thank you in advance for your prompt attention to this matter.

Very truly yours,

JEFFREY K. TECHENTIN
jtechentin@apslaw.com

Cc: Anthony R. Zeuli, Esq. (*Via Electronic Mail*)
Craig M. Scott, Esq. (*Via Electronic Mail*)
Todd D. White, Esq. (*Via Electronic Mail*)

*454726_1.doc*