# ATTACHMENT B

Confidential – Subject to Protective Order

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| Hasbro, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

## EXPERT REPORT OF BARRY SUSSMAN, CPA

## I. INTRODUCTION

1. I am a Managing Director at Huron Consulting Group ("Huron") in its Boston, Massachusetts office. Huron is an operational and financial consulting firm. The firm specializes in providing financial and operational consulting services to a variety of issues, including estimating damages in patent infringement matters. My hourly rate in this engagement is $450.

2. I have almost 20 years of experience providing financial and accounting services. Prior to joining Huron, I was a partner in two national accounting firms. I have particular expertise in providing consulting services in the Intellectual Property area. These services have included audits of licensing agreements, consultations regarding the appropriate royalty rates for licenses, valuation of intangible assets and expert testimony in litigation. I have lectured on a variety of topics related to Intellectual Property at law firms, law schools and bar association events. A copy of my curriculum vitae is attached as Exhibit A of this report.



ATTACHMENT B

3. I have been asked by Counsel for Defendant Hasbro, Inc. ("Hasbro") to conduct a financial analysis in order to reach opinions concerning Plaintiff's damages claimed in this matter. As part of my analysis, my staff and I have reviewed documents produced by the parties, pleadings, depositions, trade press articles and the expert report of Plaintiff's damage expert, Mr. Neil N. Lapidus.[1] My staff and I have also had conversations with the following Hasbro personnel: Michael Hirtle, Dorothy Echlin, Tracy Hogan, and Judy Nye. My staff and I have also spoken with Mr. Jim Koplow, the owner of Koplow Games, which sells dice.

## II. SUMMARY OF OPINIONS

4. Based on the materials reviewed, my education and experience as a CPA and a damages expert, and the analysis presented in this report, it is my opinion that:[2]

a. Hasbro had non-infringing alternative dice that were commercially acceptable, and available to use in its Monopoly Millennium Edition games in August 1999.

b. Mr. Bowling and Hasbro would have agreed to a royalty rate of $0.15 per pair of dice at the hypothetical negotiation in August 1999.

c. Therefore, applying that royalty rate to the 556,828 pairs of dice Hasbro used in its Monopoly Millennium games sold since August 17, 1999 yields royalties of $83,524. Alternatively, applying the royalty rate to the 228,049 pairs of dices Hasbro used in its Monopoly Millennium games sold since November 3, 1999 yields

---

[1] Expert Report On Damages Of Neil N. Lapidus, CPA ("Lapidus Report"), February 22, 2006. A list of materials reviewed in the preparation of this report is in Exhibit B of this report. I reserve the right to supplement this report as appropriate.

[2] For the purpose of this analysis, the '197 Patent is assumed to be valid and infringed by the accused dice used in Hasbro's Monopoly Millennium games.

Exhibit J

## Michael Bowling v. Hasbro, Inc.

### SCENARIO 1: ROYALTIES AND PRE-JUDGMENT INTEREST

| | Royalty Sales Base (Pairs) [1] | | | | | |
|---|---|---|---|---|---|---|
| | **Millennium Edition** | **Avon Special** | **Total Games** | **Per Unit Royalty Per Pair** [4] | **Royalties** [5] | **Royalties & Interest** [6] |
| August 1999 [2] | 50,372 | 4,224 | 54,596 | $ 0.15 | $ 8,189.40 | $ 17,598.42 |
| September 1999 | 171,527 | - | 171,527 | $ 0.15 | $ 25,729.05 | $ 54,770.15 |
| October 1999 | 81,628 | 9,504 | 91,132 | $ 0.15 | $ 13,669.80 | $ 28,825.76 |
| November 1999 | 53,036 | 56,028 | 109,064 | $ 0.15 | $ 16,359.60 | $ 34,173.53 |
| December 1999 | 27,421 | 103,088 | 130,509 | $ 0.15 | $ 19,576.35 | $ 40,508.61 |
| **Total** [3] | **383,984** | **172,844** | **556,828** | | **$ 83,524.20** | **$ 175,876.47** |

**Interest Rate** [7] 12.0%

HA008040-8108 is Tr. Ex. 67.

*Notes:*

[1] Huron has assumed Mr. Lapidus' analysis of Units sold during the damage period from August 17, 1999 until the last of the purchased accused dice had been sold.

[2] Scenario 1 assumes damages start on August 17, 1999, which is the date the '197 patent issued.

[3] Verification of these sales has been performed and the source of the data is the "Monopoly Millennium Summary 1999 thru 2002", HA008040-8108

[4] Assumed Negotiated Royalty Rate

[5] Royalties are calculated as total royalty base times royalty rate.

[6] Royalties are brought calculated with interest through the end of April 2006.

[7] Interest rate is 12%, the Rhode Island Statutory Rate, compounded annually.

*Confidential- Subject to Protective Order*