THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING,<br>a Resident of Arizona,<br><br>Plaintiff,<br><br>v.<br><br>HASBRO, INC.,<br>a Rhode Island Corporation,<br><br>Defendant. | : | C.A. No. 05-229S |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF MICHAEL BOWLING'S OBJECTION TO HASBRO'S EMERGENCY MOTION FOR LEAVE TO FILE MOTION TO COMPEL**

Plaintiff Michael Bowling ("Bowling") objects to Defendant Hasbro, Inc.'s ("Hasbro") emergency motion for leave to file motion to compel. Discovery closed over two years ago. The parties completed a week-long jury trial, the jury rendered its verdict in favor of Bowling, and judgment entered on March 24, 2008. Hasbro's "emergency" motion should be denied because there is no "good cause" under Rule 16 to amend the Scheduling Order and reopen fact discovery after trial, a jury verdict and judgment.

Of the five documents Hasbro seeks post-trial, Bowling does not have (1) the "fax from Michael Bowling [to his lawyer] reviewed on October 5, 1999" or (2) the Hasbro TV commercial, which is Hasbro information, which Hasbro produced and played at trial.

The remaining three documents Hasbro requests are all protected from discovery by the attorney-client privilege *and* the work product doctrine. The "summary of facts and issues for Doug Williams, Esq." and "detailed memo and exhibits" are memoranda

generated by and exchanged between Julie Daulton and Doug Williams, Bowling's lawyers. Each contains legal advice and strategy generated in anticipation of litigation. The "detailed notes for the file documenting conference with Hasbro Official" are notes reflecting Bowling's lawyer's mental impressions and analysis of information received from Mr. Hirtle, a Hasbro employee, and attorney-client communications regarding legal advice. Hasbro already took Ms. Daulton's deposition and inquired into non-privileged information concerning her discussions with Mr. Hirtle, and Mr. Hirtle testified at trial on Hasbro's behalf concerning these very discussions.

There is no "good cause" to allow Hasbro to file a motion to compel discovery of documents that do not exist or are protected from disclosure by the attorney-client privilege and work product doctrine, particularly when Hasbro had access to the non-protected factual information.

Finally, Bowling respectfully seeks his attorneys' fees in responding to the present motion. After losing at trial, Hasbro's baseless effort to reopen fact discovery is simply another example of Hasbro driving up an individual's litigation costs such that any recovery is consumed by the expense to obtain it. Trial is over. Hasbro had every opportunity to defend itself. It lost. These type of harassing motions must end.

## I. FACTUAL BACKGROUND

Pursuant to the Pretrial Order, fact discovery closed on April 20, 2006.[1] A week-long jury trial concluded on March 24, 2008 with a jury verdict and judgment in Bowling's favor.

---

[1] This Court previously denied a similar motion by Hasbro for leave to file a motion to compel documents because discovery was closed. (Ex. A.)

On or about April 7, 2008, Bowling moved for attorneys' fees relating to Hasbro's litigation misconduct. (Dkt. No. 214.) A small portion of the fees Bowling requested relate to Bowling's pre-suit investigation and Hasbro's letters that misrepresented the extent and timing of its sales of the infringing product. Specifically, in August 1999, when Bowling's patent issued, Hasbro was already selling the infringing products. Despite already selling the infringing product, in September 1999, Hasbro wrote Bowling inquiring about "possibly" using his dice disclosed in his recently issued '197 patent. The parties' lawyers had some discussions. Bowling subsequently sent Hasbro a cease and desist letter and asked for an accounting of the infringing products. Hasbro responded that it had only sold 269,000 games and that it had stopped selling them. Those representations were not accurate. Accordingly, Bowling requested fees for part of his pre-suit investigation based on Hasbro's misrepresentations in its letters. In support of that motion, Bowling submitted its detailed billing records.

On May 16, 2008, Hasbro sent a letter to Bowling requesting production of five documents post-trial that Hasbro identified from plaintiff's billing records. The five documents Hasbro seeks are:

1. A fax from Michael Bowling reviewed on October 5, 1999;
2. "Detailed notes for the file documenting conference with Hasbro official";
3. A "summary of facts and issues for Doug Williams, Esq.";
4. A Hasbro TV commercial; and
5. A "detailed memo and exhibits," also described as "summary materials."

Bowling responded that he did not have the referenced October 5, 1999 fax or the Hasbro TV commercial, and that the other three documents are all protected from disclosure by the attorney-client privilege and the work product doctrine. Moreover, with

the exception of the notes regarding the conference with Hasbro, these documents are not responsive to the document requests Hasbro identified. (*See* Dkt. 237-5 at Requests 13-15.)

## II. ARGUMENT

### A. Hasbro Cannot Show Good Cause to Reopen Discovery Post-Trial To Attempt to Compel Privileged and Work Product Documents.

A Scheduling Order "shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b). Although allowing a motion for discovery is subject to the court's discretion, discovery post-trial is "an unusual event, flowing from new information." *Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1324 (Fed. Cir. 2001). No such new information exists here.

Hasbro failed to show that any of the listed documents at issue would rise to the extraordinary circumstances involved in allowing post-trial discovery. Bowling does not have the October 5, 1999 fax or the Hasbro TV commercial. In fact, Hasbro had its own copy of the TV commercial and used that copy at trial. The other three documents are all protected from disclosure by the attorney-client privilege and the work product doctrine and are immune from discovery.

The "summary of facts and issues for Doug Williams, Esq." dated March 23, 2000, and an undated "detailed memo and exhibits" are memos from Julie Daulton, Esq. to Doug Williams, Esq., Bowling's lawyers, regarding legal advice and strategy in anticipation of litigation. Hasbro has no legitimate need to review Bowling's attorney's work product and privileged memos.

Ms. Daulton's "[d]etailed notes for the file documenting conference with Hasbro official," aside from being privileged and subject to work product protection, also do not

contain any new unprivileged information. These notes were prepared by Bowling's attorney, Ms. Daulton, and relate to her mental impressions, legal analysis and attorney-client information concerning discussions with Hasbro's Mike Hirtle. Hasbro took Ms. Daulton's deposition and inquired into these discussions. Hasbro used this testimony at trial. (Tr. vol. 5, 52-56.)[2] More importantly, Hasbro's own employee, Mr. Hirtle, was the Hasbro official with whom Ms. Daulton spoke. Hasbro had access to Mr. Hirtle, a current Hasbro employee. Mr. Hirtle even testified at trial about the discussions he had with Ms. Daulton. (Tr. vol. 4, 119:9-120:16; 127:8-129:2.) Hasbro had all the information to which it was entitled—and it used that information at trial.

The case Hasbro cites for the proposition that Bowling is under a duty to supplement discovery after trial is distinguishable. *Fuso v. General Motors Corp.,* 11 F.3d 259, 264 (1st Cir. 1993) involved the creation of additional evidence after a first trial ended in a hung jury that the defendant intended to rely on at the second trial. The court did no more than reason that the duty to supplement a document request continued until the second trial in order to eliminate surprise. *Id.* at 266. The procedural posture in *Fuso* is clearly distinct from this case where trial is complete, the jury rendered its verdict, and judgment entered.

**1. The Requested Documents are Protected Under the Attorney-Client Privilege and the Work Product Doctrine.**

Even if the above documents were the subject of Hasbro discovery requests, Bowling is not required to produce them because they are protected from disclosure by the attorney-client privilege and the work product doctrine. The attorney-client privilege protects communications between an attorney and a client. *See Upjohn Co. v. U.S.*, 449

[2] Citations to the trial transcript providing the volume, page and when appropriate the line numbers.

U.S. 383, 397 (1981). The work-product doctrine provides that a "party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial" made by the opposing party's attorney. Fed. R. Civ. P. 26(b)(3); *see also N.M. Tech Research Found. v. Ciba-Geigy Corp.*, 96-085B, 1997 U.S. Dist. LEXIS 14698, *7 (D.R.I. Jan. 3, 1997).

Each of the documents requested reflect information gained from confidential communications made between Bowling and his attorneys. Additionally, each document reflects the mental impression of Mr. Bowling's attorneys in anticipation of litigation. To the extent these documents were responsive to any of Hasbro's document requests, Bowling would not have been required to produce them.

### B. Bowling did not Waive Privilege by Inadvertently Omitting Privileged Documents From His Privilege Log.

Contrary to Hasbro's assertion, Bowling did not waive privilege and work product protection by inadvertently omitting the documents from plaintiff's privilege log. The cases Hasbro cites claiming waiver are all distinguishable. In each case, the parties were found to have waived the privilege through <u>disclosure</u> of privileged documents or some other affirmative act. *See In re Grand Jury Subpoena*, 274 F.3d 563, 568 (1st Cir. 2001) (involving a parent corporation's attempt to resist compliance with a subpoena by reasserting privilege over certain documents after its subsidiary had expressly waived privilege); *Dorf & Stanton Commc'ns., Inc. v. Molson Breweries*, 100 F.3d 919, 921-23 (Fed. Cir. 1996) (involving the disparate treatment of three unprivileged documents where attorneys had multiple opportunities to claim privilege of the documents); *Gail v. New England Gas Co.*, 243 F.R.D. 28, 34 (D.R.I. 2007) (involving the disclosure of privileged material in response to a subpoena).

Here, Bowling never waived the privilege applying to the documents discussed above. None of the documents have been inadvertently produced to Hasbro or any non-party or third party. Thus, there has been no affirmative act by Bowling that would cause the protection of the documents to be waived. That Bowling moved for attorney's fees and identified documents on billing records does not waive privilege and work product protection.

Moreover, if any of the above mentioned documents should have been included on Mr. Bowling's privilege log, their exclusion was inadvertent. Prompt correction of an inadvertent discovery oversight prevents waiver of protection. *See Gail*, 243 F.R.D. at 35 (indicating that "prompt corrective action upon learning of the error," prevent loss of privilege and implied waiver). When Hasbro raised the issue, Bowling promptly advised Hasbro that the documents did not exist or were privileged.

## III. <u>CONCLUSION</u>

Hasbro's motion for leave to reopen fact discovery after the jury rendered its verdict to file motion to compel privileged and work product documents is baseless. Hasbro has not shown the "good cause" required to re-open discovery, and the documents Hasbro seeks are protected by the attorney client privilege and the work product doctrine and are immune from discovery. Accordingly, Hasbro's motion should be denied.

Respectfully submitted,

Michael Bowling,
By His Attorneys,

Date: May 29, 2008

/s/Thomas J. Leach
Anthony R. Zeuli *(pro hac vice)*
Thomas J. Leach, MN (*pro hac vice*)
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 332-5300
(612) 332-9081 (Facsimile)

/s/Christine K. Bush
Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

## CERTIFICATE OF SERVICE

TO:

Todd D. White, Esq.
Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

David K. S. Cornwell, Esq.
Tracey-Gene G. Durkin, Esq.
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue N.W.
Washington, DC 20005

I hereby certify that the within Plaintiff Michael Bowling's Objection To Hasbro's Emergency Motion For Leave To File Motion To Compel and Memorandum of Law in Support of Plaintiff's Objection To Defendant's Emergency Motion for Leave to File Motion to Compel was filed through the ECF system on the 29th day of May, 2008, and will be sent electronically to the above-named counsel who are registered participants identified on the Notice of Electronic Filing for Case No. 05-229S.

/s/ Christine K. Bush

H:\Clients\Bowling\Pleadings\Objection to Hasbros Motion to Compel Five Documents after Trial.DOC