UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**OBJECTION TO AND NOTICE OF APPEAL OF MAGISTRATE JUDGE ALMOND'S JUNE 2, 2008 ORDER DENYING LEAVE TO FILE A MOTION TO COMPEL**

Pursuant to Rule 72 of the Federal Rules of Civil Procedure and Local Rule (Civ) 72 of the Rules of the United States District Court for the District of Rhode Island, Defendant Hasbro, Inc. ("Hasbro") hereby objects to and notices its appeal of Magistrate Judge Almond's June 2, 2008 order in which he denied Hasbro's Motion for Leave to File a Motion to Compel Production of Documents and/or Things. Docket Text Order, June 2, 2008. Hasbro identifies the following error of law as grounds for its objection and appeal: Magistrate Judge Almond applied an incorrect legal standard. The reasons Hasbro submits that this decision was erroneous are fully explained in the attached memorandum of law.

Dated: June 13, 2008
Providence, Rhode Island

Respectfully submitted,

HASBRO, INC.

By its Attorneys,

/s/ *Adam M. Ramos*
Todd D. White (# 5943)
twhite@apslaw.com
Jeffrey K. Techentin (#6651)
jtechentin@apslaw.com
Adam M. Ramos (#7591)
aramos@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

Of Counsel:

David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF HASBRO, INC.'S OBJECTION TO AND APPEAL OF MAGISTRATE JUDGE ALMOND'S JUNE 2, 2008 ORDER DENYING LEAVE TO FILE A MOTION TO COMPEL**

On May 20, 2008, Defendant Hasbro, Inc. ("Hasbro") filed an Emergency Motion for Leave to File a Motion to Compel Production of Documents and/or Things. Docket No. 237. Specifically, Hasbro sought leave to compel the production of certain documents and/or things, the existence of which it became aware only when Plaintiff Michael Bowling ("Bowling") revealed them in connection with his motion for attorneys' fees. In the motion for leave, Hasbro noted that the documents and/or things it now seeks are responsive to requests propounded to Bowling by Hasbro during the discovery period in this case. Hasbro also explained that these documents and/or things remain relevant both in connection with Bowling's motion for attorneys' fees and with a potential re-trial of this case.[1]

Nevertheless, Magistrate Judge Almond denied Hasbro leave to file its motion to compel. His order reads, in full: "After the requested expedited review, the Court finds that Defendant has not established good cause to pursue a post-trial motion to compel filed over two years after the close of fact discovery. So Ordered by Magistrate Judge Lincoln D. Almond on 6/2/08**.**"

---

[1] Currently pending before the Court is Hasbro's Renewed Motion for Judgment as a Matter of Law or, in the Alternative, For a New Trial or, in the further Alternative, For Remittitur. Docket No. 216.

Docket Text Order, June 2, 2008. This order is based on the erroneous proposition that Hasbro had the burden of showing "good cause to pursue a post-trial motion to compel." That standard is inapplicable to this motion.

Hasbro recognizes that this Court is highly deferential to an order of a magistrate judge on a nondispositive motion and will only overturn such an order for clear legal error. 28 U.S.C. § 636(b)(1)(A)(4). *See also Caranci v. Blue Cross & Blue Shield of R.I.*, 194 F.R.D. 27, 31 (D.R.I. 2000) ("this Court will review the order . . . under the clearly erroneous or contrary to law standard"). However, Hasbro respectfully submits that this order falls squarely within the category of cases in which the Court will be left with a "strong, unyielding belief that a mistake has been made." *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999) (quoting *Cumpiano v. Banco Santander P.R.*, 902 F.2d 148, 152 (1st Cir. 1990)).

Magistrate Judge Almond's order erroneously treats Hasbro's proposed motion to compel as if it relates to a new discovery request as opposed to an existing discovery request for which Bowling is under a continuing duty to disclose and respond until the case is fully resolved. Fed. R. Civ. P. 26(e); *Fusco v. General Motors Corp.*, 11 F.3d 259, 264-65 (1st Cir. 1993). In *Fusco*, the First Circuit held that the defendant was obligated to supplement its response to a request for a production with a videotape that was not even created until after the trial was complete. *Fusco*, 11 F.3d at 265.

The standard that should have been applied by Judge Almond was whether Hasbro had a right to bring a motion to compel at this stage of the litigation. Because the contention by Hasbro is that the documents and/or things it seeks are responsive to discovery requests that were propounded during the period when discovery was open, the continuing duty to supplement responses applies. *See* Fed. R. Civ. P. 26(e). The only pertinent question in the consideration of

the motion for leave to file the motion to compel was whether the fact that the trial concluded resulted in a concomitant end to Bowling's discovery obligations. *Fusco* forecloses that inquiry, as it unequivocally holds that the duty to supplement discovery responses after the trial has ended. *Fusco*, 11 F.2d at 165. Moreover, similar to the circumstances in *Fusco,* where a new trial was imminent, *id.*, the discovery sought by Hasbro through this motion remains relevant to pending matters before the Court. The existence of the documents and/or things was revealed in connection with Bowling's motion seeking attorneys' fees, and the discovery would be relevant to that motion. Also, Hasbro has filed a motion for judgment as a matter of law, or, alternatively, a new trial, and the discovery sought would certainly be relevant in the event of a new trial. Finally, there is no legal basis for the standard articulated by Judge Almond when he denied the motion – namely, that Hasbro was required to show "good cause." Accordingly, this order is precisely the circumstance in which the district court is warranted in reversing a Magistrate Judge's order on a nondispositive motion.

For the reasons stated herein, Hasbro respectfully requests that this Court reverse the order entered June 2, 2008, by Magistrate Judge Almond, and enter an order granting Hasbro leave to file a motion to compel documents and/or things.

Dated: Providence, Rhode Island
June 13, 2008

Respectfully submitted,
HASBRO, INC.

By its Attorneys,

/s/ *Adam M. Ramos*

Todd D. White (# 5943)
twhite@apslaw.com
Jeffrey K. Techentin (#6651)
jtechentin@apslaw.com
Adam M. Ramos (#7591)
aramos@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

Of Counsel:

David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

**CERTIFICATE OF SERVICE**

TO:

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Thomas J. Leach, Esq.
Anthony R. Zeuli, Esq.
Douglas J. Williams, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

David K. S. Cornwell, Esq.
Tracy-Gene G. Durkin, Esq.
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

I hereby certify that I filed the within Objection to and Notice of Appeal of Magistrate Judge Almond's June 2, 2008 Order Denying Leave to File a Motion to Compel and the Memorandum of Law in support thereof through the ECF system on the 13th day of June, 2008, and that notice will be sent electronically to the above-named counsel who are registered participants identified on the Mailing Information for Case No. 05-229S.

/s/ *Adam M. Ramos*

***456756_1***