THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING,<br>a Resident of Arizona,<br><br>Plaintiff,<br><br>v.<br><br>HASBRO, INC.,<br>a Rhode Island Corporation,<br><br>Defendant. | : | C.A. No. 05-229S |

**PLAINTIFF MICHAEL BOWLING'S OBJECTION TO HASBRO'S OBJECTION AND NOTICE OF APPEAL OF MAGISTRATE JUDGE'S JUNE 2, 2008 ORDER DENYING LEAVE TO FILE MOTION TO COMPEL**

Plaintiff Michael Bowling ("Bowling") hereby objects to Hasbro's Objection and Notice of Appeal of Magistrate Judge Almond's June 2, 2008 Order Denying Leave to File a Motion to Compel. As grounds for this reply, Bowling relies on the Memorandum of Law filed herewith.

Respectfully submitted,

Michael Bowling,
By His Attorneys,

Date: June 30, 2008

/s/Thomas J. Leach
Anthony R. Zeuli *(pro hac vice)*
Thomas J. Leach, MN (*pro hac vice*)
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 332-5300
(612) 332-9081 (Facsimile)

/s/Christine K. Bush
Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING,<br>a Resident of Arizona,<br><br>Plaintiff,<br><br>v.<br><br>HASBRO, INC.,<br>a Rhode Island Corporation,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | <br><br><br>C.A. No. 05-229S |

**PLAINTIFF MICHAEL BOWLING'S MEMORANDUM IN SUPPORT OF HIS OBJECTION TO HASBRO'S OBJECTION AND NOTICE OF APPEAL OF MAGISTRATE JUDGE ALMOND'S JUNE 2, 2008 ORDER <u>DENYING LEAVE TO FILE MOTION TO COMPEL</u>**

Hasbro Inc.'s ("Hasbro") appeal should be denied because the Magistrate Judge did not clearly err in applying the "good cause" standard in denying Hasbro's motion to file an untimely motion to compel. It is black letter law that "good cause" is required for leave of court to file a motion to compel after discovery has closed. Fed. R. Civ. P. 16(b); *Matya v. United Ref. Co.*, 05-CV-2A, 2006 U.S. Dist LEXIS 61221, at *8 (W.D.N.Y. Aug. 29, 2006) (holding that a motion to compel after discovery closes requires good cause and leave of the court). The Magistrate Judge correctly applied that standard and found that Hasbro had "not established good cause to pursue a post-trial motion to compel filed over two years after the close of fact discovery." Hasbro does not challenge the Magistrate Judge's conclusion after applying the "good cause" standard. Instead, Hasbro argues that Rule 16's "good cause" standard does not apply at all. Hasbro provides no authority to support its contrary argument.

Hasbro's motion is another example of its effort to force Bowling to spend more in litigation than his recovery. At some point discovery—and these types of motions—must stop. Hasbro had a full and fair opportunity to develop and present its case. The documents it seeks are privileged and are not discoverable. Yet Hasbro persists in forcing Bowling to respond to such motions. Bowling respectfully seeks his attorneys' fees in responding to this motion.

Moreover, Hasbro comes to the Court with unclean hands. Bowling recently learned that Hasbro has a license for a unique die based on a percent of the selling price of the Monopoly game.[1] Despite Hasbro's argument that a duty to supplement continues post-trial, it has not produced this license. Hasbro even made contrary arguments in its Rule 50 motion that a royalty for component die would not be based on the game's price.

## I. FACTUAL BACKGROUND

Pursuant to the Pretrial Order, fact discovery closed on April 20, 2006.[2] The Pretrial Order expressly states that "no motions shall be filed except by leave of Court." (Dkt. No. 10-1 at 4.) A week-long jury trial concluded on March 24, 2008, with a jury verdict and judgment in Bowling's favor.

On or about April 7, 2008, Bowling moved for attorneys' fees relating to Hasbro's litigation misconduct. (Dkt. No. 214.) A portion of the fees Bowling requested related to Bowling's pre-suit investigation and Hasbro's letters that misrepresented the

[1] *See Studiengesellschaft Kohle v. Dart Indus., Inc.*, 862 F2d 1564, 1572 (Fed. Cir. 1988) (finding a license agreement made ten years after the hypothetical negotiations was properly considered it in a reasonable royalty calculation); *P&G v. Paragon Trade Brands*, 989 F. Supp. 547, 614 (D. Del. 1997) (finding that a license entered into six years after the hypothetical negotiation was "probative of the rate to which [the parties] would have agreed at the time of the infringement").

[2] This Court previously denied a similar motion by Hasbro for leave to file a motion to compel documents because discovery was closed. (*See* Text Order of December 18, 2007 denying Hasbro's emergency motion for leave to file a motion to compel.)

extent and timing of its sales of the infringing product. In support of that motion, Bowling submitted detailed billing records.

On May 16, 2008, Hasbro sent a letter to Bowling requesting production of five documents that Hasbro identified from the billing records. The five documents Hasbro seeks are:

1. A fax from Michael Bowling reviewed on October 5, 1999;
2. "Detailed notes for the file documenting conference with Hasbro official";
3. A "summary of facts and issues for Doug Williams, Esq.";
4. A Hasbro TV commercial; and
5. A "detailed memo and exhibits," also described as "summary materials."

Bowling responded that he did not have the referenced October 5, 1999 fax or the Hasbro TV commercial, and that the other three documents are protected from disclosure by the attorney-client privilege and the work-product doctrine. Moreover, with the exception of the notes regarding the conference with Hasbro, these documents are not responsive to the document requests Hasbro identified. (*See* Dkt. No. 237-5 at Requests 13-15.)

On May 20, 2008, Hasbro filed an "emergency" motion for leave to file a motion to compel these documents after trial. Bowling objected. (*See* Dkt. No. 239.) The Magistrate Judged denied Hasbro's motion for leave finding "that Defendant has not established good cause to pursue a post-trial motion to compel filed over two years after the close of fact discovery." (Docket Text Order, June 2, 2008.)

## II. <u>ARGUMENT</u>

The Magistrate Judge's Order can be reversed only if it was clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). *See also Traceski v.*

*Moore, CA. No. 04—153,* 2005 U.S. Dist. LEXIS 3912, at *3 (D.R.I. Mar. 4, 2005) (stating that "the magistrate judge's order is final unless it is 'clearly erroneous or contrary to law.'") Hasbro's sole basis for appeal is that Magistrate Judge Almond applied the wrong legal standard. Specifically, Hasbro argues that the "good cause" standard of Rule 16 does not apply. Hasbro does not challenge the finding that Hasbro did not establish "good cause."

**A. The Magistrate Judge Applied The Correct Standard In Denying Hasbro's Motion For Leave To File A Motion To Compel After Discovery Closed.**

The Magistrate Judge did not clearly err by applying the "good cause" standard in denying Hasbro leave of court to file a motion to compel after the Scheduling Order deadlines to do so had passed. It is black letter law that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b); *Matya v. United Ref. Co.*, 05-CV-2A, 2006 U.S. Dist LEXIS 61221, at *8 (W.D.N.Y. Aug. 29, 2006) (holding that a motion to compel after discovery closes requires good cause and leave of the court); *Jones v. United Space Alliance*, 170 Fed. Appx. 52, 53 (11th Cir. 2006) (noting that a motion to compel responsive documents after discovery closed required a showing of good cause). Discovery closed on April 20, 2006. The Pretrial Order expressly provides that except for motions in limine, after ten days from the close of discovery no motions shall be field except by leave of Court. (Dkt. No. 10-1 at 4.) Trial was complete on March 26, 2008. Hasbro cites no authority for its argument that "good cause" is not required for leave to file a motion to compel after discovery closed, the deadline for motions has passed, and the case was tried.

Hasbro argues that "good cause" is not required because Rule 26 includes a duty to supplement and the requested documents allegedly fall within broad categories of

discovery requests that were served during the discovery period. However, Hasbro's argument would vitiate Rule 16 and its purpose because any litigant could argue at any time that the duty to supplement allows motions to compel despite a scheduling order to the contrary. The result would be that discovery would never close—it would go on forever. Rule 16 expressly requires setting the time for completion of discovery and motion practice. The "good cause" standard exists specifically to deal with situations such as this where a party seeks to extend these deadlines. *See Claytor v. Computer Assoc. Int'l, Inc.*, 211 F.R.D. 665, 667 (D. Kan. 2003) (affirming a magistrate judge's order denying a motion for leave and applying the "good cause" standard despite arguments that Rule 26 was violated). Rule 26 does not eliminate the requirement under Rule 16 to obtain leave of court to file a motion to compel after discovery closed.

**B. The Magistrate Judge Correctly Held Hasbro Has Not Established Good Cause To File A Motion To Compel Two Years After Discovery Closed.**

Although Hasbro has not argued that the Magistrate Judge incorrectly applied the good cause standard to the facts of this case, it is anticipated that Hasbro will in its reply brief. The Magistrate Judge correctly found no good cause exists to file a post-trial motion to compel. Bowling does not have the October 5, 1999 fax or the Hasbro TV commercial. In fact, Hasbro had its own copy of the TV commercial and it was at trial. The other three documents are protected from disclosure by the attorney-client privilege and the work-product doctrine.

The attorney-client privilege protects communications between an attorney and a client. *See Upjohn Co. v. U.S.*, 449 U.S. 383, 397 (1981). The work-product doctrine provides that a "party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial" made by the opposing party's attorney. Fed. R.

Civ. P. 26(b)(3); *see also N.M. Tech Research Found. v. Ciba-Geigy Corp.*, 96-085B, 1997 U.S. Dist. LEXIS 14698, at *7 (D.R.I. Jan. 3, 1997).

Each of the other three documents reflects information gained from communications made between Bowling and his attorneys. Additionally, each document also reflects the mental impressions of Mr. Bowling's attorneys prepared in anticipation of litigation. The "summary of facts and issues for Doug Williams, Esq." and "detailed memo and exhibits" are memoranda generated by and exchanged between Julie Daulton and Doug Williams, Bowling's lawyers. Each contains legal advice communicated to Bowling and strategy generated in anticipation of litigation. The "detailed notes for the file documenting conference with Hasbro Official" are notes reflecting Bowling's lawyer's mental impressions and analysis of information received from Mr. Hirtle, a Hasbro employee. The notes also include attorney-client communications regarding legal advice. However, Hasbro already took Ms. Daulton's deposition and inquired into non-privileged information concerning her discussions with Mr. Hirtle. Hasbro used that testimony at trial. (*See* Tr. vol. 5, 52-56.) Mr. Hirtle even testified at trial on Hasbro's behalf concerning these very discussions. (*See* Tr. vol. 4, 119:9-120:16; 127:8-129:2.)

Hasbro's motion also fails because it is futile. "Good cause" does not exist if the underlying requests would, if granted, be futile. The three documents Hasbro seeks are all protected from disclosure by the attorney-client privilege and the work-product doctrine.

*Fuso v. General Motors Corp.*, relied on by Hasbro, is inapposite. *Fuso* involved the discovery of evidence for a second trial after the first trial ended in a hung jury. *Fuso,* 11 F.3d at 261. Hasbro alleges that the court in *Fuso* held that the duty to disclose

extends after every trial. However, the court did no more than reason that the duty to supplement a document request continued in order to eliminate surprise during the second trial. *Id.* at 266.

In this case, the procedural posture is clearly distinct. The trial is complete, and there is no second trial. The documents requested contain information already known to Hasbro or that are privileged.

Thus, the Magistrate Judge was correct in denying Hasbro leave to file a motion to compel because Hasbro did not show that good cause exists to reopen discovery post-trial in an attempt to compel privileged documents.

## III. CONCLUSION

Magistrate Judge Almond correctly applied the "good cause" standard to Hasbro's motion for leave to file a motion to compel. The Court also correctly held that there is no "good cause" to allow Hasbro to file its latest motion to compel discovery over two years past the discovery deadline. Hasbro's motion for leave to reopen fact discovery after the jury rendered its verdict was properly denied. Accordingly, this Court should affirm the Magistrate Judge's decision to deny leave to file a motion to compel privileged documents after trial.

Respectfully submitted,

Michael Bowling,
By His Attorneys,

Date: June 30, 2008

/s/Thomas J. Leach
Anthony R. Zeuli *(pro hac vice)*
Thomas J. Leach, MN (*pro hac vice*)
MERCHANT & GOULD, P.C.
3200 IDS Center

80 South Eighth Street
Minneapolis, MN 55402
(612) 332-5300
(612) 332-9081 (Facsimile)

/s/Christine K. Bush
Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

## CERTIFICATE OF SERVICE

TO:

Todd D. White, Esq.
Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

David K. S. Cornwell, Esq.
Tracey-Gene G. Durkin, Esq.
Sterne Kessler Goldstein & Fox P.L.L.C.
1100 New York Avenue N.W.
Washington, DC 20005

I hereby certify that the within Plaintiff Michael Bowling's Objection To Hasbro's Objection and Notice of Appeal of Magistrate Judge's June 2, 2008 Order Denying Leave to File Motion to Compel and Plaintiff Michael Bowling's Memorandum in Support of His Objection to Hasbro's Objection and Notice of Appeal of Magistrate Judge Almond's June 2, 2008 Order Denying Leave to File Motion to Compel was filed through the ECF system on the 30th day of June, 2008, and will be sent electronically to the above-named counsel who are registered participants identified on the Notice of Electronic Filing for Case No. 05-229S.

/s/Thomas J. Leach