UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL BOWLING, a Resident of Arizona, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-229 S |
| HASBRO, INC., a Rhode Island Corporation, | : | |
| Defendant. | : | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO AND APPEAL OF MAGISTRATE JUDGE ALMOND'S JUNE 2, 2008 ORDER DENYING LEAVE TO FILE A MOTION TO COMPEL**

Pursuant to Local Rule (civ) 72 of the Local Rules of the United States District Court for the District of Rhode Island, Defendant Hasbro, Inc. ("Hasbro") respectfully submits this reply memorandum of law in further support of its objection to and appeal of Magistrate Judge Almond's June 2, 2008 order denying Hasbro leave to file a motion to compel. (Docket No. 241). Hasbro submits this reply to rebut several erroneous arguments forwarded by Plaintiff Michael Bowling ("Bowling") in his objection to Hasbro's objection and appeal. (Docket No. 242).

## I. Introduction

On May 20, 2008, Hasbro filed a Motion for Leave to File a Motion to Compel, seeking the production of documents and/or things that are responsive to discovery requests made during the discovery period, but that were not disclosed to Hasbro until they were revealed in an exhibit to an affidavit in support of Bowling's post-trial motion for attorneys' fees. That motion was denied by Magistrate Judge Almond in an order issued in June 2, 2008, in which the Magistrate

Judge held that Hasbro had not shown "good cause" for bringing the motion to compel at such a late juncture. On June 13, 2008, Hasbro objected to and appealed that order arguing that the Magistrate Judge did not apply the appropriate legal standard. In opposition, Bowling has asserted several erroneous arguments.

## II. Argument

Bowling hangs his hat on the arguments that the "good cause" standard was appropriately applied by the Magistrate Judge and that the documents Hasbro seeks are nevertheless undiscoverable because they are privileged. These arguments are unavailing. Contrary to Bowling's contention, it is not black letter law in this district that good cause must be shown to bring a motion to compel after the close of discovery. Moreover, Bowling's attorney/client privilege argument completely ignores the well-settled specify-or-waive doctrine with respect to privileged documents. Finally, Bowling ignores the fact that the documents and/or things sought by Hasbro were completely hidden from Hasbro until they were disclosed in connection with Bowling's post-trial motion for attorneys' fees, which certainly constitutes "good cause" for the timing of Hasbro's motion.

### A. The Good Cause Standard Has Not Been Adopted By This Court in Connection with Motions For Leave, and the Cases Cited By Bowling are Distinguishable and Inapposite.

The Pre-Trial Order entered in this case merely requires that a party who wishes to file a motion, other than a motion in limine, more than 10 days after the close of discovery must obtain leave of court to do so. There is no requirement as to what showing must be made by the party seeking leave to bring a motion. Moreover, no case from this district articulates such a standard. The cases from other jurisdictions cited by Bowling are inapposite. In *Matya v. United Ref. Co.*, No. 05CV2A, 2006 WL 2516507, at *1 (W.D.N.Y. Aug. 29, 2006), the scheduling order

explicitly required that motions to compel be brought 30 days before the close of discovery, and after the opposing party had filed a motion for summary judgment. Additionally, the party seeking to compel production had not made timely requests, and was aware of the existence of the documents it sought to compel long before the deadline for bringing such motion. *Id.* at *1-*2. It was under these circumstances that the court reasoned that good cause was required for bringing the motion. *Id.* at *3.

In contrast, the documents and/or things that Hasbro seeks to compel at this juncture are responsive to requests made during the discovery period, and Hasbro did not become aware of their existence until Bowling disclosed them in connection with his post-trial motion for attorneys' fees. In response, Hasbro immediately addressed the issue with Bowling's counsel, and, after being rebuffed in its attempts to secure production of the documents without resort to the Court, immediately pursued leave to file the motion to compel. Accordingly, Hasbro was not recalcitrant or tardy in any way with respect to the documents and/or things it seeks to compel.

Bowling's citation to *Jones v. United Space Alliance, L.L.C.*, 177 Fed. Appx. 52 (11th Cir. 2006), is not only similarly distinguishable on the facts, but Bowling's characterization of the case is incorrect. In that case, a *pro se* litigant brought a motion to compel after the close of discovery, as well as a motion to extend the discovery period. *Id.* at 53. Both of these motions were denied. *Id.* The Eleventh Circuit noted that the Magistrate Judge denied the motion to compel because the litigant "had failed to explain why his motion could not have been filed prior to the close of discovery" and that the motion to extend the discovery deadline had been denied because the litigant "had not shown good cause why the parties should not adhere to the deadline for the close of discovery." *Id.* There is no acknowledgment, or even mention, of the requirement that Bowling suggests this case stands for – namely, that motions to compel after the

close of discovery require a showing of good cause. In fact, the Eleventh Circuit did not even address the reasoning of the Magistrate Judge in *Jones*, but rather affirmed the decisions of the Magistrate Judge because the litigant had not appealed them at the district court level – thereby waiving his appellate rights. *Id.* at 54-55.

A fair reading of this case belies the notion that it stands for the premise that good cause need be shown in order to bring a motion to compel after the close of discovery. In fact, even applying the standard applied by the Magistrate Judge in *Jones*, Hasbro should be permitted to bring its motion to compel. Unlike the litigant in *Jones,* Hasbro has a clear, legitimate reason for failing to bring the motion to compel at an earlier date – the existence of the documents was not disclosed until shortly before Hasbro sought leave to bring its motion. It was not until after the trial of this case[1] that Bowling submitted an affidavit in support of his motion for attorneys' fees that contained an exhibit that referenced the documents and/or things that Hasbro seeks leave to compel at this juncture. Without knowledge of the existence of the documents and/or things, it was, quite frankly, impossible for Hasbro to have sought the assistance of this Court in compelling their production any earlier than it did. Thus, Hasbro has a strong and valid explanation for why it did not bring its motion to compel any earlier than it did. *See Jones*, 170 Fed. Appx. at 53. In fact, Hasbro is doing exactly what the litigant in *Jones* should have done by appealing the order of the Magistrate Judge to the District Court. *See id.* at 54-55.

Bowling also erroneously contends that the relief Hasbro seeks would result in a *de facto* extension of the discovery period, and incorrectly cites a District of Kansas case, *Claytor v. Computer Associates Int'l, Inc.*, 211 F.R.D. 665 (D. Kan. 2003) as denying a motion for leave

---

[1] Hasbro's motion seeking judgment as a matter of law, or in the alternative a new trial, or in the alternative remittitur is pending before the court. Accordingly, a real possibility exists that there will be a second trial of this case, despite Bowling's assertion that, in this case, "there is no second trial." Docket No. 242 at 9.

and applying the "good cause" standard despite arguments that Rule 26 was violated. Docket No. 242 at 7. This characterization is rife with inaccuracies.

First, the motion in *Claytor* was a motion "to extend the discovery period[,]" not a motion for leave. *Id.* at 666. Second, the movant in that case flouted a local rule requiring motions to compel to be brought within a specified time frame, and his only explanation was that his counsel was unaware of the rule. *Id.* Third, in light of the failure to comply with the local rule, the movant had no explanation for why the proposed discovery could not be completed within the prescribed time frame, especially considering that the alleged discovery violations committed by the opposing party were known to the movant within the appropriate time frame for seeking motions to compel. *Id.* Ultimately, the District Court Judge affirmed the Magistrate Judge in part because the movant "simply waited too long before seeking assistance [from the court]." *Id.* at 667.

Hasbro's proposed motion to compel differs from the motion in *Claytor* in every significant respect. First, it is a motion to compel, not a motion to extend the discovery period; thus it does not seek to modify the deadlines set forth in this Court's scheduling order issued pursuant to Rule 16 of the Federal Rules of Civil Procedure. Rather, Hasbro's motion for leave merely seeks, ultimately, to have the Court compel Bowling to comply his preexisting discovery obligations. Granting Hasbro leave to file the motion to compel, and even subsequently granting the motion to compel, would not allow either party to conduct additional discovery. Instead, it would only provide Hasbro with that to which it was already entitled – documents and/or things that were in existence during the discovery period, were responsive to Hasbro's timely discovery requests, but nevertheless were not provided, or even disclosed, to Hasbro during the discovery period.

Moreover, unlike the opposing party in *Claytor*, Bowling cannot point to any Rule, local or otherwise, that Hasbro has violated by bringing this motion at this juncture, as opposed to some earlier date. In fact, Hasbro could not have made this motion any earlier. Once the existence of the documents and/or things was disclosed to Hasbro, it immediately commenced efforts to resolve the dispute with Bowling, and once it became obvious that those efforts were futile, Hasbro immediately filed this motion. Only five days passed between the time that the existence of the unproduced responsive materials was disclosed and the filing of Hasbro's motion, during which time Hasbro met and conferred with Bowling's counsel regarding production of the documents. There was no delay at all – much less unexplained delay like that in *Claytor*.

Bowling's attempts to establish that a good cause standard exists for granting Hasbro leave to file this motion to compel are unavailing. Not only are the cases cited by Bowling extrajurisdictional, but they are inapposite as well. Not one of the cases cited by Bowling involved a motion for leave. Rather, they involved either untimely motions that flouted specific timing guidelines set out in the local rules of the court, *see Matya*, 2006 WL 2516507, at *1; *Claytor*, 211 F.R.D. at 666, or late-filed motions that lacked an explanation as to why they could not have been filed at an earlier date. *See Jones*, 177 Fed. Appx. at 53; *Claytor*, 211 F.R.D. at 666. Thus, it is clearly **<u>not</u>** "black letter law" that the standard a court must apply when considering whether to grant leave to file a motion is "good cause." However, even if the standards articulated in the cases cited by Bowling were to be adopted by this Court, and applied to the current motion, the circumstances militate toward allowing Hasbro leave to pursue its motion to compel. Hasbro's discovery responses were timely filed. Hasbro did not delay its pursuit of this motion at all once Bowling revealed the existence of responsive, unproduced

documents. Bowling is obliged to supplement his discovery responses with all responsive materials. Fed. R. Civ. P. 26(e)(1)(A).[2] Accordingly, Hasbro has shown that there is a legitimate reason for seeking leave to move to compel production of these documents and/or things at this point. Furthermore, should this Court determine that there is a good cause requirement for granting leave, as that standard has been articulated, Hasbro's showing in connection with that motion more than carries that burden. Accordingly, this Court should reverse the order of the Magistrate Judge and grant Hasbro leave to file its motion to compel.

### B. The Specify-or-Waive Doctrine Renders the Documents and/or Things Hasbro Seeks Discoverable Despite any Potential Attorney/Client or Work-Product Protection.

Bowling argues vehemently that the materials Hasbro seeks are privileged, either under the work-product doctrine or the attorney/client privilege, and are therefore undiscoverable, rendering the motion to compel futile.[3] This argument lacks merit. None of the documents and/or things Hasbro seeks to compel appeared on the privilege log created Bowling and submitted to Hasbro. In fact, Bowling updated his privilege log several times (including on the morning of the deposition of Julie Daulton, the attorney within whose files the undisclosed documents were presumably kept), yet the documents Hasbro now seeks have never been logged, even today. Under the established precedent of this Court and the First Circuit, Bowling

[2] Bowling asserts that, *Fusco v. General Motors Corp.*, 11 F.3d 259 (1st Cir. 1993), which recognizes that the continuing obligation to supplement discovery responses continues after trial, is distinguishable because the initial trial in that case resulted in a hung jury, and a second trial was imminent. However, the reasoning in that case did not limit its determination that the duty to supplement continued only when a new trial was imminent. *Id.* at 265-66. In this case, not only is a new trial possible in light of Hasbro's pending motion requesting judgment as a matter of law or, in the alternative, a new trial, but the materials sought by Hasbro are relevant to a matter currently pending before the Court – Bowling's motion for attorneys' fees – as Hasbro was only alerted to the existence of the documents and/or things it seeks when Bowling disclosed them in connection with an affidavit in support of that motion. Although briefing has been completed on that motion, argument has not yet taken place, and access to these materials would assist Hasbro, not only in the event of a second trial, but also in preparing argument on the motion for attorneys' fees. Thus, the duty to supplement cannot be ignored in this instance.

[3] Bowling also asserts that one of the items Hasbro seeks is no longer in his possession, and another Hasbro already possesses.

has waived any attorney/client or work-product protection for the documents. *In re Grand Jury Subpoena*, 274 F.3d 563, 576 (1st Cir. 2001); *Corvello v. New England Gas Co.*, C.A. No. 05-221T, 243 F.R.D. 28, 33-35 (D.R.I. June 27, 2007); *Walden v. City of Providence*, 2008 WL 376287, at *1 (D.R.I. Feb. 11, 2008) (Memorandum and Order of Magistrate Judge Almond finding limited waiver based upon failure to assert privilege in log); *Flanagan v. Wyndham Int'l, Inc.*, C.A. No. 05-23S, slip op. at 13 (D.R.I. June 29, 2005) (Memorandum and Order of Magistrate Judge Martin finding waiver (1) of work-product and attorney-client protection as to documents that were not logged at all, and (2) of attorney-client privilege as to one document only identified as work-product on the privilege log).

The Federal Rules of Civil Procedure require that materials that are responsive to discovery requests that the producing party seeks to immunize from discovery due to privilege must be identified on a privilege log. Fed. R. Civ. P. Rule 26(b)(5)(A) (requiring party asserting privilege to "describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."). The First Circuit has determined that the requirement of a privilege log creates a "specify or waive" standard with respect to the protection of privileged materials sought in discovery. *See, e.g.*, *In re Grand Jury Subpoena*, 274 F.3d at 576. Accordingly, if a party fails to identify purportedly privileged materials on a privilege log, those documents lose their privileged status and must be produced. *Id.* at 575-76 (upholding denial of motion to quash subpoena for failure to provide a privilege log; party that fails to submit a privilege log pursuant to Fed. R. Civ. P. 45(d)(2) "is deemed to waive the underlying privilege claim."). *See also Dorf & Stanton Commc'n, Inc. v. Molson Breweries*, 100 F.3d 919, 923 (Fed. Cir. 1996) (failure to submit "a complete privilege log

demonstrating sufficient grounds for taking the privilege" constitutes a waiver of the privilege claim) (internal citation omitted); *Corvello*, 243 F.R.D. at 33-35 (D.R.I. June 27, 2007) ("most courts, including the First Circuit, have held that a privilege may be lost or impliedly waived by inadvertently disclosing privileged documents and/or by failing to take prompt corrective action upon learning of the error").

Even if the documents had at one point been privileged or otherwise immune from discovery, Bowling failed to preserve that protection by failing to assert privilege or work product. The application of the specify-or-waive rule mandates that the privilege is waived by that omission.[4] Accordingly, Bowling's argument that Hasbro's motion to compel would be futile due to the privileged nature of the materials sought is dead on arrival.

Of course, it is not at all clear that the documents were ever, in fact, privileged notwithstanding Bowling's arguments in his brief. The mere fact that documents were generated by an attorney is no evidence of privilege. Additionally, without Bowling having logged crucial information regarding the documents (*e.g.*, who has received copies of the documents over the years), it is impossible to surmise whether any privilege might have been waived at some point. Finally, Hasbro may well have been entitled to discovery of the facts contained in the documents even if the materials themselves originally constituted attorney work product.

---

[4] Any attempt by Bowling to argue that he was unaware of the existence of the documents and/or things, and therefore should be permitted to correct his omission is necessarily defeated by the fact that he has not submitted an updated privilege log. Certainly he has been aware of these documents since at least April 7, 2008, the date on which he moved for an award of his attorneys' fees in this case. Attached to Bowling's motion for fees was an affidavit of Thomas J. Leach, in which he stated that he had "personally reviewed the bill and apportioned the time according to only the particular tasks for which fees are requested." Docket No. 214-5 at 8 (¶ 22). The documents and things sought by Hasbro are, of course, disclosed on the face of the billing records. Bowling's decision to wait over three months – a length of time equivalent to an entire discovery period in many cases – without logging the documents as privileged itself fails the "specify-or-waive" rule.

### C. Hasbro's Hands are Clean With Respect to this Objection and Appeal, and Bowling's Request for his Fees and Costs Associated With it is Unfounded.

Rather than simply complying with his discovery obligations and avoiding all motion practice altogether, Bowling accuses Hasbro of of "forc[ing] Bowling to spend more in litigation than his recovery" in bringing the motion for leave to file a motion to compel, and subsequently objecting to and appealing the order denying that leave. In connection with that false accusation, Bowling suggests that Hasbro has forced him to respond to a motion that had no legitimate basis and that Hasbro had unclean hands because it did not provide a copy of a license agreement for a die on a Monopoly game that was developed 8 years after the occurrences that gave rise to this litigation. Without explanation, Bowling requests his attorneys' fees in responding to Hasbro's appeal, presumably as a sanction for this conduct which he incorrectly alleges was improper.[5]

Hasbro clearly had a good-faith basis for seeking leave to bring the motion to compel in the first instance, and subsequently challenging the order of the Magistrate Judge denying that leave. As explained, *supra*, Bowling's continuing discovery obligations under Fed. R. Civ. P. 26(e)(1)(A) require him to produce later discovered responsive materials. Furthermore, any potential privilege protection Bowling might assert was waived by his failure to identify these documents on a privilege log. Fed. R. Civ. P. 26(b)(5)(A). Moreover, Hasbro has a legitimate reason for not bringing the motion until now and that reason rises to the level of good cause (as that standard has been articulated) should the Court determine that standard is the hurdle it must clear. Accordingly, Bowling's assignment of a nefarious motive to Hasbro's pursuit of this

[5] Hasbro has produced the license agreement to Bowling in response to his demand. What remains a mystery is how Bowling can characterize Hasbro not producing a license agreement that didn't exist during discovery as improper while claiming that his own refusal to produce responsive documents sitting in his counsel's files during the discovery period and then refusing to produce them when their existence was revealed is completely acceptable.

discovery is inappropriate. Having no legitimate basis to withhold the documents, Bowling's chief response is to try to divert the Court's attention by slinging accusations of misconduct.

Bowling's plea of unclean hands is similarly misplaced. It is true that Hasbro did not produce a license agreement for a die that was included in a Monopoly game. Again, the document has actually been produced. However, the circumstances surrounding the fact that the document was only recently produced stand in stark contrast to those relating to the materials Bowling is withholding. The materials Hasbro seeks were in existence years before the commencement of this litigation, and in fact were in the files of the law firm that represented Bowling – Merchant & Gould. The license agreement Bowling refers to did not come into existence until 8 years after the events that gave rise to this litigation and ***nearly a year after discovery had closed***.[6] Whereas the materials Hasbro seeks were not disclosed to Hasbro until Bowling supplemented his post-trial motion for attorneys' fees, Hasbro disclosed its negotiations on the license arrangement about which he complains during discovery, years prior to trial. Bowling never raised the subject again.

Hasbro made no attempt to hide this agreement from Bowling. Yet Bowling now attempts to analogize the omission of pre-existing materials from disclosure on a privilege log that were directly relevant to a key issue in the trial – and continue to be relevant to a pending motion for attorneys' fees – to a license agreement that came into existence after the commencement of the current suit, and the existence of which Bowling was previously made privy to. Such an analogy is plainly false, and Hasbro's hands are entirely clean. In light of the fact that Hasbro's motion and appeal are both supported by the facts and the law, and that Hasbro

[6] Such a document is plainly irrelevant by the law of the case because the court has precluded royalty evidence post-dating the "hypothetical negotiation." This agreement post-dates the hypothetical negotiation by eight years.

is not afflicted with unclean hands, Bowling's prayer for attorneys' fees is unfounded and should be rejected by this Court.

## III. Conclusion

For the reasons set forth in this reply memorandum of law, as well as those set forth in the Memorandum of Law in Support of Hasbro, Inc.'s Objection to and Appeal of Magistrate Judge Almond's June 2, 2008 Order Denying Leave to File a Motion to Compel, Hasbro respectfully requests that this Court reverse the Magistrate Judge's order and grant leave to file a motion to compel.

Respectfully submitted,
HASBRO, INC.
By its Attorneys,

/s/ Jeffrey K. Techentin__________

Todd D. White (#5943)
twhite@apslaw.com
Jeffrey K. Techentin (#6651)
jtechentin@apslaw.com
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
Dated: July 15, 2008

Of Counsel:

David K. S. Cornwell, Esq.
davidc@skgf.com
Tracy-Gene G. Durkin, Esq.
tdurkin@skgf.com
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

**CERTIFICATE OF SERVICE**

TO:

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Duffy & Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Anthony R. Zeuli, Esq.
Thomas J. Leach, Esq.
Law Firm of Merchant and Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2215

David K. S. Cornwell, Esq.
Tracy-Gene G. Durkin, Esq.
Sterne Kessler Goldstein Fox
1100 New York Avenue, NW
Washington, D.C. 20005

I hereby certify that I filed the within Reply Memorandum of Law in support of Objection to and Appeal of Magistrate Judge Almond's June 2, 2008 Order Denying Leave to File a Motion to Compel through the ECF system on the 15th day of July, 2008, and that notice will be sent electronically to the above-named counsel who are registered participants identified on the Mailing Information for Case No. 05-229S.

/s/ Jeffrey K. Techentin__________

*460325_1*